LESLEY HOLMES (BAR NO. 271903)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
lesley.swanson.holmes@nortonrosefulbright.com

Attorneys for Defendant
**THE GEO GROUP, INC.**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Civil Action No. 5:17-cv-02514-JGB<br><br>**DECLARATION OF LESLEY HOLMES IN SUPPORT OF DEFENDANT THE GEO GROUP, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>Date: March 26, 2018<br>Time: 9:00 am.<br>Courtroom: 1<br>Judge: The Honorable Jesus G. Bernal<br><br>*[Filed concurrently with Notice of Motion; Memorandum of Points and Authorities; and [Proposed] Order]*<br><br>Complaint Filed: 12/19/17 |

**DECLARATION OF LESLEY HOLMES**

I, Lesley Holmes, declare as follows:

1.  I am an attorney at law, duly licensed to practice before all courts of the state of California, and am a partner with the law firm of Norton Rose Fulbright US LLP, attorneys of record for Defendant The GEO Group, Inc. ("GEO"). I make this declaration based on my own personal knowledge of the facts stated below, and, if called on to testify, I could and would testify competently thereto. I submit this declaration in support of GEO's Motion to Dismiss Plaintiff's Complaint for declaratory and injunctive relief and damages.

2.  Attached hereto as Exhibit A for the Court's convenience is a true and correct copy of INS, *The Applicability of Employer Sanctions to Alien Detainees Performing Work in INS Detention*, Genco Op. No. 92-8 (INS), 1992 WL 1369347, (Feb. 26, 1992).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 16th day of February, 2018, at Los Angeles, California.

　　　　　　　　　　　　　　　　　　　*/s/ Lesley Holmes*
　　　　　　　　　　　　　　　　　　　Lesley Holmes

# EXHIBIT A

Genco Op. No. 92-8 (INS), 1992 WL 1369347

U.S. Department of Justice

Immigration and Naturalization Service

General Counsel's Office

Legal Opinion: The Applicability of Employer Sanctions to
Alien Detainees Performing Work in INS Detention Facilities

**G. H. Kleinknecht, Associate Commissioner, Enforcement**

February 26, 1992

**I. QUESTION PRESENTED**

***1** Does work performed by alien detainees in a detention facility operated by or contracted through the Immigration and Naturalization Service (INS or the Service) subject the Service to the employer sanctions provisions of the Immigration and Nationality Act (the Act)?[1]

**II. SUMMARY CONCLUSION**

No. Alien detainees who perform work for the INS while in INS custody in a contract or Service detention facility are not considered "employees" for purposes of employer sanctions.

**III. LEGAL ANALYSIS**

Background. On April 22, 1988, the Office of General Counsel opined to the Field Advisory Committee that inmates who perform duties in federal and state penal institutions are not subject to the employer sanctions provisions as set forth in § 274A of the Act.[2] At that time the issue of work performed by alien detainees in INS operated or controlled detention facilities was not addressed. This supplemental memorandum is therefore provided.

Analysis. In 1988, we determined that inmates who perform duties pursuant to prison work programs and receive gratuity for so doing are not subject to employer sanctions provisions as set forth in § 274A of the Act because no employer/employee relationship is ever formed. Inmates may be required to participate in an institutional work program, and for that participation receive remuneration. Work performed is for the purpose of rehabilitation and institutional maintenance, not compensation. Therefore, an inmate who participates in a work program in a state or federal facility is not doing so "for wages or other remuneration" and is not therefore an "employee" as defined by 8 C.F.R. § 274a.1(f). Likewise, the facility does not engage an inmate's services "for wages or other remuneration" and cannot be an employer as defined by 8 C.F.R § 274a.1(g).

Similarly, an alien detained in an INS facility does not meet the definition of "employee", nor does the INS meet the definition of "employer." A detainee performs work for institution maintenance, not compensation. The allowance paid to a detainee for work performed is specifically provided for by 8 U.S.C. § 1555(d) and currently limited by Congress to $1 per day.[3] This payment does not constitute an appointment of the detainee to the position of a federal employee.[4] The allowance is not subject to the provisions of the Fair Labor Standards Act (FLSA).[5]

Case 5:17-cv-02514-JGB-SHK   Document 20-2   Filed 02/16/18   Page 5 of 5   Page ID #:107

The Applicability of Employer Sanctions to Alien Detainees..., Genco Op. No. 92-8...

Further, the specific Congressional intent behind the passage of the employer sanctions provision of the Act was to deter illegal immigration by removing the lure of employment. Work performed by alien detainees is incident to their detention. Therefore, this is certainly not the type of employment to which Congress referred as creating a magnet for illegal aliens.

**\*2** Therefore, we conclude that the work performed by alien detainees in INS custody does not fall within the purview of the employer sanctions provisions.

/s/ GROVER JOSEPH REES III
General Counsel

**Attachment**

Footnotes

1   8 U.S.C. 1324a.

2   Office of General Counsel Legal Opinion, entitled "Form I-9 Requirements: Inmates Employed Within Federal and State Institutions," dated April 27, 1988.

3   FY 1978 Appropriation Act, P. L. 95-86, 91 Stat. 426 (August 2, 1977).

4   Alvarado-Guevara et al. v. INS, No. 90-1476, (Fed. Cir. Jan.6, 1992). Although this case is not citable as precedent, the Court held that detainees lacked proper appointment to be considered employees of the Service.

5   29 U.S.C. §§ 201 et seq.

Genco Op. No. 92-8 (INS), 1992 WL 1369347

**End of Document**   © 2018 Thomson Reuters. No claim to original U.S. Government Works.