LESLEY HOLMES (BAR NO. 271903)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
lesley.swanson.holmes@nortonrosefulbright.com

MARK EMERY (*pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW Suite 100
Washington, DC 20001-4501
Telephone: (202) 662-0200
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

CHARLES A. DEACON (*pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street Suite 2100
San Antonio, TX 78205-3792
Telephone:  (210) 270-7133
Facsimile:  (210) 270-7205
charlie.deacon@nortonrosefulbright.com

Attorneys for Defendant
THE GEO GROUP, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>THE GEO GROUP, INC.,<br><br>            Defendant. | Case No.  5:17-cv-02514-JGB-SHKx<br><br>**DEFENDANT THE GEO GROUP, INC.'S SUPPLEMENTAL BRIEFING TO ADDRESS THE APPLICABILITY OF CALIFORNIA MINIMUM WAGE ORDERS TO PLAINTIFF'S CLAIM**<br><br>Date: May 14, 2018<br>Time: 9:00 a.m.<br>Judge: The Honorable Jesus G. Bernal<br>Ctrm: 1<br><br>Complaint Filed: 12/19/17 |

29755300.1

5:17-cv-02514-JGB-SHKx

DEFENDANT THE GEO GROUP, INC.'S SUPPLEMENTAL BRIEFING TO ADDRESS THE APPLICABILITY OF CALIFORNIA
MINIMUM WAGE ORDERS TO PLAINTIFF'S CLAIM

DOCUMENT PREPARED
ON RECYCLED PAPER

Defendant The GEO Group, Inc. ("GEO") hereby submits this supplemental briefing to address the applicability of California Minimum Wage Orders ("Orders"), as requested by the Court in its minute order, Dkt. 31.

## I.   INTRODUCTION

No Orders apply, as all rely on the same definition of "employee," within which Mr. Novoa and his putative class cannot reasonably claim to fall.  The choice not to plead or argue the applicability of any Orders[1] is surely *not* accidental:  he hopes the Court will indulge his request to extend California's minimum wage laws ("MWL") to conjure an employment relationship between GEO and federal immigration detainees that never existed and that could not exist.

There is no indication that California's MWL was intended to reach detainees participating in the Voluntary Work Program ("VWP") while in federal immigration custody.  The State not only exempts similarly-situated inmates working to maintain its own facilities from all Orders, but also requires them to work on the State's behalf.  These exceptions indicate that the Orders were not intended to cover detainees, who, while not prisoners, likewise work for institutional maintenance rather than compensation within the state or national economies.  Furthermore, even certain workers who come within the plain terms of an Order are exempted when an agency determines that they lack employment status.  ICE deems detainee workers *not* to be facility employees.

## II.   THE ORDERS DO NOT APPLY TO FEDERAL DETAINEES PARTICIPATING IN THE VOLUNTARY WORK PROGRAM.

The MWL provides that anyone "employed in any occupation, trade, or industry" receive a minimum wage.  Cal. Labor Code § 1171.  But it delegates authority to the Industrial Welfare Commission ("IWC") to ascertain the wages, hours, and conditions of labor and employment, and to investigate the health,

---

[1] In his complaint, Mr. Novoa claimed—in passing—only that the application of unspecified orders would be a class *question*.  *See* Complaint, ¶ 68, Dkt. 1.

DOCUMENT PREPARED ON RECYCLED PAPER

safety, and welfare of employees in various occupations, trades, and industries. Cal. Labor Code § 1173. The IWC issued a patchwork of Orders addressing various types of employment. Like the MWL, none of these Orders define "employee" to include federal immigration detainees performing voluntary institutional maintenance work at a contracted federal immigration detention facility.[2]

Indeed, there is no reason the Legislature would have ever thought it needed to address whether California's minimum wage laws create employment relationships between *federal* contractors and detainees in *federal* immigration custody. The Legislature's intent can be gleaned from its own willingness not only to exempt inmates, but to require them to work. The Department of Corrections "shall require of every able-bodied prisoner imprisoned in any state prison as many hours of faithful labor in each day and every day during his or her term of imprisonment as shall be prescribed by the rules and regulations of the Director of Corrections." Cal. Penal Code § 2700. This labor is explicitly intended to cover services rendered to not only the State and its agencies and political subdivisions but also to "the federal government, or any department, agency, or corporation thereof." Cal. Penal Code § 2701(a). State law allows conscription of inmates to render emergency services—such as fighting wildfires—during a declared state of emergency. Cal Penal Code § 2701(b). Payment, if offered, is determined by the

