Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Vanessa Shakib (CA Bar # 287339)
vshakib@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

Counsel for Plaintiff
*Additional Counsel on Signature Page.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant.* | Civil Action No. 5:17-cv-02514<br><br>**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO GEO'S MOTION TO DISMISS**<br><br>Date: May 14, 2018<br>Time: 9:00 am.<br>Courtroom: 1<br>Judge: The Honorable Jesus G. Bernal |

The Industrial Welfare Commission (IWC) Wage Order No. 5–2001 ("Wage Order No. 5"), which governs the "Public Housekeeping Industry," applies to the employment relationship between Plaintiff and GEO. In the alternative, Wage Order No. 17-2001 ("Wage Order No. 17"), the catch-all order which subsumes "Miscellaneous Employees" who are not otherwise covered by specific wage orders, is applicable here.

### A. The IWC Wage Orders must be "liberally construed with an eye to promoting . . . protection."

The IWC operates under a "broad mandate to regulate the working conditions of employees in California, including the setting of standards for minimum wages and maximum hours."[1] To that end, the IWC has promulgated 17 different wage orders.[2] Each wage order is a "quasi-legislative regulation subject to normal principles of statutory interpretation."[3] In California, "statutory provisions regulating wages enacted to protect employees are liberally construed with an eye to promoting such protection."[4]

### B. The private immigration detention industry is covered by Wage Order No. 5.

Employees of a private, for-profit immigration detention center like the Adelanto Detention Center (the "Adelanto Facility") fall within the protections of Wage Order No. 5, which governs the "Public Housekeeping Industry." Under Wage Order No. 5, "Public Housekeeping Industry" is broadly defined as "**any** industry, business, or establishment which provides meals, housing, or maintenance services whether operated as a primary business or when **incidental to other operations** in an establishment not covered by an industry order of the Commission. . . ."[5] Indeed, Wage Order

---

[1] *California Corr. Peace Officers' Ass'n v. State*, 188 Cal. App. 4th 646, 654–55 (2010).
[2] Cal. Code Regs., tit. 8, §§ 11010 – 11170. , 11020, 11030, 11040, 11050, 11060, 11070, 11080, 11090, 11100, 11110, 11120, 11130.
[3] *Martinez v. Joe's Crab Shack Holdings*, 231 Cal. App. 4th 362, 374–75 (2014), *as modified on denial of reh'g* (Dec. 3, 2014).
[4] *Id.* (citation omitted). *See also Kilby v. CVS Pharmacy, Inc.*, 63 Cal. 4th 1 (2016).
[5] Cal. Code Regs. tit. 8, § 11050(2)(P) (emphasis added).

2

PLTF.'S SUPP. OPP. TO DEF.'S MOT. TO DISMISS     5:17-cv-02514-JGB

No. 5 governs a broad range of businesses that, like private, for-profit immigration detention centers, house individuals for various periods of time. These businesses include, but are not limited to:

- Hotels, motels, apartment houses, rooming houses, camps, clubs, trailer parks, office or loft buildings, and similar establishments offering rental of living, business, or commercial quarters;

- Hospitals, sanitariums, rest homes, child nurseries, child care institutions, homes for the aged, and similar establishments offering board or lodging in addition to medical, surgical, nursing, convalescent, aged, or child care;

- Private schools, colleges, or universities, and similar establishments which provide board or lodging in addition to educational facilities; and

- Establishments contracting for development, maintenance or cleaning of grounds; maintenance or cleaning of facilities and/or quarters of commercial units and living units.[6]

The Adelanto Facility is a 1,940-bed immigration detention center owned and operated for-profit by GEO.[7] Like a hospital, rest home, or private school, GEO provides room and board for the individuals living there.[8] In fact, GEO is required to provide for *all* essential detention services at the Adelanto Facility, including board, lodging, and other necessities.[9] As a result, GEO fits the very definition of a covered business under Wage Order No. 5, because it "provides meals, housing, or maintenance services whether operated as a primary business or when incidental to other operations in an establishment not covered by an industry order of the Commission."[10] Accordingly, Wage Order No. 5 governs the relationship between Plaintiff and GEO.

