Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Counsel for Plaintiff
**Additional Counsel on Signature Page.**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| **RAUL NOVOA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant.* | Civil Action No. 5:17-cv-02514<br><br>**PLAINTIFF'S SECOND SUPPLEMENTAL OPPOSITION TO GEO'S MOTION TO DISMISS**<br><br>Date: May 14, 2018<br>Time: 9:00 am.<br>Courtroom: 1<br>Judge: The Honorable Jesus G. Bernal |

Shortly after 9:00 a.m. on Monday, May 14, 2018, the Court invited supplemental briefing as to whether Plaintiff and the putative class members in this action – current and former immigration detainees held in a private, for-profit immigration detention center who worked in the Voluntary Work Program ("Work Program") for $1 per day – qualify as "employees" under the California Labor Code and Wage Order 5-2001 ("Wage Order 5").

Hours later, Judge Janis Sammartino of the U.S. District Court for the Southern District of California answered that exact question in the affirmative. In *Owino v. CoreCivic, Inc.*, the court held that civil immigration detainees in a private, for-profit immigration detention facility are "employees" within

the purview of California labor law and, specifically, Wage Order 5.[1]  The same result is appropriate here.

### A. Plaintiff and the class members are employees under California law.

#### 1. GEO employs Plaintiff pursuant California Labor Code § 1194 because it controls his wages, hours, and working conditions.

As a threshold issue, Plaintiff and the putative class members meet the definition of "employees" under California law. Here, like in *Owino*, Plaintiff seeks a remedy under California Labor Code § 1194.[2] In *Martinez v. Combs*, the California Supreme Court considered the definition of "employee" under Section 1194 and held:

> To employ, then, under the [Industrial Welfare Commission's] definition, has three alternative definitions. It means: (a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship.[3]

The California Supreme Court emphasized that the IWC's definition of "employ" was in "no sense" based on federal law, and expressly declined to substitute the FLSA's "economic reality" test for definitions in wage orders regularly adopted by the IWC.[4]  According to the *Owino* court, "*Martinez* makes clear that the IWC's employment test is available for those persons, like [immigration detainees held in a private, for-profit detention center], who seek remedy under California Labor Code § 1194."[5]

---

[1] *Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2018 WL 2193644 (S.D. Cal. May 14, 2018) (denying defendant CoreCivic's motion to dismiss plaintiffs' claims arising under California wage law, the federal Trafficking Victims Protection Act, the California Trafficking Victims Protection Act, California's Unfair Competition Law, and unjust enrichment). Attached hereto as **Exhibit A**.
[2] Complaint at ¶¶ 72-81.
[3] *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010) (emphasis added).
[4] *Id.* at 66-67; *see also Owino*, 2018 WL 2193644, at *24 (noting, however, that "[e]ven if the Court were to apply the economic reality test it is not clear that Plaintiffs do not qualify as employees" under Ninth Circuit precedent).
[5] 2018 WL 2193644, at *25 n.13.

Here, like in *Owino*, the allegations in the Complaint plausibly support the conclusion that GEO controlled the hours, wages, and working conditions of the putative class, and that GEO suffered or permitted class members to work. Plaintiff alleges that GEO offered $1 per day to participate in the Work Program.[6] Plaintiff and class members performed a variety of jobs to maintain and operate the detention facility for GEO, including scrubbing bathrooms; sweeping, mopping, and waxing floors; and preparing and serving detainee meals.[7] The *Owino* court found nearly identical allegations sufficient to support a finding that the immigrant detainees are employees under the "control" prong of the *Martinez* test.[8]

