LESLEY HOLMES (BAR NO. 271903)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
lesley.swanson.holmes@nortonrosefulbright.com

MARK EMERY (*PRO HAC VICE*)
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW Suite 100
Washington, D.C. 20001-4501
Telephone: (202) 662-0200
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

CHARLES A. DEACON (*PRO HAC VICE*)
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street Suite 2100
San Antonio, TX 78205-3792
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>**DEFENDANT THE GEO GROUP, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**and**<br><br>**THE GEO GROUP, INC.'S COUNTERCLAIMS**<br><br>**(1) Unjust Enrichment/Offset**<br>**(2) Declaratory Relief**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Amended Complaint Filed: 7/6/18 |

DOCUMENT PREPARED ON RECYCLED PAPER

73183635.1      - 1 -      5:17-cv-02514-JGB-SHKx
DEFENDANT THE GEO GROUP INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

THE GEO GROUP, INC.,

                Counter-Claimant,

    v.

RAUL NOVOA, individually and on
behalf of all others similarly situated,

                Counter-Defendant.

       Defendant The GEO Group, Inc. ("GEO") answers the First Amended Complaint for Declaratory and Injunctive Relief and Damages ("FAC"; Dkt. #47) of Plaintiff Raul Novoa, individually and on behalf of all others similarly situated ("Plaintiff"), and states its affirmative defenses, as follows:

## PRELIMINARY STATEMENT

       1.    Paragraph 1 of the FAC states Plaintiff's characterization and understanding of the nature of the action rather than alleging any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations set forth in Paragraph 1 of the Complaint.

       2.    GEO admits that it owns and operates the Adelanto Facility, an immigration processing and detention center, for profit.  GEO denies the remaining allegations set forth in Paragraph 2 of the FAC.

       3.    GEO admits it owns and operates correctional, detention and community reentry facilities in the United States and abroad for profit.  GEO denies the remaining allegations set forth in Paragraph 3 of the FAC.

       4.    GEO denies the allegations set forth in Paragraph 4 of the FAC.

       5.    GEO admits that immigration detainees who choose to participate in the federally-mandated Voluntary Work Program may receive a $1 allowance for each day of participation regardless of tasks performed, work accomplished, or duration of participation.  The $1 allowance per detainee is passed from ICE to

DOCUMENT PREPARED
ON RECYCLED PAPER

73183635.1                  - 2 -              5:17-cv-02514-JGB-SHKx
DEFENDANT THE GEO GROUP INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

1  detainees via a detainee trust account.  GEO denies the remaining allegations set
2  forth in Paragraph 5 of the FAC.

3        6.    Paragraph 6 of the FAC contains Plaintiff's characterization of the
4  nature of the action rather than averring any facts for GEO to admit or deny.  To the
5  extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 6
6  of the FAC.  Voluntary Work Program participants choose to perform self-care
7  tasks like meal preparation, basic housekeeping chores, and grooming to eliminate
8  idle time while in detention.  The Voluntary Work Program is administered in the
9  secured environment of the detention facility, pursuant to federal detention
10  standards.

11        7.    Paragraph 7 of the FAC contains Plaintiff's characterization of the
12  nature of the action rather than averring any facts for GEO to admit or deny.  To the
13  extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 7
14  of the FAC.  Civil immigration detainees who participate in the Voluntary Work
15  program are not employed by GEO, and Plaintiff has no basis for claiming
16  minimum wage payments, individually or on behalf of a class.

17        8.    Paragraph 8 of the FAC contains Plaintiff's characterization of the
18  nature of the action rather than averring any facts for GEO to admit or deny.  To the
19  extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 8
20  of the FAC.  California's Minimum Wage Law ("MWL") does not establish an
21  employment relationship between detainees and GEO.  Federal immigration
22  detainees have no right to claim competitive wages while detained at government
23  expense.  GEO specifically denies any violation of California's Unfair Competition
24  Law or the federal and state Trafficking Victims Protection Act.

25        9.    GEO is without knowledge or information sufficient to form a belief as
26  to the truth of the allegations set forth as Paragraph 9 of the FAC and accordingly
27  denies the truth of the allegations.

28

1

## JURISDICTION AND VENUE

2    10.   GEO denies that the Court has subject matter jurisdiction over this

3    suit.

4    11.   Plaintiff alleges that the Court has jurisdiction over this case based on

5    his allegations and GEO's citizenship.  GEO has no basis to affirm or deny the

6    factual averments regarding jurisdiction under the Class Action Fairness Act, 28

7    U.S.C. § 1332(d), and therefore denies them.  GEO further denies that the Court has

8    subject matter jurisdiction over this suit.

9    12.   GEO admits that to the extent the Court has jurisdiction, venue is

10   proper in this District.  GEO denies the remaining allegations set forth in Paragraph

11   12 of the FAC.

12   13.   GEO admits that it conducts business in Adelanto, San Bernardino

13   County, California.  GEO denies the remaining allegations set forth in Paragraph 13

14   of the FAC.

15   14.   Paragraph 14 of the FAC refers to Plaintiff's request for the Court to

16   exercise supplemental jurisdiction over his state law claims.  GEO is without

17   knowledge or information sufficient to form a belief as to Plaintiff's requests.  GEO

18   denies that the Court has supplemental jurisdiction over this suit.

