Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Counsel for Plaintiff
***Additional Counsel on Signature Page.***

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant*. | Civil Action No. 5:17-cv-02514<br><br>**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO GEO'S CONDITIONAL COUNTERCLAIMS**<br><br>**PLAINTIFF'S REPLY COUNTERCLAIM FOR RETALIATION** |

Plaintiff Raul Novoa ("Plaintiff") answers Conditional Counterclaims filed by Defendant The GEO Group, Inc. ("GEO") (ECF No. 45) and states his affirmative defenses as follows:

1

## JURISDICTION AND VENUE

1. GEO is not immune from suit. Plaintiff denies that this Court has subject matter jurisdiction over GEO's counterclaim pursuant to 28 U.S.C. § 1332. Plaintiff lacks knowledge sufficient to form a belief regarding the residence of GEO. Plaintiff admits that he is a resident of the State of California. Plaintiff denies that the amount in controversy of the counterclaim exceeds $75,000.

2. Denied.

3. Plaintiff admits that venue is proper in this Court.

## PARTIES

4. Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

5. Plaintiff admits that he is a citizen of Mexico and a resident of California, and that he was detained at the Adelanto Facility at various times from 2012 to 2015. Except as expressly admitted, the remaining allegations in this paragraph are denied.

6. Denied.

7. Denied.

## FIRST CAUSE OF ACTION

## Unjust Enrichment/Offset

8. Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

9. Plaintiff lacks knowledge sufficient to form a belief regarding allegations in the first sentence of this paragraph and they are therefore denied. Plaintiff denies the second sentence of paragraph 9.

10. Denied as alleged.

11. Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

12. Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

13. Denied.

14. Plaintiff admits that he participated in the VWP at various times while detained at the Adelanto Facility. The remainder of the paragraph is denied.

15. Admit.

16. Denied.

17. Denied as stated.

18. Denied.

19. Plaintiff admits that his participation in the Voluntary Work Program was temporary and dependent on his continued detention. The remainder of the paragraph is denied.

20. Denied.

21. Denied.

22. Plaintiff lacks knowledge sufficient to form a belief regarding whether GEO incurred costs and expenses in excess of $11.00 per hour for all goods and services provided to detainees, and these allegations are therefore denied. The remainder of this paragraph is denied.

23. Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

24. Denied.

## SECOND CAUSE OF ACTION

## Declaratory Relief – 28 U.S.C. § 2201(a)

25. Plaintiff incorporates by reference his responses to the allegations in Paragraph 1 through 24 as if set forth fully herein.

26. Plaintiff admits that GEO administered the Voluntary Work Program, but denies GEO did so as required by its ICE contract. Plaintiff lacks knowledge sufficient

4

to form a belief regarding the remaining allegations in this paragraph and they are therefore denied.

27. Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

28. Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

29. Denied.

30. Denied as alleged.

31. Plaintiff admits that he and the putative class members participated in the Voluntary Work Program at the Adelanto Facility. The remainder of the paragraph is denied.

32. Plaintiff admits that he filed this lawsuit and that it presents an actual controversy that can be finally resolved by this Court. The remainder of the paragraph is denied.

33. Admitted.

34. Plaintiff and the putative class members are or were federal immigration detainees housed at the Adelanto Facility. The remainder of the paragraph is denied.

35. This paragraph calls for a legal conclusion to which no response is required. To the extent any response is required, Plaintiff denies.

5

# PRAYER FOR RELIEF

To the extent Defendant's prayer for relief contains any facts, Plaintiff denies.

# AFFIRMATIVE DEFENSES

1. GEO's counterclaims fail to state a claim upon which relief can be granted.

2. The relief GEO seeks is barred by the doctrine of estoppel

3. The relief GEO seeks is barred by the doctrine of illegality.

4. The relief GEO seeks is barred by laches.

5. The relief GEO seeks is barred by GEO's unclean hands.

6. The relief GEO seeks is barred by the doctrine of waiver.

7. GEO has failed to joined an indispensable party.

8. The relief GEO seeks is barred by the statute of limitations.

9. GEO's claims against putative class members are unripe and nonjusticiable unless and until a class is certified.

10. The relief GEO seeks is contrary to public policy.

11. The relief GEO seeks should be limited by the corporation's failure to mitigate its damages.

# PLAINTIFF'S COUNTERCLAIM IN REPLY

Pursuant to Fed. R. Civ. P. 13(a), Plaintiff Novoa, on behalf of himself individually and all others similarly situated, brings the following counterclaim in reply against GEO for retaliation. In this regard, and since the underlying First Amended Class

Action Complaint (ECF No. 47) alleges five causes of action, the new cause of action set forth herein will start the sixth cause of action.

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589 *et seq*.

2. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one defendant; there are more than 100 class members; the aggregate amount in controversy exceeds $5,000,000; and minimal diversity exists.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in this District.

4. This Court has personal jurisdiction over GEO because the corporation regularly conducts business in California, and has sufficient minimum contacts with California.

5. Plaintiff requests that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his state law claims.

## PARTIES

6. Plaintiff Raul Novoa is an adult resident of Los Angeles, California. He is a lawful permanent resident with longstanding family and community ties in the Los Angeles area. From 2012 through February 2015, Mr. Novoa was detained at the Adelanto Facility. During those three years, he was employed by GEO as a janitor and a barber. He was paid only $1 per day for his labor, regardless of how many hours he worked.

