Case 3:17-cv-05769-RJB  Document 113  Filed 08/06/18  Page 1 of 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR and FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>THE GEO GROUP, INC.,<br><br>       Defendant. | CASE NO. 3:17-cv-05769-RJB<br><br>ORDER ON DEFENDANT THE GEO GROUP, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT |

THIS MATTER comes before the Court on Defendant The GEO Group, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint. Dkt. 91. The Court has considered the motion, the pleadings filed in support of and opposition to the motion, and the remainder of the file herein. The Court also considered oral argument on August 2, 2018.

**I.**   **Derivative sovereign immunity under _Yearsley_.**

Defendant's motion first raises the issue of whether it should be entitled to "derivative sovereign immunity" under _Yearsley v. W.A. Ross Constr. Co._, 309 U.S. 18 (1940) and its progeny, because if so, Defendant argues, the Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). On this issue, the motion should be denied without prejudice.

ORDER ON DEFENDANT THE GEO GROUP, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 1

For purposes of this Order, the Court assumes that the *Yearsley* derivative sovereign immunity issue is properly raised under Fed. R. Civ. P. 12(b)(1).

The parties are agreed on the *Yearsley* standard: Defendant is shielded from liability as contractor providing services to the federal government, if: (1) the government authorized the contractor's actions, and (2) the government validly conferred that authorization, meaning it acted within its constitutional power. Dkt. 91 at 12; Dkt. 101 at 7. *See Yearsley*, 309 U.S. at 20, 21; *Campbell Ewald Co. v. Gomez*, 136 S.Ct. 663, 673 (2016); *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 646 (4th Cir. 2018).

Applied here, as to the first *Yearsley* prong, a relevant inquiry for immunity to attach is whether the government must have authorized only a $1 per day wage rate for detainees participating in the Volunteer Worker Program (VWP) at the Northwest Detention Center (NWDC), or if, in addition, whether the government must have also authorized an exception to the requirement that GEO must abide by the "most stringent" of "applicable federal, state and local labor laws"; and if so, whether that authority was validly conferred. Also relevant is whether the government did, in fact, authorize the $1 per day wage rate.

Resolving these issues, at least at this stage, appears to be intertwined with the merits of the case. The record on these issues may not yet be fully developed. The Court should refrain from reaching their merits at present.

Because the Court should not reach the merits of the first Yearsley prong, the Court respectfully declines to reach the merits of the second *Yearsley* prong. On the issue of whether dismissal is warranted on grounds of derivative sovereign immunity under *Yearsley*, Defendant's motion should be denied without prejudice.

II.     **Other grounds for dismissal.**

ORDER ON DEFENDANT THE GEO GROUP, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT - 2

Defendant's motion also seeks dismissal on several other grounds. The motion seeks "fresh consideration of its current arguments regarding preemption . . . and the inapplicability of [the State of Washington Minimum Wage Act]," Dkt. 91 at 20, which were addressed in a prior order. Dkt. 28 ("Order on Motion to Dismiss Class Action Complaint for Damages"). A third issue raised is whether dismissal is warranted for the failure to join the Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE), an issue also addressed by a prior order. Dkt. 67 ("Order on Motion for Order of Dismissal Based on Plaintiff's Failure to Join Required Government Parties"). The Court has again reviewed all three grounds for dismissal in light of the record and procedural posture at present, and none is persuasive. Defendant's motion should be denied as to the other grounds for dismissal: preemption, failure to state a claim based on the inapplicability of the MWA, and failure to join required government parties.

* * *

THEREFORE, it is HEREBY ORDERED: Defendant The GEO Group, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 91) is DENIED WITHOUT PREJUDICE as to the *Yearsley* derivative sovereign immunity issue raised under Fed. R. Civ. P. 12(b)(1). The motion is OTHERWISE DENIED as to the other grounds raised for dismissal.

IT IS SO ORDERED.

Dated this 6th day of August, 2018.

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT THE GEO GROUP, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT - 3