GREENBERG TRAURIG LLP
Robert S. Freund (SBN 287566)
freundr@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700

Scott A. Schipma (*pro hac vice*)
schipmas@gtlaw.com
2101 L Street, N.W.
Washington, DC 20037
Telephone: (202) 331-3141

Attorneys for Defendant
THE GEO GROUP, INC.

(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>*Defendant.* | Civil Action No. 5:17-cv-02514<br><br>**DISCOVERY MATTER: STIPULATED PROTECTIVE ORDER FOR THE DEPOSITION OF DAVID VENTURELLA** |

1.   A.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the

LA 134057124v1

parties are negotiating a comprehensive stipulated protective order and, in the meantime, stipulate to and petition the Court to enter the following Stipulated Protective Order, which would apply solely to the deposition of David Venturella, and will be modified by any mutually agreed, comprehensive protective order that the parties may submit to the Court in the future. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1. B.  <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve private, and personally identifying information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, names, other personally identifying information, criminal record information, health information, and other sensitive private information pertaining to individuals that is otherwise generally unavailable to the public,

or which may be privileged or otherwise protected from disclosure under state or federal constitutions, statutes, court rules, case decisions, or common law.

2.    DEFINITIONS

2.1.    Action: this pending federal lawsuit.

2.2.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "CONFIDENTIAL" Information or Items: all non-public information that the Designating Party reasonably believes should be protected from public disclosure because such information (regardless of how it is generated, stored or maintained) or tangible things (i) is proprietary to the Designating Party, *e.g.*, a trade secret or other sensitive commercial or security information; (ii) implicates an individual's legitimate expectation of privacy, including but not limited to the protections of the Privacy Act, 5 U.S.C. § 552a (iii) qualifies for protection under Federal Rule of Civil Procedure 26(c), or (iv) is specified above in the Good Cause Statement.

The protections afforded by this Stipulated Protective Order shall be available, as otherwise explained herein, to all information, including, without limitation, documents and things, responsive to requests for production of documents and things under Fed. R. Civ. P. 34; information produced by other persons that the producing or Designating Party is under an obligation to maintain in confidence; responses to written interrogatories under Fed. R. Civ. P. 33; responses to requests for admission under Fed. R. Civ. P. 36 or other discovery

requests; testimony adduced at depositions upon oral examination or upon written questions pursuant to Fed. R. Civ. P. 30 and 31, or during hearings or at trial. Moreover, all records marked confidential by or from the U.S. Immigration and Custom's Enforcement (specifically containing third party personally identifiable information) or any records marked confidential by or from the GEO Group that contain personally identifiable information of detainees shall be considered federal records. The information contained therein and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, reveal, suggest or otherwise disclose such information shall also be deemed Confidential Information. Information originally designated as Confidential Information shall not retain that status after any ruling by the Court denying such status to it.

2.4. "DP Information" or "Data Protection Information": Any information that a Party reasonably believes to be subject to federal or state or data protection laws or other privacy obligations. DP Information constitutes highly sensitive materials requiring special protection. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Any Party that produces information in this litigation that contains data subject to Federal or State protection laws may designate those documents (whether paper or electronic) as DP Information. In doing so, such entity will identify the applicable law that would be violated by a failure to so

designate the DP Information, and explain why a failure to so designate would violate the law.  DP Information shall be treated as Highly Confidential Information.

2.5.    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8.    "HIGHLY CONFIDENTIAL" Information Or Items: Confidential Information that the Designating Party reasonably believes contains highly sensitive personal or security information, the disclosure of which could result in compromise of the safety or security of GEO facilities and/or harm or retaliation to individuals.  These include, but are not limited to, facility security and design plans and documents that refer to or contain information regarding specific GEO employees and detention officers such as detainee grievance forms.

2.9.    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

LA 134057124v1

2.10.  <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11.  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12.  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material.

