GREENBERG TRAURIG LLP
Robert S. Freund (SBN 287566)
freundr@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700

Scott A. Schipma (*pro hac vice*)
schipmas@gtlaw.com
2101 L Street, N.W.
Washington, DC 20037
Telephone: (202) 331-3141

Attorneys for Defendant
THE GEO GROUP, INC.

(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Civil No.: 5:17-cv-02514-JGB (SHKx)<br><br>Hon. Jesus G. Bernal<br>Hon. Shashi H. Kewalramani<br><br>**DISCOVERY MATTER: [PROPOSED] STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION** |

The parties, by and through their respective counsel, have jointly stipulated to the terms of this Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same,

**IT IS HEREBY ORDERED**:

## APPLICABILITY

1. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other paper or electronically stored information ("ESI") or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

## SCOPE

2. This Stipulated Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.  Notwithstanding anything herein, the receiving party maintains all rights to challenge the privilege designation of clawed back documents.

3. By entering this Stipulated Order, a party is not giving up its right to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Stipulated Order cannot be used to compel a party to produce documents without review.

## DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

4. The production of any privileged or otherwise protected or exempted Information, or the failure to object to the use of such Information, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the work product doctrine, or by another legal privilege protecting Information from discovery, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of same.

5. The production of privileged or otherwise protected or exempted Information, or the failure to object to the use of such Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding pursuant to Federal Rule of Evidence 502(d).

6. The producing party must notify the receiving party within a reasonable time, in writing, upon discovery that a privileged or otherwise protected document has been produced, specifically identifying the protected document(s) by Bates number. Upon receiving written notice from the producing party that privileged and/or work-product protected material has been produced (the "Identified Materials"), all such information, and all copies thereof, shall be returned to the producing party or destroyed or deleted within ten (10) business days of receipt of such notice and any analyses, memoranda, or notes that were internally generated based upon such inadvertently produced Identified Material shall be sequestered. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Identified Materials in electronic format in databases or other locations used to store the documents. The receiving

- 3 -
*WDC 373822866v1*

party may make no use of the Identified Materials during any aspect of this matter or any other matter unless the documents are later designated by a court of competent jurisdiction or the designating party as not privileged or protected.

7. If any receiving party has reason to believe that it is in receipt of a document from a producing party that is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of the Identified Materials so that the producing party may make a determination of whether it wishes to have the Identified Materials returned or destroyed pursuant to this Stipulation and Order.

8. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

9. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents before the notice was made.

10. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

11. The producing party retains the burden, upon the receiving party's challenge, of establishing the privileged or protected nature of the inadvertently produced material.

12. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court of competent jurisdiction later designates the Identified Materials as not privileged or protected.

13. The producing party will provide the receiving party with a privilege log covering each of the Identified Materials, which meets all requirements for privilege logs otherwise agreed to by the parties, and notes that such Identified Materials were clawed back under the terms of this Order.

### WITH RESPECT TO DOCUMENTS NOT REVIEWED FOR PRIVILEGE FOR BURDEN MINIMIZATION OR EFFICIENCY

14. The producing party will notify the receiving party of this type of production prior to making such production five (5) business days prior to production. The Parties will negotiate separate parameters for such productions and related protections.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted this 8th day of November, 2018.

///

///

///

*WDC 373822866v1*

| | |
|---|---|
| **AHDOOT AND WOLFSON PC**<br><br>_/s/ Theodore Maya_<br>Theodore Maya<br>Robert Ahdoot<br>Tina Wolfson<br>10728 Lindbrook Drive<br>Los Angeles , CA 90024<br>Telephone: 310-474-9111<br>Facsimile:: 310-474-8585<br>Email:rahdoot@ahdootwolfson.com<br>　　　twolfson@ahdootwolfson.com<br>　　　tmaya@ahdootwolfson.com<br><br>**LAW OFFICES OF R ANDREW FREE**<br>R Andrew Free<br>2004 8th Avenue South<br>Nashville , TN 37209<br>Telephone: 844-321-3221<br>Facsimile: 615-829-8959<br>Email: andrew@immigrantcivilrights.com<br><br>**BURNS CHAREST LLP**<br>William B Thompson<br>Warren Burns<br>900 Jackson Street Suite 500<br>Dallas , TX 75202<br>Telephone: 469-904-4550<br>Facsimile: 469-444-5002<br>Email:wthompson@burnscharest.com<br>Email: wburns@burnscharest.com<br><br>**BURNS CHAREST LLP**<br>Korey A Nelson<br>Lydia A Wright<br>Charles J. Gower<br>365 Canal Street Suite 1170<br>New Orleans , LA 70130<br>Telephone: 504-799-2845<br>Facsimile:: 504-881-1765<br>Email:knelson@burnscharest.com<br>　　　lwright@burnscharest.com<br>　　　jgower@burnscharest.com | **GREENBERG TRAURIG LLP**<br><br>_/s/ Robert S. Freund_<br>Robert S. Freund<br>1840 Century Park East<br>Suite 1900<br>Los Angeles, CA 90067<br>(310) 586-7700<br>freundr@gtlaw.com<br><br>**GREENBERG TRAURIG LLP**<br>Scott A. Schipma (_pro hac vice_)<br>2101 L Street, N.W.<br>Washington, DC 20037<br>(202)-331-3141<br>schipmas@gtlaw.com<br><br>**NORTON ROSE FULBRIGHT US LLP**<br><br>Andrea L. D'Ambra (_pro hac vice_)<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 318-3000<br>Facsimile: (212) 318-3400<br>andrea.dambra@nortonrosefulbright.com<br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Lesley Holmes (Bar No. 271903)<br>555 South Flower Street<br>Forty-First Floor<br>Los Angeles, California 90071<br>Telephone:　(213) 892-9200<br>Facsimile:　(213) 892-9494<br>lesley.swanson.holmes@nortonrosefulbright.com<br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Charles A. Deacon (_pro hac vice_)<br>300 Convent St.<br>San Antonio, Texas 78205<br>Telephone: (210) 270-7133<br>Facsimile: (210) 270-7205<br>charlie.deacon@nortonrosefulbright.com |

_WDC 373822866v1_

| | |
|---|---|
| **AL OTRO LADO**<br>Nicole Ramos<br>511 E. San Ysidro Blvd., #33<br>San Ysidro, CA 92173<br>Telephone: 619-786-4866<br>Email: Nicole @alotrolado.org<br><br>**ATTORNEYS FOR PLAINTIFF RAUL NOVOA** | **NORTON ROSE FULBRIGHT US LLP**<br>Mark Emery (*pro hac vice*)<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001-4501<br>Telephone: (202) 662-0210<br>Facsimile: (202) 662-4643<br>mark.emery@nortonrosefulbright.com<br><br>**ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.** |

I, Robert S. Freund, certify pursuant to C.D. Cal. Local Rule 5-4.3.4(a)(2)(i) that the content of this Stipulated Order Regarding the Disclosure of Privileged Information is acceptable to all parties signing this stipulation and that all parties have authorized the filing.

Dated: November 8, 2018        GREENBERG TRAURIG, LLP

By:  */s/ Robert S. Freund*

Attorneys for Defendant The Geo Group, Inc.

Dated: November __ , 2018        **SO ORDERED.**

Hon. Shashi H. Kewalramani
United States Magistrate Judge