Robert J. Herrington (BAR NO. 234417)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
herringtonr@gtlaw.com

Scott A. Schipma (Admitted, *Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
2101 L Street NW, Suite 1000
Washington, DC 20037
Telephone: 202.331.3100
Facsimile: 202.331.3101
schipmas@gtlaw.com

ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL NOVOA and JAIME CAMPOS FUENTES, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>    *Defendant*. | CASE NO.  5:17-cv-02514-JGB-SHKx<br><br>**DEFENDANT GEO ANSWER AND COUNTERCLAIM TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>JUDGE:  Hon. Jesus G. Bernal |
| THE GEO GROUP, INC.,<br><br>    *Counter-Claimant*,<br><br>v.<br><br>RAUL NOVOA and JAIME CAMPOS FUENTES, individually and on behalf of all others similarly situated,<br><br>    *Counter-Defendant*. | **DEMAND FOR JURY TRIAL**<br><br>Amended Complaint Filed: 12/24/18 |

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

WDC 373835120v2

Defendant The GEO Group, Inc. ("GEO") answers the Second Amended Complaint for Declaratory and Injunctive Relief and Damages ("SAC"; Dkt. #108) of Plaintiffs Raul Novoa and Jaime Campos Fuentes, individually and on behalf of all others similarly situated ("Plaintiffs"), and states its affirmative defenses, as follows:

### PRELIMINARY STATEMENT

1.      Paragraph 1 of the SAC states Plaintiffs' characterization and understanding of the nature of the action rather than alleging any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations set forth in Paragraph 1 of the Complaint.

2.      GEO admits that it owns and operates the Adelanto Facility, an immigration processing and detention center, for profit.  GEO denies the remaining allegations set forth in Paragraph 2 of the SAC.

3.      GEO admits it owns and operates correctional, detention and community reentry facilities in the United States and abroad for profit.  GEO denies the remaining allegations set forth in Paragraph 3 of the SAC.

4.      GEO denies the allegations set forth in Paragraph 4 of the SAC.

5.      GEO admits that immigration detainees who choose to participate in the federally-mandated Voluntary Work Program may receive a $1 allowance for each day of participation regardless of tasks performed, work accomplished, or duration of participation.  GEO denies the remaining allegations set forth in Paragraph 5 of the SAC.

6.      Paragraph 6 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 6 of the SAC. Voluntary Work Program participants choose to perform self-care tasks like meal preparation, basic housekeeping chores, and grooming to eliminate idle time while in

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

detention.  The Voluntary Work Program is administered in the secured environment of the detention facility, pursuant to federal detention standards.

7.      Paragraph 7 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 7 of the SAC.  Civil immigration detainees who participate in the Voluntary Work program are not employed by GEO, and Plaintiffs have no basis for claiming minimum wage payments, individually or on behalf of a class.

8.      Paragraph 8 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 8 of the SAC.  California's Minimum Wage Law ("MWL") does not establish an employment relationship between detainees and GEO.  Federal immigration detainees have no right to claim competitive wages while detained at government expense.  GEO specifically denies any violation of California's Unfair Competition Law or the federal and state Trafficking Victims Protection Act.

9.      GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 9 of the SAC and accordingly denies the truth of the allegations.

**JURISDICTION AND VENUE**

10.      GEO denies that the Court has subject matter jurisdiction over this suit.

11.      Plaintiffs allege that the Court has jurisdiction over this case based on their allegations and GEO's citizenship.  GEO has no basis to affirm or deny the factual averments regarding jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d),

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

WDC 373835120v2

3

and therefore denies them.  GEO further denies that the Court has subject matter jurisdiction over this suit.

12.    GEO admits that to the extent the Court has jurisdiction, venue is proper in this District.  GEO denies the remaining allegations set forth in Paragraph 12 of the SAC.

13.    GEO admits that it conducts business in Adelanto, San Bernardino County, California.  GEO denies the remaining allegations set forth in Paragraph 13 of the SAC.

14.    Paragraph 14 of the SAC refers to Plaintiffs' request for the Court to exercise supplemental jurisdiction over their state law claims.  GEO is without knowledge or information sufficient to form a belief as to Plaintiffs' requests.  GEO denies that the Court has supplemental jurisdiction over this suit.

