Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Counsel for Plaintiffs
**Additional Counsel on Signature Page.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA** and **JAIME CAMPOS FUENTES**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant*. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO GEO'S CONDITIONAL COUNTERCLAIM TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**PLAINTIFFS' REPLY COUNTERCLAIM FOR RETALIATION** |

Plaintiffs Raul Novoa and Jaime Campos Fuentes ("Plaintiffs") answer the

Conditional Counterclaim to Plaintiffs' Second Amended Complaint filed by Defendant

1

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

The GEO Group, Inc. ("GEO") (ECF No. 113) and state their affirmative defenses as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs deny that this Court has subject matter jurisdiction over GEO's counterclaim pursuant to 28 U.S.C. § 1332. Plaintiffs lack knowledge sufficient to form a belief regarding the residence of GEO. Plaintiffs admit that they are residents of the State of California. Plaintiffs deny that the amount in controversy of the counterclaim exceeds $75,000.

2.      Denied.

3.      Plaintiffs admit that venue is proper in this Court.

## PARTIES

4.      Plaintiffs lack knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

5.      Plaintiff Novoa admits that he is a citizen of Mexico and a resident of California, and that he was detained at the Adelanto Facility at various times from 2012 to 2015. Plaintiff Campos Fuentes admits that he is a citizen of El Salvador and a resident of California, and that he was detained at the Adelanto Facility at various times from 2016 to 2018. Except as expressly admitted, the allegations in this paragraph are denied.

2

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

6.      Denied.

7.      Denied.

# FIRST CAUSE OF ACTION

## Declaratory Relief – 28 U.S.C. § 2201(a)

25.      Plaintiffs incorporate by reference his responses to the allegations in Paragraph 1 through 7 as if set forth fully herein.[1]

26.      Plaintiffs admit that GEO administered the Voluntary Work Program. Plaintiffs lack knowledge sufficient to form a belief regarding the remaining allegations in this paragraph and they are therefore denied.

27.      Plaintiffs lack knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

28.      Plaintiffs lack knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

29.      Plaintiffs lack knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

---

[1] Due to an apparent typographical error, Defendant's Answer and Counterclaim to Plaintiffs' Second Amended Complaint omits paragraph eight through 24. For ease of reference, Plaintiffs have adopted the same numbering system in their Answer.

3

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

30.     Plaintiffs admit that they and the putative class members participated in the Voluntary Work Program at the Adelanto Facility.  The remainder of the paragraph is denied.

31.     Plaintiffs admit that they filed this lawsuit and that it presents an actual controversy. The remainder of the paragraph is denied.

32.     Plaintiffs lack knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

33.     Plaintiff and the putative class members are or were federal immigration detainees housed at the Adelanto Facility pursuant to the City of Adelanto's agreement with ICE. The remainder of the paragraph is denied.

34.     This paragraph calls for a legal conclusion to which no response is required. To the extent any response is required, Plaintiffs deny.

## PRAYER FOR RELIEF

To the extent Defendant's prayer for relief contains any facts, Plaintiffs deny.

## AFFIRMATIVE DEFENSES

1.     GEO's counterclaims fail to state a claim upon which relief can be granted.

2.     The relief GEO seeks is barred by the doctrine of estoppel.

3.     The relief GEO seeks is barred by the doctrine of illegality.

4

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

1

4.     The relief GEO seeks is barred by laches.

2

5.     The relief GEO seeks is barred by GEO's unclean hands.

3

4

6.     The relief GEO seeks is barred by the doctrine of waiver.

5

7.     GEO has failed to joined an indispensable party.

6

8.     The relief GEO seeks is barred by the statute of limitations.

7

8

9.     GEO's claims against putative class members are unripe and nonjusticiable unless and until a class is certified.

9

10

10.     The relief GEO seeks is contrary to public policy.

11

11.     The relief GEO seeks should be limited by the corporation's failure to mitigate its damages.

12

13

## PLAINTIFFS' COUNTERCLAIM IN REPLY

14

Pursuant to Fed. R. Civ. P. 13(a), Plaintiffs Novoa and Campos Fuentes, on behalf

15

16

of themselves individually and all others similarly situated, brings the following

17

counterclaim in reply against GEO for retaliation. In this regard, and since the

18

underlying Second Amended Class Action Complaint (ECF No. 108) alleges five causes

19

of action, the new cause of action set forth herein will start the sixth cause of action.

20

21

22

23

24

25

26

5

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

**JURISDICTION**

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589 *et seq.*

2.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one defendant; there are more than 100 class members; the aggregate amount in controversy exceeds $5,000,000; and minimal diversity exists.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in this District.

4.      This Court has personal jurisdiction over GEO because the corporation regularly conducts business in California, and has sufficient minimum contacts with California.

5.      Plaintiff requests that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his state law claims arising under the California Minimum Wage Order, the California Unfair Competition Law, and California common law.

6

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

**PARTIES**

6.      Plaintiff Raul Novoa is an adult resident of Los Angeles, California. He is a lawful permanent resident with longstanding family and community ties in the Los Angeles area.  From 2012 through February 2015, Mr. Novoa was detained at the Adelanto Facility.  During those three years, he was employed by GEO as a janitor and a barber. He was paid only $1 per day for his labor, regardless of how many hours he worked.

