Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted pro hac vice)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Tel: (504) 799-2845; Fax: (504) 881-1765

Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Theodore Maya, SBN 223242
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

Counsel for Plaintiffs
**Additional Counsel on Signature Page**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| **RAUL NOVOA** and **JAIME CAMPOS FUENTES**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' DISCOVERY MOTION OPENING BRIEF**<br><br>Date: March 19, 2019<br>Time: 10:00 a.m.<br>Courtroom:<br>Judge: The Honorable Shashi Kewalramani |

# NOTICE OF MOTION

In accordance with the Court's order during the pre-motion teleconference held in this matter on February 12, 2019, the Honorable Magistrate Judge Shashi Kewalramani, presiding, Plaintiffs hereby submit their Opening Brief in support of a motion for a ruling that Defendant The GEO Group may not redact material from documents produced during discovery in this action on the basis of relevance (and/or on the basis that it constitutes irrelevant "sensitive business information"), and that it may not withhold nonprivileged attachments to relevant, responsive emails. Should the Court hear argument on this matter, Plaintiffs have noticed it for hearing on March 19, 2019, at 10:00 a.m., before the Honorable Magistrate Judge Shashi Kewalramani.

The Motion follows the pre-motion conference held by the Court on February 12, 2019, and multiple conferences of counsel concerning these issues. This Motion is based on this Notice of Motion, the accompanying Opening Brief, the planned reply brief, and the arguments of counsel at the pre-motion conference and at any hearing the Court may hold on these matters.

Dated: February 19, 2019         */s/ Theodore Maya*
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585

# **PLAINTIFFS' OPENING BRIEF**

## STATEMENT OF ISSUES

(1) Whether a producing party in this litigation may redact material from an otherwise responsive document based on relevance. Defendant GEO represents that it will only redact material that is not relevant and that "relates to sensitive business information about facilities other than the Adelanto Detention Facility."[1]

(2) Whether a producing party in this litigation may withhold attachments to a responsive email based on relevance.

## INTRODUCTION

GEO has proposed a redaction protocol that underscores the precise reason why courts nationwide "[do] not welcome the unilateral editing of documents by the producing party." *In re Medeva Sec. Litig.*, 1995 WL 943468, at *3 (C.D. Cal. 1995). GEO seeks the power to redact or withhold any material that it deems irrelevant from documents that are otherwise relevant, responsive, and non-privileged. GEO's proposed protocol is unfair, unnecessary, contradicts legal authority, and should not be allowed.

As demonstrated during the pre-motion teleconference conducted by the Court prior to this filing, what GEO might describe as "sensitive business information about other facilities" might be described by Plaintiffs as "relevant evidence of illegal conduct at other facilities." For instance, GEO has suggested that it *cannot* pay detainee workers

---

[1] The parties have conferred regarding the Statement of Issues and the definition of "email family group" in Section II.A, *infra*. The parties reached agreement on each of these points with one exception. Defendant contends that Issue 1 should read: "Whether GEO may redact material from an otherwise responsive document when it claims the redacted material is not relevant and 'relates to sensitive business information about facilities other than the Adelanto Detention Facility.'"

at the Adelanto Detention Center more than $1 per day;[2] but GEO actually does pay higher wages to detainee workers at other facilities. *See* Dkt. 52-2 at 6-16. Presumably, however, this would be precisely the sort of "sensitive business information" regarding "other facilities" that GEO would redact, and the type of attachment to an otherwise responsive email that GEO would withhold from production, if the Court allowed it to do so.

The term "sensitive business information" is not a meaningful qualifier where a business is involved and its business practices are at issue, and the Protective Order that the parties have negotiated is designed specifically to protect such materials from misuse. The Court should not be persuaded by GEO that giving it the redaction power it seeks would be anything other than free reign to turn Plaintiffs' documentary evidence into swiss cheese full of redacted holes hiding potentially important information.

**LEGAL STANDARD**

As the party opposing discovery, GEO "has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009). "The party opposing discovery is 'required to carry a heavy burden of showing' why discovery should be denied." *Reece v. Basi*, 2014 WL 2565986, at *2 (E.D. Cal. June 6, 2014), *aff'd,* 704 F. App'x 685 (9th Cir. 2017). For the reasons that follow, GEO does not and cannot shoulder its heavy burden here.

