ROBERT J. HERRINGTON (BAR NO. 234417)
ALEX L. LINHARDT (BAR NO. 303669)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
herringtonr@gtlaw.com
linhardta@gtlaw.com

SCOTT A. SCHIPMA (*PRO HAC VICE*)
**GREENBERG TRAURIG, LLP**
2101 L Street NW, Suite 1000
Washington, DC 20037
Telephone: 202.331.3100
Facsimile: 202.331.3101
schipmas@gtlaw.com

ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL NOVOA and JAIME CAMPOS FUENTES, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>*Defendant*. | CASE NO.  5:17-cv-02514-JGB-SHKx<br><br>**DECLARATION OF ALEX L. LINHARDT IN SUPPORT OF STIPULATION TO MODIFY THE SCHEDULING ORDER**<br><br>[Filed concurrently with Stipulation and (Proposed) Order]<br><br>JUDGE:  Hon. Jesus G. Bernal |
| THE GEO GROUP, INC.,<br><br>*Counter-Claimant*,<br><br>v.<br><br>RAUL NOVOA, individually and on behalf of all others similarly situated,<br><br>*Counter-Defendant*. | SAC Filed:  December 24, 2018<br>Current Trial Date:  August 27, 2019<br>Proposed Trial Date:  February 27, 2020 |

DECLARATION OF ALEX LINHARDT I/S/O STIPULATION TO EXTEND
TIME TO MODIFY THE SCHEDULING ORDER

*WDC 373851635v2*

## DECLARATION OF ALEX L. LINHARDT

I, ALEX L. LINHARDT, declare as follows:

1.      I am an attorney at law duly licensed to practice before the United States District Court for the Central District of California.  I am an associate at the law firm Greenberg Traurig, LLP, attorneys for defendant The GEO Group, Inc. ("GEO").  I make this declaration in support of the Parties' Stipulation to Modify the Scheduling Order.  The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.      Pursuant to the Court's scheduling order entered on August 27, 2018, the original deadlines were as follows:

Last Date to Amend Pleadings:           October 22, 2018

Expert Disclosure (Initial):            March 18, 2019

Expert Disclosure (Rebuttal):           April 1, 2019

All Discovery Cutoff (including

hearing discovery motions):             April 15, 2019

Last Date to Conduct Settlement

Conference:                             May 13, 2019

Last Date to Hear Non-Discovery

Motions:                                July 1, 2019

Final Pretrial Conference & Hearings

on Motions in *Limine*:                 August 12, 2019

Trial Date:                             August 27, 2019

3.      On October 16, 2018, the parties stipulated to extend the time within which parties could amend the pleadings or add parties by sixty days, until December 22, 2018 (Doc. 85), and the Court granted the proposed Order on October 19, 2018. (Doc. 89).

DECLARATION OF ALEX L. LINHARDT I/S/O STIPULATION TO EXTEND
TIME TO RESPOND TO MODIFY THE SCHEDULING ORDER

WDC 373851635v2

2

4.      Plaintiffs filed the Second Amended Complaint on December 24, 2018 (Christmas Eve).  (Doc. 108).

5.      On February 4, 2019, the parties participated in a conference to discuss various aspects of GEO's document processing to date.  During that conversation, my colleague Dawn Ellison described certain challenges GEO had encountered in processing the 2140.88 gigabytes (2.1 terabytes) that had been gathered through its targeted collection efforts.  Specifically, through application of multiple processes, GEO had determined that the overall richness rate (*i.e.,* responsiveness percentage) of the documents in the repository was very low — an extrapolation of the data indicates that only approximately 1% of the documents are likely to be responsive.  Moreover, because of the low richness rate, developing a methodology to process the documents had taken longer than anticipated.  Further, GEO explained that this low richness rate would continue to impact its review and production of documents, resulting in the need for additional time to complete its production.

6.      On February 6, 2019, Ms. Ellison wrote to Lydia Wright, counsel for Plaintiffs, to provide additional information describing GEO's progress to date and to describe particular challenges.  Attached hereto as **Exhibit A** is a true and correct copy of the February 6, 2019 letter from Dawn Ellison to Lydia Wright.

