| | |
|---|---|
| 1 | ROBERT J. HERRINGTON (BAR NO. 234417) |
| 2 | ALEX L. LINHARDT (BAR NO. 303669) |
| | **GREENBERG TRAURIG, LLP** |
| 3 | 1840 Century Park East, Suite 1900 |
| 4 | Los Angeles, California 90067-2121 |
| | Telephone:   310.586.7700 |
| 5 | Facsimile:   310.586.7800 |
| 6 | herringtonr@gtlaw.com |
| | linhardta@gtlaw.com |
| 7 | |
| 8 | SCOTT A. SCHIPMA (*PRO HAC VICE*) |
| | **GREENBERG TRAURIG, LLP** |
| 9 | 2101 L Street NW, Suite 1000 |
| | Washington, DC 20037 |
| 10 | Telephone:   202.331.3100 |
| 11 | Facsimile:   202.331.3101 |
| | schipmas@gtlaw.com |

Attorneys for Defendant
The GEO Group, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL NOVOA and JAIME CAMPOS FUENTES, individually and on behalf of all others similarly situated, | CASE NO.  5:17-cv-02514-JGB-SHKx |
| | **GEO'S OPPOSITION TO PLAINTIFFS' DISCOVERY MOTION OPENING BRIEF** |
| Plaintiff, | |
| v. | JUDGE:   Hon. Jesus G. Bernal |
| THE GEO GROUP, INC., | |
| Defendant. | |
| THE GEO GROUP, INC., | SAC Filed:               December 24, 2018 |
| Counter-Claimant, | Current Trial Date:   August 27, 2019 |
| v. | Proposed Trial Date: February 27, 2020 |
| RAUL NOVOA, individually and on behalf of all others similarly situated, | |
| Counter Defendant. | |

OPPOSITION TO PLAINTIFFS' DISCOVERY MOTION OPENING BRIEF

ACTIVE 41727709v1

## I. INTRODUCTION

Plaintiffs' motion is based on the unsupportable premise that they are entitled to documents and information that are not relevant—even if production (a) would result in the disclosure of Defendant The GEO Group, Inc.'s ("GEO") sensitive business information about unrelated facilities not at issue in this litigation; and (b) would cause GEO to spend tens of thousands more dollars in document processing costs and weeks of expensive attorney time to review and produce the nonresponsive documents. *See* Declaration of Jaclyn L. Schoen ("Schoen Decl."), ¶¶ 17-18.  Because GEO's position regarding the redaction or withholding of irrelevant, nonresponsive information is proper under application of the Federal Rules of Civil Procedure, this Court should approve GEO's proposals.

### A. Issue 1:  Redaction of Irrelevant, Nonresponsive Sensitive Business Information Regarding Other GEO Facilities.

Plaintiffs emphasize their straw man argument that GEO seeks to redact all irrelevant information from otherwise responsive documents, but GEO's position is much more narrow:  GEO proposes to redact from otherwise responsive documents only irrelevant, nonresponsive sensitive business information about facilities other than the Adelanto Detention Center ("Adelanto").  In response to this narrowly focused proposal, Plaintiffs raise the red herring issue of relevancy—focusing on the danger that GEO might redact *relevant* information relating to other facilities.  This Court should address the specific proposal at hand and avoid premature relevance rulings that would, because of the posture of this motion, be made on an incomplete and hypothetical record. Moreover, to mitigate the concern implicit in Plaintiffs' position—that GEO might inappropriately redact *relevant* information—GEO proposes the following procedure: For redactions of sensitive business information relating to other facilities, GEO will produce a redaction log that will detail whether the redacted material pertains to any aspect of payments to detainees or the Housekeeping or Voluntary Work Program.

For purposes of Issue 1, this Court should assume that the material GEO proposes to redact is not relevant.[1] Moreover, this Court should not ignore the reality that this lawsuit, based on GEO's application of long-standing policies and procedures developed by the U.S. Immigration and Customs Enforcement agency ("ICE"), is highly politicized and mirrors multiple other lawsuits filed by these same plaintiffs' lawyers. GEO's reasonable concern—that the lawyers in this case may be looking for other areas or issues for which they can file additional "impact litigation"—cannot be mitigated adequately through a protective order. GEO should therefore be permitted to redact sensitive business information relating to facilities other than Adelanto.

### B. Issue 2: Withholding of Irrelevant, Nonresponsive Email Attachments.

GEO has also proposed to withhold irrelevant attachments to email correspondence on the grounds that such attachments are not within the scope of discovery—both because they are not relevant, and because the burden of producing the irrelevant attachments is not proportional to the needs of this case.[2] Because producing these irrelevant documents would increase GEO's document processing costs by tens of thousands of dollars, and because Plaintiffs cannot identify any need for production of these documents, this Court should permit GEO to withhold attachments to emails that are not relevant to the case.

