ROBERT J. HERRINGTON (BAR NO. 234417)
ALEX L. LINHARDT (BAR NO. 303669)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
herringtonr@gtlaw.com
linhardt@gtlaw.com

SCOTT A. SCHIPMA (*PRO HAC VICE*)
**GREENBERG TRAURIG, LLP**
2101 L Street NW, Suite 1000
Washington, DC 20037
Telephone: 202.331.3100
Facsimile: 202.331.3101
schipmas@gtlaw.com

Attorneys for Defendant
The GEO Group, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL NOVOA and JAIME CAMPOS FUENTES, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br>THE GEO GROUP, INC.,<br>    Defendant.<br>THE GEO GROUP, INC.,<br>    Counter-Claimant,<br>v.<br>RAUL NOVOA, individually and on behalf of all others similarly situated,<br>    Counter-Defendant. | CASE NO.  5:17-cv-02514-JGB-SHKx<br>**DECLARATION OF JACLYN L. SCHOEN**<br>JUDGE: Hon. Jesus G. Bernal<br><br><br>SAC Filed: December 24, 2018<br>Current Trial Date: August 27, 2019<br>Proposed Trial Date: February 27, 2020 |

DECLARATION OF JACLYN L. SCHOEN

I, Jaclyn L. Schoen, hereby depose and state as follows:

1. I am submitting this Declaration in Support of The GEO Group, Inc.'s ("GEO") Opposition to Plaintiffs' Discovery Motion Opening Brief.

2. I am over the age of twenty-one, competent to give this Declaration, and do so, except where stated, based on personal knowledge of the facts stated herein.

3. I have over twelve years of experience managing eDiscovery projects.

4. Since September 2017, I have been the Vice President of Strategy and Consulting and Senior eDiscovery Counsel at Precision Discovery, Inc. ("Precision"), located at 125 S. Wacker Drive, Suite 300, Chicago, Illinois 60606. Precision provides a full suite of eDiscovery, forensic, and consulting services. Among other things, I am responsible for the overall strategy and workflows for Precision as well as the creation and ongoing management of the Case Assessment, Analytics, and Review Division.

5. From December 2014 until September 2017, I was the Managing Director, Managed Review Services at Precision.

6. From January 2011 until November 2014, I was the Director of eDiscovery Managed Services at The Verity Group, which offered eDiscovery, forensic, and consulting services. Among other things, I managed all consulting in the areas of information governance, eDiscovery, and managed document review.

7. From July 2005 to September 2010, I was the Project Director at LawyerLink LLC (now known as Axiom), which offered eDiscovery and consulting services. Among other things, I was responsible for overseeing all projects, including managing the project management team, creating tracking and reporting systems, and recruiting and training hundreds of attorneys.

8. In July 2004, I earned a J.D. from Pepperdine School of Law.

9. In May 1995, I earned a B.S. in Biology from the University of Illinois at Urbana-Champaign.

DECLARATION OF JACLYN L. SCHOEN

2

10. I understand that the parties have defined an "email family group" as: a single email and any attachments, regardless of whether or not such email is in a string ("Family Group").

11. One or more attachments in a Family Group may be nonresponsive to a requesting party's discovery requests and not relevant to the claims or defenses in this action ("Nonresponsive Attachment").

12. Rather than produce a Nonresponsive Attachment, a producing party can replace the Nonresponsive Attachment with a slip-sheet ("Slip-sheet") bearing an appropriate label. For example, a Slip-sheet can be marked with a "Nonresponsive Attachment" label.

13. If a producing party is permitted to replace a Nonresponsive Attachment with a Slip-sheet, it need not take any further action with respect to the Nonresponsive Attachment after making a threshold determination during a first-level review that it is nonresponsive to a requesting party's discovery requests.

14. If a producing party is required to produce a Nonresponsive Attachment, however, it must take a number of additional actions prior to producing a Nonresponsive Attachment to a requesting party. For example, a producing party will need to review a Nonresponsive Attachment for applicable privileges (e.g., attorney-client privilege, etc.), for confidential information, to determine whether a further review by U.S. Immigration and Customs Enforcement ("ICE") is necessary, apply redactions, convert to Tagged Image File Format (TIFF), apply optical character recognition (OCR), and bates stamp each document.

15. To date, 106,169 documents have undergone a first-level review in this action as part of a targeted collection and review process. 9,162 of those documents, or approximately 8.6%, have been identified as responsive to the Plaintiffs' discovery requests. 4,399 of those documents, or approximately 4.1%, have been identified as Nonresponsive

Attachments to those responsive documents. Therefore, approximately 32.4% of the 13,561 documents comprising Family Groups are Nonresponsive Attachments.

16. Moreover, an additional 228,124 documents have been identified for review. Utilizing the percentages specified above in Paragraph 15, and applying them to these additional 228,124 documents, it is estimated that 19,686 of those documents, or approximately 8.6%, may be identified as responsive to the Plaintiffs' discovery requests. It is further estimated that 9,452 of those documents, or approximately 4.1%, may be identified as Nonresponsive Attachments to those responsive documents. Therefore, it is estimated that approximately 32.4% of the 29,138 documents comprising Family Groups are Nonresponsive Attachments.

17. As a result, it is estimated that requiring GEO to produce Nonresponsive Attachments in this action would result in review and production of a total of 42,699 documents – 13,851 of which would be Nonresponsive Attachments. In other words, GEO would be required to review and produce approximately 32.4% more documents.

18. In an analogous action, *State of Washington v. The Geo Group, Inc.*, No. 3:17-cv-05806-RJB (W.D. Wash. *filed* Oct. 9, 2017), GEO incurred an approximate cost of $2.80 to review (for responsiveness, privilege, ICE-review, and confidentiality), apply redactions to, convert to Tagged Image File Format (TIFF), apply optical character recognition (OCR) to, and bates stamp each document. As a result, using the estimated numbers described in the previous paragraphs, requiring GEO to produce Nonresponsive Attachments in this action would require it to incur additional estimated costs of approximately $38,782.80.

I DECLARE UNDER PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: February 26, 2019

Jaclyn L. Schoen

DECLARATION OF JACLYN L. SCHOEN

4