HOLLAND & KNIGHT LLP
Christina T. Tellado (SBN 298597)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail: christina.tellado@hklaw.com

ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL NOVOA and JAIME CAMPOS FUENTES, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>    *Defendant*.<br><br>THE GEO GROUP, INC.,<br><br>    *Counter-Claimant*,<br><br>v.<br><br>RAUL NOVOA and JAIME CAMPOS FUENTES, individually and on behalf of all others similarly situated,<br><br>    *Counter-Defendants*. | CASE NO. 5:17-cv-02514-JGB-SHKx<br><br>**DEFENDANT GEO'S ANSWER TO PLAINTIFFS' REPLY COUNTERCLAIM**<br><br>JUDGE: Hon. Jesus G. Bernal<br><br>**DEMAND FOR JURY TRIAL**<br><br>Amended Complaint Filed: 12/24/18 |

THE GEO GROUP, INC.'S ANSWER TO PLAINTIFFS' REPLY COUNTERCLAIM

Defendant The GEO Group, Inc. ("GEO") answers the Counterclaim in Reply ("CIR"; Dkt. #117) of Plaintiffs Raul Novoa and Jaime Campos Fuentes, individually and on behalf of all others similarly situated ("Plaintiffs"), and states its affirmative defenses, as follows:

## JURISDICTION AND VENUE

1. GEO denies that the Court has subject matter jurisdiction over this suit.

2. Plaintiffs allege that the Court has jurisdiction over this case based on their allegations and GEO's citizenship. GEO has no basis to affirm or deny the factual averments regarding jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and therefore denies them. GEO further denies that the Court has subject matter jurisdiction over this suit.

3. GEO admits that to the extent the Court has jurisdiction, venue is proper in this District. GEO denies the remaining allegations set forth in Paragraph 3 of the CIR.

4. GEO admits that it conducts business in Adelanto, San Bernardino County, California. GEO denies the remaining allegations set forth in Paragraph 4 of the CIR.

5. Paragraph 5 of the CIR refers to Plaintiffs' request for the Court to exercise supplemental jurisdiction over their state law claims. GEO is without knowledge or information sufficient to form a belief as to Plaintiffs' requests. GEO denies that the Court has supplemental jurisdiction over this suit. GEO denies that Plaintiffs have complied with the procedural requirements to assert the CIR as a valid claim over which the Court may exercise supplemental jurisdiction.

## PARTIES

6. GEO admits that ICE detained Plaintiff Raul Novoa at the Adelanto Facility for a period of time and that he received $1 per day as an allowance for participating in the Voluntary Work Program ("VWP"). GEO is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations set forth as Paragraph 6 of the CIR and accordingly denies the truth of the allegations.

7. GEO admits that ICE detained Plaintiff Jaime Campos Fuentes at the Adelanto Facility for a period of time and that he received $1 per day as an allowance for participating in the Voluntary Work Program. GEO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth as Paragraph 7 of the CIR and accordingly denies the truth of the allegations.

8. GEO admits it is a for-profit Florida corporation providing correctional, detention, and community reentry services. GEO's principal office is located at 621 NW 53rd Street, Suite 700, Boca Raton, Florida, 33487.

## CAUSES OF ACTION

### COUNT VI
### RETALIATION

9. GEO incorporates by reference its responses to the allegations in its Answer to Plaintiffs' Second Amended Complaint ("SAC"; Dkt. #113) filed on January 28, 2019, as if set forth fully herein. Paragraph 9 of the CIR contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary. To the extent a response is necessary, GEO denies the allegations set forth in Paragraph 9 of the CIR.

10. GEO admits Plaintiff Novoa was detained at the Adelanto Facility for a period of time. GEO denies the remaining allegations set forth in Paragraph 10 of the CIR.

11. GEO admits that Plaintiff Novoa filed a class action complaint. The remainder of Paragraph 11 of the CIR contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary. To the extent a response is necessary, GEO denies the

allegations set forth in Paragraph 11 of the CIR, including, specifically, the allegation that Plaintiff Novoa "engaged in a protected activity" by filing this lawsuit.

12. GEO admits that it filed a counterclaim against Plaintiff Novoa. The remainder of Paragraph 12 of the CIR contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny and calls for a legal conclusion to which no response is necessary. To the extent a response is necessary, GEO denies the allegations set forth in Paragraph 12 of the CIR.

13. GEO admits the allegations set forth in Paragraph 13 of the CIR.

14. GEO denies the allegations set forth in Paragraph 14 of the CIR.

15. Paragraph 15 of the CIR contains Plaintiffs' characterization of the nature of the action rather than averring any facts for GEO to admit or deny. To the extent this paragraph alleges any facts or a response is necessary, GEO denies the allegations in Paragraph 15 of the CIR.

