1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585

Counsel for Plaintiffs
***Additional Counsel on Signature Page***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

**RAUL NOVOA** and **JAIME CAMPOS FUENTES**, individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

**THE GEO GROUP, INC.**,

*Defendant.*

Civil Action No. 5:17-cv-02514-JGB-SHKx

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR DISCOVERY MOTION**

Date: March 19, 2019
Time: 10:00 a.m.
Courtroom:
Judge: The Honorable Shashi Kewalramani

1

GEO urges the Court to create a dangerous new discovery rule: Discoverable information can be withheld if it reveals additional wrongdoing by the defendant. GEO also asks the Court to presume Plaintiffs' Counsel will violate the agreed Protective Order by sharing confidential information obtained in this case. At best, GEO's position is a one-way ticket to further motions practice before this Court. At worst, implementing it would severely prejudice Plaintiffs' ability to prosecute their case.

Instead, GEO should be prohibited from redacting or withholding any material, including "irrelevant sensitive business information about other facilities" or "irrelevant" attachments, from documents that are otherwise relevant, responsive, and non-privileged.

## A. So-called "sensitive business information" about GEO's other facilities is likely highly relevant to this litigation, and therefore discoverable.

GEO has taken serially inconsistent positions before this Court about its obligations under federal law. For instance, GEO has long maintained that it is prohibited from paying detainee workers more than $1 per day. *See* 08/20/18 Tr. at 8:16-18 ([GEO'S COUNSEL]: "The contract would simply preclude GEO from making that decision unilaterally. It would require ICE approval to do that."); Dkt. 48-1 at 10. But GEO actually *does* pay detainees at its other facilities more than $1 per day. *See* 08/20/18 Tr. at 9:5-8 (THE COURT: "You're saying GEO pays detainees more than one dollar?" MR. FREE: "Yes. Not at Adelanto, but at three — actually, four other facilities we know, three of which are on the record. We have binding judicial admissions from [GEO's counsel]."); Dkt. 52-2 at 6-16.

Whether GEO can pay more than $1 per day is highly relevant to determining whether, among other things, derivative sovereign immunity exempts the corporation from suit. *See Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 732 (9th Cir. 2015) (holding that derivative sovereign immunity protects contractors from suit if they "had no discretion . . . and completely followed government specifications"). Purportedly "irrelevant" evidence of GEO's detained labor practices at its other facilities also goes to the heart of Plaintiff's unjust enrichment claim. But under GEO's proposed redaction protocol, the corporation would withhold what it unilaterally deems "irrelevant sensitive business information" about GEO's other immigration detention centers — including, presumably, information about those facilities where GEO pays detainee workers more than $1 per day. Such redactions would unduly prejudice Plaintiffs and prevent them from prosecuting their case, and should not be permitted.

**B. Concern that discovery may reveal evidence of additional wrongdoing is not a valid reason to withhold information.**

GEO admits that its proposed redaction protocol "arises from the reasonable concern that the lawyers on this case are likely searching for ammunition to bring other 'impact litigation' against GEO." Dkt. 120 at 6. In other words, GEO seeks to withhold discoverable information because that material may reveal corporate malfeasance that "might result in additional lawsuits brought by these plaintiffs' lawyers." *Id.* at 7.

GEO's position is both astonishing and indefensible. GEO does not, and cannot, cite any legal authority supporting its novel contention that a defendant can withhold discoverable information simply because that material may reveal additional

wrongdoing. Instead, GEO relies on cases permitting redactions to prevent disclosure of private information to third parties, or competitive business information to competitors.[1] Neither concern is applicable to this case.

Rather than assert a credible risk of injury, GEO impugns the character of Plaintiffs' Counsel by suggesting that undersigned counsel will violate the agreed Protective Order by disclosing or using elsewhere confidential information obtained in this case. Here, again, GEO cites no legal authority to support its apparent position that the Court should presume Plaintiffs' counsel will engage in sanctionable conduct.  This position is without merit.

