# EXHIBIT C

| | |
|---|---|
| **From:** | Wang, Stacey H (LAX - X52480) |
| **To:** | lwright@burnscharest.com; Andrew Free; Ted Maya |
| **Cc:** | Short, Carolyn P (PHL - X49553); Armstrong, Shannon (POR - X52924); Asai, Kristin (POR - X52948); Novoa-External@burnscharest.com |
| **Subject:** | Novoa v. The Geo Group - Updated Protective Order Draft |
| **Date:** | Thursday, April 11, 2019 6:05:34 PM |
| **Attachments:** | Novoa Protective Order - Additional Proposed Revisions_67031715_1.DOCX |

Dear Counsel,

Attached is the protective order with a few proposed redlines based upon feedback from ICE, which I don't think should be controversial.  I also updated the caption, our signature block, and the signature block for the Court to conform to the sample.

Once the order is final, I will have our document processing create a redline from the Court's standard form, as required by the Court's rules, and placed in lined pleading format, as required by the local rules, then send it to you for final review before filing.

Summarized below are the issues that gave rise to the redlines:

1. ICE is concerned that the protective order is insufficient with respect to information regarding asylum, refugee and other information statutorily prohibited from disclosure under 8 U.S.C. § 1367. Disclosure can result in criminal and/or civil penalties and ICE states that this information must be redacted before disclosure. It is our understanding that plaintiffs do not want this information and we don't see any reason this information would become relevant. So, we have added references to 8 U.S.C. § 1367 in paragraph 1.B, 5.3 (regarding potentially public but unauthorized information), 13(a), 14.2, 14.4.

2. Under "Highly confidential/AEO" information in paragraph 2.9, a clause was added to provide that DHS/ICE may designate information in accordance with applicable federal regulations. It is meant to cover sensitive information such as law enforcement sensitive information and nonparty employee information, for example.

3. ICE would like the ability to designate testimony as Confidential/AEO in paragraph 5.2(c) and have 30 days from their receipt of the transcript to do so. We can coordinate on this to have the court reporter send any relevant transcripts to ICE at the same time as to counsel so that this can be streamlined, since the protective order currently provides 30 days for counsel to review.

4. On PHI (Personal Health Information) in para. 7.3 and 7.4, ICE is concerned about the broad language regarding disclosure and use of PHI. We propose limiting this to disclosure and use when "necessary" (following the language already in 7.2), rather than "reasonably connected" which does not seem to take into account the heightened privacy interest in health information. The additional clause in Paragraph 13(a) is meant to also cover protection of PHI information, among other things.

5. In paragraphs 8.2(h) and 8.3(f) governing deponents' access to Confidential/AEO information, ICE raised that while deponents may need to view such information in the course of being deposed or in reviewing their transcript, they should not be permitted to "keep" any such information. This

EXHIBIT C PAGE 62

comment is consistent with the provisions requiring return or destruction of material after the litigation.

6. Instead of 14 days, ICE asked for more time to seek a protective order in paragraph 10(c) regarding protective material sought to be produced. We added a week here, for a total of 21 days.

We look forward to hearing from you.

Thank you,
Stacey

**Stacey Wang** | **Holland & Knight**
Partner
Holland & Knight LLP
400 South Hope Street, 8th Floor | Los Angeles, California 90071
Phone 213.896.2480 | Fax 213.896.2450
stacey.wang@hklaw.com | www.hklaw.com

Add to address book | View professional biography

EXHIBIT C PAGE 63

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| **RAUL NOVOA** and **JAIME CAMPOS FUENTES**, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **THE GEO GROUP, INC.**, <br><br> Defendant. | Civil Action No. 5:17-cv-02514-JGB-SHKx <br><br> DISCOVERY MATTER <br><br> STIPULATED PROTECTIVE ORDER <br><br> Hon. Shashi H. Kewalramani |
| **THE GEO GROUP, INC.**, <br><br> Counter-plaintiff, <br><br> v. <br><br> **RAUL NOVOA** and **JAIME CAMPOS FUENTES**, individually and on behalf of all others similarly situated, <br><br> Counter-defendants. <br><br> ~~RAUL NOVOA, individually and on behalf of all others similarly situated,~~ <br><br> ~~Plaintiff,~~ <br> ~~v.~~ <br><br> ~~THE GEO GROUP, INC.,~~ <br><br> ~~Defendant.~~ | |

