# EXHIBIT A

HOLLAND & KNIGHT LLP
 Carolyn P. Short (*pro hac vice*)
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Telephone (215) 252-9553
Facsimile (215) 867-6070
Email: carolyn.Short@hklaw.com

 Stacey H. Wang (SBN 245195)
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone (213) 896-2400
Facsimile  (213) 896-2450
E-mail: stacey.wang@hklaw.com

*Attorneys for Defendant, The GEO Group, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA and JAIME CAMPOS FUENTES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant.<br><br>THE GEO GROUP, INC.,<br><br> Counter-plaintiff,<br><br> v.<br><br>RAUL NOVOA and JAIME CAMPOS FUENTES, individually and on behalf of all others similarly situated,<br><br> Counter-defendants. | ~~Case No.~~<br><br>CASE NO. 5:17-CV-02514-JGB-SHKx<br><br>Hon. Shashi H. Kewalramani<br><br>DISCOVERY MATTER<br><br>STIPULATED PROTECTIVE ORDER |

1

STIPULATED PROTECTIVE ORDER

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, <u>sensitive,</u> proprietary, or private information, <u>including information from the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"),</u> for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on<u>, or allow blanket designations of,</u> all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section ~~12.3~~<u>14.4</u>, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the <u>procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  This Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) that allows for the disclosure of documents or information whose disclosure would otherwise be prohibited by the Privacy Act of 1974.  As described herein, these documents shall be marked as Confidential or Highly Confidential-Attorneys' Eyes Only.</u>

~~procedures that must be followed and the standards that will be applied when a party~~

1

STIPULATED PROTECTIVE ORDER

seeks permission from the court to file material under seal.

B.   GOOD CAUSE STATEMENT

[*The "Good Cause Statement" should be edited to include or exclude specific information that applies to the particular case, i.e., what harm will result from the disclosure of the confidential information likely to be produced in this case? Below is an example]:

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information private, personally identifiable information ("PII"), business information, as well as governmental information that is sensitive, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential, sensitive, and proprietary materials and information consist of, among other things, confidential business or financial information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information that is law enforcement sensitive (i.e., non-public law enforcement information regarding Government policies, methods, techniques, procedures, guidelines and intelligence), investigatory information, "sensitive information" as defined at 48 C.F.R. § 3052.204-71, information that may not be disclosed under 8 U.S.C. § 1367, and other Government official information, as well as names, other PII,

2

STIPULATED PROTECTIVE ORDER

financial and/or tax records, criminal record information, health information, which includes, but is not limited to, protected health information ("PHI"), and other sensitive private information pertaining to individuals that is otherwise generally unavailable to the public, or which may be privileged or otherwise protected or prohibited from disclosure under state or federal constitutions, statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: [this pending federal law suit]. [*Option: consolidated or related actions.] lawsuit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3

STIPULATED PROTECTIVE ORDER

2.3 "CONFIDENTIAL" Information or Items: all non-public information that the Designating Party reasonably believes should be protected from public disclosure because such information (regardless of how it is generated, stored or maintained) or tangible things that qualify for(i) is proprietary to the Designating Party, *e.g.*, a trade secret or other or sensitive commercial information; (ii) implicates an individual's legitimate expectation of privacy, (iii) qualifies for protection under Federal Rule of Civil Procedure 26(c), and asor (iv) is specified above in the Good Cause Statement or herein at 2.9 in the definition of "Highly Confidential-Attorneys' Eyes Only." the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Covered Entities: Covered entities defined by 45 C.F.R. § 160.103.

2.52.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.6   2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 2.9 "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information Or Items: Confidential Information that the Designating Party reasonably believes contains highly sensitive information, the disclosure of which could result in compromise of the safety or security of GEO facilities and/or harm or retaliation to individuals, or is otherwise so designated by DHS/ICE in accordance with applicable federal regulations. These include, but are not limited to, facility security and design plans and documents that refer to or contain information regarding specific GEO employees and detention officers such as detainee grievance forms.

