Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Counsel for Plaintiffs
**Additional Counsel on Signature Page.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA** and **JAIME CAMPOS FUENTES**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant.* | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER AND TO AMEND THE PLEADINGS**<br><br>Date: September 16, 2019<br>Time: 9:00 a.m.<br>Courtroom: 1<br>Judge: The Honorable Jesus G. Bernal |

# NOTICE OF MOTION

Plaintiffs, by and through undersigned counsel, respectfully notice to the Court this Motion for Leave to Amend the Scheduling Order and to Amend the Pleadings for leave to file a Third Amended Complaint, a copy of which is attached hereto as Exhibit A.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 5, 2019.

Dated: August 16, 2019          */s/ Lydia A. Wright*
                                                   Lydia A. Wright (admitted *pro hac vice*)
                                                   lwright@burnscharest.com
                                                   LA Bar # 37926
                                                   **BURNS CHAREST LLP**
                                                   365 Canal Street, Suite 1170
                                                   New Orleans, LA 70130
                                                   Telephone: (504) 799-2845
                                                   Facsimile: (504) 881-1765

# PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER AND TO AMEND THE PLEADINGS

In the course of discovery, Plaintiffs have discovered additional factual matters intimately connected to the forced labor allegations contained in the Second Amended Complaint, ECF No. 108. Specifically, Plaintiffs have learned that Defendant The GEO Group, Inc. ("GEO") maintains a corporate policy and uniform practice at nearly all of its fourteen civil immigration detention centers, including the Adelanto ICE Processing Center ("Adelanto"), of threatening detainees who refuse to work with disciplinary segregation or solitary confinement, reporting their actions to ICE, or referring them for criminal prosecution. These abusive practices and threats of serious harm ensure that detained immigrants will continue working for subminimum wages or nothing at all, thus unlawfully enhancing GEO's profit margins.

Based on this and other newly-obtained evidence, Plaintiffs seek to amend the complaint to add two additional class representatives and allegations pertaining to them; amplify their original allegations; add a claim for forced labor under the federal forced labor statute, 18 U.S.C. § 1589(a); and clarify their class definitions and class allegations.

## I.   BACKGROUND

### A.   Factual Background

This action arises from systematic and unlawful wage theft, unjust enrichment, and forced labor at Adelanto, a civil immigration detention facility owned and operated

for profit by GEO. GEO owns at least fourteen civil immigration detention centers in the United States, and operates those facilities pursuant to contracts with the United States Immigration and Customs Enforcement ("ICE"). GEO significantly reduces its labor costs and expenses, and increases its already vast profits, by unlawfully forcing and coercing civil immigration detainees to perform virtually all non-security functions at Adelanto at subminimum wages, or for no compensation at all.

Plaintiffs' claims in the First Amended Complaint, ECF No. 47, and Second Amended Complaint, ECF No. 108, pertain to the Voluntary Work Program ("Work Program") at Adelanto, whereby GEO pays detained immigrants only $1 per day to clean and maintain the Facility. Plaintiffs alleged that GEO maintains a corporate policy and uniform practice of withholding necessary care from its detainees to ensure a ready supply of available labor needed to operate the Facility. As a result, detainees are forced to submit to GEO's $1 per day scheme in order to buy the basic necessities – including food, water, and hygiene products – that GEO refuses to provide for them.

Plaintiffs have learned through recent discovery that GEO has two *additional* corporate policies which force detained immigrants to clean and maintain the Facility under threat of serious harm and abuse of process: the Housing Unit Sanitation Policies ("HUSPs") and the Uncompensated Work Program Policy.

2

### 1. The Housing Unit Sanitation Policies ("HUSPs").

In June 2019, Plaintiffs deposed both David Venturella, GEO's Senior Vice President for Client Relations, and James Janecka, the Facility Administrator/Warden of Adelanto. During those depositions, Plaintiffs learned for the first time that GEO promulgates and enforces a corporate policy known as the Housing Unit Sanitation Policy ("HUSP") at Adelanto. GEO also maintains HUSPs at some of its other civil immigration detention facilities, including the Aurora ICE Processing Center in Aurora, Colorado. *See Menocal v. GEO*, 882 F.3d 905, 910-911 (10th Cir. 2018) (affirming certification of a class of detained immigrants challenging the HUSP under the federal forced labor statute).

