Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Theodore Maya, SBN 223242
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

Counsel for Plaintiffs
***Additional Counsel on Signature Page***

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA** and **JAIME CAMPOS FUENTES**, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> **THE GEO GROUP, INC.**, <br><br> *Defendant*. | Civil Action No.  5:17-cv-02514-JGB-SHKx <br><br> **JOINT STIPULATION RE DISCOVERY DISPUTE** <br><br> Hearing Date: Sept 4, 2019 <br> Time: 1:00 p.m. <br><br> Discovery Cutoff Date: Oct. 15, 2019 <br> Pretrial Conf. Date: February 10, 2020 <br> Trial Date: February 25, 2020 <br><br> The Honorable Shashi Kewalramani |

**JOINT STIPULATION**

**STATEMENT OF ISSUES**

In accordance with Central District of California Local Rule 37, Plaintiffs Raul Novoa and Jaime Campos Fuentes (collectively, "Plaintiffs") and Defendant The GEO Group, Inc., ("Defendant"), by and between their respective undersigned counsel, hereby submit this Joint Stipulation Regarding Plaintiff's Motion to Compel. This follows multiple meet-and-confer efforts between the parties, including a telephonic conference on Monday, July 22, 2019.

**I.**

**INTRODUCTION**

**A.   Plaintiffs' Introductory Statement:**

Through its former counsel, Norton Rose Fulbright, Defendant responded to Plaintiffs' Requests for Production asserting long-winded, indefensible objections, along with obtuse representations of compliance that allowed Plaintiffs only to guess at whether they would receive the requested documents or some subset of Defendants' choosing. Plaintiffs met and conferred with Defendant's subsequent counsel, Stacey Wang of Holland & Knight LLP, in advance of this motion, at which time Ms. Wang represented that Defendant would amend many of its original responses (as described in greater detail below, in Plaintiffs' position statement regarding each request at issue). However, before any such amended responses were propounded, Defendant yet again changed counsel, and Ms. Wang withdrew from this action. (Dkt. 163.)

Plaintiffs face a discovery cut-off date of October 15, 2019, and propounded the requests for production at issue on July 27, 2018—over a year ago. Plaintiffs are entitled to the certainty of knowing that Defendant is responding to these Requests in full, as written, or standing by its objections, despite Defendant's repeated changing of litigation counsel.

Throughout its responses, GEO objected to any class-wide discovery, and its subsequent counsel has communicated that the company will stand by that objection in telephonic meet-and-confers, without citing any support for this position. GEO asserts this objection in response to each of the Requests at issue, to the extent it has agreed to comply at all. Discovery has not been bifurcated, and there is no basis whatsoever for Defendant's insistence that it only will comply with these requests, if at all, with respect to the named Plaintiffs.

Plaintiffs do not dispute that the Court has discretion to bifurcate merits and certification discovery, but that has not occurred in this case, and it is too late for Defendant to argue for such bifurcation now.  "Though in some cases and before some courts discovery may be initially limited to 'certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class,' *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) . . . , the Court is fully within its discretion to set either bifurcated or non-bifurcated discovery schedules in class action cases."  *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *2 (E.D. Cal. May 30, 2017); *see also, e.g.*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, . . . 'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable.'") (citation omitted).  "Indeed, '[f]acts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case.'"  *Mbazomo*, 2017 WL 2346981, at *2 (quoting *Gusman*, 298 F.R.D. at 595).

In its responses, GEO also represented that it would respond only with respect to "the time Novoa was a detainee at the Adelanto Facility." Given that the case includes Mr. Fuentes, who was a detainee from approximately December 2016 through January 2018, Plaintiffs disputed Defendant's temporal limitation and, during the meet-

and-confer with Ms. Wang, she represented that Defendant does not stand by this limitation, is in fact producing documents outside of the time Novoa was a detainee, and would amend its responses accordingly.  To the extent Defendant's new counsel may take a different stance on the issues, Plaintiffs request the Court order Defendant to produce responsive documents through January 2018, at a minimum.

Plaintiffs also discussed with Ms. Wang the paucity of emails that GEO has produced, to date, from or to Warden James Janecka. For instance, GEO has produced many more emails that are to or from Patricia Seibert, who is Mr. Janecka's assistant. During the meet-and-confer with Ms. Wang, she represented that Plaintiffs could expect additional such documents to be produced by July 31, after ICE reviewed GEO documents that GEO produced first to ICE for its review. To date, Plaintiffs have not received significant additional email communications to or from Mr. Janecka. Accordingly, Plaintiffs respectfully request the Court to order that GEO gather and review all such emails, and produce any and all that are responsive to Plaintiffs' requests.

Accordingly, Plaintiffs request that the Court order Defendant to comply with each request described in detail in the following section, in full, as the requests were written, and not as limited by Defendant through its former counsel. Plaintiffs further request that Defendant comply with the requests by producing responsive documents in its possession, custody, or control through at least January 2018, and that Defendant be ordered to gather and produce responsive emails from and to Mr. Janecka, to the extent Defendant has not done so.

**B.**   **Defendant's Introductory Statement.**

**1.**   **At Considerable Expense And Effort, GEO Has Already Produced Over *30,000* Pages of Responsive Documents.**

Plaintiffs complain that GEO has not, in their view, fully responded to their document requests, but they leave out any discussion of the document production they have already received in this case and any explanation of exactly what more they claim to need to litigate this case. Plaintiffs propounded the requests on July 27, 2018. In the

face of high financial cost and a tremendous amount of work, GEO immediately undertook the necessary review and production of documents. GEO began producing documents to Plaintiffs only four months after the requests were served and – to date – has produced **30,506** pages/images over the course of nine rolling productions.

To get to this point was a Herculean effort. Even to begin to respond to the requests, GEO's electronically stored information ("ESI") vendor was required to collect over seven million documents (7,637,688) (each document containing one or more pages) into an electronic database and to scan and add another two million pages/images (2,205,491). The vast majority of these records have no bearing on this case. Although GEO is not required to produce them, GEO did need to process them (collecting, converting, coding, and reviewing) in order to meet its obligations to diligently search and identify even a subset of potentially responsive documents. The universe of potentially responsive documents in this case—those documents which required human review by one of GEO's attorneys—includes many hundreds of thousands of documents.

In addition to the challenges detailed above, productions were further complicated by the fact GEO is a government contractor of the U.S. Immigration and Customs Enforcement ("ICE") and must comply with ICE's national security mandate. There are numerous documents that ICE must review and approve prior to production to Plaintiffs. To streamline this process, GEO has – at its own expense – created an electronic platform ICE uses to review, analyze, redact, and return documents to GEO. This has reduced the process from what it could have been years of review to a review timeframe of 30 to 60 days.

