Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Counsel for Plaintiffs
***Additional Counsel on Signature Page.***

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA** and **JAIME CAMPOS FUENTES**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.,**<br><br>*Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER AND TO AMEND THE PLEADINGS**<br><br>Date: September 16, 2019<br>Time: 9:00 a.m.<br>Courtroom: 1<br>Judge: The Honorable Jesus G. Bernal |

Defendant The GEO Group, Inc. ("GEO") fails to provide the Court with any legally-sound reason to deny Plaintiffs leave to amend their complaint.  GEO concedes the amended complaint alleges substantially similar allegations and claims, and seeks substantially similar remedies, as all preceding complaints in this docket. *See* ECF No. 174, GEO's Response to Plaintiffs' Motion ("Resp."), at 7; 11; 14. Lacking any legal basis to oppose amendment, GEO instead attacks the personal integrity of undersigned counsel and misrepresents the basic facts, claims, and procedural history of this litigation. GEO's only argument—that the company operates a single, uniform Housing Unit Sanitation Policy ("the HUSP") at its civil immigration detention centers nationwide—is itself a significant admission that provides good cause to amend. For the reasons that follow and as discussed in Plaintiffs' Motion for Leave to Amend Scheduling Order and to Amend the Pleadings ("Mot."), ECF No. 169, Plaintiffs have satisfied the requirements of Rules 16 and 15, and leave to amend should be granted.

**A.      Plaintiffs have good cause to amend the complaint.**

GEO admits it operates a single, uniform corporate HUSP at its civil immigration detention centers nationwide. *See* Resp. at 7 (discussing "GEO's HUSP"); 8 (discussing "the HUSP"); 12 (same); 13 ("The allegations underlying the HUSP and 'Uncompensated Work Program' were already known to Plaintiffs and were litigated by Plaintiffs' counsel in the *Menocal* case."). On its own, this  concession—that all detained immigrants held in GEO's civil immigration detention facilities nationwide are subject

PLAINTIFFS' REPLY IN SUPPORT OF MOTION                                    5:17-cv-02514-JGB
FOR LEAVE TO AMEND THE SCHEDULING
ORDER AND TO AMEND THE PLEADINGS

to the same uniform corporate policy and practice—provides ample good cause to amend. *See* ECF 167-2 (Third Amended Complaint) at ¶ 176 (defining the Nationwide HUSP class).

Even before GEO's recent admission, Plaintiffs have demonstrated good cause to amend the complaint because the evidence supporting their HUSP and Uncompensated Work Program allegations has come to light only through recent discovery. *See* Mot. at 5-6; 9-10. During the June depositions of Mr. Venturella and Mr. Janecka, Plaintiffs learned that: (a) GEO implements a HUSP at Adelanto; (b) pursuant to that HUSP, GEO requires detained immigrants to engage in labor other than the four tasks enumerated in the Personal Housekeeping Requirement of the 2011 ICE Performance Based National Detention Standards ("PBNDS"), § 5.8.V.C; and (c) GEO obtains compliance with the Adelanto HUSP via threats of serious harm and abuse of legal process. *See* Mot. at 5-6.  Plaintiffs also learned  that GEO believes the Adelanto HUSP is permissible under PBNDS § 5.8.V.C. *Id.* According to the public record in *Menocal*, GEO applies that same interpretation to its HUSP at the Aurora ICE Processing Center. *See Menocal v. The GEO Group, Inc.*, No. 1:14-cv-02887 (D. Colo.), ECF No. 50-1 at 39-45.

Plaintiffs began an on-the-ground investigation of the Adelanto HUSP and Uncompensated Work Program immediately after the June depositions. Several detained immigrants, including Abdiaziz Karim and Ramon Mancia, came forward with

PLAINTIFFS' REPLY IN SUPPORT OF MOTION                                5:17-cv-02514-JGB
FOR LEAVE TO AMEND THE SCHEDULING
ORDER AND TO AMEND THE PLEADINGS

allegations pertaining to both policies. Both Mr. Karim and Mr. Mancia have performed uncompensated labor for GEO under threat of serious harm pursuant to the Adelanto HUSP and the Uncompensated Work Program Policy. *See* ECF No. 169-2 (Third Amended Complaint) at ¶¶ 135-156; 157-172.

