UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 17-2514 JGB (SHKx)** | | Date | September 13, 2019 |
|---|---|---|---|---|
| Title | ***Raul Novoa v. The GEO Group, Inc.*** | | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

|  MAYNOR GALVEZ  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING Leave to File a Third Amended Complaint (Dkt. Nos. 167, 169); and (2) VACATING the September 16, 2019 Hearing (IN CHAMBERS)**

Before the Court is a motion for leave to amend the pleadings ("Motion," Dkt. Nos. 167, 169), submitted by Plaintiffs Raul Novoa ("Novoa") and Jaime Campos Fuentes ("Fuentes"). The Court finds the matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion.  The September 16, 2019 hearing is VACATED.

## I.    BACKGROUND

On December 19, 2017, Novoa filed a putative class action complaint against Defendant The GEO Group, Inc. ("GEO").  (Dkt. No. 1.)  Novoa filed a first amended complaint on July 6, 2018,  ("FAC," Dkt. No. 47), and a second amended complaint on December 24, 2018, which added Fuentes as a Plaintiff, ("SAC," Dkt. No. 108).  The SAC is the operative complaint.  The Court granted the parties' stipulation to extend the time to amend pleadings or add new parties by sixty days, to December 22, 2018.  (Dkt. No. 89.)  On August 16, 2019, Plaintiffs filed the Motion, seeking leave to file a third amended complaint.  ("TAC," Ex. A, Dkt. No. 169.)

The SAC alleges five causes of action arising from Plaintiffs' detention at California's Adelanto Detention Center ("Adelantao"): (1) violation of California's Minimum Wage Law, Cal. Labor Code §§ 1194, 1197, 1197.1; (2) unjust enrichment; (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.; (4) violation of California's

Trafficking Victims Protection Act, Cal. Civ. Code § 52.5; and (5) attempted forced labor under the Federal Trafficking Victims Protection Act, 18 U.S.C. §§ 1589(a), 1594(a).  The putative class would cover "all civil immigration detainees who performed work for GEO at [Adelanto] in the Work Program since GEO assumed responsibility for the Facility in May 2011."  (SAC ¶ 93.)

Changes in the proposed TAC[1] include the addition of two causes of action: "forced and attempted forced labor" under the Federal Trafficking Victims Protection Act, 18 U.S.C. §§ 1589(a), 1594(a), and retaliation.  (TAC ¶¶ 231-73.)  The proposed TAC also includes new allegations regarding an "Uncompensated Work Program" and "Housing Unit Sanitation Policies" ("HUSPs").  (TAC ¶¶ 4-5, 18, 46, 48-60, 66-91, 63, 111, 12-125, 224.)  Plaintiffs also propose to add two plaintiffs, Abdiaziz Karim and Ramon Mancia, and to amend the class definition.  (TAC ¶¶ 11, 19-20, 174-189).  Plaintiffs now propose four classes: A California Wage Class; a California Forced Labor Class; a Nationwide HUSPs Class; and an Adelanto Forced Labor Class.  (TAC ¶¶ 174-79.)

Defendant filed an opposition to the Motion on August 26, 2019.  ("Opposition," Dkt. No. 174.)  Plaintiffs timely filed a reply.  ("Reply," Dkt. No. 181.)  The parties had requested modification of the Court's scheduling order on August 23, 2019,  (Dkt. No. 171), which the Court granted, with modifications, (Dkt. No. 180).  Under this modified scheduling order, the discovery cutoff date is February 12, 2020.

## I.  LEGAL STANDARD

Rule 15 provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Ninth Circuit has held that "[t]his policy is to be applied with extreme liberality."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Leave to amend is not automatic, however.  The Ninth Circuit considers a motion for leave to amend under five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment."  United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. ConocoPhillips Co., 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing Eminence Capital, 316 F.3d at 1052; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186–87 (9th Cir. 1987)).

---

[1] Plaintiffs did not initially comply with the Court's Standing Order instructions on requests to amend pleadings.  (Dkt. No. 17, ¶ 10.)  Nor did Plaintiffs submit mandatory conformed chambers copies.  (Id. ¶ 5.)  The Court reminds Plaintiffs that if they fail to deliver a mandatory chambers copy in full compliance with the Standing Order and L.R. 11-3, the Court may, on its own motion, reschedule any related hearing and impose sanctions.

