# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR and FERNANDO AGUIRRE URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | CASE NO. 3:17-cv-05769-RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION |

THIS MATTER comes before the Court on Plaintiffs' Motion for Class Certification and Defendant's Motion to Deny Class Certification. Dkts. 69, 86. The Court has considered the motions, the pleadings filed in support of and opposition to the motions, and the remainder of the file herein. The Court also considered oral argument on August 2, 2018.

GEO's core opposition to class certification centers on the argument that Plaintiffs are "unemployable" by GEO because they lack work authorization, so they cannot represent the proposed class of detainees seeking for lost wages under the State Minimum Wage Act (MWA).

ORDER ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION - 1

GEO has interwoven this argument in its briefing for both motions. *See, e.g.,* Dkt. 69 at 15-23; Dkt. 95 at 5, 6, 14; Dkt. 99 at 9-15. The argument begins from a premise, one of at least two plausible interpretations of the GEO-ICE Contract and related Volunteer Work Program (VWP) policies, but ignores the second plausible interpretation of the same. While the argument is not frivolous, the Court now declines to make the findings urged by GEO, and class certification should not be denied on such grounds.

The Court HEREBY FINDS:

1. The proposed class meets the criteria of Fed. R. Civ. P. 23(a):

    A. Evidence presented by Plaintiffs indicates that the proposed class comprises at least several hundred individuals, satisfying Fed. R. Civ. P. 23(a)(1).

    B. Common issues of law and fact satisfy Fed. R. Civ. P. 23(a)(2), including: whether proposed class members have an employment relationship with GEO for MWA purposes, given *inter alia*, terms of the GEO-ICE Contract, the 2011 Performance Based National Detention Standards, various policies of GEO and ICE, and federal law; and whether Plaintiffs' MWA claim should be preempted by federal law. Common answers will resolve these common issues.

    C. Plaintiffs' claims are typical of the claims of the class, satisfying Fed. R. Civ. P. 23(a)(3), because the claims arise from evidence pointing to a common course of conduct, that is, participation in the VWP at the Northwest Detention Center, and the same alleged injury, that is, compensation at $1 per day of work, an amount not commensurate with the MWA.

      D.      Plaintiffs are adequate class representatives, satisfying Fed. R. Civ. P. 23(b)(3), because there are no conflicts with the other members of the proposed class and they appear willing and able to prosecute this case vigorously on behalf of the class.

2.      The proposed class satisfies the criteria of Fed. R. Civ. P. 23(b)(3):

      A.      The common questions identified predominate over other issues, including damages.

      B.      A class action is the superior method of adjudicating these claims and defenses, because class adjudication promotes the fair and efficient litigation of the case, given: (1) high costs of litigating threshold issues and potentially nominal recovery for individual proposed class members; (2) no other similar litigation by the same plaintiffs, except insofar as this case overlaps with *State of Washington v. The GEO Group, Inc.*, W.D.Wash. Case No. 17-5860, a case with unique issues specific to the State as the plaintiff; (3) proposed class members may have individual impediments to their ability to individually litigate the case.

3.      Plaintiffs' counsel is competent to represent the class and has shown the ability and willingness to prosecute this case vigorously on behalf of the class, satisfying Fed. R. Civ. P. 23(g).

THEREFORE, it is HEREBY ORDERED:

1.      Defendant's Motion to Deny Class Certification (Dkt. 69) is DENIED.

2.      Plaintiffs' Motion for Class Certification (Dkt. 86) is GRANTED pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

3.      The class shall be defined as:

All civil immigration detainees who participated in the Voluntary Work Program at the Northwest Detention Center at any time between September 26, 2014, and the date of final judgment in this matter.

4. Plaintiffs Ugochuk Goodluck Nwauzor and Fernando Aguirre-Urbina are appointed as representative of the class pursuant to Fed. R. Civ. P. 23.

5. Adam J. Berger, Jamal N. Whitehead, and Lindsay L. Halm of Schroeter Goldmark & Bender, R. Andrew Free of the Law Office of R. Andrew Free, Devin T. Theriot-Orr of Sunbird Law, PLLC, and Meena Menter of Menter Immigration Law PLLC are appointed as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

6. The parties are directed to confer on the form of Class Notice and preparation of a class list and notice plan. The parties shall jointly present a proposed Class Notice and notice plan to the Court within 30 days of the date of this Order. If they cannot agree on a form of Class Notice and notice plan within that time, each party shall submit its proposed Class Notice and notice plan along with an explanatory statement not to exceed six (6) pages within 30 days of the date of this Order.

7. To the extent that Defendant has objected to producing discovery because a class has not been certified, the objection is now moot, and Defendant must now produce the discovery.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of August, 2018.

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION - 4

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR and FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs-Respondents,<br><br>v.<br><br>THE GEO-GROUP, INC., a Florida corporation,<br><br>Defendant-Petitioner. | No. 18-80095<br><br>D.C. No. 3:17-cv-05769-RJB Western District of Washington, Tacoma<br><br>ORDER |

Before: NGUYEN and OWENS, Circuit Judges.

Petitioner's motion for leave to file a reply in support of its petition (Docket Entry No. 8) is granted. The Clerk shall file the reply attached as an exhibit to Docket Entry No. 8.

The court, in its discretion, denies the petition for permission to appeal the district court's August 6, 2018 order granting class action certification. *See* Fed. R. Civ. P. 23(f); *Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005).

MBI/MOATT