# EXHIBIT 34

**Monday, September 23, 2019 at 2:22:19 PM Central Daylight Time**

| | |
|---|---|
| **Subject:** | Novoa, et al. v The GEO Group, Inc. - Plaintiffs' Second Set of Requests for Admission and Request for Inspection |
| **Date:** | Friday, August 23, 2019 at 12:52:52 PM Central Daylight Time |
| **From:** | Hannah Lopez |
| **To:** | ashley.calhoun@akerman.com, colin.barnacle@akerman.com, christopher.eby@akerman.com |
| **CC:** | Novoa - External |
| **Attachments:** | 2019.08.23 Novoa - Pltfs Second RFAs and RFI[2].pdf |

Counsel,

Attached for service please find Plaintiffs' Second Set of Requests for Admission and Request for Inspection to Defendant The GEO Group, Inc.

Thank you,
**Hannah C. Lopez**
Paralegal
Burns Charest LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
504.799.2845 main
504.881.1765 fax

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| **RAUL NOVOA**, *et al.*, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant.* | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION AND REQUEST FOR INSPECTION TO DEFENDANT THE GEO GROUP, INC.** |

**To:   Defendant The GEO Group, Inc.**

Plaintiffs Raul Novoa and Jaime Campos Fuentes, on behalf of themselves and all others similarly situated, by and through undersigned counsel, hereby serve the following Requests for Admission and Request for Inspection under oath pursuant to Federal Rules of Civil Procedure 26, 34 and 36.

Please respond within 30 days from the date of this request, and continuing from day to day thereafter, until completed, at **365 Canal Street, Suite 1170, New Orleans, Louisiana 70130**, or at such time and place as may be agreed upon by all counsel.

**INSTRUCTIONS**

1.   Plaintiffs incorporate by reference the applicable Instructions and Definitions from Plaintiffs' First Set of Discovery Requests to Defendant the GEO Group, Inc.

2.   For each Request for Admission that is denied, or is otherwise not admitted without qualification, Defendant the GEO Group, Inc. ("GEO") is to set forth in detail the reason for each such denial or qualification.

1

3. To the extent any of the following discovery requests are objectionable in whole or in part, each objection must be stated with particularity, including the reasons for the objection and the categories of information to which the objection applies. As required by the Federal Rules of Civil Procedure, the discovery request must be answered to the extent it is not objectionable.

4. If you find the meaning of any term in these discovery requests unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond according to the assumed meaning.

5. In interpreting these discovery requests, definitions, and instructions: any masculine, feminine, or neutral term includes all other genders; the singular includes the plural and vice versa; and "or," "and," "and/or," and "including" shall be read to bring within the scope of the discovery request the broadest amount of information.

6. Unless otherwise specified in a particular question or request, the relevant time period for all questions and requests is from May 1, 2011, and continuing through to the present.

7. To the extent any aspect of your answer or response changes depending on the time considered, please identify the various iterations, when they happened, and the reason(s) for the change(s) over time.

8. Pursuant to Fed. R. Civ. P. 26(a) and 26(e), you must supplement, by reasonable amendment, any response you give to include documents later drafted, acquired, or discovered by you. You have an ongoing obligation to supplement your responses to these discovery requests.

## **DEFINITIONS**

As used in these interrogatories, requests for production, and requests for admission, the following terms have the following meanings:

1. The term "GEO" is defined as the Defendant The GEO Group, Inc., and affiliated corporate entity or subsidiary (including any taxable REIT subsidiary) through which The GEO Group, Inc. conducts business or receives revenue, as well any officer, agent, employee, executive, or representative of GEO as defined herein.

2. The term "ICE" is defined as the United States Immigration and Customs Enforcement.

3. The term "Work Program" is defined as any program GEO operates involving labor performed by detainees for remuneration of any kind that includes tasks outside those described in Section 5.8.V.C of the 2011 ICE Performance-Based National Detention Standards ("PBNDS") (rev. 2016).

4. The term "PBNDS" is defined as any version of the 2011 ICE Performance-Based National Detention Standards.

5. The terms "Housing Unit Sanitation Policy" and "Sanitation Procedures/Housekeeping Plan" are defined as any program, policy, plan, or procedure GEO operates involving labor performed by detainees for no remuneration that includes sanitation and cleaning tasks in the detainees' housing units, dormitories, pods, or living areas. *See, e.g.*, GEO-Novoa_00000515 ("Sanitation Procedures/Housekeeping Plan").

6. The term "operates" means maintains, implements, runs, utilizes or employs.

7. The term "Adelanto Facility" is defined as the Adelanto ICE Processing Center, located in Adelanto, California and operated by GEO pursuant to a federal contract with ICE.

8. The terms "detainee" and "detained immigrant" are defined as any person detained in an immigration detention facility operated by GEO.

9. The term "person" is defined as any natural person or business, legal, or governmental entity or association.

10. The terms "Plaintiffs," "Plaintiff," "Defendant," and "Defendants," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11. The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

12. "Compensation" means all monies and benefits, including: salaries, hourly wages, overtime wages, commissions, raises, and bonuses; or any other benefits given in return for work, tasks and/or duties.

13. The term "hours" includes full hours and partial hour(s).

14. "Policy" or "Policies" mean each rule, procedure, or directive, formal or informal, written or unwritten, and each common understanding or course of conduct that was recognized as such by Defendant or persons acting or purporting to act on Defendant's behalf, that has been in effect at any time during the period covered by these demands. These terms include any change of policy.

15. "Relevant period" means the period from December 19, 2007 through the present for all requests related to the Work Program and December 19, 2007 through the present for all requests related to the use of solitary confinement, administrative segregation, and/or disciplinary segregation.

16. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

4

17. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

18. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

19. The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

20. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

## PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION

### REQUEST NO. 11

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the Adelanto Facility.

### REQUEST NO. 12

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the Aurora ICE Processing Center in Aurora, Colorado.

### REQUEST NO. 13

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the Basile Detention Center in Basile, Louisiana.

### REQUEST NO. 14

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the Broward Transitional Center in Pompano Beach, Florida.

**REQUEST NO. 15**

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the Montgomery Processing Center in Conroe, Texas.

**REQUEST NO. 16**

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the Folkston ICE Processing Center in Folkston, Georgia.

**REQUEST NO. 17**

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the LaSalle ICE Processing Center in Jena, Louisiana.

**REQUEST NO. 18**

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the Karnes County Residential Center in Karnes City, Texas.

**REQUEST NO. 19**

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the Mesa Verde ICE Processing Center in Bakersfield, California.

**REQUEST NO. 20**

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the South Texas Detention Complex in Pearsall, Texas.

**REQUEST NO. 21**

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana.

**REQUEST NO. 22**

Admit that GEO operates a Housing Unit Sanitation Policy or Sanitation Procedures/Housekeeping Plan at the Tacoma Northwest Detention Center in Tacoma, Washington.

**REQUEST NO. 23**

Admit that GEO interprets ICE's PBNDS 5.8.V.C to permit GEO to require detainees to perform tasks for no compensation that are in addition to and separate from the four enumerated personal housekeeping tasks identified in PBNDS 5.8.V.C.

**REQUEST NO. 24**

Admit that at each Facility listed in Requests No. 11-22 above, "[r]efusal to clean assigned living area" is classified as a 300-level "High Moderate" offense punishable by up to 72 hours in disciplinary restriction.

**REQUEST NO. 25**

Admit that GEO permits detainees at the Adelanto Facility to work for no compensation if all paid Work Program positions are filled.

**REQUEST NO. 26**

Admit that GEO occasionally provides extra food, clothing, batteries, and/or personal hygiene items to detainees at the Adelanto Facility who perform work, tasks, or other labor.

**REQUEST NO. 27**

Admit that GEO is required by its contracts with ICE to comply with some version of the 2011 PBNDS at every civil immigration detention facility GEO operates in the United States.

## **PLAINTIFFS' SECOND REQUEST FOR INSPECTION**

Pursuant to FRCP 34(a)(2), Plaintiffs request that their attorneys be allowed to enter onto and inspect GEO's Adelanto ICE Processing Center (the "Property") on **October 8, 2019 at 9:00 a.m.** for the purposes of inspecting, measuring, surveying, photographing, videotaping, testing, or sampling said Property. Plaintiffs specifically request to inspect the following portions of the Property:

1. All facilities used for disciplinary or corrective actions against detainees, including any facilities used for solitary confinement;

2. Any area where detainees live or socialize, including pods, dormitories, cells, living areas, and common areas; and

3. Any area that is or was the subject of detainee work as a result of the Work Program.

Dated: August 23, 2019

/s/ Lydia Wright
Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
C. Jacob Gower (admitted *pro hac vice*)
jgower@burnscharest.com
LA Bar # 34564
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

|    |    |
|----|----|
| 1  | Nicole Ramos (admitted *pro hac vice*) |
| 2  | nicole@alotrolado.org |
|    | NY Bar # 4660445 |
| 3  | **AL OTRO LADO** |
|    | 511 E. San Ysidro Blvd., # 333 |
| 4  | San Ysidro, CA 92173 |
|    | Telephone: (619) 786-4866 |
| 5  |    |
|    | Robert Ahdoot (CA Bar # 172098) |
| 6  | rahdoot@ahdootwolfson.com |
|    | Tina Wolfson (CA Bar # 174806) |
| 7  | twolfson@ahdootwolfson.com |
|    | Theodore W Maya (CA Bar # 223242) |
| 8  | tmaya@ahdootwolfson.com |
| 9  | **AHDOOT & WOLFSON, PC** |
|    | 10728 Lindbrook Drive |
| 10 | Los Angeles, California 90024-3102 |
|    | Telephone: (310) 474-9111 |
| 11 | Fax: (310) 474-8585 |
| 12 |    |
|    | Will Thompson (CA Bar # 289012) |
| 13 | wthompson@burnscharest.com |
|    | Warren Burns (admitted *pro hac vice*) |
| 14 | wburns@burnscharest.com |
|    | TX Bar # 24053119 |
| 15 | Daniel H. Charest (admitted *pro hac vice*) |
|    | dcharest@burnscharest.com |
| 16 | TX Bar # 24057803 |
| 17 | **BURNS CHAREST LLP** |
|    | 900 Jackson St., Suite 500 |
| 18 | Dallas, Texas 75202 |
|    | Telephone: (469) 904-4550 |
| 19 | Facsimile: (469) 444-5002 |
| 20 |    |
| 21 | ***Attorneys for Plaintiffs.*** |

# CERTIFICATE OF SERVICE

I, Lydia A. Wright, declare under penalty of perjury that I caused a true and correct copy of this document to be served upon counsel listed below by email, this 23rd day of August, 2019.

Ashley E. Calhoun
Colin Barnacle
Christopher J. Eby
**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
T: 303-260-7712
F: 303-260-7714
Ashley.calhoun@akerman.com
Colin.barnacle@akerman.com
Christopher.eby@akerman.com

Dated:  August 23, 2019 	  */s/ Lydia Wright*
Lydia A. Wright (admitted *pro hac vice*)
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130