**AKERMAN LLP**
DAMIEN P. DELANEY (SBN 246476)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342
Email:   damien.delaney@akerman.com

COLIN L. BARNACLE (admitted *pro hac vice*)
ASHLEY E. CALHOUN (SBN 270530)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email:   colin.barnacle@akerman.com
         ashley.calhoun@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>Assigned to Hon. Jesus G. Bernal<br><br>**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** |
| THE GEO GROUP, INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Counter-Defendant. | TAC Filed:      September 16, 2019<br>SAC Filed:      December 24, 2018<br>FAC Filed:      July 6, 2018<br>Complaint<br>Filed:      December 19, 2017<br>Trial Date:      None |

Defendant, THE GEO GROUP, INC., by and through its undersigned counsel,

hereby files its Answer and Affirmative Defenses to the Third Amended Complaint for Declaratory and Injunctive Relief and Damages (the "TAC") filed by Plaintiffs, Raul Novoa ("<u>Novoa</u>"), Jaime Campos Fuentes ("<u>Fuentes</u>"), Abdiaziz Karim ("<u>Karim</u>"), and Ramon Mancia ("<u>Mancia</u>") (collectively, the "<u>Plaintiffs</u>"), and states**:**

## **<u>PRELIMINARY STATEMENT</u>**

1.      In response to the allegations in Paragraph 1 of the TAC, Defendant admits that it operates the Adelanto ICE Processing Center ("Adelanto").  Defendant otherwise denies the allegations in Paragraph 1 of the TAC.

2.      Defendant admits the allegations in Paragraph 2 of the TAC.

3.      In response to the allegations in Paragraph 3 of the TAC, Defendant admits that it owns and operates fourteen civil immigration detention centers in the United States.  Defendant otherwise denies the allegations in Paragraph 3 of the TAC.

4.      Defendant denies the allegations in Paragraph 4 of the TAC.

5.      In response to the allegations in Paragraph 5 of the TAC, Defendant admits that, pursuant to its contract with the United States Immigration and Customs Enforcement ("ICE"), it pays detained immigrants $1 per day for participation in the voluntary detainee work program for certain work performed.  Defendant otherwise denies the allegations in Paragraph 5 of the TAC.

6.      Defendant denies the allegations in Paragraph 6 of the TAC.

7.      Defendant denies the allegations in Paragraph 7 of the TAC.

8.      Defendant denies the allegations in Paragraph 8 of the TAC.

9.      Defendant denies the allegations in Paragraph 9 of the TAC.

10.     Defendant denies the allegations in Paragraph 10 of the TAC.

11.     In response to the allegations in Paragraph 11 of the TAC, Defendant admits that Plaintiffs purport to bring a class action lawsuit against Defendant. As to the remaining allegations, Defendant responds that the allegations are a legal conclusion to

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

which no response is required.  To the extent any of the remaining allegations are factual in nature, Defendant denies those allegations in Paragraph 11 of the TAC.

## JURISDICTION AND VENUE

12.    In response to the allegations in Paragraph 12 of the TAC, Defendant admits the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, but denies that Plaintiffs have any right to maintain this action or that Plaintiffs are entitled to any recovery in this action.

13.    In response to the allegations in Paragraph 13 of the TAC, Defendant admits the Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), but denies that Plaintiffs have any right to maintain this action as a class action or that Plaintiffs are entitled to any recovery in this action.

14.    To the extent this Court has jurisdiction over this action, Defendant admits the allegations in Paragraph 14 of the TAC as to Plaintiffs Novoa, Fuentes, Karim, and Mancia only.

15.    Defendant admits the allegations in Paragraph 15 of the TAC.

16.    In response to the allegations in Paragraph 16 of the TAC, Defendant admits 28 U.S.C. § 1367 addresses supplemental jurisdiction, but denies that Plaintiffs have any right to maintain this action or that Plaintiffs are entitled to any recovery in this action.

## PARTIES

17.    In response to the allegations in Paragraph 17 of the TAC, Defendant admits Plaintiff Novoa was detained at Adelanto for a period of time.  Defendant otherwise denies the allegations in Paragraph 17 of the TAC.

18.    In response to the allegations in Paragraph 18 of the TAC, Defendant admits Plaintiff Fuentes was detained at Adelanto for a period of time.  Defendant otherwise denies the allegations in Paragraph 18 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

19.     In response to the allegations in Paragraph 19 of the TAC, Defendant admits Plaintiff Karim was detained at Adelanto for a period of time.  Defendant otherwise denies the allegations in Paragraph 19 of the TAC.

20.     In response to the allegations in Paragraph 20 of the TAC, Defendant admits that Plaintiff Mancia is currently detained at Adelanto.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the TAC and therefore denies the truth of the allegations.

21.     In response to the allegations in Paragraph 21 of the TAC, Defendant denies that its principal office is located at 624 NW 53rd Street, Suite 700, Boca Raton, Florida 33487.  Defendant states that its principal corporate office is located at 4955 Technology Way, Boca Raton, Florida 33431.  Defendant otherwise admits the allegations in Paragraph 21 of the TAC.

## FACTUAL ALLEGATIONS

### A.     Immigration detention is civil-not criminal.

22.     In response to the allegations in Paragraph 22 of the TAC, Defendant states that the allegations are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 22 of the TAC.

23.     In response to the allegations in Paragraph 23 of the TAC, Defendant states that the allegations are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 23 of the TAC.

24.     In response to the allegations in Paragraph 24 of the TAC, Defendant states that the allegations are legal conclusions for which no response is required and/or are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 24 of the TAC.

25.     In response to the allegations in Paragraph 25 of the TAC, Defendant states that the allegations are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 25 of the TAC.

26.     In response to the allegations in Paragraph 26 of the TAC, Defendant states that the allegations are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 26 of the TAC.

**B.     <u>The privatization of immigration detention and GEO's economic windfall.</u>**

27.     In response to the allegations in Paragraph 27 of the TAC, Defendant states that the allegations are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 27 of the TAC.

28.     In response to the allegations in Paragraph 28 of the TAC, Defendant states that the allegations are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 28 of the TAC.

29.     In response to the allegations in Paragraph 29 of the TAC, Defendant states that the allegations are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 29 of the TAC.

30.     In response to the allegations in Paragraph 30 of the TAC, Defendant admits that ICE accounted for 23.1% of Defendant's revenue in 2016, up from 17.7% in 2015. Defendant otherwise denies the allegations in Paragraph 30 of the TAC.

