**AKERMAN LLP**
DAMIEN P. DELANEY (SBN 246476)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: damien.delaney@akerman.com

COLIN L. BARNACLE (admitted *pro hac vice*)
ASHLEY E. CALHOUN (SBN 270530)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com
ashley.calhoun@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

THE GEO GROUP, INC.,

Defendant.

THE GEO GROUP, INC.,

Counter-Claimant,

vs.

RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,

Counter-Defendant.

Case No. 5:17-cv-02514-JGB-SHK

Assigned to Hon. Jesus G. Bernal

**DEFENDANT THE GEO GROUP, INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE DECLARATIONS OF MUNOZ-AGUILERA AND MARWAHA**

Hearing Date: December 2, 2019
Hearing Time: 9:00 a.m.
Location: Courtroom 1

TAC Filed: September 16, 2019
SAC Filed: December 24, 2018
FAC Filed: July 6, 2018
Complaint Filed: December 19, 2017
Trial Date: June 23, 2020

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 2, 2019, at 9:00 a.m., or as soon thereafter as the parties may be heard, before The Honorable Jesus G. Bernal, in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501, Defendant The GEO Group, Inc. ("GEO") moves to exclude the declarations of Fernando Munoz-Aguilera and Gagandeep Marwaha.

This Motion is based on this Notice of Motion and Motion and upon such matters as may be presented to the Court at the hearing on this Motion.

Dated: November 4, 2019

**AKERMAN LLP**

By: */s/ Damien P. DeLaney*
Damien P. DeLaney
Ashley E. Calhoun
Attorneys for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# GEO'S MOTION TO EXCLUDE THE DECLARATIONS OF MUNOZ-AGUILERA AND MARWAHA

## I. RULE 7-3 CONFERRAL

This motion is made following the ongoing conferences of counsel pursuant to L.R. 7–3 which took place on October 9, 2019, October 11, 2019, and November 4, 2019. Plaintiffs oppose the relief sought herein.

## II. RELEVANT FACTUAL BACKGROUND

On September 27, 2019, Plaintiffs' filed their Motion for Class Certification, ECF 192, (the "Motion"), attaching declarations of two[1] individuals who had never before been disclosed: Fernando Munoz-Aguilera and Gagandeep Marwaha.[2] Both declarations, signed July 26, 2019, made allegations that could be relevant for this Court's consideration of whether a class should be certified. Despite months passing between the date of the declarations and the disclosure of the declarants for the first time in the Motion, GEO quickly began the process to try to depose the declarants.

On October 9, 2019, GEO was informed by Plaintiffs that "Gagandeep Marwaha has been deported and is not available for a deposition at this time." GEO thereafter asked Plaintiffs to withdraw Marwaha's declaration, as he was unavailable for cross-

[1] Plaintiffs Ramon Mancia and Abdiaziz Karim were also never disclosed before they were added as party plaintiffs to this action, but their non-disclosure is not the focus of the present motion.

[2] Indeed, Plaintiffs did not fully comply with Local Rule 7-3 prior to filing their Motion. Any meet and confer would have been an opportunity to disclose the proposed declarants. Plaintiffs failed to do so. As another Court in this district held in a similar circumstance, "[a]n adequate meet-and-confer, conducted in good faith, allows and indeed requires Parties to share their factual and legal basis for their positions so that the motion, opposition, and reply that are filed contain no surprises. Had the Parties adequately met and conferred prior to the filing of Plaintiff's Motion for Class Certification, their respective briefs would have contained no surprises regarding their legal arguments, supporting witnesses, and so forth." *Pedroza v. PetSmart, Inc.*, No. ED CV 11-298 GHK, 2012 WL 9507910, at *1 (C.D. Cal. June 14, 2012). In *Pedroza*, the Court struck the Motion for Certification in its entirety. Here, GEO seeks less drastic relief.

examination. On October 11, 2019, Plaintiffs informed GEO that they had lost contact with Marwaha but were "hopeful of establishing contact in the near term." On November 4, 2019, in response to another inquiry by GEO, Plaintiffs' counsel indicated that she will not be withdrawing Marwaha's declaration and noted that in order to get in touch with him, she needs information about his departure from Adelanto, presumably held by GEO. Plaintiffs' counsel has had Marwaha's deactivation date since October 21, 2019 and still do not appear to be in touch with him. To date, Plaintiffs' counselhas not provided GEO with an opportunity to cross-examine Marwaha. Instead, it appears that Plaintiffs' untimely disclosure has foreclosed the possibility of doing so, as Marwaha was deported to India and is not currently in contact with Plaintiffs' counsel.

