Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Counsel for Plaintiffs
***Additional Counsel on Signature Page***

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA**, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>     *Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO GEO'S MOTION TO EXCLUDE DECLARATIONS OF MUNOZ-AGUILERA AND MARWAHA** |

For the second time in as many weeks, Plaintiffs must expend time and resources to set straight GEO's material misrepresentations of fact. Plaintiffs have fully complied with their discovery obligations and should not be made to suffer the consequences of GEO's litigation choices. GEO presents no credible reason to exclude the declarations

of Fernando Munoz Aguilera[1] and Gagandeep Marwaha from the class certification analysis. The Court should deny GEO's Motion (the "Mot."), ECF 211.

**A.      Plaintiffs have timely complied with their discovery obligations.**

GEO accuses Plaintiffs of "hiding the ball" and failing to supplement their Rule 26 disclosures to identify Mr. Munoz and Mr. Marwaha. Mot. at 6-7. GEO is wrong. Plaintiffs served GEO with their Second Supplemental Rule 26 Initial Disclosures on October 8, 2019. *See* Declaration of Lydia Wright ("Wright Decl.") at Ex. 1. Those disclosures listed both Mr. Marwaha and Mr. Munoz as "individuals likely to have discoverable information that Plaintiffs may use to support their claims or defenses." *Id.* at 3.

In reality, GEO knew the identities, locations, and specific allegations of Mr. Munoz and Mr. Marwaha even <u>before</u> Plaintiffs' updated initial disclosures. GEO was served with the declarations of Mr. Munoz and Mr. Marwaha on September 27, 2019, only eleven days after Plaintiffs filed their Third Amended Complaint alleging the existence of GEO's Uncompensated Work Program Policy and Housing Unit Sanitation Policies. GEO itself served deposition notices on Mr. Munoz and Mr. Marwaha—as well as the four named Plaintiffs—on October 7. *See* ECF 202 at 8. There is no question that GEO knew of Mr. Munoz and Mr. Marwaha on September 27, 2019—30 days before the deadline to oppose class certification, ten days before GEO first noticed a single deposition in this case, and more than four months before the close of discovery. Plaintiffs have timely complied with their obligations pursuant to Rule 26.[2]

---

[1] The declarant's surname is Munoz, not Munoz-Aguilera.

[2] GEO, in contrast, has failed to comply with its discovery obligations in this case. *See* Wright Decl. at Ex. 2. For instance, GEO listed Mr. Novoa's detention file in its August 16, 2018 initial disclosures. Plaintiffs' detention files are also responsive to discovery requests Plaintiffs served on GEO on July 27, 2018.  But GEO waited until October 20, 2019—72 hours before Mr. Novoa's deposition—to produce Mr. Novoa's records to Plaintiffs. Similarly, GEO waited until 48 hours before Mr. Campos Fuentes'

PLAINTIFFS' RESPONSE IN OPPOSITION TO                                    5:17-CV-02514-JGB
GEO'S MOTION TO EXCLUDE DECLARATIONS OF
MUNOZ-AGUILERA AND MARWAHA

Even if a Rule 37 analysis was warranted here—it clearly is not—GEO's claims of prejudice strain credulity and lack a reasonable basis in law or fact. GEO has suffered no harm here. *See Van Maanen v. Youth With a Mission–Bishop*, 852 F.Supp.2d 1232, 1237 (E.D. Cal. 2012), *aff'd sub nom. Van Maanen v. Univ. of the Nations, Inc.*, 542 Fed. App'x. 581 (9th Cir. 2013) (a failure to disclose a witness is harmless where the identity, location and subject of information possessed by a witness was revealed in the same case months before the discovery cut-off date); *Orellana v. Cty. of Los Angeles*, 2013 WL 12129290, at *7 (C.D. Cal. June 26, 2013) (a failure to disclose a witness is harmless where the identity of the witness was revealed earlier); *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) (denying motion for sanctions for failure to comply with Rule 26 where "disclosure [was] made sufficiently in advance of the discovery cut-off date to permit the opposing party to conduct discovery and defend against the . . . claims").

GEO's reliance on *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594 (S.D. Cal. 2015) is misplaced. There, the court excluded a witness's declaration because the plaintiff refused to disclose the witness in interrogatory responses, actively hid the witness's identity, and waited until after discovery closed to rely on the individual as "one of the few, if not the only, witness." *Id.* at 603-606. But, as the *Guzman* court explained, a failure to disclose the identity of a witness has been found harmless where the other party was otherwise on notice of the identity, location, and type of information possessed by a witness. *Id.* at 607 (citing *Van Maanen*, 852 F. Supp. 2d at 1237).

