# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>Defendant. | Case No.: 17-CV-1112 JLS (NLS)<br><br>**ORDER (1) ORDERING ADDITIONAL BRIEFING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, AND (2) CONTINUING HEARING**<br><br>(ECF Nos. 84, 97, 117, 128) |
| CORECIVIC, INC., a Maryland corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Counter-Defendants. | |

Presently before the Court are Plaintiffs and Counter-Defendants Sylvester Owino and Jonathan Gomez's Motion for Class Certification (ECF No. 84), Motion for Partial Summary Judgment (ECF No. 97), and Motion to Exclude Evidence from Class

1  Certification Decision (ECF No. 128), as well as Defendant and Cross-Claimant
2  CoreCivic, Inc.'s Motion for Judgment on the Pleadings (ECF No. 117) (together, the
3  "Motions"), all of which are set for oral argument on November 14, 2019. *See* ECF No.
4  142. Because the Court concludes that additional briefing is necessary on Plaintiffs'
5  Motion for Class Certification, the Court **ORDERS** additional briefing and **CONTINUES**
6  the hearing on the Motions as detailed below.

7  Although Defendant raises many challenges to Plaintiffs' Motion for Class
8  Certification, the Court's subject-matter jurisdiction and Plaintiffs' standing is not among
9  them. *See generally* ECF No. 118. But "federal courts are required sua sponte to examine
10 jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260,
11 1264 (9th Cir. 1999) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541
12 (1986)). In the context of a putative class action, the plaintiff bears the burden of showing
13 that at least one named plaintiff meets the requirements for Article III standing as to each
14 form of relief sought. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir.
15 2011) (citing *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)).

16 Here, Plaintiffs seek declaratory relief as to their causes of action for violation of the
17 TVPA and the California TVPA. *See* FAC ¶¶ 35(g), 39(c), 46, 58; *see also id.* Prayer ¶ b.
18 They also seek injunctive relief as to their causes of action for violation of the TVPA, the
19 California TVPA, and California's Unfair Competition Law ("UCL"). *See* FAC ¶¶ 35(e)
20 & (g), 39(c), 47–48, 59–60, 69; *see also id.* Prayer ¶ c. To establish standing, however, the
21 plaintiff must be able to show "a significant likelihood that she will be wronged against in
22 a similar way." *Ellis*, 657 F.3d at 978 (citing *Bates*, 511 F.3d at 985).

23 Here, it is undisputed that Mr. Owino's detention ended on March 9, 2015, *see* ECF
24 No. 84-3 ¶ 2, and that Mr. Gomez's detention ended on September 18, 2013, *see* ECF No.
25 84-4 ¶ 2, well before their initial complaint was filed on May 31, 2017, *see generally* ECF
26 No. 1, and the operative First Amended Complaint was filed on October 12, 2018. *See*
27 *generally* ECF No. 67. It would therefore appear that neither Mr. Owino nor Mr. Gomez
28 can establish standing to seek injunctive and declaratory relief. *See, e.g., Slayman v. FedEx*

*Ground Package Sys., Inc.*, 765 F.3d 1033, 1047–48 (9th Cir. 2014) (reversing certification of class claims for prospective relief where named plaintiffs were no longer employed by defendant at time class was certified and therefore lacked standing) (citing *Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975) (per curiam), *Kuahulu v. Emp'rs Ins. of Wausau*, 557 F.2d 1334, 1336–37 (9th Cir. 1977)); *see also B.C.*, 192 F.3d at 1264 (affirming district court's dismissal of class claims for injunctive relief where named plaintiff was no longer a student of the defendant school district and therefore lacked standing to seek injunctive relief); *Balasanyan v. Nordstrom, Inc.*, 294 F.R.D. 550, 562 (S.D. Cal. 2013) (concluding that named plaintiffs who were former employees of the defendant could "[]not establish a sufficient likelihood that they w[ould] again be wronged by [the defendant employer]'s allegedly improper conduct," meaning that the plaintiffs "ha[d] no standing to pursue injunctive relief and, therefore, their claims are not typical of the proposed class.").

Accordingly, the Court **ORDERS** the Parties to submit additional briefing on the following issues: (1) Mr. Owino's and Mr. Gomez's standing to pursue each form of relief sought in their First Amended Complaint; (2) the implications of their standing (or lack thereof) on their pending Motion for Class Certification; and (3) the redressability of their standing (or lack thereof) by amendment. Plaintiffs **SHALL FILE** a brief, not to exceed ten (10) pages, addressing these specific issues within seven (7) days of the electronic docketing of this Order, and Defendant **SHALL FILE** a response, not to exceed ten (10) pages, within seven (7) days of the filing of Plaintiffs' brief. To accommodate the additional briefing, the Court **CONTINUES** the hearing on the Motions (ECF Nos. 84, 97, 117, 128) from November 14, 2019, to December 19, 2019, at 2:30 p.m., in Courtroom 4D.

**IT IS SO ORDERED.**

Dated: November 7, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge