AKERMAN LLP
DAMIEN P. DELANEY (SBN 246476)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: damien.delaney@akerman.com

COLIN L. BARNACLE (admitted *pro hac vice*)
ASHLEY E. CALHOUN (SBN 270530)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com
       ashley.calhoun@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant.| Case No. 5:17-cv-02514-JGB-SHK<br><br>Assigned to Hon. Jesus G. Bernal<br><br>**DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE DECLARATIONS OF MUNOZ-AGUILERA AND MARWAHA** |
| THE GEO GROUP, INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Counter-Defendant. | Hearing Date: December 2, 2019<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom 1<br><br>TAC Filed: September 16, 2019<br>SAC Filed: December 24, 2018<br>FAC Filed: July 6, 2018<br>Complaint Filed: December 19, 2017<br>Trial Date: June 23, 2020 |

50746348;2

CASE NO. 5:17-CV-02514-JGB-SHK

**DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE DECLARATIONS OF MUNOZ-AGUILERA AND MARWAHA**

## I. INTRODUCTION

While Plaintiffs use their Response to attack GEO and attach extraneous emails[1], they do not dispute the two critical facts at issue: (1) Plaintiffs did not disclose Fernando Munoz-Aguilera[2] and Gagandeep Marwaha prior to September 27, 2019; and (2) Plaintiffs did not, and could not, coordinate the depositions of Munoz-Aguilera and Marwaha prior to GEO's deadline to file its Opposition to Conditional Certification. *See Plaintiffs' Response in Opposition* ECF 213 at 2 ("There is no question that GEO knew of Mr. Munoz and Mr. Marwaha on September 27, 2019 . . ."). Likewise, Plaintiffs have not provided *any* legal authority that would support their position. Rule 26 does not permit a party to disclose a new witness simultaneously with the filing of a motion or brief, but rather requires a party to disclose the new witness "without awaiting a discovery request." Fed.R.Civ.P. 26(a). When a party fails to do so, Rule 37 makes clear that the withholding party should not be able to rely upon the undisclosed information at a hearing or on a motion. Fed.R.Civ.P. 37(c)(1).[3]

---

[1] While bemoaning GEO's "material misrepresentations of fact" and offering of "false statements", Plaintiffs remarkably present only a portion of the parties' correspondence regarding this issue. GEO will provide the omitted emails at this Court's request, but will not unnecessarily inundate the Court with the parties' voluminous correspondence over the past month—without reason. As Plaintiffs' own motion shows, the parties have reached an impasse with respect to the present issue which satisfies the requirements under Local Rule 7-3 that before a motion is filed, the parties ensure they are "unable to reach a resolution which eliminates the necessity for a hearing." It is unreasonable for Plaintiffs to hide behind Rule 7-3 while also declining to offer a compromise that *could* have been reached through further conferral.

[2] Presuming that the Plaintiffs and GEO have identified the same detainee as the individual who may have facts related to this case, GEO's files indicate that his name is Munoz-Aguilera. *See* Exhibit A. Plaintiffs have been provided these documents in discovery.

[3] Plaintiffs' Response indicates that this Motion should be subject to Local Rule 37-1, which governs discovery disputes (and therefore ruled upon by the Magistrate Judge). As GEO asks *this* Court to exclude evidence from *its* consideration of a

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF ITS MOTION TO
EXCLUDE DECLARATIONS OF MUNOZ-AGUILERA AND MARWAHA

Accordingly, because Plaintiffs admit that the declarants were not timely disclosed before they filed their Motion for Class Certification, and because GEO was unable to depose the declarants before filing its opposition to class certification, GEO respectfully requests that this Court exclude the declarations of Munoz-Aguilera (ECF 192-8) and Marwaha (ECF 192-7) and decline to consider the contents of the same for purposes of class certification.

## II.   PLAINTIFFS HAVE NOT ESTABLISHED THE NON-DISCLOSURE WAS HARMLESS OR JUSTIFIED.

Rule 37's exclusionary sanction may be avoided and "information may be introduced if the [non-disclosing] parties' failure to disclose the required information [wa]s substantially justified or harmless." *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 606 (S.D. Cal. 2015) (alterations in original). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). Here, Plaintiffs have not met their burden to establish that their non-disclosure was either substantially justified or harmless.

