Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Counsel for Plaintiffs
***Additional Counsel on Signature Page***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx |

## EXHIBIT A TO PLAINTIFFS' SUBPOENA TO AND NOTICE OF 30(B)(6) DEPOSITION TO DEPARTMENT OF HOMELAND SECURITY, OFFICE OF INSPECTOR GENERAL

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiffs Raul Novoa, Jaime Campos Fuentes, Abdiaziz Karim, and Ramon Mancia hereby request that the Department of Homeland Security Office of Inspector General

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO AND NOTICE OF 30(B)(6) DEPOSITION TO DEPARTMENT OF HOMELAND SECURITY OFFICE OF INSPECTOR GENERAL

1

5:17-cv-02514-JGB-SHK

("OIG") designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify as to the matters listed below as known or reasonably available to the organization.

| | |
|---|---|
| **Date and time**: | December 17, 2019 at 9:00 a.m. EST |
| **Place:** | Hausfeld LLP |
| | 1700 K St NW #650 |
| | Washington, DC 20006 |
| **Method of Recording**: | Stenograph and Videotape |

OIG has a duty to designate one or more officers, directors, managing agents, or other persons with sufficient knowledge to testify on its behalf on all information known or reasonably available to each on the topics set forth below. The deposition(s) will be taken for the purpose of discovery, to perpetuate the testimony of the witness(es) for use at trial, and for all other purposes permitted under the Federal Rules of Civil Procedure. The deposition(s) will be taken before a notary public or other officer authorized by law to administer oaths for use in this litigation as set forth above. The deposition(s) will continue from day to day until completed.

### Definitions

1. The term "OIG" shall mean the Department of Homeland Security Office of Inspector General and includes, but is not limited to, any predecessor or successor agencies, and any divisions, departments, affiliates, agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

2. The term "DHS" is defined as the U.S. Department of Homeland Security and includes, but is not limited to, any predecessor or successor agencies, and any divisions, departments, affiliates, agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO
AND NOTICE OF 30(B)(6) DEPOSITION TO
DEPARTMENT OF HOMELAND SECURITY
OFFICE OF INSPECTOR GENERAL

2

5:17-cv-02514-JGB-SHK

3. The term "ICE" is defined as the United States Immigration and Customs Enforcement and includes, but is not limited to, any predecessor or successor agencies, and any divisions, departments, affiliates, agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

4. The term "GEO" is defined as the Defendant The GEO Group, Inc., and any affiliated corporate entity or subsidiary (including any taxable REIT subsidiary) through which The GEO Group, Inc. conducts business or receives revenue, as well any officer, agent, employee, executive, or representative of GEO as defined herein.

5. The term "Work Program" is defined as any program GEO operates involving labor performed by detainees for remuneration of any kind that includes tasks outside those described in Section 5.8.V.C of the 2011 ICE Performance-Based National Detention Standards ("PBNDS") (rev. 2016).

6. The term "Adelanto Facility" is defined as the Adelanto ICE Processing Center, located in Adelanto, California, and operated by GEO pursuant to a federal contract with ICE.

7. The term "PBNDS" is defined as any version of ICE's 2011 Performance Based National Detention Standards.

8. The terms "Housing Unit Sanitation Policy, " "HUSP," "HUSPs," and "Sanitation Procedures/Housekeeping Plan" are defined as any program, policy, plan, or procedure GEO operates at any of its civil immigration detention centers nationwide involving labor performed by detainees for no remuneration that includes sanitation and cleaning tasks in the detainees' housing units, dormitories, pods, or living areas.

9. The term "detainee" is defined as any person detained in an immigration detention facility operated by GEO.

10. The term "person" is defined as any natural person or business, legal, or governmental entity or association.

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO
AND NOTICE OF 30(B)(6) DEPOSITION TO
DEPARTMENT OF HOMELAND SECURITY
OFFICE OF INSPECTOR GENERAL

3

5:17-cv-02514-JGB-SHK

11. The terms "Plaintiffs," "Plaintiff," and "Defendant," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

12. The term "compensation" means all monies and benefits, including: salaries, hourly wages, overtime wages, commissions, raises, and bonuses; or any other benefits given in return for work, tasks and/or duties.

