UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-02514-JGB (SHKx) | Date: | December 6, 2019 |
| Title: | *Raul Novoa, et al. v. The Geo Group, Inc.* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):** ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION NOS. 10, 15, AND 19

## I.   BACKGROUND

The background of this matter is set forth in detail in the District Judge's Order (1) GRANTING Plaintiffs' Motion for Class Certification (Dkt. No. 192); (2) DENYING Defendant's Motion to Exclude (Dkt. No. 211); and (3) VACATING the December 2, 2019 Hearing ("Order Granting Class Cert.") and is incorporated into this Order.  Electronic Case Filing Number ("ECF No.") 223, Order Granting Class Cert. at 3-8.

Plaintiffs initially sought leave from the Magistrate Judge to file a motion to compel responses to particular request for production ("RFPs"), and the Magistrate Judge granted leave, following a telephonic conference on August 28, 2019.  ECF No. 178, Minutes of Telephonic Hearing.  On September 3, 2019, the parties submitted a Joint Stipulation Regarding Discovery Dispute, which included the RFPs at issue and each parties' positions.  ECF No. 179-1, Joint Stipulation Re Discovery Dispute ("Jt. Stip.").  In the joint stipulation, the parties initially sought the Court's involvement in sixteen RFPs propounded by Plaintiffs.  See id. Following several hearings during which the parties discussed and resolved most of the issues surrounding the RFPs, see ECF Nos. 182, 185, 196, and Plaintiffs' agreed to withdraw their motion to compel with respect to several other RFPs, see ECF No. 198, the following three RFPs remain at issue: RFP Nos. 10, 15, and 19, and are the subject of this Order.

The Court sets forth below the RFPs at issue and the responses provided by Defendant, as set forth in the joint stipulation:

**REQUEST FOR PRODUCTION NO. 10:**

Please provide all "Detainee Payroll" documents, including, but not limited to, invoices to ICE and commissary payment records, bearing any date between December 19, 2007[,] and the present that pertain to or record work in the Work Program at the Adelanto Facility.

**RESPONSE TO NO. 10:**

GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO objects to this Request on the grounds that the phrase "'Detainee Payroll' documents" is vague and ambiguous. GEO interprets this request as seeking a) all documents recording compensation of detainees for participation in the VWP at the Adelanto Facility, and b) all communications between GEO and ICE requesting reimbursement from ICE for compensation of detainees for participation in the VWP at the Adelanto Facility. GEO is willing to meet and confer should Plaintiff wish to clarify this request. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all documents recording compensation of Novoa for participation in the VWP at the Adelanto Facility and all communications between GEO and ICE requesting reimbursement from ICE for compensation of Novoa for participation in the VWP at the Adelanto Facility during the time Novoa was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class and class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

*   *   *

**REQUEST FOR PRODUCTION NO. 15:**

Please provide any and all documents relating to, constituting, or recording any communications between personnel at the Adelanto Facility and emergency

personnel, including but not limited to 911, ambulance services, or police departments, between December 19, 2007[,] and the present.

**RESPONSE TO NO. 15:**

GEO objects to this Request as seeking information outside of the scope of discovery as the information sought is not relevant to the claims or defenses in this case. GEO objects to this Request as the time period extends outside the relevant time period relating to Novoa's detention at the Adelanto Facility. GEO objects to this request as it may implicate the private health information or non-public criminal history of nonparties. GEO is not producing documents in response to this Request and is withholding documents subject to the above-stated objections.

*   *   *

**REQUEST FOR PRODUCTION NO. 19:**

Please provide any and all documents relating to, constituting, or recording Performance Evaluation Meetings, including all draft invoices, signed minutes, and GEO responses to any areas of disagreement between ICE and GEO, that occurred or were scheduled to occur between you and ICE from December 19, 2007[,] and the present.

