# EXHIBIT A

Case 5:17-cv-02514-JGB-SHK Document 231-1 Filed 12/10/19 Page 1 of 7 Page ID #:4626

**Scheffey, Adrienne (Assoc-Den)**

| | |
|---|---|
| **From:** | Andrew Free <andrew@immigrantcivilrights.com> |
| **Sent:** | Monday, December 2, 2019 1:33 PM |
| **To:** | Barnacle, Colin (Ptnr-Den) |
| **Cc:** | Lydia Wright; Novoa - External; Scheffey, Adrienne (Assoc-Den) |
| **Subject:** | Re: Novoa v. GEO - deposition notice |

Colin:

Thanks for this update on GEO's position. Mr. Zoley is well-aware of the personal role he played not only in requesting ICE's intervention in this case and others, but also in his personal lobbying efforts with City of Adelanto officials for them to end the City's Inter-Governmental Services Agreement with ICE. So are we. Plaintiffs did not choose to personally involve Mr. Zoley in these matters, GEO did. As such, his testimony is essential, and the *Apex* doctrine does not apply.

I suggest the parties are at an impasse regarding the Zoley Deposition. GEO should move forward in seeking its protective order.

Best regards,

Andrew



Tel: (844) 321-3221 Fax: (615) 829-8959
Andrew@ImmigrantCivilRights.com
Mail: P.O. Box 90568 Nashville, TN 37209
**NEW OFFICE ADDRESS (BY APPOINTMENT ONLY)** : 414 Union Street Suite 900 Nashville, TN 37219
**www.Resist.Law**
Licensed to Practice in Tennessee


On Mon, Dec 2, 2019 at 3:02 PM <colin.barnacle@akerman.com> wrote:

> Lydia,
>
> Circling back to George Zoley's deposition notice.  Thanks for the additional detail. We have reviewed the portions of the depositions you cited, and Exhibit 15, and do not believe either support a deposition of Mr. Zoley, nor do they demonstrate the required *Apex* doctrine factors. Exhibit 15 is a letter from George Zoley asking for an equitable adjustment related to the "out-of-scope" costs in defending the VWP. It appears the question Plaintiffs sought to have answered in Mr. Venturella's deposition was whether there was any follow-up to the letter sent by Mr. Zoley. The relevant portion of Mr. Venturella's deposition is as follows:

Q. Okay, were you involved in the April 18th updated individual requests for equitable adjustments out of Adelanto, Aurora and Tacoma that is reflected in this letter?

A. No.

Q. Okay, did you know that those updated individual requests for equitable adjustments had been submitted to ICE on behalf of GEO?

A. I was not aware of their submittal, but aware - I was aware that they were being prepared.

Q. Okay, and how did you know that?

A. With counsel.

Q. Okay, have you had any communications with anyone at ICE about this letter? I know you haven't seen it before today, but --

A. No.

Q. Okay.

A. Excuse me.

Q. That's all right. And do you know if anybody else at GEO has followed up on this May 30th letter?

A. I do not.

While Mr. Venturella did not know if there was a follow-up to Exhibit 15, the attached document beginning with bates number ICE-FOIA2018_0004006, which was produced in this litigation, contains the answer to Plaintiffs' question. Therefore, Plaintiffs already have the response to their outstanding question and it would be improper to seek the same redundant information from Mr. Zoley.  Beyond this document, the few references in Mr. Venturella's deposition to Mr. Zoley are related to his attendance at meetings Mr. Venturella also attended. None of those meetings were described as "related to ICE's oversight" of the Adelanto Facility, or any facility for that matter, or to the claims in this matter. Moreover, as Mr. Venturella was present for those meetings, he was able to testify about them based upon his personal experience. Thus, Plaintiffs had the opportunity to obtain the information they required through Mr. Venturella's deposition. Further, from our review, neither Mr. Janecka nor Mr. Ragsdale mentioned Mr. Zoley at all in their depositions.

As you know,  Mr. Zoley cannot be deposed without first establishing that he has unique firsthand knowledge and also that there is no less intrusive discovery method.  Other than the first paragraph in your email below – which we address above – you cite mere generalities, certainly a far cry from the *Apex* doctrine's requirements.  As you know, the *Apex* doctrine requires more because"[v]irtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, No. 212CV5275MCALDWDNJ, 2015 WL 9434782, at *2 (E.D. Cal. Dec. 24, 2015). Insofar as you claim Mr. Zoley has information about this litigation because of his conversations with counsel, or others in his company, "after-the-fact, derivative knowledge is neither unique nor derived from any firsthand, contemporaneous event." *Sale v. Merrill Lynch*, No. CV171904SJOMRWX, 2017 WL 10562586, at *1 (C.D. Cal. Nov. 29, 2017). The cursory references to Mr. Zoley in Mr. Venturella's deposition are insufficient to establish that Mr. Zoley's deposition should go forward, particularly where the information sought has already been produced or is available through less intrusive discovery methods.  And, as noted above, you fail to provide any other specific information regarding Mr. Zoley that would even allow us to begin to meaningfully analyze your request under the *Apex* doctrine.

