**AKERMAN LLP**
MICHAEL L. GALLION (SBN 189128)
DAVID VAN PELT (SBN 163690)
ASHLEY BOBO (SBN 312714)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: michael.gallion@akerman.com
 david.vanpelt@akerman.com
 ashley.bobo@akerman.com

COLIN L. BARNACLE (admitted *pro hac vice*)
ADRIENNE SCHEFFEY (admitted *pro hac vice*)
ASHLEY E. CALHOUN (SBN 270530)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com
 adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br>THE GEO GROUP, INC.,<br>Defendant.<br><br>THE GEO GROUP, INC.,<br>Counter-Claimant,<br>vs.<br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br>Counter-Defendant. | Case No. 5:17-cv-02514-JGB-SHK<br><br>Assigned to Hon. Shashi Kewalramani<br><br>**DEFENDANT THE GEO GROUP, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW PURSUANT TO FED. R. CIV. PROC. 37**<br><br>Hearing Date: January 21, 2020<br>Hearing Time: 10:00 a.m.<br><br>TAC Filed: September 16, 2019<br>SAC Filed: December 24, 2018<br>FAC Filed: July 6, 2018<br>Complaint Filed: December 19, 2017<br>Trial Date: June 23, 2020 |

51309483v.1

CASE NO. 5:17-cv-02514-JGB-SHK
**DEFENDANT THE GEO GROUP, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW**

## I. INTRODUCTION

Plaintiffs filed a premature and unnecessary motion to compel ("Motion") that seeks documents and privilege logs recently agreed upon that GEO is in the process of producing, and that faults GEO for confidentiality designations which it had no control over.

Plaintiffs claim that GEO has failed to produce documents as agreed to, but Plaintiffs cannot identify a single deadline for production that has been missed, nor a single document that GEO committed to producing that it now refuses to provide. Plaintiffs sole basis for the Motion is a vague claim that GEO's commitment to produce documents "never materializes." (Joint Stip. p. 1.). Plaintiffs filed the Motion only weeks after an agreement was reached to produce many of the documents at issue, and prior to the date that GEO committed to producing them.

In addition, Plaintiffs push forward in attempting to compel information regarding GEO's employees that is protected by their right to privacy and irrelevant to Plaintiffs' claims, even after Plaintiffs were given ample opportunity to narrow the requests.

Plaintiffs' Motion is belied by the facts, the law, and by the extensive meet and confer efforts engaged in by GEO to avoid such disputes. The Motion should be denied, and GEO should be awarded the fees it has been forced to incur defending against it.

## II. LEGAL ARGUMENT

### A. GEO is Meeting its Obligations Regarding the Production of Financial Documents

Much of Plaintiffs' Motion is devoted to the claim that GEO has failed to produce a wealth of financial information regarding the Adelanto facility (Request Nos. 6, 22-23), including documents reflecting monthly and yearly operating costs, financial statements, projections, and analyses. On this point the Motion is totally unnecessary.

The Parties agreed that the documents produced in response to these requests

shall essentially mirror the information produced in the *Nwauzor* case pending in the Western District of Washington. There is no dispute regarding this agreement. (Joint Stip., pp. 2, 6.) The only dispute is GEO's non-existent "refusal to comply." (*Id.*).

In truth, GEO has never refused to produce the documents at issue, and actually began producing them before Plaintiffs filed the Motion. (Joint Stip., p. 20) (acknowledging that GEO produced a financial summary responsive to the requests). Following a meet and confer conference on December 3, and a subsequent conference with the Court on December 6, GEO represented that it would begin producing responsive documents within the month as part of another massive rolling production (documents in the *Nwauzor* had only been produced a few weeks before) .[1] GEO has produced financial documents according to this schedule and will continue to do so. [2]

Nonetheless, Plaintiffs did not see fit to wait even until the date set for production before filing the Motion. As such, Plaintiffs' Motion is plainly premature, and frankly indefensible. *See Cannon v. Austal USA LLC,* 2017 WL 715413, * 2 (S.D. Cal. Feb. 23, 2017)(denying motion to compel where "defendants' time to respond to the requests has yet to expire"); *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D 94, 100 (S.D.N.Y 1997)(finding lack of good faith where party filed motion to compel before discovery responses were due).

GEO has neither refused to produce the documents at issue in these requests nor tried to avoid producing them indirectly. The Motion should be denied.

**B.     GEO Has Produced Documents Referenced in its Initial Disclosures**

Plaintiffs' next tactic is to claim that GEO has refused to produce documents (mostly unidentified) referenced in GEO's Initial Disclosures.

Plaintiffs again fail to articulate any discovery deadline GEO has blown, or discovery order that GEO has failed to follow. Plaintiffs simply point to several general categories of documents and claim that GEO has not met its obligations to

---

[1] GEO has engaged in at least 14 separate document productions in the case, totaling approximately 7,000 documents.
[2] GEO produced documents, including financial records sought by Plaintiffs, on 12/27; due to an electronic error, these documents were produced again on 12/30, and additional documents were produced on January 2, 2020.

51254266,1                                       2                      CASE NO. 5:17-CV-02514-JGB-SHK
**DEFENDANT THE GEO GROUP, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW**

produce them. Plaintiff's failure to set forth specifically the documents to which they refer renders the Motion equally deficient on this point.

