Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Theodore Maya, SBN 223242
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

Counsel for Plaintiffs
*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM,** and **RAMON MANCIA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant.* | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW PURSUANT TO LOCAL RULE 37**<br><br>Hearing Date: January 21, 2020<br>Time: 10:00 a.m.<br><br>Discovery Cutoff Date: Feb. 12, 2020<br>Pretrial Conf. Date: June 8, 2020<br>Trial Date: June 23, 2020<br><br>The Honorable Shashi Kewalramani |

## I. INTRODUCTION

Defendant argues that it has agreed to comply with Plaintiffs' requests for financial documents, but still has not produced all responsive documents. It continues to ask for more time to produce documents, but Plaintiffs cannot afford any further delays in light of the February 12, 2020 discovery cut-off. The parties having been working for months on this issue, and Defendant has already produced the requested documents in another case. It should have the requested documents in its possession and be able to readily produce them.

Defendant also states that it has not produced all documents identified in its initial disclosures because the documents are currently in dispute in other related discovery requests. But Defendant has not identified what specific documents it is withholding, and Plaintiffs cannot simply rely on Defendant's word that its initial disclosures will be produced with other relevant discovery. The deadline for initial disclosures has passed and Defendant should be ordered to comply with Rule 26.

Defendant also seeks to put the blame on ICE for over-designating documents as confidential, as well as for redacting and withholding documents. However, this does not solve the problems, or mean that the Court is without power to require proper discovery responses. GEO does not explain why ICE has reviewed, redacted, and withheld several documents that have no connection to ICE, or provide any justification for the over-designations and withholdings at issue.

Defendant argues against producing paystubs and work schedules for regular employees. But as stated in the Joint Stipulation, such information is relevant and routinely produced for wage claims. Plaintiffs have brought a claim for Defendant's failure to pay minimum wages. And paystubs will show what detainees should have been paid if they were treated as employees in the free market. Similarly, work schedules will show the hours employees were working, whether shifts were properly staffed, and whether Defendant overly relied on detainees to operate its facility. This is well within the scope of discovery, and Defendant should be ordered to produce relevant documents.

## II. LEGAL ARGUMENT

### A. GEO Has Not Met Its Obligation to Produce Financial Documents.

Defendant states that it has agreed to produce financial documents and, thus, Plaintiffs' motion to compel is premature. Not so. On October 14, 2019 and November 7, 2019, GEO served two different sets of supplemental responses stating that it would produce the same sort of financial documents it served in *Nwauzor*, a similar case pending in the Western District of Washington. *See* Supplemental Declaration of Theodore Maya ("Supp. Maya Decl."), ¶ 2. On December 3, 2019, the parties had a telephonic meet and confer and GEO represented that it would be producing the financial documents later that week. *See id.*, ¶ 3. The production should have included documents showing profits and losses, operating costs, financial models, a financial analysis of the Voluntary Work Program, profits and/or losses of the Voluntary Work program, and per diem rate calculations and costs of providing services to detainees at the facility pursuant to GEO's contract. *See* Joint Stipulation, Declaration of Theodore Maya ("Maya Decl."), Ex B., pp. 9-10.

However, on December 10, 2019, GEO served only a two-page financial summary. This was after GEO had promised to produce responsive documents, and long after Plaintiffs first raised the issue with the Court on September 27, 2019. *See* Dkt. 196. And never did GEO state that it needed an entire month to produce financial documents. Plaintiffs cannot continue waiting, given the February 12, 2020 discovery cutoff.

To do date, Plaintiffs have not received all responsive documents. GEO states that it produced documents including financial records on December 30, 2019 and produced additional documents on January 2, 2020. *See* GEO's Supp. Response, 2:10 fn 2. But this is far from a statement indicating that all the documents in *Nwauzor* have been produced. And though Defendant is only now producing documents in the eleventh hour, Plaintiffs have conducted a preliminary review and it still does not seem to include all responsive documents. Thus, Plaintiffs respectfully request that the Court order GEO to produce all

1  responsive by January 28, 2020, to provide Plaintiffs with enough time to review the
2  production and ensure GEO's compliance before the February 12, 2020 discovery cutoff.

### B. GEO's Failure to Comply with Rule 26 for Initial Disclosures

Defendant still has not produced several categories of documents it identified in its initial disclosures.  GEO states that Plaintiffs fail to articulate any discovery deadline GEO has blown or discovery order that GEO has failed to follow in regard to its initial disclosures.  *See* GEO's Supp. Response., 2:24-25.  But there is no need for this because the deadline set under Federal Rule of Civil Procedure 26(a)(1)(C) is clear: "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ."  GEO seeks to go around this obligation by stating that several categories of documents are the subject of separate meet and confer efforts.  But that is a separate issue, and Plaintiffs cannot wait and rely on GEO's word that it will serve these documents if and when it produces related discovery.

