Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
E. Lawrence Vincent (admitted *pro hac vice*)
lvincent@burnscharest.com
TX Bar # 20585590
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

Counsel for Plaintiffs

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA** individually and on behalf of all others similarly situated, *Plaintiffs*, <br><br> v. <br><br> **THE GEO GROUP, INC.**, *Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx <br><br> **NOTICE OF MOTION AND MOTION FOR PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Hearing Date: May 4, 2020 at 9:00 a.m <br> Discovery Cutoff Date: 9/14/2020 <br> Pretrial Conf.: 1/4/2021 at 11 a.m. <br> Trial Date: 2/2/2021 <br><br> The Honorable Judge Jesus G. Bernal |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, on May 4, 2020 at 9:00 a.m., in Courtroom 6 of the above-captioned Court before the Honorable Jesus G. Bernal, Plaintiffs Raul Novoa, Jaime Campos Fuentes, Abdiaziz Karim, and Ramon Mancia (collectively, "Plaintiffs"), will and hereby move for an order allowing Expedited Discovery in Support of Plaintiffs' Motion for Preliminary Injunction.

This Motion is made in accordance with the Local Rules of this Court and the Federal Rules of Civil Procedure, and is based on this Notice of Motion, the accompanying Motion for Expedited Discovery in Support of Plaintiffs' Motion for Preliminary Injunction, the anticipated arguments of counsel at the hearing, the files and pleadings in this action, and any matter the Court may deem appropriate. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 6, 2020.

As requested in the concurrently filed *Ex Parte* Application for TRO, Plaintiffs respectfully request that the Court hear this motion at the same time as it hears argument regarding the TRO.

# PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs represent a certified class of civil immigration detainees who perform sanitation services and other work pursuant to the Housing Unit Sanitation Policy ("HUSP") applied by defendant The GEO Group, Inc. ("GEO") at its detention facilities across the country.

Because of the imminent and irreparable harm Plaintiffs face from participating in the HUSP program without sufficient protective safeguards and equipment, Plaintiffs have moved for a temporary restraining order, and will seek a preliminary injunction, asking that this Court require GEO to either (a) immediately halt the use of class members in the provision of work or services under the HUSP program, or (b) at least equip those detainees who provide HUSP services with protective clothing and antiseptic supplies, and to conduct weekly testing of all such class members to detect and protect against the threat of death or serious illness from Coronavirus Disease 2019 ("COVID-19").

Plaintiffs herein seek an order granting expedited discovery on a limited, targeted set of issues that relate directly to the preliminary injunction: the efforts GEO has taken to assess, monitor, and protect Plaintiff class members from contracting COVID-19 while participating in the HUSP program. Plaintiffs request that GEO produce responses to the interrogatories and requests for admission included in Exhibit A hereto within 4 calendar days, and that GEO make available a representative to testify to the topics presented in Exhibit B hereto within 9 calendar days, after service of this motion.

## I. Good Cause Exists to Grant Plaintiffs' Request for Expedited Discovery.

"Expedited discovery has been ordered where it would 'better enable the court to judge the parties' interests and respective chances for success on the merits' at a preliminary injunction hearing." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D.

3

612, 613 (D. Ariz. 2001) (*quoting Edudata Corp. v. Sci. Computs., Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (stating expedited discovery "better enable[s] the court to judge the parties' interest and respective chances for success on the merits"); *see also Rodale, Inc. v. U.S. Preventive Med., Inc.*, No. 08-cv-120, 2008 WL 4682043, at *1 (E.D. Tex. Oct. 21, 2008) (noting "An order for expedited discovery would be appropriate in a case seeking a preliminary injunction."); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings."); Advisory Committee Note, Fed. R. Civ. P. 26(d) (1993) (noting expedited discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction").

"[D]istrict courts in this Circuit have allowed expedited discovery prior to the Rule 26(f) conference upon a showing of good cause. Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. The good cause assessment is based on the entirety of the record [and] the reasonableness of the request in light of all the surrounding circumstances.  In evaluating the reasonableness of a request for expedited discovery, courts consider the following factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for seeking expedited discovery; (4) the burden on defendants of complying with the requests; and (5) how far in advance of formal discovery process the request is made.

*BDMR Holdings, LTD. v. Does*, No. CV 19-9856-VSP (KSX), 2019 WL 7865178, at *1–2 (C.D. Cal. Dec. 10, 2019). The record supports Plaintiffs' request for expedited discovery.

**A. A motion for temporary restraining order has been filed and a motion for a preliminary injunction is imminent.**

Contemporaneously with this motion Plaintiffs filed a motion for a temporary restraining order, and Plaintiffs will seek a preliminary injunction immediately following the ruling on the requested TRO. This factor supports granting the instant motion so that the information developed can be considered by the imminent injunction request.

