# EXHIBIT B

Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
E. Lawrence Vincent (admitted *pro hac vice*)
lvincent@burnscharest.com
TX Bar # 20585590
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

Counsel for Plaintiffs

*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**NOTICE OF EXPEDITED RULE 30(B)(6) DEPOSITION OF THE GEO GROUP, INC.** |

1

NOTICE OF EXPEDITED RULE 30(B)(6) DEPOSITION OF THE GEO GROUP, INC.

5:17-cv-02514-JGB

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned matter will take the deposition by oral examination of Defendant The GEO Group, Inc. ("GEO") through one or more officers, directors, managing agents, or such other authorized persons who consent to testify on GEO's behalf. The deposition will take place at the following dates, times, and places before a court reporter and videographer:

| | |
|---|---|
| Date & Time: | April 10, 2020 at 9:00 a.m. PST |
| Place: | Veritext<br>316 West 2nd Street, Suite 200<br>Los Angeles, CA 90012<br>*Or by remote video conferencing* |
| Method of Recording: | Stenographically and by video |

GEO has a duty to designate one or more officers, directors, managing agents, or other persons with sufficient knowledge to testify on its behalf on all information known or reasonably available to each on the topics set forth below.

The deposition will be taken for the purpose of discovery, to perpetuate the testimony of the witness(es) for use at trial, and for all other purposes permitted under the Federal Rules of Civil Procedure. The deposition will be taken before a notary public or other officer authorized by law to administer oaths for use in this litigation as set forth above. The deposition will continue from day to day until completed.

2

# DEFINITIONS

1. The terms "you," "your," and "GEO" are defined as the Defendant The GEO Group, Inc., and any affiliated corporate entity or subsidiary (including any taxable REIT subsidiary) through which The GEO Group, Inc. conducts business or receives revenue, as well any officer, agent, employee, executive, or representative of GEO as defined herein.

2. The term "ICE" is defined as the United States Immigration and Customs Enforcement and includes, but is not limited to, any predecessor or successor agencies, and any divisions, departments, affiliates, agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

3. The term "Adelanto Facility" is defined as the Adelanto ICE Processing Center, located in Adelanto, California, and operated by GEO pursuant to a federal contract with ICE.

4. The term "Voluntary Work Program" is defined as any program GEO operates involving labor performed by detainees for remuneration of any kind that includes tasks outside those described in Section 5.8.V.C of the 2011 ICE Performance-Based National Detention Standards ("PBNDS") (rev. 2016).

5. The term "Adelanto Policy and Procedures Manual" is defined as any document or series of documents authored, issued, or promulgated by GEO involving policies, procedures, practices, post orders, guidelines, standards, or expectations

3

NOTICE OF EXPEDITED RULE 30(B)(6) DEPOSITION OF THE GEO GROUP, INC.

5:17-cv-02514-JGB

regarding the maintenance and operation of the Adelanto Facility, *e.g.* GEO-Novoa_00000221.

6. The term "PBNDS" is defined as any version of the 2011 ICE Performance-Based National Detention Standards.

7. The terms "Housing Unit Sanitation Policy, " "HUSP," "HUSPs," and "Sanitation Procedures/Housekeeping Plan" are defined as any program, policy, plan, or procedure GEO operates involving labor performed by detainees for no remuneration that includes sanitation and cleaning tasks in the detainees' housing units, dormitories, pods, or living areas. *See, e.g.*, GEO-Novoa_00000515 ("Sanitation Procedures/Housekeeping Plan").

8. The term "Class Member" means any civilly detained immigrant who was detained at any civil immigration detention center owned or operated by GEO in the United States between December 19, 2007 and the date these requests are answered or supplemented who subject to a GEO Housing Unit Sanitation Policy (HUSP) at any point during their detention, excluding (1) individuals detained in GEO's family residential detention facility in Karnes City, Texas; (2) individuals detained in the Alexandria Staging Facility in Alexandria, Louisiana; (3) any individual detained in the custody of the U.S. Marshall or any other law enforcement agency at a GEO facility where the company also detains civil immigration detainees pursuant to contracts with

4

NOTICE OF EXPEDITED RULE 30(B)(6)
DEPOSITION OF THE GEO GROUP, INC.

5:17-cv-02514-JGB

ICE; and (4) civilly detained immigrants detainees held at the Aurora ICE Processing Center in Aurora, Colorado at any time before October 22, 2014.

9. The term "detainee" or "detained immigrant" is defined as any person detained in an immigration detention facility operated by GEO.

10. The term "person" is defined as any natural person or business, legal, or governmental entity or association.

11. The terms "policy" or "policies" mean each rule, procedure, or directive, formal or informal, written or unwritten, and each common understanding or course of conduct that was recognized as such by Defendant or persons acting or purporting to act on Defendant's behalf, that has been in effect at any time during the period covered by these demands. These terms include any change of policy.

12. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

13. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

14. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

5

NOTICE OF EXPEDITED RULE 30(B)(6)
DEPOSITION OF THE GEO GROUP, INC.

