**AKERMAN LLP**
MICHAEL L. GALLION (SBN 189128)
DAVID VAN PELT (SBN 163690)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: michael.gallion@akerman.com
　　　　david.vanpelt@akerman.com
　　　　ashley.bobo@akerman.com

COLIN L. BARNACLE (admitted *pro hac vice*)
ADRIENNE SCHEFFEY (admitted *pro hac vice*)
ASHLEY E. CALHOUN (SBN 270530)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com
　　　　adrienne.scheffey@akerman.com
　　　　ashley.calhoun@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>vs.<br>THE GEO GROUP, INC.,<br>　　　　　　Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>The Honorable Jesus G. Bernal<br><br>**DEFENDANT GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**<br><br>Hearing Date: May 4, 2020<br>Hearing Time: 9:00 am<br><br>TAC Filed: September 16, 2019<br>SAC Filed: December 24, 2018<br>FAC Filed: July 6, 2018<br>Comp. Filed: December 19, 2017<br>Trial Date: February 2, 2021 |

## I.  INTRODUCTION

Defendant GEO Group, Inc. ("GEO") hereby submits the following Opposition to Plaintiffs' Motion for Expedited Discovery. The Motion is improper on se several grounds and should be denied.

GEO's Opposition seeks to prevent a clear abuse of the discovery process. First, Plaintiffs did not properly submit this matter to the magistrate judge assigned to adjudicate discovery matters in this case, as required by the Standing Order applicable to this case. Second, even if Plaintiffs *had* put the matter properly before the magistrate judge, Plaintiffs failed to meet and confer GEO's counsel before filing its unilaterally-noticed Motion, as required by local rules.

For these reasons, Plaintiff's Motion for Expedited Discovery should be denied. To the extent that the Court is inclined to consider the Motion, GEO requests the ability to object to the substance of the requests, which have not been served on GEO.

## II.  LEGAL ARGUMENT

### A.  PLAINTIFFS FILED THE PRESENT MOTION WITHOUT MEETING AND CONFERRING WITH DEFENSE COUNSEL IN VIOLATION OF THE LOCAL RULES

Local Rule 37-1 provides: "Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Local Rule 37-2.4 goes on to state: *The Court will not consider any discovery motion in the absence of a joint stipulation* or a declaration from counsel..." (emphasis added.)

/ / /

/ / /

The Court's mandate here is clear. Plaintiffs' counsel do not, and cannot, assert that they met and conferred regarding the discovery that they are seeking to have the Court order. Although the Motion refers to a "conference of counsel . . . which took place on April 6, 2020," nowhere does the Motion specify that this conference addressed discovery, much less the discovery that is the subject of this Motion. In fact, the conference was devoted to discussion among counsel for the Parties regarding Plaintiffs' Temporary Restraining Order, not the discovery requests that Plaintiffs have submitted to the Court.

Indeed, counsel for GEO was neither served with the discovery requests at issue, nor provided with a copy of them, prior to the filing of the Motion. This fact alone requires that the Motion be dismissed, as it was filed in direct contradiction to the Local Rules.

**1.     The Deposition Was Unilaterally Noticed without Reasonable Notice.**

Further, Plaintiffs improperly and unilaterally noticed a Rule 30(b)(6) deposition covering twelve (12) topics on merely four days' notice (the deposition designated April 10, 2020 as the deposition date), without regard to GEO's (or its counsel's) availability, or the amount of time that GEO would need to prepare the designated witness and review and prepare for the noticed topics. See Civility and Professionalism Guidelines adopted by the United States District Court for the Central District of California ("We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts."). Assuming that Plaintiffs' counsel genuinely seek to have the deposition proceed on the noticed date, Plaintiffs can hardly maintain that the notice provided for the deposition was "reasonable." Fed. R. Civ. Proc. 30(b)(1).

As a result, Plaintiffs' Expedited Discovery Motion should be denied in its entirety for its violation of Local Rules 37-1 and. 37-2.4 and the general spirit of civility and professionalism of this Court.

52673346;1                                                                                   2                                          CASE NO. 5:17-CV-02514-JGB-SHK
**DEFENDANT GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

### B. PLAINTIFFS' MOTION WAS IMPROPERLY SUBMITTED TO THIS COURT

Plaintiffs' Motion fails for an additional reason as well. Even if Plaintiffs' had met and conferred as required, and even if they had provided reasonable notice of the discovery, the Motion violated the established procedure for discovery disputes in this Court.

Pursuant to the Honorable Judge Jesus G. Bernal's Standing Order, all discovery matters must be brought before the Magistrate Judge, the Honorable Shashi Kewalramani, rather than this Court. Plaintiffs are well aware of the Court's procedure for handling discovery disputes, as counsel for the Parties have availed themselves of the Magistrate's services repeatedly in this case. Plaintiffs have expressly contravened this order and instead brought its discovery motion before the Court.

### III. CONCLUSION

GEO respectfully requests that the Court deny Plaintiffs' Motion for Expedited Discovery in its entirety, and instead order the Parties to meet and confer and for Plaintiffs to properly submit this issue before the Magistrate Judge.

Dated: April 10, 2020                              **AKERMAN LLP**

By: _/s/ Michael L. Gallion_
Michael L. Gallion
David Van Pelt
Ashley E. Calhoun
Attorneys for Defendant
THE GEO GROUP, INC.

52673346;1                    3                    CASE NO. 5:17-CV-02514-JGB-SHK
**DEFENDANT GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342