**AKERMAN LLP**
MICHAEL L. GALLION (SBN 189128)
DAVID VAN PELT (SBN 163690)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:  (213) 688-9500
Facsimile:   (213) 627-6342
Email:   michael.gallion@akerman.com
Email:   david.vanpelt@akerman.com

COLIN L. BARNACLE (admitted *pro hac vice*)
ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714
Email:   colin.barnacle@akerman.com
Email:   adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br>vs.<br>THE GEO GROUP, INC.,<br><br>Defendant.<br><br>THE GEO GROUP, INC.,<br><br>Counter-Claimant,<br>vs.<br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Counter-Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>Assigned to Hon. Jesus G. Bernal<br><br>**DEFENDANT THE GEO GROUP, INC.'S EX PARTE APPLICATION TO EXTEND EXPERT REBUTTAL DEADLINE, DISCOVERY CUTOFF, DEADLINE TO FILE SUMMARY JUDGMENT MOTIONS, AND NON-DISCOVERY MOTION CUTOFF**<br><br>TAC Filed:         September 16, 2019<br>SAC Filed:         December 24, 2018<br>FAC Filed:         July 6, 2018<br>Complaint Filed:  December 19, 2017<br>Trial Date:         February 2, 2021 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant The GEO Group, Inc. ("GEO"), by and through the undersigned counsel, hereby respectfully move this Court *ex parte* for an order granting its application to extend the expert rebuttal deadline, discovery cutoff, deadline to file summary judgment motions, and non-discovery motion cutoff.

GEO seeks *ex parte* relief due to (1) the timing of Plaintiffs' filing of their Motion to Approve Class Notice, which proposes a notice completion plan after the deadline to file dispositive motions in this case—running afoul of the one-way intervention rule and prejudicing GEO; (2) Plaintiffs' recent service of twelve additional requests for production of documents calling for voluminous documents in addition to the myriad of outstanding discovery requests noted above; (3) the unprecedented circumstances caused by COVID-19, including impeding GEO's efforts to comply with the fast approaching deadlines; and (4) Plaintiffs' unwillingness to agree to a brief short continuance.

This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, Declaration of Alicia Hou, and the pleadings and records on file in the above-entitled action.

This application is made following the conference of counsel Pursuant to L.R. 7-19.1. It is GEO's understanding Plaintiffs oppose this application.

Dated: August 21, 2020                    **AKERMAN LLP**

By:  */s/ David Van Pelt*
    Michael L. Gallion
    David Van Pelt
    Colin L. Barnacle
    Adrienne Scheffey

Attorneys for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

Page

I. INTRODUCTION. ................................................................................................ 1

II. RELEVANT PROCEDURAL BACKGROUND. ................................................ 3

    A. Events Affecting Discovery Cutoff. ............................................................ 3

        1. Outstanding Discovery. ..................................................................... 3

        2. Document Production and Written Discovery................................... 4

        3. Expert Rebuttal Deadline. .................................................................. 6

    B. Events Affecting the November 30 Motion Cutoff and Summary Judgment Deadline. ..................................................................................... 6

    C. Plaintiffs' Refusal to Agree to a Reasonable Extension. ............................. 7

III. LEGAL STANDARD. .......................................................................................... 7

IV. LEGAL ARGUMENT. ......................................................................................... 8

    A. Plaintiffs' Delay in Filing Their Motion to Approve Class Notice Necessitates a Continuance of the Dispositive Motion Cutoff under the One-Way Intervention Rule. ................................................................. 8

    B. Plaintiffs' Discovery Tactics Require a Continuance of the Discovery Cutoff. ........................................................................................ 11

    C. COVID-10 Related Concerns. ................................................................... 12

V. CONCLUSION. .................................................................................................. 12

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brown v. Colegio de Abogados de Puerto Rico*,
   613 F.3d 44 (1st Cir. 2010)..................................................................................8

*Darrington v. Assessment Recovery of Wash., LLC*,
   No. C13-0286-JCC, 2014 WL 3858363 (W.D. Wash. Aug. 5, 2014) .......................8

