# EXHIBIT 1

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

*Class Counsel*
(Additional Class Counsel listed on signature page)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant.* | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.** |

**TO:** **Defendant The GEO Group, Inc.**

Plaintiffs Raul Novoa, Jaime Campos Fuentes, Abdiaziz Karim, and Ramon Mancia, by and through undersigned counsel, hereby serve the following requests for production under oath pursuant to Federal Rules of Civil Procedure 26 and 34.

Please respond within 30 days from the date of this request, and continuing from day to day thereafter, until completed, at **365 Canal Street, Suite 1170, New Orleans, Louisiana 70130**, or at such time and place as may be agreed upon by all counsel.

## INSTRUCTIONS

PLAINTIFFS' THIRD SET OF  REQUESTS FOR
PRODUCTION TO DEFENDANT THE GEO
GROUP, INC.

5:17-cv-02514-JGB

1.      Each discovery request must be answered in full. If this cannot be done after conducting a reasonable investigation, answer to the fullest extent possible, explaining why a complete answer is not possible, stating any knowledge, information, or belief concerning the unanswered portion of the discovery request, what information or documents cannot be provided, why the information or documents are not available, and what efforts were made to obtain the unavailable information or documents.

2.      Pursuant to Rule 34, all documents and tangible things that are responsive to a request for production must be produced if they are in your possession, custody, or control.

     a. You are instructed that possession, custody, or control includes constructive possession; therefore, your ability to produce the documents and tangible items requested herein is not affected by you not having actual physical possession of such items.

     b. As long as you have a right to possess the requested items or a right to compel the production of such items from a third party (including any person, entity, agent, governmental body or agency, or representative), you have possession, custody, or control.

     c. If any document requested was in your possession or control, but no longer is in your possession or subject to your control, state what disposition was made of it, the reason and date of such disposition.

3.      With respect to each item or category of items where applicable, you must state objections and assert privileges, if any, as required by the Federal Rules of Civil Procedure and further respond, as appropriate, that:

     a. production, inspection, or other requested action will be permitted as requested;

     b. the requested items are being served with your response;

     c. production, inspection, or other requested action will take place at a specified time and place if you are objecting to the time and place specified herein; or

2

PLAINTIFFS' THIRD SET OF  REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.

5:17-cv-02514-JGB

d.  no items have been identified, after diligent search, that are responsive to the request.

4.      To the extent any of the following discovery requests are objectionable in whole or in part, each objection must be stated with particularity, including the reasons for the objection and the categories of information to which the objection applies. As required by the Federal Rules of Civil Procedure, the discovery request must be answered to the extent it is not objectionable.

5.      If you withhold information for reasons of any privilege, or claims that any answer to any discovery request is subject to a claim of privilege regarding any information, document, or communication sought by any of these discovery requests, identify each such communication, information, or document withheld on grounds of an alleged privilege, and specifically set forth the following: the nature and basis of the privilege claimed; the type of document; the author(s); the addressee(s), including the actual or intended recipients of any copies; the date of the communication, document, or information; the subject matter of the communication, document, or information; if the privilege claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorneys; any other information necessary to support the claim of privilege; and the numbered discovery request to which each alleged privileged document is responsive.

6.       If you find the meaning of any term in these discovery requests unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond according to the assumed meaning.

7.      In interpreting these discovery requests, definitions, and instructions: any masculine, feminine, or neutral term includes all other genders; the singular includes the plural and vice versa; and "or," "and," "and/or," and "including" shall be read to bring within the scope of the discovery request the broadest amount of information.

8.      Unless otherwise specified in a particular question or request, the relevant time period for all questions and requests is from December 19, 2007, and continuing through to the present. If

3

PLAINTIFFS' THIRD SET OF  REQUESTS FOR                                    5:17-cv-02514-JGB
PRODUCTION TO DEFENDANT THE GEO
GROUP, INC.

additional responsive documents are created following the service of these requests, they should be treated as responsive and promptly produced in accordance with the Federal Rules.

9.      To the extent any aspect of your answer or response changes depending on the time considered, please identify the various iterations, when they happened, and the reason(s) for the change(s) over time.

