1 | **AKERMAN LLP**
MICHAEL L. GALLION (SBN 189128)
2 | DAVID VAN PELT (SBN 163690)
601 West Fifth Street, Suite 300
3 | Los Angeles, California 90071
Telephone: (213) 688-9500
4 | Facsimile: (213) 627-6342
Email: michael.gallion@akerman.com
5 | Email: david.vanpelt@akerman.com

6 | COLIN L. BARNACLE (admitted *pro hac vice*)
ADRIENNE SCHEFFEY (admitted *pro hac vice*)
7 | 1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
8 | Telephone: (303) 260-7712
Facsimile: (303) 260-7714
9 | Email: colin.barnacle@akerman.com
Email: adrienne.scheffey@akerman.com
10 |
Attorneys for Defendant
11 | THE GEO GROUP, INC.

12 |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>Assigned to Hon. Jesus G. Bernal<br><br>**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE** |
| THE GEO GROUP, INC.,<br><br>Counter-Claimant,<br>vs.<br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Counter-Defendant. | TAC Filed: September 16, 2019<br>SAC Filed: December 24, 2018<br>FAC Filed: July 6, 2018<br>Complaint Filed: December 19, 2017<br>Trial Date: February 2, 2021 |

54301414;1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION / RELEVANT FACTUAL BACKGROUND........................ 1

II.    LEGAL STANDARD. ................................................................................... 2

III.    LEGAL ARGUMENT. ................................................................................. 3

    A.    Plaintiffs' Class Notification Process is Deficient....................................... 3

        1.    Plaintiffs fail to provide notice to the Nationwide HUSP class. ........................................................................................ 3

        2.    Notice Should be Mailed to Former and Current Detainees Who Remain in the United States..................................................... 6

        3.    Print Publication is Deficient.................................................. 7

        4.    Digital Media and Radio Campaign is Deficient............................. 8

        5.    Proposed E-mail Outreach is Improper. ........................................... 8

    B.    The Proposed Class Notices are Not the Best Practicable Notice. .............. 8

    C.    The Timing of the Notice Plan Conflicts with the Current Scheduling Order. ...................................................................... 10

II. CONCLUSION. ................................................................................. 13

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. Colegio de Abogados de Puerto Rico*,
   613 F.3d 44 (1st Cir. 2010) ................................................................................ 11

*Brown v. Ticor Title Ins. Co.*,
   982 F.2d 386 (9th Cir. 1992) ............................................................................... 3

*Darrington v. Assessment Recovery of Wash., LLC*,
   No. C13-0286-JCC, 2014 WL 3858363 (W.D. Wash. Aug. 5, 2014) ................... 11

*Delgado v. Ortho –McNeil, Inc.*,
   2007 WL 2847238, No. SACV07-263CJCMLGX (C.D. Cal Aug. 7,
   2007) .............................................................................................................. 2, 8, 10

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) ........................................ 6

*Faber v. Ciox Health, LLC*,
   944 F.3d 593 (6th Cir. 2019) ............................................................................. 2, 12

*Hanlon v. Chrysler Corp.*,
   150 F3d 1011 (9th Cir. 1998) .............................................................................. 3

*Harriss v. Pan American World Airways, Inc.*,
   74 FRD 24 (ND CA 1977) .................................................................................... 4

*Hecht v. United Collection Bureau, Inc.*
   (2nd Cir. 2012) 691 F3d 218 ............................................................................... 5

*Holmes v. Continental Can Co.*
   (11th Cir. 1983) 706 F2d 1144 ............................................................................ 5

*In re Monumental Life Ins. Co.*,
   365 F.3d 408 (5th Cir.2004) ................................................................................. 4

*Jefferson v. Ingersoll Int'l Inc.*,
   195 F.3d 894 (7th Cir.1999) ................................................................................. 4

*Johnson v. Gen. Motors Corp.*,
   598 F.2d 432 (5th Cir. 1979) ............................................................................. 3, 4

*Larson v. AT & T Mobility LLC*,
   687 F.3d 109 (3d Cir. 2012) ................................................................... 6

*McCurley v. Royal Seas Cruises, Inc.*,
   No. 17-CV-00986-BASAGS, 2019 WL 3817970 (S.D. Cal. Aug. 14,
   2019) ........................................................................................................ 11

*McKinney v. U.S. Postal Serv.*,
   292 F.R.D. 62 (D.D.C. 2013) ................................................................. 11

