**AKERMAN LLP**
MICHAEL L. GALLION (SBN 189128)
DAVID VAN PELT (SBN 163690)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:  (213) 688-9500
Facsimile:   (213) 627-6342
Email:   michael.gallion@akerman.com
Email:   david.vanpelt@akerman.com

COLIN L. BARNACLE (admitted *pro hac vice*)
ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714
Email:   colin.barnacle@akerman.com
Email:   adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant.<br><br>THE GEO GROUP, INC.,<br><br>Counter-Claimant,<br>vs.<br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Counter-Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>Assigned to Hon. Jesus G. Bernal<br><br>**DEFENDANT THE GEO GROUP, INC.'S *EX PARTE* APPLICATION TO SHORTEN TIME AND ADVANCE HEARING ON DEFENDANT'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES AND REOPEN DISCOVERY**<br><br>TAC Filed:            September 16, 2019<br>SAC Filed:            December 24, 2018<br>FAC Filed:            July 6, 2018<br>Complaint Filed:  December 19, 2017<br>Trial Date:            February 2, 2021 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant The GEO Group, Inc. ("GEO" or "Defendant"), by and through the undersigned counsel, hereby respectfully moves this Court *ex parte* for an order granting its Application to Shorten Time and Advance Hearing on Defendant's Motion to Continue Trial and Pretrial Dates and Reopen Discovery ("Motion to Continue").

GEO seeks *ex parte* relief due to the impending discovery cutoff deadline of September 14, 2020; GEO submits that all Parties would benefit from the Motion to Continue being heard prior to the discovery deadline; GEO therefore submits that the Court hear the Motion on **September 14, 2020**, if that date is not feasible from the Court's perspective, then GEO requests that it be heard on the earliest date available thereafter.

GEO has requested that Plaintiffs agree to an abbreviated briefing schedule for this time-sensitive Motion, but Plaintiffs have refused.

This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, Declaration of David Van Pelt, and the pleadings and records on file in the above-entitled action.

This application is made following the conference of counsel Pursuant to L.R. 7-19.1. It is GEO's understanding Plaintiffs oppose this *ex parte* application.

Dated: September 9, 2020              **AKERMAN LLP**

                                      By:   */s/ David Van Pelt*
                                            Michael L. Gallion
                                            David Van Pelt
                                            Colin L. Barnacle
                                            Adrienne Scheffey

                                            Attorneys for Defendant
                                            THE GEO GROUP, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION.

This case involves a nationwide class action involving immigrant detainees, alleging failure to pay wages and violation of human trafficking statutes in multiple states.

Due to the complex nature of the dispute, discovery obligations of both sides that will inevitably push the Parties past the discovery deadline, significant law and motion practice that will likely consume the Parties for months, and the delays wrought by COVID-19, a reasonable continuance of the trial date and other pending dates is critical.

Not only is the continuance imperative, but so also is the need to have the Motion to Continue ruled on immediately, in order to resolve copious discovery disputes and permit the Parties to move forward with (possibly) a new Scheduling Order before the Parties devote additional time to the current one.

GEO filed its Motion to Continue on Friday September 4, 2020. Plaintiffs' Opposition is due Monday September 14, 2020.  The Motion to Continue is currently scheduled for hearing on October 5, 2020 – well after the September 14, 2020 discovery cutoff deadline. By this *Ex Parte* Application, GEO respectfully requests that the Motion to Continue be heard, and related briefing be expedited, to resolve the issues as promptly as possible and prevent the prejudice to GEO that would result if the Motion to Continue is not heard before the discovery cut off.

Good cause plainly exists to have the Motion to Continue heard on shortened time.  Not only is the issue time-critical, but the issues relative to a continuance were briefed just two weeks ago, so Plaintiffs (who were served with the Motion to Continue last Friday, September 4) can readily finalize and file their Opposition on shortened time. GEO respectfully requests that the Motion to Continue be heard on **Monday, September 14, 2020**., and that the Court adopt the modified schedule below:

| Event | Current Date | Proposed Date |
|---|---|---|
| Hearing on Defendant's Motion to Continue Trial and Pretrial Dates and Reopen Discovery | Monday, October 5, 2020 | Monday, September 14, 2020 |
| Plaintiff's Deadline to file opposition to Defendant's Motion to Continue | Monday, September 14, 2020 | Friday, September 11, 2020 |

