1 **AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
2 ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
3 Los Angeles, California 90071
Telephone: (213) 688-9500
4 Facsimile: (213) 627-6342
Email: alicia.hou@akerman.com
5 Email: ellen.robbins@akerman.com

6 LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
7 Miami, FL 33131
Telephone: (305) 374-5600
8 Facsimile: (305) 374-5095
Email: lawrence.silverman@akerman.com
9
COLIN L. BARNACLE (admitted *pro hac vice*)
10 ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
11 Denver, Colorado 80202
Telephone: (303) 260-7712
12 Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com
13 Email: adrienne.scheffey@akerman.com

14 Attorneys for Defendant
THE GEO GROUP, INC.
15

16 **UNITED STATES DISTRICT COURT**

17 **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

18

19 RAUL NOVOA, JAIME CAMPOS | Case No. 5:17-cv-02514-JGB-SHKx
FUENTES, ABDIAZIZ KARIM, and
20 RAMON MANCIA, individually and on | Assigned to Hon. Jesus G. Bernal
behalf of all others similarly situated

21 | **DEFENDANT THE GEO GROUP,**
Plaintiff, | **INC.'S REPLY TO PLAINTIFFS'**
22 vs. | **OPPOSITION TO GEO'S MOTION**
| **TO CONTINUE TRIAL AND**
23 THE GEO GROUP, INC., | **PRETRIAL DATES AND REOPEN**
| **DISCOVERY**
24 Defendant.

25

26

27

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

THE GEO GROUP, INC.,

            Counter-Claimant,

      vs.

RAUL NOVOA, JAIME CAMPOS
FUENTES, ABDIAZIZ KARIM, and
RAMON MANCIA, individually and on
behalf of all others similarly situated,

            Counter-Defendant.

| | |
|---|---|
| TAC Filed: | September 16, 2019 |
| SAC Filed: | December 24, 2018 |
| FAC Filed: | July 6, 2018 |
| Complaint Filed: | December 19, 2017 |
| Trial Date: | February 2, 2021 |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO GEO'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES AND REOPEN DISCOVERY**

1  Defendant The GEO Group, Inc. submits the following Reply in support of its

2  Motion to Continue Trial, Pretrial Dates, and Reopen Discovery.

3  **I.      INTRODUCTION.**

4       GEO has not delayed.  Plaintiffs wholly mischaracterize the procedural posture

5  of this case and conveniently ignore the fact that GEO has been diligent and acting in

6  good faith to meet its discovery obligations, including responding to the litany of

7  controversies Plaintiffs have manufactured on a near *weekly* basis for the last several

8  months.  *See* ECF 300-1, at ¶ 14.

9       Plaintiffs' tired theme continues to be that GEO conveniently caused all of the

10  delay in this case, that GEO has failed to be diligent, that GEO has been derelict in its

11  obligations—in short, that GEO is the only blameworthy party.  Plaintiffs take no

12  responsibility whatsoever for the delay they have caused in failing to finalize their

13  class notice plans.  They also disguise their near weekly and voluminous discovery

14  conferrals as "vigorous" prosecution of their case—leaving out the fact that many of

15  their perceived discovery deficiencies were revivals of previously-resolved issues

16  and/or just plain made up.  *See* ECF 300-1, at ¶¶14-17.

17       If deadlines are not extended in this action, Plaintiffs will have successfully

18  shortchanged due process and have been rewarded for their bad faith litigation antics.

19  To be sure, just this morning on September 21—seven days **after** the discovery

20  cutoff—Plaintiffs sought to raise six new discovery issues before Magistrate

21  Kewalramani.  (Declaration of Alicia Y. Hou (Hou Decl.) ¶ 3).  Plaintiffs cannot take

22  the hardline position that deadlines in this matter should not be moved and that they

23  will be prejudiced, and then raise purported discovery issues before the Court one

24  week after the discovery cutoff (which cutoff includes hearing discovery motions).

25  GEO respectfully requests the Court grant its Motion to Continue Trial and set forth a

26  new scheduling order to allow for this lawsuit to proceed fairly.

