UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-2514 JGB (SHKx)** | Date | September 14, 2020 |
| Title | ***Raul Novoa, et al. v. The GEO Group, Inc.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Phyllis A. Preston |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Daniel H. Charest<br>Robert Andrew Free<br>Theodore W. Maya<br>Mallory T. Biblo | Lawrence Silverman<br>Alicia Y. Hou<br>Ellen Robbins |

**Proceedings:    Order GRANTING the Motion to Approve Class Notice and Form of Notice (Dkt. No. 284.)**

Before the Court is Plaintiffs' motion to approve class notice plan and form of notice. ("Motion," Dkt. No. 284.)  On September 14, 2020, the Court held a telephonic hearing on the Motion.  After considering the papers filed in support of and in opposition to the Motion, as well as the arguments at the hearing, the Court GRANTS the Motion.

## I.    BACKGROUND

On December 19, 2017, Raul Novoa ("Novoa") filed a putative class action complaint against Defendant The GEO Group, Inc. ("GEO").  (Dkt. No. 1.)  Novoa filed a first amended complaint on July 6, 2018, (Dkt. No. 47), and a second amended complaint on December 24, 2018, which added Jaime Campos Fuentes ("Fuentes") as a Plaintiff, ("SAC," Dkt. No. 108). On August 16, 2019, Plaintiffs sought leave to file a third amended complaint.  (Dkt. Nos. 167, 169.)  The Court granted leave, (Dkt. No. 183), and Plaintiffs filed the third amended complaint, which is operative, ("TAC," Dkt. No. 184).  The TAC added Abdiaziz Karim ("Karim") and Ramon Mancia ("Mancia") as Plaintiffs, amended the class definitions, and added two causes of action.  (See Dkt. No. 183 at 2.)

The TAC alleges seven causes of action arising from Plaintiffs' detention at California's Adelanto Detention Center ("Adelanto"): (1) violation of California's Minimum Wage Law, Cal.

Labor Code §§ 1194, 1197, 1197.1; (2) unjust enrichment; (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (4) violation of California's Trafficking Victims Protection Act ("CTVPA"), Cal. Civ. Code § 52.5; (5) forced labor under the Federal Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1589(a), 1594(a); (6) forced and attempted forced labor under the TVPA; and (7) retaliation.  The TAC defines three putative classes.

Plaintiffs filed a motion for class certification on September 27, 2019.  ("MCC," Dkt. No. 192.)  Defendant filed an opposition on October 28, 2019.  (Dkt. No. 205.)  On November 26, 2019, the Court granted Plaintiffs' MCC and certified three classes of current and former civil immigration detainees: the Adelanto Wage Class, the Adelanto Forced Labor Class, and the Nationwide HUSP Class.  ("Class Certification Order," Dkt. No. 223.)

On August 4, 2020, Plaintiffs filed the Motion.  In support of the Motion, Plaintiffs filed the declaration of Jennifer M. Keough ("Keough Declaration," Dkt. No. 284-1), along with several exhibits, including: a proposed Summary Notice (Dkt. No. 284-1 at 55-56); proposed digital ads (Dkt. No. 284-1 at 57-58); proposed radio script (Dkt. No. 284-1 at 59-60); proposed press release (Dkt. No. 284-1 at 61-63); proposed e-mail notice (Dkt. No. 284-1 at 64-65); and proposed Long Form Notice (Dkt. No. 284-1 at 66-70).  On August 24, 2020, Defendant filed its opposition to the Motion, along with supporting exhibits.  ("Opposition," Dkt. No. 303.)  On August 31, 2020, Plaintiffs replied to the Opposition.  ("Reply," Dkt. No. 310.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 23(c)(2)(B) requires that a court certifying a class under Rule 23(b)(3) "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Notice may be provided by mail, electronic means, or any other appropriate means.  Id.  Although the notice may contain other information, the notice "must clearly and concisely state in plain, easily understood language:
  (i) the nature of the action;
  (ii) the definition of the class certified;
  (iii) the class claims, issues, or defenses;
  (iv) that a class member may enter an appearance through an attorney if the member so desires;
  (v) that the court will exclude from the class any member who requests exclusion;
  (vi) the time and manner for requesting exclusion; and
  (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."
Fed. R. Civ. P. 23(c)(2)(B)(i–vii).

