**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: alicia.hou@akerman.com
Email: ellen.robbins@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com
Email: adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>**DEFENDANT THE GEO GROUP, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES**<br><br>Hearing Date: October 2, 2020<br>Time: 2:00 p.m. |

| | |
|---|---|
| THE GEO GROUP, INC., | |
| Counter-Claimant, | TAC Filed: September 16, 2019 |
| vs. | SAC Filed: December 24, 2018 |
| | FAC Filed: July 6, 2018 |
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated, | Complaint Filed: December 19, 2017 |
| | Trial Date: February 2, 2021 |
| Counter-Defendant. | |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## NOTICE OF MOTION

In accordance with this Court's September 23, 2020 Order Extending Discovery Motion Deadline to October 2, 2020 and Setting Briefing Schedule on Outstanding Discovery Issues, Defendant The GEO Group, Inc. hereby moves to compel production of documents and further responses to discovery. This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the anticipated arguments of counsel at hearing, the files and pleadings in this action, and any other matter deemed appropriate by this Court.

Dated: September 30, 2020

**AKERMAN LLP**

By: /s/ *Ellen S. Robbins*
    Ellen S. Robbins
    Alicia Y. Hou
    Adrienne Scheffey
    Attorneys for Defendant
    THE GEO GROUP, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Defendant The GEO Group, Inc. ("GEO") brings this Motion to address the numerous deficiencies in Plaintiffs' responses to GEO's discovery in this matter. This Motion follows multiple efforts to meet and confer on the issues outlined below since early September.[1] To date, the issues presented in this Motion remain unresolved. Accordingly, GEO asks that this Court compel Plaintiffs to comply with their basic discovery obligations by producing the documents and information requested below.

## II. LEGAL ARGUMENT

### A. Plaintiffs Should Be Compelled to Produce All Documents Relating to Their Expert Witnesses as Required by Fed. R. Civ. P. 26.

Under Rule 26, a party must produce a complete statement of all opinions their expert witnesses will express and the basis and reasons for them, as well as the facts or data considered by the witnesses in forming them and any exhibits that will be used to summarize or support them. Fed. R. Civ. P. 26. Further, Fed. R. Civ. P. 26 requires a party to disclose the expert witnesses' qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the witnesses testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case. *Id.*

Consistent with this rule, this Court previously held that experts must produce and disclose all documents relied upon as part of their report. ECF 315. GEO did so. Subsequently, Plaintiffs refused to produce documents relied upon by their experts

---

[1] On September 4, 2020, GEO sent Plaintiffs correspondence outlining in detail the deficiencies in Plaintiffs' discovery responses and document productions, which Plaintiffs summarily dismissed claiming disingenuously that Plaintiffs had fulfilled their discovery obligations. On September 14, 2020, the parties engaged in extensive correspondence via email regarding production of Plaintiffs' expert witness documents; ultimately Plaintiffs refused to comply with their production obligations and produced only four retainer agreements, not the key documents sought in GEO's expert subpoenas. Conferral on these issues continued on September 21, 2020 in written correspondence and during the September 22, 2020 discovery conference. The issues regarding the deficiencies in Ms. Schlanger's testimony were discussed at length during her deposition on September 25, 2020. The parties met and conferred again regarding all of these issues via telephonic conference on September 30, 2020.

(despite accepting service of subpoenas for the same).[2] As a result, GEO learned during the depositions of Plaintiffs' experts that a number of documents that are necessary for its analysis of Plaintiffs' experts reports and potential biases were not in fact produced. Indeed, during the deposition of Dr. Childers, GEO learned for the first time that Mr. Childers had testified as an expert witness on prior occasions within the past five years. While this information should have been disclosed as part of his initial report, it remains relevant. Likewise, GEO learned during the deposition of Ms. Schlanger that she had direct communications with a former DHS official to reach a conclusion in her report. Those communications were never disclosed. This information also should have been disclosed with Ms. Schlanger's initial report. Accordingly, GEO seeks an order from this Court requiring Plaintiffs to produce all information relied upon by each of their experts, including, but not limited to:

- A list of Mr. Childers' prior engagements as an expert witness;[3]

- Documents relied upon by Mr. Childers and not disclosed, including the spreadsheet he testified about during his deposition;

- Native spreadsheets used by Mr. Childers detailing the calculations upon which he relied in reaching his conclusions;

- Ms. Schlanger's email communications with Ms. Claire Trickler McKnulty as disclosed for the first time in her deposition;[4]

- A list of all documents considered by Ms. Schlanger, including those she described in her deposition as not helpful to her report;

---

[2] GEO served subpoenas on Plaintiffs' experts on September 3, 2020. Plaintiffs responded with objections and provided only retainer agreements for their four experts, not the key documents sought in the subpoena.

[3] Plaintiffs indicated that failure to produce this was an oversight and that they would provide this list; however, despite the fact that the deposition of Dr. Childers occurred on September 21, 2020, plaintiffs have still not provided the list (although plaintiffs have reiterated that they intend to provide it). GEO raises this issue to preserve it before the deadline.

[4] Again here, plaintiffs indicated that they would follow up and produce these documents; however to date, plaintiffs have not produced these communications. Plaintiffs indicated that they followed up again on September 30. GEO raises this issue to preserve it before the deadline.

- All documents relied upon by each of plaintiffs' experts that were not previously disclosed.

