# EXHIBIT A



Jonathan M. Turner

Akerman LLP
601 West Fifth Street
Suite 300
Los Angeles, CA  90071

T: 213 688 9500
F: 213 627 6342

September 4, 2020

**VIA ELECTRONIC-MAIL**

Lydia A. Wright
Burns Charest LLP
365 Canal Street, Suite 1170
New Orleans, Louisiana 70130

> **Re:** *Novoa, et al. v The GEO Group, Inc., Civil Action No. 5:17-cv-02514 (C.D. Cal.)*

Counsel,

This letter serves to address the issues arising from Plaintiffs' Responses to Defendant The GEO Group Inc.'s First Set of Interrogatories and First Set of Requests for Production propounded on Plaintiffs.

Overall, Plaintiffs' responses are plainly deficient in many respects. Most notably, Plaintiffs repeatedly rely on the same boiler plate response, and refer to the general allegations of the Complaint and "filings" in the case in place of substantive information. This approach is plainly improper and illegitimate. Plaintiffs are obligated to respond in a good-faith manner to GEO's discovery requests, and have not done so. GEO insists that Plaintiffs fulfill their discovery obligations, and provide supplemental responses that at least meet the minimum requirements of the Federal Rules of Civil Procedure.

**Issue 1:**       **Plaintiffs' Interrogatory Responses.**

**Interrogatory 1:** Please list the facts supporting Your assertion that You were an employee under California law when you participated in the voluntary work program at Adelanto.

Plaintiffs' responses are improper on several grounds, directly violate basic discovery rules and provide no facts upon which Defendant can rely.  All four Plaintiffs, though served separate interrogatory requests, answered identically. All four fail to list *any* facts supporting their assertions; rather they merely cite to the case *Martinez v. Combs*, 49 Cal. 4th 35 (2010). *Martinez* stands for the proposition that IWC wage orders, not the common law, defines the employment relationship. Citing to this authority in no way answers GEO's specific request to the Plaintiffs that they each list out all **facts** supporting their assertion that they were employees when they participated in the voluntary work program at Adelanto.

Lydia A. Wright
September 4, 2020
Page 2

_____

Further, Plaintiffs punt providing any substantive response by referring obliquely to everything in the case; "allegations contained in their pleadings or the various filings and discovery in this matter." An answer to an interrogatory should be complete in itself **and should not** refer to the pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-Abreu v. Puerto Rico Police Dept.* (1st Cir. 2012) 675 F3d 88, 93—answering interrogatories simply by "directing the proponent to rummage through other discovery materials" inadequate. Additionally, a party may not respond to a requesting party's discovery request by stating that the requested information is in the possession of the requesting party, or that the information sought can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77. Plaintiffs may also not evade answering the question completely by stating that discovery is ongoing, as all four Plaintiffs do here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 689.

Each Plaintiff states they will supplement their response if they recall additional information that is responsive to the interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands each Plaintiff provide substantive responses that provide answers to the interrogatories rather than referring GEO to the case file in its entirety  Plaintiffs that state whatever information is necessary to make each of their responses correct and complete no later than **September 8, 2020.**

**Interrogatory 2:** Itemize by date and time each and every hour You performed tasks that You claim entitled You to minimum wage payments including a description of each task You performed and a description or name for each person who supervised You performing these tasks.

All four Plaintiffs, though served separate interrogatory responses, failed to itemize tasks they claimed to have performed by date and time; rather they each offer an incomplete *summary* of the tasks purportedly performed. For example, "[a]s a porter, Plaintiff worked in a two to three-person crew to collect trash and empty water jugs from housing units at the Adelanto Facility. He worked approximately two hours per day, up to seven days per week."

Further, Plaintiffs refuse to answer and improperly on the allegations contained in their pleadings or the various filings and discovery in this matter. An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-Abreu v. Puerto Rico Police Dept.* (1st Cir. 2012) 675 F3d 88, 93—answering interrogatories simply by "directing the proponent to rummage through other discovery materials" inadequate. Additionally, a party may not respond to a requesting party's discovery request by stating that the requested information is in the possession of the requesting party, or that the information sought can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77. Plaintiffs may also not evade answering the question completely by stating that discovery is ongoing, as Plaintiffs do here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 689.

