# EXHIBIT B

| | |
|---|---|
| **From:** | Hou, Alicia (Lax) |
| **Sent:** | Monday, September 21, 2020 11:32 AM |
| **To:** | Lydia Wright |
| **Cc:** | Robbins, Ellen (Ptnr-Lax); Silverman, Lawrence (Ptnr-Mia); Scheffey, Adrienne (Assoc-Den); Turner, Jonathan (Assoc-Lax); Mangels, Nick (LAA-Den); Tualla, Annie (LAA-Lax); Barnacle, Colin (Ptnr-Den); Cizmorris, Melissa (Assoc-Den); Hatch, Lorna (LAA-Lax); Novoa - External |
| **Subject:** | RE: Novoa v. The GEO Group, Inc. - GEO's Privilege Logs |
| **Attachments:** | Re. Novoa, et al. v The GEO Group, Inc., Civil Action No. 517-cv-02514 (C.D. Cal.).pdf |

Lydia,

This is, again, an improper conferral under L.R. 37-1 which as you know allows us at least ten days to respond to any discovery dispute you raise.  In any event, the discovery cutoff was last week.  Plaintiffs have taken the position that no continuances of any of the cutoffs (discovery or otherwise) are necessary.  (See Plaintiffs' Opposition to GEO's Motion to Continue Trial, Trial Deadlines, and to Reopen Discovery ECF No. 323.)  Accordingly, these purported issues you raise are untimely; many of the issues you now raise were issues that could have been brought in connection with the several other privilege logs GEO has previously produced and/or have been visited and resolved.  To the extent you will proceed with e-mailing Magistrate Kewalramani, GEO's position is as follows:

Plaintiffs have failed to properly meet and confer as required under the Local Rules as this issue was raised for the <u>first time</u> this morning at 7:12 a.m. PST, and required a response from GEO a mere four hours later, by 11:30 a.m. PST, on a day where may of GEO's counsel are tied up in depositions and other matters.  Accordingly, GEO has not had the opportunity to substantively review Plaintiffs' purported issues in order to meaningfully respond.  Accordingly, any hearing before the proper conferral process occurs would be premature.  Further, Plaintiffs have taken inconsistent positions related to the procedural posture of this case:  on the one hand, arguing that no deadlines and cutoffs, including the September 14, 2020 discovery cutoff, should be extended; and on the other hand, continuing to raise untimely discovery disputes.  Many of the issues Plaintiffs now raise were issues that could have been brought in connection with the several other privilege logs GEO has previously produced, including wording and type of redactions, and/or are issues previously visited and resolved.  To the extent plaintiffs are allowed to bring this discovery dispute, GEO requests permission to bring to the Court its own issues related to Plaintiffs' deficient discovery, including failure to respond to GEO's expert subpoenas and those that are the subject of GEO's September 4 written conferral (attached hereto) – to which Plaintiffs have yet to respond, despite the fact that the conferral letter followed L.R. 37-1 and was issued within the discovery period.

**Alicia Hou**
Special Counsel
Akerman LLP | 601 West Fifth Street, Suite 300 | Los Angeles, CA 90071
D: 213 533 5907 | T: 213 688 9500 | F: 213 627 6342
alicia.hou@akerman.com

---

**From:** Lydia Wright <lwright@burnscharest.com>
**Sent:** Monday, September 21, 2020 7:12 AM
**To:** Hou, Alicia (Lax) <alicia.hou@akerman.com>
**Cc:** Robbins, Ellen (Ptnr-Lax) <ellen.robbins@akerman.com>; Silverman, Lawrence (Ptnr-Mia) <lawrence.silverman@akerman.com>; Scheffey, Adrienne (Assoc-Den) <adrienne.scheffey@akerman.com>; Turner, Jonathan (Assoc-Lax) <jonathan.turner@akerman.com>; Mangels, Nick (LAA-Den) <nick.mangels@akerman.com>; Tualla, Annie (LAA-Lax) <annie.tualla@akerman.com>; Barnacle, Colin (Ptnr-Den) <colin.barnacle@akerman.com>;

