# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**DECLARATION OF DANIEL H. CHAREST IN SUPPORT OF PLAINTIFFS' OPPOSITION TO GEO'S MOTION TO COMPEL** |

I, Daniel H. Charest, declare that the following is true and correct based upon my personal knowledge:

1. I am an attorney for the Plaintiffs Raul Novoa, Jaime Campos Fuentes, Abdiaziz Karim and Ramon Mancia ("Plaintiffs") in the above-captioned action.

2. On September 22, 2020, at approximately 5:00 p.m. PST, I attended a conference between attorneys for Plaintiffs and counsel for Defendant The GEO Group, Inc. ("GEO"). The conferral focused on a potential briefing schedule and potential stipulation on scheduling to address discovery disputes in accordance with Magistrate Judge Kewalramani's instruction in the discovery dispute conference earlier that day. The discussion lasted roughly 35 minutes.

3. During this September 22 conferral, Plaintiffs offered to adhere to any briefing cycle that would allow a hearing on October 2, 2020. But GEO took the position that briefing would be impossible in that timeframe. As a result, the stipulation on scheduling was not achieved. Plaintiffs informed GEO they intended to report GEO's position to Magistrate Judge Kewalramani (which Plaintiffs did after the call). That led

to a discussion in some detail about the issues Plaintiffs had raised by email to Magistrate Judge Kewalramani (e.g., improper redactions and/or withheld documents identified in the last-minute privilege logs). But the GEO attorney who primarily handles discovery had left the call, so no substantive progress was possible. Further, no substantive discussion took place about any issues relating to GEO's apparent "concerns" regarding Plaintiffs' discovery obligations during that call. Both sides agreed to renew the discussions on Thursday (September 24) afternoon. The discussion also lasted roughly 35 minutes.

4. On September 24, 2020, at 2:55 p.m. PST, GEO stated by email that "[a] conflict came up so tomorrow [i.e., Friday, September 25] works better for [the GEO] team." Plaintiffs complied.

5. On September 25, 2020, at 3:00 p.m. PST, Plaintiffs and counsel for GEO conferred on the issues Plaintiffs intended to raise in the discovery motion due on September 30, 2020. The parties made progress on several points but did not achieve agreement on everything. The only issues discussed on the call were issues Plaintiffs had raised with GEO, not vice versa. This discussion lasted roughly 35 minutes as well. At no point during that call did GEO raise any issues it raised in its discovery motion filed on September 30, 2020.

6. In the time that followed, the parties exchanged emails regarding various issues that Plaintiffs had raised. Much of that work led to the resolution of several issues. But, to be clear, these email discussions all pertained to issues Plaintiffs had raised until September 30, 2020 (the due date of any briefs).

7. On September 30, 2020, by email at 7:48 a.m. PST, counsel for GEO notified counsel for Plaintiffs for the first time that GEO intended to file a discovery motion on certain issues. Plaintiffs noted that GEO had made no attempt to confer on those issues in the week prior, whether by phone or email. But Plaintiffs made

themselves available to confer on the same day (also the due date of the discovery motion).

8. On September 30, 202, at 2:00 p.m. PST, for the first time since the Court's order reflected in ECF 330 (providing that "[t]he parties are to continue to meet and confer in order to resolve as many discovery related issues as possible and shall attach a certification to their discovery related briefing that they have engaged in good faith discussions related to the outstanding discovery issues"), GEO delineated its position with respect to the issues that appear in its September 30 brief. Immediately after discussing the issues with GEO, Plaintiffs undertook to address those issues Plaintiffs found valid. Most were addressed within two hours (and before GEO filed its motion). The remainder were completed the following day. As of the time of filing (5:00 p.m. PST), Plaintiffs believe they have met every one of the valid issues GEO raised—despite GEO's failure to raise the specific issues until hours before filing its brief.

9. Attached as **Exhibit A** is a correct and true copy of Plaintiffs' Responses and Objections to GEO's Subpoenas. The Subpoenas were served on September 2, 2020, and Plaintiffs' Responses were served on September 16, 2020.

10. Attached as **Exhibit B** is a correct and true copy of email correspondence between myself and GEO's counsel dated September 30, 2020 prior to the telephonic conference that occurred on that date.

11. Attached as **Exhibit C** is a correct and true copy of email correspondence between myself and GEO's counsel dated September 30, 2020 following the telephonic conference that occurred on that date.

12. Attached as **Exhibit D** is a correct and true copy of the September 24, 2020 letter signed by Leo E. Boucher III, Assistant General Counsel for Administrative Law at the Department of Homeland Security, regarding the Expert Declaration of Margo Schlanger.

13. Attached as **Exhibit E** is a correct and true copy of email correspondence from myself to the Department of Homeland Security regarding the Expert Declaration of Margo Schlanger.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Dated: October 1, 2020

*/s/ Daniel H. Charest*
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002