**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 688-9500
Facsimile:   (213) 627-6342
Email:   alicia.hou@akerman.com
Email:   ellen.robbins@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone:   (305) 374-5600
Facsimile:   (305) 374-5095
Email:   lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:   (303) 260-7712
Facsimile:   (303) 260-7714
Email:   colin.barnacle@akerman.com
Email:   adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION REGARDING DISCOVERY DISPUTE**<br><br>Hearing Date:   October 2, 2020<br>Time:   2:00 p.m. |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342



|  |  |  |  |
|---|---|---|---|
| 1 | THE GEO GROUP, INC., | | |
| 2 | Counter-Claimant, | TAC Filed: | September 16, 2019 |
|  | vs. | SAC Filed: | December 24, 2018 |
| 3 | | FAC Filed: | July 6, 2018 |
|  | RAUL NOVOA, JAIME CAMPOS | Complaint Filed: | December 19, 2017 |
| 4 | FUENTES, ABDIAZIZ KARIM, and | Trial Date: | February 2, 2021 |
|  | RAMON MANCIA, individually and on | | |
| 5 | behalf of all others similarly situated, | | |
| 6 | Counter-Defendant. | | |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Defendant The Geo Group, Inc. ("**GEO**") hereby submits its Opposition to Plaintiffs' Motion Regarding Discovery Dispute ("**motion**").[1]

## I.   INTRODUCTION

Plaintiffs' motion seeks materials that have been withheld, **not by GEO**, but by ICE on the basis of two privileges ICE and only ICE holds – the law enforcement privilege and the deliberative process privilege.  Plaintiffs' motion fails for several reasons:

First, Plaintiffs move on this issue for the first time now despite the fact GEO has produced over 30 privilege logs well in advance of the September 14 discovery cutoff.[2]  Within these 30+ privilege logs, ICE asserted the law enforcement and deliberative process privileges several times over.  Plaintiffs could have disputed these privileges as early as December 2019, but failed. Plaintiffs have waived any right to argue this issue now.

Second, even if the Court does not find that Plaintiffs waived their ability to raise these issues earlier when the privileges were first asserted by ICE, GEO is unable to simply waive ICE's privileges as Plaintiffs continue to demand GEO and this Court to do.  GEO is contractually obligated to provide ICE the opportunity to review all ICE-related documents that are responsive to Plaintiffs' requests consistent with the governing Intergovernmental Services Agreement ("**IGSA**").  In fact, during this litigation, ICE has expressly confirmed that GEO must allow ICE the opportunity to review and assert privileges in connection with ICE-related documents, not just under the IGSA, but under applicable federal law.

Third, Plaintiffs' assertion that GEO somehow waived ICE's privileges because it failed to provide an affidavit or declaration in connection with the ICE privileges is

---

[1] Plaintiffs failed to file the certification that they have engaged in good faith discussions in an attempt to narrow the outstanding discovery issues as required by Paragraph 3 of the Court's September 23, 2020 Order.  ECF 330.

[2] In their motion, Plaintiffs attempt to seek shelter in GEO's production of ten privilege logs "two minutes before the close of discovery," suggesting that GEO's September 14 production somehow gives Plaintiffs permission to raise issues connected to **all** of the privilege logs produced in this entire litigation at this time.  At a minimum, Plaintiffs should be entitled only to challenge any entry on the privilege logs served on September 14, 2020.

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION REGARDING DISCOVERY DISPUTE**

dangerous and runs afoul of public policy given the sensitivity of the information sought. Multiple district courts have declined to apply an automatic waiver pertaining to these privileges where the information sought is highly sensitive. Moreover, to the extent GEO or ICE was required to submit an affidavit or declaration outlining the bases for ICE privileges, Plaintiffs should have raised this issue earlier. Plaintiffs provide zero rationale for its delay.

Accordingly, GEO asks this Court to deny Plaintiffs' motion.

