Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Class Counsel
***Additional Counsel on Signature Page***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE GEO'S THIRD SUPPLEMENT TO INITIAL DISCLOSURES** |

At 9:27 p.m. CST on Friday, September 4, 2020— <u>five</u> business days before the close of discovery in this case—Defendant The GEO Group, Inc. ("GEO") amended its Initial Disclosures to identify for the first time <u>eleven</u> new witnesses likely to have discoverable information. These individuals appear to be GEO employees, including <u>nine</u> administrators or assistant administrators of GEO's civil immigration detention facilities and a food service manager at the Adelanto Facility.

1

GEO's failure to timely disclose witnesses has resulted in obvious prejudice to Plaintiffs, who could not reasonably be expected to prepare for and depose eleven new witnesses on the eve of the discovery cutoff. And GEO chose to disclose this slew of witnesses only <u>after</u> Plaintiffs submitted their expert reports, so Plaintiffs' experts prepared reports without knowing the scope of undisclosed witnesses' anticipated testimony. GEO's misconduct all but ensures trial by surprise.

GEO's discovery misconduct has already required significant judicial intervention. Plaintiffs respectfully request that GEO's "Third Supplement to Fed. R. Civ. P. 26(a)(1) Initial Disclosures" be stricken pursuant to Rule 37. The Court should prohibit GEO from using any testimony or evidence from any newly-disclosed witnesses listed in GEO's eleventh-hour supplementation.

## I. BACKGROUND

GEO served its Rule 26 Initial Disclosures on August 16, 2018 and supplemented them for the first time on November 4, 2019. Wright Decl. at Ex. A; Ex. B.

On November 26, 2019, the Court granted Plaintiffs' Motion for Class Certification and certified the Adelanto Wage Class, the Adelanto Forced Labor Class, and the Nationwide HUSP Class. Dkts. 223; 229. On August 7, 2020—<u>more than eight months</u> after class certification—GEO served its Second Initial Disclosures. Ex. C. Even though the classes had been certified and GEO's 23(f) petition for interlocutory appeal to the Ninth Circuit had long been denied, GEO failed to disclose <u>a single</u> witness at any facility in the Nationwide HUSP Class, other than Adelanto. *Id.*

On August 17 and August 31, 2020 Plaintiffs served GEO with their expert disclosures and rebuttal expert disclosures, respectively. Wright Decl. at 3.

Then, long after the close of business on Friday September 4, 2020—<u>only five business days before the close of discovery</u>—GEO served its Third Supplemental Disclosures, Ex. D, wherein it disclosed, for the first time, <u>eleven</u> new witnesses:

2

PLAINTIFFS' MOTION TO STRIKE  
GEO'S THIRD SUPPLEMENT TO  
INITIAL DISCLOSURES

5:17-cv-02514-JGB-SHK

| Name | Subject of Information |
|---|---|
| Pamela Spagnuolo | Ms. Spagnuolo is a Food Services Manager at the Adelanto Facility and he may have knowledge regarding the sufficiency and quantity of food at Adelanto. |
| Dawn Ceja | Ms. Ceja is the Assistant Facility Administrator at the Aurora ICE Processing Center and has information about how cleaning is performed at that facility. |
| Bruce Scott | Mr. Scott is the Assistant Facility Administrator at the Tacoma ICE Processing Center and has information about how cleaning is performed at that facility. |
| Lisa Bowen | Ms. Bowen is the Assistant Facility Administrator at the LaSalle ICE Processing Center and has information about how cleaning is performed at that facility. |
| Randy Tate | Mr. Tate is the Facility Administrator at the Montgomery Processing Center and has information about how cleaning is performed at that facility. |
| Ray Castro | Mr. Castro is the Facility Administrator at the South Texas ICE Processing Center and has information about how cleaning is performed at that facility. |
| Bruce Plumley | Mr. Plumley is the Facility Administrator at the Broward Transitional Center and |

3

| | |
|---|---|
| | has information about how cleaning is performed at that facility. |
| Ronald Warren | Mr. Warren is the Facility Administrator at the Folkston ICE Processing Center and has information about how cleaning is performed at that facility. |
| Eric Staiger | Mr. Staiger was the Facility Administrator at the Pine Prairie ICE Processing Center and has information about how cleaning is performed at that facility. Mr. Staiger has also previously submitted a declaration in this case. |
| Indalecio Ramos | Mr. Ramos information about how cleaning is performed at the South Louisiana ICE Processing Center. |
| Nathan Allen | Mr. Allen is the Facility Administrator at the Mesa Verde ICE Processing Center and has information about how cleaning is performed at that facility. |

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." Rule 37(c)(1) provides, in pertinent part, that a party which, "without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); *see also Hoffman v. Constr. Protective Serv., Inc.,* 541 F.3d 1175, 1179 (9th Cir. 2008) ("Rule 37(c)(1)

gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

The sanction is "a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material.'" *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). No showing of bad faith or willfulness is required. *Id.* As the party facing sanctions, GEO bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless. *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012); *see also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

### III. ARGUMENT

GEO's disregard of Rule 26 has created obvious and incurable prejudice to Plaintiffs. There comes a time when an opposing party is entitled to make informed decisions and to rely on the statements (or silence) of the other side. Any other resolution bodes ill for the "just, speedy, and inexpensive" determination of every action.

