UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **5:17-cv-02514-JGB (SHKx)** | Date: | October 8, 2020 |
|---|---|---|---|
| Title: | ***Raul Novoa, et al. v. The Geo Group, Inc.*** | | |

Present: The Honorable    Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):

None Present                    None Present

**Proceedings (IN CHAMBERS):    ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL RESPONSES, ECF NO. 331, AND DENYING DEFENDANT'S MOTION TO COMPEL AS MOOT IN PART AND DENIED AS TO REQUESTS FOR PRODUCTION, ECF NO. 332**

## I.    BACKGROUND

The background of this matter is set forth in detail in the District Judge's Order: (1) GRANTING Plaintiffs' Motion for Class Certification (Electronic Case Filing Number ("ECF No.") 192); (2) DENYING Defendant's Motion to Exclude (ECF. No. 211); and (3) VACATING the December 2, 2019 Hearing and is incorporated into this Order.  ECF No. 223, Order Granting Class Cert. at 3-8; see also ECF. No. 229 (separate order).

## II.    DISCUSSION

### A.  Legal Standards

Federal Rule of Civil Procedure ("Rule") 26(b)(2) governs the scope of permissible discovery and provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevancy, for purposes of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Nguyen v. Lotus by Johnny Dung Inc., No. 8:17-cv-01317-JVS-JDE, 2019 WL 3064479, at *1 (C.D. Cal. June 5, 2019) (internal citations and quotation marks omitted). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (internal citations and quotation marks omitted).

Because discovery must be both relevant and proportional, the right to discovery, even plainly relevant discovery, is not limitless. See Fed. R. Civ. P. 26(b)(1); Nguyen, No. 8:17-cv-01317-JVS-JDE, 2019 WL 3064479, at *1. Discovery may be denied where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at * 1 (S.D.Cal. May 14, 2009). "The party opposing discovery is 'required to carry a heavy burden of showing' why discovery should be denied." Reece v. Basi, 2014 WL 2565986, at *2 (E.D. Cal. June 6, 2014), aff'd, 704 F. App'x 685 (9th Cir. 2017) (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975)).

"The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." United States ex rel. Brown v. Celgene Corp., No. CV 10-3165 GHK (SS), 2015 WL 12731923, at *2 (C.D. Cal. July 24, 2015) (internal citations and quotation marks omitted).

Additionally, the issues presented in this latest round of discovery disputes relates to the sufficiency of privilege logs provided by Defendant. In this regard, Rule 26(b)(5) provides the necessary guidance and states:

(5) Claiming Privilege or Protecting Trial-Preparation Materials.
　　　(A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

---

　　　　　　**CIVIL MINUTES—GENERAL**　　　　　Initials of Deputy Clerk DC

> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or
> tangible things not produced or disclosed--and do so in a manner that,
> without revealing information itself privileged or protected, will enable
> other parties to assess the claim.

Fed. R. Civ. P. 26.

### B. Analysis

1. Timing of Motions

The modified scheduling order in this case provided that September 14, 2020 was the cutoff for all discovery, "including hearing discovery motions." ECF No. 247, Order Granting Joint Stip. to Modify Sched. Order at 2. On September 11, 2020, the Magistrate Judge held a hearing and ruled that "Defendant is . . . to produce responsive documents, subject to the Federal Rules of Civil Procedure and the protective order in this case [ECF No. 151], by the close of the discovery deadline." ECF No. 320. Min. Order re: Cont. Informal Disc. Mot. at 1. On September 22, 2020, following the close of discovery, the parties contacted the Magistrate Judge to address discovery related matters and, on the record, the parties agreed to extend the deadline to file the discovery related motions to October 2, 2020. ECF No. 329, Conf. re: Cont. Informal Disc. Mot. at 1. On September 23, 2020, the District Judge issued an order extending the deadline for discovery related motions to October 2, 2020 and set forth a briefing schedule. ECF No. 330, Order Extending Disc. Mot. Deadline to Oct. 2, 2020 and Setting Briefing Sched. On Outstanding Disc. Issues ("Order Extending Disc. Deadline") at 1.

