UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 17-2514 JGB (SHKx)** | Date | October 9, 2020 |
|---|---|---|---|
| Title | ***Raul Novoa, et al. v. The GEO Group, Inc.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

None Present                                    None Present

**Proceedings:   Order (1) GRANTING IN PART the Motion to Continue Trial and Pretrial Dates and Reopen Discovery (Dkt. No. 314); and (2) VACATING the October 19, 2020 Hearing (IN CHAMBERS)**

Before the Court is Defendant's motion to continue trial and pretrial dates and reopen discovery. ("Motion," Dkt. No. 314.)  The Court finds the Motion appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS IN PART the Motion.  The Court vacates the hearing set for October 19, 2020.

## I.   BACKGROUND

On August 27, 2018, the Court issued a Scheduling Order setting the trial date for August 27, 2019.  (Dkt. No. 69.)  On February 22, 2019, the parties filed a stipulation to modify the Scheduling Order to continue the trial from August 27, 2019 to February 27, 2020.  (Dkt. No. 119.)  The Court approved that stipulation, setting a trial date of February 25, 2020.  (Dkt. No. 124.)  On August 30, 2019, the Court approved a stipulation to continue the trial date to June 23, 2020.  (Dkt. No. 180.)  On January 8, 2020, the Court approved another joint stipulation to modify the Scheduling Order, setting the trial for February 2, 2021.  (Dkt. No. 247.)  On September 8, 2020, Defendant filed the Motion, asking the Court to continue the trial date to June 2, 2021.  Plaintiffs filed an opposition on September 14, 2020.  ("Opposition," Dkt. No. 323.)  Defendant replied on September 21, 2020.  ("Reply," Dkt. No. 327.)

## II.  LEGAL STANDARD

| Page 1 of **3** | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk MG |
|---|---|---|

District courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. A scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to demonstrate diligence, "the inquiry should end." Id. Good cause may be found where the moving party shows it assisted the Court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

### III.  DISCUSSION

Defendant seeks to continue the trial date, reopen discovery, and modify other pre-trial dates in the Scheduling Order by four months. Defendant asserts three main reasons for a continuance: (1) the class opt-out deadline is at odds with the current Scheduling Order; (2) significant discovery is left to be conducted; and (3) COVID-19 has had a continuing impact on GEO's ability to gather information. (Mot. at 7.) Plaintiffs oppose any extension, arguing that Defendant was not diligent in discovery and failed to manage its calendar. (Opp'n at 5.)

The Court recognizes Defendant's diligence in seeking a continuance (see Dkt. Nos. 300, 303), and finds that Defendant has demonstrated good cause for a modest modification of the Scheduling Order.[1] In particular, the Court considers the current overlap between the opt-out deadline and the deadline to file dispositive motions, and the impact of the pandemic on Defendant's discovery efforts. However, the Court finds that a four-month continuance would be excessive, and determines that a two-month continuance would be appropriate here. The Court also cautions Defendant that it must leverage all necessary resources to complete the

---

[1] Plaintiffs assert that delaying adjudication would prejudice Plaintiffs by ensuring that Defendant "continues to benefit from free or nearly free detainee labor, and that immigrants detained in GEO's facilities continue to face serious harm as a result." (Id. at 6.) Although the Court shares Plaintiffs' interest in the expeditious resolution of this matter, the Court is not persuaded that a modest, two-month extension would cause such broadly defined prejudice. Moreover, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk MG

"sizeable discovery" remaining (Mot. at 8) within that timeframe, as Plaintiffs appear to have done (Opp'n at 2).

The Court GRANTS a two-month continuance of trial and pre-trial deadlines, REOPENS discovery, and SETS the following dates:

| Event | Current Date | Defendant's Proposed Date | New Date |
|---|---|---|---|
| All Discovery Cut-Off (including hearing discovery motions) | Monday, September 14, 2020 | Thursday, January 14, 2021 | Monday, November 23, 2020 |
| Last Date to Conduct Settlement Conference | Wednesday, October 14, 2020 | Monday, February 15, 2021 | Monday, December 21, 2020 |
| Last Date to File Summary Judgment Motions | Monday, November 30, 2020 | Tuesday, March 30, 2021 | Monday, February 1, 2021 |
| Final Pretrial Conference and Hearings on Motions in Limine | Monday, January 4, 2021 at 11:00 AM | Tuesday, May 4, 2021 at 11:00 AM | Monday, March 15, 2021 at 11:00 AM |
| Trial Date | Tuesday, February 2, 2021 at 9:00 AM | Wednesday, June 2, 2021 | Tuesday, March 30, 2021 at 9:00 AM |

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Defendant's motion to continue trial and pretrial dates and reopen discovery.

**IT IS SO ORDERED.**