UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 17-2514 JGB (SHKx)** | Date | October 9, 2020 |
|---|---|---|---|
| Title | ***Raul Novoa, et al. v. The GEO Group*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order DENYING Defendant The GEO Group's Ex Parte Application to Continue Hearing on Plaintiffs' Motion to Exclude Testimony of Dr. Jeffrey Kropf (Dkt. No. 338) (IN CHAMBERS)**

Before the Court is Defendant's ex parte application to continue hearing on Plaintiffs' motion to exclude testimony of Dr. Jeffrey Kropf. ("Application," Dkt. No. 338.) On October 1, 2020, Plaintiffs filed a motion to exclude the testimony of Dr. Jeffrey Kropf, who has been designated as an expert by Defendant. ("Motion to Exclude," Dkt. No. 333.) Defendant filed the Application on October 2, 2020. Plaintiffs filed an opposition on October 5, 2020. ("Opposition," Dkt. No. 341.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Application, the Court DENIES Defendant's Application.

Defendant argues that Plaintiffs' Motion to Exclude violates the Court's Scheduling Order and will interfere with the parties' dispositive motion briefing. (See Appl.) The Court disagrees. The Motion to Exclude does not contravene or modify the Scheduling Order. Although the Scheduling Order sets a later date for the Final Pretrial Conference and Hearings on Motions in Limine ("MILs"), as Plaintiffs argue, nothing in the Scheduling Order prevents the parties from challenging an expert before that date. (Opp'n at 2.) Thus, the MILs hearing date does not preclude the Court from entertaining challenges to expert testimony at any time. (Id. at 1-2.) The Court is similarly skeptical of Defendant's bad faith argument. (Mot. at 4.) That the proposed hearing date may force Defendant's counsel to work on various motions at a time is hardly evidence of bad faith, nor does it warrant an extension of the hearing on the Motion to Exclude.

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk MG

The Court also notes that Defendant failed to show that ex parte relief is warranted, as it did not establish its case will be irreparably damaged if the underlying motion to extend deadlines is heard according to regular motion procedures, or that it is without fault in creating the conditions requiring ex parte relief.  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

The Court therefore DENIES Defendant's Application.

**IT IS SO ORDERED.**