---

[2] The IWC issues Orders for specific industries, rules for types of jobs, and a catch-all provision covering employees not subject to more-specific Orders. *See Huntington Mem'l Hosp. v. Superior Court*, 131 Cal. App. 4th 893, 902 (2005). But they must still be "employees." *See*, *e.g.*, Indus. Welfare Comm'n, Order No. 1-20012(E) ("employee" defined as "any person employed by an employer."); No. 2-2001(2)(E) ( "employee" for personal services is "any person employed by an employer" or "any lessee who is charged rent, or who pays rent for a chair, booth, or space" and who uses the employer's equipment, appointment book, and business license); Indus. Welfare Comm'n, Order No. 17-2001(A) (order for "Miscellaneous Employees").

29755300.1

- 2 -

5:17-cv-02514-JGB-SHKx

DOCUMENT PREPARED ON RECYCLED PAPER

DEFENDANT THE GEO GROUP, INC.'S SUPPLEMENTAL BRIEFING TO ADDRESS THE APPLICABILITY OF CALIFORNIA MINIMUM WAGE ORDERS TO PLAINTIFF'S CLAIM

1   State.  Cal. Penal Code § 2700.[3]

2          Mr. Novoa will likely argue that this Court should simply presume that

3   California's labor laws cover detainees given the lack of any explicit exemption.

4   No such presumption is warranted.  In *Menocal v. The GEO Group*, 113 F. Supp.

5   3d 1125 (D. Colo. 2016), Judge Kane, interpreting a state statute and wage orders

6   much like California's, dismissed a nearly identical claim for minimum wage by

7   detainees at GEO's Aurora, Colorado facility.   The Colorado Minimum Wage

8   Order ("CMWO") defined "employee" as "any person performing labor or services

9   for the benefit of an employer in which the employer may command when, where,

10  and how much labor or services shall be performed." 7 Colo. Code Regs. 1103—

11  1:2.  Colorado's Department of Labor ("CDOL") stated that inmates were CMWO-

12  exempt and "are not employees according to Colorado law."  *Id*. at 1129.

13         Although the Colorado law only expressly exempted inmates, the court

14  dismissed the federal detainees' minimum wage claim, reasoning as follows:

15         Although immigration detainees appear to fall under the broad
16         definition of "employee," so do prisoners, and the CDOL has found
17         that the CMWO's definition of "employee" should not apply to
           prisoners.  In addition, because immigration detainees, like prisoners,
18         do not use their wages to provide for themselves, the purposes of the
           CMWO are not served by including them in the definition of
19         employee.  *See* C.R.S. § 8–6–104 (purpose of the minimum wage is to
20         "supply the necessary cost of living and to maintain the health of the
           workers").   Finally, the Fifth Circuit has held that immigration
21         detainees are not employees under the FLSA's similarly broad
22         definition ("any individual employed by an employer") because the
           congressional motive for enacting the FLSA, like the CMWO, was to
23         protect the "standard of living" and "general well-being" of the worker
24

---

25  [3] Current pay rates range from 8 to 37 cents per hour, with ***monthly*** rates between
26  $12 and $56.  Dep't of Corr. Operations Manual, 51120.1, 51120.6.  California
    allows some inmates to participate in "joint venture programs" for work under a
27  contract with private entities, or in programs under the Prison Industry Authority,
28  where inmates can earn somewhat more.  Cal. Penal Code §§ 2717.8, 2801, 2811.
    But that is not work done for institutional maintenance.

DOCUMENT PREPARED
ON RECYCLED PAPER

in American industry.  [*Alvarado Guevara v. I.N.S*., 902 F.2d 394, 396 (5th Cir. 1990)].

*Id*. at 1129.  Thus, the court interpreted the CMWOs to exclude federal immigration detainees, notwithstanding the absence of a specific exemption, based on the inmate exemption and reference to FLSA precedent.