---

[6] Cal. Code Regs. tit. 8, § 11050(2)(P)(1)-(7).
[7] *See, e.g.*, ECF No. 1 at ¶ 28.
[8] As alleged in the Complaint, GEO maintains a corporate policy and uniform practice of withholding necessary care, including food and other necessities, from detainees to ensure a ready supply of available labor needed to operate the facility. *See* ECF No. 1 at ¶ 6.
[9] *See* ECF No. 1 at ¶ 4 ("Although it is contractually required to provide for all essential detention services at the Facility, GEO uses the nearly-free labor of detainees to perform these services in order to maximize profits."). *See also* 8 U.S.C. § 1103(a)(11)(A) (authorizing the Attorney General to make payments "for necessary clothing, medical care, necessary guard hire, and the housing, care, and security of persons detained" in private immigration detention centers).
[10] Cal. Code Regs. tit. 8, § 11050(2)(P) (emphasis added).

**C. GEO is an "employer" and Plaintiff is an "employee" under Wage Order No. 5.**

Under Wage Order No. 5, "employ" means "to engage, suffer, or permit to work."[11] "Employer" means "any person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or another person, employs or exercises control over the wages, hours, or working conditions of any person."[12] Viewed together, "[t]o employ, then, under the IWC's definition, has three alternative definitions. It means: (a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship."[13] This robust definition "extend[s] [ICW] regulatory protection to workers whose employment status the common law did not recognize."[14]

As alleged here, GEO maintains a corporate policy and uniform practice at the Adelanto Facility of withholding necessary care from its detainees to ensure a ready supply of available labor needed to operate the Facility.[15] In so doing, GEO controls detainees' wages, hours, and working conditions, and thereby qualifies as an employer.[16] Indeed, Plaintiff provided services for GEO, and GEO controlled the manner and means by which Plaintiff accomplished that work.[17]

Because GEO exercises the requisite control under the regulation, Plaintiff and the class members likewise meet the definition of "employees." Wage Order No. 5 defines "employee" as:

> ***[A]ny person*** employed by an employer, and includes any lessee who is charged rent, or who pays rent for a chair, booth, or space and (1) who does not use his or her own funds to purchase requisite supplies, and (2) who does not maintain an appointment

---

[11] Cal. Code Regs. tit. 8, § 11050(2)(E).
[12] Cal. Code Regs. tit. 8, § 11050(2)(H). *See also Martinez v. Combs*, 49 Cal. 4th 35, 67, 231 P.3d 259, 280 (2010), *as modified* (June 9, 2010) ("No wage order, however, incorporates federal law in defining the terms "employ" or "employer.").
[13] *Martinez v. Combs*, 49 Cal. 4th 35, 64, 231 P.3d 259, 278 (2010), *as modified* (June 9, 2010).
[14] *Id.*
[15] ECF No. 1 at ¶ 6.
[16] *See, e.g.*, ECF No. 1 at ¶¶ 40-41.
[17] *See* ECF No. 1 at ¶¶ 38, 41-63.

book separate and distinct from that of the establishment in which the space is located, and (3) who does not have a business license where applicable.[18]

Plaintiff is a "person" who does not use his own funds to purchase work supplies, does not maintain an appointment book, and does not have a business license for the work he performs at the Adelanto Facility.[19] As a result, Plaintiff meets the definition of "employee" under Wage Order No. 5.[20]

**D. Alternatively, Wage Order No. 17 applies.**

In the alternative, Plaintiff's employment is governed by Wage Order No. 17, which applies to "[a]ny industry or occupation not previously covered by, and all employees not specifically exempted in, the Commission's wage orders in effect in 1997, or otherwise exempted by law . . ."[21] This catch-all wage order includes "Miscellaneous Employees" who are not otherwise covered specific wage orders. Accordingly, should the Court find that the industry-specific Wage Order No. 5 does not apply, then the catch-all Wage Order No. 17 affords protection to the Plaintiff and class members here.