As the *Owino* court explained, ICE's own regulations support this finding.[9] Specifically, the 2011 Performance-Based National Detention Standards ("PBNDS") state: "[d]etainees shall not be permitted to work in excess of 8 hours daily, 40 hours weekly,"[10] and "[t]he compensation is at least $1.00 (USD) per day."[11] The PBNDS also provide that "[a]ll detention facilities shall comply with all applicable health and safety regulations standards."[12] As the *Owino* court explained, "[a]ssuming Defendant adheres to ICE's policies, the logical conclusion is that, at a minimum, Defendant controls the wages, hours, and working conditions of Plaintiffs and putative class members. As such, Defendant employed Plaintiffs and putative class members for purposes of California Labor Code § 1194."[13]

---

[6] Complaint at ¶ 5.
[7] *Id.* at ¶¶ 45-46.
[8] *See* 2018 WL 2193644, at *21.
[9] *Id.*
[10] *Id.* (citing ICE 2011 PBNDS, at 407).
[11] *Id.*
[12] *Id.* (citing ICE 2011 PBNDS, at 408).
[13] *Id.* at *21 (emphasis added). *See also id.* at *22 ("The Court found that Plaintiffs meet the *Martinez* definition and are therefore engaged in employment and able to bring claims under § 1194.").

**2. California Labor Code § 1194 includes civil immigration detainees.**

GEO argues that Labor Code § 1194 is inapplicable to state prison inmates, and urges the Court to extend similar logic to federal immigration detainees whose labor, wages, and conditions are completely controlled by ICE regulations.[14] But this comparison is without merit, because the California Penal Code expressly excludes inmates from the state's minimum wage protections.[15] In addition, while civil detainees fall within the Thirteenth Amendment's prohibition on involuntary servitude, prison inmates do not.[16] The *Owino* court distinguished between prison inmates and civil immigration detainees with the following hypothetical:

> If all civil immigration detainees at [a private immigration detention] facility refused to participate in the Voluntary Work Program then Defendant could not force detainees to perform labor and services at the facility, beyond basic housekeeping tasks. Moreover, the ICE regulations require the facility administrator to "ensure that staff and detainees maintain a high standard of facility sanitation and general cleanliness." If detainees are unavailable for sanitation and cleanliness it is conceivable that Defendant would hire persons to perform the tasks previously performed by detainees: cooking meals for detainees, cutting detainees' hair, and launder detainees' clothing. By comparison, a prison can control their inmates and require them, under the Thirteenth Amendment and California law, to perform those tasks for well under minimum wage.[17]

GEO has not cited any legal authority extending the California Penal Code to civil immigration detainees. Nor can it, because civil detainees are entitled to the protections of California labor law and cannot be subjected to involuntary servitude.[18] In fact, the ICE standard itself provides "[d]etainees

---

[14] *See* ECF No. 35, Defendants' Supplemental Briefing to Address the Applicability of California Minimum Wage Orders to Plaintiff's Claim, at 2-3.
[15] 2018 WL 2193644, at *24 (citing Cal. Penal Code § 2700).
[16] *Id.*
[17] *Id.* at *25 (internal citations omitted).
[18] *Id.* at *22. *See also Gonzales v. Mayberg*, 2009 WL 2382686, at *4 (C.D. Cal. July 31, 2009) (Marshall, J.), *aff'd sub nom. Gonzalez v. Mayberg*, 398 Fed. Appx. 318 (9th Cir. 2010) (holding that a plaintiff civilly committed to a state-run facility as a Sexually Violent Predator was entitled under the FLSA to wages owed, because his confinement was civil in nature and the work he performed was not required).

shall be able to volunteer for work assignments **but otherwise shall not be required to work**, except to do personal housekeeping."[19]

Similarly, GEO has not and cannot point to a single case holding that immigration detainees do not fall under the IWC's sweep. This is not surprising, since California Labor Code § 1171.5 expresses a clear intent by the California Legislature to accord all individuals "regardless of immigration status" the protections, rights, and remedies under state law.[20] The Ninth Circuit has similarly held that immigrants, undocumented or not, are protected under the California Labor Code.[21]