19

## PARTIES

20   15.   GEO admits that ICE detained Plaintiff at the Adelanto Facility for a

21   period of time and that he received $1 per day as an allowance for participating in

22   the Voluntary Work Program.  GEO is without knowledge or information sufficient

23   to form a belief as to the truth of the remaining allegations set forth as Paragraph 15

24   of the FAC and accordingly denies the truth of the allegations.

25   16.   GEO admits it is a for-profit Florida corporation providing

26   correctional, detention, and community reentry services.  GEO's principal office is

27   located at 621 NW 53rd Street, Suite 700, Boca Raton, Florida, 33487.

28

# FACTUAL ALLEGATIONS

**A.   Immigration detention is civil – not criminal.**

17.   Paragraph 17 of the FAC states Plaintiff's understanding of the nature of the action rather than alleging any facts for GEO to admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 17 of the FAC.

18.   GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 18 of the FAC and accordingly denies the truth of the allegations.

19.   Paragraph 19 of the FAC states Plaintiff's understanding of the nature of the action rather than alleging any facts for GEO to admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 19 of the FAC.

20.   Paragraph 20 of the FAC states Plaintiff's understanding of the nature of the action rather than alleging any facts for GEO admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 20 of the FAC.

21.   Paragraph 21 of the FAC states Plaintiff's understanding of the nature of the action rather than alleging any facts for GEO admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 21 of the FAC.

**B.   The privatization of immigration detention and GEO's economical windfall.**

22.   GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 22 of the FAC and accordingly denies the truth of the allegations.

23.   GEO admits that it engages in lobbying efforts.   GEO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding other private prison corporations set forth as Paragraph 23 of the FAC.  GEO denies the truth of the remaining allegations set forth in Paragraph 23 of the FAC.

24.    Paragraph 24 of the FAC states Plaintiff's understanding of the nature of the action rather than alleging any facts for GEO admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 24 of the FAC.

25.    GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 25 of the FAC and accordingly denies the truth of the allegations.

26.    GEO admits it is a publicly traded corporation that is listed on the New York Stock Exchange.  GEO denies the remaining allegations set forth as Paragraph 26 of the FAC.

27.    Paragraph 27 of the FAC states Plaintiff's understanding of the nature of the action rather than alleging any facts for GEO admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 27 of the FAC.

**C.    GEO withholds necessary care from detainees at the Adelanto Facility.**

28.    GEO denies it contracts with ICE to operate the Adelanto Facility. ICE contracts with the City of Adelanto for operation of the Adelanto Facility to enable ICE to meet its immigration processing needs, with GEO serving as the City's subcontractor.  The Adelanto Facility has capacity for approximately 1,940 detainees.  All other facts not expressly admitted in Paragraph 28 are denied.

29.    GEO denies the allegations set forth in Paragraph 29 of the FAC.

30.    GEO denies the allegations set forth in Paragraph 30 of the FAC.

31.    GEO denies the allegations set forth in Paragraph 31 of the FAC.

32.    GEO denies the allegations set forth in Paragraph 32 of the FAC.

33.    GEO denies the allegations set forth in Paragraph 33 of the FAC.

34.    GEO denies the allegations set forth in Paragraph 34 of the FAC.

35.    GEO denies the allegations set forth in Paragraph 35 of the FAC.

36.    GEO denies the allegations set forth in Paragraph 36 of the FAC.

37.    GEO denies the allegations set forth in Paragraph 37 of the FAC.

**D.**    **GEO uses detainees to clean, maintain, and operate the Adelanto Facility.**

38.    GEO admits that detainees who choose to participate in the federally-mandated Voluntary Work Program may receive a $1 allowance for each day of participation regardless of tasks performed, work accomplished, or duration of participation.  The $1 allowance per detainee is passed from ICE to detainees via a detainee trust account.  GEO denies the remaining allegations set forth in Paragraph 38 of the FAC.

39.    Paragraph 39 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 39 of the FAC.  Voluntary Work Program participants choose to perform self-care tasks like meal preparation, basic housekeeping chores, and grooming to eliminate idle time while in detention.  The Voluntary Work Program is administered in the secured environment of the detention facility, pursuant to federal detention standards.

40.    Paragraph 40 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 40 of the FAC.  Civil immigration detainees who participate in the Voluntary Work Program are not employed by GEO, and they have no basis to claim minimum wage payments, individually or as a class.

41.    Paragraph 41 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 41 of the FAC.

42.    GEO admits that it provides detainees with personal protection equipment as appropriate for self-care tasks.  GEO denies the remaining allegations set forth as Paragraph 42 of the FAC.

43.    GEO admits that the $1 daily allowance is credited to participating detainees' trust accounts.  GEO denies the remaining allegations set forth as Paragraph 43 of the FAC.

44.    GEO denies the allegations set forth in Paragraph 44 of the FAC.

45.    GEO admits that Voluntary Work Program participants may choose to perform self-care tasks like meal preparation, basic housekeeping chores, and grooming to eliminate idle time while in detention.  GEO denies the remaining allegations set forth in Paragraph 45 of the FAC.