7. Defendant GEO is a for-profit corporation providing correctional, detention, and community reentry services. GEO is a Florida corporation, with its principal office located at 624 NW 53rd Street, Suite 700, Boca Raton, Florida 33487.

## COUNT VI
### Retaliation

8. GEO's counterclaims for "unjust enrichment/offset" and "declaratory relief" are a retaliatory *in terrorem* tactic against Plaintiff Novoa and the class members for bringing their claims to court.

9. Plaintiff Raul Novoa was detained at the Adelanto Facility from June 2012 through February 2015.

10. On December 19, 2017, Plaintiff Novoa, on behalf of himself and all others similarly situated, filed a class action complaint seeking money damages and injunctive relief from GEO for the continued and unlawful economic exploitation of

civil immigration detainees at the Adelanto Detention Center (the "Adelanto Facility") (ECF No. 1). By filing this lawsuit, Plaintiff Novoa engaged in a protected activity.

11. On July 3, 2018, GEO filed a counterclaim against Plaintiff Novoa and all putative class members for "unjust enrichment/offset" and "declaratory relief."

12. Accordingly, GEO waited more than three years after Plaintiff Novoa was released from the Adelanto Facility, and only after this Court denied in part GEO's motion to dismiss, to file its counterclaims.

13. GEO's motive in bringing these counterclaims is to retaliate against Plaintiff Novoa and deter the class members – thousands of vulnerable and indigent individuals – from exercising their protected right to litigate their claims against GEO.

14. GEO's counterclaim targets the entire putative class – *i.e.,* "All civil immigration detainees who performed work for GEO at the Adelanto Detention Center in the Work Program since GEO assumed responsibility for the Facility in May 2011."

15. GEO has a strong financial interest in deterring Plaintiff Novoa and the putative class members from prosecuting their case.

16. GEO represented to the United States Court of Appeals for the Tenth Circuit that a similar federal class action lawsuit currently pending Colorado "poses a potentially catastrophic risk to GEO's ability to honor its contracts with the federal

government." Petition for Permission to Appeal Class Certification at 30, *Menocal et. al. v. The GEO Group*, Inc., No.14-02887 (10th Cir. March 13, 2017).

17.     GEO's decision to seek equitable relief from Plaintiff Novoa and the putative class now, on the eve of discovery, is evidence of GEO's retaliatory intent.

18.     In addition, GEO's counterclaims are wholly without merit.

19.     First, GEO's counterclaim for "unjust enrichment/offset" is time-barred because it was filed more than three years after Plaintiff Novoa was released from the Adelanto Facility.

20.     Second, Plaintiff Novoa and the class members were not "unjustly enriched" at the expense of GEO, because GEO is contractually required to provide for all essential detention services at the Adelanto Facility. These essential detention services include providing detainees with food, shelter, utilities, clothing, bedding, recreation, entertainment, and medical, dental, optical, and mental health services – the exact same services for which GEO now demands restitution from thousands of current and former detainees. GEO – a multibillion-dollar corporation – has made tens of millions of dollars in profits from its contract to run the Adelanto Facility.

21.     Third, an involuntary detainee cannot simply refuse detention (i.e. "housing") or the conditions of confinement (i.e. food and utilities). Plaintiff Novoa and the class members had no choice but to accept the "goods and services" provided by

GEO, pursuant to GEO's contract with the City of Adelanto to operate the Adelanto Facility.

22. GEO's counterclaims are reasonably likely to deter the protected activity of filing and prosecuting a lawsuit.

23. Plaintiff Novoa's counterclaim in reply of retaliation arises out of the same transaction or occurrence and the same set of aggregate facts that are the subject matter of GEO's counterclaims.

24. Plaintiff Novoa's counterclaim in reply does not require adding another party over whom the Court cannot acquire jurisdiction.

25. GEO – a multibillion dollar real estate investment trust that rakes in hundreds of millions of taxpayer dollars in revenue each quarter – is seeking to shift the costs of its compliance its contract and all governing federal, state, and local laws onto Plaintiff Novoa and the putative class, and to strike fear in the hearts of other vulnerable human beings that the company incarcerates for profit.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Novoa, individually and on behalf of the Class, requests that the Court:

    a. Issue an Order enjoining GEO from continuing to retaliate against Plaintiff Novoa and the putative class members;

   b. Award declaratory and other equitable relief as is necessary to protect the interests of Plaintiff and Class Members;

   c. Award Plaintiff and Class Members their reasonable expenses and attorney's fees incurred as a result of defending GEO's frivolous counterclaims; and

   d. Other and further relief as the Court deems just and equitable.

Dated: July 24, 2018                         */s/ Korey  Nelson*

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)

12

5:17-cv-02514-JGB

twolfson@ahdootwolfson.com
Vanessa Shakib (CA Bar # 287339)
vshakib@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002


*Attorneys for Plaintiffs.*

## CERTIFICATE OF SERVICE

On July 24, 2018, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

*/s/ Korey Nelson*
Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765