(b)    If a Party initially produces documents for inspection (*e.g.*, because of the volume of materials and to reduce unnecessary copying), in lieu of marking the original of a document which contains Confidential Information or Highly Confidential Information prior to such an inspection, Counsel for the Producing Party may in writing designate documents or things being produced for inspection as containing Confidential Information or Highly Confidential Information, thereby making them subject to this Order.  Any copies of such documents thereafter provided, however, must be marked by the Designating Party, if appropriate, in accordance with this Order at the time copies are formally produced. Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container, a label or tag marked "Confidential - Subject to Confidentiality Order."  Likewise, tangible objects constituting or containing Highly Confidential Information may be designated Highly Confidential Information by affixing to the object or its container, a label or tag marked "Highly Confidential - Subject to Confidentiality Order."

(c)    For testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(d)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend

LA 134057124v1

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)    With respect to documents containing Protected Material produced in Native Format the designating party shall include the appropriate confidentiality designation in the filename.

(f)    With respect to all documents produced that contain Protected Material, the Designating Party will also include in the Load File the appropriate designation that includes the level of protection (*e.g.*, "Confidential Information," "Highly Confidential Information"

(g)    A Designating Party may designate, or counter designate with a higher designation, information or items produced in this litigation by another Party or non-party that contains or is derived from the Designating Party's own Protected Material. Designations or counter-designations are subject to the restrictions set forth in the Order. Each Party that designates or counter designates such information or items will be treated as the Designating Party for purposes of this Order.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.    Upon    timely correction of a designation, the Receiving Party must make reasonable efforts to assure that

the material is treated in accordance with the provisions of this Order. The Receiving Party or Parties shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Order. The Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated information, without prejudice.

Within ten (10) days of providing written notice that a document or documents was not designated Protected Material under this provision, the Designating Party must provide the Receiving Party with replacement copies of such documents containing the proper designation. Upon receipt of such replacement copies, the Receiving Party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information, responses, or testimony; except that the Receiving Party shall not be obligated to destroy any mis-designated material that has become part of the record of this litigation or of a deposition taken pursuant to this litigation.

No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. A

Challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

6.2     Manner of Challenges. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the Protected Material challenged and sets forth the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  A Receiving Party may not use Protected Material in any other legal proceeding, except as permitted by order of court, or as agreed by the parties. Such Protected Material may be disclosed only to the

*LA 134057124v1*

categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the Receiving Party itself, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) or independent consultants (and their staff) retained by attorneys for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in this Order) or independent consultants (and their staff) retained by attorneys for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff;

(e)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not

LA 134057124v1

be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party, provided that all parties to this litigation are included in the negotiation of such agreement and ultimately agree to the terms of such agreement.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

LA 134057124v1

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     Nothing contained herein shall be construed to restrict the ability of a Non-Party from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law or regulation.  These include, but are not limited to, information withheld pursuant to the Department of Homeland Security's ("DHS") *Touhy* regulations, 6 C.F.R. § 5.41 et. seq., which explicitly prohibit DHS employees, including Immigration and Customs Enforcement personnel, from producing "any document or any material acquired as part of the performance of that employee's duties or by virtue of that employee's official status" without authorization from DHS' Office of General Counsel.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Nothing in this section is intended to modify what the parties may stipulate to and submitted to the Court as a more detailed Fed. R. Evid. 502(d) order.

12. <u>SECURITY AND DATA BREACH</u>

(a) Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity.

(b) Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction. Such measures shall include

i.  Reasonably preventing unauthorized persons from gaining access to Protected Material (physical access control);

ii.  Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

iii.  Reasonably ensuring that persons entitled to use Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights (data access control);

iv.  Reasonably ensuring that Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data transfer control).