## PARTIES

15.    GEO admits that ICE detained Plaintiff Raul Novoa at the Adelanto Facility for a period of time and that he received $1 per day as an allowance for participating in the Voluntary Work Program.  GEO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth as Paragraph 15 of the SAC and accordingly denies the truth of the allegations.

16.    GEO admits that ICE detained Plaintiff Jaime Campos Fuentes at the Adelanto Facility for a period of time and that he received $1 per day as an allowance for participating in the Voluntary Work Program.  GEO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth as Paragraph 15 of the SAC and accordingly denies the truth of the allegations.

17.    GEO admits it is a for-profit Florida corporation providing correctional, detention, and community reentry services.  GEO's principal office is located at 621 NW 53rd Street, Suite 700, Boca Raton, Florida, 33487.

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

*WDC 373835120v2*

**FACTUAL ALLEGATIONS**

**A.**     **Immigration detention is civil – not criminal.**

18.     Paragraph 18 of the SAC states Plaintiffs' understanding of the nature of the action rather than alleging any facts for GEO to admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 18 of the SAC.

19.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 19 of the SAC and accordingly denies the truth of the allegations.

20.     Paragraph 20 of the SAC states Plaintiffs' understanding of the nature of the action rather than alleging any facts for GEO to admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 20 of the SAC.

21.     Paragraph 21 of the SAC states Plaintiffs' understanding of the nature of the action rather than alleging any facts for GEO to admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 21 of the SAC.

22.     Paragraph 22 of the SAC states Plaintiffs' understanding of the nature of the action rather than alleging any facts for GEO admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 22 of the SAC.

**B.**     **The  privatization  of  immigration  detention  and  GEO's  economical  windfall.**

23.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 23 of the SAC and accordingly denies the truth of the allegations.

24.     GEO admits that it engages in lobbying efforts.  GEO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

*WDC 373835120v2*

other private prison corporations set forth as Paragraph 24 of the SAC.  GEO denies the truth of the remaining allegations set forth in Paragraph 24 of the SAC.

25.     Paragraph 25 of the SAC states Plaintiffs' understanding of the nature of the action rather than alleging any facts for GEO admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 25 of the SAC.

26.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 26 of the SAC and accordingly denies the truth of the allegations.

27.     GEO admits it is a publicly traded corporation that is listed on the New York Stock Exchange.  GEO denies the remaining allegations set forth as Paragraph 27 of the SAC.

28.     Paragraph 28 of the SAC states Plaintiffs' understanding of the nature of the action rather than alleging any facts for GEO admit or deny.  To the extent any facts are alleged, GEO denies the allegations in Paragraph 28 of the SAC.

**C.**     **GEO withholds necessary care from detainees at the Adelanto Facility.**

29.     GEO denies it contracts with ICE to operate the Adelanto Facility.  ICE contracts with the City of Adelanto for operation of the Adelanto Facility to enable ICE to meet its immigration processing needs, with GEO serving as the City's subcontractor.  The Adelanto Facility has capacity for approximately 1,940 detainees.  All other facts not expressly admitted in Paragraph 29 are denied.

30.     GEO denies the allegations set forth in Paragraph 30 of the SAC.

31.     GEO denies the allegations set forth in Paragraph 31 of the SAC.

32.     GEO denies the allegations set forth in Paragraph 32 of the SAC.

33.     GEO denies the allegations set forth in Paragraph 33 of the SAC.

34.     GEO denies the allegations set forth in Paragraph 34 of the SAC.

35.     GEO denies the allegations set forth in Paragraph 35 of the SAC.

36.     GEO denies the allegations set forth in Paragraph 36 of the SAC.

37.     GEO denies the allegations set forth in Paragraph 37 of the SAC.

38.     GEO denies the allegations set forth in Paragraph 38 of the SAC.

**D.**     **GEO uses detainees to clean, maintain, and operate the Adelanto Facility.**

39.     GEO admits that detainees who choose to participate in the federally-mandated Voluntary Work Program may receive a $1 allowance for each day of participation regardless of tasks performed, work accomplished, or duration of participation.  GEO denies the remaining allegations set forth in Paragraph 39 of the SAC.

40.     Paragraph 40 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 40 of the SAC.  Voluntary Work Program participants choose to perform self-care tasks like meal preparation, basic housekeeping chores, and grooming to eliminate idle time while in detention.  The Voluntary Work Program is administered in the secured environment of the detention facility, pursuant to federal detention standards.