7.      Plaintiff Jaime Campos Fuentes is an adult resident of Inglewood, California. He is a citizen of El Salvador and is seeking asylum in the United States. From approximately December 2016 through January 2018, Mr. Campos Fuentes was detained at the Adelanto Facility. During that period, he was employed by GEO as a janitor and laundry worker. He was paid only $1 per day for his labor – or nothing at all – regardless of how many hours he worked. Sometimes, he was paid in extra portions of food.

8.      Defendant GEO is a for-profit corporation providing correctional, detention, and community reentry services. GEO is a Florida corporation, with its principal office located at 624 NW 53rd Street, Suite 700, Boca Raton, Florida 33487.

7

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

1

2

## COUNT VI
### Retaliation

3

4

9.    GEO's counterclaim for "declaratory relief" is a retaliatory *in terrorem* tactic

5

against Plaintiffs and the class members for bringing their claims to court.

6

7

10.    Plaintiff Raul Novoa was detained at the Adelanto Facility from June 2012

through February 2015.

8

9

10

11

12

13

14

11.    On December 19, 2017, Plaintiff Novoa, on behalf of himself and all

others similarly situated, filed a class action complaint seeking money damages and

injunctive relief from GEO for the continued and unlawful  economic exploitation of

civil immigration detainees at the Adelanto Detention Center (the "Adelanto Facility")

(ECF No. 1). By filing this lawsuit, Plaintiff Novoa engaged in a protected activity.

15

16

17

18

19

20

12.    On July 3, 2018, GEO filed a counterclaim against Plaintiff Novoa and all

putative class members for "unjust enrichment/offset" and "declaratory relief."

Accordingly, GEO waited **more than three years** after Plaintiff Novoa was released

from the Adelanto Facility, and only after this Court denied in part GEO's motion to

dismiss, to file its counterclaims.

21

22

13.    GEO has since dismissed its counterclaim for "unjust enrichment/offset."

23

24

25

26

8

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

14.     GEO's motive in bringing these counterclaims is to retaliate against Plaintiffs and deter the class members – thousands of vulnerable and indigent individuals – from exercising their protected right to litigate their claims against GEO.

15.     GEO's counterclaim targets the entire putative class -- i.e., "All civil immigration detainees who performed work for GEO at the Adelanto Detention Center in the Work Program since GEO assumed responsibility for the Facility in May 2011."

16.     GEO has a strong financial interest in deterring Plaintiffs and the putative class members from prosecuting their case.

17.     GEO represented to the United States Court of Appeals for the Tenth Circuit that a similar federal class action lawsuit currently pending Colorado "poses a potentially catastrophic risk to GEO's ability to honor its contracts with the federal government."  Petition for Permission to Appeal Class Certification at 30, *Menocal et. al. v. The GEO Group*, Inc., No.14-02887 (10th Cir.  March 13, 2017) ("potentially catastrophic risk").

18.     GEO's counterclaim is wholly without merit and is reasonably likely to deter the protected activity of filing and prosecuting a lawsuit.

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

19.     Plaintiffs' counterclaim in reply of retaliation arises out of the same transaction or occurrence and the same set of aggregate facts that are the subject matter of GEO's counterclaims.

20.     Plaintiffs' counterclaim in reply does not require adding another party over whom the Court cannot acquire jurisdiction.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, requests that the Court:

a.  Issue an Order enjoining GEO from continuing to retaliate against Plaintiffs and the putative class members;

b.  Award declaratory and other equitable relief as is necessary to protect the interests of Plaintiffs and the putative class members;

c.  Award Plaintiffs and the putative class members their reasonable expenses and attorney's fees incurred as a result of defending GEO's frivolous counterclaim; and

d.  Other and further relief as the Court deems just and equitable.

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

Dated: February 18, 2019           */s/ Lydia Wright*

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
C. Jacob Gower (admitted *pro hac vice)*
jgower@burnscharest.com
LA Bar # 34564
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111

11

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint

1    Fax:  (310) 474-8585

2    Nicole Ramos (admitted *pro hac vice*)
3    nicole@alotrolado.org
     NY Bar # 4660445
4    **AL OTRO LADO**
5    511 E. San Ysidro Blvd., # 333
     San Ysidro, CA 92173
6    Telephone: (619) 786-4866

7
     Will Thompson (CA Bar # 289012)
8    wthompson@burnscharest.com
     Warren Burns (admitted *pro hac vice*)
9    wburns@burnscharest.com
     TX Bar # 24053119
10   Daniel H. Charest (admitted *pro hac vice*)
11   dcharest@burnscharest.com
     TX Bar # 24057803
12   **BURNS CHAREST LLP**
13   900 Jackson St., Suite 500
     Dallas, Texas 75202
14   Telephone: (469) 904-4550
     Facsimile: (469) 444-5002
15

16

17   ***Attorneys for Plaintiffs.***

18

19

20

21

22

23

24

25                              12
                                                     5:17-cv-02514-JGB
26
     Plaintiff's Answer and Affirmative Defenses to
     GEO's Conditional Counterclaim to Plaintiff's
     Second Amended Complaint

## CERTIFICATE OF SERVICE

On February 18, 2019, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

*/s/ Lydia Wright*

Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

13

5:17-cv-02514-JGB

Plaintiff's Answer and Affirmative Defenses to
GEO's Conditional Counterclaim to Plaintiff's
Second Amended Complaint