---

[2] *See, e.g.*, Dkt. 48-12 at 10 of 32; *see also* David Venturella, *Immigration Detention Program*, N.Y. TIMES Feb. 19, 2019, available at <https://www.nytimes.com/2019/02/19/opinion/letters/immigration-detention-geo-group.html>.

# ARGUMENT

## I. GEO SHOULD NOT BE PERMITTED TO REDACT MATERIAL BASED ON RELEVANCE.

### A. Unilateral relevance redactions are inconsistent with the broad rules of discovery.

#### 1. Relevance redactions are inconsistent with the broad definition of "relevance" under Rule 26(b)(1).

The redaction protocol sought by GEO is inconsistent with the broad relevance standard under the Federal Rules of Civil Procedure, which provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. Proc. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable. *Id.* In fact, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *In re Toys R Us-Delaware, Inc. Fair and Accurate Transactions Act (FACTA) Litig.*, 2010 WL 4942645, at *1 (C.D. Cal. July 29, 2010).[3]

GEO's proposal to prevent the disclosure of certain information it deems irrelevant through the improper use of redactions is essentially a motion for protective order. Therefore, GEO should be held to the same high legal standard and burden. "[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to — in order to prevail on a motion for protective order or successfully resist a motion to compel — specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312

---

[3] Although Rule 26(b)(1) was amended in 2015 to add proportionality factors, "[t]he rule, and the case law developed under the rule, have not been drastically altered." *Lucille Schultz v. Sentinel Insurance Company, Ltd.*, 2016 WL 3149686, at *6-7 (D.S.D. June 3, 2016).

F.R.D. 459, 469 (N.D. Tex. 2015). As such, GEO should not be permitted to sidestep its burden under Rule 26(c)(1) and prevent the disclosure of certain information under the guise of "relevance redactions."

> 2. <u>Rule 34 does not allow parties to chisel out parts of responsive documents based on their unilateral position as to what is relevant and what is not.</u>

Rule 34 concerns the discovery of "documents"—not of excerpts of documents or subsets of words within documents. *See Doe v. Trump*, 2018 WL 6696678, at *10 (W.D. Wash. Dec. 20, 2018) (citing Fed. R. Civ. P. 34). "Thus, courts generally view 'documents' as relevant or irrelevant—not portions thereof—for purposes of Rule 34." *Id.* "This is the only interpretation of [Rule] 34 that yields 'just, speedy, and inexpensive determination[s] of every action and proceeding.'" *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 452 (D. Minn. 2011) (quoting Fed. R. Civ. P. 1).

The import and rationale of Rule 34 makes sense. If a document is responsive and non-privileged, it should be produced in its entirety because context can be important. But "a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case." *Evon v. Law Offices of Sidney Mickell*, 2010 WL 455476, at *2 n.1 (E.D. Cal. Feb 3, 2010). Indeed, GEO's argument in favor of relevance redactions has been rejected by courts nationwide.[4]

---

[4] *See, e.g.*, *Shenwick v. Twitter, Inc.*, 2018 WL 833085, at * 3 (N.D. Cal. Feb. 7, 2018) ("[I]n general, courts frown upon the practice of redacting irrelevant information from documents based on one party's unilateral assessment of relevance."); *Holman v. Experian Info. Solutions, Inc.*, 2012 WL 2501085, at *6 (N.D. Cal. June 27, 2012) (ordering the re-production of documents in unredacted form where the responding party claimed that documents were not responsive to the discovery requests); *In re Toyota Motor Corp. Unintended Acceleration Mktg, Sales Practices, & Prods. Liab. Litig.*, 2012 WL 9337626, at *1 (C.D. Cal. Jan. 13, 2012) ("the better policy is not to allow unilateral redactions based on relevance by the producing party"); *SCB Diversified Mun. Portfolio v. Crews & Associates,*

|   |   |
|---|---|
| 1 | |
| 2 | **B.  GEO's relevance redactions will impermissibly shift the burden to Plaintiffs and the Court.** |

The burden of GEO's relevance redactions would be placed squarely on the shoulders of Plaintiffs and the Court: Plaintiffs, to challenge anything that may be potentially relevant; and the Court, to review *in camera* each redacted document and rule on hundreds or thousands of relevance challenges.