7.      Based on this assessment, Ms. Ellison proposed a six-month extension of the remaining dates set forth in the scheduling order, which would result in the following schedule:

| | |
|---|---|
| Expert Disclosure (Initial): | September 17, 2019 |
| Expert Disclosure (Rebuttal): | October 1, 2019 |
| All Discovery Cutoff (including hearing discovery motions): | October 15, 2019 |
| Last Date to Conduct Settlement | November 13, 2019 |

DECLARATION OF ALEX L. LINHARDT I/S/O STIPULATION TO EXTEND TIME TO RESPOND TO MODIFY THE SCHEDULING ORDER

Conference:

Last Date to Hear Non-Discovery

Motions:                                              January 10, 2020

Final Pretrial Conference & Hearings

on Motions in *Limine*:                              February 12, 2020

Trial Date:                                          February 27, 2020

8.      On February 12, 2019, Ted Maya, counsel for Plaintiffs, emailed Ms. Ellison to agree to the proposed extension.  Attached hereto as **Exhibit B** is a true and correct copy of the February 12, 2019 email from Mr. Maya to Ms. Ellison.

9.      Good cause exists for this extension.  Though the parties have been diligently pursuing discovery, the parties agree that additional time is necessary to adequately litigate this case based on the volume of documents to be reviewed and processed and the current posture of the case.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 22nd day of February, 2019, at Los Angeles, California.


                                        */s/  Alex Linhardt*
                                        Alex Linhardt

DECLARATION OF ALEX L. LINHARDT I/S/O STIPULATION TO EXTEND
TIME TO RESPOND TO MODIFY THE SCHEDULING ORDER

*WDC 373851635v2*

# EXHIBIT A

**GT** GreenbergTraurig

Dawn Ellison
Tel 202.331.3159
Fax 202.261.4792
ellisond@gtlaw.com

February 6, 2019

Lydia A. Wright
Burns Charest LLP
365 Canal Street Suite 1170
New Orleans, LA 70130
lwright@burnscharest.com

Re:    *Novoa v. GEO Group*, 5:17-cv-02514-JGB-SHKx, *Local rule 37-1 Request*

Dear Lydia:

In furtherance of our discussion on Monday, February 4, 2019, this letter details the processes that The GEO Group, Inc. ("GEO") has employed to comply with its discovery obligations in this case. As you know, Greenberg Traurig, LLP recently assumed the role of lead counsel in this case and we have become familiar with the steps taken by GEO to respond to the plaintiffs' discovery requests. In the interest of transparency and in the hopes of resolving ongoing discovery disputes and moving forward with a focus on the merits of this case, GEO is providing this letter to you to clarify where matters stand with respect to GEO's discovery efforts.[1]

A.    Data Sources Collected

As a general matter, GEO has collected no less than 2140.88 gigabytes of data from multiple custodial and non-custodial sources. GEO has diligently continued to collect and process data in good faith concurrently with the parties' efforts to negotiate a Stipulated Protective Order and Stipulated Order Regarding Production of Electronically Stored Information ("ESI").

1.    Custodial Data Sources

GEO has collected targeted data for at least fifty-four (54) individual custodial sources based upon information provided during custodian interviews. Data for these custodians was collected from one or more of the following sources: desktop hard drives, shared network drives, Microsoft OneDrive, email accounts, and public websites. Attached as Exhibit A is a list of pertinent custodians for whom data has been collected.

---

[1] The information provided in this letter is not intended as a waiver of any applicable privilege, doctrine, or immunity held by GEO, including, but not limited to, the attorney client privilege or the attorney work product doctrine.

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN¬
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON·
LOS ANGELES
MEXICO CITY·
MIAMI
MILAN··
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME··
SACRAMENTO
SAN FRANCISCO
SEOUL·
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO¤
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY
WEST PALM BEACH

¬ OPERATES AS
  GREENBERG TRAURIG GERMANY, LLP
· OPERATES AS A
  SEPARATE UK REGISTERED LEGAL ENTITY
¤ OPERATES AS
  GREENBERG TRAURIG S.C.
·· OPERATES AS
  SANTA MARIA STUDIO LEGALE ASSOCIATE IN ALLIANCE
^ OPERATES AS
  GREENBERG TRAURIG LLP
  FOREIGN LEGAL CONSULTANT OFFICE
· A BRANCH OF
  GREENBERG TRAURIG, P.A.,
  FLORIDA, USA
¤ OPERATES AS
  GT TOKYO HORITSU JIMUSHO
~ OPERATES AS
  GREENBERG TRAURIG GRZESIAK SP.K.