---

[1] Plaintiffs spend a great deal of time criticizing the premise that GEO should be permitted to unilaterally determine relevance and insinuating that GEO will inappropriately redact relevant information. However, Plaintiffs ignore that the review will be performed by GEO's lawyers, who are officers of the Court. As this Court has already noted, Plaintiffs' alleged "integrity" concerns arise in any civil discovery where parties and counsel have an obligation to identify and provide documents responsive to the other side's requests. There is simply no basis to question the professional candor and diligence of GEO's counsel in responding to discovery requests.

[2] For the sake of clarity, this issue involves only whether Plaintiffs are entitled to nonresponsive email attachments, and not parent emails. GEO has already agreed to produce all parent emails even when only a single attachment is responsive. Plaintiffs will therefore always be able to discern the context of the emails at issue.

## II. LEGAL STANDARD

This motion arises in the context of an unresolved dispute resulting from a negotiated ESI protocol. As a result, the issues before the Court do not arise from either a motion to compel or a motion for a protective order. Thus, to resolve these issues, this Court should focus on the common-sense application of the Federal Rules of Civil Procedure. For Issue #1, GEO accepts that it has the burden to justify its proposal to redact irrelevant, sensitive business information from an otherwise responsive document. For Issue #2, the requesting party typically has the burden to show that the requested material falls within the permissible scope of discovery. Because GEO will show that the irrelevant attachments do not fall within the permissible scope of discovery on the grounds of both relevance and proportionality considerations, Plaintiffs must justify why such documents should be produced.

## III. ARGUMENT

### A. Redactions are necessary to protect GEO's sensitive business information about other facilities.

Plaintiffs falsely contend that Rule 34 categorically prohibits relevance redactions and that "relevance redactions [have] been rejected by courts nationwide." Mot. at 4:5-21. In fact, courts regularly permit redactions of nonresponsive information from otherwise responsive documents on the basis of relevance alone, but also in cases exactly like this one—where a small portion of a defendant's overall products or facilities are at issue, and the redacted material is confidential or sensitive business information.[3] *See,*

---

[3] Plaintiffs' own cited case states that "it appears as though there is virtually an even split on this issue" of relevance redactions. *Bonnell v. Carnival Corp.*, 2014 U.S. Dist. LEXIS 22459, at *7 (S.D. Fla. Jan. 31, 2014). Many published and unpublished cases show courts allowing redactions of nonresponsive information, even when the redacted material is not sensitive or confidential. *See Kirsch v. Brightstar Corp.*, 68 F. Supp. 3d 846, 857 (N.D. Ill. 2014) ("Redacting documents that are non-responsive to a plaintiff's document requests and irrelevant to the litigation is appropriate."); *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 222-23 (N.D. Ill. 2013) (allowing redaction of unrelated "business and financial information" and holding that "[w]ithholding and redacting

*e.g., In re Takata Airbag Prods. Liab. Litig.*, 2015 U.S. Dist. LEXIS 177387, at \*119 (S.D. Fla. Dec. 8, 2015) (approving redaction of information pertaining to other car makes and models not at issue); *In re Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Prods. Liab. Litig.*, 2010 WL 3780798, at \*2 (S.D. Ill. Sept. 22, 2010) (approving redactions for information on "completely unrelated drugs" and general business marketing).

In fact, when companies possess responsive documents containing sensitive business information unrelated to the litigation, even "heavy" redaction of over tens of thousands of pages has been found to be appropriate. *See, e.g., Johnson v. Hewlett Packard Co.*, 2011 WL 13153654, at \*1-2 (N.D. Cal. Apr. 21, 2011) (HP allowed to "heavily" redact information about "HP's entire sales compensation process"); *Spano v. Boeing Corp.*, 2008 U.S. Dist. LEXIS 31306, at \*7 (S.D. Ill. Apr. 16, 2008) (Boeing produced 50,000 documents with heavy redactions of benefit plans that were irrelevant to the 401(k) plan at issue).