16. GEO denies the allegations set forth in Paragraph 16 of the CIR.

17. Paragraph 17 of the CIR contains Plaintiffs' characterization of statements in separate litigation that speak for themselves and have no bearing on this litigation. GEO denies that Plaintiffs accurately characterize GEO's statements or that those statements apply in this case.

18. GEO denies the allegations set forth in Paragraph 18 of the CIR.

19. GEO denies the allegations set forth in Paragraph 19 of the CIR.

GEO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth as Paragraph 20 of the CIR and accordingly denies the truth of the allegations. **PRAYER FOR RELIEF**

In answering the Prayer for Relief, GEO denies that Plaintiffs and the Class Members are entitled to any of the relief they seek. GEO denies that this matter is suitable for class

certification.  GEO affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each purported cause of action of Plaintiffs' CIR fails to allege facts sufficient to constitute a cause of action against GEO.

### SECOND AFFIRMATIVE DEFENSE

GEO has immunity from this lawsuit based upon, without limitation, its status as a government contractor and/or its entitlement to derivative sovereign immunity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs seek relief barred by the statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is pre-empted by federal law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join parties that should be joined under Federal Rule of Civil Procedure 19.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, if any, were caused by the acts of a third party who has not been named a party to this action and over whom GEO had no control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' requested relief violates the law, and is otherwise impossible to attain in conformance with the law.  Neither Plaintiffs nor putative class members have a legal right to work at minimum wage rates because none has sought approval from the U.S. Attorney General for employment with GEO, and none are qualified to work for GEO under ICE's

contract terms and federal law.  Plaintiffs' participation in the Voluntary Work Program was voluntary.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to brings the claims asserted in the CIR.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is not ripe.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is not justiciable.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have unreasonably delayed their request for relief, to GEO's prejudice, such that their claims are barred by the defense of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from seeking equitable relief to the extent an adequate remedy exists at law.

### FOURTEENTH AFFIRMATIVE DEFENSE

The federal Trafficking Victims Protection Act is unconstitutionally vague and/or overbroad as applied to GEO's administration of the VWP.

### FIFTEENTH AFFIRMATIVE DEFENSE

The California Trafficking Victims Protection Act is unconstitutionally vague and/or overbroad as applied to GEO's administration of the VWP.

### SIXTEENTH AFFIRMATIVE DEFENSE

California's Minimum Wage Law, and IWC Wage Order are unconstitutionally vague and/or overbroad as applied to GEO's administration of the VWP.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' CIR fails to state a claim because Plaintiffs have not identified any constitutional or statutory provision that was violated by any alleged retaliation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply with the procedural requirements to amend their initial pleading. Because Plaintiffs have failed to obtain leave to amend their initial pleading, the CIR is therefore unauthorized. In addition or in the alternative, the CIR does not constitute a compulsory counterclaim.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' CIR fails to state a claim because no statutory or common law authority authorizes Plaintiffs' retaliation theory.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' CIR fails to state a claim because GEO's counterclaim was legally proper and in response to Plaintiffs' affirmative claims against GEO.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' CIR fails to state a claim because GEO's actions are immune under the *Noerr-Pennington* doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' CIR fails to state a claim based on statutory or common law authority governing relationships between employers and employees because Plaintiffs are not employees of GEO.

GEO reserves the right to amend its Answer to Plaintiffs' CIR to assert additional defenses, withdraw defenses, and/or add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred, up through and including trial in this matter.

**PRAYER**

WHEREFORE, GEO respectfully requests:

1. That Plaintiffs take nothing by the SAC and CIR;

2. A dismissal of the SAC and CIR with prejudice and an award of GEO's reasonable attorneys' fees to the extent permitted by law;

3. Judgment in favor of GEO and against Plaintiffs;

4. Costs of suit herein; and

5. Such other and further relief, legal and equitable, that the Court may deem proper.

Dated: March 4, 2019				HOLLAND & KNIGHT LLP


						By */s/ Christina T. Tellado*
						Christina T. Tellado
						Attorneys for Defendant
						The GEO Group, Inc.


**JURY DEMAND**

Pursuant to FRCP 38(b), GEO demands a jury trial as to all triable issues raised in the SAC and CIR.


DATED: March 4, 2019				HOLLAND & KNIGHT LLP


						By */s/ Christina T. Tellado*
						Christina T. Tellado
						Attorneys for Defendant
						The GEO Group, Inc.

---

THE GEO GROUP, INC.'S ANSWER TO PLAINTIFFS' REPLY COUNTERCLAIM

8