**C. A redaction log would impermissibly shift GEO's discovery burden to Plaintiffs and the Court.**

---

[1] *See, e.g., In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (approving the redaction of information that if disclosed, could provide its competitors with competitively sensitive information); *In Re Yasmin And Yaz (Drospirenone) Mktg., Sales Practices And Prod. Liab. Litig.*, 2010 WL 3780798, at *3 (S.D. Ill. Sept. 22, 2010) (allowing redactions related to business strategy, marketing, and sales information); *Johnson v. Hewlett Packard Co.*, 2011 WL 13153654, at *1 (N.D. Cal. Apr. 21, 2011) (denying Plaintiffs' Motion to Compel the production of redacted information about the defendant's entire sales compensation system); *Beverage Distribs., Inc. v. Miller Brewing Co.*, 2010 WL 1727640, at *4-5 (S.D. Ohio Apr. 28, 2010) (finding that redaction were unnecessary and potentially disruptive to the orderly resolution of the case when the producing party is not harmed by the production or the production is subject to a protective order that restricts its dissemination); *US EEOC v. ABM Indus.*, 2010 WL 1267346, at *1 (E.D. Cal. Mar. 31, 2010) (allowing redactions of personal identifiers to preserve the privacy interests of third parties who had not agreed to participate in the case); *In re Consellior Sas*, 2014 WL 111110, at *n.6 (D. Conn. Jan. 10, 2014) (allowing redactions of non-public, personal, and commercially sensitive information).

According to GEO, "because GEO will produce a log for this category of redactions, Plaintiffs will be able to assess the purported relevance of the information about other GEO facilities. Plaintiffs can then challenge any redactions on a document-by-document or issue-by-issue basis going forward." Dkt. 120 at 8. But, as Plaintiffs explained in their opening brief, this would impermissibly shift GEO's discovery burden to Plaintiffs and the Court: Plaintiffs, to challenge anything that may be potentially relevant; and the Court, to review *in camera* each redacted document and rule on hundreds or thousands of relevance challenges. *See* Dkt. 118, at 7. Instead, GEO should simply be prohibited from redacting otherwise responsive, relevant, non-privileged documents.

**D. The Court should reject GEO's proposal to withhold attachments to responsive emails.**

GEO argues that it "should be allowed to withhold nonresponsive, irrelevant attachments to emails because they are outside the scope of permissible discovery under the Federal Rules." Dkt. 120 at 8.  Here, again, GEO fails to cite relevant legal authority to support its position. In fact, GEO relies only on cases where the parties expressly agreed to permit withholding of nonresponsive attachments. *See, e.g., Broiler Chicken Antitrust Litig.*, 2018 U.S. Dist. LEXIS 119536, at *18 (N.D. Ill. July 17, 2018) (permitting the withholding of nonresponsive attachments when the parties had already entered into a protective order allowing the practice); *In re: Takata Airbag Prod. Liab. Litig.*, No. 14-24009-CV, 2016 WL 1460143, at *1 (S.D. Fla. Mar. 1, 2016) ("[T]he parties have agreed

to allow a producing party to withhold irrelevant attachments from within responsive document families, pursuant to certain conditions.").

GEO also argues that the cost of producing the attachments at issue would be unduly burdensome. Dkt. 120 at 10. But the relevant burden is not the total cost to GEO of producing the attachments, but the *difference* in cost between producing the attachments and GEO's proposed solution. Even under GEO's proposed solution, GEO would have to spend time identifying documents for review and then assessing the relevance of each document. GEO does not address what additional burden, if any, producing the attachments would cause when those attachments have already reviewed for relevance.  Further, GEO's proposal ignores altogether the resources the Parties and the Court will spend litigating the relevance of individual attachments.

## CONCLUSION

For these reasons and those explained in Plaintiffs' opening brief, Dkt. 118, GEO should not be permitted to redact or withhold any material, including "irrelevant sensitive business information about other facilities" or "irrelevant" attachments, from documents that are otherwise relevant, responsive, and non-privileged.

Dated:        March 4, 2019          */s/ Ted Maya*
                                     Robert Ahdoot (CA Bar # 172098)
                                     rahdoot@ahdootwolfson.com
                                     Tina Wolfson (CA Bar # 174806)
                                     twolfson@ahdootwolfson.com
                                     Theodore W Maya (CA Bar # 223242)
                                     tmaya@ahdootwolfson.com
                                     **AHDOOT & WOLFSON, PC**
                                     10728 Lindbrook Drive

Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
C. Jacob Gower (admitted *pro hac vice*)
jgower@burnscharest.com
LA Bar # 34564
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

***Attorneys for Plaintiffs.***

5:17-cv-02514-JGB

**CERTIFICATE OF SERVICE**

I, Ted Maya, electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

Dated:        March 4, 2019                  /s/ Ted Maya
                                             Theodore W Maya (CA Bar # 223242)
                                             tmaya@ahdootwolfson.com
                                             **AHDOOT & WOLFSON, PC**
                                             10728 Lindbrook Drive
                                             Los Angeles, California 90024-3102
                                             Telephone:  (310) 474-9111
                                             Fax:  (310) 474-8585

5:17-cv-02514-JGB