Formatted: Font: (Default) Times New Roman
Formatted: Line spacing: single
Formatted Table
Formatted: Underline
Formatted: Font: (Default) Times New Roman

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
WDC 373853680v1

1

EXHIBIT C PAGE 64

1. A.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, sensitive, proprietary or private information, including information from the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on, or allow blanket designations of, all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. This Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) that allows for the disclosure of documents or information whose disclosure would

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  *WDC 373853680v1*

2

EXHIBIT C PAGE 65

otherwise be prohibited by the Privacy Act of 1974.  As described herein, these documents shall be marked as Confidential or Highly Confidential-Attorneys' Eyes Only.

### 1.  B.    GOOD CAUSE STATEMENT

This action is likely to involve private, personally identifiable information ("PII"), business information, as well as governmental information that is sensitive, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential, sensitive, and proprietary materials and information consist of, among other things, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, information that is law enforcement sensitive (i.e., non-public law enforcement information regarding Government policies, methods, techniques, procedures, guidelines and intelligence), investigatory information, "sensitive information" as defined at 48 C.F.R. § 3052.204-71, information that may not be disclosed under 8 U.S.C. § 1367, and other Government official information, as well as names, other PII, financial and/or tax records, criminal record information, health information, which includes, but is not limited to, protected health information ("PHI"), and other sensitive private information pertaining to individuals that is otherwise generally unavailable to the

Formatted: Indent: First line: 0.5"

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
*WDC 373853680v1*

3

EXHIBIT C PAGE 66

public, or which may be privileged or otherwise protected or prohibited from disclosure under state or federal constitutions, statutes, court rules, case decisions, or common law.

2.    DEFINITIONS

2.1.    Action: this pending federal lawsuit.

2.2.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "CONFIDENTIAL" Information or Items: all non-public information that the Designating Party reasonably believes should be protected from public disclosure because such information (regardless of how it is generated, stored or maintained) or tangible things (i) is proprietary to the Designating Party, *e.g.*, a trade secret or other or sensitive commercial information; (ii) implicates an individual's legitimate expectation of privacy, (iii) qualifies for protection under Federal Rule of Civil Procedure 26(c), or (iv) is specified above in the Good Cause Statement or herein at 2.9 in the definition of "Highly Confidential-Attorneys' Eyes Only."

2.4.    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.    Covered Entities: Covered entities defined by 45 C.F.R. § 160.103.

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  *WDC 373853680v1*

4

EXHIBIT C PAGE 67

2.6.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.7.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9.    "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information Or Items: Confidential Information that the Designating Party reasonably believes contains highly sensitive information, the disclosure of which could result in compromise of the safety or security of GEO facilities and/or harm or retaliation to individuals, or is otherwise so designated by DHS/ICE in accordance with applicable federal regulations.  These include, but are not limited to, facility security and design plans and documents that refer to or contain information

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  WDC 373853680v1

5

EXHIBIT C PAGE 68

regarding specific GEO employees and detention officers such as detainee grievance forms.

2.10.   HIPAA: the Health Insurance Portability and Accountability Act of 1996, Pub.L. 104–191, 110 Stat. 1936.

2.11.   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12.   Non-Party: any natural person, partnership, corporation, association, governmental agency, or other legal entity not named as a Party to this action.

2.13.   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.14.   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15.   PHI: means protected health information as the term is used in HIPAA and is defined at 45 C.F.R. § 160.103.  Without limiting the definition and merely

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  *WDC 373853680v1*

6

EXHIBIT C PAGE 69

for purposes of providing relevant examples, PHI includes, but is not limited to, health information in paper, electronic or other media, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

2.16. Privacy Standards: the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2003).

2.17. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.18. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.19. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

EXHIBIT C PAGE 70

2.20.  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.21.  Signatories: all parties to this litigation, their counsel, and all Non-Parties that a court may subsequently recognize as a signatory of this qualified protective order.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  WDC 373853680v1

8

EXHIBIT C PAGE 71

or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  *WDC 373853680v1*

9

EXHIBIT C PAGE 72

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend"), to each page that contains protected material.