2.10 HIPAA: the Health Insurance Portability and Accountability Act of 1996, Pub.L. 104–191, 110 Stat. 1936.

2.8 2.11 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 2.12 Non-Party: any natural person, partnership, corporation, association, or governmental agency, or other legal entity not named as a Party to this action.

2.10 2.13 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and

have appeared in this Action on behalf of that party or are affiliated with a law firmwhich that has appeared on behalf of that party, and includes support staff.

2.11 2.14 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 2.15 PHI: means protected health information as the term is used in HIPAA and is defined at 45 C.F.R. § 160.103.  Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information in paper, electronic or other media, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

2.16 Privacy Standards: the Standards for Privacy of Individually Identifiable Health Information.  *See* 45 C.F.R. §§ 160 & 164 (2003).

2.17 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 2.18 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

6

STIPULATED PROTECTIVE ORDER

2.14 2.19 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." designated as "CONFIDENTIAL."

2.15 2.20 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.21 3. Signatories: all parties to this litigation, their counsel, and all Non-Parties that a court may subsequently recognize as a signatory of this qualified protective order.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

[ONE POSSIBLE PARAGRAPH] Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the

7

STIPULATED PROTECTIVE ORDER

trial. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

[ALTERNATIVE POSSIBLE PARAGRAPH] Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Actionaction, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, re-hearings, remands, trials, or reviews of this Actionaction, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

this Order must take care to limit any such designation to specific material that

8

STIPULATED PROTECTIVE ORDER

~~qualifies under the appropriate standards. The Designating Party must designate forprotection only those parts of material, documents, items, or oral or writtencommunications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.~~

Mass, indiscriminate~~,~~ or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order ~~(see, e.g., second paragraph of section 5.2(a) below),~~ or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) ~~for~~For information in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

9

STIPULATED PROTECTIVE ORDER

**Formatted:** Underline

**Formatted:** Font: Italic

ONLY" (hereinafter "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

10

STIPULATED PROTECTIVE ORDER

(c) for(b)    If a Party initially produces documents for inspection (*e.g.*, because of the volume of materials and to reduce unnecessary copying), in lieu of marking the original of a document which contains Confidential Information or Highly Confidential-Attorneys' Eyes Only Information prior to such an inspection, Counsel for the Producing Party may in writing designate documents or things being produced for inspection as containing Confidential Information or Highly Confidential-Attorneys' Eyes Only Information, thereby making them subject to this Order.  Any copies of such documents thereafter provided, however, must be marked by the Designating Party, if appropriate, in accordance with this Order at the time copies are formally produced. Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container, a label or tag marked "Confidential - Subject to Confidentiality Order."  Likewise, tangible objects constituting or containing Highly Confidential-Attorneys' Eyes Only Information may be designated Highly Confidential Information-Attorneys' Eyes Only by affixing to the object or its container, a label or tag marked "Highly Confidential-Attorneys' Eyes Only - Subject to Confidentiality Order."

(c)    For testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record that qualifies for protection under this Order, the testimony should be identified on the record as Confidential or Highly Confidential-Attorneys' Eyes Only wherever possible. A party or DHS/ICE may later designate portions of depositions as Confidential or Highly Confidential-Attorneys

11

STIPULATED PROTECTIVE ORDER

Eyes' Only after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed, or for designations by DHS/ICE, within thirty (30) days of DHS/ICE's receipt of the transcript. Those portions of the original transcripts that contain Confidential or Highly Confidential-Attorneys' Eyes Only Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL–ATTORNEY EYES' ONLY – SUBJECT TO PROTECTIVE ORDER" at the beginning of the text which has been designated Confidential or Highly Confidential-Attorneys' Eyes Only and the cover page of the transcripts that contain Confidential or Highly Confidential-Attorneys' Eyes Only Material shall bear the legend, as applicable, "CONTAINS CONFIDENTIAL PORTIONS" or "CONTAINS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY PORTIONS."