Under the HUSPs, detained immigrants are forced to perform uncompensated labor, such as cleaning and maintaining areas of its facilities. For instance, the HUSPs require detained immigrants to clean and sanitize walls, bathrooms, showers, toilets, microwaves, furniture, windows and floors in their housing areas—work well outside the narrow scope of mandatory labor permitted by the 2011 ICE Performance Based National Detention Standards ("PBNDS"). *See* PBNDS § 5.8.V.C.

In violation of the PBNDS, its contracts with ICE, and the California and federal forced labor statutes, GEO obtains compliance with the HUSPs by threatening detainees who refuse to work with serious harm, including actual or threated physical restraint; physical assault such as pepper spray or use of force; deprivation of legally

required services such as recreation, law library, and telephone time; solitary confinement; abuse of legal process, including reporting misbehavior to ICE or to the immigration court; and even criminal prosecution.

Prior to the June depositions and GEO's recent document productions in this case, Plaintiffs were unaware that GEO maintains a HUSP at Adelanto, enforces the HUSP through threats of serious harm, and believes the HUSP to be compliant with the PBNDS. Accordingly, Plaintiffs learned only recently that they have a claim for forced labor under the federal forced labor statute, 18 U.S.C. § 1589(a), on behalf themselves and all similarly situated individuals nationwide.

**2. The Uncompensated Work Program Policy.**

Plaintiffs also learned during recent discovery that GEO maintains and operates an Uncompensated Work Program at Adelanto, separate and apart from the Work Program authorized by the PBNDS and GEO's contract with ICE. Pursuant to GEO policy and practice, detained immigrants at Adelanto apply for a position in the Work Program by filling out a job application provided by GEO. Then, GEO officials compel the detained immigrants to work for free in the position for an arbitrary period of time – in some cases, for months – until the workers are officially hired into the Work Program and receive compensation of $1 per day. Like the HUSP, GEO obtains compliance with its Uncompensated Work Program Policy through threats of serious harm and abuse of process. The existence of the Uncompensated Work Program at

4

PLAINTIFFS' MOTION FOR LEAVE TO
AMEND THE SCHEDULING ORDER AND TO
AMEND THE PLEADINGS

5:17-cv-02514-JGB

Adelanto was not reasonably known to Plaintiffs prior to the recent discovery in this matter.

**B.     Procedural Background**

On December 19, 2017, Plaintiff Raul Novoa filed a putative class action complaint against GEO. ECF No. 1. On June 21, 2018, the Court denied in part and granted in part Defendant's motion to dismiss. ECF No. 44. Plaintiff filed a First Amended Complaint ("FAC") on July 6, 2018. ECF No. 47. Plaintiff's FAC alleges five causes of action arising from his detention at Adelanto: (1) violation of California's Minimum Wage Law, Cal. Labor Code §§ 1194, 1197, 1197.1; (2) unjust enrichment; (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.; (4) violation of California's Trafficking Victims Protection Act, Cal. Civ. Code § 52.5; and (5) attempted forced labor under 18 U.S.C. §§ 1589(a), 1594(a). Plaintiff filed a Second Amended Complaint ("SAC") on December 24, 2018 to add Jaime Campos Fuentes as an additional named plaintiff. ECF No. 108.

GEO made its first document production on November 9, 2018, and did not produce documents relevant to the HUSP or Uncompensated Work Program until after Plaintiffs' deadline for amending the pleadings. *See* ECF No. 89. Discovery remains open until October 15, 2019. ECF No. 119. To date, Plaintiffs have deposed three GEO witnesses and noticed a GEO 30(b)(6) deposition for September 3, 2019. GEO has not noticed or taken any depositions in this case.

5

## II. LEGAL STANDARD

Generally, a court considers a motion for leave to amend pleadings pursuant to the permissive standard of Fed. R. Civ. P. 15(a). *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Fed. R. Civ. P. 16(b) applies. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once a scheduling order is in place, the court must consider whether to modify the scheduling order to permit an amendment. *Uddin v. Radio Shack, Inc.*, 2013 WL 1767963, at 2 (C.D. Cal. Apr. 22, 2013) (citing W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.).

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. *Id.* "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (*quoting Johnson*, 975 F.2d at 609). Upon a showing of "good cause," the party seeking amendment

must then demonstrate that amendment is proper under Rule 15(a). *See Johnson*, 975 F.2d at 607.

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "[t]his policy is to be applied with extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). The Ninth Circuit considers a motion for leave to amend under five factors: bad faith, undue delay, prejudice to the opposing party, the futility of amendment, and whether the plaintiff has previously amended his or her complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The Ninth Circuit has held that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Further, the Ninth Circuit "differentiate[s] between pleadings attempting to amend claims from those seeking to amend parties. Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citation omitted).