GEO has continued to work diligently to automate and streamline the collection and review process by developing and applying search protocols and implementing efficient quality control review to ensure all responsive, discoverable documents are identified, appropriately reviewed and redacted, and expeditiously produced.

So Plaintiffs' protests regarding the scope of GEO's document productions must be viewed against this backdrop. GEO has not stonewalled Plaintiffs' discovery efforts. Rather, GEO has focused a year of effort into producing more than 30,000 pages of discoverable documents to Plaintiffs. Rule 26 limits discovery to that "proportional to the needs of the case." In a case where GEO has already culled through *millions* of documents to produce an ample subset of responsive documents, the proportionality inquiry looms large over Plaintiffs' remaining demands.

### 2. No class is certified and class-wide discovery is premature.

Plaintiffs argue for individualized discovery into the claims of the individual putative class members as if they are plainly entitled to it. The inquiry is not that simple. The scope of pre-certification discovery—and whether to allow any at all—lies within the sole discretion of the Court. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (explaining that "[d]istrict courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court'").  In obtaining pre-certification discovery, the Plaintiff must show that the discovery sought "is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

That touchstone question—whether the discovery is likely to substantiate the class allegations—must be viewed through the lens of the proportionality standard. *See Sansone v. Charter Comm's, Inc.*, 2019 WL 460728, at *7 (S.D. Cal. Feb. 6, 2019) ("The burden is on the party seeking to compel discovery to show not only relevancy of the requested discovery, but proportionality as well."). Plaintiffs contend here that there is no order bifurcating discovery between certification and merits issues, but it is well-established in the ordinary case that "at the pre-class certification stage, discovery in a putative class action is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class." *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 359 (1978)). The

1    Court has discretion to permit that discovery which is relevant to class certification *and* proportional to the needs of the case. And Plaintiffs have not provided even the shadow of an argument that the merits discovery they seek prior to certification is proportional to the needs of the case.

5    For its part, GEO has produced documents related to the named Plaintiffs. GEO objected to producing those documents for the entire class because, prior to certification, the burden and expense is simply unwarranted. Plaintiffs, who seem to believe they are entitled to this extensive discovery by dint of having filed the case, have not articulated a single fact to explain why additional documents related to absent putative class members would provide any additional support to their motion for class certification not already available from the more than 30,000 pages of documents previously produced.

### 3.   Plaintiffs' timeframe objection is moot.

Plaintiffs' objection regarding the time frame of GEO's productions is moot. Although Plaintiffs did not amend their written discovery responses to identify both plaintiffs – Raul Novoa was the only plaintiff at the time responses were served – GEO has produced and will continue to produce documents from the time period when both Plaintiffs were detained at the Adelanto Facility. Raul Novoa was at the facility from June 19, 2012 to February 3, 2015 and Jamie Campos Fuentes was at the facility from December 30, 2016 to January 24, 2018. The time frame for GEO's production in all categories of documents – and to be included in the forthcoming productions – are from this timeframe (June 19, 2012 to January 24, 2018).

### 4.   Plaintiffs' objection to volume of Warden Janecka's emails is moot.

Plaintiffs' objection about the volume of emails of Warden James Janecka is moot. The "significant" number of emails Plaintiffs seek simply do not exist. Most of Mr. Janecka's emails in GEO's records are either outside of the time period or were not responsive to discovery. Discoverable emails have been and will be produced.

**II.**

**REQUESTS FOR PRODUCTION AND RESPONSES IN DISPUTE**

**REQUEST FOR PRODUCTION NO. 1:**

Please provide any and all documents summarizing, constituting or recording any agreements, contracts, or subcontracts governing performance of any function or provision of any service at the Adelanto Facility between December 19, 2007 and the present.

**RESPONSE TO NO. 1:**

GEO objects to this Request to the extent it seeks information outside of the scope of discovery as the information sought is not relevant to the claims or defenses in this case. Agreements, contracts, and subcontracts governing performance "of any function or provision of any service at the Adelanto Facility" seeks agreements and contracts that are not relevant to the claims or defenses in this case. Moreover, GEO objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case as it seeks any and all agreements between any persons, on the performance of any function or provision of any service related to the Adelanto Facility. GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO objects to the extent it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all bids or contracts between GEO and the City of Adelanto regarding GEO's administration of the Adelanto Facility in effect during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified

in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO'S RESPONSE TO NO. 1:**

There is no basis for restricting the scope of this request to "bids or contracts between GEO and the City of Adelanto," as GEO purports to do in its written response.

Plaintiffs assert forced labor claims against GEO (Counts IV and V), which are premised on allegations that, *inter alia*, GEO obtains the nearly free detainee labor performed by Plaintiffs and other Class Members by "[w]ithholding daily necessities from Plaintiffs and the Class Members, thereby forcing them to work for subminimum wages in order to buy those daily necessities." (Compl. ¶ 130; *see also id.* ¶ 126.) Plaintiffs further allege that GEO's deprivation scheme includes "malnutrition, unsanitary living quarters, extreme isolation, and unhygienic conditions of confinement." (Compl. ¶ 130.) Plaintiffs' claim under California's Unfair Competition Law ("UCL") (Count III) is premised, in part, on the same allegations concerning GEO's deprivation and forced labor scheme. (Compl. ¶ 119.)

This document request, which seeks contracts governing the "performance of any function or provision of any service at the Adelanto Facility," is well-designed to gather evidence speaking to the claims and allegations described above. Plaintiffs respectfully request that the Court order GEO to respond to the request as written.

**GEO'S POSITION ON ITS RESPONSE TO NO. 1:**

GEO has imposed a reasonable and logical limitation on its response to RFP No. 1. The City of Adelanto is the governmental entity with which GEO contracts to operate the Adelanto Facility. GEO agreed to produce all bids and contracts with the City of Adelanto regarding GEO's administration of the Adelanto Facility in effect

during the Plaintiffs' detention because those are the documents most likely to relate to the functions and services GEO performed relevant to Plaintiffs' class claims. If a class is certified that covers a broader scope, Plaintiffs can then seek to obtain a broader production. They have not shown that a broader production is necessary and proportional to the class certification inquiry. Their motion to compel is premature at best.

Thus, the Court should deny Plaintiffs' request to expand GEO's response for two reasons.

<u>First</u>, Plaintiffs do not address four key objections GEO raised about the request: (1) it is not limited to the time Plaintiffs were detained at the Adelanto Facility, (2) it is unduly burdensome, (3) it is not proportional to the needs of the case, and (4) it seeks privileged documents. Each of these go to the fundamental proportionality of the request. Again, Plaintiffs bear the burden of demonstrating proportionality and they have made no effort to do so in this motion.