Based on all this newly-acquired evidence—the deposition testimony of Mr. Venturella and Mr. Janecka; counsel's investigation of the Adelanto HUSP and Uncompensated Work Program; the allegations of Mr. Karim, Mr. Mancia, and other immigrants currently or recently detained at Adelanto; and GEO's ongoing document production, discussed below—Plaintiffs timely sought leave to amend the complaint.

GEO's arguments in opposition to amendment lack substance in both law and fact.[1] First, GEO resorts to *ad hominem* attacks on Plaintiffs' counsel, contending erroneously that the undersigned have long known of "the HUSP" because "they are the same counsel as the *Menocal* case where these exact facts and allegation [sic] already exist." Resp. at 20. *See Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 920 (10th Cir.), *cert. denied*, 139 S. Ct. 143 (2018). In reality, solo practitioner R. Andrew Free is the only attorney representing plaintiffs in both *Novoa* and *Menocal*. Mr. Free has scrupulously

---

[1] GEO substituted its fourth set of counsel on August 1, 2019. *See* ECF Nos. 160-166.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION                    5:17-cv-02514-JGB
FOR LEAVE TO AMEND THE SCHEDULING
ORDER AND TO AMEND THE PLEADINGS

complied with the protective orders in each case which govern the sharing of discovery.[2]

Next, GEO argues by assertion that Plaintiffs were on notice of "the HUSP" because, according to GEO, *Novoa* and *Menocal* involve the "exact facts and allegation[s]" and "the same claims." Resp. at 8; 20. Here, again, GEO is simply wrong. *Novoa* is the only lawsuit against GEO raising claims for wage theft, unfair business practices, and unjust enrichment under California labor law, forced labor under the California forced labor statute, and/or attempted forced labor under the federal forced labor statute.[3] In

---

[2] GEO's other accusations of "gamesmanship" by undersigned counsel are similarly without merit. First, GEO argues that counsel's use of the term "disciplinary segregation" is somehow suspect, but "disciplinary segregation" is a term of art used in civil immigration detention settings, including by GEO itself. Resp. at 15; *see* PBNDS § 2.12, Special Management Units, *available at* https://www.ice.gov/doclib/detention-standards/2011/2-12.pdf. Next, GEO fails to provide any rationale for its apparent position that Plaintiffs are not entitled to seek discovery regarding the HUSPs and the Uncompensated Work Program. Resp. at 8-9. Finally, GEO does not and cannot point to any evidence supporting its assertion that Plaintiffs "wanted to wait for decisions in dispositive motions in related cases before adding the new allegations." Resp. at 10. There are no recent decisions or even motions—dispositive or otherwise—in *Menocal* or *Nwauzor* that have any bearing on the claims set forth in the Third Amended Complaint. GEO also fails to explain the benefit it believes counsel obtained by seeking amendment in this case rather than in *Nwauzor*, where a class has already been certified and affirmed by the Ninth Circuit. *See Nwauzor v. The GEO Group, Inc.*, No. 17-cv-5769 (W.D. Wash. Aug. 6, 2018), *petition for permission to appeal denied*, No. 18-80095 (9th Cir. Nov. 8, 2018).

[3] *See* ECF No. 108 (Second Amended Complaint); *Menocal*, No. 1:14-cv-02887, ECF No. 1 (Complaint) (alleging only a wage violation under Colorado law, a completed violation of the federal forced labor statute, and unjust enrichment under Colorado law based on the Aurora HUSP); *Nwauzor v. The GEO Group, Inc.*, No. 3:17-cv-05769 (W.D. Wash.), ECF No. 84 (Amended Complaint) (alleging only a wage violation and unjust enrichment under Washington law based on GEO's Voluntary Work Program at the Tacoma ICE Processing Center).

5

fact, *Novoa* is the only putative class action against GEO alleging attempted forced labor at all. If the pending motion is granted, *Novoa* will be the only case alleging that GEO operates HUSPs (or, based on GEO's recent admission, a single HUSP) nationwide or an Uncompensated Work Program at any of its facilities. *See* Mot. at 4-5.