**CIVIL MINUTES—GENERAL**  Initials of Deputy Clerk MG

When a party seeks to amend its complaint after the deadline to amend pleadings has passed, it must also show "good cause" under Rule 16(b) why the schedule should be modified. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "The good cause standard focuses on the diligence of the party seeking amendment." Johnson v. St. Mary, 2007 WL 1100507, at *1 (E.D. Cal. 2007) (citations omitted). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." Id.

## II.    DISCUSSION

Plaintiffs argue leave to amend should be granted, because they learned for the first time in discovery that GEO promulgates and enforces the HUSPs[2] at Adelanto. (Mot. at 5). Plaintiffs state that other cases, including Menocal v. GEO, 882 F.3d 905, 910-11 (10th Cir. 2018), alerted them to the policy with respect to other detention facilities. (Id.) But they state they did not know the HUSPs extended to Adelanto until the June 2019 depositions of a senior GEO official and of Adelanto's warden. (Id.) Plaintiffs state they also did not know GEO enforced the HUSPs through threats of serious harm or that GEO believed the HUSPs to be compliant with Immigration and Customs Enforcement ("ICE") detention standards. (Mot. at 6.) Plaintiffs seek to include allegations to this effect and to include a forced labor claim—in addition to their previous attempted forced labor claim—under federal law. (Id. at 6.) Finally, Plaintiffs recently learned of an Uncompensated Work Program Policy at Adelanto. (Id.) They claim they could not reasonably have known about this policy, because GEO did not produce relevant documents until long after the deadline for amending the pleadings or add new parties. (Id. at 5.) Similarly, the depositions took place in mid- to late-June 2019, after the deadline to amend. (Id. at 8.)

Defendant counters that the Motion comes extremely late, eight months after the deadline to amend, and that Plaintiffs knew of the HUSPs years ago as a result of litigation against GEO brought by the same attorneys in other fora. (Opp. at 5-7 (citing Menocal v. GEO Group, Inc., 320 F.R.D. 258 (D. Colo. 2017).) In the alternative, GEO contends the conduct of Plaintiffs' counsel shows they have no knowledge of the HUSPs and the proposed amendments are baseless. (Id. at 8.) GEO infers Plaintiffs have no grounds for the new allegations, because after the June 2019 depositions, Plaintiffs sought additional testimony and admissions on the HUSPs. (Id.) Finally, GEO argues the proposed TAC's amendments will impose substantial prejudice by forcing it to "start from scratch on new discovery" and by changing the scope of the litigation to include a potential nationwide class. (Id. at 5-6 n.1, 18-19.)

Plaintiffs' counsel replies they did litigate the Menocal case, but that just one attorney represents plaintiffs in both cases and was prevented from utilizing that discovery in this case due

---

[2] The policy allegedly requires detained immigrants to perform uncompensated cleaning and maintenance work beyond the more limited personal housekeeping tasks ordinarily permitted under Immigration and Customs Enforcement's ("ICE) detention standards. (TAC ¶¶ 72-91).

to a protective order.  (Reply at 4-5.)  Plaintiffs also emphasize that any delay is due to GEO's foot-dragging during discovery; GEO did not produce documents regarding the Uncompensated Work Program until after the deadline to amend the pleadings.  (Id. at 6-7.)  Plaintiffs state GEO produced a mere 171 documents prior to the deadline to amend,  and only the latest production, on July 29, 2019, revealed the existence of an Uncompensated Work Program.  (Id. at 7.)

The Court finds good cause to grant leave to Plaintiffs to file the TAC after the deadline. Plaintiffs have shown diligence by filing their motion to amend (1) a month and a half after they received documents that they believe confirm the existence of an uncompensated work plan, and (2) two and a half months after the depositions of a senior GEO official and warden suggested that the HUSPs applied at Adelanto specifically.  Plaintiffs have thus demonstrated that they acted quickly to seek leave to amend once the basis for amendment became apparent.

To be sure, Plaintiffs have known the HUSPs applied at GEO's Aurora Colorado facility or certain other facilities.  But this does not imply they had reason to allege from the start of this litigation that the policies were also being implemented at Adelanto.  It is not obvious that Plaintiffs would have had any basis for such an allegation prior to the depositions, recent document productions, and their investigation to identify Plaintiffs who allege they were subjected to the policies.