31.     Defendant admits the allegations in Paragraph 31 of the TAC.

32.     Defendant denies the allegations in Paragraph 32 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

33.     Defendant denies the allegations in Paragraph 33 of the TAC.

**C.     GEO withholds necessary care from detainees at the Adelanto Facility.**

34.     Defendant admits the allegations in Paragraph 34 of the TAC.

35.     Defendant denies the allegations in Paragraph 35 of the TAC.

36.     In response to the allegations in Paragraph 36 of the TAC, Defendant admits an ICE report regarding a September 18-20, 2012 compliance inspection of Adelanto states the quoted language.  Defendant otherwise denies the allegations in Paragraph 36 of the TAC.

37.     In response to the allegations in Paragraph 37 of the TAC, Defendant admits an ICE report regarding a September 18-20, 2012 compliance inspection of Adelanto states the quoted language. Defendant otherwise denies the allegations in Paragraph 37 of the TAC.

38.     In response to the allegations in Paragraph 38 of the TAC, Defendant admits an ICE report regarding a July 8-10, 2014 compliance inspection of Adelanto stated a deficiency regarding a PBNDS standard on sexual abuse and assault prevention and intervention. Defendant otherwise denies the allegations in Paragraph 38 of the TAC.

39.     In response to the allegations in Paragraph 39 of the TAC, Defendant admits the cited newspaper articles state the summarized language.  Defendant otherwise denies the allegations in Paragraph 39 of the TAC.

40.     Defendant denies the allegations in Paragraph 40 of the TAC.

41.     Defendant denies the allegations in Paragraph 41 of the TAC.

42.     In response to the allegations in Paragraph 42 of the TAC, Defendant admits the Department of Homeland Security, Office of Inspector General September 27, 2018 Management Alert states the summarized language. Defendant otherwise denies the allegations in Paragraph 42 of the TAC.

43.     Defendant denies the allegations in Paragraph 43 of the TAC.

44.     Defendant denies the allegations in Paragraph 44 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

6

CASE NO. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**D.    GEO uses detained immigrants to clean, maintain, and operate the Adelanto Facility.**

45.    In response to the allegations in Paragraph 45 of the TAC, Defendant admits that detainees who choose to participate in the Voluntary Work Program may receive a $1 per day for each day of participation in the Voluntary Work Program regardless of tasks performed, work accomplished, or duration of participation.  Defendant otherwise denies the allegations in Paragraph 45 of the TAC.

46.    Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 46 of the TAC and therefore denies the allegations in Paragraph 46 of the TAC.

47.    In response to the allegations in Paragraph 47 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and are not factual allegations for which a response is required.  Defendant specifically denies that Defendant withholds "necessary care from its detained immigrants" and denies that detained immigrants are "forced to submit to GEO's $1 per day scheme in order to buy necessities."  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 47 of the TAC.

48.    In response to the allegations in Paragraph 48 of the TAC, Defendant specifically denies operating an "Uncompensated Work Program."  Defendant otherwise denies the allegations in Paragraph 48 of the TAC.

49.    Defendant denies the allegations in Paragraph 49 of the TAC.

50.    In response to the allegations in Paragraph 50 of the TAC, Defendant denies operating an "Uncompensated Work Program."  Defendant further states that Plaintiffs' allegations contain Plaintiffs' characterization of the Voluntary Work Program and are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 50 of the TAC.

CASE NO. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**
50461794;4

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

51.     In response to the allegations in Paragraph 51 of the TAC, Defendant denies operating an "Uncompensated Work Program."   Defendant admits that it provides detainees with personal protection equipment and work uniforms as appropriate under the Voluntary Work Program.  Defendant otherwise denies the remaining allegations in Paragraph 51 of the TAC.

52.     In response to the allegations in Paragraph 52 of the TAC, Defendant denies operating an "Uncompensated Work Program." Defendant otherwise denies the remaining allegations in Paragraph 52 of the TAC.

53.     In response to the allegations in Paragraph 53 of the TAC, Defendant admits that pursuant to its contract with ICE, it pays detainees $1 per day to their commissary accounts for participation in the Voluntary Work Program.  Defendant otherwise denies the remaining allegations in Paragraph 53 of the TAC.

54.     In response to the allegations in Paragraph 54 of the TAC, Defendant denies operating an "Uncompensated Work Program." Defendant otherwise denies the allegations in Paragraph 54 of the TAC.

55.     In response to the allegations in Paragraph 55 of the TAC, Defendant denies operating an "Uncompensated Work Program." Defendant otherwise denies the allegations in Paragraph 55 of the TAC.

56.     Defendant generally admits the allegations in Paragraph 56 of the TAC. Defendant's admission herein does not extend or apply to detainees voluntarily participating in the Voluntary Work Program pursuant to Defendant's contract with ICE.

57.     In response to the allegations in Paragraph 57 of the TAC, Defendant denies operating an "Uncompensated Work Program." In response to the other allegations in Paragraph 57 of the TAC, Defendant admits that the Voluntary Work Program participants may choose to perform self-care tasks like meal preparation, basic housekeeping chores, and grooming to eliminate idle time while in detention.  Defendant otherwise denies the remaining allegations in Paragraph 57 of the TAC.

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

58.     In response to the allegations in Paragraph 58 of the TAC, Defendant denies operating an "Uncompensated Work Program." In response to the other allegations in Paragraph 58 of the TAC, Defendant admits that Voluntary Work Program participants may choose to perform self-care tasks like meal preparation, basic housekeeping chores, and grooming to eliminate idle time while in detention.  Defendant otherwise denies the remaining allegations in Paragraph 58 of the TAC.

59.     In response to the allegations in Paragraph 59 of the TAC, Defendant denies operating an "Uncompensated Work Program." Defendant otherwise denies the allegations in Paragraph 59 of the TAC.

60.     In response to the allegations in Paragraph 60 of the TAC, Defendant denies operating an "Uncompensated Work Program." In response to the other allegations in Paragraph 60 of the TAC, Defendant admits that it works with ICE to both select detainees for participation in the Voluntary Work Program and, in some instances, dismiss detainees from their work assignments.   Defendant otherwise denies the remaining allegations in Paragraph 60 of the TAC.

61.     In response to the allegations in Paragraph 61 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 61 of the TAC. California's minimum wage laws do not establish an employment relationship between detainees and Defendant.   Competitive employment opportunities covered by California's minimum wage laws serve no purpose in this environment and conflict with federal immigration and detention policies.  Federal immigration detainees similarly have no right to claim competitive wages while detained at the government's expense.