GEO similarly made efforts to depose Munoz-Aguilera, who is currently detained in ICE custody at the Adelanto Facility. Plaintiffs' counsel stated that Munoz-Aguilera was available for a deposition on Thursday October 24, 2019, at the Adelanto Facility; however, Plaintiffs' counsel made little effort to facilitate the same. In order to ensure the deposition occurred on the proposed date, GEO contacted ICE about the possibility of deposing Munoz-Aguilera, as he is in their custody. ICE reviewed the request and eventually agreed to permit Munoz-Aguilera's deposition to proceed, but did not agree to do so on the October 24th date proposed by Plaintiffs' counsel. Rather, ICE explained that the deposition had to be held on a date where Munoz-Aguilera's counsel would be able to attend. Accordingly, on October 22, 2019, GEO, through its counsel, informed Plaintiffs' counsel of this requirement, and noted "it is not clear to us whether you represent [Munoz-Aguilera] in any capacity." Rather than provide a substantive response, Plaintiffs' counsel responded that it took issue with ICE's policies, and offered to take the deposition by phone—a condition that had never before been discussed or cleared with ICE. Despite these additional barriers presented by Plaintiffs' counsel, on October 28, 2019, GEO again asked Plaintiffs' counsel if they in fact represent Munoz-Aguilera – the same question required by ICE in order to conduct Munoz-Aguilera's

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

deposition, whether in person or by telephone. On November 4, 2019, a week after GEO's opposition brief was filed (and after objecting to an extension to the same), Plaintiffs' counsel sent an email to GEO noting that she will represent Mr. Munoz-Aguilera for purposes of his deposition. Like the delayed disclosures, the belated information related to Mr. Munoz-Aguilera's representation has prevented GEO from deposing Munoz-Aguilera. Indeed, if Plaintiffs' counsel has represented Mr. Munoz-Aguilera since October 11th, Plaintiffs' counsel could have worked with ICE to make Mr. Munoz-Aguilera available for a deposition prior to GEO's response deadline. Instead, Munoz-Aguilera was not available for a deposition prior to GEO's response deadline. As a result, GEO has been unable to present evidence to this Court regarding the credibility of Munoz-Aguilera's declaration claims.

Accordingly, because the declarants were not timely disclosed, and because GEO was unable to depose the declarants before filing its motion in opposition to class certification, GEO respectfully requests that this Court exclude the declarations of Munoz-Aguilera (ECF 192-8) and Marwaha (ECF 192-7) and decline to consider the contents of the same for purposes of class certification.

## III. ANALYSIS

Federal Rule of Civil Procedure 26(a) requires that "a party must, without awaiting a discovery request" provide the other parties with certain initial disclosures. Disclosures required under Rule 26(a) include "the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed.R.Civ.P. 26(a)(1)(A)(I). Rule 26(e) requires parties to supplement disclosures made under Rule 26(a) or through responses to interrogatories or requests for production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise

been made known to the other parties during the discovery process or in writing[.]" Fed.R.Civ.P. 26(e)(1)(A). Rule 37 gives teeth to the requirements of Rule 26, providing for sanctions against a party that fails to disclose information required under Rule 26(a) or (e). Specifically, Rule 37 states that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1). Rule 37's exclusionary sanction may be avoided and "information may be introduced if the non-disclosing parties' failure to disclose the required information was substantially justified or barnharmless." *Id.* "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Accordingly, this Court may exclude evidence submitted in support of class certification as a sanction for the failure to timely disclose such evidence under Fed. R. Civ. P 26(a). *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 606 (S.D. Cal. 2015). (striking declaration submitted with motion for class certification where the failure to disclose was not harmless); *Roberts v. Scott Fetzer Co.*, No. 4:07-CV-80 CDL, 2010 WL 3546499, at *4 (M.D. Ga. Sept. 7, 2010) (holding that it was appropriate to exclude declarations submitted in support of certification where the declarants were not properly disclosed under Rule 26). Here, excluding the declarations of the undisclosed declarants would further the goals of Rule 37's exclusionary sanction to deter parties from "hiding the ball," as Plaintiffs have done here. *Guzman*, 305 F.R.D. at 608.

There is no question that Plaintiffs failed to disclose Munoz-Aguilera and Marwaha. Plaintiff Novoa served his initial disclosures on July 27, 2018. Neither Munoz-Aguilera nor Marwaha were identified as individuals with knowledge in Plaintiff Novoa's disclosures. Thereafter, Plaintiffs Novoa and Fuentes served

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

supplemental disclosures on June 17, 2019. Likewise, in the 2019 disclosures, neither Munoz-Aguilera nor Marwaha were disclosed. Nor were they identified at any point thereafter. Instead, the very first time GEO was made aware of Munoz-Aguilera and Marwaha was upon the filing of Plaintiffs' Motion. As these individuals are the *only* non-plaintiff declarants, they should have been disclosed in advance of the Motion so that GEO could conduct a proper investigation into their allegations, including by taking their depositions.

There is no substantial justification for Plaintiffs' failure to disclose any individuals with relevant information upon whose declarations Plaintiffs intended to rely in the Motion. While it is likely Plaintiffs knew of Marwaha and Munoz-Aguilera's identity well in advance of obtaining their declarations,[3] even assuming that Plaintiffs were unaware Marwaha and Munoz-Aguilera's identities until the very day they signed their declarations (July 26, 2019), Plaintiffs knew of the identity of these declarants two full months before filing their Motion. Plaintiffs had numerous opportunities to disclose their identities—but declined to do so.