The other cases upon which GEO relies are similarly inapposite. *See Roberts v. Scott Fetzer Co.*, 2010 WL 3546499, at *2, *9 (M.D. Ga. Sept. 7, 2010) (defendant repeatedly refused to provide the names, addresses, and telephone numbers of material witnesses

---

deposition to produce his detention files. In addition to the manifest unfairness of the timing of these productions, there is no assurance that the documents GEO produced constitute the entirety of the evidence responsive to Plaintiffs' requests, rather than simply the documents GEO wished to use for its depositions. Plaintiffs intend to raise these issues with Magistrate Judge Kewalramani in accordance with Local Rule 37-1.

3

and instead waited until after discovery closed and plaintiffs moved for class certification to "blindsi[de]" them with those material witness' declarations); *Gonzalez v. State of Fla. Dep't of Mgmt. Servs.*, 124 F. Supp. 3d 1317 (S.D. Fla. 2015), *aff'd sub nom. Gonzalez v. Fla. Dep't of Mgmt. Servs.*, 683 Fed. App'x 738 (11th Cir. 2017) (striking declaration because plaintiff deliberately withheld the witness's identity from the outset of the case in a "tactical decision to ambush the defendant"); *Edwards v. Nat'l Vision, Inc.*, 946 F. Supp. 2d 1153, 1160 (N.D. Ala. 2013), *aff'd*, 568 Fed. App'x 854 (11th Cir. 2014) (striking a declaration where plaintiff, under oath, denied obtaining the declaration at all).

And in *Braggs v. Dunn*, 2017 WL 659169 (M.D. Ala. Feb. 17, 2017) (unpublished), a prison conditions lawsuit, the court held that plaintiffs' failure to disclose 244 witnesses until six days before the discovery deadline was harmless and denied the defendant's motion to strike. *Id.* at *4. The *Braggs* court explained that systemic litigation poses unique challenges to the discovery process:

> [T]his is not a typical case in which the focus of the litigation is a particular event and the parties know when the case begins who most of the potential witnesses are; here, given the wide scope of the case and the ongoing nature of the claims, it is unsurprising that plaintiffs learned the identities of many potential witnesses long after the start of the litigation and discovery.

*Id.* The same is true in this case, which challenges GEO's longstanding and ongoing conduct toward all detained immigrants in its care at Adelanto and, for the Nationwide HUSP Class, at eleven other civil immigration detention facilities. Even if Mr. Munoz and Mr. Marwaha had not been identified and timely disclosed (they were), *Braggs* would counsel against excluding their declarations. GEO has not offered any authority to the contrary.

**B.    Plaintiffs are not responsible for GEO's failure to depose Mr. Munoz.**

Plaintiffs have already discussed GEO's dilatory conduct with respect to the deposition of Mr. Munoz. *See* ECF 202 at 6-9 (explaining GEO's choice not to depose

Mr. Munoz on Oct. 24, 2019); ECF 202-1 at 107-116 (Plaintiffs' correspondence to GEO attempting to coordinate the deposition); *id.* at 119 (Oct. 22, 2019 correspondence from GEO contending that Mr. Munoz could not be deposed because, among other things, he "is not yet a named plaintiff"); ECF 201-1 (Oct. 23, 2019 Declaration of Damien DeLaney) at ¶ 11 (stating for the first time that "Mr. Aguilera [sic] may be deposed without being named as a plaintiff in this lawsuit . . ."). Plaintiffs will not repeat that discussion here.

Plaintiffs were, are, and remain ready and willing to set a reasonable schedule for Mr. Munoz's deposition. *See* Wright Decl. at Ex. 3 at 2 ("As we have stated several times, we remain willing and able to work with you to set a reasonable schedule for the deposition."); 3 ("As before, Plaintiffs stand ready to accommodate GEO's reasonable requests for an expedited deposition schedule. I can be reached at the number below if you would like to discuss Mr. Munoz's deposition further."). Plaintiffs should not be made to suffer for GEO's decisions to hide behind a phantom ICE policy and cancel Mr. Munoz's deposition. The Court should deny GEO's Motion with respect to Mr. Munoz.

## C.   Mr. Marwaha's declaration should not be excluded.

Plaintiffs do not dispute that Mr. Marwaha appears to be unavailable for a deposition because he was been deported. GEO's own records do not indicate his location or contact information, and GEO offers no information beyond his detainee file to help locate him. But Mr. Marwaha's declaration should not be excluded at the class certification stage simply because he is unavailable for a deposition. Courts in the Ninth Circuit have discretion to weigh evidence submitted in support of class certification, and may even consider evidence which may ultimately be inadmissible. *See Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004 (9th Cir. 2018), *cert. dismissed*, 139 S. Ct. 1651 (2019). At this stage, the Court should exercise its discretion to consider Mr. Marwaha's declaration and weigh the allegations contained therein as it finds most

1   appropriate. Accordingly, the Court should deny GEO's Motion with respect to Mr.