It is undisputed that Plaintiffs failed to disclose Munoz-Aguilera and Marwaha prior to filing their Motion for Class Certification. Plaintiffs obtained both declarations on July 26, 2019, and first "disclosed" both declarants with the filing of the Motion for Class Certification on September 27, 2019, a delay of, at a minimum, two months. Plaintiffs have offered no justification for this unnecessary delay. Plaintiffs do not (and cannot) claim that they learned of Munoz-Aguilera and Marwaha shortly before they filed their Motion for Class Certification. Nor do they argue any other mitigating factor. Instead, conspicuously absent from their Response is any mention of *when* they

---

substantive motion (Plaintiffs' Motion for Class Certification), Rule 37-1 does not apply. *See e.g., Jang v. Bos. Sci. Corp.*, No. EDCV05426VAPMRWX, 2014 WL 12787223, at *1 (C.D. Cal. Mar. 27, 2014) (The Honorable Chief District Court Judge Phillips deciding a motion to exclude based upon failure to make Rule 26 disclosures).

identified Munoz-Aguilera and Marwaha and *why* they did not disclose their identities before filing their Motion for Class Certification.

Plaintiffs try to minimize their failure to timely disclose Munoz-Aguilera and Marwaha, by explaining that GEO knew of their identities on September 27, 2019, (the date Plaintiffs filed their Motion for Class Certification) and therefore had 30 days to depose both individuals. This misses the point. Plaintiffs knew of Munoz-Aguilera and Marwaha *at least two months* prior to filing their declarations in this Court. Plaintiffs *did not disclose* either individual *prior* to filing their Motion for Class Certification. GEO was prejudiced because it was unable to depose or otherwise conduct discovery on either individual prior to its response deadline. While Plaintiffs state that GEO had 30 days to conduct discovery, neither party was available for a deposition prior to GEO's opposition deadline and interrogatories, requests for production, and requests for admission could not have been completed on such a short timeline. The timeline for discovery was further truncated by Plaintiffs' counsels' schedules, wherein all ten attorneys entered on behalf of Plaintiffs were unavailable to defend depositions the week of October 12, 2019—compressing the discovery timeline to an eight day window (including weekends) prior to GEO's opposition deadline. As a result, by the time GEO learned that Munoz-Aguilera's deposition would not go forward, it could not be moved to a different date before the deadline for GEO to file its opposition. And, Plaintiffs opposed GEO's reasonable request for an extension of time.

This delay also prejudiced GEO's ability to obtain Marwaha's deposition. Had he been timely disclosed, GEO could have deposed him prior to his departure from Adelanto in mid-August. And, with the benefit of additional time, Plaintiffs' counsel would have been able to identify his whereabouts. Unfortunately, Plaintiffs objected to extending the deadline for GEO's opposition to the Motion for Class Certification to accommodate their own delay in communication with Marwaha and without explanation, and only after GEO's opposition was filed, suddenly has been able to

reconnect with him. Indeed, as of November 11, 2019, Plaintiffs' counsel now claims to be in touch with Marwaha and able to make him available for a deposition. Thus, GEO was prejudiced by Plaintiffs failure to disclose the witnesses.

Not only do Plaintiffs fail to present a factual basis for this Court to conclude their actions were substantially justified or harmless, they also do not provide legal support for their position that GEO was not prejudiced by the untimely disclosures. For example, in *Orellana v. Cty. of Los Angeles*, No. CV1201944MMMCWX, 2013 WL 12129290, at *6 (C.D. Cal. June 26, 2013), cited by Plaintiffs, the court found that the failure to disclose two witnesses prior to trial was *not substantially justified*. The court also held that the objecting party *was prejudiced* by the failure of the non-disclosing party to disclose two of the three witnesses at issue. *Id.* As a result, the court excluded those two witnesses at trial. *Id.* at *9. In reaching its conclusion, the court explained that the objecting party had been prejudiced by its inability to conduct discovery regarding the two excluded witnesses. *Id.* In concluding that the third witness' untimely disclosure was not prejudicial, the court explained that the non-objecting party had the opportunity to seek discovery from the third witness, and did, in fact, conduct discovery into his relevant communications. *Id.* at *8. Like in *Orellana*, Plaintiffs failure to timely disclose Marwaha and Munoz-Aguilera prevented GEO from conducing discovery prior to its opposition deadline.