13. The term "hours" includes full hours and partial hour(s).

14. The terms "policy" or "policies" mean each rule, procedure, or directive, formal or informal, written or unwritten, and each common understanding or course of conduct that was recognized as such by Defendant or persons acting or purporting to act on Defendant's behalf, that has been in effect at any time during the period covered by these demands. These terms include any change of policy.

15. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

16. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

17. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

18. The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

19. The terms "you" or "your" means GEO including, without limitation, any agents and representatives, each person acting or purporting to act on its behalf, each of

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO
AND NOTICE OF 30(B)(6) DEPOSITION TO
DEPARTMENT OF HOMELAND SECURITY
OFFICE OF INSPECTOR GENERAL

4

5:17-cv-02514-JGB-SHK

its predecessors, subsidiaries, and affiliates, and each of its present or former officers, employees, agents, representatives, and attorneys.

20. The terms "concerning" "regarding" and "relating to" mean relating to, supporting, contradicting, summarizing memorializing, describing, evidencing, constituting, containing, studying, identifying, analyzing, considering, regarding, explaining, mentioning, showing, discussing, comprising or commenting on.

21. Each of the terms "all," "any," "each," and "every" shall be construed as meaning all, any, each and every.

22. The terms "and" and "or" shall be construed both disjunctively and conjunctively.

23. The term "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of translations, notations, or markings) or any and all other written, printed, typed, punched, taped, filmed, or graphic matter or recorded or tangible thing, or whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof. The term document shall specifically include all recorded or retrievable electronic data or communications such as electronic mail (e-mail) and the like and all translations thereof. Any document with any marks of any sheet or side thereof, including but limited to initials, routing instructions, metadata, date stamps, and/or any comment, marking or notation of any kind or character which is not a part of the original and/or any reproduction thereof, is to be considered a separate document.

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO AND NOTICE OF 30(B)(6) DEPOSITION TO DEPARTMENT OF HOMELAND SECURITY OFFICE OF INSPECTOR GENERAL

5

5:17-cv-02514-JGB-SHK

24. "Communication" shall refer to any form of communication, including any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

25. The present tense includes the past and future tenses.

## Relevant Time Period

Unless otherwise stated, examination on the matters below is requested regarding the period from May 1, 2011, through the date of the deposition.

## Matters Upon Which Examination is Requested

The deponent(s) shall be prepared to testify as to the following matters and all efforts taken to discover these matters as known by or reasonably available to OIG:

1. OIG's oversight authority over private immigration detention facilities in the United States, including the Adelanto Facility, and the process by which OIG exercises that authority.

2. The methodology, purpose, and findings of all OIG reports, analyses, assessments, or investigations of the Adelanto Facility, including but not limited to the following:

    a. The report issued on September 27, 2018 by OIG entitled "Management Alert—Issues Requiring Action at the Adelanto ICE Processing Center in Adelanto, California" ("OIG-18-86"); and

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO AND NOTICE OF 30(B)(6) DEPOSITION TO DEPARTMENT OF HOMELAND SECURITY OFFICE OF INSPECTOR GENERAL

6

5:17-cv-02514-JGB-SHK

    b. The report issued on June 3, 2019 by OIG entitled "Concerns about ICE Detainee Treatment and Care at Four Detention Facilities" ("OIG-19-47").

3. The methodology, purpose, and findings of all OIG reports, analyses, assessments, or investigations of ICE's inspections, monitoring, and/or contract compliance tools related to civil immigration detention facilities in the United States, including but not limited to the following:

    a. The report issued on June 26, 2018 by OIG entitled "ICE's Inspections and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or Systemic Improvements" ("OIG-18-67"); and

    b. The report issued on January 29, 2019 by OIG entitled "ICE Does Not Fully Use Contracting Tools to Hold Detention Facility Contractors Accountable for Failing to Meet Performance Standards" ("OIG-19-18").

4. The methodology, purpose, and findings of the report issued on March 6, 2017 by OIG entitled "Management Alert on Issues Requiring Immediate Action at the Theo Lacy Facility in Orange, California" ("OIG-17-43-MA").

5. Recommendations OIG has offered to GEO during the Relevant Time Period related to the Adelanto Facility, the reasons for OIG's recommendations, and GEO's response to OIG's recommendations.