**RESPONSE TO NO. 19:**

GEO objects to this Request as violating Fed. R. Civ. P. 26(b)(1) because it asks for information that is outside the scope of discovery. For example, Performance Evaluation Meetings between GEO and ICE may involve topics that have no bearing on the claims or defenses in this case. This Request is also not limited to the Adelanto Facility. GEO objects to this Request on the grounds that it is vague and ambiguous to the extent that it seeks information regarding "any areas of disagreement between ICE and GEO." GEO also objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities. Subject to and without waiving GEO's above-stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a reasonable protective order, of all recorded Performance Evaluation Meetings or communications regarding such meetings that relate to VWP compliance, discipline, segregation, sanitation, food service, water quality, or the provision of supplies by GEO at the Adelanto Facility during the time Novoa

was a detainee at the Adelanto Facility. Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders. GEO is withholding documents subject to the above-stated objections.

ECF No. 179-1, Jt. Stip. at 21-22, 28, 34-35.

In the joint stipulation, the parties also provided their arguments regarding the asserted objections that were expanded upon during the hearings in the matter.

## II.  DISCUSSION

### A.  General Legal Standards Regarding Discovery

In Dale Evans Parkway 2012, LLV. v. Nat'l Fire and Marine Ins. Co., ED CV 15-979-JGB (SPx), 2016 WL 7486606, at *3–4 (C.D. Cal. Oct. 27, 2016), this Court provided the following applicable general scope for discovery under Federal Rule of Civil Procedure 26 ("Rule 26"):

> Fed. R. Civ. P. 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be relevant, the information sought "need not be admissible in evidence"; however, it must be "proportional to the needs of the case." Id. In determining the needs of the case, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L.Ed. 2d 253 (1978). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

### B.  Plaintiffs' RFP No. 10

In the Joint Stipulation, the disagreement over RFP 10 centered on the scope of the documents that were to be provided. Specifically, Plaintiffs seek class wide discovery, while Defendant was only willing to provide documents related to the named Plaintiffs. See ECF No. 179-1, Jt. Stip. at 21-23. Defendant also stated that it "objects to broadening the scope to include further documents at this time because a class has not been certified and open-ended merits

discovery is not proportional to the needs of the case at the class certification stage." Id. at 22-23.

In light of the class certification order, Defendant's objections are no longer tenable to restrict the documents to on the named Plaintiffs. The remaining objections, based on the arguments in the joint stipulation, appear to have been resolved. Consequently, Plaintiffs' motion to compel is **GRANTED** with respect to RFP No. 10.

### C. Plaintiffs' RFP No. 15

With respect to this RFP, Plaintiffs argue that this material is relevant because it is "likely to support Plaintiffs' claims that they have been deprived of necessities and of proper medical care, as part of Defendant's scheme to force its detainees to work for free or nearly free." ECF No. 179-1, Jt. Stip. at 28. Defendant's counter that "[t]his is a wage and hour case [and] . . . Plaintiffs' claims are not that [they] were not paid minimum wage for work they did through the VWP[, Voluntary Work Program,] while at the Adelanto Facility. Records of 911 calls have no relevance to this issue, and Plaintiffs do not argue otherwise." Id. Defendant also raises the argument that this information is private to the individuals involved in any such call, and that the only reason Plaintiffs are seeking this information is "to embarrass or harass GEO about other, irrelevant programs, procedures, and practices." Id. at 29.

Rule 26 allows for discovery that is related to "any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . .[and] the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). However, "[w]hile the party seeking discovery has the burden to show the relevancy of the request, the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Nei v. Travelers Home & Marine Ins. Co., 326 F.R.D. 652, 656 (D. Mont. 2018) (internal quotations omitted).

Though Defendant did not provide information regarding how burdensome it would be to gather and provide this information, the initial inquiry for this Court is to assess the relevance and proportionality this request. In this regard, Plaintiffs' argument does not provide a sufficient link between the scope of records sought relating to the alleged deprivation of "necessities and of proper medical care, as part of Defendant's scheme to force its detainees to work for free or nearly free." ECF No. 279-1, Jt. Stip. at 28.