If you are able, please provide any additional information you'd like GEO to consider with regard to this notice.  Otherwise, we will be forced to begin the process for obtaining a protective order from the Court.

Thanks.

Colin

**Colin Barnacle**
Partner
Akerman LLP | 1900 Sixteenth Street, Suite 1700 | Denver, CO 80202
D: 303 640 2534
colin.barnacle@akerman.com

3

**From:** Lydia Wright <lwright@burnscharest.com>
**Sent:** Thursday, November 7, 2019 11:11 AM
**To:** Barnacle, Colin (Ptnr-Den) <colin.barnacle@akerman.com>; DeLaney, Damien (Ptnr-Lax) <damien.delaney@akerman.com>; Scheffey, Adrienne (Assoc-Den) <adrienne.scheffey@akerman.com>; Calhoun, Ashley (Assoc-Den) <ashley.calhoun@akerman.com>
**Cc:** Novoa - External <Novoa-External@burnscharest.com>
**Subject:** Re: Novoa v. GEO - deposition notice

Counsel,

Please see the attached Notice of Deposition of George Zoley.

Mr. Zoley's deposition is proper based on his extensive, personal involvement in issues relating to this lawsuit and the contract for the Adelanto Facility. During their depositions this summer, GEO's executives introduced evidence of Mr. Zoley's direct involvement in GEO's efforts to defend against this litigation and to get ICE to do the same. Specifically, Plaintiffs would refer GEO to Exhibit 15 to the Venturella Deposition, as well as the testimony of Mr. Venturella regarding a meeting between Mr. Zoley and ICE in Washington, D.C. in February 2018.

Mr. Zoley's personal involvement in issues related to this litigation also include personal correspondence between Mr. Zoley and ICE officials regarding this lawsuit, personal discussions between Mr. Zoley and both ICE and City of Adelanto officials regarding the Adelanto contract, and Mr. Zoley's personal knowledge of discussions related to ICE's oversight of the Adelanto Facility which bear directly on the claims and defenses at issue in this case. Plaintiffs seek to depose Mr. Zoley on these and related topics about which he has unique, first-hand personal knowledge. His deposition and testimony are proper under the Federal and Central District of California rules and under the Apex doctrine.

Thanks,

**Lydia A. Wright**

Burns Charest LLP

365 Canal Street, Suite 1170

New Orleans, LA 70130

504.799.2845 main

504.881.1765 fax

**From:** "colin.barnacle@akerman.com" <colin.barnacle@akerman.com>
**Date:** Tuesday, October 29, 2019 at 2:23 PM
**To:** Lydia Wright <lwright@burnscharest.com>, "damien.delaney@akerman.com" <damien.delaney@akerman.com>, "adrienne.scheffey@akerman.com" <adrienne.scheffey@akerman.com>
**Cc:** Novoa - External <Novoa-External@burnscharest.com>
**Subject:** RE: Novoa v. GEO - deposition notice

Lydia –

GEO objects to any notice and taking of George Zoley's deposition under the *Apex* doctrine.  You've provided zero information regarding the nature and purpose of his deposition.  At a minimum, we need to know what topics of information you think Mr. Zoley has any unique personal knowledge of and the less intrusive methods you've exhausted for such information.

And while we do not believe you will be able to make a proper showing to take Mr. Zoley's deposition at any time, just so you know, he is not available at all in December and if his deposition is ever ordered by the court, it would need to take place in Boca Raton, Florida.

I look forward to any additional information you can provide so we can make an attempt to reasonably consider your request.

Thanks.

Colin

**Colin Barnacle**
Partner
Akerman LLP | 1900 Sixteenth Street, Suite 1700 | Denver, CO 80202
D: 303 640 2534
colin.barnacle@akerman.com

vCard | Profile

**Error! Filename not specified.**

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Lydia Wright <lwright@burnscharest.com>
**Sent:** Monday, October 28, 2019 2:10 PM
**To:** Calhoun, Ashley (Assoc-Den) <ashley.calhoun@akerman.com>; Eby, Christopher (Assoc-Den) <christopher.eby@akerman.com>; Barnacle, Colin (Ptnr-Den) <colin.barnacle@akerman.com>; DeLaney, Damien (Ptnr-Lax) <damien.delaney@akerman.com>; Scheffey, Adrienne (Assoc-Den) <adrienne.scheffey@akerman.com>
**Cc:** Novoa - External <Novoa-External@burnscharest.com>
**Subject:** Novoa v. GEO - deposition notice

Counsel,

Plaintiffs intend to notice the deposition of George Zoley for December 6, 16, or 17 in Boca Raton, Florida.

Please advise by 5pm CST tomorrow (October 29) if you have a preference for the location or specific date of Mr. Zoley's deposition within the timeframe above. Otherwise, we'll select the date and location when we notice the deposition.

Thanks,

**Lydia A. Wright**

Burns Charest LLP

365 Canal Street, Suite 1170

New Orleans, LA 70130

504.799.2845 main

504.881.1765 fax