As for the documents Plaintiffs do identify, most of them have either actually been produced (including Plaintiff Novoa's commissary records, which GEO specifically identifies (Joint Stip., p. 8)), or are the subject of separate meet and confer efforts (including the "business records" alluded to by Plaintiffs (Joint Stip., p. 3)). Accordingly, they do not form the basis of a legitimate discovery motion.

Nonetheless, GEO has gone further, and enumerated a host of specific documents referenced in its Initial Disclosures that have been produced. In response, Plaintiffs do nothing more than speculate that additional documents must exist that GEO refuses to produce, without a firm idea of what those documents are, much less evidence that they have been withheld. The Motion is baseless on this issue as well.

### C. The Confidentiality and Privilege Designations are Beyond GEO's Control.

Plaintiffs next complain about the number of documents labeled as "Confidential," "Highly Confidential," or "Highly Confidential – Attorneys' Eyes Only," in addition to documents withheld on privilege grounds and GEO's speed in producing privilege logs. Plaintiffs cannot show that GEO is responsible for the confidentiality designations, or that Plaintiffs have been harmed by any of the designations.

First, Plaintiffs assert that GEO has redacted "hundreds of pages" in a recent production of over 400 documents, and that GEO "designated all but about a dozen of these documents Confidential or Highly Confidential." (Maya Decl., p. ¶5). What Plaintiffs ignore is whether these designations were dictated by GEO. In fact, almost all of the confidentiality designations and decisions to redact/withhold documents have been made by ICE, *not* GEO. GEO had no involvement in these designations by an agency of the federal government, and no control over them.

In addition, despite arguing that GEO has been "preventing Plaintiffs from

relying on discoverable evidence," Plaintiffs fail to identify any specific document that they have been impeded from using as a result of a redaction or confidentiality designation. Without such evidence, Plaintiffs' plea is empty, and its request (to the extent one exists) should be denied.

Moreover, as for the preparation of privilege logs, Plaintiffs cannot identify any deadline GEO has failed to meet in providing privilege logs, or any agreement that GEO has not honored. Given the difficulty of producing privilege logs when it is not responsible for the decisions regarding privileged documents, GEO has worked diligently to prepare privilege logs, and (as of the date of this Memorandum) produced privilege logs for two of the three sets of document productions pending.[3] Plaintiffs' Motion is moot as well as meritless.

### D. Plaintiffs Continue to Push for Intrusive Information Regarding GEO's Employees and Other Third Parties.

Plaintiffs' abuse of the discovery process also takes the form of pressing for extensive and confidential information regarding GEO's employees and other third parties. Plaintiffs' professed basis for seeking the information is tenuous at best, and is far outweighed by the burden and intrusiveness of the requests.

For one thing, Plaintiffs seek every paystub for all "janitors, warehouse employees, laundry personnel maintenance staff, and food services workers" employed by GEO at the Adelanto facility at any time since 2014 (Request No. 27). Plaintiffs also seek (among other things) the work schedules for all workers at the Adelanto facility over the same period of time, and all agreements and communications between GEO and the union representing GEO employees at Adelanto (Request Nos. 29 and 35).

Plaintiffs do not appear to dispute that information regarding compensation and work schedules of employees constitutes information protected by an employee's

---

[3] GEO provided Plaintiffs' counsel with privilege logs for document production volumes 9 and 13 on December 29, 2019 (no privilege logs are required for volumes 10-12). GEO is preparing the privilege log for production volume 14, and will provide that as soon as it is completed.

right to privacy, and that parties seeking such information must show a "compelling need" to obtain it. *Artis v. Deere & Co.,* 276 F.R.D. 348, 352 (N.D. Cal. 2011)(holding that when the right to privacy is implicated, "the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right asserted").

Nonetheless, Plaintiffs' sole basis to seek to compel this information is that work schedules and union contracts could reflect supposed "understaffing" at Adelanto, resulting in an increased need for immigrant labor, and that employee pay records can be used to determine the compensation detainees would earn if *they* were classified as employees. As for supposed understaffing, ample ways exist to explore this theory without obtaining work schedules for GEO employees. And Plaintiffs' notion that immigrant detainees would (or should) be paid the same compensation as GEO's employees is far-fetched and the result of pure speculation, nothing more. Plaintiffs cannot even approach the standard to compel this data, or the other intrusive and burdensome information that they have moved to compel. *Stone v. Boeing Co.*, 2011 WL 13269501, * 4 (C.D. Cal. January 13, 2011)(denying motion to compel where "Plaintiffs have not yet made a factual showing warranting the production of salary information for all . . . employees in Defendants' database").[4]

### III.  CONCLUSION

GEO respectfully requests that Plaintiffs' Motion be denied, and the Court order Plaintiffs pay GEO's reasonable attorneys' fees incurred responding to the Motion.

Dated:  January 7, 2020

**AKERMAN LLP**

By: */s/ Michael L. Gallion*
Michael L. Gallion

Attorneys for Defendant
THE GEO GROUP, INC.

---

[4] Plaintiffs' requests for documents reflecting all accident reports involving GEO employees, and any grievances regarding the Voluntary Work Program at Adelanto, are also vastly overbroad and fare no better.