GEO states that Plaintiffs are just speculating that additional documents must exist.  Not so.  Plaintiffs have identified GEO's records from the Adelanto Facility, including but not limited to records pertaining to Raul Novoa's commissary purchases (item 7); food, hygiene, and sanitation records for the Adelanto Facility (item 8); and ICE policies and regulations related to the Voluntary Work Program (item 9).  It is disingenuous for GEO to seek more specificity, when such documents are in its sole possession, and when there is no such requirement under Rule 26.

### C. GEO's Inadequate Privilege Logs

Since the present motion was filed, GEO has produced several privilege/redaction logs, but they are inadequate, fail to support the withholding of information vaguely described therein, do not identify the attorneys or other employees who sent or received identified emails, and do not include bates numbers that would allow for easy correlation to documents produced.  In general, the logs fail to "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the

claim." Fed. R. Civ. P. 26(b)(5)(ii). *See* Supp. Maya Decl., ¶4, Ex. A. Examples are attached to the Supplemental Maya Declaration, with highlighting added by counsel to direct the Court's attention to obviously inadequate entries.

### D. GEO's Blanket Confidentiality Designations

GEO states that it has no control over the confidentiality designations of documents it has produced, and that documents are withheld, designated, and/or redacted by ICE. GEO cannot simply put the blame on ICE and sidestep its discovery obligations. ICE is not a party to this litigation and several of the documents marked confidential or withheld on the basis of privilege do not seem to involve any of its personnel. For example, ICE withheld an email sent on July 25, 2017 solely between GEO employees because the "E-mail communication [is] protected by statutory and/or regulatory provisions related to a detainee's trip to the hospital for pelvic pain." And the email is relevant to the claims of this case.

The privilege logs that have been provided also do not identify the attorneys or ICE employees that sent or received the emails and documents. As a result, it is impossible to evaluate GEO's or ICE's various assertions of privilege. And ICE has heavily redacted several documents that seem directly relevant to this case and involve only GEO's personnel.

ICE cannot be withholding or redacting documents that are only, if at all, tangentially related to the department. This appears to be a tactic by GEO to suppress relevant evidence.

### E. Discovery Regarding GEO's Employees and Other Third Parties

Plaintiffs seek paystubs for GEO's regular employees (RFP No. 27). Their relevance is addressed at length in the Joint Stipulation submit by the parties. Plaintiffs seek such information to determine the difference between the wages detainees receive and what they would have been paid as regular employees. GEO states that there is no need for such information because the notion that immigrant detainees would (or should) be paid the same compensation as GEO's employees is

far-fetched and pure speculation. *See* GEO's Supp. Response, 5:11-13. Not so. That GEO failed to pay detainees proper wages is one of Plaintiffs' principle claims. *See* Complaint, ¶ 190 (Count I, California Minimum Wage Law). To understand what detainees should have been paid, Plaintiffs will need to look at the wages of similar employees. This compelling need outweighs any potential concerns regarding privacy, which can be ameliorated by redacting personal and/or identifying information. Courts recognize this and routinely produce this information for a wage claim. *See Romo v. GMRI, Inc.*, No. EDCV-12-0715-JLQ, 2013 WL 11310656, at 5 (C.D. Cal. Jan. 25, 2013) ("Perhaps the most critical information Plaintiff seeks are wage (wage statements)/payroll and time (daily time sheets) records. . . *This type of evidence is routinely held discoverable in wage and hour labor litigation.*").

Plaintiffs also seek the work schedules of regular employees (RFP No. 35). Also discussed at length in the Joint Stipulation, such information is relevant because it will show whether Adelanto was understaffed and being predominantly operated by detained workers. GEO states that there are ample ways of exploring this theory without obtaining work schedules. *See* GEO's Supp. Response, 5:10-11. Plaintiffs disagree and assert that work schedules are the *best* way of obtaining the needed information. And as stated above, any personal information can be redacted to reduce any privacy concerns, and such information is routinely held discoverable. *See Romo*, No. EDCV-12-0715-JLQ, 2013 WL 11310656, at 5.

### III. CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel.

Respectfully submitted,

Dated: January 9, 2020

*/s/ Theodor Maya*
Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (CA Bar # 223242)

tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
C. Jacob Gower (admitted *pro hac vice*)
jgower@burnscharest.com
LA Bar # 34564
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com

51196119;2

TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

***Attorneys for Plaintiffs***