**B. The discovery requests are limited and focused on issues directly relevant to determining the preliminary injunction.**

A review of the discovery sought by Plaintiffs confirm they are directly relevant to the issues to be addressed at the preliminary injunction hearing. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Plaintiffs here seek answers to interrogatories and requests for admission regarding the procedures and protections accorded Class Members who are currently participating in the HUSP program against the risk of contracting COVID-19; the single focus of the TRO and preliminary injunction requests.

As the U.S. Centers For Disease Control has noted, "There are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members. Some settings, particularly jails and detention centers, have high turnover, admitting new entrants daily who may have been exposed to COVID-19 in the surrounding community or other regions."[1] The limited discovery is needed because the ability of Class Members "to exercise disease prevention measures (e.g., frequent handwashing) may be limited and is

---

[1] Centers for Disease Control and Prevention in its *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.

determined by the supplies provided in the facility and by security considerations."[2] This factor supports granting Plaintiffs' motion

### C. Expedited discovery is sought to obtain information that cannot be developed in any other manner to address the coming motion for preliminary injunction.

There is no other avenue to obtain information regarding the measures GEO has implemented at its detention facilities to protect Class members participating in the HUSP program from contracting COVID-19 <u>except</u> getting that information from GEO itself. *See, e.g.*, *In re Elcommerce.com, Inc.*, No. 10-51396, 2011 WL 237619, at *2 (E.D. Mich. Jan. 24, 2011) (granting motion to compel production where information was only available from the subpoenaed third party). This factor also supports granting Plaintiffs' motion.

### D. The burden on GEO to comply with the requests is minimal.

The requested discovery consists of answers to eight (8) interrogatories and twenty-nine (29) requests for admissions, and a corporate representative to give testimony on twelve (12) topics—all of which are directly relevant to the determination of Plaintiffs' motion for injunctive relief. In the current circumstance, any burden on GEO to answer a few questions about the effort it is (or is not) putting forth to protect Class Members is far outweighed by the threat of harm to Plaintiffs, including the potential for serious illness and death. *See, e.g.*, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 277 (N.D. Cal. 2002) ("While Defendants claim some logistical inconvenience in responding to the request inasmuch as most of the documents are located in Japan and many may be in Japanese, the Court fails to see why given current communication technology, Defendants cannot respond quickly to the narrow requests

---

[2] *Id.*

propounded by Plaintiff, especially given that the request hardly comes as a surprise …."). Again, this factor supports granting Plaintiffs' motion.

### E. The request has not been made in advance of the formal discovery process.

This action has been on file for over two years, extensive discovery on the merits has taken place, and the Court has certified three separate classes under Rule 23. Because the requested discovery is not premature as regards the initial discovery stay imposed by Rule 26, this factor supports granting Plaintiffs motion.

### CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their request for expedited discovery.

| | | |
|---|---|---|
| 1 | Dated: April 6, 2020 | Respectfully submitted, |
| 2 | | */s/ Daniel H. Charest* |
| 3 | | Daniel H. Charest (admitted *pro hac vice*) |
| | | dcharest@burnscharest.com |
| 4 | | TX Bar # 24057803 |
| 5 | | Will Thompson (CA Bar # 289012) |
| | | wthompson@burnscharest.com |
| 6 | | Warren Burns (admitted *pro hac vice*) |
| | | wburns@burnscharest.com |
| 7 | | TX Bar # 24053119 |
| 8 | | E. Lawrence Vincent (admitted *pro hac vice*) |
| | | lvincent@burnscharest.com |
| 9 | | TX Bar # 20585590 |
| 10 | | **BURNS CHAREST LLP** |
| | | 900 Jackson St., Suite 500 |
| 11 | | Dallas, Texas 75202 |
| 12 | | Telephone: (469) 904-4550 |
| | | Facsimile: (469) 444-5002 |
| 13 | | |
| 14 | | Robert Ahdoot (CA Bar # 172098) |
| | | rahdoot@ahdootwolfson.com |
| 15 | | Tina Wolfson (CA Bar # 174806) |
| 16 | | twolfson@ahdootwolfson.com |
| | | Theodore W Maya (CA Bar # 223242) |
| 17 | | tmaya@ahdootwolfson.com |
| 18 | | Alex R. Straus (CA Bar # 321366) |
| | | astraus@ahdootwolfson.com |
| 19 | | **AHDOOT & WOLFSON, PC** |
| 20 | | 10728 Lindbrook Drive |
| | | Los Angeles, California 90024-3102 |
| 21 | | Telephone: (310) 474-9111 |
| 22 | | Fax: (310) 474-8585 |
| 23 | | |
| 24 | | Korey A. Nelson (admitted *pro hac vice*) |
| | | knelson@burnscharest.com |
| 25 | | LA Bar # 30002 |
| 26 | | Lydia A. Wright (admitted *pro hac vice*) |

lwright@burnscharest.com
LA Bar # 37926
C. Jacob Gower (admitted *pro hac vice*)
jgower@burnscharest.com
LA Bar # 34564
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866


*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

On April 6, 2020, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

*/s/ Daniel H. Charest*
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002