5:17-cv-02514-JGB

15. The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

16. The terms "concerning" "regarding" and "relating to" mean relating to, supporting, contradicting, summarizing memorializing, describing, evidencing, constituting, containing, studying, identifying, analyzing, considering, regarding, explaining, mentioning, showing, discussing, comprising or commenting on.

17. Each of the terms "all," "any," "each," and "every" shall be construed as meaning all, any, each and every.

18. The terms "and" and "or" shall be construed both disjunctively and conjunctively.

19. The term "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of translations, notations, or markings) or any and all other written, printed, typed, punched, taped, filmed, or graphic matter or recorded or tangible thing, or whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof. The term document

shall specifically include all recorded or retrievable electronic data or communications such as electronic mail (e-mail) and the like and all translations thereof. Any document with any marks of any sheet or side thereof, including but limited to initials, routing instructions, metadata, date stamps, and/or any comment, marking or notation of any kind or character which is not a part of the original and/or any reproduction thereof, is to be considered a separate document.

20.     "Communication" shall refer to any form of communication, including any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

21.     The term "Facilities" means the Adelanto ICE Processing Center, the Aurora ICE Processing Center, the Broward Transitional Center, the Central Valley Annex, the Coastal Bend Detention Center, the Desert View Annex, the Folkston ICE Processing Center, the Golden State Annex, the Joe Corley Processing Center, the LaSalle ICE Processing Center, the Mesa Verde ICE Processing Center, the

Montgomery Processing Center, the Northwest ICE Processing Center, the Pine Prairie ICE Processing Center, the Rio Grande Processing Center, the South Louisiana ICE Processing Center, and the South Texas ICE Processing Center.

22. The term "COVID-19" means the Coronavirus Disease 2019 as discussed by the U.S. Centers for Disease Control and Prevention in its *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.

23. The term "Cohorting" refers to the practice of isolating multiple laboratory-confirmed COVID-19 cases together as a group or quarantining close contacts of a particular case together as a group.

24. The term "PPE" means Personal Protective Equipment as used by the U.S. Centers for Disease Control and Prevention in its *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.

25. The term "CDC's COVID-19 Detention Guidelines" means the guidelines and recommendations provided by the U.S. Centers for Disease Control and Prevention in its *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional*

8

NOTICE OF EXPEDITED RULE 30(B)(6)
DEPOSITION OF THE GEO GROUP, INC.

5:17-cv-02514-JGB

*and Detention Facilities*, available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.

26. The term "community transmission," with respect to COVID-19, refers to individuals acquiring the disease "through contact with someone in their local community, rather than through travel to an affected location." *See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.

27. The term "states with widespread community transmission" includes Washington, Utah, Rhode Island, Oregon, Oklahoma, North Carolina, Massachusetts, Maryland, Louisiana, Iowa, Illinois, Georgia, Connecticut, Colorado, California, and Arizona.

## RULE 30(b)(6) TOPICS

The deponent(s) shall be prepared to address the following topics:

**Topic 1:** The steps you have taken at each of the Facilities to implement and adhere to CDC's COVID-19 Detention Guidelines.

**Topic 2:** The steps you have taken at each of the Facilities to provide Personal Protection Equipment, training, and materials for personal hygiene including (but not limited to) liquid soap, sanitary hand drying materials, no-touch trash receptacles, facemasks, N95 respirators, disposable medical gloves, alcohol-based hand sanitizer containing at least 60% alcohol, and EPA-registered disinfectants effective against the virus that causes COVID-19, to each Class Member for use in connection with their performance of services pursuant to the HUSP program.

9

NOTICE OF EXPEDITED RULE 30(B)(6)
DEPOSITION OF THE GEO GROUP, INC.

5:17-cv-02514-JGB

**Topic 3:** The steps you have taken at each of the Facilities to test each Class Member for to the virus that causes COVID-19 who has performed duties as part of the HUSP program.

**Topic 4:** The steps you have taken at each of the Facilities to quarantine for 14 days each Class Member exposed to the virus that causes COVID-19 who has performed duties as part of the HUSP program.

**Topic 5:** The steps you have taken at each of the Facilities to enforce social distancing strategies of 6 feet between each Class Member who has performed duties as part of the HUSP program since January 1, 2020.

**Topic 6:** The steps you have taken at each of the Facilities to enforce social distancing strategies of 6 feet between detainees at each of your Facilities.

**Topic 7:** The steps you have taken at each of the Facilities to quarantine all new intakes for 14 days before they enter each of your Facilities' general population with Class Members.

**Topic 8:** The steps you have taken at each of the Facilities to place detainees who are suspected COVID-19 cases under medical isolation.

**Topic 9:** The steps you have taken at each of the Facilities to exclude individuals who develop symptoms of COVID-19 from group activities.

**Topic 10:** The steps you have taken at each of the Facilities to ensure that individuals under medical isolation are housed separately, in single cells with solid walls (i.e., not bars) and solid doors that close fully.

**Topic 11:** The steps you have taken at each of the Facilities to increase the number of non-detainee staff trained and responsible for cleaning common areas to ensure continual cleanliness of such areas throughout the day in lieu of performing those cleaning functions with Class Member labor through the HUSP program.