*Faber v. Ciox Health, LLC*,
   944 F.3d 593 (6th Cir. 2019) ................................................................................10

*Horne v. Wells Fargo Bank, N.A.*,
   969 F. Supp. 2d 1203 (C.D. Cal. 2013) ..................................................................7

*McCurley v. Royal Seas Cruises, Inc.*,
   No. 17-CV-00986-BASAGS, 2019 WL 3817970 (S.D. Cal. Aug. 14, 2019) .....................................................................................................................9

*Mission Power Engineering Co. v Continental Cas.*,
   883 F. Supp. 488 (C.D. Cal. 1995)..........................................................................7

*Schwarzschild v. Tse*,
   69 F.3d 293 (9th Cir. 1995) ..................................................................... 8, 9, 10

*Villa v. San Francisco Forty-Niners, Ltd.*,
   104 F. Supp. 3d 1017 (N.D. Cal. 2015)..................................................................9

**Rules**

Rule 23 ........................................................................................................................9

Rule 23(b)(3)............................................................................................................10

Rule 23(c)(2) .............................................................................................................8

Rule 23(c)(2)(B) ........................................................................................................8

Rule 23(C)(2)(B)(iv) ................................................................................................10

Rule 26(a)(2)(D)(ii) ...................................................................................................6

Rule 30(b)(6).............................................................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

This case involves a nationwide class action involving immigrant detainees, alleging failure to pay wages and violation of human trafficking statutes across multiple jurisdictions. Recent events in the case have made a modest continuance of certain deadlines in the case not only advisable, but imperative.

Following class certification in late 2019, GEO appealed the Court's ruling to the Ninth Circuit. The parties agreed to stay nationwide class discovery for two months from January 8, 2020, in lieu of a stay of the entire action. ECF Nos. 244 and 247. Then, in an event that no one could anticipate, the COVID-19 pandemic impacted not only the practice of law, but everyday life throughout the nation. The effect upon GEO was particularly stark. GEO's operations involve, in significant part, caring for those detained by ICE and other governmental bodies across the country. Thus, by April, GEO was inundated by urgent matters, including the Temporary Restraining Order Application ("TRO") filed in the instant case. ECF 252. At the same time, attorneys and courts were working to quickly adapt to the remote practice of law, including finding alternatives to in-person depositions and hearings.

Following the denial of Plaintiffs' TRO, in late May, Plaintiffs' motion to compel was granted in part, with instructions from the Honorable Magistrate Judge Kewalramani to confer about search terms. The parties diligently did so and reached a final agreement early this month. As part of the parties' agreement, GEO agreed to review a significant number of documents. Since that time, discovery has amplified in this case: Plaintiffs served their First Sets of Interrogatories and Requests for Admissions, including over 50 Requests for Admission; two additional sets of requests for production (totaling twelve new requests); conducted two 30(b)(6) depositions with an additional designee's deposition pending; and have noticed their intent to conduct at least four additional depositions. Additionally, expert discovery remains outstanding. In addition to the newly propounded discovery, GEO is still

reviewing tens of thousands of documents related to Plaintiffs' prior requests. While GEO continues to produce these documents on a rolling basis, it must also present a number of the documents to ICE for review before production. In addition, Plaintiffs waited until July – more than nine months after class certification -- to seek class notice, rendering it impossible for GEO to file a motion for summary judgement that could legally bind the entire class.

Despite the above, Plaintiffs refuse to agree to a short continuance of the discovery deadline and related dates. No reason exists to shortchange due process, particularly in the midst of an unprecedented pandemic in response to which this Court has indefinitely postponed jury trials. (*See* August 6, 2020 General Order 20-09 "no jury trials will be conducted in civil cases" until further notice.) Indeed, because GEO believes the current trial date can be preserved (contingent upon COVID-19's containment), Plaintiffs cannot show any possible prejudice by the relief sought herein.