10.      Pursuant to Federal Rules of Civil Procedure 26(a) and 26(e), you must supplement, by reasonable amendment, any response you give to include documents later drafted, acquired, or discovered by you. You have an ongoing obligation to supplement your responses to these discovery requests.

11.      Pursuant to FRCP 34(B)(1)(c), please produce all electronically stored information ("ESI") in its original file format as maintained in your regular course of business and in a format readable by readily available commercial software. In the alternative, ESI may be produced in a format otherwise agreed upon by the parties.

12.      The request for production of documents includes the file or files in which the documents are contained or compiled.  The request further includes all copies of any particular document that varies in any material way from the original, e.g., all documents with written notations, highlighting or marking thereon, or attached thereto, including the color of any such notations, markings or high-lightings.  These requests include all document drafts.

13.      Pursuant to Rule 34, you are instructed to either produce the documents and tangible things as they are kept in the usual course of business or organize and label them in such a manner so that they correspond to each specific request.

a.   File folders with tabs or labels identifying documents called for should be produced intact with the document or documents.

b.   Selection and identification of documents from files or other sources should be performed in such a manner as to ensure that the source of each document may be determined.

4

c.   Documents attached to each other should not be separated unless sufficient records are kept to permit reconstruction of the groupings.

14.   If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

15.   Unless otherwise indicated, requests for production of documents pertain to the entirety of the relevant period, and Defendant's responses should be updated regularly.

## DEFINITIONS

As used in these requests for production, the following terms have the following meanings:

1.   The term "GEO" is defined as the Defendant The GEO Group, Inc., and affiliated corporate entity or subsidiary (including any taxable REIT subsidiary) through which The GEO Group, Inc. conducts business or receives revenue, as well any officer, agent, employee, executive, or representative of GEO as defined herein.

2.   The term "ICE" is defined as the United States Immigration and Customs Enforcement.

3.   The term "Voluntary Work Program" is defined as any program GEO operates involving labor performed by detainees for remuneration of any kind that includes tasks outside those described in Section 5.8.V.C of the 2011 ICE Performance-Based National Detention Standards ("PBNDS") (rev. 2016).

4.   The term "PBNDS" is defined as any version of the 2011 ICE Performance-Based National Detention Standards.

5.   The terms "Housing Unit Sanitation Policy" and "Sanitation Procedures/Housekeeping Plan" are defined as any program, policy, plan, or procedure GEO operates involving labor performed by detainees for no remuneration that includes sanitation and cleaning tasks in the detainees' housing units, dormitories, pods, or living areas.  *See, e.g.*, GEO-Novoa_00000515 ("Sanitation Procedures/Housekeeping Plan").

6.   The term "operates" means maintains, implements, runs, utilizes or employs.

5

7.      The term "Adelanto Facility" is defined as the Adelanto ICE Processing Center, located in Adelanto, California and operated by GEO pursuant to a federal contract with ICE.

8.      The term "Intergovernmental Services Agreement" ("IGSA") is defined as the May 2011 contract between the City of Adelanto (the "City") and United States Immigration and Customs Enforcement ("ICE") for the detention and care of civil immigration detainees awaiting removal proceedings at the Adelanto Detention Center. *See* GOWER-GEO 0000477-0000544.

9.      The term "Services Contract" refers to the May 2011 contract between the City of Adelanto and GEO, pursuant to which GEO assumed responsibility to maintain and operate the Adelanto Detention Center. *See* GOWER-GEO 0000468-0000476.

10.     The term "Bridge Contract" refers to the June 2019 contract between GEO and ICE establishing, *inter alia*, detention, transportation and medical services at the Adelanto Detention Facility. *See* GEO-Novoa_00035044-00035249.

11.     The term "Direct Contract" refers to the October 2019 contract between GEO and ICE establishing, *inter alia*, detention, transportation and medical services at the Adelanto Detention Facility. *See* GEO-Novoa_00040872-00040885.

12.     The terms "detainee" and "detained immigrant" are defined as any person detained in an immigration detention facility operated by GEO.