*Molski v. Gleich*,
   307 F.3d 1155 (9th Cir. 2002), opinion withdrawn and superseded,
   318 F.3d 937 (9th Cir. 2003) ................................................................... 4

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) ......................... 6

*Phillips Petroleum Co. v. Shutts*,
   472 US 797 (1985) .......................................................................... 3, 4, 5

*Robinson v. Metro–North Commuter R.R. Co.*,
   267 F.3d 147 (2d Cir.2001) ..................................................................... 4

*Rosas v. Sarbanand Farms, LLC*,
   No. C18-0112-JCC, 2019 WL 859225 (W.D. Wash. Feb. 22, 2019) ....... 7

*Schwarzschild v. Tse*,
   69 F.3d 293 (9th Cir. 1995) ................................................................... 11

*Tylka v. Gerber Prods. Co.*,
   182 F.R.D. 573 (N.D. Ill. 1998) ............................................................. 11

**Rules**

Fed. R. Civ. P. 23(c)(2)(B) ........................................................... passim

Fed. R. Civ. P. 23(c)(2)(B)(i) ............................................................... 2

Fed. R. Civ. P. 23(c)(2)(B)(iv) ............................................................. 8

FRCP 23 ......................................................................................... 3, 11

Rule 23(b)(2) ................................................................................... 3, 4

Rule 23(c)(2) ...................................................................................... 11

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rule 23(c)(3) ................................................................................................... 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AKERMAN LLP**

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Defendant The GEO Group Inc. ("**GEO**") hereby submits its Opposition and

2   Objections to Plaintiffs' class notice plan and form of notice.

3   **I.    INTRODUCTION / RELEVANT FACTUAL BACKGROUND.**

4        On November 26, 2019, the Court granted Plaintiffs' Motion for Class

5   Certification certifying three classes of current and former civil immigration

6   detainees: the Adelanto Wage Class, the Adelanto Forced Labor Class (including the

7   Work Program Subclass and the Uncompensated Work Program Subclass) and the

8   Nationwide HUSP Class.  (ECF 223, 229.)  The Nationwide HUSP Class consisted of

9   thousands of detainees in more than ten facilities managed by GEO throughout the

10  United States.

11       Plaintiffs waited more than *nine* months to file their Proposed Class Notice Plan

12  on August 4, 2020, without explanation or apparent justification. Plaintiffs' plan does

13  not even provide any notice to the Nationwide HUSP class. (ECF 284.)

14       Plaintiffs did not begin the conferral process with GEO until early July, and

15  pressured GEO to return comments, confer, and resolve material issues contained in

16  seven notices within fourteen days.   (Declaration of Alicia Y. Hou (**Hou Decl**.) ¶ 4.)

17  In good faith, GEO worked hard to provide comments by Plaintiffs' arbitrary deadline

18  of July 27.  (Hou Decl. ¶ 5.)  Plaintiffs disregarded the majority of GEO's substantive

19  comments, however, and proceeded to file the Motion with no significant additional

20  meet and confer.  In addition, after first suggesting that they would abandon any claim

21  for monetary damages to support not providing notice to the Nationwide HUSP Class

22  (including amending their Third Amended Complaint), Plaintiffs have been equivocal

23  on the issue since that time.

24       Plaintiffs' Noticed Plan is deficient in a number of respects, and GEO opposes

25  it for the reasons set forth below.

26

27

28

**DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO APPROVE CLASS NOTICE**

## II.   LEGAL STANDARD.

Fed. R. Civ. P. 23(c)(2)(B) requires the Court to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Though the Court has discretion to determine what constitutes the best practicable notice to class members, it must nonetheless ensure that class notice sets forth seven key details of the class action, including (1) "the nature of the action"; (2) "the definition of the class certified"; (3) "the class claims, issues, or defenses"; (4) "that a class member may enter an appearance through an attorney if the member so desires"; (5) "that the court will exclude from the class any member who requests exclusion"; (6) "the time and manner for requesting exclusion"; and (7) "the binding effect of a class judgment on members under Rule 23(c)(3)". *See* Fed. R. Civ. P. 23(c)(2)(B)(i) – (vii). The Court must further ensure that class notice sets forth these details "clearly and concisely" in plain language that is easily understandable. *See* Fed. R. Civ. P. 23(c)(2)(B).