## II.  LEGAL ARGUMENT

### A.  Good Cause Exists for the Motion to be Heard on Shortened Time.

The Court may grant *ex parte* relief upon a showing of "good cause." *Mission Power Engineering Co. v Continental Cas.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Further, an *ex parte* application is particularly appropriate where "a party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013). The issuance of an order to expedite is especially warranted in cases of "temporal urgency" such as this. *See Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

GEO's *Ex Parte* Application is necessary in light of the looming deadlines in the case that will prejudice GEO (indeed, both Parties) if the Motion to Continue is not heard before the noticed hearing date of October 5, 2020. For example, the current deadline to hold the mandatory settlement conference is **October 12, 2020**, scarcely a week after the Motion to Continue is set to be heard. The deadline for filing dispositive motions is currently **October 4, 2020**, a day *before* the current hearing date. The prejudice that will be visited upon the Parties if the status of the current Scheduling Order is not resolved immediately, is obvious.

By the same token, Plaintiffs will not suffer any prejudice if the Motion to Continue is heard on an expedited basis. Plaintiffs' counsel was and is well aware of the issues presented in the Motion to Continue, which was served on Plaintiffs on

1  Friday September 4, 2020.  Moreover, the Motion to Continue raises many of the
2  same arguments which were already briefed by Plaintiffs in response to GEO's *Ex*
3  *Parte* Continuance, filed with the Court on August 21, 2020. (Van Pelt Decl. ¶ 6.)
4  Plaintiffs can hardly claim prejudice in filing their Opposition to the Motion to
5  Continue on Friday, September 11, as opposed to Monday, September 14, in response
6  to a motion that is similar to one that they opposed less than two weeks ago.

7        **B.**    **GEO Has Tried in Vain to Negotiate with Plaintiffs**

8        In denying GEO's *Ex Parte* Continuance, the Court ordered the parties to "meet
9  and confer" regarding the Court's Scheduling Order and "file a properly noticed
10 motion." (Van Pelt Decl. ¶ 3.)

11       Despite several attempts to meet and confer, the Parties were unable to reach
12 agreement regarding an appropriate modification of the Scheduling Order.
13 Specifically, in addition to not agreeing to any change to the September 14 discovery
14 deadline (and no change to any deadlines in the case except for a two-week extension
15 on the date for hearing dispositive motions), Plaintiffs would not agree to any type of
16 abbreviated briefing schedule, necessitating this *Ex Parte* Application,  (Van Pelt
17 Decl. ¶ 5.)

18       GEO asked Plaintiffs to agree to a mutually acceptable briefing schedule, and
19 Plaintiffs refused.  Given the rapidly approaching deadlines in this action, GEO cannot
20 wait until October 5 to have its Motion to Continue heard. GEO was diligent in its
21 efforts to obtain a continuance prior to seeking *ex parte* relief. At this point, GEO has
22 no choice but to do so.

23       GEO's *Ex Parte* Application should be granted, and its Motion to Continue
24 heard on shortened time.

25 **III.  CONCLUSION**

26       In light of the impending close of discovery, the prejudice certain to impact
27 GEO if it is forced to continue on the current schedule, and the  potential waste of the
28 Court's resources that may result if resolution of the Motion to Continue is delayed,

GEO respectfully asks this Court to hear its Motion to Continue on an expedited schedule. Specifically, GEO requests that the Court set the impending deadlines in accordance with the following:

| Event | Current Date | Proposed Date |
| --- | --- | --- |
| Hearing on Defendant's Motion to Continue Trial and Pretrial Dates and Reopen Discovery | Monday, October 5, 2020 | Monday, September 14, 2020 |
| Plaintiff's Deadline to file opposition to Defendant's Motion | Monday, September 14, 2020 | Friday, September 11, 2020 |

The above modifications are necessary to prevent the continued prejudice and harm that GEO will suffer if the current schedule is not modified to allow an extension of the discovery cutoff deadline and other dates in this matter. Accordingly, GEO respectfully requests the Court grant this *Ex Parte* Application.

Dated: September 9, 2020

**AKERMAN LLP**

By: __/s/ David Van Pelt__
    Michael L. Gallion
    David Van Pelt
    Colin L. Barnacle
    Adrienne Scheffey
    Attorneys for Defendant
    THE GEO GROUP, INC.

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

4   Case No. 5:17-cv-02514-JGB-SHKx
**DEFENDANT'S *EX PARTE* APPLICATION TO SHORTEN TIME AND ADVANCE HEARING**