27

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO GEO'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES AND REOPEN DISCOVERY**

## II. LEGAL ARGUMENT

### A. Good Cause Exists to Grant GEO's Motion

#### i. Plaintiffs Mischaracterize the Facts

Class Notice.  Plaintiffs decidedly omit any explanation as to why they waited nine months to file their motion to approve class notice.  **Plaintiffs' delay and Plaintiffs' delay alone has puts the parties at odds with the current scheduling order**.  Instead of taking any responsibility for their own delay and accepting the fact that the scheduling order is no longer tenable, Plaintiffs' present two unworkable options to the Court to circumvent the scheduling issue (again, which they alone created).  The first would be to shorten the 75 day notice period to 45 days— shortchanging due process.  The second would be for the Court to reserve ruling on the dispositive motions until after the opt-out period.  This would be incredibly unfair to GEO as prospective class members will have the opportunity to evaluate the strength of GEO's key legal positions prior to deciding whether they would like to be included in the class. *See Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) ("The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action **well before** the merits of the case are adjudicated"); *see also Darrington v. Assessment Recovery of Wash., LLC*, No. C13-0286-JCC, 2014 WL 3858363, at *3 (W.D. Wash. Aug. 5, 2014). ("[T]he notice requirement for 23(b)(3) class actions is rooted in due process and clearly mandatory under Rule 23(c)(2)(B).")

Class Discovery.  Plaintiffs should not be allowed to lay their delay at GEO's feet.  The only fair solution would be to reopen discovery on a limited basis for GEO to conduct class discovery and continue all dates as set forth in the underlying motion.  Plaintiffs gloss over the undisputable timing hurdles GEO has had to contend with since the current scheduling order took effect:

- January 8 2020 – operative scheduling order takes effect (*see* ECF 247);
- January 8, 2020 through January 22, 2020 – discovery stay in effect (*see* ECF 247);

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO GEO'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES AND REOPEN DISCOVERY**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

- Late February / early March – COVID-19 takes hold of the nation;
- April 6, 2020 – Plaintiffs bring an *Ex Parte* Application for TRO re. COVID-19 issues.  GEO focuses all efforts on this TRO and COVID-19 related issues (*see* ECF 252);
- April 22, 2020 – Order denying Plaintiffs' TRO (*see* ECF 268);
- May 2020 through September 2020 – Plaintiffs commence nearly *weekly* discovery conferrals before the Court; the majority of these discovery issues were previously resolved and/or immaterial.  Plaintiffs disguise these conferrals as "vigorous" prosecution of this case; however Plaintiffs clearly sought to abuse the discovery process and bury GEO's counsel with manufactured discovery issues as a bad-faith litigation strategy, (*see* ECF 300-1, at ¶ 14);
- May 22, 2020 – Court issues order in connection with Plaintiffs' outstanding RFPs, ordering Parties to *further* meet and confer on e-discovery search terms related to several key RFPs (*see* ECF 274);
- Early August 2020 – Parties finally reach agreement on several search terms and GEO begins the process of reviewing over hundreds of thousands of documents to produce by September 7, 2020 – the substantial compliance deadline ordered by Magistrate Judge Kewalramani (*see* ECF 311-1, at ¶ 5).

Fact Witness Depositions.  Plaintiffs point to GEO's decision to not depose various fact witnesses as evidence that GEO has somehow delayed.  This makes no sense.  GEO's strategic decision to no longer depose various fact witnesses should not be indicative of GEO "sitting on its hands."

Expert Depositions.  Plaintiffs' accusation that GEO has not noticed any depositions of any of the four experts is misleading.  The parties did not even agree to expert deposition dates until September 10, 2020—after lengthy conferrals and two hearings before Magistrate Kewalramani.  GEO's counsel served deposition notices on September 14, 2020 – surely a reasonable timeframe given that the parties had only

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO GEO'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES AND REOPEN DISCOVERY**

Case No. 5:17-cv-02514-JGB-SHKx

agreed to dates merely *four days prior*.  Again, Plaintiffs seek to create issues and controversies where none exist.  Further, other than the production of four engagement letters, Plaintiffs refused to produce documents in response to Defendants' subpoenas seeking documents relied upon by Plaintiffs' experts, despite their agreement to extend expert discovery beyond the September 14 cutoff and despite the Court's admonition that these documents should be produced without the need for a subpoena.  (Hou Decl. ¶ 4).