Class notice must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to opt out.  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

**CIVIL MINUTES—GENERAL**  Initials of Deputy Clerk MG

## III.  DISCUSSION

### A.  Parties' Contentions

Plaintiffs move the Court to issue an order approving their proposed Class Notice Plan and Notice.  Plaintiffs propose a multi-faceted notice plan, including: (1) a Summary Notice to be published in leading Spanish language newspapers in Southern California; (2) a digital media campaign targeting Spanish-speaking adults aged 18-65 in eight western states (California, New Mexico, Arizona, Nevada, Idaho, Montana, Washington, and Oregon) and in four Latin American countries (Mexico, El Salvador, Guatemala, and Honduras); (3) a targeted radio campaign in five Latin American markets (Mexico City and Guadalajara, Mexico; San Salvador, El Salvador; Guatemala City, Guatemala; and Tegucigalpa, Honduras); (4) a press release of the Summary Notice distributed to over 19,000 media outlets; (5) an e-mail outreach notice requesting the assistance of third-party immigration relief organizations and assistance groups in notifying potential class members; (5) a dedicated website with the Long Form Notice, other important information and deadlines; and (6) posting a Summary Notice in English and Spanish at the Adelanto ICE Processing Center.  (Mot. at 6-9.)  Plaintiffs' proposed opt-out deadline is 75 days after the press release is distributed.  (Id. at 9.)

Plaintiffs' proposed notice and plan concern the Adelanto Wage Class and Adelanto Forced Labor Class, both certified under Rule 23(b)(3).  (Mot. at 2.)  Plaintiffs do not propose a notice plan with respect to the Nationwide HUSP Class because it was certified under Rule 23(b)(2), which does not require class notice.  (Id.)

Defendant objects to both the proposed notice and the notice plan.  (Opp'n.)  With respect to the notice plan, Defendant argues: (1) Plaintiffs must provide notice to the Nationwide HUSP class because they are seeking compensatory damages; (2) notice should be mailed to former and current detainees in the United States; (3) print publication should include non-Spanish-speakers outside of Southern California; (4) the digital media and radio campaign should not exclusively focus on Spanish speakers; and (5) proposed e-mail outreach through outreach groups that provide legal services and state agencies will cause confusion and may be construed as legal solicitation.  Defendant next argues that the proposed notices are (1) "unclear and biased against GEO," including sections that are unnecessary and/or appear designed to entice the reader to remain in the class; (2) the notices should state below the caption that the court has not endorsed either party's position and that the notice does not entail that Plaintiffs have prevailed; and (3) Plaintiffs have not provided a mock-up of the proposed website.  (Opp'n at 8-10.)  Finally, Defendant argues that the timing of the notice plan, with an opt-out period of 75 days, is inconsistent with the current scheduling order.  (Opp'n at 10-11.)

### B.  Notice Plan

#### 1.  Notice to Nationwide HUSP Class

---

First, Defendant argues that due process requires notice to the Nationwide HUSP Class. The Court disagrees. Plaintiffs need not provide notice to the Nationwide HUSP Class. The Adelanto Wage Class and the Adelanto Forced Labor Class were certified under Rule 23(b)(3), while the Nationwide HUSP Class was certified under Rule 23(b)(2).[1] As Plaintiffs point out, Rule 23(b)(2) does not require notice to class members. (Mot. at 2; Reply at 3-5.) See Cota v. Maxwell-Jolly, 2010 WL 11485115, at *6 (N.D. Cal. Aug. 10, 2010) ("[U]nder Rule 23(b)(2) class, notice is optional."). Rather, "district courts have broad discretion to decide whether or not to send notice to classes certified under Rule 23(b)(2)." Keller v. Nat'l Collegiate Athletic Ass'n, 2014 WL 2191464, at *2 (N.D. Cal. May 23, 2014).