### B. Plaintiffs Should Be Compelled to Produce Tax Returns and Other Income Related Information.

On July 31, 2020, GEO propounded requests for production on Plaintiffs seeking documents evidencing Plaintiffs' income and tax information as follows:

Request For Production No. 20: Any evidence of income Plaintiffs earned outside of the Adelanto Facility.

Request For Production No. 21: Copies of Plaintiffs' federal and state income tax returns, including all schedules, worksheets, W-2 forms and 1099s for 2010 to present.

Request For Production No. 27: All documents evidencing any claims for benefits under any state or federal program for disability, low income, unemployment, or other public benefit that Plaintiffs received.

All four named Plaintiffs, though served separate requests for production, answered identically, asserting that GEO's Requests sought information outside the scope of discovery under FRCP 26(b)(1) and that Plaintiffs "[do] not understand what information is being sought in this Request." Although GEO conferred with Plaintiffs and requested that they review their responses and produce the requested documents well before the close of discovery, Plaintiffs have produced nothing.

The documents GEO requests are limited in scope and unquestionably are relevant to the issues of Plaintiffs' damages and whether Plaintiffs' were "employees" for purposes of California's wage and hour laws. *See Donovan v. Kentwood Dev. Co.*, 549 F. Supp. 480, 488 (D. Md. 1982) (damages for minimum wage violations are calculated by determining the difference between the amount the minimum wage and overtime wage requirements guarantee and the total amount of wages and other credits received on a weekly basis); *see also See Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 177 (2000) (benefits received are relevant for purposes of calculating

damages); *see also Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903, 961 (2018) ("employee" status for wage and hour purposes depends on the nature of the work and overall arrangement between the parties, and whether "the worker customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity").

Further, documents showing evidence of income plaintiffs earned outside of the Adelanto Facility are indisputably relevant to the issue of whether plaintiffs should be considered employees, and to demonstrate how the amounts plaintiffs actually earned outside of the Adelanto Facility compare to the amounts plaintiffs' experts opine they should have received for work allegedly performed.  There is a compelling need for plaintiffs tax documents, as they are relevant to demonstrate whether plaintiffs reported their VWP stipend as wages on their tax returns, which directly relates to the issue of whether plaintiffs considered themselves to be employees or to have received renumeration. And benefits-related documents are relevant to plaintiffs' unjust enrichment claim by demonstrating plaintiffs' income status outside the Adelanto Facility. Benefits documents may also provide helpful information about Plaintiffs' ability to obtain work outside of the facility, including disability status and unemployment status. Certainly, Plaintiffs cannot claim in good faith to have expected a job paying the prevailing wage rates if their records show they applied for disability or unemployment status when not housed at Adelanto. Finally, depending upon the benefits received, these documents may also shed light on Plaintiffs' claims for lost wages.

Here, GEO's requests are not unduly burdensome, overly broad, or disproportional to the needs to the case.  The information GEO has requested is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. Accordingly, this Court should compel Plaintiffs to produce documents responsive to Requests Nos. 20, 21 and 27 without further delay.

5

Case No. 5:17-cv-02514-JGB-SHKx
**DEFENDANT THE GEO GROUP, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES**

### C. Plaintiffs Should Be Compelled to Resolve the *Touhy* Issues Relating to the Testimony of Ms. Schlanger.

Prior to Ms. Schlanger's deposition, the Parties received a letter from DHS indicating that her testimony had not been authorized by DHS to be submitted to a Court. Specifically, DHS stated that Ms. Schlanger's testimony had not been authorized under *United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951). DHS further explained that Ms. Schlanger's testimony had not been cleared by the ethics department of DHS. In light of this letter, GEO asked Plaintiffs' counsel and the deponent if they were able to continue with the deposition or if, instead, it needed to be rescheduled. Plaintiffs stated they did not believe the *Touhy* regulations asserted in the letter covered her deposition testimony. Plaintiffs also took the position that if *Touhy* applied, it was *GEO's* obligation to obtain *Touhy* authorization as the party seeking to submit her testimony to the Court.[5] Because the deponent and Plaintiffs did not believe DHS's objection prevented them from providing deposition testimony, GEO proceeded with the deposition. Nevertheless, the witness and Plaintiffs' counsel objected numerous times to questions on the basis of *Touhy*. As a result, Plaintiffs used the *Touhy* regulations to impede testimony contrary to their own representations at the outset of the deposition. In addition, rather than simply marking answers confidential for review by ICE, the witness refused to answer questions she believed touched upon *Touhy*, requiring GEO to hold the deposition open. Accordingly, GEO seeks an order from this Court that Plaintiffs address and resolve the *Touhy* issues related to Ms. Schlanger's proposed testimony in this case and an order that GEO be permitted to re-depose Ms. Schlanger for no more than three hours after the *Touhy* issues are resolved.

---

[5] Of course, GEO does not seek to introduce Ms. Schlanger's testimony to this Court absent introduction by Plaintiffs, and therefore Plaintiffs hold the *Touhy* burden.

### III. CONCLUSION

In light of the foregoing, this Court should grant GEO's Motion to Compel Production of Documents and Further Responses and issue an order compelling Plaintiffs to comply with their discovery obligations by producing the documents and information requested herein.

Dated: September 30, 2020

**AKERMAN LLP**

By: /s/ *Ellen S. Robbins*
    Ellen S. Robbins
    Alicia Y. Hou
    Adrienne Scheffey
    Attorneys for Defendant
    THE GEO GROUP, INC.
AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342