Lydia A. Wright
September 4, 2020
Page 3
_____

Each Plaintiff states they will supplement their response if they recall additional information that is responsive to the interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands each Plaintiff review their response and state whatever information is necessary to make each of their responses correct and complete no later than **September 8, 2020.**

**Interrogatory 3:** If You have ever made any claims for benefits under any state or federal program for disability, low income, unemployment, or other public benefit, please state all facts supporting regarding such claim including when it was made, how much was received and for how long.

Mr. Mancia merely answers that he received disability benefits of approximately $400 per month for approximately eight months in 2016 and 2017. Mr. Novoa answers he received unemployment benefits starting in or around April 2020 and that he currently receives approximately $390 per week in unemployment benefits. Mr. Campos-Fuentes answers that he applied for public benefits in or around April 2020 but has not received any public benefits to date. Mr. Karim states he has no information responsive to the interrogatory. None of the Plaintiffs explain why they receive the benefits listed or the facts surrounding their request.

Mr. Mancia, Mr. Novoa, and Mr. Campos-Fuentes again fail to respond fully with specific information, including the underlying bases for each of the claims, which should be easily discernible from his benefit paperwork. GEO demands Plaintiffs review their responses and state whatever information is necessary to make them correct and complete, consistent with Fed. R. Civ. Proc. Rule 26(e) no later than **September 8, 2020.**

**Interrogatory 4:** Identify each item You claim constitutes "sufficient provisions and necessities for daily life" that you allege GEO withheld from You while you were at the Adelanto Facility.

Mr. Mancia and Mr. Karim offer nothing more than the following sentence to what is a material allegation of his, "defendant failed to provide him with sufficient food and personal hygiene products."
 Mr. Novoa offers nothing more than the following sentence to what is a material allegation of his, "defendant failed to provide him with sufficient food, water, and personal hygiene products." Mr. Campos-Fuentes offers nothing more than the following sentence to what is a material allegation of his, "defendant failed to provide him with sufficient food, medicine, clothing, soap, shampoo, and other personal hygiene products."

Further, all four Plaintiffs improperly rely on the allegations contained in their pleadings or the various filings in this matter. An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-Abreu v. Puerto Rico Police Dept.* (1st Cir. 2012) 675 F3d 88, 93—answering interrogatories simply by "directing the proponent to rummage through other discovery materials" inadequate. Additionally, a party may not respond to a requesting party's discovery request by stating that the requested information is in the possession of the requesting party, or that the information sought

Lydia A. Wright
September 4, 2020
Page 4

_____

can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77. A
Plaintiff may also not evade answering the question completely by stating that discovery is
ongoing, as all four Plaintiffs do here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD
677, 689.

Each Plaintiff states that he will supplement his response if he recalls additional information that
is responsive to the interrogatory and/or additional information is revealed through discovery or
obtained elsewhere. GEO demands each Plaintiff review his response and state whatever
information is necessary to make it correct and complete no later than **September 8, 2020.**

**Interrogatory 5:** Describe all actions taken by GEO that You allege constitute "force, threats of
force, physical restraint, or threats of physical restraint" under 18 U.S.C. § 1589(a)(1).

The only statement Mr. Mancia, Novoa, and Karim provide in support of the material contention
cited to in GEO's interrogatory is "GEO officials have threatened to take disciplinary action against
him for refusing to clean areas of the Adelanto Facility. Plaintiff further states that detainees who
disobeyed GEO officials or refused to clean could be subject to disciplinary action, including
solitary confinement." Plaintiffs have failed to provide any details about *who* allegedly took each
action, *when* it happened, *what* happened, or any other details that would provide GEO with
information about the specific events of which they complain. This is not sufficient.

All four Plaintiffs otherwise improperly rely on the allegations contained in their pleadings or the
various filings in this matter. An answer to an interrogatory should be complete in itself and should
not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-
Abreu v. Puerto Rico Police Dept.* (1st Cir. 2012) 675 F3d 88, 93—answering interrogatories
simply by "directing the proponent to rummage through other discovery materials" inadequate.
Additionally, a party may not respond to a requesting party's discovery request by stating that the
requested information is in the possession of the requesting party, or that the information sought
can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77.
Plaintiffs may also not evade answering the question completely by stating that discovery is
ongoing, as Plaintiffs do here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 689.