Cizmorris, Melissa (Assoc-Den) <melissa.cizmorris@akerman.com>; Hatch, Lorna (LAA-Lax) <lorna.hatch@akerman.com>; Novoa - External <Novoa-External@burnscharest.com>
**Subject:** Re: Novoa v. The GEO Group, Inc. - GEO's Privilege Logs

Alicia,

GEO produced privilege logs for Volumes 21, 25, 33, 35, 37, 39, 41, 42, 43, and 44 at 11:58 pm PST on September 14, 2020 – two minutes before the close of discovery. **The privilege logs are deficient and in violation of Magistrate Kewalramani's order.** *See* Dkt. 227. Accordingly, Plaintiffs will email chambers at 2pm CST today to seek a discovery conference to compel GEO to produce the documents at issue. **If GEO would like to provide its one-sentence statement of the dispute, please do so no later than 1:30pm CST today**. If we do not receive your sentence by then, we will notify the Court accordingly.

**Issue 1: GEO improperly asserted a "law enforcement privilege"**

GEO withholds information because it "May contain ICE redactions of law enforcement sensitive information pursuant to statutory and/or regulatory provisions." *See, e.g.*, GEO-Novoa_00087825.

Rule 26(b)(1) permits discovery in civil actions of "any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). To assert these privileges, the government must provide affidavits or declarations that meet the "substantial threshold showing that disclosure of specific information would result in specific harm to identified important interests." *Id.* (quoting *King v. Conde*, 121 F.R.D. 180, 190 (E.D.N.Y. 1988) (quotation marks omitted)). As a result, the affidavits or declarations must be from an agency official and include the following:
1. an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality;
2. a statement that the official has personally reviewed the material in question;
3. a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer;
4. a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and
5. a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Id.* GEO has not provided any declarations or affidavits with its privilege log—much less one from an agency official that meets these requirements.

**Issue 2: GEO improperly withheld segregation reports**

GEO has withheld segregations reports which are clearly responsive to Plaintiffs' discovery requests, including RFP 13. *See, e.g.*, GEO-Novoa_00084580, GEO-Novoa_00084727; GEO-Novoa_00085126. GEO has not even provided a privilege log for some of the segregation reports it has withheld. *See, e.g.*, GEO-Novoa_00084728; GEO-Novoa_00084580; GEO-Novoa_00084758.

**Issue 3: GEO improperly withheld information as "Not for Distribution"**

GEO has withheld information because it is "marked 'Not for Distribution.'" *See* GEO-Novoa_00116036. This is not a valid privilege.

**Issue 4: GEO improperly withheld information as "PII"**

GEO has improperly redacted approximately 1458 documents because they contain "detainee PII." According to GEO, "detainee PII" includes the names of class members. *See, e.g.*, GEO-Novoa_00119978; GEO-Novoa_00084395. GEO also produced password-protected files that are withheld for "privacy." *See, e.g.*, GEO-Novoa_00157846, GEO-Novoa_00157914.

**Issue 5: GEO improperly redacted for non-responsiveness.**

GEO improperly redacted portions of at least 237 documents for containing non-responsive information. *See, e.g.*, GEO-Novoa_00087945 at p. 3 ("GEO redacted non-responsive, business sensitive information and GEO PII."); GEO-

2

Novoa_00087652 ("GEO redacted non-responsive . . . information."). GEO's privilege logs states that at least 137 of these documents are responsive. *See e.g.,* Vol. 33 Privilege Log, GEO-Novoa_00071265.

**Issue 6: GEO produced certain documents in an improper format.**

GEO produced some documents in portrait, when they appear to have been created in landscape, thus cutting off information. *See, e.g.*, GEO-Novoa_00101338.