## II.   LEGAL ARGUMENT

### A.   Plaintiffs Have Waived Any Right to Assert Objections to the Law Enforcement and Deliberative Process Privileges

On or about December 2019, GEO provided Plaintiffs with a privilege log wherein ICE asserted the deliberative process and law enforcement privileges. (Declaration of Alicia Y. Hou ("**Hou Decl**.") ¶ 4.) Between December 2019 and prior to the September 14 discovery cutoff, GEO produced over 30 privilege logs where ICE asserted the law enforcement and deliberative process privileges several times over. (Hou Decl. ¶ 5.) Plaintiffs could have moved on these privileges as early as December 2019, and certainly well before the discovery cutoff in this action.

In fact, on May 11, 2020, Plaintiffs raised their purported concerns about these two privileges. (Hou Decl. ¶ 6.) During the May 20, 2020 discovery hearing in this action, Plaintiffs again indicated, on the record, that they had concerns over ICE's asserted privileges:

> MR. CHAREST: If I may. This is Daniel Charest, Your Honor. Just -- I was asked to speak to this issue of the --
> THE COURT: Sure.
> MR. CHAREST: -- deliberative privilege because I literally just argued it last week in a different case. There's a very set-out procedure that the agency itself is supposed to undertake. The privilege is supposed to be invoked by the agency head or its specific designee after, quote, "personal consideration of the documents" --

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

THE COURT: Sure. And, Mr. Charest, I've written an extensive order on this when -- on the deliberative privilege in another case. So I know there's this sort of -- and at least in California it emanates from a case out of the Northern District of California issued back in 1988, where it was discussed of -- if you assert this privilege, there's certain steps that you have to do in order to properly assert it. It's that kind of what you're getting at, Mr. Charest?

MR. CHAREST: Yes, sir. Exactly, and you've got it. So I'll stand back down, but yes, sir.

THE COURT: Okay. Understood. So -- and so that's just the deliberative privilege aspect of it, but there is statutory and the privilege type -- at least here that was provided -- Mr. Maya indicates it's "redacted pursuant to statutory and/or regulatory provisions."

MR. MAYA: That's right, Your Honor.

(Hou Decl. ¶ 7.)  The issue was not properly before the Court on May 20, 2020, so the Court did not rule on the propriety of ICE's privileges.  (*Id.*)  Following the May 20 hearing, Plaintiffs did not choose to further meaningfully confer on the issue with GEO nor did Plaintiffs ever move on the issue.  (See Docket for absence of motion.)  Plaintiffs have also failed to properly explain in their motion why they chose to wait until after the discovery cutoff to revive what seemed to be an abandoned issue.  Plaintiffs have waived any right to argue this issue now.

Courts may deny a motion to compel if it is untimely and/or the information sought was not diligently pursued before the close of discovery.  "If the moving party fails to demonstrate diligence, the inquiry should end. A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Stone Brewing Co., LLC v. Millercoors LLC*, 2020 WL 1905342, at *3 (S.D. Cal. Apr. 17, 2020) (internal quotations and citations omitted) (denying motion to compel as untimely where party did not diligently seek compliance with subpoena and failed to obtain the Court's permission to pursue compliance after discovery

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION REGARDING DISCOVERY DISPUTE**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

ended).  See *In re Novatel Wireless Sec. Litig.*, 2010 WL 11470157, at \*5 (S.D. Cal. Dec. 23, 2010) (finding plaintiff's motion to compel untimely where documents withheld from production were identified prior to plaintiff's motion filing, and stating that Plaintiffs failed to show they should be given relief for failing to file their motion within thirty days of receiving defendant's privilege log.)  See also *Farier v. City of Mesa*, 384 F. App'x 683, 684 (9th Cir. 2010) (denying motion to compel where it was untimely by more than six months); *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (motion to compel further responses denied as untimely when filed 136 days after receipt of allegedly deficient responses, and 76 days after close of discovery, and no showing that delay caused by matters outside moving party's control). Because plaintiffs were well aware that ICE asserted the law enforcement and deliberative process privileges months before the discovery cutoff and failed to properly raise any challenge, they should not be permitted to do so at this late date.