Rule 26 does not give GEO license to engage in ambush or supplement their disclosures by happenstance. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (disclosure requirements are designed to "encourage parties to try cases on the merits, not by surprise, and not by ambush."). Yet GEO's discovery tactics have all but ensured trial-by-surprise. *See, e.g.*, Dkt. 331-1 (GEO produced 65,490 pages of documents and ten privilege logs on the day discovery closed); Dkt. 335 (GEO failed to disclose expert reliance materials).[1]

Disclosing new witnesses at the close of discovery has the same practical effect as not disclosing them at all. *See N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) ("Belated compliance with discovery orders does not preclude the imposition of sanctions."); *United States ex rel. Purcell v. MWI Corp.*, 520 F.Supp.2d 158,

---

[1] Plaintiffs reserve the right to seek further sanctions with respect to GEO's failures more generally. But GEO's addition of eleven witnesses as the discovery window shut presents a discrete failure and an obvious remedy.

5

PLAINTIFFS' MOTION TO STRIKE　　　　　　　　　　　　　　　　5:17-cv-02514-JGB-SHK
GEO'S THIRD SUPPLEMENT TO
INITIAL DISCLOSURES

168 (D.D.C. 2007) ("The harm from the failure to disclose a witness flows from the unfair surprise hindering the prejudiced party's ability to examine and contest that witness' evidence.").

GEO's actions deprived Plaintiffs of any realistic opportunity to make judgments about whether to take a particular deposition or pursue written discovery before the time allowed for discovery expired. There is simply no reasonable basis to expect Plaintiffs to depose <u>eleven</u> new witnesses in <u>five</u> business days. *See, e.g.*, *Estate of McDermed v. Ford Motor Co.*, 2016 WL 1298096, at *6 (D. Kan. Apr. 1, 2016) (finding disclosure of 14 new witnesses 21 days before expiration of discovery to be untimely). Further, Plaintiffs' experts were forced to prepare their reports without knowing the scope of the new witnesses' testimony. *Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817, 827 (9th Cir. 2011) (failure to disclose witness created "obvious prejudice" because opposing party prepared expert reports without knowing the scope of undisclosed witness' testimony). The prejudice to Plaintiffs is clear and undeniable.

GEO has no basis, let alone substantial justification, for its failure to timely disclose its new witnesses. Each new witness appears to be a GEO employee at a facility in the Nationwide HUSP Class, which was certified last November. *See* Ex. D. GEO supplemented its disclosures after class certification and after the Ninth Circuit rejected its appeal. But GEO disclosed none of these witnesses (or their predecessors) in that post-certification amendment. *See* Ex. C; *see also* Rule 26(e) (creating an affirmative duty for GEO to supplement its disclosures upon the acquisition of new information).

GEO's misconduct is further underscored by its failure to disclose the new witnesses in response to Plaintiff Mancia's Interrogatory Number 1, which asked GEO to "Please identify by name all individuals whom you anticipate calling as non-expert witnesses at trial." GEO responded to the Interrogatory on September 2, 2020 and listed Dan Ragsdale, David Venturella, Brian Evans, Amber Martin, Chuck Hill, James Janecka, and Mary McCormick—all witnesses who had been disclosed prior, and who

6

Plaintiffs had deposed. Then, two days later, GEO disclosed eleven new witnesses. GEO cannot plausibly contend that the identities and relevance of the eleven *new* witnesses were unknown to it at the time it responded to that Interrogatory.

Rule 26(e) imposed on GEO a duty to timely disclose the identities of witnesses. And Rule 37(c) now requires the imposition of Plaintiffs' requested sanction that the Court strike GEO's untimely supplement.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion, strike GEO's "Third Supplement to Fed. R. Civ. P. 26(a)(1) Initial Disclosures," and prohibit GEO from using any testimony or evidence disclosed therein at trial, at a hearing, or on a motion in this matter.

Dated:  October 7, 2020                              Respectfully submitted,

*/s/ Lydia A. Wright*
Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com

E. Lawrence Vincent (admitted *pro hac vice*)
lvincent@burnscharest.com
TX Bar # 20585590
Mallory Biblo (admitted *pro hac vice*)
mbiblo@burnscharest.com
TX Bar # 24087165
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
Alex R. Straus (CA Bar # 321366)
astraus@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

***Class Counsel***

# CERTIFICATE OF SERVICE

I, Lydia A. Wright, electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

Dated:     October 7, 2020

/s/ *Lydia Wright*
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765