a. Motions Filed By The Parties

i. *Plaintiffs' Motion and Defendant's Opposition*

In their motion, Plaintiffs raises the sole issue of the adequacy and propriety of the bases provided in the privilege logs produced by Defendant several minutes before the close of discovery, at 11:58 p.m. on September 14, 2020, related to documents produced by Defendant between May 13, 2020 and September 14, 2020. ECF No. 331-1, Mem. in Supp. of Pls.' Mot. Regarding Disc. Dispute ("Pls.' Mot.") at 1-2. Plaintiffs argue that they "bring this motion because GEO has improperly withheld two discrete-but-related categories of relevant and discoverable information. Specifically, GEO has redacted responsive documents [purportedly containing information that requires protection under the] 'law enforcement' privilege and . . . 'deliberative process' [privilege] without factual support." Id. at 2. Plaintiffs then go on to argue why the assertion of these privileges are insufficient and request that the Court "order GEO to produce immediately all materials it has withheld on the basis of the law enforcement privilege and deliberative process privilege, and sanction any further failures to do so." Id. at 7.

In its opposition, Defendant argues that information is not being withheld by Defendant, but rather by ICE and that ICE holds the law enforcement and deliberative process privilege.

ECF No. 337, Def. The Geo Group, Inc.'s Opp'n to Pls.' Mot. Re: Discovery Dispute ("Def.'s Opp'n") at 3.  In addition to the substantive arguments regarding assertion of these privileges, Defendant argues that "GEO has produced over 30 privilege logs well in advance of the September 14 discovery cutoff . . . [and that] Plaintiffs could have disputed these privileges as early as December 2019, but failed." Id. at 3.  Therefore, Defendant claims that "Plaintiffs have waived any right to argue this issue now." Id.

#### ii. *Defendant's Motion and Plaintiffs' Opposition*

In Defendant's motion, Defendant seeks the Court to order Plaintiffs to produce information relating to Plaintiffs' experts, tax returns and income related information of the named Plaintiffs, and testimony by Dr. Schlanger[1] which was not provided during Dr. Schlanger's deposition because it was claimed, during the deposition, that it could not be provided under United States ex. rel. Touhy v. Ragen, 340 U.S. 462 (1951) ("Touhy").  ECF No. 332, Def. The Geo Group, Inc.'s Mot. to Compel Prod. Of Docs. and Further Resps. ("Def.'s Mot.") at 4-9.

In their opposition, Plaintiffs argue that Defendant misrepresents the facts because Plaintiffs did produce the expert related documents that are now being sought and that other documents in this regard have not been identified by Defendant.  ECF No. 335, Pls.' Opp'n to Geo's Mot. to Compel ("Pls.' Opp'n") at 2.  Plaintiffs also argue that their tax and income related information is not properly discoverable and that Touhy does not apply to Dr. Schlanger's testimony. Id. at 3-7.  Plaintiffs do not raise the timeliness of Defendant's motion to compel.  See generally id.

#### b.  Analysis

"A district court has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion." Lane v. Dep′t of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008).

Further, as another Magistrate Judge in this District explained:

> Rule 16(b) of the Federal Rules of Civil Procedure directs district courts to enter scheduling orders that includes must "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).  Once issued, a scheduling order may be modified only upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); see also Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing same). As the Ninth Circuit has explained,

---

[1] Defendant refers to Dr. Margo Schlanger as Ms. Schlanger in its briefing.  The Court will use, what it understands to be, the appropriate title for Dr. Schlanger.

A scheduling order "is not a frivolous piece of paper, idly entered,
which can be cavalierly disregarded by counsel without peril."
[Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me.
1985)].  The district court's decision to honor the terms of its
binding scheduling order does not simply exalt procedural
technicalities over the merits of [plaintiff's] case.  Disregard of the
order would undermine the court's ability to control its docket,
disrupt the agreed-upon course of the litigation, and reward the
indolent and the cavalier. Rule 16 was drafted to prevent this
situation ....

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); see
also L.H. v. Schwarzenegger, 2008 WL 268983, at *6 (E.D. Cal. Jan. 29, 2008)
("Rule 16 and the court's scheduling order are not optional directives; the court is
bound by them."); Tessera, Inc. v. Sony Corp., 2013 WL 97794, at *3 (N.D. Cal.
Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be
disregarded when it becomes inconvenient; it is an order from the court. Just like
any other order, the court expects compliance.").