The Court should read California's law in the same manner.  California inmates are exempted from the MWL and Orders, which is consistent with federal practice, where minimum wage laws are understood to protect workers exposed to demands of the open employment market, not persons housed at public expense and working in programs designed to combat boredom.[4]  Nor does it matter that ICE houses detainees at a privately-contracted facility:  "prisoners are not employees of their prisons, whether it is a public or a private one."  *Bennett v. Frank*, 395 F.3d 409, 409 (6th Cir. 2005).  Institutional work serves to "offset the cost of keeping them, or to keep them out of mischief," such that it is not "compatible with federal regulation of their wages and hours."  *Id.* at 410.  As *Bennett* concluded, the FLSA's lack of any express exemption for inmates was probably because "the idea was too outlandish to occur to anyone when the legislation was under consideration…."  *Id.*[5]  The same is true here: California had no reason to

---

[4] *See, e.g.*, *Alvarado Guevara*, 902 F.2d at 396; *Villareal v. Woodham*, 113 F.3d 202, 206-07 (11th Cir. 1997) ("[Plaintiff's] situation does not bear any indicia of traditional free-market employment contemplated under the FLSA.  Accordingly we hold that [Plaintiff] and other pretrial detainees in similar circumstances are not entitled to the protection of the FLSA minimum wage requirement); *Guevara v. I.N.S.*, 1992 WL 1029, *1-2 (Fed. Cir. Jan. 6, 1992) (detainee work performed for "institutional maintenance"); *Whyte v. Suffolk Cnty Sheriff's Dep't*, 91 Mass. App. Ct. 1124, 2017 WL 2274618, at *1-2 (2017).

[5] In addition to the preemption issues GEO has already raised in its pending motion to dismiss, application of the MWL and Orders to immigration detainees, who are not legally employable by virtue of their detention status, creates patent absurdities. For example, immigrants deemed inadmissible at a point of entry and detained without ever being admitted into the United States, could nevertheless be deemed

29755300.1                                          - 4 -                         5:17-cv-02514-JGB-SHKx

DOCUMENT PREPARED ON RECYCLED PAPER

specifically exempt federal immigration detainees, when the regulation of their employment is a matter of federal law.  8 U.S.C. §§ 1555(d), 1324a.  The Court should not read into the MWL or Orders what is not there.

## III.  EVEN IF A WAGE ORDER APPLIED, FEDERAL IMMIGRATION DETAINEES WOULD BE EXCEPTED.

Finally, California case law shows that even if an industry subject to an Order, the Order may not apply categorically.  *Gerard v. Mitchell Systems*, No. CV 14-4999 DSF (SHx), 2016 WL 4479987 (C.D. Cal. 2016), holds that students working for a for-profit cosmetology school as part of their training were not employees under the Order for personal service industries, even though they plainly fell within that Order's terms.  *Id.* at *2-3, *7.  The students did not derive employment status from the Order but from state statutes as interpreted by the appropriate State agency.  *Id.* at *7.  Indeed, the IWC had previously ruled that "the power to impose minimum wages presupposes an employment relationship" which did not exist between schools and students.  *Id.* at *8.

So too here:  the Orders cannot create an employment relationship where the relevant agency (ICE) has already interpreted relevant federal statutes to mean that detainee work creates no such employment relationship.  INS General Counsel, *The Applicability of Employer Sanctions to Alien Detainees Performing Work in INS Detention Facilitie*s, General Counsel Op. No. 92-8, 1992 WL 1369347 (Feb. 26, 1992) (Ex. A to GEO's Motion to Dismiss).

## IV.  CONCLUSION

For the foregoing reasons, GEO respectfully submits that none of California's various Minimum Wage Orders applies to Plaintiff.

---

"employees" of the government agency or contractor detaining them.  That such an outlandish outcome depends solely on where ICE decides to house a given detainee, and the laws of such state, flies in the face of clearly-established federal supremacy regarding immigration.

29755300.1

- 5 -

5:17-cv-02514-JGB-SHKx

DOCUMENT PREPARED ON RECYCLED PAPER

1    Dated:      March 30 , 2018       LESLEY HOLMES

2                                             MARK EMERY
CHARLES A. DEACON

3                                             **NORTON ROSE FULBRIGHT US LLP**

4

5                                          By */s/ Lesley Holmes*

6                                             LESLEY HOLMES
Attorneys for The GEO Group, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29755300.1                 - 6 -                 5:17-cv-02514-JGB-SHKx

DEFENDANT THE GEO GROUP, INC.'S SUPPLEMENTAL BRIEFING TO ADDRESS THE APPLICABILITY OF CALIFORNIA MINIMUM WAGE ORDERS TO PLAINTIFF'S CLAIM

DOCUMENT PREPARED
ON RECYCLED PAPER