**E. The case relied upon by GEO is inapposite.**

To support its position that the California Minimum Wage Law does not apply,[22] GEO relies on *Gerard v. Mitchell Systems*.[23] In *Gerard*, another district court found that cosmetology students working in their vocational school's "clinic classrooms" were not employees of the school, largely because their hours in the clinic classrooms counted toward state licensure requirements.[24] The court further noted that under California law, "[t]he Cosmetology Board is the only governmental agency that has any

---

[18] Cal. Code Regs. tit. 8, § 11050(2)(F) (emphasis added).
[19] The California Minimum Wage Law contains no exception for undocumented workers, or for detainees put to work for corporations in private, for-profit facilities like the Adelanto Facility. *See* Cal. Lab. Code § 1171; Cal. Lab. Code § 1171.5(a).
[20] Wage Order No. 5 sets forth certain narrowly-construed exemptions, such as for persons employed in an executive, administrative, or professional capacity. But Plaintiff and the class members do not fall within any of these carve-outs.
[21] Cal. Code Regs., tit. 8, § 11170.
[22] ECF No. 24 at 11.
[23] No. CV 14-4999 DSF (SHX) 2016 WL 4479987 (C.D. Cal. Aug. 22, 2016).
[24] *Id.* at *4.

5

authority to determine whether students should be paid for services performed while enrolled in a cosmetology program."[25]

But *Gerard* is easily distinguishable from this case. At the outset, *Gerard* is not binding authority on this Court, and applies the summary judgment standard. In any event, unlike in *Gerard*, Plaintiff and the class members are not student interns working for an educational or vocational benefit. Nor are they cosmetology students who are subject to the regulations of "the only governmental agency" with authority to determine whether students should be paid. Indeed, no such superseding or preemptive authority governs here.[26] And, unlike in *Gerard*, Plaintiff here does not seek relief under the Fair Labor Standards Act. In short, *Gerard* is wholly inapposite from the instant matter.

**F. GEO's reliance on the California Penal Code is misplaced.**

GEO urges the Court to apply the California Penal Code to this case.[27] But, as explained in Plaintiff's Opposition, Plaintiff and the class members here are civil immigration detainees, so there is no "penological" aspect to their detention.[28] Because the detainees are not required to work, the labor they perform and the money they earn belongs to them, not GEO. In short, the California Penal Code has no bearing on this case.[29]

**CONCLUSION**

For the reasons discussed herein, GEO's Motion to Dismiss should be denied in its entirety.

---

[25] *Id.* at *7 (citing *Hutchison v. Clark*, 67 Cal. App. 2d 155, 160-61 (1944).
[26] As more fully briefed in Plaintiff's Opposition, ECF No. 23, Plaintiff's claims under the California Minimum Wage Law and, by extension the IWC wage orders is not preempted by federal law.
[27] ECF No. 35 at 3.
[28] *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007) ), *vacated on other grounds*, 556 U.S. 1256 (2009); *Fong Yue Ting v. United States*, 149 U.S. 698, 730 (U.S. 1893) ("The order of deportation is not a punishment for crime.").
[29] For the same reason, GEO's reliance on *Bennett v. Frank*, 395 F.3d 409 (7th Cir. 2005) is misplaced. Bennett concerned criminal inmates, not civil immigration detainees.

| | | |
|---|---|---|
| 1 | Dated:  March 30, 2018 | */s/ Vanessa Shakib* |
| 2 | | Robert Ahdoot (CA Bar # 172098) |
| | | rahdoot@ahdootwolfson.com |
| 3 | | Tina Wolfson (CA Bar # 174806) |
| | | twolfson@ahdootwolfson.com |
| 4 | | Vanessa Shakib (CA Bar # 287339) |
| | | vshakib@ahdootwolfson.com |
| 5 | | **AHDOOT & WOLFSON, PC** |
| | | 10728 Lindbrook Drive |
| 6 | | Los Angeles, California 90024-3102 |
| | | Telephone:  (310) 474-9111 |
| 7 | | Fax:  (310) 474-8585 |

Dated:  March 30, 2018            */s/ Vanessa Shakib*
Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Vanessa Shakib (CA Bar # 287339)
vshakib@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
Matthew Freda (admitted *pro hac vice*)
matt@immigrantcivilrights.com
TN Bar # 36010
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com

Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002


*Attorneys for Plaintiffs.*

**CERTIFICATE OF SERVICE**

On March 30, 2018, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

*/s/ Vanessa Shakib*
Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Vanessa Shakib (CA Bar # 287339)
vshakib@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585