Accordingly, there is no exception under California labor law for civil immigration detainees. This Court, like the *Owino* court, should decline GEO's invitation to create one.[22]

**B. Wage Order 5-2001 applies to civil immigration detainees held in the Adelanto Detention Center.**

The *Owino* court expressly held that Wage Order 5 applies to civil immigration detainees participating in the Work Program in a private, for-profit immigration detention facility.[23] To reach this conclusion, the court first conducted a plain reading of Wage Order 5, which unambiguously applies to "**any industry or business which provides meals, housing, or maintenance services**, even when the services is operated incidental to the business's other operations in an establishment not covered by an industry order of the IWC."[24] The court then observed that CoreCivic, the defendant private prison corporation in *Owino*, operates an immigration detention facility where detainees perform labor related to meals, housing, and maintenance services.[25] According to the court, "[m]eals, housing,

---

[19] ICE PBNDS, at 405 (emphasis added).
[20] Cal. Labor Code § 1171.5(a).
[21] *Incalza v. Fendi North America, Inc.*, 479 F.3d 1005, 1009 (9th Cir. 2007).
[22] *See* 2018 WL 2193644, at *22 ("Without any similar precedent, the Court declines to create an exception for civil immigration detainees removing them from IWC's purview.").
[23] *Id.* at *26 ("The Court declines to dismiss Plaintiffs' Complaint to the extent it relies on Wage Order 5-2001.").
[24] *Id.* (citing § 11050(2)(P) (emphasis added)).
[25] *Id.*

or maintenance clearly are not Defendant's primary business purpose, but those services are provided incidental to its role in housing detainees."[26]

The *Owino* court observed that the non-exhaustive list of businesses encompassed by Wage Order 5 "call to mind an institution where people remain for long periods of time for a purpose (education or healthcare) while receiving meals and lodging that are incidental to that purpose. While the purpose of the institution may differ—education vs. nursing home vs. detention facility—**each institution provides essential services for those under their charge**."[27] Thus, under *Owino*, the applicability of Wage Order 5 hinges not on the business's primary purpose, but rather on simply whether the business provides "meals, housing, or maintenance services" to anyone at all, including only to those under its own charge.

Here, Plaintiff alleges that GEO owns and operates a private, for-profit immigration detention facility.[28] Through the Work Program, Plaintiff and the class members perform labor related to meals, housing, and maintenance.[29] Plaintiff alleges that GEO is contractually required to provide for all essential detention services for those under its charge.[30] The *Owino* court found nearly identical allegations sufficient to support its finding that Wage Order 5 is applicable to private, for-profit immigration detention centers that provide meals, housing, and maintenance services to their own detainees.[31] Like the detention center at issue in that case, the Adelanto Detention Center is well within the purview of Wage Order 5.

---

[26] *Id.*
[27] *Id.* (emphasis added).
[28] Complaint at ¶ 2.
[29] *Id.* at ¶¶ 38; 45-46.
[30] *Id.* at ¶ 4.
[31] 2018 WL 2193644 at *26 ("The Court declines to dismiss Plaintiffs' Complaint to the extent it relies on Wage Order 5-2001.").

# CONCLUSION

For the reasons herein and in *Owino v. CoreCivic, Inc.*, current and former immigration detainees held in a private, for-profit immigration detention center and who work in the Voluntary Work Program for $1 per day qualify as "employees" under the California Labor Code and Wage Order 5-2001. Accordingly, GEO's Motion to Dismiss should be denied in its entirety.

Dated:  May 21, 2018

*/s/ Korey  Nelson*
Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Vanessa Shakib (CA Bar # 287339)
vshakib@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

Nicole Ramos (admitted *pro hac vice*)

nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

***Attorneys for Plaintiffs.***

**CERTIFICATE OF SERVICE**

On May 21, 2018, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

/s/ *Vanessa Shakib*
Vanessa Shakib
vshakib@ahdootwolfson.com
CA Bar # 287339
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585