46.    GEO admits that Voluntary Work Program participants may choose to perform self-care tasks like meal preparation, basic housekeeping chores, and grooming to eliminate idle time while in detention.  GEO denies the remaining allegations set forth in Paragraph 46 of the FAC.

47.    Paragraph 47 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 47 of the FAC.

48.    Paragraph 48 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 48 of the FAC.  California's MWL does not establish an employment relationship between detainees and GEO.  Competitive employment opportunities covered by the MWL serve no purpose in this environment and conflict with federal immigration and detention policies.  Federal immigration detainees similarly have no right to claim competitive wages while detained at government expense.

49.     GEO denies the allegations set forth in Paragraph 49 of the FAC.  The ICE contract may require compliance with applicable federal, state and local laws, but GEO expressly denies the applicability of California's laws to GEO as stated by Plaintiff and the putative class.

50.     Paragraph 50 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 50 of the FAC.

51.     GEO denies the allegations set forth in Paragraph 51 of the FAC.

**E.     Plaintiff Novoa's employment at the Adelanto Facility.**

52.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 52 of the FAC and accordingly denies the truth of the allegations.

53.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the FAC and accordingly denies the truth of the allegations.

54.     GEO admits Plaintiff was detained at the Adelanto Facility for a period of time.  GEO denies the remaining allegations set forth in Paragraph 54 of the FAC.

55.     GEO admits that Plaintiff received $1 per day as an allowance for participating in the Voluntary Work Program, as provided by Congress.  Plaintiff did not "work for GEO" and Plaintiff and other federal immigration detainees have no right to claim competitive wages while detained at government expense.  GEO denies the remaining allegations set forth as Paragraph 55 of the FAC.

56.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the FAC and accordingly denies the truth of the allegations.

DOCUMENT PREPARED
ON RECYCLED PAPER

73183635.1                                    - 9 -                        5:17-cv-02514-JGB-SHKx
DEFENDANT THE GEO GROUP INC.'S ANSWER  TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

57.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the FAC and accordingly denies the truth of the allegations.

58.     GEO admits that Plaintiff received $1 per day as an allowance for participating in the Voluntary Work Program, as provided by Congress.  GEO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 58 of the FAC and accordingly denies the truth of the allegations.

59.     GEO denies the allegations set forth in Paragraph 59 of the FAC.

60.     GEO denies the allegations set forth in Paragraph 60 of the FAC.

61.     GEO denies the allegations set forth in Paragraph 61 of the FAC.

62.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 62 of the FAC and accordingly denies the truth of the allegations.

63.     GEO denies the allegations set forth in Paragraph 63 of the FAC.

64.     GEO denies the allegations set forth in Paragraph 64 of the FAC.

65.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 65 of the FAC and accordingly denies the truth of the allegations.

66.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 66 of the FAC and accordingly denies the truth of the allegations.

67.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 67 of the FAC and accordingly denies the truth of the allegations.

68.     GEO denies the allegations set forth in Paragraph 68 of the FAC.

69.     GEO denies the  allegations set forth in Paragraph 69 of the FAC.

70.     GEO denies the allegations set forth in Paragraph 70 of the FAC.

DOCUMENT PREPARED
ON RECYCLED PAPER

73183635.1                                    - 10 -                        5:17-cv-02514-JGB-SHKx
DEFENDANT THE GEO GROUP INC.'S ANSWER  TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

71.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 71 of the FAC and accordingly denies the truth of the allegations.

72.     GEO denies the allegations set forth in Paragraph 72 of the FAC.

73.     GEO denies the allegations set forth in Paragraph 73 of the FAC.

74.     Paragraph 74 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 74 of the FAC.

## CLASS ACTION ALLEGATIONS

75.     Paragraph 75 of the Complaint contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 75 of the FAC.

**A.     Class Definition**

76.     Paragraph 76 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 76 of the FAC.

77.     Paragraph 77 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 77 of the FAC.

**B.     Class Certification Requirements under Rule 23**

78.     **Numerosity:    Rule 23(a)(1).**   Paragraph 78 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 78 of the FAC.

79.     **Commonality and Predominance:    Rules 23(a)(2) and 23(b)(3).** Paragraph 79 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.   To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 79 of the FAC.

80.     **Typically:    Rule 23(a)(3).**   Paragraph 80 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.   GEO specifically denies that Plaintiff or any purported class member was "employed by GEO at the Adelanto Facility."   To the extent any additional facts are alleged or a response is necessary, GEO denies the remaining allegations set forth in Paragraph 80 of the FAC.

81.     **Adequacy:  Rule 23(a(4).**  GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the FAC and accordingly denies the truth of the allegations.

82.     **Superiority:  Rules 23(b)(3).**   Paragraph 82 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 82 of the FAC.

# CAUSES OF ACTION

## COUNT I
## CALIFORNIA MINIMUM WAGE LAW
### Cal. Labor Code §§ 1194, 1197, 1197.1

83.    GEO incorporates by reference its responses to the allegations in Paragraph 1 through 82 as if set forth fully herein.

84.    GEO admits the allegations set forth in Paragraph 84 of the FAC.

85.    Paragraph 85 of the FAC calls for a legal conclusion to which no response is necessary.  To the extent a response is necessary, GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the FAC and accordingly denies the truth of the allegations.