(c)    If the Receiving Party discovers a breach of security relating to the Protected Material of another Party, the Receiving Party shall: (1) provide written notice to Designating Party of such breach no later than twenty-four (24) hours of Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide Designating Party with assurance reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.  If required by any judicial or governmental request, requirement or order to disclose such information, the

LA 134057124v1

Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means.  The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

13.   MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   The parties agree that productions of DP Information may require additional safeguards pursuant to federal or state regulations or privacy obligations and will meet and confer to implement these safeguards if and when needed.

13.3   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.4   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material

at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.    FINAL DISPOSITION

14.1    Return or Destroy Protected Materials. Within 60 days after the Final Disposition of this Action, and upon a written request by the Designating Party, each Receiving Party must use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

14.2    Certification of Return or Destruction. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 10 days of receipt of the Designating Party's written request that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

14.3    Use of Archival or Backup Data. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Counsel also shall not be required to delete information that may reside on their respective parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. However, parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

15.    VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Respectfully submitted this 12th day of October, 2018.

**AHDOOT AND WOLFSON PC**

/s/Theodore Maya
Theodore Maya
Robert Ahdoot
Tina Wolfson
Vanessa Shakib
10728 Lindbrook Drive
Los Angeles , CA  90024
Telephone: 310-474-9111
Facsimile:: 310-474-8585
Email: tmaya@ahdootwolfson.com
        rahdoot@ahdootwolfson.com
        twolfson@ahdootwolfson.com
        vshakib@ahdootwolfson.com

**LAW OFFICES OF R ANDREW FREE**
R Andrew Free
2004 8th Avenue South
Nashville , TN  37209
Telephone: 844-321-3221
Facsimile:: 615-829-8959
Email:
andrew@immigrantcivilrights.com

**BURNS CHAREST LLP**
William B Thompson
Warren Burns
900 Jackson Street Suite 500
Dallas , TX  75202
Telephone:   469-904-4550
Facsimile:    469-444-5002
Email:wthompson@burnscharest.com
Email: wburns@burnscharest.com

**BURNS CHAREST LLP**
Korey A Nelson
Lydia A Wright
Charles J. Gower
365 Canal Street Suite 1170
New Orleans , LA  70130
Telephone: 504-799-2845
Facsimile:: 504-881-1765
Email:knelson@burnscharest.com
        lwright@burnscharest.com
        jgower@burnscharest.com

**GREENBERG TRAURIG LLP**

/s/ Robert Freund
Robert Freund
1840 Century Park East
Los Angeles, CA 90067-2121
(310)-586-7725
freundr@gtlaw.com

**GREENBERG TRAURIG LLP**
Scott A. Schipma (*pro hac vice*)
2101 L Street, N.W.
Washington, DC 20037
(202)-331-3141
schipmas@gtlaw.com

**NORTON ROSE FULBRIGHT US LLP**
Lesley Holmes (Bar No. 271903)
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:   (213) 892-9200
Facsimile:    (213) 892-9494
lesley.swanson.holmes@nortonroseful
bright.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon (*pro hac vice*)
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.co
m

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery (*pro hac vice*)
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.**

*LA 134057124v1*

**AL OTRO LADO**
Nicole Ramos
511 E. San Ysidro Blvd., #33
San Ysidro, CA 92173
Telephone: 619-786-4866
Email: Nicole @alotrolado.org

**ATTORNEYS FOR PLAINTIFF
RAUL NOVOA**

I, Robert S. Freund, certify pursuant to C.D. Cal. Local Rule 5-4.3.4(a)(2)(i) that the content of this Stipulated Protective Order for the Deposition of David Venturella is acceptable to all parties signing this stipulation and that all parties have authorized the filing.

Dated:  October 12, 2018          GREENBERG TRAURIG, LLP


                                    By:    */s/ Robert S. Freund*
                                           Attorneys for Defendant The Geo Group, Inc.



Dated: October __, 2018           **SO ORDERED.**



                                    Hon. Shashi H. Kewalramani
                                    United States Magistrate Judge

*LA 134057124v1*

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California

on _____[date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print   or   type   full   name]   of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

*LA 134057124v1*