41.     Paragraph 41 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 41 of the SAC.  Civil immigration detainees who participate in the Voluntary Work Program are not employed by GEO, and they have no basis to claim minimum wage payments, individually or as a class.

42.     Paragraph 42 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 42 of the SAC.

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

43.    GEO admits that it provides detainees with personal protection equipment as appropriate for self-care tasks.  GEO denies the remaining allegations set forth as Paragraph 43 of the SAC.

44.    GEO admits that the $1 daily allowance is credited to participating detainees' trust accounts.  GEO denies the remaining allegations set forth as Paragraph 44 of the SAC.

45.    GEO denies the allegations set forth in Paragraph 45 of the SAC.

46.    GEO admits that Voluntary Work Program participants may choose to perform self-care tasks like meal preparation, basic housekeeping chores, and grooming to eliminate idle time while in detention.  GEO denies the remaining allegations set forth in Paragraph 46 of the SAC.

47.    GEO admits that Voluntary Work Program participants may choose to perform self-care tasks like meal preparation, basic housekeeping chores, and grooming to eliminate idle time while in detention.  GEO denies the remaining allegations set forth in Paragraph 47 of the SAC.

48.    Paragraph 48 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 48 of the SAC.

49.    Paragraph 49 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 49 of the SAC.  California's MWL does not establish an employment relationship between detainees and GEO.  Competitive employment opportunities covered by the MWL serve no purpose in this environment and conflict with federal immigration and detention policies.  Federal immigration detainees similarly have no right to claim competitive wages while detained at government expense.

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

50.     GEO denies the allegations set forth in Paragraph 50 of the SAC.  The ICE contract may require compliance with applicable federal, state and local laws, but GEO expressly denies the applicability of California's laws to GEO as stated by Plaintiffs and the putative class.

51.     Paragraph 51 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 51 of the SAC.

52.     GEO denies the allegations set forth in Paragraph 52 of the SAC.

**E.      Plaintiff Novoa's employment at the Adelanto Facility.**

53.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 53 of the SAC and accordingly denies the truth of the allegations.

54.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the SAC and accordingly denies the truth of the allegations.

55.     GEO admits Plaintiff Novoa was detained at the Adelanto Facility for a period of time.  GEO denies the remaining allegations set forth in Paragraph 55 of the SAC.

56.     GEO admits that Plaintiff Novoa received $1 per day as an allowance for participating in the Voluntary Work Program, as provided by Congress.  Plaintiff Novoa did not "work for GEO" and Plaintiff Novoa and other federal immigration detainees have no right to claim competitive wages while detained at government expense.  GEO denies the remaining allegations set forth as Paragraph 56 of the SAC.

57.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the SAC and accordingly denies the truth of the allegations.

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

58.    GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the SAC and accordingly denies the truth of the allegations.

59.    GEO admits that Plaintiff Novoa received $1 per day as an allowance for participating in the Voluntary Work Program, as provided by Congress.  GEO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 59 of the SAC and accordingly denies the truth of the allegations.

60.    GEO denies the allegations set forth in Paragraph 60 of the SAC.

61.    GEO denies the allegations set forth in Paragraph 61 of the SAC.

62.    GEO denies the allegations set forth in Paragraph 62 of the SAC.

63.    GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 63 of the SAC and accordingly denies the truth of the allegations.

64.    GEO denies the allegations set forth in Paragraph 64 of the SAC.

65.    GEO denies the allegations set forth in Paragraph 65 of the SAC.

66.    GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 66 of the SAC and accordingly denies the truth of the allegations.

67.    GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 67 of the SAC and accordingly denies the truth of the allegations.

68.    GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 68 of the SAC and accordingly denies the truth of the allegations.

69.    GEO denies the allegations set forth in Paragraph 69 of the SAC.

70.    GEO denies the allegations set forth in Paragraph 70 of the SAC.

71.    GEO denies the allegations set forth in Paragraph 71 of the SAC.

72.    GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 72 of the SAC and accordingly denies the truth of the allegations.

73.    GEO denies the allegations set forth in Paragraph 73 of the SAC.

74.    GEO denies the allegations set forth in Paragraph 74 of the SAC.

75.    Paragraph 75 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 75 of the SAC.

**F.    <u>Plaintiff Campos Fuentes's employment at the Adelanto Facility</u>**

76.    GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 76 of the SAC and accordingly denies the truth of the allegations.