But it is well established that "the Court should not be burdened with an *in camera* inspection of redacted documents merely to confirm the relevance or irrelevance of redacted information, but only when necessary to protect privileged material whose production might waive that privilege." *Beverage Distributors, Inc.*, 2010 WL 1727640, at *10. *See also Live Nation Merch., Inc. v. Miller*, 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) (collecting cases and disapproving of "the delays and burden imposed on the Court and the litigants by the practice of unilateral redaction"). Instead, "the better, less-risky approach is to not provide litigants with the carte blanche right to willy-nilly redact information from otherwise responsive documents in the absence of privilege, merely because the producing party concludes on its own that some words, phrases, or paragraphs are somehow not relevant." *Bonnell v. Carnival Corp.*, No. 13-22265-CIV, 2014 WL 10979823, at *4 (S.D. Fla., Jan. 31, 2014).

**C.  Redaction of "sensitive business information" is unnecessary where, as here, a protective order will ensure the confidentiality of documents and information.**

Giving a party discretion to redact information it deems irrelevant invites abuse, because the party may redact information that it perceives to be damaging or

---

*Inc.*, 2012 WL 113641, at *4 (E.D. La. Jan. 12, 2012) ("[A] party may not redact information from a document solely based on the party's view that the information is irrelevant."); *United Sates v. Davis*, 1988 WL 96843 at *3 (S.D. N.Y. 1988) (relevance redactions "plainly will not do").

embarrassing. This concern is particularly apt here, where GEO's professed intention to redact and withhold irrelevant "sensitive business information" regarding its "other facilities" has been demonstrated to arise out of a concern that it otherwise may produce what Plaintiffs would describe as "evidence of illegal conduct at other facilities."

Such information is likely to be highly relevant in this litigation, which concerns GEO's business practices and policies. For instance, GEO has represented that it cannot pay detainee workers at the Adelanto Detention Center more than $1 per day. But GEO actually does pay higher wages to detainee workers at its other facilities. *See* Dkt. 52-2 at 6-16. Presumably, however, this would be precisely the sort of "sensitive business information" regarding "other facilities" that GEO would redact under its protocol. The term "sensitive business information" is not a meaningful qualifier where a business is involved and its business practices are at issue.

There is no legitimate basis to withhold "sensitive business information" where, as here, a protective order will shield the producing party from disclosure of that information. Indeed, "the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case." *HR Tech, Inc.*, 2010 WL 4792388, at *6 (citation omitted). *See also U.S. v. McGraw-Hill Companies, Inc.*, 2014 WL 8662657 at * 3 (C.D. Cal. Sep. 25, 2014) (Carter, J.) ("[I]f materials are already shielded by a protective order, unilateral redactions do little more than breed suspicion between the parties, generate discovery disputes, and invite unnecessary intervention by the court."); *Live Nation Merch., Inc.*, 2014 WL 1877912, at *3 (observing that "this type of unilateral redaction is disfavored, and a protective order could ensure the confidentiality of sensitive information").

Here, the parties have spent months negotiating a protective order which specifically delineates to whom a receiving party may disclose material designated as confidential. It will also allow for designations with higher confidentiality levels for

material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." This higher designation further limits who may have access to confidential materials and further protects GEO from improper disclosure of its most confidential information. Thus, the protective order obviates any theoretical basis for redacting material on relevance grounds.

## II. GEO SHOULD NOT BE PERMITTED TO REDACT OR WITHHOLD ATTACHMENTS TO RESPONSIVE EMAILS.

### A. Joint Definition of "email family group."

The Parties have agreed that "email family group" may be defined as: A single email and any attachments, regardless of whether or not such email is in a string.