February 6, 2019
Page 2

2.      Non-Custodial Data Sources

GEO has also collected data from various non-custodial sources. For example, data has been collected from GEO Net, a repository utilized by GEO to store certain ESI such as invoices. In addition, various hard copy documents have been collected, including U.S. Immigration and Customs Enforcement ("ICE") detention case files, offender financial records, sanitation inspection reports/logs, commissary records and reports, and food service records. Further, GEO's Enterprise Vault repository was searched for the custodians discussed above and pertinent data (e.g., archived emails) has been identified and collected.[2]

3.      Detainee Files

As noted above, GEO has collected detainee files and in total has identified over six hundred sixty-five (665) boxes containing over thirty-eight thousand four hundred eighteen (38,418) detainee files, which are comprised of over six hundred twenty-eight thousand nine hundred fifty (628,950) documents and over one million eight hundred eighty thousand eight hundred twenty-four (1,880,824) pages.

GEO understands that, although the entire file for each respective detainee is not responsive to the plaintiffs' discovery requests, such files do include a variety of unique, responsive information. *See, e.g.,* Plaintiff's First Set of Discovery Requests to Defendant The GEO Group, Inc., dated July 27, 2018, at 12 (RFP 12 seeking "any and all documents summarizing, constituting, recording or referencing any disciplinary or corrective action . . . which arise from, reference or concern the Work Program or any job assigned pursuant to that program"); *id.* at 12-13 (RFP 16 seeking "any and all documents relating to, constituting or recording grievances filed by detainees at the Adelanto Facility . . . .); *id.* at 13 (RFP 22 seeking "any and all documents that refer or relate to Plaintiff's detention at the Adelanto Facility" including, "but not limited to: (i) all documents that refer or relate to hours spent by Plaintiff performing work in the Work Program, tasks and/or . . . duties performed, and compensation he received; (ii) all documents that refer or relate to any disciplinary or corrective action taken against Plaintiff . . . .").

In addition, as discussed further below, certain information (e.g., T Visa/U Visa information) is scattered throughout the detainee files that will likely require redaction and/or review by ICE prior to production to plaintiffs.

B.      Data Requiring ICE Review Prior to Disclosure to Plaintiffs

During our call, you asked us to provide further detail regarding data that requires ICE review prior to production. A significant amount of the information that plaintiffs seek through discovery in this litigation is controlled by ICE and, accordingly, is subject to disclosure pursuant to the U.S. Department of Homeland Security's ("DHS") *"Touhy"* regulations, 6 C.F.R. §§ 5.41

---

[2] Please note that the data collected from GEO's Enterprise Vault archive does not reflect individual custodian values.

February 6, 2019
Page 3

*et seq.*[3] GEO has therefore worked with ICE and the U.S. Department of Justice ("DOJ") to ensure that it can meet its discovery obligations in related dockets while complying with DHS's *Touhy* regulations. GEO's understanding of the categories of documents that may be subject to ICE review in this case is based on ICE's position in related litigation where ICE has reviewed and provided input regarding the protective order in place in a respective case.[4]

Additionally, ICE and DOJ have communicated the Government's position that ICE needs to review and redact data that may contain information that is subject to certain statutory and regulatory disclosure restrictions ("Covered Information") prior to its production. The Government has based this position on its conclusion that the following federal statutes and regulations "prohibit disclosure of records that may be the subject of discovery" and contain Covered Information:

- 8 U.S.C. § 1367(a)(2), which prohibits disclosure of any information which relates to an alien who is the beneficiary of an application for relief, whether pending or approved, under the Violence Against Women Act;

- 8 U.S.C. § 1367(a)(2), which prohibits disclosure of any information which relates to an alien who is the beneficiary of an application for a T Visa, concerning trafficking victims;

- 8 U.S.C. § 1367(a)(2), which prohibits disclosure of any information which relates to an alien who is the beneficiary of an application for a U Visa, concerning victims of crimes;

- 8 U.S.C. § 1255a(c)(5), which prohibits disclosure of information relating to Legalization/Special Agricultural Worker claims; and

- 8 C.F.R. § 208.6, which prohibits disclosure of information contained in or pertaining to an asylum or refugee application, information pertaining to a credible fear determination pursuant to 8 C.F.R. § 208.30, and information pertaining to a reasonable fear determination pursuant to 8 C.F.R. § 208.31.