---

documents that are non-responsive to Defendants' document requests is appropriate"); *Floyd v. City of New York*, 739 F. Supp. 2d 376, 386 (S.D.N.Y. 2010) (permitting defendants to "redact[ ] irrelevant and truly sensitive information" even though parties had protective order); *Stonehill v. I.R.S.*, 534 F. Supp. 2d 1, 9 n.6 (D.D.C. 2008) ("FOIA, unlike Rule 26, does not permit relevance redactions"); *In re Monitronics Int'l, Inc.*, 2016 U.S. Dist. LEXIS 189580, at \*13 (N.D. W. Va. Dec. 9, 2016) ("this Court agrees that there are scenarios where redacting irrelevant material is appropriate"); *Williams v. U.S. Envtl. Servs., LLC*, 2016 U.S. Dist. LEXIS 18290, at \*8 (M.D. La. Feb. 16, 2016) (finding "redacted material irrelevant and outside the scope of discovery as it concerns matters unrelated to this litigation"); *Bear Creek Cranberry Co., LLC v. Cliffstar Corp.*, 2011 U.S. Dist. LEXIS 76787, at \*7-9 (W.D.N.Y. July 15, 2011) (permitting redaction where "only a limited aspect of the contracts" were relevant to defenses); *Flintkote Co. v. Gen. Accident Assur. Co.*, 2009 U.S. Dist. LEXIS 44066, at \*19 (N.D. Cal. May 26, 2009) ("defendants may redact information that is not relevant to this litigation"); *Strategic Growth Int'l, Inc. v. Remotemdx, Inc.*, 2007 WL 3341522, at \*2 (S.D.N.Y. Nov. 9, 2007) (allowing redactions of irrelevant information); *Gates v. Rohm & Hass Co.*, 2007 WL 295416, at \*1 (E.D. Pa. Jan. 29, 2007) (allowing redactions for responsiveness because the "redacted material will not advance the preparation for or resolution of the" case).

4

OPPOSITION TO PLAINTIFFS' DISCOVERY MOTION OPENING BRIEF
ACTIVE 41727709v1

This case law makes clear that, though courts are split on the propriety of relevance redactions, the issue typically hinges on a practical question: whether the producing party could be injured from production of unrelated and sensitive business information. Even Plaintiffs' cited cases acknowledge that redaction may be appropriate where the producing party would be "harmed by producing irrelevant information or by producing sensitive information." *Beverage Distribs., Inc. v. Miller Brewing Co*., 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010).[4]

GEO's narrow proposal to redact irrelevant, sensitive business information about other facilities arises from the reasonable concern that the lawyers on this case are likely searching for ammunition to bring other "impact litigation"[5] against GEO. The present lawsuit is one of eight similarly-styled lawsuits brought against private prison companies. Moreover, in the current political climate, it is reasonable for GEO to be concerned that self-proclaimed activist plaintiffs' lawyers might be looking for other, wholly unrelated and similarly creative bases upon which to sue private prison companies who contract with ICE. Because GEO has a reasonable concern that these very Plaintiffs' lawyers may be looking for additional ammunition for new lawsuits, and because GEO's proposal is narrowly focused to mitigate that concern, this Court should allow GEO to redact from otherwise responsive documents any irrelevant sensitive business information that relates to other facilities.

---

[4] *See also Evon v. Law Offices of Sidney Mickell*, 2010 WL 455476, at *2 (E.D. Cal. Feb. 3, 2010) ("if entire sections are clearly and convincingly irrelevant, they may be redacted"); *In re Medeva Sec. Litig*., 1995 WL 943468, at *3 (C.D. Cal. 1995) ("Infrequently, where a document contains a paragraph of privileged or very sensitive material, redaction is a sensible solution.").

[5] This phrase is not one coined by GEO to refer to these cases. Rather, it comes directly from the plaintiffs' lawyers themselves. In a parallel pending case, a common interest privilege log was produced that contained an entry pertaining to an email from Andrew Free, one of the lawyers in the pending case, describing the parallel case as "impact litigation."

As stated above, to address Plaintiff's premature and hypothetical concern that GEO might redact *relevant* information, GEO will produce a log for redactions relating to sensitive business information about other facilities. The entries will detail whether the redacted material relates to payments to detainees, or the Housekeeping or Voluntary Work Programs. Plaintiffs have not articulated how they could be harmed by GEO's redaction of nonresponsive, irrelevant information about other facilities not at issue in this case. Instead, Plaintiffs only imagine problems that do not yet exist—that GEO might inappropriately redact so many documents that *in camera* review would unnecessarily burden this Court, or that GEO would fail to exercise good faith in these redactions. As a result, given the absence of any prejudice to plaintiffs, GEO's narrow and focused redaction proposal should be accepted by this Court. *See, e.g., Topps Co. v. Koko's Confectionary & Novelty*, 2018 WL 4440502, at *9 (S.D.N.Y. Sept. 17, 2018) (redactions of irrelevant information allowed where plaintiff failed to "identify any good-faith basis for believing that the redacted information is relevant"); *Takata*, 2015 U.S. Dist. LEXIS 177387, at *119 (plaintiffs failed "to articulate why they would need information that is by definition irrelevant and deals with [car] makes and models not at issue[ ] in the litigation").