(b)    If a Party initially produces documents for inspection (*e.g.*, because of the volume of materials and to reduce unnecessary copying), in lieu of marking the original of a document which contains Confidential Information or Highly Confidential-Attorneys' Eyes Only Information prior to such an inspection, Counsel for the Producing Party may in writing designate documents or things being produced for inspection as containing Confidential Information or Highly

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 *WDC 373853680v1*

10

EXHIBIT C PAGE 73

Confidential-Attorneys' Eyes Only Information, thereby making them subject to this Order.  Any copies of such documents thereafter provided, however, must be marked by the Designating Party, if appropriate, in accordance with this Order at the time copies are formally produced.   Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container, a label or tag marked "Confidential - Subject to Confidentiality Order."  Likewise, tangible objects constituting or containing Highly Confidential-Attorneys' Eyes Only Information may be designated Highly Confidential Information-Attorneys' Eyes Only by affixing to the object or its container, a label or tag marked "Highly Confidential-Attorneys' Eyes Only - Subject to Confidentiality Order."

(c)    For testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record that qualifies for protection under this Order, the testimony should be identified on the record as Confidential or Highly Confidential-Attorneys' Eyes Only wherever possible. A party or DHS/ICE may later designate portions of depositions as Confidential or Highly Confidential-Attorneys Eyes' Only after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30)

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 *WDC 373853680v1*

11

EXHIBIT C PAGE 74

days after the court reporter has notified counsel that the deposition transcript has been completed, or for designations by DHS/ICE, within thirty (30) days of DHS/ICE's receipt of the transcript. Those portions of the original transcripts that contain Confidential or Highly Confidential-Attorneys' Eyes Only Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL–ATTORNEY EYES' ONLY – SUBJECT TO PROTECTIVE ORDER" at the beginning of the text which has been designated Confidential or Highly Confidential-Attorneys' Eyes Only and the cover page of the transcripts that contain Confidential or Highly Confidential-Attorneys' Eyes Only Material shall bear the legend, as applicable, "CONTAINS CONFIDENTIAL PORTIONS" or "CONTAINS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY PORTIONS."

(d)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 *WDC 373853680v1*

12

EXHIBIT C PAGE 75

(e)     With respect to documents containing Protected Material produced in Native Format, the designating party shall include the appropriate confidentiality designation in the filename.

(f)     With respect to all documents produced that contain Protected Material, the Designating Party will also include in the Load File the appropriate designation that includes the level of protection (*e.g.*, "Confidential Information," "Highly Confidential Information-Attorneys' Eyes Only").

(g)     A Designating Party may designate, or counter designate with a higher designation, information or items produced in this litigation by another Party or Non-Party that contains or is derived from the Designating Party's own Protected Material.  Designations or counter-designations are subject to the restrictions set forth in the Order.  Each Party that designates or counter designates such information or items will be treated as the Designating Party for purposes of this Order.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected by written notice to the Receiving Party, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 *WDC 373853680v1*

13

EXHIBIT C PAGE 76

material is treated in accordance with the provisions of this Order. The Receiving Party shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Order.  The Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated information, without prejudice.  Within ten (10) days of providing written notice that a document or documents was not designated Protected Material under this provision, the Designating Party must provide the Receiving Party with replacement copies of such documents containing the proper designation.  Upon receipt of such replacement copies, the Receiving Party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information, responses, or testimony; except that the Receiving Party shall not be obligated to destroy any mis-designated material that has become part of the record of this litigation or of a deposition taken pursuant to this litigation.

No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been publicly disclosed through an authorized disclosure or used in a manner inconsistent with the later designation.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 WDC 373853680v1

14

EXHIBIT C PAGE 77

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  A Challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time the original designation is disclosed.

6.2    <u>Manner of Challenges.</u> A Party that elects to press a challenge to a confidentiality designation after meeting and conferring in good faith with the Designating Party may file and serve a motion that identifies the Protected Material challenged and sets forth the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>HIPAA</u>

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  *WDC 373853680v1*

15

EXHIBIT C PAGE 78

7.1 The Signatories are familiar with HIPAA and the Privacy Standards.

7.2 The Signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third-parties, and Non-Parties to other parties, third-parties, and Non-Parties and their counsel and representatives.

7.3 Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery request or other lawful process, provided the PHI is ~~relevant~~ necessary to the issues presented in this litigation.