(d)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). protected portion(s).

STIPULATED PROTECTIVE ORDER

(e)    With respect to documents containing Protected Material produced in Native Format, the designating party shall include the appropriate confidentiality designation in the filename.

(f)    With respect to all documents produced that contain Protected Material, the Designating Party will also include in the Load File the appropriate designation that includes the level of protection (*e.g.*, "Confidential Information," "Highly Confidential Information-Attorneys' Eyes Only").

(g)    A Designating Party may designate, or counter designate with a higher designation, information or items produced in this litigation by another Party or Non-Party that contains or is derived from the Designating Party's own Protected Material. Designations or counter-designations are subject to the restrictions set forth in the Order.  Each Party that designates or counter designates such information or items will be treated as the Designating Party for purposes of this Order.

5.3    Inadvertent Failures to Designate. If timely corrected by written notice to the Receiving Party, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Receiving Party shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Order.  The Receiving Party shall

13

STIPULATED PROTECTIVE ORDER

reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated information, without prejudice. Within ten (10) days of providing written notice that a document or documents was not designated Protected Material under this provision, the Designating Party must provide the Receiving Party with replacement copies of such documents containing the proper designation. Upon receipt of such replacement copies, the Receiving Party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information, responses, or testimony; except that the Receiving Party shall not be obligated to destroy any mis-designated material that has become part of the record of this litigation or of a deposition taken pursuant to this litigation.

Order.No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been publicly disclosed through an authorized disclosure or used in a manner inconsistent with the later designation.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1-   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.6.2 Meet and Confer. The  A Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seqdoes not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time the original designation is disclosed.

**Formatted:** Underline

14

STIPULATED PROTECTIVE ORDER

6.36.2 Manner of Challenges. A Party that elects to press a challenge to a confidentiality designation after meeting and conferring in good faith with the Designating Party may file and serve a motion that identifies the Protected Material challenged and sets forth the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties)), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    HIPAA

    7.1    The Signatories are familiar with HIPAA and the Privacy Standards.

    7.2    The Signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third-parties, and Non-Parties to other parties, third-parties, and Non-Parties and their counsel and representatives.

    7.3    Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery

15

STIPULATED PROTECTIVE ORDER

request or other lawful process, provided the PHI is **[relevant]/[necessary]** to the issues presented in this litigation.

7.4     The Signatories are permitted to use PHI **[in any manner that is reasonably connected with this lawsuit] / [as necessary]** and**[, on those terms,]** may be disclosed pursuant to the terms of Section 8.2 of this Protective Order. Documents containing PHI shall be marked "Confidential" before transmitting or releasing them.

7.8.   ACCESS TO AND USE OF PROTECTED MATERIAL

7. 78.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such A Receiving Party may not use Protected Material in any other legal proceeding, except as permitted by order of court, or as agreed by the parties. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 1315 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

78.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the courtCourt or permitted in writing by the Designating Party,

16

STIPULATED PROTECTIVE ORDER

a  Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the Receiving Party itself, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of or independent consultants (and their staff) retained by attorneys for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

17

STIPULATED PROTECTIVE ORDER

(h)- __during their depositions, witnesses ̶,̲ and attorneys for witnesses, in the ̲Action to whom disclosure is reasonably necessary provided: (1) the deposing party ̲requests that the witness sign the ̶f̶o̶r̶m̶ ̶a̶t̶t̶a̶c̶h̶e̶d̶ ̶a̶s̶ ̶E̶x̶h̶i̶b̶i̶t̶ ̶1̶ ̶h̶e̶r̶e̶t̶o̶ **[form attached as Exhibit A hereto]/ ["Acknowledgment and Agreement to be Bound" (Exhibit A)]**; and (2) they will not be permitted to keep any confidential information **[unless they sign the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court] / [delete this language]**. Pages of transcribed ̲deposition testimony or exhibits to depositions that reveal ̶P̶r̶o̶t̶e̶c̶t̶e̶d̲Confidential Material may ̲be separately bound by the court reporter and may not be disclosed to anyone except ̲as permitted under this Stipulated Protective Order; and

(i)- ___any mediator or settlement officer, and their supporting personnel, ̲mutually agreed upon by any of the parties engaged in settlement discussions.