### III.  ARGUMENT

**A.  Plaintiffs have good cause for amendment under Rule 16(b).**

"The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at

609 (internal quotation marks and citation omitted). The focus of the Rule 16(b) inquiry is the moving party's reasons for seeking modification. *Id.*

As explained above, Plaintiffs have ample good cause to amend the complaint because the evidence supporting their new forced labor allegations has come to light only through recent discovery, including GEO's ongoing document production and the depositions of Mr. Venturella on June 12, 2019 and Mr. Janecka on June 25, 2019. That evidence was unavailable when Plaintiffs filed the SAC, and Plaintiffs have moved quickly and diligently to amend the complaint following discovery of that information.

**B.     Rule 15(a) is satisfied.**

If "the moving party has shown good cause under Rule 16(b), it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, No. 14-CV-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015); *accord Johnson*, 975 F.2d at 608. As noted above, leave to amend under Rule 15 is generally granted "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607. Not all factors carry equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. *Id.* Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

Each factor weighs in favor of granting leave to amend. First, Plaintiffs' proposed amendments do not prejudice GEO in any way. Plaintiffs have already alleged causes of action against GEO for forced labor and attempted forced labor. The proposed amendments amplify existing allegations or add new allegations, but they do not change the basic nature of this case. There is no unfair surprise or other prejudice to GEO in presenting these allegations. Moreover, trial is not until February 25, 2020, and discovery remains open for nearly two more months, until October 15, 2019. As a result, GEO has ample time to conduct any discovery it deems necessary to respond to Plaintiffs' new or amplified allegations.

Indeed, courts regularly grant leave to amend under Rule 15 under far more severe circumstances. *See, e.g., Talwar v. Creative Labs, Inc.*, No. CV05-3375FMC(AJWX), 2007 WL 1723609, at *5 (C.D. Cal. June 14, 2007) (finding no undue prejudice even though the discovery cut-off "[was] only weeks away," defendant would have to take new depositions of named plaintiffs, and defense experts would have to "alter their analyses"); *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (finding no undue prejudice even though amendment would require defendant to depose "numerous witnesses across the country who have been previously questioned and would necessitate additional document searches and written discovery").

Further, there is no bad faith or undue delay here. Plaintiffs have moved diligently to investigate and pursue theories that came to light only during recent discovery.

9

PLAINTIFFS' MOTION FOR LEAVE TO
AMEND THE SCHEDULING ORDER AND TO
AMEND THE PLEADINGS

5:17-cv-02514-JGB

Plaintiffs brought the pending motion in good faith and as soon as reasonably possible after the facts became available to them as a result of discovery.

Finally, amendment will not be futile because the evidence and the law supports Plaintiffs' proposed amended claims. The permissive standard of Rule 15(a) is satisfied, such that leave to amend is appropriate.

### IV.   CONCLUSION

Plaintiffs respectfully request that the Court grant the pending Motion for Leave to Amend the Scheduling Order and to Amend the Pleadings. Plaintiffs further request that the Court permit Plaintiffs to file the Third Amended Complaint, Exhibit A, into the record.

Dated:   August 16, 2019         */s/ Lydia Wright*
                                  Korey A. Nelson (admitted *pro hac vice*)
                                  knelson@burnscharest.com
                                  LA Bar # 30002
                                  Lydia A. Wright (admitted *pro hac vice*)
                                  lwright@burnscharest.com
                                  LA Bar # 37926
                                  C. Jacob Gower (admitted *pro hac vice*)
                                  jgower@burnscharest.com
                                  LA Bar # 34564
                                  **BURNS CHAREST LLP**
                                  365 Canal Street, Suite 1170
                                  New Orleans, LA 70130
                                  Telephone: (504) 799-2845
                                  Facsimile: (504) 881-1765

                                  R. Andrew Free (admitted *pro hac vice*)
                                  andrew@immigrantcivilrights.com

TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550

1  Facsimile: (469) 444-5002

3  **Attorneys for Plaintiffs.**

# CERTIFICATE OF SERVICE

I, Lydia A. Wright, electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

Dated:         August 16, 2019           */s/ Lydia Wright*
                                         Lydia A. Wright (admitted *pro hac vice*)
                                         lwright@burnscharest.com
                                         LA Bar # 37926
                                         **BURNS CHAREST LLP**
                                         365 Canal Street, Suite 1170
                                         New Orleans, LA 70130
                                         Telephone: (504) 799-2845
                                         Facsimile: (504) 881-1765