<u>Second</u>, Plaintiffs have not shown that whatever additional they believe should be produced is even relevant. Plaintiffs seek "contracts" governing "performance of any function or provision of any service at the Adelanto Facility" and claim this will "gather evidence speaking to" two claims: **(1)** Violation of the California Trafficking Victims Protection Act (Cal. Civ. Code. § 52.5) (Second Amended Complaint ("SAC"), Count IV, ¶¶ 121-127) and **(2)** Violation of the Federal Trafficking Victims Protection Act (18 U.S.C. § 1589(a), 1594(a)), SAC, Count V, ¶¶ 128-137).

Both claims are exclusively based on GEO's alleged acts, not its "performance of any function or provision of any service at the Adelanto Facility." These claims are not based on allegations that GEO failed to perform under any contracts. Plaintiffs even acknowledge their theory is that GEO committed these acts according to GEO's "corporate policy and uniform practice." (SAC, ¶ 131.)

**REQUEST FOR PRODUCTION NO. 2:**

Please provide all documents relating to any Quality Assurance Plan regarding the operation of the Adelanto Facility, including, but not limited to, all documents sent to or received from the ICE Contracting Officer or Contracting Officer's Technical Representative.

**RESPONSE TO NO. 2:**

GEO objects to this Request on the grounds that it requests information outside GEO's possession, custody, or control as "all documents sent to or received from the ICE Contracting Officer or Contracting Officer's Technical Representative," would include documents that were neither sent nor received by GEO. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all Quality Assurance Plans regarding the operation of the Adelanto Facility in effect during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 2:**

In its response, GEO represents that it will produce the Quality Assurance Plans requested, but not other documents concerning them. Plaintiffs believe that other documents relating to such plans, including for instance email communications, certainly are discoverable.

During the telephonic meet-and-confer with defense counsel, Stacey Wang, on July 22, 2019, Ms. Wang represented that GEO would amend its response to this

Request. However, Defendant did not provide any such amended response before Ms. Wang withdrew from this action. Accordingly, Plaintiffs respectfully request that the Court order Defendant to comply with this request, as written.

**GEO'S POSITION ON ITS RESPONSE TO NO. 2:**

This objection is moot. GEO will be amending this response and will produce (1) all Quality Assurance Plans regarding the operation of the Adelanto Facility in effect during the times Plaintiffs were detained at the Adelanto Facility and (2) all emails in GEO's possession, custody, or control related to the Quality Assurance Plans received from or sent to the ICE Contracting Officer or the ICE Contracting Officer's Technical Representative. ICE must review and approve this production. GEO estimates ICE's review will be complete and approved documents will be produced, with any necessary redactions, by October 4, 2019.

**REQUEST FOR PRODUCTION NO. 3:**

Please provide every handbook, rulebook, code of conduct, orientation packet, orientation video, or similar communication from GEO to detainees at the Adelanto Facility from December 19, 2007 to present.

**RESPONSE TO NO. 3:**

GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO objects to this request as outside the scope of discovery as defined under Rule 26(b)(1) as it requests documents that do not have any relationship to the claims or defenses in this case. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all orientation or intake documents or communications provided to detainees relating to the Voluntary Work Program at the Adelanto Facility

in effect during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 3:**

GEO represents only that it will produce "orientation or intake documents or communications provided to detainees relating to the Voluntary Work Program at the Adelanto Facility in effect during the time Novoa was a detainee at the Adelanto Facility."

Besides the timeframe issue, addressed in Plaintiffs' Introductory Statement, above, the request is broader than GEO's representation of compliance, and well-calculated to lead to the discovery of relevant evidence. There is no basis for GEO's apparent refusal to produce the other documents requested, which for instance would likely speak to the issues surrounding solitary confinement and punishment that are referenced in the Complaint and tied to Plaintiffs' claims.

During the meet-and-confer with Ms. Wang, the parties discussed, in particular, Plaintiffs' counsel's request that GEO produce an orientation video that, they believe, speaks directly to the Plaintiffs' wage and forced labor claims. Ms. Wang represented that she would discuss this video with her client but, to date, Plaintiffs have not received it in Defendant's production. Plaintiffs respectfully request the Court order Defendant to comply with the request as written, and in particular produce the orientation video.

**GEO'S POSITION ON ITS RESPONSE TO NO. 3:**

This objection is moot. Other than the orientation video addressed below, GEO produced all orientation and intake documents used during the time Plaintiffs were detained at the Adelanto Facility. These documents address what Plaintiffs raise in their objections – solitary confinement and punishment.

GEO is locating the orientation video(s) shown to Plaintiffs upon arrival at the Adelanto Facility. ICE must review and approve the production of any video. GEO estimates ICE's review will be complete and any video(s) will be produced, with necessary redactions, by October 4, 2019.

**REQUEST FOR PRODUCTION NO. 4:**

Please provide any and all documents that refer or relate to staffing plans and/or schedules for work, tasks, and/or duties at the Adelanto Facility between December 19, 2007 and the present. This includes, but is not limited to, daily, weekly, or monthly staffing plans or employee rosters, and the units or buildings or areas and duties to which each employee or detainee was assigned.

**RESPONSE TO NO. 4:**

GEO objects to this Request as overly broad, unduly burdensome, and disproportionate as it seeks information wholly unrelated and not relevant to the claims and defenses of this case. This Request does not request documents related to the Voluntary Work Program at Adelanto. GEO also objects to this because the negligible benefit of this information to the Plaintiff is far outweighed by the security risks incurred by disclosing the information. GEO will not be producing documents in response to this Request and is withholding responsive documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 4:**

This request is merited and likely to lead to the discovery of relevant evidence, including the identification of percipient witnesses. During the meet-and-confer with Ms. Wang, she agreed to produce rosters and staffing plans concerning VWP detainees, and otherwise objected on the basis of burden. Plaintiffs specifically requested ICE-approved staffing plans, but have not received any assurance that GEO will produce such documents.

In addition, Plaintiffs requested a description of the volume of responsive documents, in light of GEO's assertions regarding the burden associated with compliance. GEO has not provided any such description.

Plaintiffs' respectfully request that the Court order GEO to produce responsive documents.