Based on its fiction that *Novoa* and *Menocal* are the same case, GEO falsely claims that "[t]here has been extensive discovery. There is not much at this point that remains unknown between the respective sides in this dispute." Resp. at 5. Not so. GEO has represented that its document production will number hundreds of thousands of pages. *See* ECF 119-1. However, as the chart below demonstrates, the company has produced less than 30,000 pages to date. In fact, Plaintiffs are <u>still</u> waiting for GEO to produce documents listed in its August 16, 2018 Rule 26 Initial Disclosures.  GEO's failure to comply with its discovery obligations has been the subject of several discovery conferences with Magistrate Judge Kewalramani. *See, e.g.*, ECF Nos. 90; 118; 147; 172.

| GEO's Document Productions to Date ||
|---|---|
| **Date** | **Pages Produced** |
| November 9, 2018 | 675 pages |
| November 19, 2018 | 125 pages |
| **December 22, 2018: Deadline to Amend the Pleadings** ||
| February 1, 2019 | 3,998 pages |
| April 12, 2019 | 180 pages |
| May 16, 2019 | 1,016 pages |
| June 15, 2019 | 808 pages |
| June 27, 2019 | 1,689 pages |
| July 18, 2019 | 523 pages |
| July 29, 2019 | 20,708 pages |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO AMEND THE SCHEDULING
ORDER AND TO AMEND THE PLEADINGS

5:17-cv-02514-JGB

GEO produced only 171 documents, totaling 800 individual pages, prior to the December 22, 2018 deadline to amend the pleadings. The company did not produce the set of documents that comprise the Adelanto HUSP and Uncompensated Work Program Policy until after that deadline. In fact, GEO waited until July 29, 2019—its most recent production—to produce the detained immigrant work rosters that Plaintiffs first requested on July 27, 2018. Those documents demonstrate that GEO operates an Uncompensated Work Program that is distinct from the Work Program, because only Work Program workers are paid $1 per day for their labor. Detained immigrants in the Uncompensated Work Program do the same work under the same conditions, but are not paid for their labor. *See* Mot. at 6-7 (discussing the Uncompensated Work Program). Accordingly, and contrary to GEO's assertions, there is <u>much</u> that remains unknown.[4]

Simply put, Plaintiffs had no way to know the facts and theories raised by the amendment in their original or subsequent pleadings. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citations omitted). Plaintiffs moved quickly, diligently, and in good faith to amend the complaint based on recently-

---

[4] The cases relied upon by GEO are inapposite. *See Schwerdt v. Int'l Fid. Ins. Co.*, 28 F. App'x 715 (9th Cir. 2002) (unpublished) (finding no good faith where, unlike here, plaintiff sought leave to amend only after summary judgment ruling and 111 days after learning the basis for the amendment); *Sako v. Wells Fargo Bank, Nat. Ass'n*, No. 14CV1034-GPC JMA, 2015 WL 5022326 (S.D. Cal. Aug. 24, 2015) (unpublished) (finding no good faith because plaintiff's pre-lawsuit demand letter demonstrated knowledge of the facts and specific claims underlying her amended complaint).

discovered evidence. *See* Exhibit A (identifying the pages, line numbers, wording, and effect of each amendment). Accordingly, Plaintiffs have demonstrated good cause under Rule 16, and leave to amend should be granted.

**B.    GEO does not and cannot demonstrate the presence of a single adverse factor required to defeat the pending motion.**

**1.   Plaintiffs face the risk of undue prejudice, not GEO.**

GEO contends that "the amendment would require the assertion of new defenses." Resp. at 19. GEO cites no legal authority supporting its assertion that this constitutes <u>undue</u> prejudice. Indeed, courts routinely find no undue prejudice to defendants under far more severe circumstances than those presented here. *See* Mot. at 11. To the extent GEO simply is objecting to the fact that responding to nationwide class allegations would involve time and effort on its part, that is true of any federal class action, regardless of whether the allegations are in the original or an amended complaint.

Similarly, GEO's argument that amendment "constitutes unfair surprise" falls flat considering the company's concessions that the amended complaint asserts substantially similar facts as all preceding complaints in this docket and "each of Plaintiffs' complaints since 2017 have alleged forced labor." *See* Resp. at 7; 11; 13. In fact, GEO itself relies on caselaw <u>granting</u> leave to amend where, as here, "the initial complaint made Defendant sufficiently aware of the nature of Plaintiff's claims so that the modified pleadings in the proposed amended complaint will not prejudice Defendant." *Kohler v. Flava Enterprises,*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION                          5:17-cv-02514-JGB
FOR LEAVE TO AMEND THE SCHEDULING
ORDER AND TO AMEND THE PLEADINGS

*Inc.*, No. 10-CV-730-IEG NLS, 2011 WL 666899 (S.D. Cal. Feb. 17, 2011) (unreported). *See also Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (granting leave to amend).[5] GEO simply fails to demonstrate the risk of undue prejudice.