Nor is the Court persuaded by GEO's alternate argument.  GEO surmises from Plaintiffs' conduct during discovery that Plaintiffs do not in fact have any knowledge of HUSPs at Adelanto on which to ground their new allegations.  GEO points to amended discovery requests by Plaintiffs after the June 2019 depositions of GEO officials.  The amended requests seek additional information or admissions on the HUSPs.  But parties often seek additional information or admissions regarding facts they know or believe to be true.  And it is predictable that a party tipped off to the existence of relevant policies would seek further information as soon as possible. Plaintiffs' conduct is thus consistent with their learning of the HUSPs at depositions in the weeks prior.

Because the Court finds good cause to grant Plaintiffs leave to file the TAC, the Court next considers any potential for "undue prejudice" to Defendant, bad faith by plaintiffs, futility in amendment, or undue delay created.  See Ascon Props. Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).  For the following reasons, the Defendant has not carried its burden, ConocoPhillips, 2009 WL 650730, at *2, to show amendment will unduly prejudice them or cause undue delay.

First, the gravamen of Plaintiffs' forced labor allegations does not change in the TAC and is well-known to GEO.  "[W]here a defendant is on notice of the facts contained in an amendment to a complaint, there is no serious prejudice to defendant in allowing the amendment."  Sierra Club v. Union Oil Co. of Cal., 813 F.2d 1480, 1493 (9th Cir.1987), vacated on other grounds by 485 U.S. 931 (1988).  GEO would reasonably have known that any work policy applied at Adelanto is relevant to Plaintiffs' forced labor claims.

---

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk MG

Second, permitting the amendments would not cause undue delay. Defendant contends granting this request would cause "substantial delay" and focuses on the fact that the request was made on the eve of a discovery deadline. (Opp. at 18.) But at the time of its Opposition, GEO had stipulated to extending the discovery deadline until February 2020, and the Court has since granted that request. Thus, any potential for prejudice due to delay has been substantially mitigated.

Nor do the new putative class definitions in the TAC prejudice GEO. Plaintiffs have split the monolithic class definition in the SAC into four separate definitions in the TAC to track the different causes of action. While Plaintiffs do add a nationwide class regarding the HUSPs, Defendant is not unduly prejudiced by this addition. GEO only recently produced documents on the Uncompensated Work Program. And Plaintiffs could not have added their claim until they knew the HUSPs applied at Adelanto. Discovery is ongoing, and Plaintiffs have not moved for class certification.

Defendant repeatedly accuses Plaintiffs of gamesmanship by asking for information "they allege they already possess." (Opp. at 15.) The Court already dismissed this argument, however, because Plaintiffs may, and should, seek discovery after learning of the possible existence of the HUSPs. Plaintiffs are not facing a summary judgement motion, for example, and attempting to add claims for which discovery has not been undertaken, a circumstance that could indicate bad faith. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999).

Finally, Defendant argues that the addition of an "actual" as opposed to "attempted" forced labor violation is futile. Defendant argues the remedy for an actual and attempted violation are identical and so the change is futile in this sense. This is not the type of futility that bars amendment under Rule 15(a)(2), however. An amendment may be futile if the amended pleading would fail to state a claim upon which relief can be granted. See Blantz v. Cal. Dept. of Corr. & Rehab., 727 F.3d 917, 927 (9th Cir. 2013) (affirming denial without leave to amend because "the new allegations [plaintiff] envisions would merely be additional conclusory allegations of the sort that are insufficient under Iqbal and Twombly"); Sweany v. Ada County, Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (explaining futility exists "only if no set of facts can be proved under which the amendment to the pleadings that would constitute a valid and sufficient claim").

The Court finds no prejudice, bad faith, futility or delay occasioned by the proposed amendment. Discovery is ongoing and was recently extended until early next year, and the proposed TAC will advance full resolution of the issues on the merits.

//
//
//
//
//

**CIVIL MINUTES—GENERAL**   Initials of Deputy Clerk MG

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is GRANTED.  Plaintiffs shall file their third amended complaint no later than **September 23, 2019**.  The hearing scheduled for September 16, 2019 is VACATED.

**IT IS SO ORDERED.**