62.     In response to the allegations in Paragraph 62 of the TAC, Defendant denies that Defendant's contract with ICE requires Defendant to comply with all federal, state, and local laws.  The ICE contract may require compliance with "applicable" federal,

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

state, and local laws, but Defendant expressly denies the applicability of California's laws to Defendant as stated by Plaintiffs and the purported putative class.

63.     In response to the allegations in Paragraph 63 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 63 of the TAC.

64.     Defendant denies the allegations in Paragraph 64 of the TAC.

65.     Defendant denies the allegations in Paragraph 65 of the TAC.

**E.      GEO secures free detainee labor at nearly all of its civil immigration detention centers nationwide through systemic threats of serious harm.**

66.     Defendant admits the allegations in Paragraph 66 of the TAC.

67.     Defendant admits the allegations in Paragraph 67 of the TAC.

68.     Defendant admits the allegations in Paragraph 68 of the TAC.

69.     In response to the allegations in Paragraph 69 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the PBNDS and are not factual allegations for which a response is required.  Defendant denies any allegations in Paragraph 69 of the TAC that are inconsistent in any way with its contract with ICE and the PBNDS.

70.     Defendant admits the allegations in Paragraph 70 of the TAC.

71.     Defendant denies the allegations in Paragraph 71 of the TAC.

72.     Defendant denies the allegations in Paragraph 72 of the TAC.

73.     Defendant denies the allegations in Paragraph 73 of the TAC.

74.     Defendant denies the allegations in Paragraph 74 of the TAC.

75.     Defendant admits the allegations in Paragraph 75 of the TAC.

76.     Defendant admits the allegations in Paragraph 76 of the TAC.

77.     Defendant denies the allegations in Paragraph 77 of the TAC.

78.     Defendant denies the allegations in Paragraph 78 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**
50461794;4

79.     In response to the allegations in Paragraph 79 of the TAC, Defendant admits detainees receive both an ICE National Detainee Handbook and a local handbook supplement during the intake process.  Defendant states that the "[r]efusal to clean [an] assigned living area" is listed as a "Category III Offense" in one or both of the Detainee Handbooks, as well as PBNDS § 3.1, and admits a penalty of disciplinary restriction of up to 72 hours, *inter alia*, is permitted under PBNDS §3.1.  Defendant specifically denies Plaintiffs' allegation that "disciplinary restriction" is "also known as solitary confinement."  Defendant otherwise denies the remaining allegations in Paragraph 79 of the TAC.

80.     Defendant denies the allegations in Paragraph 80 of the TAC.

81.     Defendant denies the allegations in Paragraph 81 of the TAC.

82.     Defendant denies the allegations in Paragraph 82 of the TAC.

83.     Defendant denies the allegations in Paragraph 83 of the TAC.

84.     In response to the allegations in Paragraph 84 of the TAC, Defendant admits that the Detainee Handbooks contain a "Rights and Responsibilities" section applicable to detainees at Adelanto.  The Detainee Handbooks speak for themselves and Defendant specifically denies any allegations in Paragraph 84 of the TAC that are inconsistent in any way.  In further response to the remaining allegations in Paragraph 84 of the TAC, Defendant states that these allegations contain Plaintiffs' characterization of the nature of the action and are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 84 of the TAC.

85.     Defendant denies the allegations in Paragraph 85 of the TAC.

86.     In response to the allegations in Paragraph 86 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 86 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

87.     In response to the allegations in Paragraph 87 of the TAC, Defendant denies the "personal housekeeping requirement" set forth in PBNDS § 5.8.V.C. is limited to the four enumerated items set forth therein.   In further response to the allegations in Paragraph 87 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 87 of the TAC.

88.     In response to the allegations in Paragraph 88 of the TAC, Defendant states that Plaintiff's allegations are legal conclusions to which no response is required.  To the extent any of the remaining allegations are factual in nature, Defendant denies any allegations in Paragraph 88 inconsistent with the federal laws they purport to represent and/or summarize.

89.     In response to the allegations in Paragraph 89 of the TAC, Defendant states that Plaintiff's allegations are legal conclusions to which no response is required.  To the extent any of the remaining allegations are factual in nature, Defendant denies any allegations in Paragraph 89 inconsistent with the federal laws they purport to represent and/or summarize.

90.     In response to the allegations in Paragraph 90 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 90 of the TAC.

91.     Defendant denies the allegations in Paragraph 91 of the TAC.

**F.     <u>Plaintiff Raul Novoa's individual allegations.</u>**

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the TAC and therefore denies the truth of the allegations.

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the TAC and therefore denies the truth of the allegations.

94.     Defendant admits Plaintiff Novoa was detained at the Adelanto Facility for a period of time. Defendant otherwise denies the allegations in Paragraph 94 of the TAC.

95.     In response to the allegations in Paragraph 95 of the TAC, Defendant admits that Plaintiff Novoa received $1 per day as an allowance for participating in the Voluntary Work Program.  Defendant further states that Plaintiff Novoa did not "work for GEO" and Plaintiff Novoa and other federal immigration detainees have no right to claim competitive wages while detained at government expense.  Defendant denies the remaining allegations in Paragraph 95 of the TAC.

96.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the TAC and therefore denies the truth of the allegations.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the TAC and therefore denies the truth of the allegations.

98.     In response to the allegations in Paragraph 98 of the TAC, Defendant admits that Plaintiff Novoa received $1 per day as an allowance for participating in the Voluntary Work Program.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 98 of the TAC and therefore denies the truth of the allegations.

99.     Defendant denies the allegations in Paragraph 99 of the TAC.

100.    Defendant denies the allegations in Paragraph 100 of the TAC.

101.    Defendant denies the allegations in Paragraph 101 of the TAC.

CASE NO. 5:17-cv-02514-JGB-SHKx

50461794;4

102.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the TAC and therefore denies the truth of the allegations.

103.   Defendant denies the allegations in Paragraph 103 of the TAC.

104.   Defendant denies the allegations in Paragraph 104 of the TAC.

105.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the TAC and therefore denies the truth of the allegations.

106.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the TAC and therefore denies the truth of the allegations.

107.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the TAC and therefore denies the truth of the allegations.

108.   Defendant denies the allegations in Paragraph 108 of the TAC.

109.   Defendant denies the allegations in Paragraph 109 of the TAC.

110.   Defendant denies the allegations in Paragraph 110 of the TAC.

111.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the TAC and therefore denies the truth of the allegations.