Plaintiffs did not supplement their Rule 26 disclosures. Nor did they mention the discovery of new witnesses in their briefing seeking leave to amend their Complaint, despite the fact that the alleged basis for seeking leave was newly discovered evidence. Rather, in their reply in support of their motion for leave to amend, Plaintiffs stated that they "began on-the-ground investigations of the Adelanto HUSP and Uncompensated Work Program immediately after the June depositions. Several detained immigrants, including Abdiaziz Karim and Ramon Mancia, came forward with allegations pertaining to both policies." ECF 181, 3-4. At the time of that filing, Marwaha and Munoz-Aguilera had already signed their declarations and Plaintiffs should have disclosed their identity. Instead, as they had done with Plaintiffs Karim and Mancia's

3 Indeed, Plaintiffs have previously conceded that they investigated the Adelanto Facility following depositions in June. ECF 181, 3.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

identities, they concealed the information for months, only disclosing their identities in connection with motions filed with this Court, not Rule 26 disclosures. Given this recurring pattern, GEO anticipates that Plaintiffs will be unable to meet their burden to establish substantial justification. *Braggs v. Dunn*, No. 2:14CV601-MHT, 2017 WL 659169, at *7 (M.D. Ala. Feb. 17, 2017) (concluding that Plaintiffs' failure to disclose declarants was not substantially justified).

Further, GEO was prejudiced by Plaintiffs' failure to disclose the additional declarants. Had Plaintiffs disclosed the identities of those declarants, GEO could have scheduled a deposition of Marwaha before his deportation. And, GEO could have had sufficient time to schedule a deposition of Munoz-Aguilera. *Gonzalez v. State of Fla. Dep't of Mgmt. Servs.*, 124 F. Supp. 3d 1317, 1327 (S.D. Fla. 2015) (striking declarations provided by Plaintiffs where Defendant was unable to depose the declarants prior to the ruling on the relevant motion); *see also Edwards v. Nat'l Vision, Inc.*, 946 F.Supp.2d 1153, 1159 (N.D.Ala. 2013), *aff'd*, 568 Fed.Appx. 854 (11th Cir. 2014) (same). Instead, GEO was unable to depose the declarants in advance of this Court's consideration of the Motion. This is particularly prejudicial where, as here, the declarations include statements that are not otherwise supported by any evidence offered by Plaintiffs. As GEO believes there are reasons to doubt the veracity of the statements made in Marwaha and Munoz-Aguilera's declarations, but has been precluded from cross-examining them on their statements, their declarations should be excluded from the class certification analysis.

To be clear, GEO seeks a reasonable sanction for Plaintiffs' failure to timely disclose the evidence upon which it intended to rely in seeking class certification. GEO does not (at this point) seek the exclude the evidence at trial, nor does it seek monetary sanctions. *Cf. Pedroza*, 2012 WL 9507910, at *1 (striking the entirety of a class certification brief for inadequate disclosure of declarants prior to filing). Rather, GEO asks this Court to exclude the declarations of Marwaha and Munoz-Aguilera from its

consideration of the class certification motion to cure the prejudice caused by Plaintiffs' failure to disclose the same. This minimal sanction is justified by Plaintiffs' ongoing failure to disclose individuals with knowledge of their claims.

## IV. CONCLUSION

For the foregoing reasons, GEO respectfully requests that this Court exclude the declarations submitted by Munoz-Aguilera and Marwaha from its consideration of Plaintiffs' motion for class certification, and any other relief that this Court deems just and proper.

Dated: November 4, 2019

**AKERMAN LLP**

By: */s/ Damien P. DeLaney*
Damien P. DeLaney
Ashley E. Calhoun
Attorney for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# PROOF OF SERVICE

STATE OF CALIFORNIA )

COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 West Fifth Street, Suite 300, Los Angeles, California 90071.

On **November 4, 2019**, I served the following document(s) described as:

**DEFENDANT THE GEO GROUP, INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE DECLARATIONS OF MUNOZ-AGUILERA AND MARWAHA**

on the persons as indicated below:

☒ **(CM/ECF ELECTRONIC FILING)** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed below by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

Charles J. Gower (admitted pro hac vice)
jgower@burnscharest.com
Korey A. Nelson (admitted pro hac vice)
knelson@burnscharest.com
Lydia A. Wright (admitted pro hac vice)
lwright@burnscharest.com
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, Louisiana 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
Ruhandy Glezakos (CA Bar # 307473)
rglezakos@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted pro hac vice)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted pro hac vice)
dcharest@burnscharest.com
TX Bar # 24057803
BURNS CHAREST LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

☒ (MAIL) I placed the envelope to R. Andrew Free for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

R. Andrew Free (admitted pro hac vice)
andrew@immigrantcivilrights.com
TN Bar # 030513
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, Tennessee 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 4, 2019, at Los Angeles, California.

Maxine Maritz (Signature)

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342