2   Marwaha.

3   **D.      GEO should not be rewarded for its failure to comply with the Local Rules.**

4          GEO acknowledges that an adequate meet-and-confer under Local Rule 7-3

5   "requires Parties to share their factual and legal basis for their positions so that the

6   motion, opposition, and reply that are filed contain no surprises." Mot. at 3 n.2 (citing

7   *Pedroza v. PetSmart, Inc.*, 2012 WL 9507910, at *1 (C.D. Cal. June 14, 2012) (unpublished)).

8   But, for the second time in as many weeks, GEO has done no such thing. *See* ECF 202

9   at 10.

10          Contrary to GEO's representations, GEO did <u>not</u> contact undersigned counsel

11  on October 9 or 11, 2019 to discuss this Motion in any respect. No conference regarding

12  this Motion occurred on <u>either</u> date. Rather, Plaintiffs contacted GEO on October 9 to

13  attempt to accommodate GEO's request for an expedited deposition schedule. *See* ECF

14  202-1 at 113-14. When GEO did not respond, Plaintiffs contacted GEO on October 11

15  in another attempt to coordinate the deposition schedule. Finally, after Plaintiffs' second

16  message, GEO responded: "As Mr. Marwaha is unavailable for a deposition, and

17  therefore cannot be cross-examined regarding the contents of his declaration, will you

18  be withdrawing his declaration?" *Id.* at 112-13. There was no conference of counsel, and

19  no discussion of the present Motion.

20          On November 4, GEO notified Plaintiffs that it would move to strike the

21  declarations of Mr. Munoz and Mr. Marwaha. When asked whether GEO intended to

22  comply with Local Rule 7-3, GEO took the position that "Rule 7-3 does not require

23  additional conferral." Wright Decl. at Ex. 3 at 1. GEO filed the pending Motion to

24  Exclude less than two hours later. There was never a discussion, let alone a thorough

25  one, of "the substance of the contemplated motion and any potential resolution . . . at

26  least seven (7) days prior to the filing of the motion." L.R. 7-3. As a result, Plaintiffs first

27

28

PLAINTIFFS' RESPONSE IN OPPOSITION TO                                    5:17-CV-02514-JGB
GEO'S MOTION TO EXCLUDE DECLARATIONS OF
MUNOZ-AGUILERA AND MARWAHA

learned of GEO's "concerns" regarding their initial disclosures upon reading GEO's Motion.

Finally, although GEO purports to base its Motion on Federal Rules of Civil Procedure 26 and 37, it made no attempt to comply with the requirements of Local Rule 37-1 *et seq.*, which apply to "any motion relating to discovery pursuant to F.R.Civ.P. 26-37." Local Rule 37-1 (providing that "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions"). *See also* Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.").

Plaintiffs recite these rules and highlight their rights to seek fees to underscore their frustration with GEO's tactics. At this time, Plaintiffs do not seek fees for GEO's failure to adhere to the rules, or for the time Plaintiffs have spent responding to GEO's many misrepresentations of fact. Plaintiffs hope, earnestly, that GEO will cease its noncompliance so this case may proceed in an orderly fashion to its just resolution. But if GEO persists with offering false statements and/or subverting the rules, Plaintiffs will have no choice but to seek fees.

## CONCLUSION

GEO's Motion to Exclude the Declarations of Munoz-Aguilera and Marwaha, ECF 211, should be denied.


Dated: November 8, 2019               */s/ Lydia Wright*
                                      _____
                                      Korey A. Nelson (admitted *pro hac vice*)
                                      knelson@burnscharest.com
                                      LA Bar # 30002
                                      Lydia A. Wright (admitted *pro hac vice*)
                                      lwright@burnscharest.com
                                      LA Bar # 37926
                                      C. Jacob Gower (admitted *pro hac vice*)

7

jgower@burnscharest.com
LA Bar # 34564
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

*Attorneys for Plaintiffs.*

PLAINTIFFS' RESPONSE IN OPPOSITION TO
GEO'S MOTION TO EXCLUDE DECLARATIONS OF
MUNOZ-AGUILERA AND MARWAHA

5:17-CV-02514-JGB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I, Lydia A. Wright, electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).


Dated: November 8, 2019                    /s/ Lydia Wright_____
                                           Lydia A. Wright (admitted *pro hac vice*)
                                           lwright@burnscharest.com
                                           LA Bar # 37926
                                           **BURNS CHAREST LLP**
                                           365 Canal Street, Suite 1170
                                           New Orleans, LA 70130
                                           Telephone: (504) 799-2845
                                           Facsimile: (504) 881-1765

PLAINTIFFS' RESPONSE IN OPPOSITION TO                    5:17-CV-02514-JGB
GEO'S MOTION TO EXCLUDE DECLARATIONS OF
MUNOZ-AGUILERA AND MARWAHA