Plaintiff's position is also unlike *Van Maanen*, where the late disclosure of the individuals provided the parties with "ample time…to issue further written discovery or notice Dr. Bloomers deposition." *Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1237 (E.D. Cal. 2012), *aff'd sub nom. Van Maanen v. Univ. of the Nations, Inc.*, 542 F. App'x 581 (9th Cir. 2013). Correspondingly, *Frontline* does not advance Plaintiffs position. *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009). In *Frontline*, the non-disclosing party was ordered by the court (in response to a motion for Rule 37 sanctions) to supplement its

50746348;2 4 CASE NO. 5:17-CV-02514-JGB-SHK

**DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE DECLARATIONS OF MUNOZ-AGUILERA AND MARWAHA**

disclosures regarding its damages calculations five months before plaintiffs intended to rely upon the inadequately disclosed information. *Id.* Here, there is no such mitigating factor. Plaintiffs' untimely disclosure (and failure to agree to any remedial steps—such as GEO's reasonable request for a one-week extension to be able to depose Munoz-Aguilera) prejudiced GEO.

Contrary to Plaintiffs' inaccurate representations, the cases cited by GEO in its initial Motion provide clear guidance for the present situation. In *Guzman v. Bridgepoint Educ., Inc.,* the court excluded a witness's declaration where the plaintiff could not establish that the untimely disclosure was substantially justified or harmless. 305 F.R.D. 594, 608 (S.D. Cal. 2015) ("[B]ecause Plaintiff's non-disclosure violates Rule 26 and is not substantially justified or harmless, exclusion of Mr. Ferguson's declaration is appropriate."). And, contrary to Plaintiffs' blatant misrepresentation that "*Braggs* would counsel against excluding [Marwaha and Munoz-Aguilera's] declarations," (ECF 213, at 4) *Braggs* states the exact opposite. The *Braggs* court concluded that "plaintiffs have not marshaled sufficient facts and law to convince the court that they were substantially justified." *Braggs v. Dunn*, No. 2:14CV601-MHT, 2017 WL 659169, at *7 (M.D. Ala. Feb. 17, 2017). Thereafter, the Court found that the nondisclosure was harmless *only because* "the court did not rely upon the challenged declarations at all in resolving the plaintiffs' motion for class certification." *Id.* Accordingly, *Braggs* actually stands for the exact result GEO seeks here—exclusion of the declarations for purposes of Plaintiffs' Motion for Class Certification.

*Roberts* is also instructive. *Roberts v. Scott Fetzer Co.*, No. 4:07-CV-80 CDL, 2010 WL 3546499 (M.D. Ga. Sept. 7, 2010). There the non-disclosing party failed to identify declarants prior to relying upon their declarations in its opposition to class certification—despite having the information available prior to filing its motion. *Id.* at *7 Like here, the non-disclosing party did not allege it "did not know of the [declarants] identities prior to the filing of Plaintiff's motion for class certification." *Id.* As a result,

50746348;2                                    5                     CASE NO. 5:17-CV-02514-JGB-SHK

**DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE DECLARATIONS OF MUNOZ-AGUILERA AND MARWAHA**

the plaintiffs in *Roberts* were "blindsided" by the declarations. *Id.* at *9. Accordingly, the Court excluded the declarations from its consideration of the class certification motion.

As in *Roberts* and *Braggs*, here, Plaintiffs failed to disclose information that was relevant to their Motion for Class Certification until filing it with the Court. Plaintiffs admit this much. Plaintiffs claim they are absolved of any consequences for their untimely disclosure because ten days *after* they filed the declarations, they supplemented their initial disclosures to include the declarants. However, this explanation does not establish that Plaintiffs timely disclosed the declarants. It does not indicate *when* the declarants were discovered and does not excuse the two-month period of non-disclosure preceding their Motion for Class Certification.