6. Conditions of confinement at the Adelanto Facility during the Relevant Time Period, including but not limited to the following:

    a. Environmental health and safety: e.g., cleanliness, sanitation, security, admission into facilities, classification, detainee searches, segregation (Special Management Units), and disciplinary system;

    b. Detainee care: e.g., food service, medical care, and personal hygiene;

    c. Activities: e.g., religious practices, telephone access, and visitation;

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO AND NOTICE OF 30(B)(6) DEPOSITION TO DEPARTMENT OF HOMELAND SECURITY OFFICE OF INSPECTOR GENERAL

7

5:17-cv-02514-JGB-SHK

    d. Operation of a commissary;

    e. Voluntary Work Program; and

    f. Grievance system.

 7. The scope and purpose of the PBNDS generally.

 8. The scope, purpose, and meaning of PBNDS § 5.8 and all subsections therein.

 9. GEO's compliance or noncompliance with the PBNDS at the Adelanto Facility during the Relevant Time Period, including but not limited to GEO's compliance or noncompliance with PBNDS § 5.8.

 10. The relationship between GEO's Housing Unit Sanitation Policies and PBNDS § 5.8.V.C.

 11. Communications between OIG and third parties, including but not limited to ICE, GEO, and/or the City of Adelanto, related to the Adelanto Facility during the Relevant Time Period.

 12. Any and all documents, emails, files, correspondence, communications, memoranda, reports, video recordings, audio recordings, or other materials produced in response to document requests in this litigation.

## *Touhy* Statement

Plaintiffs provide the following statement under 6 C.F.R. § 5.45 describing the nature and relevance of the information sought in the Rule 30(b)(6) deposition of the Department of Homeland Security Office of Inspector General in the above-captioned case.[1]

**Introduction**

In May 2011, the City of Adelanto, California and the U.S. Immigration and Customs Enforcement entered into an Intergovernmental Services Agreement for the

---

[1] By providing this Statement, Plaintiffs do not concede that 6 C.F.R. § 5.41, *et. seq,* regulates the terms of this subpoena.

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO AND NOTICE OF 30(B)(6) DEPOSITION TO DEPARTMENT OF HOMELAND SECURITY OFFICE OF INSPECTOR GENERAL

8

5:17-cv-02514-JGB-SHK

detention of civil immigration detainees at the Adelanto ICE Processing Center (the "Adelanto Facility"). Defendant The GEO Group, Inc. ("GEO"), assumed control of the Facility under a Services Contract with the City of Adelanto. In the Services Contract, GEO agreed to maintain a Detainee Work Program in which detainee labor should be used in accordance with the detainee work plan developed by the Service Provider and adhere to ICE 2011 Performance-Based National Detention Standards ("PBNDS") on Detainee Voluntary Work Program. The Voluntary Work Program allows detainees to the chance to earn money while in detention for performing certain jobs for the facility like being a barber or working in the kitchen. GEO pays detainees working in the Voluntary Work Program $1 per day, regardless of the amount the detainees work.

Plaintiffs are, or have been, civil immigration detainees in the Adelanto Detention Center. GEO paid detainees $1 each day they participated in the Work Program—or nothing at all—regardless of the amount of hours they worked.

In addition, GEO maintains a uniform policy known as the Housing Unit Sanitation Policy ("HUSP") at twelve of its civil immigration detention centers nationwide, including the Adelanto Facility. GEO's HUSPs involve labor performed by detainees for no remuneration that includes sanitation and cleaning tasks in the common areas of detainees' housing units, dormitories, pods, or living areas.

Plaintiffs filed suit against GEO alleging claims under California wage law, California common law, and California and Federal Trafficking Victims Protections Acts. Broadly speaking these claims fall into two categories: wage claims and forced labor claims.