Though Rule 26 is "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case," Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992)), the range of information sought here is too broad. Though Plaintiffs may seek to draw a connection between number and types of calls to 911 or law enforcement as related to the inadequacy of medical care at the Adelanto Facility, this connection is too tenuous and disproportional to the burden of requiring Defendants to gather and provide this information.

Additionally, this type of information would likely compromise the privacy interests of putative class members without the knowledge or consent of those putative class members.

Finally, at its core, this case appears to be about the alleged forced or underpaid labor of individuals housed at the relevant GEO facilities during the relevant time periods. Although the motivation for such labor may have been to avoid alleged punishment or to obtain allegedly unprovided necessities, this supposed motivation does not warrant the disproportionate discovery sought in RFP No. 15. Accordingly, Plaintiffs' motion to compel with respect to RFP No. 15 is, therefore, **DENIED**.

### D. Plaintiffs' RFP No. 19

The objections provided by Defendant related to the fact that this RFP seeks information not limited to the Adelanto Facility are overruled in light of the District Judge's grant of Plaintiffs' Motion for Class Certification and the nationwide Housing Unit Sanitation Policies ("HUSPs") class, going back to December 19, 2007. ECF No. 223, Order Granting Class Cert. at 15, 28.

Similarly, as part of its objections that the request was vague and ambiguous regarding the phrase "any areas of disagreement between ICE and GEO," Defendant stated that it was willing to provide any, non-privileged, "Performance Evaluation Meetings or communications regarding such meetings that relate to VWP compliance, discipline, segregation, sanitation, food service, water quality, or the provision of supplies by GEO at the Adelanto Facility during the time Novoa was a detainee at the Adelanto Facility," ECF No. 279-1, Jt. Stip. at 35, is now properly expanded nationwide and is not only limited to the VWP but also any work programs, whatever Defendant calls them, in which Defendant allows or requires the detainees at its facilities to participate for the time period from December 19, 2007 to the present. Additionally, Defendant is required to provide a privilege log containing any materials that Defendant is withholding on the claim of privilege as required by Rule 26(b)(5).

Defendant also appears to object to the production of this material "subject to ICE approval[.]" Id. Neither of the parties addressed this objection in their briefing and it is unclear how this objection is applicable in this matter and what legal basis this provides for preventing the production of these documents. Consequently, this objection is overruled.

Finally, Defendant objected that this request for "Performance Evaluation Meetings, including all draft invoices, signed minutes, and GEO responses to any areas of disagreement between ICE and GEO, that occurred or were scheduled to occur between you and ICE from December 19, 2007 and the present" is vague and ambiguous. Id. at 34-35. Plaintiffs' three sentence argument, includes the sentence that "[t]he request, as written, is straightforward, relatively narrow, and well-designed to lead o the discovery of relevant evidence." Id. at 35.

The Court disagrees with Plaintiffs' characterization of RFP No. 19 as "straightforward" and "relatively narrow." As Defendant argues, these Performance Evaluation Meetings can

cover all sorts of things not related to the living conditions or work programs at the GEO facilities.  Id. at 34.  Though Defendant's offer to narrow the material to include information in this category related to "(1) VWP compliance, (2) discipline, (3) segregation, (4) sanitation, (5) food service, (6) water quality, or (7) the provision of supplies by GEO," id. at 35, Plaintiffs did not appear to provide any counter-offer.

Consequently, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion to compel a complete response to RFP No. 19 and   orders Defendant to provide responsive material related to the work program compliance, discipline, segregation, sanitation, food service, water quality, the provision of supplies by GEO and any materials related to the living conditions as required under the Intergovernmental Service Agreement ("IGSA") and the Performance Based National Detention Standards ("PBNDs") at all GEO facilities for the time periods covered by the Class Certification Order.

### III.    CONCLUSION

For the reasons previously set forth,

- The Court GRANTS Plaintiffs' motion to compel a complete response to RFP No. 10

- The Court DENIES Plaintiffs' motion to compel a response to RFP No. 15

- The Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to compel a response to RFP No. 19.

**IT IS SO ORDERED.**