**Topic 12:** For each of your Facilities, as of April 1, 2020:

a. The total number of Class Members participating in the HUSP program;

b. The total number of Class Members who have contracted COVID-19;

10

NOTICE OF EXPEDITED RULE 30(B)(6)
DEPOSITION OF THE GEO GROUP, INC.

5:17-cv-02514-JGB

    c. The total number of Class Members who have been exposed to the COVID-19 virus;

    d. The total number of Class Members who have been medically isolated as a result of their exposure to the COVID-19 virus;

    e. The total number of Class Members who have exhibited a fever, dry cough, or shortness of breath since January 1, 2020; and

    f. The total number of Class Members who have been tested for the COVID-19 virus.

Dated: April 6, 2020               Respectfully,


                                   /s/ *Daniel H. Charest*
                                   Daniel H. Charest (admitted *pro hac vice*)
                                   dcharest@burnscharest.com
                                   TX Bar # 24057803
                                   Will Thompson (CA Bar # 289012)
                                   wthompson@burnscharest.com
                                   Warren Burns (admitted *pro hac vice*)
                                   wburns@burnscharest.com
                                   TX Bar # 24053119
                                   E. Lawrence Vincent (admitted *pro hac vice*)
                                   lvincent@burnscharest.com
                                   TX Bar # 20585590
                                   **BURNS CHAREST LLP**
                                   900 Jackson St., Suite 500
                                   Dallas, Texas 75202
                                   Telephone: (469) 904-4550
                                   Facsimile: (469) 444-5002

                                   Robert Ahdoot (CA Bar # 172098)
                                   rahdoot@ahdootwolfson.com
                                   Tina Wolfson (CA Bar # 174806)
                                   twolfson@ahdootwolfson.com
                                   Theodore W Maya (CA Bar # 223242)
                                   tmaya@ahdootwolfson.com
                                   Alex R. Straus (CA Bar # 321366)
                                   astraus@ahdootwolfson.com
                                   **AHDOOT & WOLFSON, PC**
                                   10728 Lindbrook Drive
                                   Los Angeles, California 90024-3102
                                   Telephone:  (310) 474-9111
                                   Fax:  (310) 474-8585


                                   Korey A. Nelson (admitted *pro hac vice*)
                                   knelson@burnscharest.com
                                   LA Bar # 30002
                                   Lydia A. Wright (admitted *pro hac vice*)

12

NOTICE OF EXPEDITED RULE 30(B)(6)                          5:17-cv-02514-JGB
DEPOSITION OF THE GEO GROUP, INC.

1  
2  lwright@burnscharest.com  
LA Bar # 37926  
C. Jacob Gower (admitted *pro hac vice*)  
3  jgower@burnscharest.com  
LA Bar # 34564  
4  **BURNS CHAREST LLP**  
5  365 Canal Street, Suite 1170  
New Orleans, LA 70130  
6  Telephone: (504) 799-2845  
7  Facsimile: (504) 881-1765  

8  
R. Andrew Free (admitted *pro hac vice*)  
9  andrew@immigrantcivilrights.com  
TN Bar # 030513  
10  **LAW OFFICE OF R. ANDREW FREE**  
11  P.O. Box 90568  
Nashville, TN 37209  
12  Telephone: (844) 321-3221  
Facsimile: (615) 829-8959  
13  

14  
Nicole Ramos (admitted *pro hac vice*)  
15  nicole@alotrolado.org  
NY Bar # 4660445  
16  **AL OTRO LADO**  
17  511 E. San Ysidro Blvd., # 333  
San Ysidro, CA 92173  
18  Telephone: (619) 786-4866  

19  
***Counsel for Plaintiffs***  
20  
21  
22  
23  
24  
25  
26  

13  
NOTICE OF EXPEDITED RULE 30(B)(6)                                    5:17-cv-02514-JGB  
DEPOSITION OF THE GEO GROUP, INC.

# CERTIFICATE OF SERVICE

Plaintiffs, by and through undersigned counsel, hereby certifies that a true and correct copy of this expedited notice of Rule 30(b)(6) deposition of The GEO Group, Inc. was served upon the following counsel in this matter, by email, on April 6, 2020.

Colin Barnacle
Christopher J. Eby
**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
T: 303-260-7712
F: 303-260-7714
colin.barnacle@akerman.com
christopher.eby@akerman.com

Damien DeLaney
Ashley Calhoun
David Van Pelt
Michael Gallion
**AKERMAN LLP**
601 West Fifth Street Suite 300
Los Angeles, CA 90071
T: 213-688-9500
F: 213-627-6342
damien.delaney@akerman.com
ashley.calhoun@akerman.com
david.vanpelt@akerman.com
michael.gallion@akerman.com

Dated: April 6, 2020

*/s/ Daniel H. Charest*

Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

14

NOTICE OF EXPEDITED RULE 30(B)(6)
DEPOSITION OF THE GEO GROUP, INC.

5:17-cv-02514-JGB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

15

NOTICE OF EXPEDITED RULE 30(B)(6)
DEPOSITION OF THE GEO GROUP, INC.

5:17-cv-02514-JGB