With the volume of discovery and other deadlines that remain outstanding, the September 14, 2020 discovery cutoff is no longer tenable. Accordingly, good cause exists to support the extension of the discovery cutoff deadline and the dispositive motions deadline. Accordingly, GEO respectfully requests that this Court grant the modest extensions requested herein:

| Event | Current Date | Proposed Date |
|---|---|---|
| Expert Disclosure (Initial) | Monday, August 17, 2020 | No Change |
| Expert Disclosure (Rebuttal) | Monday, August 31, 2020 | Wednesday, September 30, 2020 |
| All Discovery Cutoff (including hearing discovery motions) | Monday, September 14, 2020 | Friday, October 30, 2020 |
| Last Date to Conduct Settlement Conference | Monday, October 12, 2020 | Friday, November 6, 2020 |
| Last Date to File Summary Judgment Motions | Wednesday October 4, 2020 | Friday, November 6, 2020 (or the soonest possible date following the close of the notice period). |
| Last Date to Hear Non-Discovery Motions | Monday, November 30, 2020 | Friday, December 4, 2020 |
| Final Pretrial Conference and Hearings on Motions in | Monday, January 4, 2021 at 11:00 AM | No Change |

| Limine | | |
|---|---|---|
| Trial Date | Tuesday, February 2, 2021 at 9:00 AM | No Change |

## II. RELEVANT PROCEDURAL BACKGROUND.

### A. Events Affecting Discovery Cutoff.

#### 1. Outstanding Discovery.

As of the date of this filing, this case has significant outstanding discovery remaining, including at least ten depositions, expert discovery, and the review of tens of thousands of documents. The outstanding obligations are explained in more detail as follows:

1. <u>Document Production.</u> There are tens of thousands of documents that need to be reviewed and if responsive, produced in response to the numerous discovery requests Plaintiffs propounded. (Declaration of Alicia Hou (**Hou Decl**.) ¶ 4.) Those requests are discussed in more detail *infra*. On August 3, 2020 and August 4, 2020, Plaintiffs served twelve additional requests for production on GEO. (Hou Decl. ¶ 7.) These requests remain outstanding. (Hou Decl. ¶¶ 6, 7.) Additionally, Plaintiffs' responses to GEO's requests for production of documents remain outstanding. (Hou Decl. ¶ 9)

2. <u>Written Discovery</u>. On the eve of the close of discovery, Plaintiffs have served numerous written discovery requests. On July 15, 2020, Plaintiff Campos served thirteen interrogatories and *fifty-four* requests for admission. Plaintiff Mancia served four interrogatories and thirteen requests for admission on August 3, 2020. (Hou Decl. ¶¶ 5, 6.)

3. <u>Expert Discovery.</u> Plaintiffs disclosed three separate experts on August 17, 2020, the rebuttal deadline is *nine* days from the date of this filing and it appears GEO will need to subpoena additional documents from Plaintiffs' experts to ensure it has their full files. After receiving those files, the Parties need to schedule the depositions of these three witnesses, in addition to GEO's expert. Should either side add additional witnesses for rebuttal on August 31, 2020, there will be insufficient

time to subpoena their records and also schedule their depositions within the discovery window. At a minimum, four depositions remain outstanding. (Hou Decl. ¶ 10.)

4. <u>Depositions.</u> Without accounting for expert depositions, Plaintiffs have noticed six other depositions that must be completed: (1) A continued Rule 30(b)(6) deposition; (2) Two GEO fact witnesses; and (3) Two third party witnesses. One of these depositions was noticed three days ago, on August 18, 2020, without any conferral as to GEO or the witness's availability. Moreover, on August 7, 2020, Plaintiffs served amended initial disclosures listing *additional witnesses* that GEO may need to depose. GEO also seeks to depose Plaintiff Fernando Munoz-Aguilera who submitted a declaration in support of Plaintiffs' motion for class certification, but was never made available for a deposition. (Hou Decl. ¶¶ 11, 12.)

5. <u>Discovery Motions and Hearings.</u> Additionally, Magistrate Kewalramani has ordered the parties to be in "substantial compliance" with their discovery obligations by September 7, 2020 – a week *before* the discovery cutoff.[1] Whether intentional or not, Plaintiffs' near daily e-mails threatening to seek Magistrate Kewalramani's intervention (some prior to conferring in good faith with GEO's counsel), in addition to the discovery conferences themselves, have taken the majority of GEO's focus and energy, negatively impacting GEO's ability to meet its September 7 deadline. These additional discovery conferences and conferrals have resulted in significant changes to the scope of GEO's production obligations. (Hou Decl. ¶¶ 13-15.)