13.     The term "person" is defined as any natural person or business, legal, or governmental entity or association.

14.     The terms "Plaintiffs," "Plaintiff," "Defendant," and "Defendants," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

15.     The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

6

16.     "Compensation" means all monies and benefits, including: salaries, hourly wages, overtime wages, commissions, raises, and bonuses; or any other benefits given in return for work, tasks and/or duties.

17.     The term "hours" includes full hours and partial hour(s).

18.     "Policy" or "Policies" mean each rule, procedure, or directive, formal or informal, written or unwritten, and each common understanding or course of conduct that was recognized as such by Defendant or persons acting or purporting to act on Defendant's behalf, that has been in effect at any time during the period covered by these demands. These terms include any change of policy.

19.     "Relevant period" means the period from December 19, 2007 through the present for all requests related to the Work Program and December 19, 2007 through the present for all requests related to the use of solitary confinement, administrative segregation, and/or disciplinary segregation.

20.     The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

21.     The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

22.     The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

23.     The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

24.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

25.     The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in F.R.C.P. 34(a)(1)(A).

26.     The term "electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in F.R.C.P. 34(a)(1)(A) and shall be abbreviated from time to time as "ESI".

7

27.     Pursuant to Federal Rule of Civil Procedure 34, electronically stored information ("ESI") subject to disclosure includes information stored "in any medium." Such media include, but are not limited to:

    a.   Active, online storage locations, such as magnetic disks and hard drives;

    b.   Near-line storage locations, such as optical disks;

    c.   Offline storage locations and archives, such as removable optical disks and magnetic tape media;

    d.   Back-up tapes;

    e.   Floppy disks, diskettes, CDs, zip discs, jazz discs, zip drive, flash memory, DVDs, videotapes, audiotapes, Personal Digital Assistant ("PDA"), memory cards; and

    f.   Any other medium, including but not limited to third-party Electronic Communications Service and Remote Computing Service providers, such as wireless cell phone companies, online electronic mail providers (e.g., Gmail, Hotmail or Facebook); and any website hosting providers (e.g., Typad).

28.     With respect to the term "identify:"

    a.   When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

    b.   When referring to communications, "to identify" means to provide, to the extent known, the (i) date or approximate date of the communication; (ii) party or parties to whom the communication was directed; (iii) party or parties who received the communication; (iv) means or format of the communication; and (v) content of the communication; and

8

PLAINTIFFS' THIRD SET OF  REQUESTS FOR
PRODUCTION TO DEFENDANT THE GEO
GROUP, INC.

5:17-cv-02514-JGB

1

       c.   When referring to documents, "to identify" means to give, to the extent known, the

2

(i) type of document; (ii) general subject matter; (iii) date of the document; and (iv)

3

author(s), addressee(s), and recipient(s).

4

       d.   The word "document" is defined to be synonymous in meaning and equal in scope

5

to the usage of this term in F.R.C.P. 34(a). A draft of a non- identical copy is a

6

separate document within the meaning of this term.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

9

PLAINTIFFS' THIRD SET OF  REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.

5:17-cv-02514-JGB

**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION**

**REQUEST NO. 39**

Please provide any and all documents produced by GEO in *Nwauzor et al. v. The GEO Group, Inc.,* Case No. 3:17-cv-05769-RJB, on the United States District Court for the Western District of Washington at Tacoma (consolidated with *State of Washington v. The GEO Group, Inc.*, Case No. 3:17-cv-05806-RJB) and *Menocal, et al. v. The GEO Group, Inc.*, Case No. 1:14-cv-02887-JLK-MEH, In the United States District Court for the District of Colorado.

**REQUEST NO. 40**

Please provide any and all documents constituting disciplinary referrals for any detainee at any facility in the Nationwide HUSP Class for violations of the following Category III/High Moderate Offense: "306: Refusal to clean assigned living area." *See, e.g.*, GEO-Novoa_00003853.

**REQUEST NO. 41**

Please provide any and all documents constituting disciplinary referrals for any detainee at any facility in the Nationwide HUSP Class for violations of the following Category II/High Offense: "214: Encouraging others to participate in a work stoppage or to refuse to work." *See, e.g.*, GEO-Novoa_00003853.