In addition, any notice issued to a certified class must avoid the "appearance of judicial endorsement of the merits of the action." *See Delgado v. Ortho –McNeil, Inc.*, 2007 WL 2847238, No. SACV07-263CJCMLGX, at *3 (C.D. Cal Aug. 7, 2007). Thus, written notice "must include conspicuous language, immediately below the caption, that the Court has not taken any position on the merits of the case and that the mere distribution of notice does not necessarily mean that the plaintiff class will ultimately prevail." *See id.*

Most importantly, to comply with the commands of due process, each absent member of the class must receive adequate notice to allow for an opportunity for him or her to opt-out. This issue is, and should be of great importance to both GEO, Plaintiffs, and the Court. Without adequate notice, absent parties cannot be bound by a decision in favor of either side. *Faber v. Ciox Health, LLC*, 944 F.3d 593, 603 (6th Cir. 2019) ("[P]arties are not bound to class action judgments until given a full and fair opportunity to litigate."). The right to participate or opt out is an individual one

**DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO APPROVE CLASS NOTICE**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   and cannot be made by the class representative or class counsel. *Hanlon v. Chrysler*

2   *Corp.,* 150 F3d 1011, 1024 (9th Cir. 1998) (overruling on other grounds recognized

3   by *Roes, 1-2 v. SFBSC Mgmt., LLC* (9th Cir. 2019) 944 F3d 1035, 1046).  The right to

4   opt out of a class action exists where provided by statute, under FRCP 23, or where

5   otherwise required by due process of law. *Phillips Petroleum Co. v. Shutts*, 472 US

6   797, 811-812 (1985); *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992)

7   (it would violate due process to give res judicata effect to class action judgment

8   involving money damage claims of class members who had not been afforded opt-out

9   rights).

10        GEO has significant concerns that Plaintiffs' proposed notice is inadequate.  As

11   discussed below, Plaintiffs' proposed notice fails to satisfy the requirements of Rule

12   23(c)(2)(B) and the commands of due process.

13

14   **III.   LEGAL ARGUMENT.**

15        **A.   Plaintiffs' Class Notification Process is Deficient.**

16             **1.   Plaintiffs fail to provide notice to the Nationwide HUSP class.**

17        In the first instance, Plaintiffs proposed notice fails because they have no plan

18   to provide any notice to any members of the Nationwide HUSP Class.

19        Plaintiffs' proposal plainly violates applicable law and the due process rights of

20   GEO and the members of the nationwide class themselves.

21        "[D]ue process requires that [notice] be provided before individual monetary

22   claims may be barred." *Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 437 (5th Cir.

23   1979). "[W]hen both monetary and injunctive relief are sought in an action certified

24   under Rule 23(b)(2), notice may be mandatory if absent class members are to be

25   bound." *Id.* As counsel for GEO made clear to Plaintiffs' counsel during the meet and

26   confer process, Plaintiffs here plainly seek compensatory and punitive damages under

27   the Nationwide HUSP class; accordingly, notice must be given as required by due

28   process. (See ECF No. 184 - TAC ¶ 240, 241, 243.)

1   Notice under 23(b)(2) is required where compensatory or punitive damages are

2   at issue. *Phillips Petroleum Co.,* 472 US at 805; *see also In re Monumental Life Ins.*

3   *Co.*, 365 F.3d 408, 417 (5th Cir.2004) and *Robinson v. Metro–North Commuter R.R.*

4   *Co.*, 267 F.3d 147, 165–67 (2d Cir.2001); *Molski v. Gleich*, 307 F.3d 1155, 1166 (9th

5   Cir. 2002), opinion withdrawn and superseded, 318 F.3d 937 (9th Cir. 2003);

6   *Jefferson v. Ingersoll Int'l Inc.,* 195 F.3d 894, 897 (7th Cir.1999) ("[i]t is an open

7   question in [other] circuit[s]—and in the Supreme Court—whether Rule 23(b)(2) ever

8   may be used to certify a no-notice, no-opt-out class when compensatory or punitive

9   damages are in issue.")

10   In an effort to provide notice to the smallest number of absent class members

11   possible, Plaintiffs propose excluding the Nationwide HUSP class from the notice

12   plan, suggesting that the nationwide class members receive absolutely no notice

13   whatsoever.  In doing so, Plaintiffs seek approval of a notice plan that not would

14   provide GEO, or the absent class members, with finality. If the nationwide class is

15   able to successfully obtain relief in this action, without adequate notice, there will be

16   an unresolved concern about which class members are bound by the judgment and

17   which ones are not—particularly where class members may be members of multiple

18   subclasses. *Johnson*, 598 F.2d at 437 (holding that absent class member who did not

19   receive notice was not bound by the judgment).