GEO's Written Discovery.  Plaintiffs falsely state that GEO has not initiated a Rule 37-1 conferral as to any of Plaintiffs' responses.  GEO's counsel sent correspondence seeking conferral on Plaintiffs' deficient responses to GEO's Requests for Production on August 31, 2020 – to date, plaintiffs have failed to respond and these issues remain outstanding.  GEO's counsel sent correspondence seeking conferral on Plaintiffs' deficient responses to GEO's Requests for Admissions and Interrogatories on September 4, 2020 – to date, plaintiffs have failed to respond and these issues remain outstanding.  *See* ECF 311-1, at ¶ 13.

Settlement Conference.  Again, Plaintiffs falsely state that GEO has failed to respond.  GEO has engaged in several conferrals with Plaintiffs on the topic of mediation and continue to do so.  GEO most recently responded to Plaintiffs on September 16, 2020.  (Hou Decl. ¶ 5).

No Prejudice.  Plaintiffs will suffer no prejudice given a short extension of the deadlines.  The sole basis upon which Plaintiffs claim they will be prejudiced is that a delay in adjudication "ensures that [GEO] continues to benefit from free or nearly free detainee labor, and that immigrants detained in GEO's facilities continue to face serious harm as a result."  *See* ECF 323, at p. 6.  Indeed, the claims at issue in this case are significant and complex.  Accordingly, fair adjudication of them is of great importance to *all parties* to this action.  As the Ninth Circuit has consistently held, the district court abuses its discretion "when the denial of a continuance has affected the defendant's ability to present an adequate defense or has compromised his right to a

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

fair trial." *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1054 (9th Cir. 2000); *see also United States v. 2.61 Acres of Land*, 791 F.2d 666, 671 (9th Cir.1985) (court abused its discretion where denial of a continuance prevented the defendant from introducing any evidence on its behalf); *see also Armant v. Marquez*, 772 F.2d 552, 557 (9th Cir.1985) (finding prejudice where the denial of a continuance prevented the defendant from preparing his own defense); *see also United States v. Pope*, 841 F.2d 954, 958 (9th Cir.1988) (denial of a brief continuance inappropriate where it prevented defendant from introducing "the only testimony that could plausibly have helped him").  In short, a modest continuance of four months to allow for due process is prudent, imperative, and would benefit both sides to this action.

### ii.   Plaintiffs Mischaracterize the Law

While Plaintiffs are correct in their assertion that modification of a scheduling order requires a showing of "good cause" (*see* Fed. R. Civ. P. 16(b)(4)), Plaintiffs' assertion that there is "no good cause where moving party delayed in taking any depositions until late in the discovery process" is a misstatement of the law.  The cases Plaintiffs cite to are inapposite.

While the court in *Krueger v. Wyeth* held that good cause for modification of the scheduling order at issues had not been shown by the moving party in that case, Plaintiffs have conveniently omitted a key fact relied upon by the *Kreuger* court in reaching its decision – the Court in *Krueger* emphasized that the plaintiff seeking an amendment to the scheduling order offered *no explanation* as to why modification was appropriate.  *See Krueger v. Wyeth, Inc.*, No. 03CV2496-JAH MDD, 2012 WL 4338710, at *3 (S.D. Cal. Sept. 20, 2012) ("Plaintiff has not explained why she delayed in taking any depositions in this case until late in the discovery process (only one deposition had been taken by May 2012, just one month before the scheduled

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

close of fact discovery)"). Here, unlike the movant in *Krueger*, GEO offers *numerous* bases on which modification should be granted. *See* ECF 311-1.[1]