Defendant argues that the Nationwide HUSP Class seeks "predominantly monetary damages" and Plaintiffs should therefore be required to provide notice of the proceedings and an opportunity to opt out. (Opp'n at 5-6.) The Court disagrees. "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class" and claims for monetary relief can only be "incidental to the injunctive or declaratory relief." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 360 (2011). The class GEO describes would not have been properly certified as a Rule 23(b)(2) class. Rather, the Nationwide HUSP Class seeks injunctive and declaratory relief that would bind every member of the class, and the monetary relief sought may only "flow to the class as a whole by virtue of its securing the sought after injunctive relief." Torrent v. Yakult U.S.A., Inc., 2016 WL 4844106, at *5 (C.D. Cal. Jan. 5, 2016). In fact, Plaintiffs clarified during the telephonic hearing that they are not seeking monetary damages for the Nationwide HUSP Class, with the exception of those class members who are also in the Rule 23(b)(3) classes. There is no merit to Defendant's claim that class members who do not receive notice may not be bound by the judgment. Where, as here, "declaratory and injunctive relief to the named Plaintiffs would adjudicate the rights of the entire

---

[1] The Adelanto Wage Class is defined as "All civilly detained immigrants who (i) were detained at the Adelanto ICE Processing Center any time between December 19, 2014 and the date of final judgment in this matter, and either (ii) participated in the Voluntary Work Program at any point during their detention, or (iii) performed work for no compensation in the Uncompensated Work Program pending their participation in the Voluntary Work Program, or (iv) performed work for no compensation pursuant to the Adelanto Housing Unit Sanitation Policy." (Class Cert. Order at 13.) The Adelanto Forced Labor Class is defined as "All civil immigration detainees who were detained at the Adelanto ICE Processing Center any time between May 1, 2011 and the date of final judgment in this matter." It includes two subclasses: (1) Work Program Subclass: "All individuals who participated in the Voluntary Work Program at any point during their detention"; and (2) Uncompensated Work Program Subclass: "All individuals who participated in the Uncompensated Work Program at any point during their detention." (Id.) The Nationwide HUSP Class is defined as "All civilly detained immigrants who (i) were detained at any civil immigration detention center owned or operated by GEO in the United States between December 19, 2007 and the date of final judgment in this matter, and (ii) were subject to a GEO Housing Unit Sanitation Policy (HUSP) at any point during their detention." (Id. at 13-14.)

**CIVIL MINUTES—GENERAL**           Initials of Deputy Clerk MG

class," the Court will not require class notice to the Nationwide HUSP Class.  <u>Miranda v. Audia</u>, 1977 WL 15565, at *1 (S.D. Cal. May 31, 1977).

### 2.  Notice by Mail

Defendant asks the Court to require notice by mail.  The Court declines.  Notice by mail would be impracticable and potentially duplicative.  As Plaintiffs point out, under its proposed plan, GEO will post notice in the Adelanto facility to reach class members who are currently detained.  (Reply at 5.)  Mailing individual notices to the detention facilities would be duplicative and, in many cases, impracticable, as the detainee populations may be in regular shift.  Moreover, the majority of class members are no longer detained at a GEO facility, and "[o]nce detainees are released or deported, they could be literally anywhere in the world."  (Reply at 6.)  Other than suggesting using the address where class members are (or were detained), GEO does not identify any strategy to identify reliable addresses for the majority of class members who are no longer detained.  (Reply at 6-7.)

### 3.  Print Publication

Defendant objects to Plaintiffs' focus on publishing notice in Spanish-speaking newspapers in Southern California, and ask that notice is effectuated through at least one major United States newspaper.  (Opp'n at 7.)  Plaintiffs reply that the notice plan includes a press release distributed to 19,000 media outlets, including to media outlets in the U.S. (in English), and in India (in Hindi).  (Reply at 7.)  The Court finds those proposed efforts adequate.

### 4.  Digital Media and Radio Campaign

Defendant also objects to the focus on Spanish speakers in Plaintiffs' digital media and radio campaign.  (Opp'n at 8.)  Given the fact that other components of Plaintiffs' notice plan would have broader reach (including the press release, posting of the notice at the detention facility, and e-mail outreach), the Court finds the proposed digital media and radio campaign to be appropriate.

### 5.  E-mail Outreach

Defendant next argues that Plaintiffs' proposed outreach to organizations that provide services to immigrants, including those that primarily provide legal services, is improper.  (Opp'n at 8.)  The Court disagrees.  These organizations may have access to class members who would be otherwise difficult to reach, and the notices will clearly and conspicuously state that they are not a solicitation or a judicial endorsement.