Each Plaintiff states that he will supplement his response if he recalls additional information that
is responsive to the interrogatory and/or additional information is revealed through discovery or
obtained elsewhere. GEO demands each Plaintiff review his response and state whatever
information is necessary to make it correct and complete no later than **September 8, 2020.**

Lydia A. Wright
September 4, 2020
Page 5

_____

**Interrogatory 7:** Describe all actions taken by GEO that You allege constitute "serious harm or threats of serious harm" under 18 U.S.C. § 1589(a)(2).

All four Plaintiffs otherwise improperly rely on the allegations contained in their pleadings or the various filings in this matter. An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-Abreu v. Puerto Rico Police Dept.* (1st Cir. 2012) 675 F3d 88, 93—answering interrogatories simply by "directing the proponent to rummage through other discovery materials" inadequate. Additionally, a party may not respond to a requesting party's discovery request by stating that the requested information is in the possession of the requesting party, or that the information sought can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77. Plaintiffs may also not evade answering the question completely by stating that discovery is ongoing, as Plaintiffs do here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 689.

Each Plaintiff states that he will supplement his response if he recalls additional information that is responsive to the interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020.**

**Interrogatory 8**: Describe all actions taken by GEO that You allege constitute "the abuse or threatened abuse of law or legal process" under 18 U.S.C. § 1589(a)(3)

Each Plaintiff merely repeats and realleges the same facts which Plaintiffs allege constitute "serious harm or threats of serious harm" under 18 U.S.C. § 1589(a)(2).

All four Plaintiffs improperly rely on the allegations contained in their pleadings or the various filings in this matter. An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-Abreu v. Puerto Rico Police Dept.* (1st Cir. 2012) 675 F3d 88, 93—answering interrogatories simply by "directing the proponent to rummage through other discovery materials" inadequate. Additionally, a party may not respond to a requesting party's discovery request by stating that the requested information is in the possession of the requesting party, or that the information sought can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77. Plaintiffs may also not evade answering the question completely by stating that discovery is ongoing, as Plaintiffs do here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 689.

Each Plaintiff states that he will supplement his response if he recalls additional information that is responsive to the interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020.**

**Interrogatory 9**: Describe all actions taken by GEO that YOU allege constitute "any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such

Lydia A. Wright
September 4, 2020
Page 6

_____

labor or services, that person or another person would suffer serious harm or physical restraint" under 18 U.S.C. § 1589(a)(4).

All four Plaintiffs improperly relies on the allegations contained in their pleadings or the various filings in this matter. An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-Abreu v. Puerto Rico Police Dept.* (1st Cir. 2012) 675 F3d 88, 93—answering interrogatories simply by "directing the proponent to rummage through other discovery materials" inadequate. Additionally, a party may not respond to a requesting party's discovery request by stating that the requested information is in the possession of the requesting party, or that the information sought can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77. Plaintiffs may also not evade answering the question completely by stating that discovery is ongoing, as Plaintiffs does here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 689.

Each Plaintiff states that he will supplement his response if he recalls additional information that is responsive to the interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020.**

**Interrogatory 10:** Identify the amount and categories of damages You seek on your 18 U.S.C. § 1589 claim and describe how You calculated those amounts

In response, all four Plaintiffs state that they are "entitled to recover compensatory damages, punitive damages, and reasonable attorney's fees and costs Plaintiff states that he is also entitled to mandatory restitution equivalent to at least the value of Plaintiffs' labor to GEO, as determined from its various contracts." Plaintiffs have failed to identify an amount and their calculations. GEO demands that each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020.**

**Interrogatory 11:** Identify the amount and categories of damages You seek on your unjust enrichment claim and describe how You calculated those amounts.

All four Plaintiffs have failed to identify an amount and their calculations. GEO demands that each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020.**

**Interrogatory 12:** For Your unjust enrichment claim, identify each and every benefit that You allege was conferred upon GEO by you

All four Plaintiffs improperly rely on the allegations contained in their pleadings or the various filings in this matter. An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-Abreu v. Puerto Rico Police Dept.* (1st Cir. 2012) 675 F3d 88, 93—answering interrogatories

Lydia A. Wright
September 4, 2020
Page 7
_____

simply by "directing the proponent to rummage through other discovery materials" inadequate. Additionally, a party may not respond to a requesting party's discovery request by stating that the requested information is in the possession of the requesting party, or that the information sought can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77. Plaintiffs may also not evade answering the question completely by stating that discovery is ongoing, as Plaintiffs do here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 689.