**Lydia A. Wright**
Burns Charest LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
504.799.2845 main
504.881.1765 fax

**From:** "alicia.hou@akerman.com" <alicia.hou@akerman.com>
**Date:** Tuesday, September 15, 2020 at 1:58 AM
**To:** Lydia Wright <lwright@burnscharest.com>, Robert Ahdoot <rahdoot@ahdootwolfson.com>, Tina Wolfson <twolfson@ahdootwolfson.com>, Will Thompson <wthompson@burnscharest.com>, Jacob Gower <jgower@burnscharest.com>, Daniel Charest <dcharest@burnscharest.com>, Korey Nelson <knelson@burnscharest.com>, Andrew Free <andrew@immigrantcivilrights.com>, Ruhandy Glezakos <rglezakos@ahdootwolfson.com>, Ted Maya <tmaya@ahdootwolfson.com>, "Warren T. Burns" <wburns@burnscharest.com>, Mallory Biblo <mbiblo@burnscharest.com>
**Cc:** Ellen Robbins <ellen.robbins@akerman.com>, Lawrence Silverman <lawrence.silverman@akerman.com>, Adrienne Scheffey <Adrienne.scheffey@akerman.com>, Jonathan Turner <jonathan.turner@akerman.com>, "nick.mangels@akerman.com" <nick.mangels@akerman.com>, "annie.tualla@akerman.com" <annie.tualla@akerman.com>, Colin Barnacle <colin.barnacle@akerman.com>, "melissa.cizmorris@akerman.com" <melissa.cizmorris@akerman.com>, "lorna.hatch@akerman.com" <lorna.hatch@akerman.com>
**Subject:** Novoa v. The GEO Group, Inc. - GEO's Privilege Logs

Counsel,

I've attached the balance of GEO's privilege logs.

Thank you,

**Alicia Hou**
Special Counsel
Akerman LLP | 601 West Fifth Street, Suite 300 | Los Angeles, CA 90071
D: 213 533 5907 | T: 213 688 9500 | F: 213 627 6342
alicia.hou@akerman.com

vCard | Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Hou, Alicia (Lax)
**Sent:** Monday, September 14, 2020 11:36 PM
**To:** 'Lydia Wright' <lwright@burnscharest.com>; 'rahdoot@ahdootwolfson.com' <rahdoot@ahdootwolfson.com>; 'twolfson@ahdootwolfson.com' <twolfson@ahdootwolfson.com>; 'wthompson@burnscharest.com' <wthompson@burnscharest.com>; 'jgower@burnscharest.com' <jgower@burnscharest.com>; 'dcharest@burnscharest.com' <dcharest@burnscharest.com>; 'knelson@burnscharest.com' <knelson@burnscharest.com>; 'andrew@immigrantcivilrights.com' <andrew@immigrantcivilrights.com>; 'rglezakos@ahdootwolfson.com' <rglezakos@ahdootwolfson.com>; 'tmaya@ahdootwolfson.com' <tmaya@ahdootwolfson.com>; 'wburns@burnscharest.com' <wburns@burnscharest.com>; 'mbiblo@burnscharest.com' <mbiblo@burnscharest.com>
**Cc:** Robbins, Ellen (Ptnr-Lax) <ellen.robbins@akerman.com>; Silverman, Lawrence (Ptnr-Mia) <lawrence.silverman@akerman.com>; Scheffey, Adrienne (Assoc-Den) <adrienne.scheffey@akerman.com>; Turner, Jonathan (Assoc-Lax) <jonathan.turner@akerman.com>; Mangels, Nick (LAA-Den) <nick.mangels@akerman.com>; Tualla, Annie (LAA-Lax) <annie.tualla@akerman.com>; Barnacle, Colin (Ptnr-Den) <colin.barnacle@akerman.com>; Cizmorris, Melissa (Assoc-Den) <melissa.cizmorris@akerman.com>; Hatch, Lorna (LAA-Lax) <lorna.hatch@akerman.com>
**Subject:** Novoa v. The GEO Group, Inc. - GEO's Production Vol. 45

Counsel,

Link to Geo's production volume 45 below:

https://pdxfer.trustpoint.one/human.aspx?r=281039364&arg06=567346003&arg07=703872487&arg11=1&arg12=fileview

**Encryption Key - MW*kakC4**

**Alicia Hou**
Special Counsel
Akerman LLP | 601 West Fifth Street, Suite 300 | Los Angeles, CA 90071
D: 213 533 5907 | T: 213 688 9500 | F: 213 627 6342
alicia.hou@akerman.com