## B.   GEO Cannot Waive ICE's Privileges

Even if the Court does not find that Plaintiffs waived their ability to raise these issues, GEO is unable to waive ICE's privileges as Plaintiffs continue to demand GEO to do.  GEO is contractually obligated to provide ICE the opportunity to review all ICE-related documents that are responsive to Plaintiffs' requests consistent with the governing Intergovernmental Services Agreement ("**IGSA**").  The IGSA states in relevant part,

> Notification and Public Disclosure.  Information obtained or developed as a result of this IGSA is under the control of ICE and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations, and executive orders or as ordered by a court.  Insofar as any documents created by the Service Provider [GEO] contain information developed or obtained as a result of this IGSA, such documents shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations, and executive orders or as ordered by a court.  To the extent the Service Provider intends to release to IGSA or any information relating

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

> to, or exchanged under, this IGSA, the Service Provider agrees
> to coordinate with the ICE Contracting Officer prior to such
> release. The Service Provider may, at its discretion,
> communicate the substance of this IGSA when requested. ICE
> understands that this IGSA will become a public document
> when presented to the Service Providers' governing body for
> approval.

(Hou Decl. ¶ 8.)[3]  In fact, during this litigation, ICE has expressly confirmed that GEO

must allow ICE the opportunity to review and assert privileges in connection with

ICE-related documents, not just under the IGSA, but under applicable federal law.  In

an e-mail to GEO's counsel, ICE stated:

> As has been discussed at length with the parties in all of these
> matters several categories of documents may contain
> information the disclosure of which is prohibited without an
> exception pursuant to statute and/or regulation. The most
> prevalent statutes and/or regulations are as follows:
>
> 8 U.S.C. § 1367 (VAWA, T Visa, U Visa)
> 8 C.F.R. 208.6 (asylum)
> 8 U.S.C. § 1254a(c)(6) and 8 C.F.R. § 244.16 (TPS)
> 8 U.S.C. § 1255a(c)(5) (seasonal agricultural workers)
>
> These categories of information cannot be produced even with a
> protective order in place. Consequences for unauthorized
> disclosure may include criminal and civil penalties. Thus, in
> order to ensure compliance with these statutory and/or
> regulatory provisions, ICE must conduct a review of any
> documents which may contain this type of information so that
> appropriate and necessary redactions and withholdings can be
> applied. ICE's experience in reviewing these types of grievance
> forms in both the VWP matters, as well as in other unrelated
> litigations is that very often detainees will reference and ask
> questions about their asylum cases. Additionally, detainees
> A#'s need to be run prior to production to see whether they
> have petitioned for relief under 1367. In that case all of the
> information pertaining to that detainee must be redacted and not

---

[3] GEO's subsequent contract with ICE also contains similar limitations.  See GEO-Novoa_00041203 and GEO-Novoa 0041204 to 00041205

Case No. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION REGARDING DISCOVERY DISPUTE**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    simply any reference to VAWA, T and U itself. Thus, ICE will
2    need to review these records.

3    (Hou Decl. ¶ 9.)   To be sure, both privileges Plaintiffs take issue with – the
4    deliberative process privilege and the law enforcement privilege – are not those
5    asserted by GEO.  ICE is the privilege holder.  GEO is bound by the relevant statutes,
6    contract provisions, and regulations that require GEO to withhold documents pending
7    ICE approval.

8         Pursuant to *Touhy*,[4] GEO is not allowed to "produce any document or any
9    material acquired as part of the performance of that employee's duties or by virtue of
10   that employee's official status, unless authorized to do so by the Office of the General
11   Counsel . . . ." *See* 6 C.F.R. § 5.44(b). Federal law also explicitly prohibits GEO,
12   acting on its own volition, from disclosing detainee information. *See* 8 C.F.R. § 236.6
13   ("No person, including . . . any privately operated detention facility, that houses,
14   maintains, provides services to, or otherwise holds any detainee . . . shall disclose or
15   otherwise permit to be made public the name of, or other information relating to, such
16   detainee.").