Green Crush, LLC v. Paradise Splash I, Inc., No. SACV-17-01856-CJC-JDE, 2019 WL 7171588,
at *2 (C.D. Cal. Nov. 20, 2019).

In the present case, the parties represented at the hearing on September 23, 2020 that
they were amenable to extending the discovery motions deadline to October 2, 2020—when the
currents motions by both parties were filed.  See ECF No. 329, Conf. re: Cont. Informal Disc.
Mot. at 1.  The District Judge also entered an order allowing for this to occur.  ECF No. 330,
Order Extending Disc Deadline.  Consequently, the motions filed by both parties were timely.

Additionally, the cases cited by Defendant do not support its argument that the relief
sought in Plaintiffs' motion should be limited to those privilege logs produced two minutes
before the discovery deadline.  Specifically, in Stone Brewing Co., LLC v. Millercoors LLC, No.
18CV331-BEN-LL, 2020 WL 1905342, at *4 (S.D. Cal. Apr. 17, 2020), the movant sought relief
after the discovery deadline had passed and the party had not sought an extension of time to
obtain this discovery.  See id. ("Because the Court finds that Plaintiff did not diligently seek
Andrews' compliance before the fact discovery deadline and failed to obtain the Court's
permission to pursue Andrews' compliance after fact discovery ended, any discovery motion
arising from Andrews' production is untimely.") (emphasis added).

Similarly, in In re Novatel Wireless Sec. Litig., No. 08CV1689 H(RBB), 2010 WL
11470157, at *3 (S.D. Cal. Dec. 23, 2010), the motion to compel was filed long past the deadline
set by the court in its case management order, which stated that "[a]ll motions for discovery shall
be filed no later than thirty (30) days following the date upon which the event giving rise to the
discovery dispute occurred."  There also, the parties did not seek to extend this deadline.  Id.
This was also the case in Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999),

where the court noted that "[a] motion to compel filed during the discovery period would rarely be considered untimely . . . [whereas] Gault's motion to compel was filed after the discovery date."

In the only Ninth Circuit case cited by Defendant, though the court there stated that "the district court did not abuse its discretion in denying Farier's motion to compel because it was untimely by more than six months and Farier failed to establish good cause to excuse his delay," Farier v. City of Mesa, 384 F. App'x 683, 684 (9th Cir. 2010), the Magistrate Judge cannot conclude from the opinion whether the motion was filed within the deadline set by the district court. The Magistrate Judge has also not found a case that prohibits a discovery motion filed within the deadlines set by the court to be rejected on the basis of delay.

Finally, Defendant has not shown how it would be prejudiced by allowing the Magistrate Judge to consider this motion to compel with respect to the earlier provided privilege logs, considering it is likely the documents have been reviewed and identified for the privilege logs.

Therefore, the Magistrate Judge will consider the Plaintiffs' motion to compel as it relates to earlier produced privilege logs.

### 2. Plaintiffs' Motion to Compel

Plaintiffs' motion seeks for Defendant "to produce all materials it has withheld on the basis of the law enforcement privilege", ECF No. 331-1, Pls.' Mot. at 5, and "all materials it has withheld on the basis of the deliberative process privilege," id. at 6-7. Plaintiffs also provided copies of privilege logs produced by Defendant which set out the invocation of the two privileges. See ECF Nos. 331-3 through 331-6, Exhs. A through D to Pls.' Mot.

With respect to an assertion of the law enforcement privilege, in the "privilege type" column of the log, Defendant entered "Law Enforcement sensitive information." ECF No. 331-3, Exh. A to Pls.' Mot. at 2. In several of the corresponding "description" column of the logs, Defendant then stated: "ICE redacted law enforcement sensitive information . . . ." Id. Many of the entries also include a reference to "Detainee PII," which the Magistrate Judge understands to be personal identifying information, with a corresponding "description" of: "as well as PII associated with sensitive medical information." Id. In other descriptions associated with "[l]aw enforcement sensitive information," Defendant provided the following information: "ICE redacted law enforcement information pursuant to statutory and/or regulatory provisions" and "[d]ocument contains information that is law enforcement sensitive." ECF No. 331-4, Exh. B to Pls.' Mot. at 2. There are also other entries in the logs provided that state that it contains "law enforcement sensitive information." ECF No. 331-6, Exh. D. to Pls.' Mot. at 4.