86.    GEO denies the allegations set forth in Paragraph 86 of the FAC, including, specifically, the allegation that detainees at the Adelanto Facility have "wage protections."

87.    GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 87 of the FAC and accordingly denies the truth of the allegations.

88.    GEO denies the allegations set forth in Paragraph 88 of the FAC.

89.    GEO denies the allegations set forth in Paragraph 89 of the FAC.

90.    Paragraph 90 of the FAC contains Plaintiff's characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 90 of the FAC.

91.    GEO admits detainees who participate in the Voluntary Work Program receive a $1 allowance per day pursuant to federal law.  GEO denies the remaining allegations set forth in Paragraph 91 of the FAC.

1    92.    GEO is without knowledge or information sufficient to form a belief as

2  to the truth of the allegations set forth as Paragraph 92 of the FAC and accordingly

3  denies the truth of the allegations.

4                               **COUNT II**
                          **UNJUST ENRICHMENT**
5                          **California Common Law**

6    93.    GEO incorporates by reference its responses to the allegations in

7  Paragraph 1 through 92 as if set forth fully herein.

8    94.    GEO denies the allegations set forth in Paragraph 94 of the FAC.

9    95.    GEO denies the allegations set forth in Paragraph 95 of the FAC.

10   96.    GEO denies the allegations set forth in Paragraph 96 of the FAC.

11   97.    GEO denies the allegations set forth in Paragraph 97 of the FAC.

12   98.    GEO denies the allegations set forth in Paragraph 98 of the FAC.

13

14                              **COUNT III**
               **CALIFORNIA UNFAIR COMPETITION LAW**
15               **Cal. Bus. & Prof. Code §§ 17200,** *et seq.*

16   99.    GEO incorporates by reference its responses to the allegations in

17  Paragraph 1 through 98 as if set forth fully herein.

18   100.   Paragraph 100 of the FAC calls for a legal conclusion to which no

19  response is required.   To the extent a response is required, GEO denies the

20  allegations set forth in Paragraph 100 of the FAC.

21   101.   GEO denies the allegations set forth as Paragraph 101 of the FAC.

22   102.   GEO denies the allegations set forth as Paragraph 102 of the FAC.

23   103.   GEO denies the allegations set forth as Paragraph 103 of the FAC.

24                              **COUNT IV**
         **CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
25                          **Cal. Civ. Code §52.5**

26   104.   GEO incorporates by reference its responses to the allegations in

27  Paragraph 1 through 103 as if set forth fully herein.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

73183635.1                              - 14 -                    5:17-cv-02514-JGB-SHKx
DEFENDANT THE GEO GROUP INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

105.   Paragraph 105 of the FAC calls for a legal conclusion to which no response is required.   To the extent a response is required, GEO denies the allegations set forth in Paragraph 105 of the FAC.

106.   Paragraph 106 of the FAC calls for a legal conclusion to which no response is required.   To the extent a response is required, GEO denies the allegations set forth in Paragraph 106 of the FAC.

107.   Paragraph 107 of the FAC calls for a legal conclusion to which no response is required.   To the extent a response is required, GEO denies the allegations set forth in Paragraph 107 of the FAC.

108.   GEO denies the allegations set forth as Paragraph 108 of the FAC.

109.   GEO denies the allegations set forth as Paragraph 109 of the FAC.

110.   GEO denies the allegations set forth as Paragraph 110 of the FAC.

**COUNT V**
**ATTEMPTED FORCED LABOR**
**18 U.S.C. §§ 1589(a)  & 1594(a)**

111.   GEO incorporates by reference its responses to the allegations in Paragraph 1 through 110 as if set forth fully herein.

112.   GEO denies the allegations set forth in Paragraph 112 of the FAC.

113.   GEO denies the allegations set forth in Paragraph 113 of the FAC.

114.   GEO denies the allegations set forth in Paragraph 114 of the FAC.

115.   GEO denies the allegations set forth in Paragraph 115 of the FAC.

116.   GEO denies the allegations set forth in Paragraph 116 of the FAC.

117.   GEO denies the allegations set forth in Paragraph 117 of the FAC.

118.   GEO denies the allegations set forth in Paragraph 118 of the FAC.

119.   GEO denies the allegations set forth in Paragraph 119 of the FAC.

120.   GEO denies the allegations set forth in Paragraph 120 of the FAC.

**PRAYER FOR RELIEF**

In answering the Prayer for Relief, GEO denies that Plaintiff and the Class Members are entitled to any of the relief they seek.  GEO denies that this matter is

suitable for class certification.   GEO affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, and that Plaintiff is not a proper class representative.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Each purported cause of action of Plaintiff's FAC fails to allege facts sufficient to constitute a cause of action against GEO.

**SECOND AFFIRMATIVE DEFENSE**

GEO has immunity from this lawsuit.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff seeks relief barred by the statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is pre-empted by federal law.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join parties that should be joined under Federal Rule of Civil Procedure 19.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries and damages, if any, were caused by the acts of a third party who has not been named a party to this action and over whom GEO had no control.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's requested relief violates the law, and is otherwise impossible to attain in conformance with the law.   Neither Plaintiff nor putative class members have a legal right to work at minimum wage rates because none has sought approval from the U.S. Attorney General for employment with GEO, and none are qualified to work for GEO under ICE's contract terms and federal law.   Plaintiff's participation in the Voluntary Work Program was voluntary.