77.    GEO admits Plaintiff Campos Fuentes was detained at the Adelanto Facility for a period of time.  GEO denies the remaining allegations set forth in Paragraph 77 of the SAC.

78.    GEO admits that Plaintiff Campos Fuentes received $1 per day as an allowance for participating in the Voluntary Work Program, as provided by Congress.  Plaintiff Campos Fuentes did not "work for GEO" and Plaintiff Campos Fuentes and other federal immigration detainees have no right to claim competitive wages while detained at government expense.  GEO denies the remaining allegations set forth as Paragraph 78 of the SAC.

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

WDC 373835120v2

79.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the SAC and accordingly denies the truth of the allegations.

80.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the SAC and accordingly denies the truth of the allegations.

81.     GEO admits that Plaintiff Campos Fuentes received $1 per day as an allowance for participating in the Voluntary Work Program, as provided by Congress.  GEO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 81 of the SAC and accordingly denies the truth of the allegations.

82.     GEO denies the allegations set forth in Paragraph 82 of the SAC.

83.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 83 of the SAC and accordingly denies the truth of the allegations.

84.     GEO denies the allegations set forth in Paragraph 84 of the SAC.

85.     GEO denies the allegations set forth in Paragraph 85 of the SAC.

86.     GEO denies the allegations set forth in Paragraph 86 of the SAC

87.     GEO denies the allegations set forth in Paragraph 65 of the SAC.

88.     GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 88 of the SAC and accordingly denies the truth of the allegations.

89.     GEO denies the allegations set forth in Paragraph 89 of the SAC.

90.     GEO denies the allegations set forth in Paragraph 90 of the SAC.

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

WDC 373835120v2

91.     Paragraph 91 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny.  To the extent this paragraph alleges any facts, GEO denies the allegations in Paragraph 91 of the SAC.

## CLASS ACTION ALLEGATIONS

92.     Paragraph 92 of the Complaint contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 92 of the SAC.

**A.     Class Definition**

93.     Paragraph 93 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 93 of the SAC.

94.     Paragraph 94 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 94 of the SAC.

**B.     Class Certification Requirements under Rule 23**

95.     **Numerosity:  Rule 23(a)(1).**  Paragraph 95 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 95 of the SAC.

96.     **Commonality and Predominance:  Rules 23(a)(2) and 23(b)(3).**  Paragraph 96 of the SAC contains Plaintiffs' characterization of the nature of the action rather than

averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 96 of the SAC.

97.   **Typicality:  Rule 23(a)(3).**  Paragraph 97 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  GEO specifically denies that Plaintiffs or any purported class member were "employed by GEO at the Adelanto Facility."  To the extent any additional facts are alleged or a response is necessary, GEO denies the remaining allegations set forth in Paragraph 80 of the SAC.

98.   **Adequacy:  Rule 23(a4).**  GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the SAC and accordingly denies the truth of the allegations.

99.   **Superiority:  Rules 23(b)(3).**  Paragraph 82 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 99 of the SAC.

## CAUSES OF ACTION

### COUNT I
## CALIFORNIA MINIMUM WAGE LAW
### Cal. Labor Code §§ 1194, 1197, 1197.1

100.   GEO incorporates by reference its responses to the allegations in Paragraph 1 through 1000 as if set forth fully herein.

101.   GEO admits the allegations set forth in Paragraph 101 of the SAC.

102.   Paragraph 85 of the SAC calls for a legal conclusion to which no response is necessary.  To the extent a response is necessary, GEO is without knowledge or information

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' SECOND AMENDED COMPLAINT

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the SAC and accordingly denies the truth of the allegations.

103.   GEO denies the allegations set forth in Paragraph 103 of the SAC, including, specifically, the allegation that detainees at the Adelanto Facility have "wage protections."

104.   GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 104 of the SAC and accordingly denies the truth of the allegations.

105.   GEO denies the allegations set forth in Paragraph 105 of the SAC.

106.   GEO denies the allegations set forth in Paragraph 106 of the SAC.

107.   Paragraph 107 of the SAC contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary.  To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 107 of the SAC.

108.   GEO admits detainees who participate in the Voluntary Work Program receive a $1 allowance per day pursuant to federal law.  GEO denies the remaining allegations set forth in Paragraph 108 of the SAC.

109.   GEO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth as Paragraph 109 of the SAC and accordingly denies the truth of the allegations.