### B. Withholding email attachments is an impermissible redaction of responsive discovery.

Withholding email attachments "is effectively a redaction of responsive discovery." *Sanchez Y Martin, S.A. De C.V. v. Dos Amigos, Inc.*, 2019 WL 581715, at *11 (S.D. Cal. Feb. 13, 2019) (ordering defendant to reproduce emails with previously-withheld attachments). This is because an email and its corresponding attachments constitute one single responsive document. *See Pom Wonderful LLC v. Coca-Cola Co.*, 2009 WL 10655335, at *2 (C.D. Cal. Nov. 30, 2009) (noting that an "email that contains the attachment constitutes one responsive 'document' or 'document family,' *i.e.*, a 'message unit'"). This places email attachments well within the scope of Rule 26(b)(1). As a result, the whole email document, including any corresponding attachments, must be produced in discovery. *See Trump*, 2018 WL 6696678, at *10 n.16 (prohibiting the producing party from withholding attachments to responsive documents on relevance grounds).

Courts routinely require production of email family groups where, as here, "a multitude of documents are in issue and a protective order is in place to address concerns regarding privacy and potential misuse of information." *Virco Mfg. Corp. v. Hertz Furniture Sys.*, 2014 WL 12591482, at *5 (C.D. Cal. Jan. 21, 2014) (collecting cases and requiring emails produced in discovery to be accompanied by their attachments). Accordingly, and for the reasons identified above, GEO should not be permitted to redact or withhold attachments to responsive, non-privileged emails on the grounds of "relevance."

### C. GEO cannot satisfy its burden of demonstrating that production of email attachments is not "proportional" to this litigation.

GEO asserts that it should be relieved of producing responsive, non-privileged email attachments that the corporation deems "irrelevant" because those communications are not proportional to the needs of the case. But GEO has failed to identify any particular email attachments which it claims are not relevant to any party's claims or defenses. Instead, GEO seeks the all-encompassing power to decide unilaterally which attachments are relevant, and to withhold any documents that, in the corporation's opinion, are not.

Moreover, GEO has not and cannot demonstrate that producing attachments to otherwise responsive, non-privileged emails would be unduly burdensome. In fact, the corporation has admitted that it has *already* reviewed the emails and corresponding attachments at issue here. Further, GEO has been unable to articulate which email attachments, if any, would be subject to United States Immigration and Customs Enforcement ("ICE") for review prior to production, or how ICE review would impose any burden on GEO at all.

As another court in this District has observed, "the fact that production of documents would be burdensome and . . . would hamper the party's business operations may not be a reason for refusing to order production of relevant documents." *Pom*

*Wonderful LLC*, 2009 WL 10655335, at *4. *See also Virco Mfg. Corp.*, 2014 WL 12591482, at *6 (overruling producing party's objection that producing email attachments "would likely be voluminous" and cause enormous expense and burden).

So too, here. GEO cannot evade its obligations under the Federal Rules of Civil Procedure by withholding or redacting "sensitive business information" that it deems irrelevant, particularly where, as here, those materials are already shielded by a protective order.

## CONCLUSION

GEO should not be permitted to redact or withhold any material based on relevance, including "sensitive business information," from documents that are otherwise relevant, responsive, and non-privileged.

Dated: February 19, 2019         */s/ Theodore Maya*
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
C. Jacob Gower (admitted *pro hac vice*)
jgower@burnscharest.com
LA Bar # 34564
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845

Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

|    |    |
|----|----|
| 1  | |
| 2  | Will Thompson (CA Bar # 289012) |
|    | wthompson@burnscharest.com |
| 3  | Warren Burns (admitted *pro hac vice*) |
|    | wburns@burnscharest.com |
| 4  | TX Bar # 24053119 |
| 5  | Daniel H. Charest (admitted *pro hac vice*) |
|    | dcharest@burnscharest.com |
| 6  | TX Bar # 24057803 |
| 7  | **BURNS CHAREST LLP** |
|    | 900 Jackson St., Suite 500 |
| 8  | Dallas, Texas 75202 |
|    | Telephone: (469) 904-4550 |
| 9  | Facsimile: (469) 444-5002 |
| 10 | |
| 11 | ***Attorneys for Plaintiffs.*** |

Discovery Motion　　　　　5:17-cv-02514-JGB-SHK

11