The Government has also advised that the "consequences for unauthorized disclosure of these categories of records include criminal and civil penalties." Attached as Exhibit B is a letter from the DOJ, dated August 21, 2018, clarifying its position on this issue.

---

[3] Plaintiffs are aware of this position and ICE's application of DHS's *Touhy* regulations to the release of information in this case. *See, e.g.,* Letter from Anne Rose, DHS/ICE, to Lydia Wright, dated October 15, 2018.

[4] To the extent that ICE has concerns regarding the protective order entered in this case, it could impact the categories of documents that ICE insists on reviewing. GEO is hopeful, however, that if ICE is comfortable with the protective order entered in this case it may relax or modify the categories of documents for which it requires review.

February 6, 2019
Page 4

Therefore, based upon the guidance previously provided by ICE and DOJ, GEO has identified the following categories of data that likely will require ICE review before they may be disclosed to plaintiffs in this case:

- Documents marked "For Official Use Only," "FOUO," "Law Enforcement Use Only," or with similar text;

- ICE audits and inspections;

- Communications with ICE;

- Invoices submitted to ICE;

- Non-public ICE policies or procedures;

- Information related to applications submitted pursuant to the Violence Against Women Act;

- T Visa/U Visa information;

- Information related to Seasonal Agricultural Worker claims;

- Information related to asylum/refugee claims;

- Personally identifiable information of detainees (including names and A-numbers); and

- Personally identifiable information of ICE officials.

C.    The Way Forward

With respect to custodial and non-custodial sources of processed data, GEO has begun to implement a three (3) step process. First, keyword search terms will be applied to identify data potentially responsive to plaintiffs' discovery requests ("Potentially Responsive Data Set"). Second, a technology assisted review ("TAR") or similar process will be utilized to review "control" and "seed" sets of data from the Potentially Responsive Data Set to identify data that is responsive to plaintiffs' discovery requests ("Responsive Data Set"). *See, e.g., Rio Tinto Plc, v. Vale S.A., et al.*, 306 F.R.D. 125 (S.D.N.Y. 2015). Third, a team of human reviewers will review the Responsive Data Set to ensure that such data is appropriately coded for, among other things, responsiveness, potential ICE review, confidentiality, redaction, and privilege.

As for detainee files, as discussed during our call, GEO believes that the burden of complete processing and production of these files is unduly burdensome and not proportional to the needs of this case. However, GEO would like to meet and confer with plaintiffs to develop a process for production that balances plaintiffs' need for the documents with the substantial burden that GEO faces to process them.

February 6, 2019
Page 5

GEO anticipates that it will require eight (8) weeks to substantially complete its production of data in response to plaintiffs' discovery requests.[5]

In light of the volume of data at issue, the review of data that must be conducted by GEO and ICE, and the current posture of this case, GEO proposes a six (6) month extension of the remaining dates set forth in the scheduling order. *See* Dkt. No. 69 (Minutes of Scheduling Conference), at 1. More specifically, the Court's calendar permitting, GEO proposes the following revised schedule:

| Hearing/Event | Date |
|---|---|
| Jury Trial<br>(Thursday at 9:00 a.m.)    Length: 15 days | February 27, 2020 |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *in Limine*<br>(Wednesday – (2) weeks before trial) | February 12, 2020 |
| Last Date to **Hear** Non-discovery Motions<br>(Friday at 9:00 a.m.) | January 10, 2020 |
| Expert Disclosure (Initial) | September 17, 2019 |
| Expert Disclosure (Rebuttal) | October 1, 2019 |
| All Discovery Cut-Off (including hearing all discovery motions) | October 15, 2019 |
| Last Date to Conduct Settlement Conference | November 13, 2019 |

We request a telephonic conference pursuant to Local Rule 37-1 to discuss and attempt to resolve the extension of the schedule and other issues identified above. Please let us know your availability within the next ten days for the conference.