Plaintiffs erroneously contend that the parties' protective order is sufficient to alleviate any concerns about the disclosure of unrelated business information regarding other GEO facilities. In fact, Plaintiffs' counsel cannot "unknow" the information they learn through the documents, and the draft Stipulated Protective Order cannot adequately mitigate GEO's concerns that knowledge about unrelated issues at other facilities might result in additional lawsuits brought by these plaintiffs' lawyers.[6] Moreover, numerous cases support redactions even when the parties have entered into a stipulated protective order and there is still some risk of disclosure of sensitive business information. *See U.S.*

---

[6] And because the lawyers in this case are the very people to whom GEO does not want to disclose the sensitive information at issue, even the "Attorneys Eyes Only" designation in the draft Order does not provide adequate protection.

*EEOC v. ABM Indus.*, 2010 U.S. Dist. LEXIS, at *18 (E.D. Cal. Mar. 3, 2010) (even with protective order, defendant was "authorized to redact any non-responsive information and pricing information contained on the documents" in sexual harassment cases); *see also In re Consellior Sas*, 2014 U.S. Dist. LEXIS 2972, at *6 (D. Conn. Jan. 10, 2014) (allowing redactions even with protective order); *In re Oil Spill by the Oil Rig "Deepwater Horizon,"* 2011 WL 12663484, at *1 (E.D. La. July 1, 2011) (same); *Spano*, 2008 U.S. Dist. LEXIS 31306, at *7 (same).

GEO's proposal should be approved by this Court, not only because it is appropriate under the applicable federal rules, but also because it addresses the concerns identified by Plaintiffs.[7] Specifically, because GEO will produce a log for this category of redactions, Plaintiffs will be able to assess the purported relevance of the information about other GEO facilities. Plaintiffs can then challenge any redactions on a document-by-document or issue-by-issue basis going forward.[8] *See Abbott v. Lockheed Martin Corp.*, 2009 U.S. Dist. LEXIS 15329, at *8 (S.D. Ill. Feb. 27, 2009) (allowing redactions and stating that "[i]f Plaintiffs have a good faith basis to believe that other redactions . . . are not based on relevance . . . they may move the Court, on a document by document basis, for *in camera* review"); *Gates*, 2007 WL 295416, at *1 (requesting party allowed to challenge redactions at later date).

---

[7] The language in the draft ESI Protocol also allows redaction of only "sensitive business information that is not necessary to understand the responsive information in the document." Thus, under GEO's proposal, redactions that obscure the content of the document are not permitted.

[8] Plaintiffs contend that *in camera* review of any allegedly relevant information would be burdensome, but their own case notes that even courts disapproving of relevance redactions "have acknowledged that *in camera* reviews can resolve the concerns that attend unilateral redactions." *U.S. v. McGraw-Hill Cos., Inc.*, 2014 WL 8662657, at *3 (C.D. Cal. Sept. 25, 2014). The *McGraw-Hill* Court found that, "[w]hile it might be true that such reviews would be time-consuming, the Court expects that such time and effort would be commensurate with the importance of this litigation and the sensitive discovery concerns that are implicated." *Id.*

### B. The withholding of irrelevant, nonresponsive email attachments should be permitted because they are outside the scope of permissible discovery.

GEO should be allowed to withhold nonresponsive, irrelevant attachments to emails because they are outside the scope of permissible discovery under the Federal Rules. Contrary to Plaintiffs' argument that withholding email attachments is a "form of redaction," numerous cases suggest that relevance (like privilege) must be analyzed separately for parent emails and their attachments: "[t]he relevance of each document in a document 'family' should be assessed separately." *G.P.P. v. Guardian Prot. Prods.*, 2016 U.S. Dist. LEXIS 88926, at *18 (N.D. Cal. July 17, 2018) (citing cases). Moreover, "[c]onceptually, there is a good basis for considering each item (each e-mail and each attachment) separately. Relevance is the *sine qua non* of discovery." [9] *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 2011 U.S. Dist. LEXIS 95912, at *20 (S.D.N.Y. Aug. 18, 2011).