7.4 The Signatories are permitted to use ~~the~~ PHI ~~in any manner that is reasonably connected with~~ as necessary in this lawsuit only and, on those terms, may be disclosed pursuant to the terms of Section 8.2 of this Protective Order. Documents containing PHI shall be marked "Confidential" before transmitting or releasing them.

8. ACCESS TO AND USE OF PROTECTED MATERIAL

EXHIBIT C PAGE 79

8.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  A Receiving Party may not use Protected Material in any other legal proceeding, except as permitted by order of court, or as agreed by the parties. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees and any legal, investigative, technical, administrative, and

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  WDC 373853680v1

17

EXHIBIT C PAGE 80

other support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the Receiving Party itself, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) or independent consultants (and their staff) retained by attorneys for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  *WDC 373853680v1*

18

EXHIBIT C PAGE 81

(h)      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound form attached as( Exhibit A) hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3      Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 *WDC 373853680v1*

19

EXHIBIT C PAGE 82

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party itself, but only insofar as such disclosure is reasonably necessary for such Receiving Party to identify facts or witnesses that cannot be identified by reference to materials not designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such discussion or showing of the relevant document(s) shall not include providing the Receiving Party with copies;

(c)     Experts (as defined in this Order) or independent consultants (and their staff) retained by attorneys for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel; and

(e)     court reporters and their staff;

(f) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  *WDC 373853680v1*

20

EXHIBIT C PAGE 83

party requests that the witness sign the "Acknowledgment and Agreement to Be Bound (Exhibit A)~~ form attached as Exhibit A hereto~~; and (2) they will not be permitted to keep any confidential information~~ unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court~~. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential-Attorneys' Eyes Only Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engage in settlement discussions.

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

EXHIBIT C PAGE 84

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  *WDC 373853680v1*

22

EXHIBIT C PAGE 85

CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party, provided that all parties to this litigation are included in the negotiation of such agreement and ultimately agree to the terms of such agreement.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 *WDC 373853680v1*

23

EXHIBIT C PAGE 86

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 21 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d)     Nothing contained herein shall be construed to restrict the ability of a Non-Party from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law.  These include, but are not limited to, information covered by the Department of Homeland Security's ("DHS") *Touhy* regulations, 6 C.F.R. §§ 5.41 et seq.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 *WDC 373853680v1*

24

EXHIBIT C PAGE 87

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR OTHERWISE PROTECTED MATERIAL

Nothing in this section is intended to modify what the parties may stipulate to and submit to the court as a more detailed Fed. R. Evid. 502(d) order.

13.   SECURITY AND DATA BREACH

(a)   Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity, including complying with all applicable laws and regulations governing such Protected Material.

(b)   Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction. Such measures shall include:

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 WDC 373853680v1

25

EXHIBIT C PAGE 88

1. Reasonably preventing unauthorized persons from gaining access to Protected Material (physical access control);

2. Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

3. Reasonably ensuring that persons entitled to use Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorization (data access control);

4. Reasonably ensuring that Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data transfer control);

5. Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Material has been entered into,

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
*WDC 373853680v1*

26

EXHIBIT C PAGE 89

modified in, or removed from Protected Material processing systems, (entry control); and

6. Reasonably ensuring that Protected Material is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

(c)   If the Receiving Party discovers a breach of security relating to the Protected Material of another Party, the Receiving Party shall: (1) provide written notice to Designating Party of such breach no later than twenty-four (24) hours of Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide Designating Party with assurance reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.

If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means.  The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 *WDC 373853680v1*

27

EXHIBIT C PAGE 90

any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Right to Appropriately Withhold Or Redact. Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated Protected Material or not, any information containing privileged material or any other data protected from disclosure by State or Federal law. The manner and scope of redactions and withholding of non-responsive information and attachments, and the manner of communicating the basis for all redactions, will be addressed in the ESI Protocol that will be entered in this case. For asylum or refugee information, or other information described in 8 U.S.C. § 1367, a party may indicate the redactions were made "pursuant to statutory and/or regulatory provisions." The parties agree that productions of PHI may require additional safeguards pursuant to federal or state regulations or privacy obligations and will meet and confer to implement these safeguards if and when needed.