̶8̶.̶ 8.3 Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

18

STIPULATED PROTECTIVE ORDER

(b) the Receiving Party itself, but only insofar as such disclosure is reasonably necessary for such Receiving Party to identify facts or witnesses that cannot be identified by reference to materials not designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such discussion or showing of the relevant document(s) shall not include providing the Receiving Party with copies;

(c)   Experts (as defined in this Order) or independent consultants (and their staff) retained by attorneys for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel; and

(e)   court reporters and their staff;

(f) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the ~~form attached as Exhibit 1 hereto~~ [form attached as Exhibit A hereto]/ ["Acknowledgment and Agreement to be Bound" (Exhibit A)]; and (2) they will not be permitted to keep any confidential information [unless they sign the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court] / [delete this language]. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential-Attorneys' Eyes Only Material may be separately bound

STIPULATED PROTECTIVE ORDER

by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engage in settlement discussions.

PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

8.9.    IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"

20

STIPULATED PROTECTIVE ORDER

before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party, provided that all parties to this litigation are included in the negotiation of such agreement and ultimately agree to the terms of such agreement.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential informationProtected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential informationProtected Material, then the Party shall:

21
STIPULATED PROTECTIVE ORDER

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within ~~14~~ 21 days of receiving the notice and accompanying information, the ~~Receiving~~Producing Party may produce the Non-Party's ~~confidential information~~ Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the ~~Receiving~~Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d) Nothing contained herein shall be construed to restrict the ability of a Non-Party from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law. These include, but are not

STIPULATED PROTECTIVE ORDER

limited to, information covered by the Department of Homeland Security's ("DHS") *Touhy* regulations, 6 C.F.R. §§ 5.41 et seq.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

~~11.~~ INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

~~When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth~~ Nothing in ~~Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not~~ this section is intended to modify ~~whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as~~ what the parties ~~reach an agreement on the effect of disclosure of a~~

23

STIPULATED PROTECTIVE ORDER

communication ormay stipulate to and submit to the court as a more detailed Fed. R. Evid. 502(d) order.

13.    SECURITY AND DATA BREACH

(a)    Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity, including complying with all applicable laws and regulations governing such Protected Material.

(b)    Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction. Such measures shall include:

1. Reasonably preventing unauthorized persons from gaining access to Protected Material (physical access control);

2. Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

3. Reasonably ensuring that persons entitled to use Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorization (data access control);

24

STIPULATED PROTECTIVE ORDER

4.  Reasonably ensuring that Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data transfer control);

5.  Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Material has been entered into, modified in, or removed from Protected Material processing systems, (entry control); and

6.  Reasonably ensuring that Protected Material is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

(c)  If the Receiving Party discovers a breach of security relating to the Protected Material of another Party, the Receiving Party shall: (1) provide written notice to Designating Party of such breach no later than twenty-four (24) hours of Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide Designating Party with assurance reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.

25
STIPULATED PROTECTIVE ORDER

If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means.  The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment. information covered by the attorney-client privilege or work product protection, theparties may incorporate their agreement in the stipulated protective order submitted to the court.

1214. MISCELLANEOUS

1214.1-     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  14.2  Right to Appropriately Withhold Or Redact. Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated Protected Material or not, any information containing privileged material or any other data protected from disclosure by State or Federal law.  The manner and scope of redactions and withholding of non-responsive information and attachments, and the manner of communicating the basis for all redactions, will be addressed in the ESI Protocol that will be entered in this case. For asylum or refugee information, or other

26

STIPULATED PROTECTIVE ORDER

**Formatted:** Underline

**Formatted:** Underline

information described in 8 U.S.C. § 1367, a party may indicate the redactions were made "pursuant to statutory and/or regulatory provisions." The parties agree that productions of PHI may require additional safeguards pursuant to federal or state regulations or privacy obligations and will meet and confer to implement these safeguards if and when needed.