**GEO'S POSITION ON ITS RESPONSE TO NO. 4:**

The portion of this objection related to detainees working in the VWP is moot. GEO produced shift packets and rosters for shifts involving detainees participating in the VWP during the time Plaintiffs were detained at the Adelanto Facility. GEO identified additional responsive, discoverable documents within this category. ICE must review and approve this production. GEO estimates ICE's review will be complete and responsive, non-privileged documents will be produced, with necessary redactions, by October 4, 2019.

This limitation is reasonable, and Plaintiffs do not identify any *specific* reason why it should be expanded. Although they claim that their request "would lead to the discovery of relevant evidence, including the identification of percipient witnesses," they have not offered any explanation for why they need this information beyond the VWP and why they need it for a 12-year period. They certainly have not identified any percipient witnesses, even generally, that they could not identify as readily through the production GEO has already agreed to provide. The Court should deny Plaintiffs' request to supplement.

Plaintiffs fail to address four objections GEO raised about the request: (1) it is overly broad, (2) it is disproportionate as it seeks information wholly irrelevant to claims and defenses in the case, (3) that the negligible benefit of this information is far outweighed by the security risks incurred by disclosing the information, and (4) it does not seek documents related to the VWP at the Adelanto Facility. The Court should deny the request to supplement on all of these grounds.

Plaintiffs argue the Court should order GEO to broaden the scope of documents produced to include shift packets and rosters for GEO <u>employees</u> and this fails for three additional reasons. <u>First</u>, this is irrelevant. The gravamen of Plaintiffs' claims is that they are owed minimum wage for work they did through the VWP while at the Adelanto Facility. The work schedules of GEO's employees have no bearing on whether detainees worked and whether they must be paid minimum wage for that work. <u>Second</u>, to produce these records raises serious privacy concerns regarding the individuals whose names appear on those documents. <u>Third</u>, this is unduly burdensome. To review, facilitate ICE review, and produce documents would be both costly and time consuming. Beyond review by defense counsel and by ICE, production would require many hours of time spent redacting private information from these materials that are of no relevance to the case. The work entailed would be significant, because GEO has identified over 16,000 documents that potentially fall within this category.

**REQUEST FOR PRODUCTION NO. 6:**

Please provide all financial records reflecting the monthly and annual operating costs of the Adelanto Facility from December 19, 2007 to present. This includes, but is not limited to, the cost of providing food, shelter, clothing, bedding, utilities, recreation, entertainment, medical health services, optical health services, dental services, and mental health services to detainees during that period.

**RESPONSE TO NO. 6:**

GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO objects to this Request on the grounds that "all financial records reflecting the monthly and annual operating costs of the Adelanto Facility" would be unduly burdensome to produce when documents sufficient to show these costs would be reasonable and proportionate. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant

information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and subject to the protective order entered in this case, sufficient to show actual expenditures at the Adelanto Facility regarding the Voluntary Work Program and costs incurred providing goods and services to detainees during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO will withhold documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 6:**

The request for "monthly and annual operating costs of the Adelanto Facility from December 19, 2007 to present" is relatively narrow, and not overly burdensome. GEO contends that it cannot pay detainees more than $1 per day at the Adelanto Facility, and this evidence would speak to that contention. Furthermore, this request seeks evidence relevant to Plaintiffs' forced labor claims, in support of which they allege that, *inter alia*, GEO obtains the nearly free detainee labor performed by Plaintiffs and other Class Members by "[w]ithholding daily necessities from Plaintiffs and the Class Members, thereby forcing them to work for subminimum wages in order to buy those daily necessities." (Compl. ¶ 130; *see also id.* ¶ 126.)

There is no basis for GEO's unilateral narrowing of this request. Plaintiffs' respectfully request that the Court order GEO to comply.

**GEO'S POSITION ON ITS RESPONSE TO NO. 6:**

The Court should not order production of records under this request for three reasons. First, Plaintiff's objection is based on a misstatement of a portion of one of GEO's defenses. GEO's defense is not that it cannot afford to pay detainees more than $1 per day. Since this is not GEO's defense, this cannot be a basis for Plaintiffs to acquire these records. Second, Plaintiffs seek these financial records to support their allegation GEO withheld necessities which, in turn, forced detainees to work for

"subminimum wages" to buy those items. GEO's operating costs are wholly unrelated to and would not bear on whether GEO was "withholding" anything or "forcing" detainees to work. Third, GEO has taken this same position in a currently pending case involving virtually the same claims and allegations, *State of Washington v. GEO Group, Inc.*, No. 3:17-cv-05806-RJB (W.D. Wash.). This issue is fully briefed and on mandamus review before the Ninth Circuit in *State of Washington v. GEO Group, Inc.*, No. 19-70041 (9th Cir.). Oral argument in that matter was August 26, 2019. It would unduly prejudice GEO to compel discovery into these matters while this issue is pending before the court of appeals.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide any and all documents summarizing, constituting or recording the amount of compensation received by GEO from the City of Adelanto and/or ICE related to the operation of the Adelanto Facility.

**RESPONSE TO NO. 7:**

GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO objects to this request as outside the scope of discovery under FRCP 26(b)(1) as all compensation received by GEO from the City of Adelanto and/or ICE related to the operation of the Adelanto Facility is not relevant to the claims or defenses in this case. GEO objects to the extent it requests information protected by the attorney- client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non- privileged documents, to the extent they exist and subject to the protective order entered in this case, sufficient to show compensation received by GEO from the City of Adelanto and/or ICE related to the operation of

the Voluntary Work Program during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO will withhold documents subject to the above-stated objections.

### PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 7:

Like the previous request, there is no basis for GEO's apparent unilateral narrowing of the scope of this request, to compensation received by GEO related to the operation of the Voluntary Work Program. The request, as written, is well-designed to return evidence relevant to the claims and issues in this case, including GEO's ability to pay detainees more than $1 per day for participation in the voluntary work program.

Furthermore, this request seeks evidence relevant to Plaintiffs' forced labor claims, in support of which they allege that, *inter alia*, GEO obtains the nearly free detainee labor performed by Plaintiffs and other Class Members by "[w]ithholding daily necessities from Plaintiffs and the Class Members, thereby forcing them to work for subminimum wages in order to buy those daily necessities." (Compl. ¶ 130; *see also id.* ¶ 126.) Information regarding compensation received by GEO for the provision of these daily necessities, for instance, would be directly relevant to these allegations and claims.

There is no basis for GEO's unilateral narrowing of this request. Plaintiffs' respectfully request that the Court order GEO to comply.