On the other hand, in the absence of the proposed amendment, the breadth of GEO's violations of the California and federal forced labor statutes cannot be fully, fairly, or completely determined. Well-established judicial policy favors resolution of all disputed matters in the same lawsuit, and GEO suggests no reason to multiply this litigation by requiring detained immigrants to file another nearly identical case to bring their HUSP and Uncompensated Work Program allegations to light. Considering GEO's admission that it operates a single corporate HUSP nationwide, tens of thousands of potential class members face the risk of undue prejudice should leave to amend be denied.

### 2. Amendment will not cause undue delay, particularly since the Court has already granted a 120-day extension of pre-trial deadlines.

Plaintiffs have no dilatory motive in seeking amendment, and no undue delay will result. GEO stipulated to a 120-day extension of the remaining pre-trial dates in this

---

[5] The other case relied upon by GEO is easily distinguishable. *See Arredondo v. Delano Farms Co.*, No. 1:09-CV-01247 MJS, 2015 WL 6167448 at *1 (E.D. Cal. Oct. 20, 2015) (unreported) (denying leave where, unlike here, "[o]ver six years of extensive litigation have ensued and included significant discovery and discovery disputes, contested motions for class certification and class decertification, and a trial over whether certain Defendants were joint employers.").

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO AMEND THE SCHEDULING
ORDER AND TO AMEND THE PLEADINGS

5:17-cv-02514-JGB

case, in part due to the ongoing disputes over GEO's dilatory production of documents. *See* ECF No. 171. The Court granted that stipulation on September 3, 2019. ECF No. 180. As a result, trial is set for June 23, 2020 and discovery remains open until February 12, 2020.[6] Accordingly, GEO has ample time to seek any discovery it deems necessary to respond to Plaintiffs' new or amplified allegations.

### 3. Amendment will not result in futility for lack of merit.

The test for futility is identical to the test used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). As a result, leave to amend should only be denied if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense. *Baker v. Pac. Far E. Lines*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citation omitted). GEO has raised no challenge to the merits of Plaintiffs' Third Amended Complaint. Amendment is not futile, and GEO has not and cannot demonstrate otherwise.

### 4. Plaintiffs have not failed to cure any pleading deficiencies.

Finally, GEO argues that amendment should be denied because Plaintiffs have amended the pleadings twice before. Resp. at 20. Under Rule 15, leave to amend a

---

[6] GEO fails to explain why it believes it "will be forced to start from scratch on new discovery" if the pending motion is granted. The company has not noticed a single deposition in this case. *See* Mot. at 5.

10

pleading may be denied if previous amendments have repeatedly failed to cure deficiencies. *Foman v. Davis*, 371 U.S. 178, 182 (1962). That is not the case here. Indeed, GEO does not even attempt to identify a single pleading deficiency in any prior complaint. Further, while Plaintiffs have amended the complaint twice—first, as a matter of course before a responsive pleading was served, and then within the deadline to amend set by Court Order, ECF No. 89—Plaintiffs have never before sought leave to amend. This factor, like the others, weighs in favor of granting leave to amend.

## CONCLUSION

For the reasons stated above and in Plaintiffs' Motion for Leave to Amend the Scheduling Order and to Amend the Pleadings, ECF No. 169, Plaintiffs respectfully request that their Motion is granted. Plaintiffs further request that the Court permit Plaintiffs to file into the record their Third Amended Complaint, ECF No. 169-2.

Dated:        September 3, 2019        */s/ Lydia Wright*

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
C. Jacob Gower (admitted *pro hac vice*)
jgower@burnscharest.com
LA Bar # 34564
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170

11

New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)

12

dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002


*Attorneys for Plaintiffs.*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO AMEND THE SCHEDULING
ORDER AND TO AMEND THE PLEADINGS

5:17-cv-02514-JGB

# CERTIFICATE OF SERVICE

I, Lydia A. Wright, electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

Dated:        September 3, 2019            /s/ *Lydia Wright*
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO AMEND THE SCHEDULING
ORDER AND TO AMEND THE PLEADINGS

5:17-cv-02514-JGB