112.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the TAC and therefore denies the truth of the allegations.

113.   Defendant denies the allegations in Paragraph 113 of the TAC.

114.   Defendant denies the allegations in Paragraph 114 of the TAC.

115.   In response to the allegations in Paragraph 115 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1 and are not factual allegations for which a response is required.  To the extent any of the

2 allegations are factual, Defendant denies those allegations in Paragraph 115 of the TAC.

3       **G.**    **Plaintiff Jaime Campos Fuentes' individual allegations.**

4     116.  Defendant is without knowledge or information sufficient to form a belief

5 as to the truth of the allegations set forth in Paragraph 116 of the TAC and therefore

6 denies the truth of the allegations.

7     117.  In response to the allegations in Paragraph 117 of the TAC, Defendant

8 admits Plaintiff Fuentes was detained at the Adelanto Facility for a period of time.

9 Defendant otherwise denies the allegations in Paragraph 117 of the TAC.

10     118.  In response to the allegations in Paragraph 118 of the TAC, Defendant

11 admits that Plaintiff Fuentes received $1 per day as an allowance for participating in the

12 Voluntary Work Program.  Defendant further states that Plaintiff Novoa did not "work

13 for GEO" and Plaintiff Fuentes and other federal immigration detainees have no right to

14 claim competitive wages while detained at government expense.  Defendant denies the

15 remaining allegations in Paragraph 118 of the TAC.

16     119.  Defendant is without knowledge or information sufficient to form a belief

17 as to the truth of the allegations set forth in Paragraph 119 of the TAC and therefore

18 denies the truth of the allegations.

19     120.  Defendant is without knowledge or information sufficient to form a belief

20 as to the truth of the allegations set forth in Paragraph 120 of the TAC and therefore

21 denies the truth of the allegations.

22     121.  In response to the allegations in Paragraph 121 of the TAC, Defendant

23 admits that Plaintiff Fuentes received $1 per day as an allowance for participating in the

24 Voluntary Work Program.  Defendant is without knowledge or information sufficient to

25 form a belief as to the truth of the remaining allegations set forth in Paragraph 121 of the

26 TAC and therefore denies the truth of the allegations.

27     122.  Defendant denies the allegations in Paragraph 122 of the TAC.

28

15

CASE NO. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

123. In response to the allegations in Paragraph 123 of the TAC, Defendant admits that detainees were required to clean their personal space and common living areas pursuant to Defendant's contract with ICE and all of the standard and requirements incorporated by reference therein including, but not limited to, the applicable PBNDS sections, ACA standards and requirements, ICE National Detainee Handbook, and the applicable housekeeping standards. Defendant otherwise denies the allegations in Paragraph 123 of the TAC.

124. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the TAC and therefore denies the truth of the allegations.

125. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the TAC and therefore denies the truth of the allegations.

126. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126 of the TAC and therefore denies the truth of the allegations.

127. Defendant denies the allegations in Paragraph 127 of the TAC.

128. Defendant denies the allegations in Paragraph 128 of the TAC.

129. Defendant denies the allegations in Paragraph 129 of the TAC.

130. Defendant denies the allegations in Paragraph 130 of the TAC.

131. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the TAC and therefore denies the truth of the allegations.

132. Defendant denies the allegations in Paragraph 132 of the TAC.

133. Defendant denies the allegations in Paragraph 133 of the TAC.

134. In response to the allegations in Paragraph 134 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

1  and are not factual allegations for which a response is required.  To the extent any of the

2  allegations are factual, Defendant denies those allegations in Paragraph 134 of the TAC.

3  ### H.   Plaintiff Abdiaziz Karim's individual allegation.

4  135.   Defendant is without knowledge or information sufficient to form a belief

5  as to the truth of the allegations set forth in Paragraph 135 of the TAC and therefore

6  denies the truth of the allegations.

7  136.   In response to the allegations in Paragraph 136 of the TAC, Defendant

8  admits Plaintiff Karim was detained at the Adelanto Facility for a period of time.

9  Defendant otherwise denies the allegations in Paragraph 136 of the TAC.

10  137.   In response to the allegations in Paragraph 137 of the TAC, Defendant

11  admits that Plaintiff Karim received $1 per day as an allowance for participating in the

12  Voluntary Work Program.  Defendant further states that Plaintiff Karim did not "work

13  for GEO" and Plaintiff Karim and other federal immigration detainees have no right to

14  claim competitive wages while detained at government expense.  Defendant denies the

15  remaining allegations in Paragraph 137 of the TAC.

16  138.   Defendant is without knowledge or information sufficient to form a belief

17  as to the truth of the allegations set forth in Paragraph 138 of the TAC and therefore

18  denies the truth of the allegations.

19  139.   In response to the allegations in Paragraph 139 of the TAC, Defendant

20  admits that Plaintiff Karim received $1 per day as an allowance for participating in the

21  Voluntary Work Program.  Defendant denies the allegation that Plaintiff Karim "was not

22  paid at all during his first three months on the job."  Defendant denies the remaining

23  allegations in Paragraph 139 of the TAC.

24  140.   Defendant denies the allegations in Paragraph 140 of the TAC.

25  141.   Defendant denies the allegations in Paragraph 141 of the TAC.

26  142.   Defendant denies the allegations in Paragraph 142 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

143.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the TAC and therefore denies the truth of the allegations.

144.   Defendant denies the allegations in Paragraph 144 of the TAC.

145.   Defendant denies the allegations in Paragraph 145 of the TAC.

146.   In response to the allegations in Paragraph 146 of the TAC, Defendant admits that detainees were required to clean their personal space and common living areas pursuant to Defendant's contract with ICE and all of the standard and requirements incorporated by reference therein including, but not limited to, the applicable PBNDS sections, ACA standards and requirements, ICE National Detainee Handbook, and the applicable housekeeping standards.   Defendant otherwise denies the allegations in Paragraph 146 of the TAC.

147.   Defendant denies the allegations in Paragraph 147 of the TAC.

148.   Defendant denies the allegations in Paragraph 148 of the TAC.

149.   Defendant denies the allegations in Paragraph 149 of the TAC.

150.   Defendant denies the allegations in Paragraph 150 of the TAC.

151.   Defendant denies the allegations in Paragraph 151 of the TAC.

152.   Defendant denies the allegations in Paragraph 152 of the TAC.

153.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 153 of the TAC and therefore denies the truth of the allegations.