And, despite updating their disclosures on October 8, 2019, Plaintiffs **once again** did not disclose all evidence they intended to rely upon for class certification. In their Reply, Plaintiffs again, relied upon information from two individuals who were never previously disclosed: Shannon Ely and Selene Saavedra-Roman.[4] ECF 210-2; 210-3. Ms. Ely's declaration and Ms. Saavedra-Roman's statement are both dated well before GEO's opposition was due. This pattern of not disclosing evidence that purportedly supports class certification is the definition of "blindsiding" GEO. Thus, both to ensure GEO is not prejudiced by the non-disclosure and to discourage future non-compliance with Rule 26's disclosure obligations, the untimely disclosed declarations of Marwaha and Munoz-Aguilera should be excluded from this Court's consideration of conditional certification.

### III. PLAINTIFFS' COUNSEL REPRESENTS MUNOZ-AGUILERA AND DID NOT MAKE HIM AVAILABLE FOR A DEPOSITION PRIOR TO DEFENDANT'S OPPOSITION DEADLINE.

On October 9, 2019, Plaintiffs' counsel stated that they believed Munoz-Aguilera would be available for a deposition on October 24, 2019, noting that they would

---

[4] GEO intends to move to exclude this evidence in a separate motion.

confirm the same "by early next week." In making this representation, it appears that Plaintiffs, knowing that Munoz-Aguilera was in ICE custody, never confirmed with ICE that he would be available or what the procedure(s)[5] for making him available were. Nevertheless, GEO attempted to obtain ICE approval[6] to ensure the deposition moved forward. GEO reached a stumbling block when, because Mr. Munoz-Aguilera's counsel was not making the request themselves, ICE expressed concern about Munoz-Aguilera's counsel having equal access during the deposition. Accordingly, on October 22, 2019, GEO asked Plaintiffs' counsel if they in fact represented Munoz-Aguilera. It was not until November 4, 2019, that Plaintiffs' counsel stated that they will represent Munoz-Aguilera for purposes of his deposition. At that point, GEO was unable to obtain Munoz-Aguilera's deposition before its opposition was due. Moreover, to date, Plaintiffs' counsel has not cleared a date with ICE for Mr. Munoz-Aguilera's deposition.

/ / /

/ / /

/ / /

/ / /

---

[5]  Federal Rule of Civil Procedure 30(a)(2)(B) provides that leave of court must be sought to depose individuals who are in prison. However, the detainees are not in prison and the rule does not provide any guidance about individuals who are in ICE custody.

[6]  Plaintiffs describe this approval process as a "phantom ICE Policy." It is not clear to GEO why Plaintiffs' counsel believes that GEO can simply depose Mr. Munoz-Aguilera on any date it pleases, without the approval of ICE. There is no question that Munoz-Aguilera is in ICE custody. ICE has strict requirements for visits to any detention facility, as can be found at the following website: https://www.ice.gov/detention-management. Plaintiffs have not indicated the method through which they claim ICE approval should be obtained, nor have they indicated what policies they apply (despite criticizing those uncovered by GEO). Certainly, if they have the confidence in the policies that they have uncovered as to imply in a filing subject to Rule 11 that GEO is fabricating the same (which it is not), they should share those procedures with GEO and the Court.

## IV. CONCLUSION

For the foregoing reasons, GEO respectfully requests that this Court exclude the declarations submitted by Munoz-Aguilera and Marwaha from its consideration of Plaintiffs' Motion for Class Certification, and any other relief that this Court deems just and proper.

Dated: November 12, 2019

**AKERMAN LLP**

By: */s/ Damien P. DeLaney*
Damien P. DeLaney
Ashley E. Calhoun
Attorney for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50746348;2    8    CASE NO. 5:17-CV-02514-JGB-SHK

**DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE DECLARATIONS OF MUNOZ-AGUILERA AND MARWAHA**