Plaintiffs' wage claims allege that GEO did not pay them the required minimum wage under California law for their labor. Plaintiffs' forced labor claims allege that GEO maintains a corporate policy and uniform practice at the Adelanto Facility of withholding necessary care from its detainees to ensure a ready supply of available labor needed to operate the Facility. As a result, detainees are forced to submit to GEO's $1 per day

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO
AND NOTICE OF 30(B)(6) DEPOSITION TO
DEPARTMENT OF HOMELAND SECURITY
OFFICE OF INSPECTOR GENERAL          5:17-cv-02514-JGB-SHK

9

scheme in order to buy the basic necessities—including food, water, and hygiene products—that GEO refuses to provide for them. Plaintiffs also allege that GEO requires each and every detainee to submit to GEO's HUSPs, and therefore provide free, mandatory labor in common areas of their housing units. GEO threatens detainees who refuse to work with serious harm or abuse of legal process, including disciplinary segregation or solitary confinement and reporting their actions to ICE. These abusive practices and threats of abuse ensure that detainees will continue working for free or for subminimum wages.

**Requested Information**

Plaintiffs request testimony from the OIG that will assist Plaintiffs in proving their claims. Among other things, the information will allow Plaintiffs to demonstrate the following:

1. That the conditions of detention at the Adelanto Facility effectively force or coerce detainees to participate in the Voluntary Work Program to purchase basic necessities.
2. That GEO's HUSPs violate PBNDS § 5.8.
3. The GEO generally fails to adhere to the standards of the PBNDS.
4. That GEO misused disciplinary measures to punish detainees who refused supply their un- or under-paid labor.
5. The extent of the federal government's authority to oversee and direct GEO's operation of the Adelanto Facility.
6. Whether ICE exercised its ability to oversee and direct GEO's operation of the Adelanto Facility and the effectiveness of such oversight.
7. Whether GEO was permitted to exercise its discretion in developing and implementing the Voluntary Work Program at the Adelanto Facility and the HUSPs at its civil immigration detention centers nationwide.

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO AND NOTICE OF 30(B)(6) DEPOSITION TO DEPARTMENT OF HOMELAND SECURITY OFFICE OF INSPECTOR GENERAL

10

5:17-cv-02514-JGB-SHK

| | |
|---|---|
| Dated: November 13, 2019 | Respectfully Submitted, |
| | */s/ Lydia Wright* |
| | Korey A. Nelson (admitted *pro hac vice*) |
| | knelson@burnscharest.com |
| | LA Bar # 30002 |
| | Lydia A. Wright (admitted *pro hac vice*) |
| | lwright@burnscharest.com |
| | LA Bar # 37926 |
| | C. Jacob Gower (admitted *pro hac vice*) |
| | jgower@burnscharest.com |
| | LA Bar # 34564 |
| | **BURNS CHAREST LLP** |
| | 365 Canal Street, Suite 1170 |
| | New Orleans, LA 70130 |
| | Telephone: (504) 799-2845 |
| | Facsimile: (504) 881-1765 |
| | |
| | R. Andrew Free (admitted *pro hac vice*) |
| | andrew@immigrantcivilrights.com |
| | TN Bar # 030513 |
| | **LAW OFFICE OF R. ANDREW FREE** |
| | P.O. Box 90568 |
| | Nashville, TN 37209 |
| | Telephone: (844) 321-3221 |
| | Facsimile: (615) 829-8959 |
| | |
| | Robert Ahdoot (CA Bar # 172098) |
| | rahdoot@ahdootwolfson.com |
| | Tina Wolfson (CA Bar # 174806) |
| | twolfson@ahdootwolfson.com |
| | Theodore W Maya (CA Bar # 223242) |
| | tmaya@ahdootwolfson.com |
| | Alex Straus (CA Bar # 321366) |
| | Astraus@ahdootwolfson.com |
| | |
| | **AHDOOT & WOLFSON, PC** |
| | 10728 Lindbrook Drive |
| | Los Angeles, California 90024-3102 |
| | Telephone: (310) 474-9111 |
| | Fax: (310) 474-8585 |

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO AND NOTICE OF 30(B)(6) DEPOSITION TO DEPARTMENT OF HOMELAND SECURITY OFFICE OF INSPECTOR GENERAL

11

5:17-cv-02514-JGB-SHK

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

***Attorneys for Plaintiffs.***

EXHIBIT A TO PLAINTIFFS' SUBPOENA TO AND NOTICE OF 30(B)(6) DEPOSITION TO DEPARTMENT OF HOMELAND SECURITY OFFICE OF INSPECTOR GENERAL

12

5:17-cv-02514-JGB-SHK