### 2. Document Production and Written Discovery.

On May 22, 2020, Magistrate Judge Kewalramani issued an order granting in part and denying in part Plaintiffs' Second Motion to Compel. ECF 274. The discovery order required the parties to meet and confer on several of Plaintiffs' requests for production contained within their First and Second Requests for

---

[1] It is GEO's understanding that GEO's "substantial compliance" obligations deal solely with the First and Second Sets of Production.

Production to GEO. (*Id*.) In a good faith effort from both sides, the parties underwent numerous conferrals and avoided the need for further intervention by Magistrate Judge Kewalaramani. Despite their best efforts, the Parties did not reach final resolution until earlier this month, effectively requiring GEO to both complete the additional discovery obligations that have arisen this month, while also reviewing tens of thousands of potentially responsive documents prior to the September 14 discovery cutoff. (Hou Decl. ¶ 16.)

On August 7, Magistrate Kewalramani ordered GEO to provide a date by which it can be in "substantial compliance" as to the first 38 RFPs. ECF 290. GEO proposed September 7 as the date it would endeavor to be in "substantial compliance." (Hou Decl. ¶ 13.) While GEO intends to comply with this date[2], Plaintiffs' own conduct have greatly thwarted, and continue to thwart, GEO's progress. To be sure, despite these tactics, GEO continues to produce documents related to Plaintiffs' discovery responses on a rolling basis, following ICE's review.

Moreover, just two weeks ago, on August 3 and 4, Plaintiffs propounded twelve additional RFPs, seeking documents from GEO's facilities nationwide. (Hou Decl. ¶ 7.) Many of these requests seek documents that are maintained at twelve of GEO's facilities which will require GEO to coordinate with each facility to obtain the requested records. (Hou Decl. ¶ 8.) The requests are also overbroad on their face and will require significant conferral. Without narrowing, the requests seek hundreds of thousands of pages of documents. For example, request number 39 seeks <u>*all documents*</u> produced by GEO in *two other pending class* actions, including *Menocal v. The GEO Group,* which GEO has been litigating for six years and in which discovery closed on August 14, 2020. (Hou Decl. ¶ 7.) Notably, the time periods and scope for these two class actions were explicitly excluded from the class certification in this action.

---

[2] GEO has more than tripled the number of attorneys staffed on the document review project.

Indeed, Plaintiffs themselves have expressed concern about the discovery deadlines, despite refusing the reasonable request for an extension. Just this week, on Tuesday, August 18, 2020, Plaintiffs' counsel wrote to Magistrate Judge Kewlaramani that they are concerned that given the short timeline, they are going to be unable to review all documents produced after the September 7, 2020 substantial compliance deadline with sufficient time to identify deficiencies therein, initial conferrals required under the local rules, and comply with the current deadline for discovery deadlines. (Hou Decl. ¶ 17.)

Finally, on August 20, 2020, Plaintiffs appeared before Magistrate Kewalramani to resolve a discovery dispute concerning the third party deposition of the individual Jessie Flores during which Plaintiffs raised for the first time new allegations and legal claims which (in Plaintiffs view) would significantly expand the scope of this litigation and GEO's potential liability, without providing adequate notice to GEO such that it could investigate the claims and raise defenses as necessary. (Hou Decl. ¶ 18.)

### 3. Expert Rebuttal Deadline.

Under the operative scheduling order, each party to the action was given only fourteen days to complete rebuttal expert designation and produce written statements containing every opinion and its basis that each rebuttal expert intends to provide at trial, which is sixteen days less than the time allotted under Rule 26(a)(2)(D)(ii).