**REQUEST NO. 42**

Please provide any and all ICE National Detention Handbooks which have been provided to detainees at any facility in the Nationwide HUSP Class since May 2011.

**REQUEST NO. 43**

Please provide any and all provisions of the American Correctional Association standards which You claim are incorporated into the IGSA/SC, Bridge Contract, and Direct Contract at the Adelanto Facility.

**REQUEST NO. 44**

Please provide any and all documents, memoranda, or other communications constituting an "Officers' Handbook (M-68)" as referenced in the Bridge Contract. *See* GEO-Novoa_00035054.

10

PLAINTIFFS' THIRD SET OF  REQUESTS FOR
PRODUCTION TO DEFENDANT THE GEO
GROUP, INC.

5:17-cv-02514-JGB

**REQUEST NO. 45**

Please provide any and all documents, memoranda, or other communications constituting a "Contractor's Employee Handbook" as referenced in the Bridge Contract. *See* GEO-Novoa_00035056.

Dated:  August 3, 2020

/s/ *Lydia A. Wright*

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
E. Lawrence Vincent (admitted *pro hac vice*)
lvincent@burnscharest.com
TX Bar # 20585590
Mallory Biblo (admitted *pro hac vice*)
mbiblo@burnscharest.com
TX Bar # 24087165
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**

11

PLAINTIFFS' THIRD SET OF  REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.

5:17-cv-02514-JGB

P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
Alex R. Straus (CA Bar # 321366)
astraus@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

*Class Counsel*

PLAINTIFFS' THIRD SET OF  REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.

5:17-cv-02514-JGB

# CERTIFICATE OF SERVICE

Plaintiffs Raul Novoa, Jaime Campos Fuentes, Abdiaziz Karim, and Ramon Mancia, by and through undersigned counsel, hereby certify that a true and correct copy of the forgoing was served upon the following counsel in this matter, by email, on August 3, 2020.

Colin Barnacle
Christopher J. Eby
Adrienne Scheffey
**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
colin.barnacle@akerman.com
christopher.eby@akerman.com
adrienne.scheffey@akerman.com

Damien DeLaney
Michael Gallion
David Van Pelt
Alicia Hou
Jonathan M. Turner
**AKERMAN LLP**
601 West Fifth Street Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
damien.delaney@akerman.com
michael.gallion@akerman.com
david.vanpelt@akerman.com
alicia.hou@akerman.com
jonathan.turner@akerman.com

Dated: August 3, 2020

*/s/ Lydia Wright*

Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

13

PLAINTIFFS' THIRD SET OF  REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.

5:17-cv-02514-JGB

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

*Class Counsel*
(Additional Class Counsel listed on signature page)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

|  |  |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.** |

**TO:**    **Defendant The GEO Group, Inc.**

Plaintiffs Raul Novoa, Jaime Campos Fuentes, Abdiaziz Karim, and Ramon Mancia, by and through undersigned counsel, hereby serve the following requests for production under oath pursuant to Federal Rules of Civil Procedure 26 and 34.

Please respond within 30 days from the date of this request, and continuing from day to day thereafter, until completed, at **365 Canal Street, Suite 1170, New Orleans, Louisiana 70130**, or at such time and place as may be agreed upon by all counsel.

PLAINTIFFS' FOURTH SET OF  REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.                                                                5:17-cv-02514-JGB

## **INSTRUCTIONS**

1.      Each discovery request must be answered in full. If this cannot be done after conducting a reasonable investigation, answer to the fullest extent possible, explaining why a complete answer is not possible, stating any knowledge, information, or belief concerning the unanswered portion of the discovery request, what information or documents cannot be provided, why the information or documents are not available, and what efforts were made to obtain the unavailable information or documents.

2.      Pursuant to Rule 34, all documents and tangible things that are responsive to a request for production must be produced if they are in your possession, custody, or control.

a.   You are instructed that possession, custody, or control includes constructive possession; therefore, your ability to produce the documents and tangible items requested herein is not affected by you not having actual physical possession of such items.

b.   As long as you have a right to possess the requested items or a right to compel the production of such items from a third party (including any person, entity, agent, governmental body or agency, or representative), you have possession, custody, or control.

c.   If any document requested was in your possession or control, but no longer is in your possession or subject to your control, state what disposition was made of it, the reason and date of such disposition.