20   At a minimum, under the notions of due process and fairness GEO is entitled to

21   a notice plan that ensures any judgment in this case is final as to all class members and

22   that GEO will not face subsequent suits from absent class members based upon the

23   same allegations that should have been resolved in the instant action. Permitting

24   Plaintiffs to recover monetary damages in this action without ensuring those

25   individuals cannot bring subsequent lawsuits deprives GEO of due process in

26   litigating this class action.

27   Moreover, Plaintiffs have not met their burden to show that notice is not

28   required for the nationwide class. *Harriss v. Pan American World Airways, Inc.*, 74

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO APPROVE CLASS NOTICE**

FRD 24, 52 (ND CA 1977) (ordinarily, plaintiff's burden to propose a sufficient notice plan.)  Plaintiffs provide no insight into how notice will afford due process to the nationwide class or whether absent class members will be precluded from seeking subsequent relief. Rather, Plaintiffs summarily dismiss these concerns in a single footnote, stating that a request for monetary relief does not in and itself negate 23(b)(2) status. The footnote fails to demonstrate whether notice must be given to classes where the action seeks **both** monetary and injunctive relief, and Plaintiffs fail to provide convincing authority to support this assertion.

Certainly, to the extent Plaintiffs assert that the Nationwide HUSP class foregoes any claim for compensatory damages, GEO accepts this representation. However, Plaintiffs have not done so here, at least not yet.  Where the class action seeks damages or similar relief in addition to injunctive relief, as here, due process requires that the nonresident class members receive adequate notice of the proceedings and the opportunity to "opt out" and that their interests be adequately represented. *Phillips Petroleum Co. v. Shutts* (1985) 472 US at 811-812.  In actions seeking both a classwide injunction and monetary relief, individual notice serves to protect the individual interests of absent class members. *Holmes v. Continental Can Co.* (11th Cir. 1983) 706 F2d 1144, 1156-1159; *Hecht v. United Collection Bureau, Inc.* (2nd Cir. 2012) 691 F3d 218, 224-225.

Here, the TAC clearly demonstrates the Nationwide HUSP class is clearly seeking predominantly monetary damages:

> 240.  Plaintiffs and Nationwide HUSP Class Members are entitled to recover from GEO all amounts that GEO has wrongfully and improperly obtained, and GEO should be required to disgorge to Plaintiffs and Nationwide HUSP Class Members the benefits it has unjustly obtained.

> 241.  Plaintiffs and Nationwide HUSP Class Members are also entitled to recover compensatory and punitive damages.

**DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO APPROVE CLASS NOTICE**

(*See* TAC at ECF 184.)  Unlike with injunctive relief, absent class members would be prejudiced by resolution of the monetary damages as it would preclude them from bringing a subsequent suit about the same subject matter.

### 2.    Notice Should be Mailed to Former and Current Detainees Who Remain in the United States.

Given the importance of notice to ensuring that any judgment is binding upon all class members, GEO believes that it is not appropriate to forego mailed notice in this circumstance. During the conferral process, Plaintiffs failed to respond to GEO's inquiry as to whether Plaintiffs intended on issuing mail notice. (Hou Decl. ¶ 6.)  Had Plaintiffs meaningfully conferred on the subject, GEO would have agreed to work with Plaintiffs to identify potential class members.  *Larson v. AT & T Mobility LLC*, 687 F.3d 109, 124 (3d Cir. 2012) ("[I]ndividual notice must be delivered to class members who can be reasonably identified, and that the costs required to actually deliver notice should not easily cause a court to permit the less satisfactory substitute of notice by publication.").

Given the circumstances of their detention, every class member *should* have at least one address indicating where they are (or were) detained. GEO is not aware of any reason – other than class counsels' obvious attempt to avoid the costs associated with mailing notice – why these addresses are not sufficient to provide the best notice in the circumstances. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965, 2975, 86 L. Ed. 2d 628 (1985) ("[W]here a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt out,' satisfies due process."); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175, 94 S. Ct. 2140, 2151, 40 L. Ed. 2d 732 (1974) (requiring mailed notice where there was "nothing to show that individual notice cannot be mailed to each.").