Plaintiffs provide a similarly reductive characterization of the holding in *New York Life Insurance Co. v. Morales. See* ECF 323, at p. 5. While the court in *New York Life* did in fact hold that the defendant had not shown good cause for modification of the court's scheduling order, the *New York Life* court emphasized that it was implausible that the defendant was unaware of the existence and identity of the witnesses to be deposed because the witnesses were members of the defendant's own family. *See New York Life Ins. Co. v. Morales,* No. CIV.06CV1022-B(BLM), 2008 WL 2622875, at *3 (S.D. Cal. July 1, 2008) ("Defendant Lopez cannot plausibly claim that he was unaware of the existence of these individuals because they were his father-in-law, sister-in-law, and brother-in-law... In other words, these potential deponents' identities and possible bases for having knowledge of relevant facts were all known extremely early in the case, if not prior to its filing"). Here, GEO does not contend that it is unaware of who it needs to depose, or what discovery it needs to conduct. GEO's position is clear – due to Plaintiffs' delay in moving for approval of class notice, the deadlines must be extended in the interests of justice.

As outlined by the Ninth Circuit in *Noyes v. Kelly Services*, the inquiry as to whether good cause exists for modifying a scheduling order focuses on the "reasonable diligence" of the moving party. *Noyes v. Kelly Servs*., 488 F.3d 1163, 1174 (9th Cir. 2007); *see also Kuschner v. Nationwide Credit, Inc*., 256 F.R.D. 684, 687 (E.D. Cal. 2009) ("Good cause may be found to exist where the moving party shows that it diligently assisted the Court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that

---

[1] On August 7, 2020, Plaintiffs served amended initial disclosures listing additional individuals whom GEO may need to depose. GEO also seeks to depose Plaintiff Fernando Munoz-Aguilera who submitted a declaration in support of Plaintiffs' motion for class certification, but was never made available for a deposition. Moreover, in the month leading up to the discovery cutoff, Plaintiffs noticed six other depositions – at least two of which were noticed without any conferral as to GEO or the witness's availability. Additionally, well before the discovery cutoff, GEO's counsel sent correspondence seeking conferral on Plaintiffs' deficient responses to GEO's Requests for Production, Requests for Admissions, and Interrogatories. To date, plaintiffs have failed to respond and these issues remain outstanding.

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO GEO'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES AND REOPEN DISCOVERY**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order").  Here, GEO moved to modify the scheduling order when it became clear that the order was no longer tenable due to Plaintiffs' delay in filing their motion to approve class notice – and even further exacerbated by COVID-19.

## III.    CONCLUSION

In light of the foregoing, the Court should grant GEO's Motion to Continue Trial and Pretrial Dates and Reopen Discovery and set the impending deadlines in accordance with the following:

| Event | Current Date | Proposed Date |
|---|---|---|
| All Discovery Cutoff (including hearing discovery motions) | Monday, September 14, 2020 | Thursday, January 14, 2021 |
| Last Date to Conduct Settlement Conference | Monday, October 12, 2020 | Friday, February 12, 2020 |
| Last Date to File Summary Judgment Motions | Wednesday October 14, 2020 [2] | Thursday, February 15, 2021. |
| Last Date to Hear Non-Discovery Motions | Monday, November 30, 2020 | Tuesday, March 30, 2021 |
| Final Pretrial Conference and Hearings on Motions in Limine | Monday, January 4, 2021 at 11:00 AM | Tuesday, May 4, 2021 at 11:00 AM |
| Trial Date | Tuesday, February 2, 2021 at 9:00 AM | Wednesday, June 2, 2021 |

Dated: September 21, 2020          **AKERMAN LLP**

By:   */s/ Ellen S. Robbins*
Ellen S. Robbins
Alicia Y. Hou
Colin L. Barnacle

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342
AKERMAN LLP

---

[2] The deadline to file summary judgment motions was incorrectly cited as October 4, 2020 within GEO's Motion. This error was corrected by and through a notice of errata filed on September 18, 2020.

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO GEO'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES AND REOPEN DISCOVERY**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Adrienne Scheffey
Attorneys for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO GEO'S MOTION TO CONTINUE TRIAL AND
PRETRIAL DATES AND REOPEN DISCOVERY