## C.  Notice Forms

---

**CIVIL MINUTES—GENERAL**          Initials of Deputy Clerk MG

After reviewing the Summary Notice and the Long Form Notice, the Court finds that the notices clearly state "in plain, easily understood language" the required elements under Rule 23(c)(2): "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i–vii). As established below, the Court finds most of Defendant's objections unavailing, and others to be easily resolved.

1. **Clarity and Bias against Defendant**

Defendant argues that some section of the notices are "unclear and biased against GEO." (Opp'n at 8.) In particular, GEO argues that the notice should (1) "state the formal causes of action and provide that GEO's position is that it not only denies the allegations, but that GEO believes it has fully complied with the law"; (2) amend the definition of the terms "Voluntary Work Program," "Uncompensated Work Program," and "Housing Unit Sanitation Policy"; and (3) reconsider the position of the class members' options "buried" in Sections 10 and 11. (Opp'n at 8-9.)

First, while Rule 23(c)(2) requires the notice to describe "the class claims, issues, or defenses," it does not require a listing of the formal causes of action. Plaintiffs' language sufficiently describes the causes of action in "clear, easy to understand language." Fed. R. Civ. P. 23(c)(2)(B) (clear, concise, "plain, easily understood language"). The Court finds that these descriptions are appropriate. However, to address some of GEO's concerns, as GEO requests, the Court ORDERS Plaintiffs to modify the sentence "GEO denies the allegations made in the lawsuit" (Long Form Notice at 2) to add "and argues it has fully complied with the law."

Second, although Defendant may disagree with definition of the terms "Voluntary Work Program," "Uncompensated Work Program," and "Housing Unit Sanitation Policy", as Plaintiffs point out, these terms are part of the class definition, as certified by the Court, and should therefore be included in the notices. (Reply at 8.) Moreover, while GEO claims these definitions are biased, it does not propose any edits or amendments. However, to address some of Defendant's concerns, the Court ORDERS Plaintiffs to qualify these definitions by adding "Plaintiffs allege" to the beginning of the sentences (e.g., "Plaintiffs allege that the 'Voluntary Work Program' is…). (Long Form Notice at nn.1-3.)

Finally, the Court finds that the Notice adequately informs the class members of their options.

2. **Judicial Endorsement**

Defendant claims that the notices should state below the caption that the court has not endorsed either party's position and that the notice does not entail that Plaintiffs have prevailed.

**CIVIL MINUTES—GENERAL**   Initials of Deputy Clerk MG

(Opp'n at 10.)  Plaintiffs have agreed to amend the notices to state immediately below the caption of the Long Form Notice that "The Court has not endorsed either party's position, and this class notice does not mean Plaintiffs have prevailed."  (Reply at 9.)  The Court finds that this modification is appropriate.

3. **Proposed Website**

The Court has reviewed the website mock-up attached to Plaintiffs' reply and finds it to be appropriate.

## D.  Timing of Notice

Defendant objects that the timing of the Notice Plan conflicts with the scheduling order. (Opp'n at 10-11.)  While Defendant does not object to the proposed 75-day opt out period, Defendant argues that under the current schedule, the opt out period would be completed on or after the motion cut-off deadline, by which date all motions (including summary judgment motions) would be fully briefed and the parties would be months from trial.  (Id. at 10-12.) Defendant therefore seeks to move the summary judgment deadline.  (Id. at 13.)  Plaintiffs in turn propose shortening the opt-out period to 45 days, or having the Court defer ruling on any summary judgment motion until after the opt-out deadline.  (Reply at 9-10.)

Plaintiffs are correct that Defendant's argument "is not that the notice plan is deficient but that the scheduling order is deficient."  (Reply at 9.)  The Court therefore APPROVES Plaintiffs' proposed opt out period of 75 days.  (Mot. at 9.)  The Court will address any potential conflicts with the scheduling order in its ruling on Defendant's motion to extend deadlines (Dkt. No. 314.).

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to approve class notice plan and form of notice, with the modifications described in Sections (C)(1)-(2) of this Order.

**IT IS SO ORDERED.**