Each Plaintiff states that he will supplement his response if he recalls additional information that is responsive to the interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020.**

**Interrogatory 13:** For Your unjust enrichment claim, identify why it would be unjust for GEO to retain the benefit identified above without additional payment

All four Plaintiffs improperly rely on the allegations contained in their pleadings or the various filings in this matter. An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-Abreu v. Puerto Rico Police Dept.* (1st Cir. 2012) 675 F3d 88, 93—answering interrogatories simply by "directing the proponent to rummage through other discovery materials" inadequate. Additionally, a party may not respond to a requesting party's discovery request by stating that the requested information is in the possession of the requesting party, or that the information sought can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77. Plaintiffs may also not evade answering the question completely by stating that discovery is ongoing, as Plaintiffs do here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 689.

Each Plaintiff states that he will supplement his response if he recalls additional information that is responsive to the interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020.**

**Interrogatory 16:** Describe Your entire employment history from 2008 to date to include the name of Your employer, the name and contact information for each supervisor, Your job title, duration of employment, termination date, pay rate, and compensation received.

Mr. Mancia fails to provide the name and contact information for each supervisor for the following employers: Eddie's Cabinets, Glass Works; R3 Construction.

Mr. Novoa fails to provide the name and contact information for each supervisor for the following employers: Brightview Landscaping/Remodeling; Peerless Maintenance Services; Cal-Pak Painting; DC Masonry; Local 300 Union.

Lydia A. Wright
September 4, 2020
Page 8

_____

Mr. Karim fails to provide the name and contact information for each supervisor for the following employers: Moonlight; Arladi.

Mr. Campos-Fuentes fails to provide the name and contact information for each supervisor for the following employers: RupoRobertos.

All four Plaintiffs improperly rely on the allegations contained in their pleadings or the various filings in this matter. An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-Abreu v. Puerto Rico Police Dept.* (1st Cir. 2012) 675 F3d 88, 93—answering interrogatories simply by "directing the proponent to rummage through other discovery materials" inadequate. Additionally, a party may not respond to a requesting party's discovery request by stating that the requested information is in the possession of the requesting party, or that the information sought can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77. Plaintiffs may also not evade answering the question completely by stating that discovery is ongoing, as Plaintiffs do here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 689.

Each Plaintiff states that he will supplement his response if he recalls additional information that is responsive to the interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020.**

**Interrogatory 17:** Describe any charges, convictions, or guilty pleas relating to any crime in the United States or any other country, including, for each (a) The name of the crime charged with and/or the crime convicted of; (b) The date of the charge and/or conviction; (c) The date and place of the conviction and sentence imposed; and, (d) The court and case number. You served time in any facility, provide the name of the facility and the dates which you were detained in the facility.

Plaintiffs Campos-Fuentes and Karim state that they have no information responsive to this interrogatory; rather than respond to this interrogatory, Plaintiffs Mancia and Novoa direct GEO to documents in GEO's possession. But a party may not respond to a requesting party's discovery request by stating that the requested information is in the possession of the requesting party, or that the information sought can be gleaned from the pleadings. *See Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77. Plaintiffs may also not evade answering the question completely by stating that discovery is ongoing, as Mancia and Novoa do here. *See DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 689.

Plaintiffs Mancia and Novoa each states that he will supplement his response if he recalls additional information that is responsive to the interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands Plaintiffs Mancia and Novoa each review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020.**

Lydia A. Wright
September 4, 2020
Page 9
_____

**Interrogatory 18:** Identify each and every person whom You have communicated with orally or in writing concerning any allegation in this lawsuit or claims concerning the tasks You performed at Adelanto Facility.