17        Instead, GEO must submit the documents for DHS/ICE review, which is
18   memorialized both in DHS/ICE guidance and the terms of the IGSA. Courts have
19   found *Touhy* regulations are a "clear assertion" of an agency's authority to regulate
20   disclosure of documents. *Stevens v. F.D.I.C.*, No. EDCV 11-00841-MMM, 2011 WL
21   3925087, at *5 (C.D. Cal. Aug. 25, 2011) (FDIC's regulations under *Touhy* "appear to
22   be a clear assertion of the lines of FDIC's authority to determine whether to disclose
23   information."). GEO is thus unable to simply waive ICE's privileges.

24   **C.    GEO Has Not Waived Any Privileges**

25        Plaintiffs' assertion that GEO waived ICE's privileges because it failed to
26   provide an affidavit in connection with the ICE privileges runs afoul of public policy
27   given the sensitivity of the information sought.  Although failure to provide a requisite

28

[4] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467–70 (1951).

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION REGARDING DISCOVERY DISPUTE**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

declaration in connection with either the law enforcement privilege or deliberative process privilege can result in waiver (*see e.g. Bernat v. City of California City*, 2010 WL 4008361, at *3 (E.D. Cal. Oct. 12, 2010)), **multiple courts have declined to apply an automatic waiver given the policy concerns implicated by the information sought**. See e.g. *Noble v. City of Fresno*, 2018 WL 1381945, at *6 (E.D. Cal. Mar. 19, 2018) ("the invocation of the official information and deliberative process privileges appears to be untimely given that Defendant did not submit a supporting affidavit until the filing of the Opposition to the motion to compel . . . [but] given the policy concerns implicated here, the Court will consider the merits of Defendant's privilege objections even though these objections are supported by an untimely affidavit."); *Macias v. City of Clovis*, 2015 WL 7282841, at *4 (E.D. Cal. Nov. 18, 2015) ("Given the facts of this case, the privacy rights and officer safety factors are important considerations to determine on the merits. Therefore, this Court will consider Defendants' objections based on the official information privilege even though the objections were raised subsequent to the initial responses to the discovery requests."); *Maria Del Socorro Quintero Perez, CY v. United States*, 2016 WL 362508, at *3 (S.D. Cal. Jan. 29, 2016) ("Defendants failure to provide Plaintiffs with a declaration in support of the law enforcement privilege at the same time they provided the privilege log did not result in an automatic waiver of the privilege.")

Here, the information Plaintiffs seek is highly sensitive.  It includes, but is not limited to, names of detainees who are subject to confidential asylum requests, detainee medical information, identity of ICE personnel, and information affecting the application of facility security and protocol.  (Hou Decl. ¶ 10.)  Automatic waiver of these privileges would directly jeopardize the safety of the detainees and ICE personnel.

Moreover, to the extent GEO or ICE was required to submit an affidavit or declaration outlining the bases for ICE privileges, Plaintiffs should have raised this issue earlier (at a minimum before the September 14 discovery cutoff), as discussed

1    above.  They failed to do so and cannot now argue GEO has waived these significant

2    privileges.[5]

3    **III.    CONCLUSION**

4           In light of the foregoing, this Court should deny Plaintiffs' Motion Regarding

5    Discovery Dispute.

6

7    Dated: October 1, 2020                        **AKERMAN LLP**

8                                                  By:   _/s/ Ellen S. Robbins_

9                                                        Ellen S. Robbins
                                                         Alicia Y. Hou
10                                                       Adrienne Scheffey
                                                         Attorneys for Defendant
11                                                       THE GEO GROUP, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[5] Indeed, if the Court finds this is the appropriate course of action it should provide ICE with a short window to provide such an affidavit to avoid any prejudice ICE would suffer as a result of Plaintiffs not raising this issue earlier in the litigation, despite numerous opportunities to do so.

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION REGARDING
DISCOVERY DISPUTE**