With respect to many of the documents where an assertion of the deliberative process privilege was made, in the "privilege type" column of the log, Defendant stated, "deliberative materials," and in the description column, Defendant stated the document "contains information protected a[s] deliberative materials." ECF No. 331-5, Exh. C to Pls.' Mot. at 2; ECF No. 331-6, Exh. D to Pls.' Mot. at 2. Defendant also described the documents with this type

of information withheld as containing "redlines," id. at 3, or being a "draft marked 'Not for Distribution,'" ECF No. 331-4, Exh. B to Pls.' Mot. at 2.

With respect to both categories of documents, there is no indication that a supporting affidavit or declaration was provided with the privilege logs nor was any affidavit or declaration provided as part of Defendant's opposition to Plaintiffs' motion to compel. See ECF No. 337, Def.'s Opp'n.

a.   Legal Standards

i.   *The Law Enforcement Privilege*

In Doe 1 v. McAleenan, No. 18-CV-02349-BLF(VKD), 2019 WL 4235344, at *2 (N.D. Cal. Sept. 6, 2019), the court provided the following description of the law enforcement privilege:

> As described by other courts, the law enforcement privilege protects against disclosures that would reveal confidential sources, law enforcement techniques, and the identities of witnesses and law enforcement personnel.  It also safeguards the privacy of those involved in a criminal investigation and otherwise prevents interference with a criminal investigation.  [In re] City of New York, 607 F.3d [923,]. . . 940–41, 944, 948 [(2d Cir. 2010)]; In re Sealed Case, 856 F.2d [268,] . . . 27 [(D.C. Cir. 1988)].  The party asserting the privilege bears the burden of showing that the privilege applies.  City of New York, 607 F.3d at 944.  The privilege is qualified, not absolute, and must give way when the needs of a particular litigant for access to the information outweigh the public interest in non-disclosure.  Id.; In re Dep't of Homeland Sec., 459 F.3d [565,] . . . 569 [(5th Cir. 2006)]; In re Sealed Case, 856 F.2d at 272.

> *       *       *

> A claim of law enforcement privilege must be supported by the declaration of an appropriate agency official who has personally considered the materials at issue.  See, e.g., Landry v. F.D.I.C., 204 F.3d 1125, 1135–36 (D.C. Cir. 2000) (discussing cases).

ii.   *The Deliberative Process Privilege*

In Hongsermeier v. Commissioner of Internal Revenue, 621 F.3d 890, 904 (9th Cir. 2010), the Ninth Circuit provided the following guidance regarding the deliberative process privilege:

> [T]he deliberative process privilege permits the government to withhold documents that "reflect[ ] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and polices are formulated." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (quotation marks omitted).  Documents must be both

"predecisional" and "deliberative" to qualify for this privilege; a document is predecisional if it was "'prepared in order to assist an agency decisionmaker in arriving at his decision,'" and deliberative if its release would "'expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'"  Carter v. U.S. Dep't of Commerce, 307 F.3d 1084, 1089 (9th Cir.2002) (quoting Assembly of Cal. v. U.S. Dep't of Commerce, 968 F.2d 916, 920 (9th Cir.1992)).

As further explained by another Magistrate Judge in this District:

> [I]t is widely accepted that the privilege protects opinions and deliberations, but generally not "facts and evidence."  F.T.C. v. Warner Commc'ns Inc., 742 F.2d 1156, 1161 (9th Cir. 1984) (citing Environmental Protection Agency v. Mink, 410 U.S. 73, 87 (1973) ).  However, factual material that "is so interwoven with the deliberative material that it is not severable" may be encompassed by the privilege. United States v. Fernandez, 231 F.3d 1240, 1247 (9th Cir. 2000); see also Enviro Tech Int'l, Inc. v. U.S. E.P.A., 371 F.3d 370, 374-75 (7th Cir. 2004) ("[T]he deliberative process privilege typically does not justify the withholding of purely factual material, nor of documents reflecting an agency's final policy decisions, but it does apply to predecisional policy discussions, and to factual matters inextricably intertwined with such discussions.") (internal citations omitted).  "The burden of establishing application of the deliberative process privilege is on the party asserting it."  Thomas, 715 F. Supp. 2d [1012,] . . . 1019 [(E.D. Cal. 2010)].