1

## **EIGHTH AFFIRMATIVE DEFENSE**

2

Plaintiff lacks standing to brings the claims asserted in the FAC.

3

## **NINTH AFFIRMATIVE DEFENSE**

4

Plaintiff's claim is not ripe.

5

## **TENTH AFFIRMATIVE DEFENSE**

6

Plaintiff's claim is not justiciable.

7

## **ELEVENTH AFFIRMATIVE DEFENSE**

8

Plaintiff has unclean hands.

9

## **TWELFTH AFFIRMATIVE DEFENSE**

10    Plaintiff has unreasonably delayed his request for relief, to GEO's prejudice,

11  such that his claims are barred by the defense of laches.

12

## **THIRTEENTH AFFIRMATIVE DEFENSE**

13    Plaintiff is barred from seeking equitable relief to the extent an adequate

14  remedy exists at law.

15

## **FOURTEENTH AFFIRMATIVE DEFENSE**

16    GEO is entitled to an offset from any award to Plaintiff and/or putative class

17  members of payment for unpaid minimum wages, for payment for work not

18  performed in an reasonable manner and/or work performed outside of GEO's

19  control and/or direction, and for costs incurred in caring for the Plaintiff and other

20  detainees who participated in the Voluntary Work Program and for the costs of

21  operating the Voluntary Work Program.

22

## **FIFTEENTH AFFIRMATIVE DEFENSE**

23    The federal Trafficking Victims Protection Act is unconstitutionally vague

24  and/or overbroad as applied to GEO's administration of the VWP.

25

## **SIXTEENTH AFFIRMATIVE DEFENSE**

26    The California Trafficking Victims Protection Act is unconstitutionally

27  vague and/or overbroad as applied to GEO's administration of the VWP.

28

1

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

2    California's Minimum Wage Law, and IWC Wage Order are

3 unconstitutionally vague and/or overbroad as applied to GEO's administration of

4 the VWP.

5

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

6    GEO reserves the right to amend its Answer to Plaintiff's FAC to assert

7 additional defenses, withdraw defenses, and/or add counterclaims as may become

8 necessary after reasonable opportunity, or discovery has occurred, up through and

9 including trial in this matter.

10

## **PRAYER**

11    WHEREFORE, GEO respectfully requests:

12    1.    That Plaintiff take nothing by the FAC;

13    2.    A dismissal of the FAC with prejudice and an award of GEO's

14 reasonable attorneys' fees to the extent permitted by law;

15    3.    Judgment in favor of GEO and against Plaintiff;

16    4.    Costs of suit herein; and

17    5.    Such other and further relief, legal and equitable, that the Court may

18 deem proper.

19

## **CONDITIONAL COUNTERCLAIMS**

20    Counter-Claimant The GEO Group, Inc. ("GEO"), through counsel, brings

21 the following conditional counterclaims against Counter-Defendant Raul Novoa

22 ("Counter-Defendant"), and against any putative class or classes certified by the

23 Court.

24

## **JURISDICTION AND VENUE**

25    1.    To the extent this Court holds that it has subject matter jurisdiction

26 despite GEO's immunity, the Court will have jurisdiction over the parties and

27 subject matter over this counterclaim.  GEO asserts its counterclaim only in the

28 event that the Court has determined it has subject matter jurisdiction.  GEO does

1  not waive and expressly reserves its objection to subject matter jurisdiction with

2  respect to Plaintiff's/Counter-Defendant's claims.

3  To the extent GEO is subject to jurisdiction in this Court, jurisdiction over

4  GEO's counterclaim is grounded in diversity pursuant to 28 § U.S.C. 1332.  GEO is

5  a Florida corporation with its principal place of business in Florida.  Raul Novoa is

6  a citizen of Mexico, who alleges he is a resident of California.   The amount in

7  controversy on the counterclaims exceeds $75,000.00.

8  2.    Alternatively, this Court has supplemental jurisdiction over these

9  counterclaims pursuant to 28 U.S.C. § 1367(a), as these counterclaims form part of

10  the same case or controversy as the claims asserted by Plaintiff/Counter-Defendant

11  under Article III of the United States Constitution.

12  3.    Venue is proper in this Court, as the events giving rise to these

13  counterclaims occurred in this district.

14                                      **PARTIES**

15  4.    GEO is a Florida corporation with its principal place of business in

16  Florida.   GEO is a service provider that operates the Adelanto Facility for the

17  housing of federal immigration detainees in the custody of the federal government,

18  under terms set out in the contracts between the City of Adelanto and ICE, and the

19  City of Adelanto and GEO, and applicable regulations and detention facility

20  standards, and the laws of the United States.

21  5.    Raul Novoa is a citizen of Mexico, who alleges he is a resident of

22  California.   Counter-Defendant was an ICE detainee at the Adelanto Facility at

23  various times from 2012 to 2015, during which time he received material benefits,

24  including but not limited to housing, food, clothing, and recreation, at no cost to

25  himself.