## COUNT II
## UNJUST ENRICHMENT
### California Common Law

110.   GEO incorporates by reference its responses to the allegations in Paragraph 1 through 110 as if set forth fully herein.

111.   GEO denies the allegations set forth in Paragraph 111 of the SAC.

112.   GEO denies the allegations set forth in Paragraph 112 of the SAC.

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' SECOND AMENDED COMPLAINT

113.   GEO denies the allegations set forth in Paragraph 113 of the SAC.

114.   GEO denies the allegations set forth in Paragraph 114 of the SAC.

115.   GEO denies the allegations set forth in Paragraph 115 of the SAC.

## COUNT III
## CALIFORNIA UNFAIR COMPETITION LAW
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

116.   GEO incorporates by reference its responses to the allegations in Paragraph 1 through 116 as if set forth fully herein.

117.   Paragraph 117 of the SAC calls for a legal conclusion to which no response is required.  To the extent a response is required, GEO denies the allegations set forth in Paragraph 117 of the SAC.

118.   GEO denies the allegations set forth as Paragraph 118 of the SAC.

119.   GEO denies the allegations set forth as Paragraph 119 of the SAC.

120.   GEO denies the allegations set forth as Paragraph 120 of the SAC.

## COUNT IV
## CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### Cal. Civ. Code §52.5

121.   GEO incorporates by reference its responses to the allegations in Paragraph 1 through 121 as if set forth fully herein.

122.   Paragraph 122 of the SAC calls for a legal conclusion to which no response is required.  To the extent a response is required, GEO denies the allegations set forth in Paragraph 122 of the SAC.

123.   Paragraph 123 of the SAC calls for a legal conclusion to which no response is required.  To the extent a response is required, GEO denies the allegations set forth in Paragraph 123 of the SAC.

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' SECOND AMENDED COMPLAINT

WDC 373835120v2

124.   Paragraph 107 of the SAC calls for a legal conclusion to which no response is required.   To the extent a response is required, GEO denies the allegations set forth in Paragraph 124 of the SAC.

125.   GEO denies the allegations set forth as Paragraph 125 of the SAC.

126.   GEO denies the allegations set forth as Paragraph 126 of the SAC.

127.   GEO denies the allegations set forth as Paragraph 127 of the SAC.

**COUNT V**
**ATTEMPTED FORCED LABOR**
**18 U.S.C. §§ 1589(a) & 1594(a)**

128.   GEO incorporates by reference its responses to the allegations in Paragraph 1 through 128 as if set forth fully herein.

129.   GEO denies the allegations set forth in Paragraph 129 of the SAC.

130.   GEO denies the allegations set forth in Paragraph 130 of the SAC.

131.   GEO denies the allegations set forth in Paragraph 131 of the SAC.

132.   GEO denies the allegations set forth in Paragraph 132 of the SAC.

133.   GEO denies the allegations set forth in Paragraph 133 of the SAC.

134.   GEO denies the allegations set forth in Paragraph 134 of the SAC.

135.   GEO denies the allegations set forth in Paragraph 135 of the SAC.

136.   GEO denies the allegations set forth in Paragraph 136 of the SAC.

137.   GEO denies the allegations set forth in Paragraph 137 of the SAC.

**PRAYER FOR RELIEF**

In answering the Prayer for Relief, GEO denies that Plaintiffs and the Class Members are entitled to any of the relief they seek.   GEO denies that this matter is suitable for class certification.   GEO affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

WDC 373835120v2

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Each purported cause of action of Plaintiffs' SAC fails to allege facts sufficient to constitute a cause of action against GEO.

## SECOND AFFIRMATIVE DEFENSE

GEO has immunity from this lawsuit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs seek relief barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is pre-empted by federal law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join parties that should be joined under Federal Rule of Civil Procedure 19.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, if any, were caused by the acts of a third party who has not been named a party to this action and over whom GEO had no control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' requested relief violates the law, and is otherwise impossible to attain in conformance with the law.  Neither Plaintiffs nor putative class members have a legal right to work at minimum wage rates because none has sought approval from the U.S. Attorney General for employment with GEO, and none are qualified to work for GEO under ICE's contract terms and federal law.  Plaintiffs' participation in the Voluntary Work Program was voluntary.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to brings the claims asserted in the SAC.