We look forward to your response, and hope the parties can proceed in transparency and good faith.

Very truly yours,

Dawn A. Ellison

---

[5] This estimate pertains to GEO's processes only. Although GEO will endeavor to complete its production as quickly as possible, please note that GEO cannot control the timing of ICE's review and release of documents, which may impact the date when documents can be produced to plaintiffs.

EXHIBIT A

1. Aida Aldape

2. Nathan Allen

3. Enanato Arugu

4. Berta Barocia-Sullivan

5. Barry Belt

6. Mailah Bezada

7. James Black

8. Tehani Brown

9. Sharon Buckowske

10. Tom Cherry

11. Brandi Combest

12. Joanne Crowder

13. Zohbrab Darmandzhyan

14. Jamie Davis

15. Darlene Donaldson

16. Victor Duardo

17. Emmanuel Flores

18. Kyle Fouts

19. Wendy Gonzalez

20. Angelica Hernandez

21. Gregory Hillers

22. Reyna Inchausti

23. James Janecka

24. Joshua Johnson

25. Robert Johnson

26. Michelle Keeney

27. Paul Laird

28. Joanne Langill

29. Maricela Lopez

30. Jose Martinez

31. Ronald Martinez

32. Tabitha Medindl

33. Maria Mendez

34. Octavio Mendoza

35. Lucia Meza

36. Cheryl Nelson

37. Pam Nemake

38. Ray New

39. Shawna Nowicki

40. Lena Prill

41. Susanne Romero

42. Margarita Russi

43. Patricia Seiber Love

44. Fereti Semaia

45. Dionne Shockey

46. Jocelyn Siguenza

47. Frank Strada

48. Peggy Turner

49. Vince Vantell

50. Jolene Velasquez

51. Erica Walker

52. Candy Williams

53. Mary Wise McCormick

54. Linda Woelke

EXHIBIT B



**U.S. Department of Justice**

Robert C. Troyer
United States Attorney
District of Colorado

Timothy B. Jafek
303-454-0104
timothy.jafek@usdoj.gov

*1225 17th Street, Suite 700*
*Denver, CO  80202*

August 21, 2018

**By email and First-class mail**

Alexander Neville Hood
Towards Justice-Denver
1410 High Street Suite 300
Denver, CO  80218
Email:Alex@towardsjustice.Org

Charles A. Deacon
Norton Rose Fulbright US LLP-San Antonio
300 Convent Street Suite 2200
San Antonio, TX  78205
Email:Charlie.Deacon@nortonrosefulbright.Com

*Additional addressees starting on page 4*

> **RE:**   *Menocal*, et al. *v. The GEO Group*, 14-cv-02887-JLK

Dear Counsel:

I write to clarify the government's position regarding the need for, and scope of, U.S. Immigration and Customs Enforcement (ICE) review of documents before they are released in discovery in the subject case.  So that the parties are informed in advance of further discovery proceedings, including the August 22, 2018 submission of an Amended Proposed Stipulated Scheduling Order, *see* ECF No. 135, this letter provides an overview of ICE's potential need to review documents that may be the subject of discovery in this matter.

As a general matter, ICE only needs to review records that are owned by ICE, or that contain ICE information.  Records that are owned or created solely by contractors, such as The GEO Group (GEO), or records that solely contain contractor information, do not need to be

1

reviewed by ICE, except to the extent such records contain ICE information. ICE is willing to work with the parties to determine which categories of responsive records will need to be reviewed by ICE.