If information is not relevant, it is not discoverable under the plain text of Rule 26(b). *Id.* (noting that "if an email attaches three disparate items in one communication package, that does not mean that all three items relate to the same thing or would be equally relevant to a discovery request.").[10] Here, notably, the documents at issue are not

---

[9] The cases cited by Plaintiffs shed no light on the issue of withholding nonresponsive attachments. In *Pom Wonderful LLC v. Coca-Cola Co.*, 2009 WL 10655335, at *2 (C.D. Cal. Nov. 30, 2009), it was undisputed that the attachments were relevant. Similarly, in *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, 2019 WL 581715, at *11 (S.D. Cal. Feb. 13, 2019), the Court did not address the issue of the treatment of nonresponsive attachments. Instead, there, the compelling party argued that the parties had already agreed to produce families in their entirety and was now in breach of that agreement.

[10] *See also Broiler Chicken Antitrust Litig.*, 2018 U.S. Dist. LEXIS 119536, at *18 (N.D. Ill. July 17, 2018) ("The Court does not agree with Plaintiffs that there is any hard and fast rule that nonresponsive [attachments] should be produced in all cases."); *In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 2013 U.S. Dist. LEXIS 187691, at *10-13 (E.D. Pa. Oct. 31, 2013) (plaintiff had made no adequate showing that review of withheld non-responsive attachments was needed); *Takata*, 2015 U.S. Dist. LEXIS 177387, at *120 (court noting that agreement to withhold irrelevant attachments was made

relevant to the case, but merely within the production set by virtue of the fact that they fall within the "Family Group" definition agreed to by the parties in the draft ESI Protocol.[11]

Under Rule 26(b)(1), parties may only obtain discovery "that is relevant to any claim or defense *and* proportional to the needs of the case, considering [*inter alia*] the importance of the issues at stake in the action … the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. Proc. 26(b)(1) (emphasis added).[12] These nonresponsive, irrelevant attachments are also outside the permissible scope of discovery because their production is not proportional to the needs of this case.

Although the fact that Plaintiffs are not entitled to irrelevant, nonresponsive attachments in the first instance should be dispositive here, it is reinforced by the substantial financial and time burdens GEO would incur in a case that already involves an extensive multi-layered review of tens of thousands of documents. If GEO is forced to produce nonresponsive attachments, it will need to review those attachments for any applicable privilege (e.g., attorney-client), confidential information, possible further review by ICE and potential need for redaction. Schoen Decl., ¶ 14. GEO must then

---

"presumably because neither party sees the need to expand what will likely be an enormous production of relevant documents").

[11] GEO proposed that the "Family Group," provision in the ESI protocol contain language requiring production of only *responsive* attachments to email, and provide that, "The parties may withhold entirely non-responsive attachments or privileged documents, and will produce a slip sheet denoting the status of the document." It is this proposed language that gave rise to dispute in "Issue 2."

[12] Although these factors were originally introduced into Rule 26 in 1983, the language was relocated in the 2015 amendments "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry . . . [and] *to encourage judges to be more aggressive in identifying and discouraging discovery overuse*." Adv. Comm. Notes to 2015 Amend. to FRCP 26 (emphasis added).

apply any redactions, convert the attachments to TIFF format, and finally apply optical character recognition and bates stamps. *Id.*

Of the 13,561 responsive email family groups identified in this case after a first-level review, 32.4% are nonresponsive attachments. *Id.*, ¶ 15. Because an additional 228,124 documents have been identified for review, and an additional 29,138 of these documents are estimated to be responsive family groups, 32.4% of the total estimated 42,699 documents in GEO's production are nonresponsive attachments. *Id.*, ¶¶ 16-17. In other words, if GEO were required to produce nonresponsive attachments, it would entail the review and production of *an additional 13,851 documents*. *Id.*, ¶ 17. By analogizing document processing costs to a similar case, it is anticipated that the additional review of these 13,851 nonresponsive documents would result in GEO incurring approximately $38,782.80. *Id.*, ¶ 18.

In light of the fact that Plaintiffs can identify no benefit to them in receiving these nonresponsive, irrelevant attachments to email, Plaintiffs clearly have failed to explain why GEO should spend weeks and more than $38,000 to review and produce thousands of nonresponsive attachments—particularly where they are not entitled to these nonresponsive documents under the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, GEO respectfully requests that the Court deny Plaintiffs' discovery motion and (1) permit GEO to redact sensitive business information about other GEO facilities; and (2) permit GEO to withhold nonresponsive attachments and instead insert one-page slip-sheets.

Dated: February 26, 2019              **GREENBERG TRAURIG, LLP**

By  */s/ Alex Linhardt*
Robert J. Herrington
Scott A. Schipma
Alex L. Linhardt
Attorneys for Defendant
The GEO Group, Inc.

10
OPPOSITION TO PLAINTIFFS' DISCOVERY MOTION OPENING BRIEF

ACTIVE 41727709v1