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  *WDC 373853680v1*

28

EXHIBIT C PAGE 91

14.3   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.4   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.  Notwithstanding the provisions of this paragraph, the signatories agree to cooperate in any request to seal or redact Confidential Information that contains PHI, asylum or refugee information, or other information described in 8 U.S.C. § 1367.

15.   FINAL DISPOSITION

15.1   Return or Destroy Protected Materials. Within 60 days after the Final Disposition of this Action, and upon a written request by the Designating Party, each Receiving Party must use commercially reasonable efforts to return all Protected

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 *WDC 373853680v1*

29

EXHIBIT C PAGE 92

Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

15.2   Certification of Return or Destruction. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 10 days of receipt of the Designating Party's written request that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

15.3   Use of Archival or Backup Data. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
 *WDC 373853680v1*

30

EXHIBIT C PAGE 93

Counsel also shall not be required to delete Protected Material that may reside on their respective parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or Protected Material that may reside in electronic files which are not reasonably accessible. However, parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

16.   VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Respectfully submitted this [**]12th day of [Month]April, 2019.

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  WDC 373853680v1

31

EXHIBIT C PAGE 94

**LAW OFFICES OF R ANDREW FREE**

~~GREENBERG TRAURIG~~HOLLAND & KNIGHT LLP

R Andrew Free
2004 8th Avenue South
Nashville, TN  37209
Telephone: 844-321-3221
Facsimile:: 615-829-8959
Email:
andrew@immigrantcivilrights.com

Stacey H. Wang (SBN 245195)
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone (213) 896-2400
Facsimile  (213) 896-2450
E-mail: stacey.wang@hklaw.com

Carolyn P. Short (*pro hac vice*)
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Telephone (215) 252-9553
Facsimile (215) 867-6070
Email:
carolyn.Short@hklaw.com~~Alexander Linhardt (Bar. No. 303669)~~
~~1840 Century Park East~~
~~Los Angeles, CA  90067-2121~~
~~(301) 586-7822~~
~~linhardta@gtlaw.com~~

**BURNS CHAREST LLP**
William B Thompson
Warren Burns
900 Jackson Street Suite 500
Dallas, TX  75202
Telephone:   469-904-4550
Facsimile:    469-444-5002
Email:wthompson@burnscharest.com
Email: wburns@burnscharest.com

**BURNS CHAREST LLP**
Korey A Nelson
Lydia A Wright
Charles J. Gower
365 Canal Street Suite 1170
New Orleans, LA  70130
Telephone: 504-799-2845
Facsimile:: 504-881-1765
Email:knelson@burnscharest.com
        lwright@burnscharest.com
        jgower@burnscharest.com

~~**GREENBERG TRAURIG LLP**~~
~~Dawn A. Ellison (*pro hac vice*)~~
~~Scott A. Schipma (*pro hac vice*)~~
~~2101 L Street, N.W.~~
~~Washington, DC 20037~~
~~(202) 331-3141~~
~~schipmas@gtlaw.com~~

CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
  WDC 373853680v1

32

EXHIBIT C PAGE 95

**AHDOOT AND WOLFSON PC**
Robert Ahdoot
Tina Wolfson
Vanessa Shakib
10728 Lindbrook Drive
Los Angeles, CA  90024
Telephone: 310-474-9111
Facsimile:: 310-474-8585
Email:rahdoot@ahdootwolfson.com
        twolfson@ahdootwolfson.com
        vshakib@ahdootwolfson.com

**ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.**

**AL OTRO LADO**
Nicole Ramos
511 E. San Ysidro Blvd., #33
San Ysidro, CA 92173
Telephone: 619-786-4866
Email: Nicole @alotrolado.org

**ATTORNEYS FOR PLAINTIFF RAUL NOVOA**

For GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:—— [Month] April ——, 2019

S O ORDERED.

Hon. Shashi H. Kewalramani
Judge Jesus G. Bernal
United States District Magistrate Court



CONFIDENTIALITY AGREEMENT AND
AGREED PROTECTIVE ORDER
WDC 373853680v1

33

EXHIBIT C PAGE 96

**EXHIBIT A**

Formatted: Underline

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Novoa v. The GEO Group, Inc.*, Civil Action No. 5:17-cv-02514-JGB (SHKx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EXHIBIT C PAGE 97