14.3    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 14.4    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. Notwithstanding the provisions of this paragraph, the signatories agree to cooperate in any request to seal or redact Confidential Information that contains PHI, asylum or refugee information, or other information described in 8 U.S.C. § 1367.

13. 15.    FINAL DISPOSITION

27

STIPULATED PROTECTIVE ORDER

After the final disposition15.1   Return or Destroy Protected Materials. Within 60 days after the Final Disposition of this Action, as defined in paragraph 4, within 60days ofand upon a written request by the Designating Party, each Receiving Party must use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Material.15.2      Certification of Return or Destruction. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadlinewithin 10 days of receipt of the Designating Party's written request that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

of the Protected Material.15.3   Use of Archival or Backup Data. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such

28

STIPULATED PROTECTIVE ORDER

archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Counsel also shall not be required to delete Protected Material that may reside on their respective parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or Protected Material that may reside in electronic files which are not reasonably accessible. However, parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

16.    VIOLATION

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. sanctions.

29
STIPULATED PROTECTIVE ORDER

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED _____

_____

Attorneys for Plaintiff

DATED:_____

_____

Respectfully submitted this 12th day of April, 2019.

**LAW OFFICES OF R ANDREW FREE**

_____
R Andrew Free
2004 8th Avenue South
Nashville, TN  37209
Telephone: 844-321-3221
Facsimile:: 615-829-8959
Email:
andrew@immigrantcivilrights.com

**BURNS CHAREST LLP**
William B Thompson
Warren Burns
900 Jackson Street Suite 500
Dallas, TX  75202
Telephone:   469-904-4550
Facsimile:    469-444-5002
Email:wthompson@burnscharest.com
Email: wburns@burnscharest.com

**BURNS CHAREST LLP**
Korey A Nelson
Lydia A Wright
Charles J. Gower
365 Canal Street Suite 1170
New Orleans, LA  70130
Telephone: 504-799-2845
Facsimile:: 504-881-1765
Email:knelson@burnscharest.com
        lwright@burnscharest.com
        jgower@burnscharest.com

**AHDOOT AND WOLFSON PC**

**HOLLAND & KNIGHT LLP**

Stacey H. Wang (SBN 245195)
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone (213) 896-2400
Facsimile  (213) 896-2450
E-mail: stacey.wang@hklaw.com

Carolyn P. Short (*pro hac vice*)
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Telephone (215) 252-9553
Facsimile (215) 867-6070
Email: carolyn.Short@hklaw.com

**ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.**

30

STIPULATED PROTECTIVE ORDER

Robert Ahdoot
Tina Wolfson
Theodore Maya
10728 Lindbrook Drive
Los Angeles, CA  90024
Telephone: 310-474-9111
Facsimile:: 310-474-8585
Email:rahdoot@ahdootwolfson.com
       twolfson@ahdootwolfson.com
       tmaya@ahdootwolfson.com

**AL OTRO LADO**
Nicole Ramos
511 E. San Ysidro Blvd., #33
San Ysidro, CA 92173
Telephone: 619-786-4866
Email: Nicole @alotrolado.org

**ATTORNEYS FOR PLAINTIFF RAUL NOVOA**

For

Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
DATED:_____

_____

[Name of Judge]

United States District/Magistrate Judge

31

STIPULATED PROTECTIVE ORDER



Dated: April _____, 2019

_____
Hon. Shashi H. Kewalramani
United States Magistrate Court

32

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [_____[date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court].*Novoa v. The GEO Group, Inc., Civil Action No. 5:17-cv-02514-JGB (SHKx).* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print

1
STIPULATED PROTECTIVE ORDER

_or type full name] of _____ [print or type

_full address and telephone number] as my California agent for service of process in

_connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

2

STIPULATED PROTECTIVE ORDER