### GEO'S POSITION ON ITS RESPONSE TO NO. 7:

The Court should not order production of records under this request for three reasons. First, Plaintiff's objection is based on a misstatement of a portion of one of GEO's defenses. GEO's defense is not that it cannot afford to pay detainees more than $1 per day. Since this is not GEO's defense, this cannot be a basis for Plaintiffs to acquire these records. Second, Plaintiffs seek these financial records to support their allegation GEO withheld necessities which, in turn, forced detainees to work for

"subminimum wages" to buy those items. But taking this allegation at face value, GEO's operating costs do nothing to prove its truth. GEO's operating costs bear no relation to whether GEO was "withholding" anything or "forcing" detainees to work. <u>Third</u>, GEO has taken this same position in a currently pending case involving virtually the same claims and allegations, *State of Washington v. GEO Group, Inc.*, No. 3:17-cv-05806-RJB (W.D. Wash.). This issue is fully briefed and on mandamus review before the Ninth Circuit in *State of Washington v. GEO Group, Inc.*, No. 19-70041 (9th Cir.). Oral argument in that matter was August 26, 2019. It would unduly prejudice GEO to compel discovery into these matters while this issue is pending before the court of appeals.

## REQUEST FOR PRODUCTION NO. 8:

Please provide any and all documents reflecting the type, inventory, volume, and price of goods sold at the Adelanto Facility commissary from December 19, 2007 to present.

## RESPONSE TO NO. 8:

GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO objects to this Request as requesting information outside the scope of discovery as defined under FRCP 26(b)(1) as it does not relate to any claim or defense in the case. There is no allegation that GEO overcharged for commissary items. What items are available in the commissary and the cost of each is irrelevant to Mr. Novoa's claims that he was not paid minimum wage for his work as part of the voluntary work program. GEO will not be producing documents responsive to this request.

## PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 8:

The Complaint includes a variety of allegations concerning the commissary, and detainees' need to purchase items from it in order to survive, which is directly related

1   to Plaintiffs' claims concerning the voluntary work program and GEO's compensation

2   to detainees for their participation in it.

3        During the meet-and-confer with Ms. Wang, she represented that Defendant

4   would amend its responses and comply with this request, but Plaintiffs have not

5   received any such amended responses. Accordingly, Plaintiffs request that the Court

6   order Defendant to comply.

7        **GEO'S POSITION ON ITS RESPONSE TO NO. 8:**

8        This objection is moot. GEO identified additional responsive, discoverable

9   documents within this category. ICE must review and approve this production. GEO

10  estimates ICE's review will be complete and responsive, non-privileged documents will

11  be produced, with necessary redactions, by October 4, 2019.

12       **REQUEST FOR PRODUCTION NO. 10:**

13       Please provide all "Detainee Payroll" documents, including, but not limited to,

14  invoices to ICE and commissary payment records, bearing any date between December

15  19, 2007 and the present that pertain to or record work in the Work Program at the

16  Adelanto Facility.

17       **RESPONSE TO NO. 10:**

18       GEO objects to this Request as the time period extends outside the relevant time

19  period relating to Novoa's detention at the Adelanto Facility. GEO objects to this

20  Request on the grounds that the phrase "'Detainee Payroll' documents" is vague and

21  ambiguous. GEO interprets this Request as seeking a) all documents recording

22  compensation of detainees for participation in the VWP at the Adelanto Facility, and

23  b) all communications between GEO and ICE requesting reimbursement from ICE for

24  compensation of detainees for participation in the VWP at the Adelanto Facility. GEO

25  is willing to meet and confer should Plaintiff wish to clarify this request. Subject to and

26  without waiving GEO's above-stated objections, GEO will conduct a reasonable search

27  of documents on active electronic systems and reasonably accessible paper storage areas

28  that GEO reasonably believes contain potentially relevant information within its

possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all documents recording compensation of Novoa for participation in the VWP at the Adelanto Facility and all communications between GEO and ICE requesting reimbursement from ICE for compensation of Novoa for participation in the VWP at the Adelanto Facility during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class and class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 10:**

There is no basis for restricting the scope of this request to compensation of Plaintiff Novoa only. Plaintiffs are entitled to the requested information on a class-wide basis. The request is plainly within the scope of discovery in this action, which focuses on Defendant's failure to pay detainees for their labor, in some cases at all and in other cases in compliance with the California Labor Code.

During the meet-and-confer with Ms. Wang, she represented that Defendant would comply with respect to Mr. Fuentes in addition to Mr. Novoa, but otherwise would not comply with this Request. Discovery has not been bifurcated, by the time the Court hears this motion Plaintiffs' motion for class certification will be on file and pending, and there is no basis whatsoever for Defendant's refusal to comply with this request as written.

Plaintiffs respectfully request that the Court order Defendant to comply with this request as written.

**GEO'S POSITION ON ITS RESPONSE TO NO. 10:**

GEO produced documents related to the named Plaintiffs. GEO objects to broadening the scope to include further documents at this time because a class has not

been certified and open-ended merits discovery is not proportional to the needs of the case at the class certification stage.

Plaintiffs do not contend otherwise, but rather, simply assume they are entitled to this discovery. They must first articulate a basis for why additional documents related to non-parties would have a bearing on the case or assist them in proving their claims and allegations. Not only have they failed to do so, they have failed to explain why their needs are not met by the documents GEO has already produced.

**REQUEST FOR PRODUCTION NO. 13:**

Please provide the daily rosters for each segregation unit and any and all documents summarizing, constituting, recording, or referencing the Adelanto Facility's weekly interdisciplinary committee segregation review from December 19, 2007 to present.

**RESPONSE TO NO. 13:**

GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO objects on the grounds that all "daily rosters for each segregation unit," are not relevant to the claims or defenses in this case because not all detainees placed in segregation have been placed there as a result of conduct arising from detainee work. GEO objects to this Request to the extent that "documents summarizing, constituting, recording, or referencing the Adelanto Facility's weekly interdisciplinary committee segregation review" is not relevant to the claims or defenses in this case. For example, this Request would seek documents concerning the weekly interdisciplinary committee segregation review that do not relate to detainee work, the VWP, "work stoppages," or detainee provision of "labor or services." Compl. ¶ 96, 102. A document could also "referenc[e]" the Adelanto Facility's weekly interdisciplinary committee segregation review but not be relevant to the claims or defenses in this case. Moreover, to the extent GEO possesses documents concerning segregation review, these documents are often filed in individual detainee files. As a class has not yet been certified in this case, GEO objects to this

Request on the grounds that it is unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents contained solely in individual detainee files. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all VWP pod porter lists for the segregation unit at the Adelanto Facility, and all recorded, non-individualized weekly interdisciplinary committee segregation review meetings during the time Novoa was a detainee at the Adelanto Facility that discuss detainees in detention for misconduct relating to the VWP. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 13:**

There is no basis for restricting the scope of this request to responsive documents that "discuss . . . misconduct relating to the VWP." Plaintiffs have no reason to suspect that all relevant documents will discuss the VWP, and Plaintiffs allege a variety of wrongdoing by GEO related to segregation units, which is relevant to, *inter alia*, Plaintiffs' forced labor claims. Plaintiffs are entitled to the requested evidence.