154.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154 of the TAC and therefore denies the truth of the allegations.

155.   Defendant denies the allegations in Paragraph 155 of the TAC.

156.   In response to the allegations in Paragraph 156 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

18

CASE NO. 5:17-CV-02514-JGB-SHKx

DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

50461794;4

and are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 156 of the TAC.

## I.   Plaintiff Ramon Mancia's individual allegations.

157.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157 of the TAC and therefore denies the truth of the allegations.

158.   Defendant admits the allegations in Paragraph 158 of the TAC.

159.   In response to the allegations in Paragraph 159 of the TAC, Defendant states that Plaintiff Mancia did not "work for GEO" and Plaintiff Mancia and other federal immigration detainees have no right to claim competitive wages while detained at government expense.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 of the TAC and therefore denies the truth of the allegations.

160.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160 of the TAC and therefore denies the truth of the allegations.

161.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 of the TAC and therefore denies the truth of the allegations.

162.   Defendant denies the allegations in Paragraph 162 of the TAC.

163.   Defendant denies the allegations in Paragraph 163 of the TAC.

164.   Defendant denies the allegations in Paragraph 164 of the TAC.

165.   Defendant denies the allegations in Paragraph 165 of the TAC.

166.   Defendant denies the allegations in Paragraph 166 of the TAC.

167.   Defendant denies the allegations in Paragraph 167 of the TAC.

168.   Defendant denies the allegations in Paragraph 168 of the TAC.

169.   Defendant denies the allegations in Paragraph 169 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50461794;4

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

170.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170 of the TAC and therefore denies the truth of the allegations.

171.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 of the TAC and therefore denies the truth of the allegations.

172.   In response to the allegations in Paragraph 172 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and are not factual allegations for which a response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 172 of the TAC.

## CLASS ACTION ALLEGATIONS

173.   In response to the allegations in Paragraph 173 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 173 of the TAC.

### A. Class Definitions

174.   **The California Wage Class.**  In response to the allegations in Paragraph 174 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 174 of the TAC.

175.   **The California Forced Labor Class.**  In response to the allegations in Paragraph 175 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 175 of the TAC.

CASE NO. 5:17-CV-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

176.   **The Nationwide HUSP Class.**  In response to the allegations in Paragraph 176 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 176 of the TAC.

177.   In response to the allegations in Paragraph 177 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 177 of the TAC.

178.   **The Adelanto Forced Labor Class.**   In response to the allegations in Paragraph 178 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 178 of the TAC.

179.   In response to the allegations in Paragraph 179 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 179 of the TAC.

**B.**   **Class Certification Requirements under Rule 23**

180.   **Numerosity:  Rule 23(a)(1).**  In response to the allegations in Paragraph 180 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 180 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

181. **Commonality and Predominance: Rules 23(a)(2) and 23(b)(3).** In response to the allegations in Paragraph 181 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 181 of the TAC.

182. In response to the allegations in Paragraph 182 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 182 of the TAC.

183. In response to the allegations in Paragraph 183 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 183 of the TAC.

184. In response to the allegations in Paragraph 184 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 184 of the TAC.

185. In response to the allegations in Paragraph 185 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 185 of the TAC.

186. **Typicality: Rule 23(a)(3).** In response to the allegations in Paragraph 186 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs'

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

characterization of the nature of the action and calls for a legal conclusion for which no response is required.  Defendant specifically denies the allegation that Plaintiffs' or any purported class members were "employed by GEO at the Adelanto Facility" and "faced the threat of serious harm for refusing to work."  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 186 of the TAC.

187.  **Adequacy:  Rule 23(a)(4).**  In response to the allegations in Paragraph 187 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 187 of the TAC.

188.  **Superiority:  Rule 23(b)(3).**  In response to the allegations in Paragraph 188 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  Defendant specifically denies the allegation that Plaintiffs' or any purported class members "suffered and will continue to suffer harm and damages as a result of GEO's wrongful conduct." To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 188 of the TAC.

189.  **Rule 23(b)(2).**  In response to the allegations in Paragraph 189 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required. Defendant specifically denies the allegation that Defendant's policies and practices "place every detainee at the Adelanto and GEO's other civil immigration detention facilities in peril of wage theft, forced labor, attempted forced labor, and serious harm." To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 189 of the TAC.

/ / /

/ / /

# CAUSES OF ACTION

## COUNT I

## CALIFORNIA MINIMUM WAGE LAW

### Cal. Labor Code §§ 1194, 1197, 1197.1

190.   Defendant incorporates by reference its responses to the allegations in Paragraph 1 through 189.

191.   Defendant admits the allegations in Paragraph 191 of the TAC.

192.   In response to the allegations in Paragraph 192 of the TAC, Defendant states that Plaintiffs' allegations call for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 192 of the TAC.

193.   Defendant denies the allegations in Paragraph 193 of the TAC.

194.   In response to the allegations in Paragraph 194 of the TAC, Defendant states that Plaintiffs' allegations call for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 194 of the TAC.

195.   Defendant denies the allegations in Paragraph 195 of the TAC.

196.   Defendant denies the allegations in Paragraph 196 of the TAC.

197.   In response to the allegations in Paragraph 197 of the TAC, Defendant states that Plaintiffs' allegations contain Plaintiffs' characterization of the nature of the action and calls for a legal conclusion for which no response is required.  To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 197 of the TAC.

198.   In response to the allegations in Paragraph 198 of the TAC, Defendant admits that detainees who participate in the Voluntary Work Program receive a $1 allowance per day pursuant to Defendant's contract with ICE.  Defendant otherwise denies the remaining allegations in Paragraph 198 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

199.   Defendant denies the allegations in Paragraph 199 of the TAC.

200.   Defendant denies the allegations in Paragraph 200 of the TAC.

201.   Defendant denies the allegations in Paragraph 201 of the TAC.

202.   Defendant denies the allegations in Paragraph 202 of the TAC.

## COUNT II

## UNJUST ENRICHMENT

## California Common Law

203.   Defendant incorporates by reference its responses to the allegations in Paragraph 1 through 202.

204.   Defendant denies the allegations in Paragraph 204 of the TAC.

205.   Defendant denies the allegations in Paragraph 205 of the TAC.

206.   Defendant denies the allegations in Paragraph 206 of the TAC.

207.   Defendant denies the allegations in Paragraph 207 of the TAC.

208.   Defendant denies the allegations in Paragraph 208 of the TAC.

209.   Defendant denies the allegations in Paragraph 209 of the TAC.

210.   Defendant denies the allegations in Paragraph 210 of the TAC.

211.   Defendant denies the allegations in Paragraph 211 of the TAC.

## COUNT III

## CALIFORNIA UNFAIR COMPETITION LAW

## Cal. Bus. & Prof. Code § 17200, *et seq.*

212.   Defendant incorporates by reference its responses to the allegations in Paragraph 1 through 211.

213.   In response to the allegations in Paragraph 213 of the TAC, Defendant states that Plaintiffs' allegations call for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 213 of the TAC.