### B. Events Affecting the November 30 Motion Cutoff and Summary Judgment Deadline.

On November 26, 2019, the Court issued its order certifying the classes. ECF 223. Plaintiffs waited *nine* months before filing their Motion to Approve Class Notice Plan on August 4, 2020. ECF 284. Within their Motion, Plaintiffs propose an opt-out deadline of "75 calendar days from campaign launch." (*Id*. at 10.) The hearing on Plaintiffs' Motion to Approve Class Notice Plan is not until September 14, 2020, meaning the opt-out deadline could extend well into November 2020.

### C. Plaintiffs' Refusal to Agree to a Reasonable Extension.

On July 27, 2020 during the conferral call on Plaintiffs' Motion to Approve Class Notice Plan, GEO's counsel raised the issue of Plaintiffs' late filing and proposed the parties stipulate to a trial continuance. (Hou Decl. ¶ 19.) Plaintiffs' counsel firmly advised they would not agree to continue any dates. (*Id*.)

On August 14, 2020, during a discovery hearing before Magistrate Kewalramani, Plaintiffs again expressed firmly they would not agree to continue any deadlines. (Hou Decl. ¶ 20.)

On August 21, 2020, when conferring with counsel about continuing the dates that are subject of this application so as to obviate the need for this *ex parte* application, Plaintiffs' counsel again reiterated that they will not agree to any continuance of any deadline in this case. (Hou Decl. ¶ 21.)

### III. LEGAL STANDARD.

The court is permitted to grant *ex parte* relief upon a showing of "good cause." *Mission Power Engineering Co. v Continental Cas.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Further, an *ex parte* application is "justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A*., 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

Courts utilize a sliding scale to measure the threat of prejudice. "If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." *Mission Power*, 883 F. Supp. at 492.

Here, good cause exist. Drastic harm will come to GEO if this Court does not grant GEO's *ex parte* application as the trial and the pre-trial deadlines quickly approach—particularly the discovery cutoff and the dispositive motion cutoff, continuances of which are needed because of the incredibly short window for nationwide discovery on such a large class action—a timetable which was further truncated by the unexpected events related to COVID-19.

## IV.  LEGAL ARGUMENT.

GEO will suffer irreparable harm if the Court denies this application.

### A.  Plaintiffs' Delay in Filing Their Motion to Approve Class Notice Necessitates a Continuance of the Dispositive Motion Cutoff under the One-Way Intervention Rule.

Because of Plaintiffs' delay in filing their Motion to Approve Class Notice Plan, GEO would be forced to file a dispositive motion prior to the expiration of Plaintiff's proposed opt-out period in order to comply with the current deadlines in this case. The earliest date on which the opt-out period could end is October 29, 2020—15 days before the summary judgment filing deadline. Practically speaking, this means any judgment GEO could obtain against Plaintiffs would be binding only against the named plaintiffs. This also means prospective class members will be allowed to evaluate the strength of GEO's key legal positions prior to deciding whether they would like to be included in the class. This would be unduly prejudicial to GEO.

"The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action **well before** the merits of the case are adjudicated." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis added); *see also Darrington v. Assessment Recovery of Wash., LLC*, No. C13-0286-JCC, 2014 WL 3858363, at *3 (W.D. Wash. Aug. 5, 2014). "[T]he notice requirement for 23(b)(3) class actions is rooted in due process and clearly mandatory under Rule 23(c)(2)(B)", *Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 51 (1st Cir. 2010) (citing *Eisen v. Carlisle &*

*Jacquelin*, 417 U.S. 156, 176 (1974). "Ultimately, class notice should be completed before dispositive motions are decided." *McCurley v. Royal Seas Cruises, Inc.*, No. 17-CV-00986-BASAGS, 2019 WL 3817970, at *4 (S.D. Cal. Aug. 14, 2019). As the Ninth Circuit has explained, when Rule 23 was drafted:

> [m]any commentators objected that one-way intervention had the effect of giving collateral estoppel effect to the judgment of liability in a case where the estoppel was not mutual. This was thought to be unfair to the defendant. To meet the point that one-way intervention was unfair to the defendant, the Advisory Committee on the Federal Rules concluded that class members should be brought in prior to the determination of defendant's liability, thus making the estoppel mutual.