3.      With respect to each item or category of items where applicable, you must state objections and assert privileges, if any, as required by the Federal Rules of Civil Procedure and further respond, as appropriate, that:

a.   production, inspection, or other requested action will be permitted as requested;

b.   the requested items are being served with your response;

2

PLAINTIFFS' FOURTH SET OF  REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.

5:17-cv-02514-JGB

c. production, inspection, or other requested action will take place at a specified time and place if you are objecting to the time and place specified herein; or

d. no items have been identified, after diligent search, that are responsive to the request.

4. To the extent any of the following discovery requests are objectionable in whole or in part, each objection must be stated with particularity, including the reasons for the objection and the categories of information to which the objection applies. As required by the Federal Rules of Civil Procedure, the discovery request must be answered to the extent it is not objectionable.

5. If you withhold information for reasons of any privilege, or claims that any answer to any discovery request is subject to a claim of privilege regarding any information, document, or communication sought by any of these discovery requests, identify each such communication, information, or document withheld on grounds of an alleged privilege, and specifically set forth the following: the nature and basis of the privilege claimed; the type of document; the author(s); the addressee(s), including the actual or intended recipients of any copies; the date of the communication, document, or information; the subject matter of the communication, document, or information; if the privilege claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorneys; any other information necessary to support the claim of privilege; and the numbered discovery request to which each alleged privileged document is responsive.

6. If you find the meaning of any term in these discovery requests unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond according to the assumed meaning.

7. In interpreting these discovery requests, definitions, and instructions: any masculine, feminine, or neutral term includes all other genders; the singular includes the plural and vice versa; and "or," "and," "and/or," and "including" shall be read to bring within the scope of the discovery request the broadest amount of information.

3

8.     Unless otherwise specified in a particular question or request, the relevant time period for all questions and requests is from December 19, 2007, and continuing through to the present. If additional responsive documents are created following the service of these requests, they should be treated as responsive and promptly produced in accordance with the Federal Rules.

9.     To the extent any aspect of your answer or response changes depending on the time considered, please identify the various iterations, when they happened, and the reason(s) for the change(s) over time.

10.     Pursuant to Federal Rules of Civil Procedure 26(a) and 26(e), you must supplement, by reasonable amendment, any response you give to include documents later drafted, acquired, or discovered by you. You have an ongoing obligation to supplement your responses to these discovery requests.

11.     Pursuant to FRCP 34(B)(1)(c), please produce all electronically stored information ("ESI") in its original file format as maintained in your regular course of business and in a format readable by readily available commercial software. In the alternative, ESI may be produced in a format otherwise agreed upon by the parties.

12.     The request for production of documents includes the file or files in which the documents are contained or compiled.  The request further includes all copies of any particular document that varies in any material way from the original, e.g., all documents with written notations, highlighting or marking thereon, or attached thereto, including the color of any such notations, markings or high-lightings.  These requests include all document drafts.

13.     Pursuant to Rule 34, you are instructed to either produce the documents and tangible things as they are kept in the usual course of business or organize and label them in such a manner so that they correspond to each specific request.

a.   File folders with tabs or labels identifying documents called for should be produced intact with the document or documents.

PLAINTIFFS' FOURTH SET OF  REQUESTS FOR
PRODUCTION TO DEFENDANT THE GEO
GROUP, INC.

5:17-cv-02514-JGB

     b.   Selection and identification of documents from files or other sources should be performed in such a manner as to ensure that the source of each document may be determined.

     c.   Documents attached to each other should not be separated unless sufficient records are kept to permit reconstruction of the groupings.

14.    If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

15.    Unless otherwise indicated, requests for production of documents pertain to the entirety of the relevant period, and Defendant's responses should be updated regularly.