Also had Plaintiffs meaningfully conferred, GEO would have proposed the best approach would have been to send notice to those individuals who are currently

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO APPROVE CLASS NOTICE**

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  detained at GEO's facilities. GEO would have suggested that the parties work together

2  with the notice administrator to identify the best method for sending notice to those

3  facilities without running afoul of any facility rules. This step would have, at a

4  minimum, provided a neutral third party's position on the data, as opposed to the

5  parties' diametrically opposed positions.  GEO has confirmed that that the class notice

6  administrator selected by Plaintiffs, JND, has these capabilities. *See*

7  https://www.jndla.com/notice-programs (last visited August 21, 2020) ("JND Class

8  Action Administration can work with data from a variety of sources. We transcribe

9  class member information from physical documents and utilize a variety of research

10  tools to identify the most accurate and up-to-date address information for class

11  members.").

### 3.      Print Publication is Deficient.

13      Plaintiffs propose print publication in Southern California-based Spanish

14  language newspapers, completely foregoing the class of detainees who are not

15  Spanish-speakers located outside of Southern California.  For example, detainees from

16  India comprise the top 5 populations at the Adelanto facility—Plaintiffs completely

17  ignore this population.

18      In light of the varying population sets across the facilities and at Adelanto, if

19  mailed notice is eliminated (which it does not believe should occur), publication

20  notice should be effectuated through at least one major United States newspaper to

21  take the place of the previously proposed mailed United States notice. "[I]t is

22  important to keep in mind that a significant portion of class members in certain cases

23  may have limited or no access to email or the Internet." *Rosas v. Sarbanand Farms,*

24  *LLC*, No. C18-0112-JCC, 2019 WL 859225, at *2 (W.D. Wash. Feb. 22, 2019)

25  (quoting Fed. R. Civ. P. 23(c) Advisory Committee Notes). Because many individuals

26  may not have access to the internet, and because class members comprise of those

27  outside the Spanish-speaking population, GEO believes publication notice should be

28  included in at least one major United States publication.

**DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO APPROVE CLASS NOTICE**

### 4.     Digital Media and Radio Campaign is Deficient.

GEO asks that the digital media and radio notices be geared towards a nationwide audience to compensate for the elimination of mailed notice. This notice should not exclusively focus on Spanish speakers, but should also be directed at demographics likely to reach the non-Spanish speaking portion of the class. Plaintiffs have also failed to provide mock-ups of their proposed website and the Spanish translation text of the radio notice. Plaintiffs' refusal to do so precludes the Court from properly evaluating whether the notice proposed satisfies the "best notice that is practicable" or otherwise compliant with even the most basic notice requirements under Fed. R. Civ. P. 23(c)(2)(B).

### 5.     Proposed E-mail Outreach is Improper.

Plaintiffs improperly propose to include in their e-mail outreach groups that primarily provide legal services and state agencies, which may cause confusion to the class member in violation of Fed. R. Civ. P. 23(c)(2)(B)(iv) which requires notice to clearly and conspicuously state that a class member may enter an appearance through their own attorney if the member so desires. (Hou Decl. ¶ 7.) Further, any notice issued to a certified class must avoid the "appearance of judicial endorsement of the merits of the action." *See Delgado v. Ortho –McNeil, Inc.*, 2007 WL 2847238, No. SACV07-263CJCMLGX, at *3 (C.D. Cal Aug. 7, 2007).

Groups Plaintiffs propose to use as "outreach organizations" include the California Department of Social Services, National Immigration Law Center, and the Refugee & Immigrant Center for Education and Legal Service—all of which will serve to cause confusion among class members related to judicial endorsement by state agencies, or his or her right to have her own attorney or class counsel, as opposed to the attorney providing him or her with the notice. In addition, dissemination of the notices by legal groups could be construed as a solicitation.

### B.     The Proposed Class Notices are Not the Best Practicable Notice.

In addition to the deficient manner by which Plaintiffs propose to give notice,

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    the notices themselves are deficient.   It is plainly not the "best notice that is

2    practicable" or otherwise compliant with even the most basic notice requirements. *See*

3    Fed. R. Civ. P. 23(c)(2)(B).

4         Plaintiffs' proposed notices are defective because they are unclear and biased

5    against GEO.  The Long Form Notice[1] contains many sections that (a) are unnecessary

6    to accomplish the "best notice that is practicable"; and/or (b) appear designed more to

7    entice the reader into remaining in the class than to inform the reader regarding his or