Each Plaintiff states that he will supplement his response if he recalls additional information that is responsive to the interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020.**

**Interrogatory 19**: Please describe in detail your legal work authorization status between January 1, 2012, and the present. If your ability to work lawfully in the United States has changed at any point between January 2012 and the present, detail all changes

Plaintiffs Karim and Campos-Fuentes each fail to provide any details as to when their purportedly timely application for relief were submitted. GEO demands that Plaintiffs Karim and Campos-Fuentes each review his response and state whatever information is necessary to make it unequivocal and complete, consistent with Fed. R. Civ. Proc. Rule 26(e), no later than **September 8, 2020**

Mr. Mancia states he "believes" he was authorized to work from prior to January 1, 2012 through the expiration of his Temporary Protected Status, which Plaintiff "believes" occurred in or around September 2019 and that he will supplement this response if he recalls additional information that is responsive to this Interrogatory and/or additional information is revealed through discovery or obtained elsewhere. GEO demands Mr. Mancia review his response and state whatever information is necessary to make it unequivocal and complete, consistent with Fed. R. Civ. Proc. Rule 26(e), no later than **September 8, 2020.**

**Interrogatory 21**: Set forth your trial plan for this case including, but not limited to your trial plan for the following issues:

    a.    Identification of those issues that will be resolved as common issues for all putative class members and how these issues will be resolved.

    b.    Identification of those issues that will be resolved on an individual basis for all putative class members (including, but not limited to, causation, injury, reliance, affirmative defenses and damages) and how these issues will be resolved;

    c.    Process for resolving Class Representative Claims including any limitations on the claims that Class Representatives can litigate;

    d.    Process for resolving Absent Class Member Claims including any limitations on the claims that Absent Class Members can litigate; and

    e.    Identification of the process that plaintiffs propose be used for the calculation and distribution of any damages that may be awarded in this case to putative class members.

Lydia A. Wright
September 4, 2020
Page 10
_____

All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO has not requested Plaintiffs provide a detailed narrative of their entire case, including the identity of every witness and document that supports each described fact, which type of interrogatory would support a "blockbuster" objection. Rather, GEO attempts to seek information within the permissible scope of discovery, specifically information that would assist in resolving material class issues in this case.

Fed. R. Civ. Proc. Rule 26(b)(1) expressly allows each party the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Accordingly, GEO demands that each Plaintiff respond in full to this interrogatory no later than **September 8, 2020.**

**Issue 2:**          **Plaintiffs' Request for Production Responses.**

**Request 1**: All documents, photographs, videotapes, recordings or memoranda concerning any issue relevant to any claim You are alleging in this case.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 2**: Copies of any article, recording, interview or statements You provided to any news media or recording from any news media concerning any issue or claim in this litigation.

Lydia A. Wright
September 4, 2020
Page 11

_____

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 3**: Copies of any statements or recordings You provided concerning any issue in this litigation.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 4**: All documents, photographs, videotapes, recordings or memoranda concerning any issue relevant to any claim You are alleging in this case. – objects as duplicative of #1

All four Plaintiffs withheld responding to this request and instead rested on improper objections. Request 1 seeks "[a]ll documents, photographs, videotapes, recordings or memoranda concerning any *issue* relevant to any claim You are alleging in this case", Request 4 seeks "[a]ll documents, photographs, videotapes, recordings or memoranda concerning any issue relevant to any *claim* You are alleging in this case." GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020**.

Lydia A. Wright
September 4, 2020
Page 12

_____

**Request 5**: All governmental, industry, business or other written standards or regulations You contend pertain to any claim You are making in this suit.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 6**: Any diaries, notes, calendars or other documents prepared by You that relates to any facts or allegations in this lawsuit.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. Certainly, at a minimum, Plaintiffs maintained records of their Court dates and dates of detention. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

Request 7: A copy of all trial exhibits You intend to introduce at time of trial.