United States ex rel. Poehling v. UnitedHealth Grp., Inc., No. CV 16-8697 MWF (SSx), 2018 WL 8459926, at *9 (C.D. Cal. Dec. 14, 2018).

Further, "[a]gencies seeking to invoke the deliberative process privilege commonly do so through a combination of privilege logs that identify specific documents, and declarations from agency officials explaining what the documents are and how they relate to the decisions."  N.L.R.B. v. Jackson Hosp. Corp., 257 F.R.D. 302, 309 (D.D.C. 2009).

  b. Analysis

   i. *Defendant's IGSA and Touhy Regulations Arguments*

It is unclear from the papers provided whether Defendant asserted the first two bases, that the information may be withheld based on privileges that ICE has under the Intergovernmental Service Agreement ("IGSA") or under the Touhy regulations, were asserted in or as part of the privilege logs.  See ECF No. 337, Def.'s Opp'n at 6-8.  Specifically, other than a notation that certain documents were "redacted at ICE's request," see, e.g., ECF No. 337-2, Exh. 1 to Def.'s Opp'n at 9, there does not appear to be a reference to the IGSA or the Touhy regulations in the portion of the privilege log where the type of privilege is asserted.  Though

Defendant asserts, in the privilege log, that certain documents were "[r]edacted pursuant to statutory and/or regulatory provisions," see id., there is no specific mention of the IGSA or Touhy regulations.  Further supporting the Magistrate Judge's suspicion that these two bases were not raised in the privilege log is the fact that Plaintiffs' do not address these bases in their motion to compel.  See generally ECF No. 331-1, Pl.'s Mot.

Absent an appropriate and specific assertion of objections on these bases, Defendant has waived them.  See Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) (holding that "[i]f a party fails to file *timely* objections to [discovery] requests, such a failure constitutes a waiver of any objections which a party might have to the requests.") (emphasis in original) (citations omitted); see also Green Payment Sols., LLC v. First Data Corp., No. CV 18-1463 DSF (ASx), 2018 WL 6333696, at *2 (C.D. Cal. Oct. 30, 2018) (stating that "[t]o the extent that [an] objection was included in Plaintiff's boilerplate objections to the Requests, they were too general to merit consideration and are therefore waived").

Moreover, with respect to the objection based on the IGSA, the portion of the IGSA provided by Defendant includes the following language: "Information obtained or developed as a result of this IGSA is under the control of ICE and shall be subject to public disclosure only pursuant to the provisions of the applicable federal laws, regulations, and executive orders or as ordered by a court."  ECF No. 337-5, Exh. 4 to Def.'s Opp'n at 2 (emphasis added).  In this case, the information is not being publicly disclosed, but rather, would be produced pursuant to a protective order and is being done pursuant to an order of a court.

Finally, the Magistrate Judge empathizes with Defendant's position, in that Defendant is being required to assert objections on behalf of ICE, which has chosen not to participate in these proceedings, even though it appears from an attachment to Defendant's opposition that it is aware of the discovery that is being sought in this case.  See ECF No. 337-6, Exh. 5 to Def.'s Opp'n at 2-3 (e-mail from ICE counsel regarding "ICE review of documents for production in Novoa v. GEO," dated June 9, 2020).  The consequence of this is that the party possessing the privilege, if any, and that is best suited to present its arguments, has chosen to forgo its opportunity to prevent the disclosure of certain information that appears responsive and relevant to Plaintiffs' discovery requests in this case.

Therefore, the objections on these two bases are overruled.