26  6.    While detained at the Adelanto Facility, Counter-Defendant did not

27  have authorization from the U.S. Attorney General to be employed in the United

28  States under federal law.

DOCUMENT PREPARED
ON RECYCLED PAPER

7.     Because Counter-Defendant was in the custody of the federal government while at the Adelanto Facility and participated in the Voluntary Work Program, California's Minimum Wage Law ("MWL") does not apply to him.

## FIRST CAUSE OF ACTION

## Unjust Enrichment/Offset

8.     The City of Adelanto's detention services contract with ICE requires all contractor and subcontractor personnel at the Adelanto Facility to meet high standards of professionalism and integrity, and sets specific requirements that must be met before an employee is permitted to enter duty at the facility, including interviews, criminal history and other background checks, and employment eligibility verification.  Pursuant to the contract, ICE is the final approval authority for all contractor and subcontractor personnel who work with federal detainees at the Adelanto Facility under the terms of the agreement.  Proposed personnel with criminal convictions must be specifically approved by ICE; any such persons who are still under supervision or jurisdiction of any parole, probation, or correctional authority are prohibited from employment at the Adelanto Facility.

9.     As required by the City's contracts with ICE and GEO, GEO administers the Voluntary Work Program at the Adelanto Facility, which is intended to offset the cost of detention to taxpayers and to reduce detainees' idle time.  The Voluntary Work Program does not, and is not intended to, create an employer/employee relationship between GEO and detainees housed at the Adelanto Facility.

10.     Because the program is purely voluntary, detainees are not required to participate.

11.     Participation in the Voluntary Work Program is separate from detainees' responsibility to maintain their living areas in a neat and orderly manner, as required by ICE's Performance-Based National Detention Standards and ICE's detainee handbooks.

12.     Because the Voluntary Work Program is intended to promote institutional maintenance and reduce detainee idleness, it includes none of the traditional performance metrics of a standard job.  Consequently, GEO does not perform employment intake, background checks, or any of the normal vetting processes that must be done before a new employee can be hired.  GEO does not require detainees to file the type of job applications that GEO's employees must provide, or require detainees to prove their work eligibility as required by federal law.  Similarly, GEO does not evaluate or rate detainee performance, or discipline or fire detainees for poor performance.  GEO also lacks authority to determine what assignments may be given to particular detainees, because ICE reserves this function through its risk classification process.  GEO performs none of the "hire" or "fire" roles of an employer, because ICE, not GEO, controls when detainees are brought to the Adelanto Facility, and when a detainee departs from the facility.

13.     Also, as required by the City's contract with ICE, GEO provides basic necessities to all detainees housed at the Adelanto Facility, which include food, shelter, utilities, clothing, shoes, personal cleaning items, bedding, recreation, entertainment, or medical, dental, optical or mental health services.  Detainees do not pay GEO or the federal government for these services, either in whole or in part.

14.     Counter-Defendant participated in the Voluntary Work Program at various times while detained at the Adelanto Facility.  While detained at the Adelanto Facility, Counter-Defendant did not have work authorization.  Further, Counter-Defendant himself was ineligible for work because he was detained by ICE based on his criminal record in the United States, which includes possession of controlled substances, possession of a firearm by a felon, giving a false ID to a peace officer, and domestic violence.  Counter-Defendant has not alleged that he, or any other Adelanto detainee, was granted work authorization by the Attorney General.

15.   The putative class members, like Counter-Defendant, were detained by ICE, housed at the Adelanto Facility, and participated in the Voluntary Work Program at various times relevant to these counterclaims.

16.   GEO did not require or force Counter-Defendant or any other putative class members to participate in the Voluntary Work Program in any way.

17.   Neither Counter-Defendant nor any of the putative class members filed formal job applications, sat for pre-employment interviews, proved their work eligibility as required by federal law, competed against non-detainee applicants, or completed any of the other pre-employment requirements for GEO employees at the Adelanto Facility mandated by ICE's contractual terms.

18.   Neither Counter-Defendant nor any of the putative class members participated in the Voluntary Work Program for more than eight hours per day or 40 hours per week, and in fact often volunteered significantly fewer hours depending on their work assignment, some of which involved less than one hour per day.  Counter-Defendant's and putative class members' work performance and efficiency were not evaluated or tracked, and they were and are in no danger of being "fired" for underperformance.

19.   The participation of Counter-Defendant and the putative class members in the Voluntary Work Program was temporary and dependent upon their continued detention—they could not participate in the program after their detention ceased.  Moreover, Counter-Defendant and the putative class members were free to withdraw from the Voluntary Work Program at any time.

20.   During their detention at the Adelanto Facility, Counter-Defendant— similar to all putative class members—understood and acknowledged the amount they would receive for participation.  Detainees are provided with a National Detainee Handbook, issued to them by ICE, that specifically states that if they wanted to participate in the Voluntary Work Program, they would receive $1 per day for each day worked.  Counter-Defendant chose to participate in the Voluntary

Work Program despite knowing he would receive no more than $1.00 per day regardless of his level of participation, and signed a form attesting to this understanding.  Detainees signed an agreement acknowledging "Compensation will be $1.00 per day."  Counter-Defendant had, and could have had, no reasonable expectation that he would be entitled to a minimum wage for the tasks he performed.