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

WDC 373835120v2

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is not ripe.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is not justiciable.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have unreasonably delayed their request for relief, to GEO's prejudice, such that their claims are barred by the defense of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from seeking equitable relief to the extent an adequate remedy exists at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

The federal Trafficking Victims Protection Act is unconstitutionally vague and/or overbroad as applied to GEO's administration of the VWP.

## FIFTEENTH AFFIRMATIVE DEFENSE

The California Trafficking Victims Protection Act is unconstitutionally vague and/or overbroad as applied to GEO's administration of the VWP.

## SIXTEENTH AFFIRMATIVE DEFENSE

California's Minimum Wage Law, and IWC Wage Order are unconstitutionally vague and/or overbroad as applied to GEO's administration of the VWP.

## SEVENTEENTH AFFIRMATIVE DEFENSE

GEO reserves the right to amend its Answer to Plaintiffs' SAC to assert additional defenses, withdraw defenses, and/or add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred, up through and including trial in this

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' SECOND AMENDED COMPLAINT

matter.

## PRAYER

WHEREFORE, GEO respectfully requests:

1.      That Plaintiffs take nothing by the SAC;

2.      A dismissal of the SAC with prejudice and an award of GEO's reasonable attorneys' fees to the extent permitted by law;

3.      Judgment in favor of GEO and against Plaintiffs;

4.      Costs of suit herein; and

5.      Such other and further relief, legal and equitable, that the Court may deem proper.

## CONDITIONAL AMENDED COUNTERCLAIM

Counter-Claimant The GEO Group, Inc. ("GEO"), through counsel, brings the following conditional counterclaims against Counter-Defendants Raul Novoa and Jaime Campos Fuentes ("Counter-Defendants"), and against any putative class or classes certified by the Court.

### JURISDICTION AND VENUE

1.      To the extent this Court holds that it has subject matter jurisdiction despite GEO's immunity, the Court will have jurisdiction over the parties and subject matter over this counterclaim.  GEO asserts its counterclaim only in the event that the Court has determined it has subject matter jurisdiction.  GEO does not waive and expressly reserves its objection to subject matter jurisdiction with respect to Plaintiffs'/Counter-Defendants' claims.

To the extent GEO is subject to jurisdiction in this Court, jurisdiction over GEO's counterclaim is grounded in diversity pursuant to 28 § U.S.C. 1332.  GEO is a Florida corporation with its principal place of business in Florida.  Raul Novoa is a citizen of

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

WDC 373835120v2

20

Mexico, who alleges he is a resident of California.  Jaime Campos Fuentes is a citizen of El Salvador, who alleges he is a resident of California.  The amount in controversy on the counterclaims exceeds $75,000.00.

2.     Alternatively, this Court has supplemental jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367(a), as these counterclaims form part of the same case or controversy as the claims asserted by Plaintiffs/Counter-Defendants under Article III of the United States Constitution.

3.     Venue is proper in this Court, as the events giving rise to these counterclaims occurred in this district.

## PARTIES

4.     GEO is a Florida corporation with its principal place of business in Florida.  GEO is a service provider that operates the Adelanto Facility for the housing of federal immigration detainees in the custody of the federal government, under terms set out in the contracts between the City of Adelanto and ICE, and the City of Adelanto and GEO, and applicable regulations and detention facility standards, and the laws of the United States.

5.     Raul Novoa is a citizen of Mexico, who alleges he is a resident of California.  Counter-Defendant Novoa was an ICE detainee at the Adelanto Facility at various times from 2012 to 2015. Jaime Campos Fuentes is a citizen of El Salvador, who alleges he is a resident of California.  Counter-Defendant Campos Fuentes was an ICE detainee at the Adelanto Facility from 2016 to 2018.

6.     While detained at the Adelanto Facility, Counter-Defendants did not have authorization from the U.S. Attorney General to be employed in the United States under federal law.

7.     Because Counter-Defendants were in the custody of the federal government while at the Adelanto Facility and participated in the Voluntary Work Program, California's

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

WDC 373835120v2

Minimum Wage Law ("MWL") does not apply to them.

## FIRST CAUSE OF ACTION

## Declaratory Relief—28 U.S.C. § 2201(a)

25.    GEO incorporates the allegations in Paragraphs 1-24, above, by reference as if fully stated herein.

26.    At all times relevant to these proceedings, GEO administered a Voluntary Work Program at the Adelanto Facility as required by the ICE contract.  That Voluntary Work Program was, and is, subject to federal detention standards.