As you may be aware, the Privacy Act, 5 U.S.C. § 552a, generally prohibits the disclosure of an agency record about an individual absent the written consent of the individual, unless a statutory exception applies. This disclosure restriction applies to both federal agencies and their contractors. Although 5 U.S.C. § 552a(b)(11) permits disclosure pursuant to a qualifying court order, it appears that the protective order currently in effect in this case, *see* ECF No. 45, does not authorize production pursuant to the Privacy Act. Before any disclosure subject to the Privacy Act may be made, the entry of an appropriate protective order is required. To the extent that an appropriate Protective Order is entered in this matter, it may also aid in limiting the voluminous redactions that would need to take place to protect against disclosure of personally identifiable information covered by the Privacy Act or the DHS Privacy Policy. Disclosures prohibited by the Privacy Act include any data that could potentially identify a specific individual, or any information that can be used to distinguish one person from another and can be used for deanonymizing anonymous data, including but not limited to detainee names and alien numbers.

Additionally, it is my understanding that certain documents that Plaintiffs, Defendant, or both, have requested or intend to produce in this matter, or may request or may intend to produce in this matter, may contain information that is subject to the statutory and regulatory disclosure restrictions described below ("Covered Information"). As a result, prior to any production of Covered Information, review by ICE will be necessary to ensure compliance with such restrictions and with ICE policy.

Absent an applicable exception, the following federal statutes and regulations prohibit disclosure of records that may be the subject of discovery in this case:

- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information which relates to an alien who is the beneficiary of an application for relief, whether pending or approved, under the Violence Against Women Act;
- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information which relates to an alien who is the beneficiary of an application for a T Visa, concerning trafficking victims;
- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information which relates to an alien who is the beneficiary of an application for a U Visa, concerning victims of crimes;
- 8 U.S.C. § 1255a(c)(5) prohibits disclosure of information relating to Legalization/Special Agricultural Worker claims; and
- 8 C.F.R. § 208.6 prohibits disclosure of information contained in or pertaining to an asylum application (which ICE has also applied to refugee applications), information

2

pertaining to a credible fear determination pursuant to 8 C.F.R. § 208.30, and records pertaining to a reasonable fear determination pursuant to 8 C.F.R. § 208.31.

The consequences for unauthorized disclosure of these categories of records include criminal and civil penalties. In addition, these categories of information cannot be disclosed, even with a protective order in place. Thus, in order to ensure compliance with these statutory and regulatory requirements, ICE must conduct a review of any Covered Information before it is produced in discovery so that the appropriate redactions and withholdings can be applied.[1] The time needed for ICE to complete any such review will depend on the volume and nature of the Covered Information at issue. For example, to protect against inadvertent disclosure of information pertaining to a credible-fear determination, a page-by-page review of certain records may be required. ICE is committed, however, to working with the parties to allow discovery to proceed on a reasonable timetable, and the agency intends, subject to resource constraints, to allocate resources to any necessary document review.

In the event that either party anticipates producing documents that contain, or are likely to contain, Covered Information, please contact me at your earliest convenience so that ICE may make necessary arrangements for document review, as the redactions necessary to protect these categories of information will take a considerable amount of time.

Thank you in advance for your cooperation in this matter. Should you have any questions or concerns regarding the above, please do not hesitate to contact me.

Sincerely,

s/ Timothy B. Jafek
Timothy B. Jafek
Assistant U.S. Attorney

cc:   ICE counsel

---

[1] In addition to the disclosure prohibitions noted above, legal privileges or law-enforcement sensitivities may also prevent the disclosure of certain information.

3

**Additional addressees:**

*Plaintiffs' counsel:*

Andrew H. Turner
Kelman Buescher Firm
600 Grant Street Suite 825
Denver, CO  80203
Email:Aturner@laborlawdenver.Com

Hans Christopher Meyer
Meyer Law Office, P.C.
P.O. Box 40394
1029 Santa Fe Drive
Denver, CO  80204
Email:Hans@themeyerlawoffice.Com

P. David Lopez
Outten & Golden, LLP-DC
601 Massachusetts Avenue Nw 2nd Floor West Suite
Washington, DC  20001
Email:Pdl@outtengolden.Com

Ashley Kathryn Boothby
Kelman Buescher Firm
600 Grant Street Suite 450
Denver, CO  80203
Email:Aboothby@laborlawdenver.Com

David Hollis Seligman
Towards Justice-Denver
1410 High Street Suite 300
Denver, CO  80218
Email:David@towardsjustice.Org

Juno E. Turner
Outten & Golden, LLP-New York
685 Third Avenue 25th Floor
New York, NY  10017
Email:Jturner@outtengolden.Com