Plaintiffs request that the Court order Defendant to comply.

**GEO'S POSITION ON ITS RESPONSE TO NO. 13:**

GEO has agreed to produce both categories of responsive, discoverable documents: **(1)** all VWP pod porter lists for the segregation unit at the Adelanto Facility and **(2)** all recorded, non-individualized weekly interdisciplinary committee segregation review meetings during the time Plaintiffs were detained at the Adelanto Facility that discuss detainees in detention for misconduct relating to the VWP.

Plaintiffs object to this because, in their opinion, they "have no reason to suspect" this includes all discoverable documents. This is not the standard for discovery responses. GEO's response to this request for production includes all responsive, discoverable documents. Plaintiffs' unfounded suspicious are an insufficient basis to compel discovery.

Plaintiffs also object based on their position that since they allege wrongdoing about segregation units, they would be allowed to obtain discovery into everything related to segregation units. This is incorrect. As Plaintiffs admit, the allegations related to segregation connect to their forced labor claims. Plaintiffs' underlying theory is that GEO used the VWP improperly and a part of GEO's improper use of the program involved the segregation units. Plaintiffs do not allege the use of segregation units is generally improper or violates any law. They cannot use the discovery process to try to gain access to document related to claims they do not assert. GEO has produced all responsive, discoverable documents related to the VWP and the segregation units, as described above.

**REQUEST FOR PRODUCTION NO. 14:**

Please provide any and all documents relating to, constituting, or recording the findings of any inspections of the Adelanto Facility by ICE and/or the City of Adelanto between December 19, 2007 and the present.

**RESPONSE TO NO. 14:**

GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO objects to this Request on the grounds that "any inspection[] of the Adelanto Facility" would include inspections of the Adelanto Facility that are not relevant to the claims or defenses in this case. For example, inspections of the Adelanto Facility may relate to fire safety, but have no bearing on the claims or defenses in this case. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO

reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all inspections of the Adelanto Facility conducted by the City of Adelanto or ICE related to VWP compliance, discipline, segregation, sanitation, food service, water quality, or the provision of supplies by GEO, during the time Novoa was a detainee at the Adelanto Facility to the extent they exist. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

### **PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 14:**

There is no basis for restricting the scope of this request. The findings of *any* inspections of the Adelanto Facility by ICE and/or the City of Adelanto are well within the scope of discovery, and likely to lead to relevant evidence. Responsive documents are likely to speak to Plaintiffs' claims, and also are highly relevant to Defendant's sovereign immunity defense, given that Defendant would have to comply with the government's directives and respond to its findings in such inspections to assert such a defense (which Plaintiffs nonetheless contend could not shield Defendant from liability in this action).

As has been widely reported in the press, ICE hired a private contractor to inspect Defendant's facilities – the Nakamoto Group – which has been widely criticized, including by the Department of Homeland Security's Inspector General, which has conducted its own inspections. *See, e.g.*, U.S. Dept. of Homeland Security Office of Inspector General, *ICE's Inspections and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or Systemic Improvements* (June 26, 2018), *available at* <https://www.oig.dhs.gov/sites/default/files/assets/2018-06/OIG-18-67-Jun18.pdf> (last visited Aug. 5, 2019); Yuki Noguchi, *"No Meaningful Oversight": ICE*

*Contractor Overlooked Problems At Detention Centers*, NPR (July 17, 2019), *available at* <https://www.npr.org/2019/07/17/741181529/no-meaningful-oversight-ice-contractor-overlooked-problems-at-detention-centers> (last visited Aug. 5, 2019).

During the meet-and-confer with Ms. Wang, she represented that she would look into the number of responsive inspections, and consider amending Defendant's response to this Request, but no such amendment has been forthcoming, and Ms. Wang has withdrawn from this action.

Plaintiffs respectfully request that the Court order Defendant to comply with this request.

**GEO'S POSITION ON ITS RESPONSE TO NO. 14:**

At bottom, this is a wage and hour case. Plaintiffs claim that they are owed minimum wage for work they did through the VWP while at the Adelanto Facility. It defies understanding how a broad request for documents relating to facility inspections is reasonably tailored to seek relevant evidence or is likely to lead to the discovery of admissible evidence. The request for "all" inspection-related documents is more motivated out of an effort to to embarrass or harass GEO than to obtain discoverable information.

Moreover, Plaintiffs are mistaken that the documents they seek are "highly relevant" to GEO's derivative sovereign immunity defense. GEO's derivative sovereign immunity defense – like all of Plaintiffs' claims and allegations – involves GEO's VWP. GEO produced documents related to the VWP.

Further, Plaintiff seeks all inspection-related documents based on statements in news stores alleging a private contractor ICE hired to conduct inspections has been criticized. Plaintiffs do not, however, explain how the inspector or the inspections addressed in these news articles – which do not address GEO, the VWP, or Plaintiffs – relate in the slightest way to their claims.

**REQUEST FOR PRODUCTION NO. 15:**

Please provide any and all documents relating to, constituting, or recording any communications between personnel at the Adelanto Facility and emergency personnel, including but not limited to 911, ambulance services, or police departments, between December 19, 2007 and the present.

**RESPONSE TO NO. 15:**

GEO objects to this Request as seeking information outside of the scope of discovery as the information sought is not relevant to the claims or defenses in this case. GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO objects to this request as it may implicate the private health information or non-public criminal history of non-parties. GEO is not producing documents in response to this Request and is withholding documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 15:**

There is no basis for GEO's refusal to comply with this request. This request seeks discoverable, relevant evidence likely to support Plaintiffs' claims that they have been deprived of necessities and of proper medical care, as part of Defendant's scheme to force its detainees to work for free or nearly free.

Plaintiffs respectfully request that the Court order Defendant to comply.

**GEO'S POSITION ON ITS RESPONSE TO NO. 15:**

GEO agreed to produce responsive documents related to Plaintiffs. There are none. GEO agreed to produce responsive documents related to class members if and when a class is certified. Beyond that scope, any production under this request is baseless and wholly improper.

This is a wage and hour case. Plaintiffs' claims are that were not paid minimum wage for work they did through the VWP while at the Adelanto Facility. Records of 911 calls have no relevance to this issue, and Plaintiffs do not argue otherwise.