214.   Defendant denies the allegations in Paragraph 214 of the TAC.

CASE NO. 5:17-CV-02514-JGB-SHKx

50461794;4

215.   Defendant denies the allegations in Paragraph 215 of the TAC.

216.   Defendant denies the allegations in Paragraph 216 of the TAC.

217.   Defendant denies the allegations in Paragraph 217 of the TAC.

218.   Defendant denies the allegations in Paragraph 218 of the TAC.

## COUNT IV

## FORCED LABOR

## CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT

## Cal. Civ. Code § 52.5

219.   Defendant incorporates by reference its responses to the allegations in Paragraph 1 through 218.

220.   Defendant denies the allegations in Paragraph 220 of the TAC.

221.   In response to the allegations in Paragraph 221 of the TAC, Defendant states that Plaintiffs' allegations call for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 221 of the TAC.

222.   In response to the allegations in Paragraph 222 of the TAC, Defendant states that Plaintiffs' allegations call for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 222 of the TAC.

223.   In response to the allegations in Paragraph 223 of the TAC, Defendant states that Plaintiffs' allegations call for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 223 of the TAC.

224.   Defendant denies the allegations in Paragraph 224 of the TAC.

225.   Defendant denies the allegations in Paragraph 225 of the TAC.

226.   Defendant denies the allegations in Paragraph 226 of the TAC.

227.   Defendant denies the allegations in Paragraph 227 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

26

CASE NO. 5:17-CV-02514-JGB-SHKx

DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

50461794;4

228. Defendant denies the allegations in Paragraph 228 of the TAC.

229. Defendant denies the allegations in Paragraph 229 of the TAC.

230. Defendant denies the allegations in Paragraph 230 of the TAC.

## COUNT V

## FORCED LABOR

## FEDERAL TRAFFICKING VICTIMS PROTECTION ACT

## U.S.C. §§ 1589(a) and 1594(a)

231. Defendant denies the allegations in Paragraph 231 of the TAC.[1]

232. In response to the allegations in Paragraph 232 of the TAC, Defendant states that Plaintiffs' allegations call for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 232 of the TAC.

233. In response to the allegations in Paragraph 233 of the TAC, Defendant states that Plaintiffs' allegations call for a legal conclusion for which no response is required. To the extent any of the allegations are factual, Defendant denies those allegations in Paragraph 233 of the TAC.

234. Defendant denies the allegations in Paragraph 234 of the TAC.

235. Defendant denies the allegations in Paragraph 235 of the TAC.

236. Defendant denies the allegations in Paragraph 236 of the TAC.

237. Defendant denies the allegations in Paragraph 237 of the TAC.

238. Defendant denies the allegations in Paragraph 238 of the TAC.

239. Defendant denies the allegations in Paragraph 239 of the TAC.

240. Defendant denies the allegations in Paragraph 240 of the TAC.

241. Defendant denies the allegations in Paragraph 241 of the TAC.

242. Defendant denies the allegations in Paragraph 242 of the TAC.

---

[1] Count V of the TAC does not include a paragraph realleging and incorporating by reference all previous allegations. Nevertheless, Defendant hereby incorporates into its response to Count V of the TAC its responses to the allegations in Paragraphs 1 through 230.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

243.   Defendant denies the allegations in Paragraph 243 of the TAC.

## COUNT VI

## FORCED AND ATTEMPTED FORCED LABOR

## FEDERAL TRAFFICKING VICTIMS PROTECTION ACT

## U.S.C. §§ 1589(a) and 1594(a)

244.   Defendant incorporates by reference its responses to the allegations in Paragraph 1 through 243.

245.   Defendant denies the allegations in Paragraph 245 of the TAC.

246.   Defendant denies the allegations in Paragraph 246 of the TAC.

247.   Defendant denies the allegations in Paragraph 247 of the TAC.

248.   Defendant denies the allegations in Paragraph 248 of the TAC.

249.   Defendant denies the allegations in Paragraph 249 of the TAC.

250.   Defendant denies the allegations in Paragraph 250 of the TAC.

251.   Defendant denies the allegations in Paragraph 251 of the TAC.

252.   Defendant denies the allegations in Paragraph 252 of the TAC.

## COUNT VII

## RETALIATION

253.   Defendant incorporates by reference its responses to the allegations in Paragraph 1 through 252.

254.   Defendant admits the allegations in Paragraph 254 of the TAC.

255.   Defendant admits the allegations in Paragraph 255 of the TAC.

256.   Defendant admits the allegations in Paragraph 256 of the TAC.

257.   Defendant admits the allegations in Paragraph 257 of the TAC.

258.   Defendant admits the allegations in Paragraph 258 of the TAC.

259.   Defendant admits the allegations in Paragraph 259 of the TAC.

260.   Defendant admits the allegations in Paragraph 260 of the TAC.

261.   Defendant admits the allegations in Paragraph 261 of the TAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 5:17-CV-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

1    262.   Defendant denies the allegations in Paragraph 262 of the TAC.

2    263.   Defendant admits Plaintiff Novoa was detained at the Adelanto Facility for

3    a period of time. Defendant otherwise denies the allegations in Paragraph 263 of the TAC.

4    264.   In response to the allegations in Paragraph 264 of the TAC, Defendant

5    admits Plaintiff Novoa, on behalf of himself and all others similarly situated, filed a class

6    action against Defendant, but denies that Plaintiff Novoa has any right to maintain this

7    action as a class action or that Plaintiffs are entitled to any recovery in this action.

8    Defendant otherwise denies the allegations in Paragraph 264 of the TAC,

9    265.   Defendant admits it answered Plaintiff's original Complaint and brought the

10   subject counterclaim for "declaratory relief" against Plaintiff Novoa and all putative class

11   members on July 3, 2018.  Defendant otherwise denies the allegations in Paragraph 265

12   of the TAC.