*Schwarzschild*, 69 F.3d at 295 (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 759 (3d Cir. 1974)); *see also* Advisory Committee Notes to 1966 Amendments to Rule 23 ("Under . . . subdivision (c)(3), one-way intervention is excluded"). "The doctrine is 'one-way' because a plaintiff would not be bound by a decision that favors the defendant but could decide to benefit from a decision favoring the class. After amendment, the rule no longer left defendants vulnerable, as at least one court has vividly analogized to 'being pecked to death by ducks.'" *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015) (citations omitted). Without the one-way intervention doctrine, "one plaintiff could sue and lose; another could sue and lose; and another and another until one finally prevailed; then everyone else would ride on that single success." *Id.* Accordingly, the rule stands for the proposition that "a decision rendered by the district court before a class has been properly certified and notified is not binding upon anyone but the named plaintiffs." *Schwarzschild*, 69 F.3d at 297 n.5.

However, this rule is not absolute. Where a defendant moves for and obtains summary judgment before the class has been properly notified, the defendant waives the right to have notice sent to the class and the decision binds only the named plaintiffs. *Id.* This is because where a defendant moves before class notice is

complete, the defendant assumes the risk that a judgment will not have the effect of res judicata on the absent class members. *Id.* "And Rule 23(b)(3) class certification cannot bind a class without providing adequate notice as required by the Due Process Clause." *Faber v. Ciox Health, LLC*, 944 F.3d 593, 603 (6th Cir. 2019). Furthermore, "class certification remains functionally incomplete until class members receive notice." *Id.* Where a class is certified and summary judgment is later granted, but notice has not been sent out, there is little chance that notice could be effective. *Id.* "Rule 23(C)(2)(B)(iv) requires that the notice inform class members that they "may enter an appearance through an attorney if [they] . . . so desire [] . . . that Rule is largely pointless if a district court grants summary judgment before notifying the class." *Id.* at 604.

Here, notice has not been sent. Therefore, GEO is left with two equally unappealing choices—either brief summary judgment before notice is complete or forego filing summary judgment altogether. This places the parties squarely within the *Faber* circumstances. This delay was avoidable. The Ninth Circuit declined GEO's request for 26(f) review on January 22, 2020. Yet, Plaintiffs did not file their motion to approve class notice until August 4, 2020, with a hearing set for September 14, 2020. ECF 284.  The proposed opt-out deadline is not until 75-days following the "campaign launch." ECF 284 at p. 10.  Assuming the Court approves Plaintiffs' Notice Plan, and assuming Plaintiffs launch their Notice Plan on the day of the hearing (which is highly improbable), the earliest possible opt-out deadline would be October 29, 2020. Yet, the deadline for parties to file a motion for summary judgment is <u>fifteen days</u> before that, on October 14. Plaintiffs' inexplicable delay now poses a serious threat of irreparable injury to GEO.

///

///

///

///

**B.     Plaintiffs' Discovery Tactics Require a Continuance of the Discovery Cutoff.**

The discovery cutoff is currently set for September 14, 2020, with a "substantial compliance" deadline of September 7, 2020. (ECF 247 & Hou Decl. ¶ 13.) Plaintiffs continue to thwart GEO's ability to comply with these deadlines with numerous demands for conferral and near-weekly threats to seek Court intervention for immaterial or already-resolved issues. Additionally, Plaintiffs have continued to serve additional discovery requests, demand depositions *without any conferral as to appropriate dates*, and notice depositions of third parties (again without conferral). (Hou Decl. ¶¶ 5-7, 11.) While seeking conferrals and court intervention on material issues is understandable and in fact required, the conferral record demonstrates Plaintiffs have tried to revive at least five already-resolved issues and there is no indication they will stop. (Hou Decl. ¶ 14.)

To the contrary.  Between July 23, 2020 and August 20, 2020, Plaintiffs presented no less than **nineteen** discrete discovery issues—many of which were revivals of resolved disputes—to GEO's counsel demanding immediate attention otherwise they would bring the issue before Magistrate Judge Kewalramani, often by close of business the same day. (Hou Decl. ¶ 14.)