## DEFINITIONS

As used in these requests for production, the following terms have the following meanings:

1.    The term "GEO" is defined as the Defendant The GEO Group, Inc., and affiliated corporate entity or subsidiary (including any taxable REIT subsidiary) through which The GEO Group, Inc. conducts business or receives revenue, as well any officer, agent, employee, executive, or representative of GEO as defined herein.

2.    The term "ICE" is defined as the United States Immigration and Customs Enforcement.

3.    The term "Voluntary Work Program" is defined as any program GEO operates involving labor performed by detainees for remuneration of any kind that includes tasks outside those described in Section 5.8.V.C of the 2011 ICE Performance-Based National Detention Standards ("PBNDS") (rev. 2016).

4.    The term "PBNDS" is defined as any version of the 2011 ICE Performance-Based National Detention Standards.

5.    The terms "Housing Unit Sanitation Policy" and "Sanitation Procedures/Housekeeping Plan" are defined as any program, policy, plan, or procedure GEO operates involving labor performed by detainees for no remuneration that includes sanitation and cleaning tasks

PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.

5:17-cv-02514-JGB

in the detainees' housing units, dormitories, pods, or living areas.  *See, e.g.*, GEO-Novoa_00000515 ("Sanitation Procedures/Housekeeping Plan").

6.      The term "operates" means maintains, implements, runs, utilizes or employs.

7.      The term "Adelanto Facility" is defined as the Adelanto ICE Processing Center, located in Adelanto, California and operated by GEO pursuant to a federal contract with ICE.

8.      The term "Intergovernmental Services Agreement" ("IGSA") is defined as the May 2011 contract between the City of Adelanto (the "City") and United States Immigration and Customs Enforcement ("ICE") for the detention and care of civil immigration detainees awaiting removal proceedings at the Adelanto Detention Center. *See* GOWER-GEO 0000477-0000544.

9.      The term "Services Contract" refers to the May 2011 contract between the City of Adelanto and GEO, pursuant to which GEO assumed responsibility to maintain and operate the Adelanto Detention Center. *See* GOWER-GEO 0000468-0000476.

10.      The term "Bridge Contract" refers to the June 2019 contract between GEO and ICE establishing, *inter alia*, detention, transportation and medical services at the Adelanto Detention Facility. *See* GEO-Novoa_00035044-00035249.

11.      The term "Direct Contract" refers to the October 2019 contract between GEO and ICE establishing, *inter alia*, detention, transportation and medical services at the Adelanto Detention Facility. *See* GEO-Novoa_00040872-00040885; GEO-Novoa_00040886-00042576.

12.      The terms "detainee" and "detained immigrant" are defined as any person detained in an immigration detention facility operated by GEO.

13.      The term "person" is defined as any natural person or business, legal, or governmental entity or association.

14.      The terms "Plaintiffs," "Plaintiff," "Defendant," and "Defendants," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates. This

6

definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

15.    The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

16.    "Compensation" means all monies and benefits, including: salaries, hourly wages, overtime wages, commissions, raises, and bonuses; or any other benefits given in return for work, tasks and/or duties.

17.    The term "hours" includes full hours and partial hour(s).

18.    "Policy" or "Policies" mean each rule, procedure, or directive, formal or informal, written or unwritten, and each common understanding or course of conduct that was recognized as such by Defendant or persons acting or purporting to act on Defendant's behalf, that has been in effect at any time during the period covered by these demands. These terms include any change of policy.

19.    "Relevant period" means the period from December 19, 2007 through the present for all requests related to the Work Program and December 19, 2007 through the present for all requests related to the use of solitary confinement, administrative segregation, and/or disciplinary segregation.

20.    The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

21.    The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

22.    The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

23.    The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

24.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7

25.     The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in F.R.C.P. 34(a)(1)(A).

26.     The term "electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in F.R.C.P. 34(a)(1)(A) and shall be abbreviated from time to time as "ESI".