8    her rights as a potential class member. For example:

9    - The descriptive portion of the notice, located within the very first

10        paragraph, and again under Section 2 of p. 2, which it seems, should

11        begin with a neutral description of the case and the claims instead

12        paraphrases Plaintiffs' claims against GEO as "wage theft, unjust

13        enrichment, and forced labor," while simply stating GEO denies the

14        allegations.  The Court should require Plaintiff state the formal causes of

15        action against GEO and provide that GEO's position is that it not only

16        denies the allegations, but that GEO believes it has fully complied with

17        the law.   (ECF 284-1, Declaration of Jennifer M. Keough in support of

18        Plaintiffs' instant motion (**Keough Decl.**) ¶ 20 at pp. 1- 2 of Exhibit G.)

19   - The description of whether individuals are part of the class under Section

20        6 of p. 3 references footnotes containing improper definitions of the

21        terms "Voluntary Work Program," "Uncompensated Work Program,"

22        and "Housing Unit Sanitation Policy."   GEO objects to Plaintiffs'

23        characterization of these definitions; Plaintiffs' mischaracterization of

24        these terms go to the very heart of the disputes in this lawsuit.   The

25        definitions as written appear designed to entice class members into

26        agreeing to remain a part of the class.   Moreover, it simply advances

27

28

---

[1] The deficiencies in the other notice notices are all contained in the Long Form Notice; accordingly, GEO incorporates by reference its discussion and arguments concerning the deficiencies in the Long Form Notice to Plaintiffs' other notices.

54301414;1

9

CASE NO. 5:17-cv-02514-JGB-SHKx

**DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO APPROVE CLASS NOTICE**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  Plaintiffs' position by stating these definitions as fact, when the

2  definitions of these terms are pending triable issues before the Court.

3  (ECF 284-1, Keough Decl. ¶ 20 at p. 3 of Exhibit G.)

4  • The description of class members' "[o]ptions" in Sections 10 and 11 are

5  buried at the bottom of notice.  (ECF 284-1, Keough Decl. ¶ 20 at p. 4 of

6  Exhibit G.)

7  In addition to these deficiencies, Plaintiffs' proposed notice wholly fails to state

8  **conspicuously**, **immediately** below the caption, that (a) the Court has not endorsed

9  either party's position; and (b) that mere class notice does not signify that Plaintiffs

10  have prevailed. (ECF 284-1, Keough Decl. ¶ 20 at p. 1 of Exhibit G.)  Under these

11  circumstances, class notice is deficient. *See, e.g., Delgado*, 2007 WL 2847238, at *3.

12  *Also see* Fed. R. Civ. P. 23(c)(2)(B).

13  Finally, much of Plaintiffs' Proposed Notice Plan hinges on an as-yet produced

14  website.  Plaintiffs state in general terms that the website will be "informational [and]

15  interactive" and "will be developed to enable potential class members to get

16  information about the litigation. The website will have an easy-to-navigate design and

17  will be formatted to emphasize important information."  Plaintiffs, however, have not

18  provided a mock-up to the Court, and refused to provide mock-ups to GEO during the

19  conferral process.  (Hou Decl. ¶ 8.)  Without any further information, Plaintiffs'

20  website does not satisfy the requirements under Fed. R. Civ. P. 23(c)(2)(B).

21

22  **C.  The Timing of the Notice Plan Conflicts with the Current Scheduling Order**.

23  While GEO does not contest that a 75 day notice period is adequate to effect the

24  best notice possible under the circumstances, because of Plaintiffs' delay in filing their

25  Motion to Approve Class Notice Plan, any class member who remains in this case will

26  not be afforded a meaningful opportunity to participate. The general rule is that notice

27  should issue swiftly after class certification and before a formal determination on the

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

merits. *See McKinney v. U.S. Postal Serv.*, 292 F.R.D. 62, 68 (D.D.C. 2013); *Tylka v. Gerber Prods. Co.*, 182 F.R.D. 573, 579 (N.D. Ill. 1998). *See also* 7AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1788 (3d ed. 2005) ("Thus, notice must be sent long before the merits of the case are adjudicated.") "The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action **well before** the merits of the case are adjudicated." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis added); *see also Darrington v. Assessment Recovery of Wash., LLC*, No. C13-0286-JCC, 2014 WL 3858363, at *3 (W.D. Wash. Aug. 5, 2014). "[T]he notice requirement for 23(b)(3) class actions is rooted in due process and clearly mandatory under Rule 23(c)(2)(B)", *Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 51 (1st Cir. 2010) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974). "Ultimately, class notice should be completed before dispositive motions are decided." *McCurley v. Royal Seas Cruises, Inc.*, No. 17-CV-00986-BASAGS, 2019 WL 3817970, at *4 (S.D. Cal. Aug. 14, 2019).