Whiles Plaintiffs indicate that they will produce documents responsive to this request, to date Plaintiffs have failed to indicate which materials Plaintiffs intend to introduce at trial. GEO

Lydia A. Wright
September 4, 2020
Page 13

_____

demands Plaintiffs disclose which materials Plaintiffs intend to introduce at trial, at this present time, no later than **September 8, 2020**

**Request 8**: All documents pertaining to any work performed by You at Adelanto Facility.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 9**: All documents provided by You, or anyone on Your behalf, to GEO.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 10**: All documents provided to You, or anyone on Your behalf, by GEO.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket;

Lydia A. Wright
September 4, 2020
Page 14
_____

Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 11**: All documents constituting, memorializing or otherwise concerning any type of communications between You, on the one hand, and GEO in this lawsuit, on the other hand.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 12**: All documents concerning any meetings held with other Plaintiffs and/or other residents regarding alleged forced labor.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required

Lydia A. Wright
September 4, 2020
Page 15

_____

to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 13**: Any document evidencing any alleged retaliation against You or any other resident of Adelanto Facility.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage in trial by ambush. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Should Plaintiffs not supplement, GEO will construe Plaintiffs response as not identifying *any* specific evidence of retaliation. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 14**: Any document evidencing that You initiated or followed ICE administrative grievance procedure or a state law remedy before initiating this litigation.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage in trial by ambush. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Should Plaintiffs not supplement, GEO will construe Plaintiffs response as

Lydia A. Wright
September 4, 2020
Page 16

_____

conceding they never engaged in alerting ICE to their claims. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 15**: Any documents concerning any labor You performed at Adelanto Facility.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 16**: All documents regarding any deposits made to You account at Adelanto Facility.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 17**: Copies of the petition, complaint, judgments, non-suits or dismissals from any case where You or anyone on Your behalf was a party to a lawsuit.

Lydia A. Wright
September 4, 2020
Page 17

_____

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs have not identified any other lawsuits for which they were a party, despite the fact that the record indicates that each Plaintiff had prior immigration or criminal history. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 18**: All transcripts, videotapes, audiotapes, and/or recordings of any type in the possession, custody, or control of You or Your attorneys of all depositions taken, in any court or administrative action, of any employee or former employee of GEO.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage in trial by ambush. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 19**: All interviews or statements, including transcripts, videotapes, audiotapes, and/or recordings of any type, taken of any representative, employee or former employee of GEO.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the

_____

transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage in trial by ambush. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 20**: Any evidence of income You earned outside of the Adelanto Facility.

All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO's request is limited in scope to those documents evidencing any income earned by Plaintiffs outside of the Adelanto Facility. The request is not unduly burdensome, overly broad, or disproportional to the needs to the case. The information GEO has requested is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. Notwithstanding the clear and unambiguous nature of the request, Plaintiffs disingenuously assert that "Plaintiff does not understand what information is being sought in this Request." GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 21**: Copies of YOUR federal and state income tax returns, including all schedules, worksheets, W-2 forms and 1099s for 2010 to present.

All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO's request is limited in scope in that it seeks copies of Plaintiffs federal and state income tax returns. GEO goes so far as to further specify specifically what documents are the subject of the request: all schedules, worksheets, W-2 forms and 1099s for 2010 to present. The request is not unduly burdensome, overly broad, or disproportional to the needs to the case. The information GEO has requested is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. Notwithstanding the clear and unambiguous nature of the request, Plaintiffs disingenuously assert that "Plaintiff does not understand what information is being sought in this Request." GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 22**: Copies of all posts and/or blogs You have published regarding any alleged action in the Complaint.

Lydia A. Wright
September 4, 2020
Page 19
_____

All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO's request is limited in scope to posts and/or blogs published by Plaintiffs regarding any alleged action in the Complaint. The request is not unduly burdensome, overly broad, or disproportional to the needs to the case. The information GEO has requested is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. Notwithstanding the clear and unambiguous nature of the request, Plaintiffs disingenuously assert that "Plaintiff does not understand what information is being sought in this Request." GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 23**: Copies of any documents or records provided to and received from any witness identified. - Plaintiff does not understand what information is being sought in this Request.

All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO's request is limited in scope to documents produced to or received from any witness in this action. The request is not unduly burdensome, overly broad, or disproportional to the needs to the case. The information GEO has requested is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. Notwithstanding the clear and unambiguous nature of the request, Plaintiffs disingenuously assert that "Plaintiff does not understand what information is being sought in this Request." GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 24**: All documents supporting Your assertion that You were an employee under California law when you participated in the voluntary work program at Adelanto

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage in trial by ambush. Should Plaintiffs not supplement, GEO will construe Plaintiffs response as not identifying *any* specific evidence they were "employees." GEO demands each Plaintiff review his

Lydia A. Wright
September 4, 2020
Page 20

_____

response and provide information is necessary to make it correct and complete no later than
**September 8, 2020**.