### ii.    The Law Enforcement Privilege

As confirmed during the hearing in this matter, a declaration from the appropriate agency personnel was not provided either at the time the privilege logs were provided nor were they provided as part of this most recent briefing in opposition to Plaintiffs' motion to compel.  In fact, the cases cited by Defendant support the position that a declaration or affidavit with the requisite information from the appropriate person must be filed at some point to allow the court to make a decision regarding the validity of the assertion of the law enforcement privilege.  See ECF No. 337, Def.'s Opp'n at 9 (citing Noble v. City of Fresno, No. 1:16–cv–01690 DAD–BAM, 2018 WL

1381945 (E.D. Cal. Mar. 19, 2018); <u>Macias v. City of Clovis</u>, No. 1:13-CV-01819-BAM, 2015 WL 7282841 (E.D. Cal. Nov. 18, 2015); and <u>Maria Del Socorro Quintero Perez, CY v. United States</u>, No. 13cv1417-WQH-BGS, 2016 WL 362508 (S.D. Cal. Jan 29, 2016)).

This failure to provide the necessary documents to assert the privilege, <u>i.e.</u> an affidavit or declaration justifying the assertion of the privilege, even during the briefing stage, puts the Magistrate Judge in a position such that the propriety of the objection cannot be determined and requires the Magistrate Judge to overrule the objection on the law enforcement privilege basis. Consequently, the materials withheld in this regard are ordered to be produced within two weeks under the highest level of protection afforded under the controlling protective order in this matter. This should allow ICE sufficient time, if it chooses to participate, to seek to prevent the disclosure on this basis. Therefore, Plaintiffs' motion to compel in this regard is **GRANTED**.

### iii. The Deliberative Process Privilege

Like the law enforcement privilege, the assertion in the privilege log and any accompany declaration must be provided to allow for the opposing party, and the Court, to determine whether there is a proper assertion of the deliberative process privilege. Again, the relevant agency has not provided any information to meet this standard. Additionally, a review of the privilege logs also fails to provide the necessary support to assert this privilege.

For example, certain bases for assertion of this privilege include:

- "Document contains track changes and is a draft of a corrective audit plan." ECF No. 337-2, Exh. 1 to Def.'s Opp'n at 2.
- "Document contains track changes and is protected as a deliberative material." <u>Id.</u> at 3.
- "Document is deliberative because it is a draft inspection worksheet." <u>Id.</u>
- "[D]eliberative material discussing interior issues with the Adelanto facility." <u>Id.</u> at 3, 10.
- "[D]iscusses potential revisions to supplemental detainee handbook." <u>Id.</u> at 4, 10.
- "[B]ecause it is a draft inspection worksheet." <u>Id.</u> at 4.
- "[B]ecause it is a draft." <u>Id.</u> at 4, 11.
- "[B]ecause it is a draft with tracked changes and comments." <u>Id.</u> at 5, 12.
- "[C]ontains track changes and is a draft of a corrective audit plan." <u>Id.</u> at 9.

As explained in <u>UnitedHealth Group</u>, No. CV 16-8697 MWF (SSx), 2018 WL 8459926, at *9 (C.D. Cal. Dec. 14, 2018) (internal citations omitted):

> To qualify for the privilege, the intra-agency communication must be both "predecisional" and "deliberative." "Predecisional" documents include "recommendations, draft documents, proposals, suggestions, and other subjective

documents which reflect the personal opinions of the writer rather than the policy of the agency."  A document is part of the "deliberative process" if the disclosure of the materials "would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.".

Based on the descriptions from the privilege log, alone, this Magistrate Judge is not able to conclude that the documents are "predecisional" and "deliberative."  Use of the word "draft" or showing tracked changes are not enough.  See Wilderness Soc. v. U.S. Dep't of Interior, 344 F. Supp. 2d 1, 14 (D.D.C. 2004) (citing Andersen & Co. v. Internal Revenue Serv., 679 F.2d 254, 257 (D.C.Cir.1982)) (noting that "[t]he District of Columbia Circuit has made clear that simply designating a document as a 'draft' does not automatically make it privileged under the deliberative process privilege).  Consequently, these objections based on application of deliberative process privilege are overruled.

Consequently, the materials withheld in this regard are ordered to be produced within two weeks under the highest level of protection afforded under the controlling protective order in this matter.  Again, this should allow ICE sufficient time, if it chooses to participate, to seek to prevent the disclosure on this basis.  Therefore, Plaintiffs' motion to compel in this regard is **GRANTED**.