21.   Counter-Defendant—similar to all putative class members—paid neither GEO nor the federal government for the food, shelter, clothing, bedding, utilities, recreation, entertainment, or medical, optical, dental, or mental health services provided.   Unlike a person outside of detention, who may claim a minimum wage to enable him or her to afford these goods and services, Counter-Defendant and putative class members received the benefit of these goods and services from GEO without charge and without regard for participation in the Voluntary Work Program.

22.   Counter-Defendant and any putative class members would unjustly benefit from the receipt of wage payments under the MWL and California wage orders at rates in excess of $1.00 for participation in the Voluntary Work Program if Counter-Defendant, and any putative class members, were not required to offset such payments with the costs and expenses associated with their care while detained.   GEO incurred costs and expenses caring for Counter-Defendant and other detainees in excess of $11.00 per hour for all goods and services provided to them.   By contrast, GEO's actual employees—who were paid minimum wage or more—resided outside the Adelanto Facility and did not receive the goods and services provided at no cost to the Adelanto Facility-detainees.

23.   The rate of payment for participation in the Voluntary Work Program is set by ICE under the contract, and cannot be modified without ICE's approval. The money for Voluntary Work Program participation is deposited in detainee trust accounts, and made available to detainees who participate.  Any requirement that

DOCUMENT PREPARED
ON RECYCLED PAPER

73183635.1                          - 23 -                     5:17-cv-02514-JGB-SHKx
DEFENDANT THE GEO GROUP INC.'S ANSWER  TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

GEO pay or advance money to detainees in excess of what was specified by the contracts, approved by ICE, and paid into detainee trust accounts unjustly enriches Counter-Defendant and/or putative class members.  Such a payment would effectively increase GEO's burden for complying with its current contracts by unilaterally adding an entirely new service to that contract:  employment of detainees at California minimum wages, notwithstanding that, unlike non-detainee recipients of minimum wages, detainees' living expenses are already being supplied to them for free.

24.    In the event Counter-Defendant and/or any class members prevail on their theory that the MWL applies to detention programs like the Voluntary Work Program at the Adelanto Facility, GEO is equitably entitled to recover its costs and expenses associated with detaining Counter-Defendant and the putative class members, including for goods and services associated with administering the Voluntary Work Program with respect to Counter-Defendant and all putative class members.

## SECOND CAUSE OF ACTION
### Declaratory Relief—28 U.S.C. § 2201(a)

25.    GEO incorporates the allegations in Paragraphs 1-24, above, by reference as if fully stated herein.

26.    At all times relevant to these proceedings, GEO administered a Voluntary Work Program at the Adelanto Facility as required by the ICE contract. That Voluntary Work Program was, and is, subject to federal detention standards.

27.    The Voluntary Work Program at the Adelanto Facility is critical to the safe and secure operations of the facility.  Specifically, the Voluntary Work Program reduces idle time for detainees and promotes institutional efficiency, just as similar programs do in California's own facilities.

28.    Pursuant to an express authorization from Congress that ICE may authorize allowances to immigration detainees for work performed while detained,

ICE authorized an allowance of $1.00 per day for each Voluntary Work Program participant.

29.   ICE must authorize any increase in the allowance rate of $1.00 per day, as expressed in the ICE contract for the Adelanto Facility.  Without an ICE-approved increase in the allowance rate, detainees may not be given an allowance in excess of $1.00 per day for participation in the Voluntary Work Program at the Adelanto Facility.

30.   ICE also prohibits GEO from employing any detainees.  ICE must clear any GEO employee working at the Adelanto Facility via a background check performed by ICE.  ICE also requires GEO to immediately suspend any employee found to have a history of arrests.

31.   Counter-Defendant and the putative class members were participants in the Voluntary Work Program at the Adelanto Facility.  They were not authorized by ICE to work for GEO or anyone else in the United States, and did not complete the requirements for employment specified in the City's detention services agreement with ICE.  Counter-Defendant himself was ineligible for work because he was detained by ICE based on his criminal record in the United States, which includes possession of controlled substances, possession of a firearm by a felon, giving a false ID to a peace officer, and domestic violence.  Counter-Defendant has not alleged that he, or any other Adelanto detainee, was granted work authorization by the Attorney General.

32.   Counter-Defendant initiated this lawsuit, claiming California's labor laws apply to him and the putative class members, when they do not.  Because Counter-Defendant was in the custody of the federal government while at the Adelanto Facility and participating in the Voluntary Work Program, California's MWL does not apply to them.  This matter presents an actual controversy that can be finally resolved by the Court.

33.   GEO has already incurred attorneys' fees and other costs defending

1    against Plaintiff/Counter-Defendant's claims, and will continue to do so.

2        34.    ICE detainees at the Adelanto Facility, including Counter-Defendant

3    and the putative class members, are federal immigration detainees housed at the

4    Adelanto Facility pursuant to the City's detention services agreement with ICE.

5    They are not employed by GEO, and are not employees of GEO.   The work

6    performed by these detainees is performed for reasons other than compensation in

7    order to provide for necessary food and shelter, as detainees participating in the

8    Voluntary Work Program do not participate in commerce and do not depend on the

9    wages they earn for basic necessities such as, for example, housing, food, clothing,

10   and recreation, while detained, as those necessities are provided to them at taxpayer

11   expense.