27.    The Voluntary Work Program at the Adelanto Facility is critical to the safe and secure operations of the facility.  Specifically, the Voluntary Work Program reduces idle time for detainees and promotes institutional efficiency, just as similar programs do in California's own facilities.

28.    Pursuant to an express authorization from Congress that ICE may authorize allowances to immigration detainees for work performed while detained, ICE authorized an allowance of $1.00 per day for each Voluntary Work Program participant.

29.    ICE also prohibits GEO from employing any detainees.  ICE must clear any GEO employee working at the Adelanto Facility via a background check performed by ICE. ICE also requires GEO to immediately suspend any employee found to have a history of arrests.

30.    Counter-Defendants and the putative class members were participants in the Voluntary Work Program at the Adelanto Facility.  They were not authorized by ICE to work for GEO or anyone else in the United States, and did not complete the requirements for employment specified in the City's detention services agreement with ICE.  Counter-Defendant Novoa himself was ineligible for work because he was detained by ICE based on his criminal record in the United States, which includes possession of controlled

substances, possession of a firearm by a felon, giving a false ID to a peace officer, and domestic violence.  Counter-Defendants have not alleged that they, or any other Adelanto detainee, was granted work authorization by the Attorney General.

31.    Counter-Defendants initiated this lawsuit, claiming California's labor laws apply to them and the putative class members, when they do not.  Because Counter-Defendants were in the custody of the federal government while at the Adelanto Facility and participating in the Voluntary Work Program, California's MWL does not apply to them.  This matter presents an actual controversy that can be finally resolved by the Court.

32.    GEO has already incurred attorneys' fees and other costs defending against Plaintiff/Counter-Defendants' claims, and will continue to do so.

33.    ICE detainees at the Adelanto Facility, including Counter-Defendants and the putative class members, are federal immigration detainees housed at the Adelanto Facility pursuant to the City's detention services agreement with ICE.  They are not employed by GEO, and are not employees of GEO.  The work performed by these detainees is performed for reasons other than compensation in order to provide for necessary food and shelter, as detainees participating in the Voluntary Work Program do not participate in commerce and do not depend on the wages they earn for basic necessities such as, for example, housing, food, clothing, and recreation, while detained.

34.    GEO therefore seeks a declaration that:  (1) no employment relationship exists between GEO and detainees who participate in the Voluntary Work Program, including but not limited to Counter-Defendants and the putative class members; (2) such detainees, including but not limited to Counter-Defendants and the putative class members, are not employees of GEO, and GEO is not their employer; (3) as a result, California's labor laws and wage orders do not apply to such detainees, including but not limited to Counter-Defendants and the putative class members; and (4) Counter-Defendants and putative class

members are not entitled to disgorgement or other equitable relief for allegedly unpaid wages or allegedly inequitable revenues or profits; (5) GEO has not violated the TVPA; (6) GEO has not violated the California TVPA.

WHEREFORE, GEO prays for the following relief:

1.      An order enjoining Counter-Defendants and the putative class members from claiming California's labor laws apply to them;

2.      An order declaring California's labor laws do not apply to ICE detainees at the Adelanto Facility, including but not limited to laws requiring payment of minimum wage and overtime wages;

3.      An order declaring that there is no employment relationship between GEO and detainees housed at the Adelanto Facility who participate in the Volunteer Work Program, specifically that GEO is not the employer of such detainees, and that such detainees are not employees of GEO;

4.      An order declaring that GEO has not violated the TVPA or California TVPA.

5.      An award of attorneys' fees and costs; and

6.      Other and further relief as the Court deems just and equitable.

Dated: January 28, 2019

ROBERT J. HERRINGTON
SCOTT A. SCHIPMA
**GREENBERG TRAURIG, LLP**


By  _/s/ Robert J. Herrington_____
     Robert J. Herrington
     Attorneys for Defendant
     The GEO Group, Inc.


### JURY DEMAND

Pursuant to FRCP 38(b), GEO demands a jury trial as to all triable issues raised in

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

WDC 373835120v2

both the SAC and the Counterclaims.


DATED:  January 28, 2019                    GREENBERG TRAURIG, LLP


                                            By   /s/ Robert J. Herrington
                                            Robert J. Herrington
                                            Attorneys for Defendant
                                            The GEO Group, Inc.

---

THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO
PLAINTIFFS' SECOND AMENDED COMPLAINT