4

Ossai Miazad
Outten & Golden, LLP-New York
685 Third Avenue 25th Floor
New York, NY 10017
Email:Om@outtengolden.Com

Rachel Williams Dempsey
Outten & Golden, LLP-San Francisco
One California Street 12th Floor
San Francisco, CA 94111
Email:Rdempsey@outtengolden.Com

Robert Andrew Free
R. Andrew Free Law Office
414 Union Street Suite 900
Email:Andrew@immigrantcivilrights.Com

Brandt Powers Milstein
Milstein Law Office
1123 Spruce Street
Boulder, CO 80302
Email:Brandt@milsteinlawoffice.Com


*Defendant's counsel:*

Dana L. Eismeier
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One Suite 1000
Greenwood Village, CO 80111
Email:Deismeier@bfwlaw.Com

Mark Thomas Emery
Norton Rose Fulbright US LLP-DC
799 9th Street Suite 1000
Washington, DC 20001-4501
Email:Mark.Emery@nortonrosefulbright.Com

Michael York Ley
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One Suite 1000
Greenwood Village, CO 80111
Email:Mley@bfwlaw.Com

5

# EXHIBIT B

**Linhardt, Alex L. (Assoc-LA-LT)**

| | |
|---|---|
| **From:** | Ted Maya <tmaya@ahdootwolfson.com> |
| **Sent:** | Tuesday, February 12, 2019 3:20 PM |
| **To:** | Ellison, Dawn (OfCnsl-DC-LT); lwright@burnscharest.com |
| **Cc:** | andrew@immigrantcivilrights.com; Schipma, Scott A. (Shld-DC-GvtCntr); Greene, Jeffrey (Shld-Bos-LT); Vant, James M (Shld-Bos-LT); Linhardt, Alex L. (Assoc-LA-LT); Bryan, Emily (Assoc-Bos-LT); Muenzfeld, Danielle K. (Assoc-WDC-GvtCntr); Novoa - External |
| **Subject:** | Re: 2018.02.06 Ellison Letter re Document Processes and Discovery |

Dawn,

We will agree to the six-month extension described in your letter of February 6.  Please circulate a stipulation and proposed order for review.

Thanks,

Ted


Theodore Maya

_____

**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Phn:     (310) 474-9111
Fax:     (310) 474-8585
E-mail: tmaya@ahdootwolfson.com

********

The information in this electronic mail is confidential and may be privileged. If you are not the intended recipient, you are hereby notified that any review, dissemination, disclosure, copying, or distribution of the information in these documents is strictly prohibited. If you have received this communication in error, please contact the sender by reply mail and destroy all copies of the original message.

********

IRS Circular 230: under U.S. treasury regulations, we are required to inform you that any tax advice contained in this communication (including any attachment) is not intended to be used, and cannot be used, to avoid penalties imposed under the internal revenue code.


**From:** "ellisond@gtlaw.com" <ellisond@gtlaw.com>
**Date:** Wednesday, February 6, 2019 at 7:39 PM
**To:** "lwright@burnscharest.com" <lwright@burnscharest.com>
**Cc:** Ted Maya <tmaya@ahdootwolfson.com>, "andrew@immigrantcivilrights.com" <andrew@immigrantcivilrights.com>, "schipmas@gtlaw.com" <schipmas@gtlaw.com>, "GreeneJ@gtlaw.com" <GreeneJ@gtlaw.com>, "vantj@gtlaw.com" <vantj@gtlaw.com>, "linhardta@gtlaw.com" <linhardta@gtlaw.com>, "bryane@gtlaw.com" <bryane@gtlaw.com>,

"muenzfeldd@gtlaw.com" <muenzfeldd@gtlaw.com>
**Subject:** 2018.02.06 Ellison Letter re Document Processes and Discovery

Lydia,

Please see the attached correspondence.

Regards,
Dawn

**Dawn Ellison**
Of Counsel

Greenberg Traurig, LLP
2101 L Street N.W. | Washington, D.C. 20037
T +1 202.331.3159  |  F +1 202.261.4792
ellisond@gtlaw.com  |  www.gtlaw.com  |  View GT Biography





If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.