Further, these documents cannot be produced because of the information included within them – protected health information, non-public criminal information, and other non-public, private information. Finally, this is another attempt to obtain documents in the hopes Plaintiff can find something to embarrass or harass GEO about other, irrelevant programs, procedures, and practices.

**REQUEST FOR PRODUCTION NO. 16:**

Please provide any and all documents relating to, constituting or recording grievances filed by detainees at the Adelanto Facility between December 19, 2007 and the present.

**RESPONSE TO NO. 16:**

GEO objects to this Request as seeking information outside of the scope of discovery as "all . . . grievances filed by detainees" is not relevant to the claims or defenses in this case, to the extent such documents do not relate to grievances concerning VWP compliance, discipline, segregation, sanitation, food service, water quality, or the provision of supplies by GEO. GEO objects to this Request on the grounds that a class has not been certified in this case and, as such, grievances filed by detainees other than Novoa are not relevant to the claims or defenses in this case. GEO objects to this Request on the grounds that it is unduly burdensome and outside of the scope of discovery, as it seeks "all documents relating to, constituting or recording grievances" filed by any detainee at the Adelanto Facility.

Furthermore, as grievances are often filed in individual detainee files, and a class has not yet been certified in this case, GEO objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case to the extent it seeks documents contained solely in individual detainee files. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged

copies, to the extent they exist following entry of a reasonable protective order, of all grievances filed by Novoa at the Adelanto Facility during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 16:**

There is no basis for GEO's refusal to comply with this request. The requested grievances are likely to relate to the allegations in Plaintiffs' complaint, which concern a variety of wrongdoing that could prompt such filings. During the meet-and-confer process, Defendant has announced it stands by its written objections and will produce responsive documents only with respect to the named Plaintiffs.

Plaintiffs request the Court order Defendant to comply with the request as written.

**<u>GEO'S POSITION ON ITS RESPONSE TO NO. 16:</u>**

GEO produced Plaintiffs' detainee files which contain grievances. GEO agrees to produce all grievances submitted by Plaintiffs that are found outside Plaintiffs' detainee files in GEO's business records. GEO's counsel completed the first level review of these documents and they are being submitted to ICE for review. GEO anticipates producing these records by October 4, 2019. If and when a class is certified, GEO agrees to produce grievances submitted by class members.

The Court should deny Plaintiffs' request to supplement for four reasons.

<u>First</u>, the additional grievances Plaintiffs seek are irrelevant. The gravamen of Plaintiffs' claims is that they are owed minimum wage for work they did through the VWP while at the Adelanto Facility. Detainees' grievances about subjects wholly unrelated to the VWP and submitted outside of the relevant time period have no bearing on whether detainees participated in the VWP and whether they must be paid

minimum wage for that work. <u>Second</u>, to produce these records raises serious privacy concerns about the individuals whose names appear on those documents because detainees discuss private, health, and other personal matters. <u>Third</u>, this is unduly burdensome. To review, facilitate ICE review, and produce these documents would be both costly and time consuming because GEO has identified over 100,000 handwritten documents that would have to be individually scanned, reviewed, coded, processed, and then analyzed for responsiveness. <u>Fourth</u>, Plaintiffs fail to explain what additional information would be gleaned from these documents that is not already met by GEO's production.

### **REQUEST FOR PRODUCTION NO. 17:**

Please provide any and all documents relating to, constituting, or recording incidents including, but not limited to, incident reports or accident reports relating to incidents of physical assault and/or sexual assault at the Adelanto Facility between December 19, 2007 and present.

### **RESPONSE TO NO. 17:**

GEO objects to this Request as seeking information outside of the scope of discovery as it seeks documents that are not relevant to the claims or defenses in this case. For example, this Request would seek incident reports or accident reports that do not relate to detainee work, the VWP, "work stoppages," or detainee provision of "labor or services." Compl. ¶ 96, 102. GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. Subject to and without waiving GEO's above- stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all incident reports relating to detainee work, the VWP, work stoppages, or detainee provision of labor or services at the Adelanto Facility

during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 17:**

GEO unilaterally narrows the scope of this request to "incident reports relating to detainee work, the VWP, work stoppages, or detainee provision of labor or services." Again, the complaint describes a variety of wrongdoing that could be reflected in incident reports more generally, and the request is well-designed to lead to the discovery of relevant evidence, including evidence supporting Plaintiffs' allegations that they were forced to work by Defendant, both directly through its employees and through its deprivation of necessities. Plaintiffs respectfully request that the Court order Defendant to comply with this request.

**GEO'S POSITION ON ITS RESPONSE TO NO. 17:**

GEO agrees to produce incident reports relating to all matters relevant to Plaintiffs' claims that could appear in an incident report at the Adelanto Facility during the times Plaintiffs were detainees there: (1) detainee work, (2) the VWP, (3) work stoppages, or (4) detainee provision of labor or services. If and when a class is certified, GEO agrees to expand the production to include the time period relevant to the class.

The Court should deny Plaintiffs' request to supplement for three reasons.

First, contrary to Plaintiffs' argument, this request is not relevant to their claims. This is a wage case – the gravamen of Plaintiffs' claims is that they are owed minimum wage for work they did through the VWP while at the Adelanto Facility. Second, the production sought by Plaintiffs raises privacy concerns because the private health information and other non-public information of non-parties would be included in these records. Third, Plaintiffs fail to articulate what benefit they would get from these documents that is not already met by GEO's production.

**REQUEST FOR PRODUCTION NO. 18:**

Please provide any and all documents relating to, constituting, or recording communications between you and any person representing the ICE, dated between December 19, 2007 and the present and which reference or mention the Work Program.

**RESPONSE TO NO. 18:**

GEO objects to this Request as violating Fed. R. Civ. P. 26(b)(1) because it asks for information that is outside the scope of discovery. Specifically, the breadth of the request would include documents that have no bearing on the claims or defenses in this case. For example, emails between GEO and ICE that merely mention the term "Voluntary Work Program" or "VWP" as a program available at the Adelanto Facility may indeed "relate to" the Voluntary Work Program but have no bearing on the claims or defenses in this case. This Request is also not limited to the Adelanto Facility. Moreover, GEO objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case as it seeks any and all correspondence between ICE and GEO that might relate or refer to the Voluntary Work Program. GEO also objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all communications between GEO and ICE regarding the implementation of the VWP at the Adelanto Facility during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to

the Court's defined class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 18:**

Defendant's written response to this request limits Defendant's representation of compliance to documents "regarding implementation of the VWP." The request, as written is well-designed to lead to the discovery of relevant evidence. Plaintiffs are entitled to all such communications that reference or mention the Work Program.