13   266.   Defendant denies the allegations in Paragraph 266 of the TAC.

14   267.   Defendant denies the allegations in Paragraph 267 of the TAC.

15   268.   Defendant denies the allegations in Paragraph 268 of the TAC.

16   269.   In response to the allegations in Paragraph 269 of the TAC, Defendant

17   admits the cited Petition for Permission to Appeal Class Action Certification in *Menocal*

18   *et al. v. The GEO Group, Inc.*, No. 14-02887 (10th Cir. Mar 13, 2017) states the quoted

19   "potentially catastrophic risk" language.   Defendant otherwise denies the allegations in

20   Paragraph 269 of the TAC.

21   270.   Defendant denies the allegations in Paragraph 270 of the TAC.

22   271.   In response to the allegations in Paragraph 271 of the TAC, Defendant

23   admits Plaintiffs' counterclaim in reply of retaliation arises out of the same transaction

24   or occurrence and the same set of aggregate facts, but denies that Plaintiffs' have any

25   right to maintain the retaliation claim or that Plaintiffs are entitled to any recovery under

26   this claim.

27   272.   Defendant admits the allegations in Paragraph 272 of the TAC.

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 ~ FAX: (213) 627-6342

CASE NO. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

273.   Defendant denies the allegations in Paragraph 273 of the TAC.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief demanded in the *ad dammum* clause immediately following Paragraph 273 of the TAC, including subparagraphs a through i.

## GENERAL DENIAL

Defendant denies each and every allegation of the TAC not expressly admitted above.

## AFFIRMATIVE DEFENSES

Without admitting liability or the burden of proof as to Plaintiffs' allegations, Defendant states its affirmative defenses as follows:

### First Affirmative Defense

Each purported cause of action of Plaintiffs' TAC fails to allege facts sufficient to state a cause of action against Defendant.

### Second Affirmative Defense

Defendant has immunity from this lawsuit.

### Third Affirmative Defense

Plaintiffs' seek relief barred by the applicable statutes of limitations.

### Fourth Affirmative Defense

Plaintiffs' California Minimum Wage law claim, unjust enrichment claim, California Unfair Competition law claim, and California Trafficking Victims Protection Act claim are pre-empted by federal law.

### Fifth Affirmative Defense

Plaintiffs' alleged injuries and damages, if any, were caused by the acts of a third party who has not been named a party to this action and over whom Defendant had no control.

/ / /

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

30

Case No. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### Sixth Affirmative Defense

Plaintiffs' requested relief violates the law, and is otherwise impossible to attain in conformance with the law.  Neither the Plaintiffs nor putative class members have a legal right to work at minimum wage rates because none has sought approval from the U.S. Attorney General for employment with Defendant, and none are qualified to work for Defendant under ICE's contract terms and federal law.  Plaintiffs' participating in the Voluntary Work Program was voluntary.

### Seventh Affirmative Defense

Plaintiffs' lack standing to represent the individuals they seek to represent under the claims asserted in the TAC.

### Eighth Affirmative Defense

The California Minimum Wage Law, and IWC Wage Order are unconstitutionally vague and/or overbroad as applied to Defendant's administration of the Voluntary Work Program.

### Ninth Affirmative Defense

The California Trafficking Victims Protection Act is unconstitutionally vague and/or overbroad as applied to Defendant's administration of the Voluntary Work Program and any other program or allowance under Defendant's contract with ICE.

### Tenth Affirmative Defense

The federal Trafficking Victims Protection Act is unconstitutionally vague and/or overbroad as applied to Defendant's administration of the Voluntary Work Program and any other program or allowance under Defendant's contract with ICE..

### Reservation of Rights

Defendant reserves the right to revise, supplement or amend this Answer and Affirmative Defenses in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE,** Defendant respectfully requests that this Court enter a Final Judgment in its favor and against Plaintiffs and award Defendant such other and further

31

CASE NO. 5:17-cv-02514-JGB-SHKx

DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

50461794;4

relief as the Court deems just and proper.

## CONDITIONAL COUNTERCLAIM

Counter-Claimant, The GEO Group, Inc. ("GEO"), by and through counsel, brings the following conditional counterclaim against Counter-Defendants, Raul Novoa, Jaime Campos Fuentes, Abdiaziz Karim, and Ramon Mancia ("Counter-Defendants"), and against any putative class or classes certified by the Court.

## JURISDICTION AND VENUE

1. To the extent this Court holds that it has subject matter jurisdiction despite GEO's immunity, the Court will have jurisdiction over the parties and subject matter over this counterclaim. GEO asserts its counterclaim only in the event that the Court has determined it has subject matter jurisdiction. GEO does not waive and expressly reserves its objection to subject matter jurisdiction with respect to Plaintiffs'/Counter-Defendants' claims. To the extent GEO is subject to jurisdiction in this Court, jurisdiction over GEO's counterclaim is grounded in diversity pursuant to 28 § U.S.C. 1332. GEO is a Florida corporation with its principal place of business in Florida. Raul Novoa is a citizen of Mexico, who alleges he is a resident of California. Jaime Campos Fuentes is a citizen of El Salvador, who alleges he is a resident of California. Abdiaziz Karim is a citizen of Somalia. Ramon Mancia alleges he is a citizen of El Salvador and alleges he is a resident of California. The amount in controversy on the counterclaims exceeds $75,000.00.

2. Alternatively, this Court has supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367(a), as the counterclaim forms part of the same case or controversy as the claims asserted by Plaintiffs/Counter-Defendants under Article III of the United States Constitution.

3. Venue is proper in this Court, as the events giving rise to the counterclaim occurred in this district.

/ / /

/ / /

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

50461794;4

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PARTIES

4.      GEO is a Florida corporation with its principal place of business in Florida. GEO is a service provider that operates the Adelanto Facility for the housing of federal immigration detainees in the custody of the federal government, under terms set out in the contracts between the City of Adelanto and ICE, and the City of Adelanto and GEO, and applicable regulations and detention facility standards, and the laws of the United States.

5.      Raul Novoa is a citizen of Mexico, who alleges he is a resident of California. Counter-Defendant Novoa was an ICE detainee at the Adelanto Facility at various times from 2012 to 2015.

6.      Jaime Campos Fuentes is a citizen of El Salvador, who alleges he is a resident of California. Counter-Defendant Campos Fuentes was an ICE detainee at the Adelanto Facility from 2016 to 2018.