Indeed, despite good faith conferrals, a significant number of outstanding conferrals mandated by Magistrate Judge Kewalaramani were not finalized until earlier this month. (Hou Decl. ¶ 16.) These conferrals resulted in an agreement that in addition to other outstanding requests, GEO would review thousands of documents before the September 14, 2020 cutoff. Moreover, just two weeks ago, on August 3, 2020 and August 4, 2020, Plaintiffs propounded twelve additional RFPs. As described above, request number 39 *alone* seeks <u>all documents</u> produced by GEO in *two other pending class* actions, including *Menocal v. The GEO Group,* which GEO has been litigating for six years. (Hou Decl. ¶ 7.)

**DEFENDANT'S EX PARTE APPLICATION TO EXTEND DISCOVERY CUT OFF DEADLINE**

Finally, on August 20, 2020, Plaintiffs appeared before Magistrate Kewalramani to resolve a discovery dispute concerning the deposition of Jessie Flores during which Plaintiffs raised, for the first time, new allegations and legal claims which would further expand the scope of this litigation. (Hou Decl. ¶ 18.)

### C. COVID-10 Related Concerns.

In addition to the above, while everyone has been impacted by COVID-19, GEO's has suffered a disproportionate impact due to its unique business. GEO has faced unprecedented litigation nationwide, including at least two TROs in front of this very Court. Additionally, because the safety and security of detainees is paramount, GEO's ICE facilities limited ingress and egress to third parties, as well as implemented new schedules. These limitations have the effect of reducing GEO's ability to respond to certain document requests, as employees are not always instantly available to GEO's counsel. (Hou Decl. ¶ 8.)

Further, GEO's corporate campus in Florida is operating on reduced schedules and much of its corporate staff's attention has been devoted to addressing COVID-19 related issues across GEO's nationwide facility network. This has impeded GEO's ability to meet its current discovery obligations, particularly in light of the shortened time frames governing this action. Even in normal circumstances, the effort required to complete discovery in a nationwide class action would be extensive and difficult to accomplish in a mere six months. *See* ECF Nos. 244 and 247. During the global COVID-19 pandemic, however, the challenge is extraordinary and *severely* impacted by GEO's closed campus and primary goal of implementing health safety measures across its facilities nationwide.

### V. CONCLUSION.

GEO seeks *ex parte* relief for the foregoing reasons, including (1) Plaintiffs' late filing of their Motion to Approve Class Notice which proposes a notice completion plan after the deadline to file dispositive motions in this case—thus running afoul of the one-way intervention rule; (2) Plaintiffs' recent service of twelve

additional requests for production of documents calling for voluminous documents in addition to the myriad of outstanding discovery requests noted above; (3) the unprecedented circumstances caused by COVID-19 including impeding GEO's efforts to comply with the fast approaching deadlines; and (4) Plaintiffs' unwillingness to stipulate to a short continuance.

GEO respectfully requests this Court reset the impending deadlines as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Expert Disclosure (Initial) | Monday, August 17, 2020 | No Change |
| Expert Disclosure (Rebuttal) | Monday, August 31, 2020 | Wednesday, September 30, 2020 |
| All Discovery Cutoff (including hearing discovery motions) | Monday, September 14, 2020 | Friday, October 30, 2020 |
| Last Date to Conduct Settlement Conference | Monday, October 12, 2020 | Friday, November 6, 2020 |
| Last Date to File Summary Judgment Motions | Wednesday October 4, 2020 | Friday, November 6, 2020 (or the soonest possible date following the close of the notice period). |
| Last Date to Hear Non-Discovery Motions | Monday, November 30, 2020 | Friday, December 4, 2020 |
| Final Pretrial Conference and Hearings on Motions in Limine | Monday, January 4, 2021 at 11:00 AM | No Change |
| Trial Date | Tuesday, February 2, 2021 at 9:00 AM | No Change |

GEO respectfully requests the Court grant this *ex parte* application.

Dated: August 21, 2020

**AKERMAN LLP**

By: ___/s/ David Van Pelt___
    Michael L. Gallion
    David Van Pelt
    Colin L. Barnacle
    Adrienne Scheffey
    Attorneys for Defendant
    THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342