27.     Pursuant to Federal Rule of Civil Procedure 34, electronically stored information ("ESI") subject to disclosure includes information stored "in any medium." Such media include, but are not limited to:

       a. Active, online storage locations, such as magnetic disks and hard drives;

       b. Near-line storage locations, such as optical disks;

       c. Offline storage locations and archives, such as removable optical disks and magnetic tape media;

       d. Back-up tapes;

       e. Floppy disks, diskettes, CDs, zip discs, jazz discs, zip drive, flash memory, DVDs, videotapes, audiotapes, Personal Digital Assistant ("PDA"), memory cards; and

       f. Any other medium, including but not limited to third-party Electronic Communications Service and Remote Computing Service providers, such as wireless cell phone companies, online electronic mail providers (e.g., Gmail, Hotmail or Facebook); and any website hosting providers (e.g., Typad).

28.     With respect to the term "identify:"

       a. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

8

PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.

5:17-cv-02514-JGB

b.  When referring to communications, "to identify" means to provide, to the extent known, the (i) date or approximate date of the communication; (ii) party or parties to whom the communication was directed; (iii) party or parties who received the communication; (iv) means or format of the communication; and (v) content of the communication; and

c.  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

d.  The word "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in F.R.C.P. 34(a). A draft of a non- identical copy is a separate document within the meaning of this term.

## **PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION**

### **REQUEST NO. 46**

Please produce any and all documents, communications, materials, spreadsheets, or other files that constitute a "Detainee Volunteer Work Screening Form (Request Form)" at the Adelanto Facility, as referenced in the Direct Contract. *See* GEO-Novoa_00041327.

### **REQUEST NO. 47**

Please produce any and all documents, communications, materials, spreadsheets, or other files that constitute a "Detainee Volunteer Work Program Training Form" at the Adelanto Facility, as referenced in the Direct Contract. *See*  GEO-Novoa_00041328.

### **REQUEST NO. 48**

Please produce any and all documents, communications, materials, spreadsheets, or other files that constitute a "Detainee Volunteer Food Service Worker Contingency Plan" at the Adelanto Facility, as referenced in the Direct Contract. *See* GEO-Novoa_00041329.

PLAINTIFFS' FOURTH SET OF  REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.

5:17-cv-02514-JGB

**REQUEST NO. 49**

Please produce any and all documents, communications, materials, spreadsheets, or other files that constitute an "Authorized Detainee Worker List Weekly Schedule" at the Adelanto Facility, as referenced in the Direct Contract. *See* GEO-Novoa_00041330.

**REQUEST NO. 50**

Please produce any and all documents, communications, materials, spreadsheets, or other files that constitute a "Detainee Volunteer Food Service Work Detail Pay List" at the Adelanto Facility, as referenced in the Direct Contract. *See* GEO-Novoa_00041330.

Dated:  August 4, 2020

/s/ *Lydia A. Wright*
_____

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
E. Lawrence Vincent (admitted *pro hac vice*)
lvincent@burnscharest.com
TX Bar # 20585590
Mallory Biblo (admitted *pro hac vice*)
mbiblo@burnscharest.com
TX Bar # 24087165
**BURNS CHAREST LLP**

10

900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
Alex R. Straus (CA Bar # 321366)
astraus@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

*Class Counsel*

PLAINTIFFS' FOURTH SET OF  REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.                                                5:17-cv-02514-JGB

1

## CERTIFICATE OF SERVICE

Plaintiffs Raul Novoa, Jaime Campos Fuentes, Abdiaziz Karim, and Ramon Mancia, by and through undersigned counsel, hereby certify that a true and correct copy of the forgoing was served upon the following counsel in this matter, by email, on August 4, 2020.

Colin Barnacle
Christopher J. Eby
Adrienne Scheffey
**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
colin.barnacle@akerman.com
christopher.eby@akerman.com
adrienne.scheffey@akerman.com

Damien DeLaney
Michael Gallion
David Van Pelt
Alicia Hou
Jonathan M. Turner
**AKERMAN LLP**
601 West Fifth Street Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
damien.delaney@akerman.com
michael.gallion@akerman.com
david.vanpelt@akerman.com
alicia.hou@akerman.com
jonathan.turner@akerman.com

Dated: August 4, 2020

*/s/ Lydia Wright*

Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

12

PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANT THE GEO GROUP, INC.

5:17-cv-02514-JGB