Under this 75-day notice period, and assuming the very unlikely scenario where Plaintiffs have the notice plan ready to launch the day of the hearing (despite being unable to submit a mock-up of the key elements of their plan with this motion or during prior conferrals), the last date to opt-out would be November 28, 2020. Because this date falls on a Saturday, notice would need to be extended until November 30, 2020—the same date of the motion cutoff (including for motions to have been heard).  By that date, summary judgment and all motions would have been briefed and the parties would be mere months from trial. Thus, the admonition (as required by Rule 23) that class members could be represented by counsel of their choosing, would be nothing more than an empty phrase. Indeed, there would be nothing left for an attorney to do if a class member chose his or her own counsel: discovery would be closed, motions would be briefed, and there would be no

**DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO APPROVE CLASS NOTICE**

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  meaningful measure for participating in the action. Thus, one of the key elements of

2  notice could not be meaningfully effectuated.

3      Plaintiffs suggest in a footnote to this Court that such a result can be avoided by

4  shortchanging notice and due process and expediting the opt-out period without good

5  reason. (ECF 284, Motion at p. 2.)  It is curious that Plaintiffs would so suggest, when

6  they should be advocating for adequate due process for their own clients. Indeed, in a

7  similar case pending in Colorado, where Plaintiffs' lead counsel here, Andrew Free,

8  also represents the plaintiff class against GEO, the parties and the Court agreed that in

9  order to provide the best notice under the circumstances a 90-day opt-out period was

10  necessary. *Menocal v. GEO Group Inc.*, 1:14-cv-02887 JLK, Distirct of Colorado,

11  Docket Number 186 (June 20, 2019). As that class also involved a TVPA claim and

12  an unjust enrichment claim brought by detainees in similar circumstances, there is no

13  reason to believe the instant action requires significantly less time to effectuate proper

14  notice.

15      Additionally, if the deadlines are not extended, GEO will suffer avoidable

16  prejudice. GEO would be forced to file a dispositive motion prior to the expiration of

17  Plaintiff's proposed opt-out period in order to comply with the current deadlines in

18  this case. Practically speaking, this means any judgment GEO could obtain against

19  Plaintiffs would be binding only against the named plaintiffs. This also means

20  prospective class members will be allowed to evaluate the strength of GEO's key legal

21  positions prior to deciding whether they would like to be included in the class. This

22  would be unduly prejudicial to GEO.

23      Here, notice has not been sent because Plaintiffs waited to bring this motion.

24  Therefore, GEO is left with two equally unappealing choices—either brief summary

25  judgment before notice is complete or forego filing summary judgment altogether.

26  This places the parties squarely within the *Faber* circumstances. This delay was

27  avoidable. The Ninth Circuit declined GEO's request for 26(f) review on January 22,

28

**DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO APPROVE CLASS NOTICE**

1   2020.  Yet, Plaintiffs did not file their motion to approve class notice until August 4,

2   2020, with a hearing set for September 14, 2020.  (ECF 284.)

3       Assuming the Court approves Plaintiffs' Notice Plan, and assuming Plaintiffs

4   launch their Notice Plan on the day of the hearing (which is highly improbable), the

5   earliest possible opt-out deadline would be November 28, 2020. Yet, the deadline for

6   parties to file a motion for summary judgment is <u>over two months before that</u>, on

7   October 14.  Accordingly, in order to accommodate Plaintiffs' notice proposal, the

8   summary judgment deadline should be moved.

9   **II.    CONCLUSION.**

10      For the foregoing reasons, Plaintiffs' motion to approve the notice plan should

11  be denied.

12      Respectfully submitted, August 24, 2020.

13

14                                      **AKERMAN LLP**

15

16                              By:   _/s/ David Van Pelt_
17                                      Michael L. Gallion
                                        David Van Pelt
18                                      Colin L. Barnacle
                                        Adrienne Scheffey
19
20                                      Attorneys for Defendant
                                        THE GEO GROUP, INC.

21

22

23

24

25

26

27

28

**DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO APPROVE CLASS NOTICE**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342