**Request 25**: All documents supporting Your claim that You are entitled to minimum wage
payments

All four Plaintiffs, though served separate requests for production, answered identically. All four
Plaintiffs assert that they have no responsive documents to this request and merely refer to "the
documents accompanying various motions, responses, replies and exhibits filed in this docket;
Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the
transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance
materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are
already in the other party's possession or control is an insufficient response to a discovery request.
*See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance,
defendant DeFabiis has not produced documents and has merely referred to documents he claims
to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required
to produce documents he has in his possession, custody or control, regardless of whether he
believes plaintiff already has those documents"). Plaintiffs must identify with specificity the
documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage
in trial by ambush. Should Plaintiffs not supplement, GEO will construe Plaintiffs response as not
identifying *any* specific evidence they are entitled to minimum wage. GEO demands each Plaintiff
review his response and provide information is necessary to make it correct and complete no later
than **September 8, 2020**.

**Request 26**: All documents reflecting a description of each task You performed and a description
or name for each person who supervised You performing these tasks.

All four Plaintiffs, though served separate requests for production, answered identically. All four
Plaintiffs assert that they have no responsive documents to this request and merely refer to "the
documents accompanying various motions, responses, replies and exhibits filed in this docket;
Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the
transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance
materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are
already in the other party's possession or control is an insufficient response to a discovery request.
*See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance,
defendant DeFabiis has not produced documents and has merely referred to documents he claims
to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required
to produce documents he has in his possession, custody or control, regardless of whether he
believes plaintiff already has those documents"). Plaintiffs must identify with specificity the
documents they intend to rely upon at trial and how they support their claims. Plaintiffs may not
plan to engage in trial by ambush. GEO demands each Plaintiff review his response and provide
information is necessary to make it correct and complete no later than **September 8, 2020**.

Lydia A. Wright
September 4, 2020
Page 21

_____

**Request 27**: All documents evidencing any claims for benefits under any state or federal program for disability, low income, unemployment, or other public benefit that You received. - objects

All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO's request is limited in scope to those documents evidencing claims for benefits under state or federal programs for disability, low income, unemployment, or other public benefit received by Plaintiffs. The request is not unduly burdensome, overly broad, or disproportional to the needs to the case. The information GEO has requested is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 28**: All documents supporting Your claim that GEO withheld from You "sufficient provisions and necessities for daily life" while you were at the Adelanto Facility.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage in trial by ambush. Should Plaintiffs not supplement, GEO will construe Plaintiffs response as not identifying *any* specific evidence they were "denied necessities for daily life." GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 29**: All documents supporting Your claim that GEO took actions that You allege constitute "force, threats of force, physical restraint, or threats of physical restraint" under 18 U.S.C. § 1589(a)(1).

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance

Lydia A. Wright
September 4, 2020
Page 22

_____

materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage in trial by ambush. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 30**: All documents supporting Your claim that GEO took actions that You allege constitute "serious harm or threats of serious harm" under 18 U.S.C. § 1589(a)(2).

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage in trial by ambush. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 31**: All documents supporting Your claim that GEO took actions that You allege constitute "the abuse or threatened abuse of law or legal process" under 18 U.S.C. § 1589(a)(3).

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required

Lydia A. Wright
September 4, 2020
Page 23

_____

to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage in trial by ambush. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 32**: All documents supporting Your claim that GEO took actions that You allege constitute "any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint" under 18 U.S.C. § 1589(a)(4).

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is wholly inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must identify with specificity the documents they intend to rely upon at trial and for what purpose. Plaintiffs may not plan to engage in trial by ambush. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 33**: All documents reflecting the amount and categories of damages You seek on Your 18 U.S.C. § 1589 claim.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

Lydia A. Wright
September 4, 2020
Page 24

_____

**Request 34**: All documents reflecting the amount and categories of damages You seek on Your unjust enrichment claim.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Should Plaintiffs not supplement, GEO will construe Plaintiffs response as not identifying *any* specific evidence of damages as it relates to each of them individually. Certainly, any expert report should reflect the experiences that Plaintiffs can testify to. GEO is entitled to this information so that it can prepare its defense. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 35**: All documents reflecting each and every benefit that You allege was conferred upon GEO by You.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Should Plaintiffs not supplement, GEO will construe Plaintiffs response as not identifying *any* specific evidence of a benefit conferred. GEO is entitled to this information so that it can prepare its defense. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 36**: All documents evidencing Your entire employment history from 2008 to date.