   3.   Defendant's Motion to Compel

In addition to the Requests for Production of Documents ("RFPs") at issue, Defendant raised issues with respect to discovery that was sought regarding Plaintiffs' experts.  Specifically, with respect to Dr. Childers, Defendants sought the following categories of information:

- List of prior engagements as an expert;
- Documents relied upon and not disclosed; and
- Native spreadsheets for calculations.

ECF No. 332, Def.'s Mot. at 4-6.  During the course of the hearing, the parties indicated that the material was provided or would be provided.

Similarly, with respect to Dr. Schlanger, Defendant sought the following categories of information:

- Certain e-mails between Ms. McKnulty and Dr. Schlanger;
- List of documents considered by Dr. Schlanger but which Dr. Schlanger indicated were not helpful to her report; and
- Information withheld based upon an assertion of the Touhy regulations.

Id. at 5, 8-9.  During the hearing, the parties again indicated that the materials would be provided, Dr. Schlanger would be made available to clarify issues withheld on the basis of Touhy

regulations, and the information would be provided under the highest level of protection afforded under the controlling protective order in this case.

Consequently, Defendant's motion to compel in this regard is **DENIED** as Moot and without prejudice, subject to Defendant's receipt of the information. Therefore, the only remaining issues pertain to certain RFPs propounded by Defendant to Plaintiffs.

> a.   RFP and Responses

In its motion, Defendant identified the particular RFPs at issue:

> Request For Production No. 20: Any evidence of income Plaintiffs earned outside of the Adelanto Facility.

> Request For Production No. 21: Copies of Plaintiffs' federal and state income tax returns, including all schedules, worksheets, W-2 forms and 1099s for 2010 to present.

> Request For Production No. 27: All documents evidencing any claims for benefits under any state or federal program for disability, low income, unemployment, or other public benefit that Plaintiffs received.

ECF No. 332, Def.'s Mot. at 6. Defendant did not provide any other information contained in the RFPs that were propounded.

Defendant did, however, provide the following information indicating the response Defendant received from Plaintiffs: "GEO's Requests s[eek] information outside the scope of discovery under FRCP 26(b)(1) and . . . Plaintiffs [asserted that they] '[do] not understand what information is being sought in this Request.' Although GEO conferred with Plaintiffs and requested that they review their responses and produce the requested documents well before the close of discovery, Plaintiffs have produced nothing." Id. at 6.

Defendant also provided a copy of the discovery letter sent to Plaintiffs, which contains, essentially, the same paragraph with respect to each of the RFPs at issue here:

> All four Plaintiffs withheld responding to this request and instead rested on improper objections. GEO's request is limited in scope to those documents evidencing any income earned by Plaintiffs outside of the Adelanto Facility. The request is not unduly burdensome, overly broad, or disproportional to the needs to the case. The information GEO has requested is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence that would assist in resolving material class issues in this case. Notwithstanding the clear and unambiguous nature of the request, Plaintiffs disingenuously assert that "Plaintiff does not understand what information is being sought in this Request." GEO demands each Plaintiff review his response and

---

state whatever information is necessary to make it correct and complete no later than **September 8, 2020**.

See ECF No. 332-2, Exh. A to Def.'s Mot. at 19, 22 (emphasis in original).  There was no legal argument or basis provided in the letter to Plaintiffs for why the information "is both relevant to the subject matter of this lawsuit and calculated to lead to the discovery of admissible evidence . . . ." Id.

      b.  Analysis

Defendant states that these RFPs "are limited in scope and unquestionably . . . relevant to the issues of Plaintiffs' damages and whether Plaintiffs' were 'employees' for purposes of California's wage and hour laws."  ECF No. 332, Def.'s Mot. at 6.  In support, Defendant cites to three cases:

Donovan v. Kentwood Dev. Co., 549 F.Supp. 480, 488 (D. Md. 1982)

Cortez v. Purolator Air Filtration Prod. Co., 23 Cal. 4th 163, 177 (2000)

Dynamex Operations W. v. Superior Court, 4 Cal. 5th 903, 961 (2008)

Id. at 6-7.