12       35.    GEO therefore seeks a declaration that:    (1) no employment

13   relationship exists between GEO and detainees who participate in the Voluntary

14   Work Program, including but not limited to Counter-Defendant and the putative

15   class members; (2) such detainees, including but not limited to Counter-Defendant

16   and the putative class members, are not employees of GEO, and GEO is not their

17   employer; (3) as a result, California's labor laws and wage orders do not apply to

18   such detainees, including but not limited to Counter-Defendant and the putative

19   class members; and (4) Counter-Defendant and putative class members are not

20   entitled to disgorgement or other equitable relief for allegedly unpaid wages or

21   allegedly inequitable revenues or profits; (5) GEO has not violated the TVPA; (6)

22   GEO has not violated the California TVPA.

23       WHEREFORE, GEO prays for the following relief:

24       1.    An order enjoining Counter-Defendant and the putative class members

25   from claiming California's labor laws apply to them;

26       2.    An order declaring California's labor laws do not apply to ICE

27   detainees at the Adelanto Facility, including but not limited to laws requiring

28   payment of minimum wage and overtime wages;

3.      An order declaring that there is no employment relationship between GEO and detainees housed at the Adelanto Facility who participate in the Volunteer Work Program, specifically that GEO is not the employer of such detainees, and that such detainees are not employees of GEO;

4.      An order declaring that GEO has not violated the TVPA or California TVPA.

5.      In the event Counter-Defendant and the putative class members prevail on their claims, an order awarding GEO all costs and expenses for goods and services that unjustly enriched Counter-Defendant and the putative class members, including but not limited to housing, food, clothing, and recreation and health services; and all wages that unjustly enriched detainees in excess of the $1.00 daily rate paid to them.

6.      An award of attorneys' fees and costs; and

7.      Other and further relief as the Court deems just and equitable.

Dated: July 20, 2018            LESLEY HOLMES
                                MARK EMERY
                                CHARLES A. DEACON
                                **NORTON ROSE FULBRIGHT US LLP**


                                By */s/ Lesley Holmes*
                                LESLEY HOLMES
                                Attorneys for The GEO Group, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Pursuant to FRCP 38(b), GEO demands a jury trial as to all triable issues raised in both the FAC and the Counterclaims.


Dated: July 20, 2018

LESLEY HOLMES
MARK EMERY
CHARLES A. DEACON
**NORTON ROSE FULBRIGHT US LLP**


By */s/ Lesley Holmes*
LESLEY HOLMES
Attorneys for The GEO Group, Inc.

1

# PROOF OF SERVICE

2

*Raul Novoa, individually and on behalf of all others similarly situated v. The Geo Group, Inc.*

3

USDC Central District of California, Eastern Division
Case No. 5:17-cv-02514-JGB-SHKx

4

I, Tina Sims, declare:

5

6     I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled
7     action.   My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California  90071.  On July 20, 2018, I served a copy of the document(s) listed below by electronically submitting the document(s) with the Clerk of the
8     United States District Court, Central District of California, using the CM/ECF case filing system which will then send a notification of such filing to the person(s) at
9     the e-mail address(es) set forth below.  I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R.
10    Civ. P. 5(b)(2)(C).

11    **DEFENDANT THE GEO GROUP, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT and THE GEO**
12    **GROUP, INC.'S COUNTERCLAIMS (1) Unjust Enrichment/Offset (2) Declaratory Relief**

13

14    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

15    Executed on July 20, 2018, at Los Angeles, California.

16

17                                           Tina Sims

18

19

20

21

22

23

24

25

26

27

28

1

## SERVICE LIST

2

| | |
|---|---|
| William B. Thompson | Attorneys for Plaintiff |
| Warren Burns *(Via U.S. Mail)* | *Raul Nova,* |
| **BURNS CHAREST LLP** | *individually and on behalf of all* |
| 900 Jackson Street Suite 500 | *others similarly situated* |
| Dallas , TX  75202 | *Plaintiff* |
| Telephone:   469-904-4550 | |
| Facsimile:    469-444-5002 | |
| Email:wthompson@burnscharest.com | |
| Email: wburns@burnscharest.com | |

3

4

5

6

7

8

9

Korey A. Nelson
Lydia A. Wright
**BURNS CHAREST LLP**
365 Canal Street Suite 1170
New Orleans , LA  70130
Telephone: 504-799-2845
Facsimile:: 504-881-1765
Email:knelson@burnscharest.com
Email:lwright@burnscharest.com

10

11

12

13

14

15

R. Andrew Free
**LAW OFFICES OF R ANDREW FREE**
PO Box 90568
Nashville , TN  37209
Telephone: 844-321-3221
Facsimile:: 615-829-8959
Email: andrew@immigrantcivilrights.com

16

17

18

19

20

21

Robert Ahdoot
**AHDOOT AND WOLFSON PC**
10728 Lindbrook Drive
Los Angeles , CA  90024
Telephone: 310-474-9111
Facsimile:: 310-474-8585
Email:rahdoot@ahdootwolfson.com

22

23

24

25

26

27

28