During the meet-and-confer process with Ms. Wang, Plaintiffs' counsel enquired as to this limitation. Ms. Wang represented that she would look into whether any responsive documents were being withheld based on this language, and whether Defendant might be willing to amend its response. However, Ms. Wang withdrew and no amended responses have been forthcoming. Accordingly, Plaintiffs respectfully request that the Court order Defendant to comply with the request as written.

**GEO'S POSITION ON ITS RESPONSE TO NO. 18:**

This objection is moot. GEO is not withholding any documents at this time that are responsive to this request. If additional responsive documents are identified and not produced, GEO will promptly notify Plaintiffs.

**REQUEST FOR PRODUCTION NO. 19:**

Please provide any and all documents relating to, constituting, or recording Performance Evaluation Meetings, including all draft invoices, signed minutes, and GEO responses to any areas of disagreement between ICE and GEO, that occurred or were scheduled to occur between you and ICE from December 19, 2007 and the present.

**RESPONSE TO NO. 19:**

GEO objects to this Request as violating Fed. R. Civ. P. 26(b)(1) because it asks for information that is outside the scope of discovery. For example, Performance Evaluation Meetings between GEO and ICE may involve topics that have no bearing on the claims or defenses in this case. This Request is also not limited to the Adelanto

Facility. GEO objects to this Request on the grounds that it is vague and ambiguous to the extent that it seeks information regarding "any areas of disagreement between ICE and GEO." GEO also objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all recorded Performance Evaluation Meetings or communications regarding such meetings that relate to VWP compliance, discipline, segregation, sanitation, food service, water quality, or the provision of supplies by GEO at the Adelanto Facility during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

### **PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 19:**

Again, GEO unilaterally narrowed the scope of this request in its written response. The request, as written, is straightforward, relatively narrow, and well-designed to lead to the discovery of relevant evidence. Defendant has not backed off its objection to this request.

Plaintiffs respectfully request that the Court order Defendant to comply with the request as written.

### **GEO'S POSITION ON ITS RESPONSE TO NO. 19:**

GEO objected to this request because it seeks information outside the scope of discovery. Some documents requested cover topics with no bearing on the claims or

defenses in this case. Further, the request is not limited to either the Adelanto Facility or the time Plaintiffs were detained at the Adelanto Facility. It is also vague and seeks information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and other privileges or immunities. Plaintiffs responded to none of these objections and, instead, merely claim GEO must produce the documents it is withholding because the request is, in Plaintiffs' view, appropriately limited, "straightforward, relatively narrow, and well-designed." These – standing alone as conclusions – are insufficient grounds to compel production.

GEO agreed to produce all discoverable disputes related to Plaintiffs' claims – which are all grounded in the allegation they are owed minimum wage for work they did through the VWP while at the Adelanto Facility. GEO agreed to produce all recorded Performance Evaluation Meetings and communications about such meetings that address the following topics: (1) VWP compliance, (2) discipline, (3) segregation, (4) sanitation, (5) food service, (6) water quality, or (7) the provision of supplies by GEO. This is sufficient.

**REQUEST FOR PRODUCTION NO. 20:**

Please provide any and all documents relating to, constituting, or recording quarantines, outbreaks, medical segregation, and medical observation of detainees.

**RESPONSE TO NO. 20:**

GEO objects to this Request as seeking information outside of the scope of discovery as the information sought is not relevant to the claims or defenses in this case. GEO objects to this request as it implicates the private health information of non-parties. GEO is willing to meet and confer should Plaintiff wish to narrow its request or clarify its need for this information. GEO objects to this Request as it is unbounded by time to the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO is not producing documents in response to this Request and is withholding documents subject to the above-stated objections.

**PLAINTIFFS' POSITION ON GEO's RESPONSE TO NO. 20:**

The Complaint includes a variety of allegations concerning, *inter alia*, "unsanitary living quarters, . . . and unhygienic conditions of confinement." (¶ 84.) These allegations support Plaintiffs' claims that they were forced to work for free or nearly free, through Defendant's systematic deprivation of necessities. The request is well-designed to gather evidence relevant to these and other allegations, and there is no basis for GEO's refusal to comply.

Plaintiffs ask that the Court order Defendant to comply with this Request.

**GEO'S POSITION ON ITS RESPONSE TO NO. 20:**

Plaintiffs fail to address GEO's objections that this request (1) is not limited to the Adelanto Facility, (2) is not limited to the time when the Plaintiffs were detained at the Adelanto Facility, and (3) would require the production of protected health information of non-parties. Plaintiffs argue documents related to illnesses and medical treatment is somehow discoverable because they allege they were forced to work for free or "nearly free" and did not receive necessities. Plaintiffs' allegations underlying this request are wholly unrelated to the medical documents they seek and they do not show otherwise.

Respectfully submitted,

Dated:        September 2, 2019          */s/ Theodore Maya*
                                        Robert Ahdoot (CA Bar # 172098)
                                        rahdoot@ahdootwolfson.com
                                        Tina Wolfson (CA Bar # 174806)
                                        twolfson@ahdootwolfson.com
                                        Theodore W. Maya (CA Bar # 223242)
                                        tmaya@ahdootwolfson.com
                                        **AHDOOT & WOLFSON, PC**
                                        10728 Lindbrook Drive
                                        Los Angeles, California 90024-3102
                                        Telephone: (310) 474-9111
                                        Fax: (310) 474-8585

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
C. Jacob Gower (admitted *pro hac vice*)
jgower@burnscharest.com
LA Bar # 34564
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202

Telephone: (469) 904-4550
Facsimile: (469) 444-5002

**Attorneys for Plaintiffs.**

Dated:        September 2, 2019        **AKERMAN LLP**

By: *s/ Damien P. DeLaney*
          Damien P. DeLaney (CA SBN 246476)
          Ashley E. Calhoun (CA SBN 270530)
          Steven P. Gallagher (CA SBN 302811)
          Attorneys for Defendant
          THE GEO GROUP, INC.

**Attestation of Filer**

        I, Theodore Maya, attest that all other signatories whose electronic signature ("/s/")
appears above, on whose behalf the filing is submitted, concur in the filing's content and have
authorized the filing.

Dated:        September 2, 2019        */s/ Theodore Maya*
          Theodore W Maya (CA Bar # 223242)
          tmaya@ahdootwolfson.com
          **AHDOOT & WOLFSON, PC**
          10728 Lindbrook Drive
          Los Angeles, California 90024-3102
          Telephone: (310) 474-9111

          Fax: (310) 474-8585