7.      Abdiaziz Karim is a citizen of Somalia.  Counter-Defendant Karim was an ICE detainee at the Adelanto Facility from 2017 to 2019.

8.      Ramon Mancia alleges he is a citizen of El Salvador and alleges he is resident of California.  Counter-Defendant Mancia is an ICE detainee at the Adelanto Facility since April 2019.

9.      While detained at the Adelanto Facility, Counter-Defendants did not have authorization from the U.S. Attorney General to be employed in the United States under federal law.

10.      Because Counter-Defendants were in the custody of the federal government while at the Adelanto Facility and participated in the Voluntary Work Program, California's Minimum Wage Law ("MWL") does not apply to them.

/ / /

/ / /

/ / /

CASE NO. 5:17-cv-02514-JGB-SHKx

DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES
50461794;4

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# FIRST CAUSE OF ACTION

## Declaratory Relief—28 U.S.C. § 2201(a)

11.     GEO incorporates the allegations in Paragraphs 1-10 above, by reference as if fully stated herein.

12.     At all times relevant to these proceedings, GEO administered a Voluntary Work Program at the Adelanto Facility as required by the ICE contract. That Voluntary Work Program was, and is, subject to federal detention standards.

13.     The Voluntary Work Program at the Adelanto Facility is critical to the safe and secure operations of the facility. Specifically, the Voluntary Work Program reduces idle time for detainees and promotes institutional efficiency, just as similar programs do in California's own facilities.

14.     Pursuant to an express authorization from Congress that ICE may authorize allowances to immigration detainees for work performed while detained, ICE authorized an allowance of $1.00 per day for each Voluntary Work Program participant. ICE also prohibits GEO from employing any detainees. ICE must clear any GEO employee working at the Adelanto Facility via a background check performed by ICE. ICE also requires GEO to immediately suspend any employee found to have a history of arrests.

15.     Counter-Defendants and the putative class members were participants in the Voluntary Work Program at the Adelanto Facility. They were not authorized by ICE to work for GEO or anyone else in the United States, and did not complete the requirements for employment specified in the City's detention services agreement with ICE. Counter-Defendant Novoa himself was ineligible for work because he was detained by ICE based on his criminal record in the United States, which includes possession of controlled substances, possession of a firearm by a felon, giving a false ID to a peace officer, and domestic violence. Counter-Defendants have not alleged that

34

they, or any other Adelanto detainee, was granted work authorization by the Attorney General.

16.     Counter-Defendants initiated this lawsuit, claiming California's labor laws apply to them and the putative class members, when they do not. Because Counter-Defendants were in the custody of the federal government while at the Adelanto Facility and participating in the Voluntary Work Program, California's MWL does not apply to them. This matter presents an actual controversy that can be finally resolved by the Court.

17.     GEO has already incurred attorneys' fees and other costs defending against Plaintiff/Counter-Defendants' claims, and will continue to do so.

18.     ICE detainees at the Adelanto Facility, including Counter-Defendants and the putative class members, are federal immigration detainees housed at the Adelanto Facility pursuant to the City's detention services agreement with ICE. They are not employed by GEO, and are not employees of GEO. The work performed by these detainees is performed for reasons other than compensation in order to provide for necessary food and shelter, as detainees participating in the Voluntary Work Program do not participate in commerce and do not depend on the wages they earn for basic necessities such as, for example, housing, food, clothing, and recreation, while detained.

19.     GEO therefore seeks a declaration that: (1) no employment relationship exists between GEO and detainees who participate in the Voluntary Work Program, including but not limited to Counter-Defendants and the putative class members; (2) such detainees, including but not limited to Counter-Defendants and the putative class members, are not employees of GEO, and GEO is not their employer; (3) as a result, California's labor laws and wage orders do not apply to such detainees, including but not limited to Counter-Defendants and the putative class members; and (4) Counter-Defendants and putative class members are not entitled to disgorgement or other equitable relief for allegedly unpaid wages or allegedly inequitable revenues or profits; (5) GEO has not violated the TVPA; (6) GEO has not violated the California TVPA.

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES
50461794;4

**WHEREFORE**, GEO prays for the following relief:

1.      An order enjoining Counter-Defendants and the putative class members from claiming California's labor laws apply to them;

2.      An order declaring California's labor laws do not apply to ICE detainees at the Adelanto Facility, including but not limited to laws requiring payment of minimum wage and overtime wages;

3.      An order declaring that there is no employment relationship between GEO and detainees housed at the Adelanto Facility who participate in the Volunteer Work Program, specifically that GEO is not the employer of such detainees, and that such detainees are not employees of GEO;

4.      An order declaring that GEO has not violated the TVPA or California TVPA.

5.      An award of attorneys' fees and costs; and

6.      Other and further relief as the Court deems just and equitable.

Dated: October 15, 2019            **AKERMAN LLP**


By: */s/  Damien P. DeLaney*_____
     Damien P. DeLaney
     Colin L. Barnacle
     Ashley E. Calhoun

     Attorney for Defendant
     THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

50461794;4

## **PROOF OF SERVICE**

STATE OF CALIFORNIA          )

COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action.  My business address is 601 West Fifth Street, Suite 300, Los Angeles, California 90071.

On **October 15, 2019**, I served the following document(s) described as:

**DEFENDANT THE GEO GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

on the persons as indicated below:

☒       **(CM/ECF ELECTRONIC FILING)** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed below by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

Charles J. Gower (admitted pro hac vice)
jgower@burnscharest.com
Korey A. Nelson (admitted pro hac vice)
knelson@burnscharest.com
Lydia A. Wright (admitted pro hac vice)
lwright@burnscharest.com
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, Louisiana 70130
Telephone: (504) 799-2845
Facsimile:  (504) 881-1765

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
Ruhandy Glezakos (CA Bar # 307473)
rglezakos@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Facsimile:   (310) 474-8585

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted pro hac vice)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted pro hac vice)
dcharest@burnscharest.com
TX Bar # 24057803
BURNS CHAREST LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile:  (469) 444-5002

☒      (MAIL) I placed the envelope to R. Andrew Free for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

R. Andrew Free (admitted pro hac vice)
andrew@immigrantcivilrights.com
TN Bar # 030513
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, Tennessee 37209
Telephone: (844) 321-3221
Facsimile:  (615) 829-8959

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐      (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒      (Federal)      I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 15, 2019, at Los Angeles, California.

_____            _____
Maxine Maritz                                                          (Signature)

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342