Lydia A. Wright
September 4, 2020
Page 25

_____

All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO's request, which is limited in scope to those documents reflecting Plaintiffs legal work authorization status between January 1, 2012, and the present, is not unduly burdensome, overly broad, or disproportional to the needs to the case. The information GEO has requested is both highly relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. Indeed, this information is critical to GEO's defenses to Plaintiffs' minimum wage and unjust enrichment claims. GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 37**: All documents reflecting any charges, convictions, or guilty pleas relating to any crime You committed in the United States or any other country.

All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO's request, which is limited in scope to those documents reflecting Plaintiffs legal work authorization status between January 1, 2012, and the present, is not unduly burdensome, overly broad, or disproportional to the needs to the case. The information GEO has requested is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. Indeed, GEO notes that Plaintiffs have recently brought before the Magistrate Judge the issue of Mr. Flores' prior bad acts as relevant to his credibility. The Court agreed. The same maybe true here depending upon the nature and age of Plaintiffs' prior offenses. Accordingly, GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 38**: All documents reflecting any time You spent at any detention facility.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." GEO is entitled to this information so that it can prepare its defense. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

Lydia A. Wright
September 4, 2020
Page 26

_____

**Request 39**: All documents reflecting Your legal work authorization status between January 1, 2012, and the present.

All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO's request, which is limited in scope to those documents reflecting Plaintiffs legal work authorization status between January 1, 2012, and the present, is not unduly burdensome, overly broad, or disproportional to the needs to the case. The information GEO has requested is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct and complete no later than **September 8, 2020**.

**Request 40**: All documents evidencing the funding you have received for the above-captioned litigation, identifying, with contact information, any company, nonprofit, individual, or other entity that has contributed to your legal costs in this action.

All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO's request is limited in scope to documents evidencing funding Plaintiffs received for their lawsuit against GEO and identifying, with contact information, any company, nonprofit, individual, or other entity that has contributed to your legal costs in this action. GEO is entitled to these materials, including communications regarding the same, as they are not privileged absent a joint defense or common interest agreement. Additionally, the request is not unduly burdensome, overly broad, or disproportional to the needs to the case. The information GEO has requested is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. Notwithstanding the clear and unambiguous nature of the request, Plaintiffs disingenuously assert that "Plaintiff does not understand what information is being sought in this Request." GEO demands each Plaintiff review his response and state whatever information is necessary to make it correct, including any and all and complete no later than **September 8, 2020**.

**Request 41**: All documents supporting Your claim that GEO implemented a company-wide practice of Housing Unit Sanitation Policies.

All four Plaintiffs, though served separate requests for production, answered identically. All four Plaintiffs assert that they have no responsive documents to this request and merely refer to "the documents accompanying various motions, responses, replies and exhibits filed in this docket; Plaintiff's previous discovery responses; the documents produced to date by Plaintiff to GEO; the transcripts of depositions taken in this matter; or Plaintiffs' expert reports and the experts' reliance materials." This is inadequate. "Mere reference" to documents that a party alleges are already in the other party's possession or control is an insufficient response to a discovery request. *See Walt Disney Co. v. DeFabiis* (C.D. Cal. 1996) 168 F.R.D. 281, 284 ("in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to

Lydia A. Wright
September 4, 2020
Page 27

_____

produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents"). Plaintiffs must specifically identify the evidence upon which they will rely to prove their allegations. Should Plaintiffs not supplement, GEO will construe Plaintiffs response as not identifying *any* specific evidence of a class-wide policy. GEO is entitled to this information so that it can prepare its defense. GEO demands each Plaintiff review his response and provide information is necessary to make it correct and complete no later than **September 8, 2020**.

Sincerely,

Jonathan M. Turner
Associate Attorney

cc:       Counsel of Record