Defendant specifically argues that the amounts earned outside by the Plaintiffs are relevant to calculating what they should've been paid, while working in custody; to determine their ability to obtain work, if they had not been in custody; whether Plaintiffs' properly claimed their payments, while in custody, as income; and, it would shed light on Plaintiffs' claim for lost wages. Id. at 7.

The Magistrate Judge is hesitant to edit the RFPs that have been propounded by the parties in an effort to identify the appropriate scope of information that is appropriate for production in any particular case.  The parties know the case best and any effort by the Magistrate Judge would very likely be based on a much less detailed understanding of the case and why certain information is being sought.

As for the RFPs in this matter, only one of them sets out a period over which the information is sought—RFP No. 21, which seeks Plaintiffs' tax returns from 2010 to the present. On this basis alone, the Magistrate Judge finds the requests to be overbroad and seeks information that is well beyond what is appropriate in this case.  Additionally, with respect to the tax returns, though it may be marginally useful to Defendant to obtain Plaintiffs' understanding of whether they were an "employee" or not, the information of what was paid to Plaintiffs' by Defendant is within Defendant's control.  Consequently, Defendant has not shown a compelling need for the tax returns. Brill v. Napolitano, No. CV 09-0421-PSG(RCx), 2010 WL 11512400, at *6 (C.D. Cal. May 12, 2010) (denying production of tax returns because financial information

was available through other documents sought in discovery and there was no compelling need for the tax returns). Therefore, the motion to compel with respect to RFP No. 21 is **DENIED**.

With respect to documents describing other benefits received by Plaintiffs, as sought in RFP No. 27, besides the temporal overbreadth of the information sought, the sum total of Defendant's argument is: "benefits-related documents are relevant to plaintiffs' unjust enrichment claim by demonstrating plaintiffs' income status outside the Adelanto Facility. Benefits documents may also provide helpful information about Plaintiff's ability to work outside of the facility, including disability status and unemployment status." ECF No. 332, Def.'s Mot. at 7.

It is unclear what a plaintiff was able to do outside of custody is relevant to the work a plaintiff did while in custody, in a much more restrictive atmosphere. Additionally, it is unclear how the information sought relates to what a fair and legally required wage would have been.

With respect to Plaintiffs' ability to recover the amount that Defendant may have been unjustly enriched, at least under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., Defendant appears to be able to raise equitable considerations and equitable defenses, even though they may only be partial defenses. See Bargas v. Rite Aid Corp., 245 F. Supp. 3d 1191, 1215 (C.D. Cal. 2017) (citing Cortez v. Purolator Air Filtration Prod. Co., 23 Cal.4th 163, 173 (2000) and discussing nature of equitable defenses available in a Unfair Competition Law claim). However, none of the cases cited by Defendant appear to show that receiving public benefits is an equitable defense, especially if it relates to time periods where Plaintiffs were not in custody at the Adelanto Facility. Therefore, RFP No. 27 is overbroad and a motion to compel in this regard is **DENIED**.

Finally, with respect to RFP No. 20 and the argument under Dynamex, which appears to be that what Plaintiffs did when not in custody is relevant to determining whether Plaintiffs should be considered employees while they were in custody, is not persuasive because of the fundamentally different landscape Plaintiffs were in, while in custody. Unlike other situations where a plaintiff would be able to accept other employment and, therefore, not be considered an employee in the marketplace, this does not appear to have been feasible while Plaintiffs' were in custody. This coupled with temporal overbreadth of RFP No. 20 renders it overbroad and the Defendant's motion to compel in this regard is **DENIED**.

### III.    CONCLUSION

For the reasons previously set forth, the Plaintiffs' Motion to Compel the production of materials withheld on the basis of asserting the law enforcement and deliberative process privilege is **GRANTED** and such information shall be produced forthwith, but no later than two weeks after the issuance of this order—absent an agreement between the parties. The materials shall be produced under the highest level of confidentiality warranted under the protective order in this case.

Defendant's Motion to Compel is **DENIED** as moot as it relates to the materials related to the experts and that parties are to discuss the scheduling of additional time to discuss whether additional deposition time is required of Dr. Schlanger.  Defendant's Motion to Compel is also **DENIED** as to RFP Nos. 20, 21, and 27 for the reasons set forth previously.

**IT IS SO ORDERED.**