**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 688-9500
Facsimile:   (213) 627-6342
Email:   alicia.hou@akerman.com
Email:   ellen.robbins@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone:   (305) 374-5600
Facsimile:   (305) 374-5095
Email:   lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:   (303) 260-7712
Facsimile:   (303) 260-7714
Email:   adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>Assigned to Hon. Jesus G. Bernal<br><br>**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GEO'S THIRD SUPPLEMENT TO INITIAL DISCLOSURES**<br><br>Hearing Date:   November 9, 2020<br>Time:   9:00 a.m. PT<br><br>TAC Filed:   September 16, 2019<br>SAC Filed:   December 24, 2018<br>FAC Filed:   July 6, 2018<br>Complaint Filed:   December 19, 2017<br>Trial Date:   March 30, 2021 |

THE GEO GROUP, INC.,

              Counter-Claimant,

     vs.

RAUL NOVOA, JAIME CAMPOS
FUENTES, ABDIAZIZ KARIM, and
RAMON MANCIA, individually and on
behalf of all others similarly situated,

              Counter-Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No. 5:17-cv-02514-JGB-SHKx

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GEO'S
THIRD SUPPLEMENT TO INITIAL DISCLOSURES

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant The GEO Group, Inc. ("GEO"), by and through the undersigned counsel, hereby respectfully submits this Opposition to Plaintiffs' Motion to Strike Defendant The GEO Group, Inc.'s Third Supplement to Initial Disclosures ("Opposition"). This Opposition is based upon this Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

Dated: October 19, 2020

**AKERMAN LLP**

By:  */s/ Ellen S. Robbins*
      Ellen S. Robbins
      Alicia Y. Hou
      Lawrence D. Silverman
      Adrienne Scheffey
      Attorneys for Defendant
      THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiffs' Motion to Strike Defendant The GEO Group, Inc.'s Third Supplement to Initial Disclosures ("Motion to Strike") is without merit, and should be summarily denied. GEO's Third Supplement to Initial Disclosures was served on Plaintiffs on September 4, 2020 (*see* Robbins Declaration, Exhibit A) – i.e., *before* the September 14, 2020, discovery cutoff imposed by this Court (which has now been extended to November 23, 2020). Plaintiffs' assertion that service of GEO's Third Supplement to Initial Disclosures on September 4, 2020 was "misconduct [that] all but ensures trial by surprise" is disingenuous in light of the fact that (1) Plaintiffs themselves served Supplemental Disclosures on GEO only *two days prior* on September 2, 2020. (*See* Robbins Declaration, Exhibit B); (2) Plaintiffs opposed extending discovery *after* the witnesses were disclosed and without mentioning the same (*see* ECF 323), and (3) Plaintiffs were well aware of many, if not all, of the witnesses disclosed.

In any event, Plaintiffs fail to demonstrate any resulting prejudice arising from the timing of GEO's Third Supplement to Initial Disclosures, as none exists. Significantly, at no time did Plaintiffs even attempt to depose any of the individuals who were identified in the Third Supplement, nor did they raise their purported need for additional discovery in any of the <u>five</u> filings and <u>five</u> hearings before the Court between service of the Third Supplement and the filing of their Motion to Strike.[1] Further, Plaintiffs opposed every one of GEO's requests to extend discovery and other deadlines in this action, which would have provided Plaintiffs the opportunity to conduct the additional discovery of which they now complain they were deprived. But most importantly, on October 9, 2020, the Court modified the Scheduling Order to

---

[1] Indeed, Plaintiffs themselves concede they have convened more than 20 discovery hearings before the Honorable Magistrate Judge Kewalramani. *See* Declaration of Lydia Wright (ECF 323-1). Yet, they never once raised the disclosures of which they now complain.

extend the discovery cutoff until November 23, 2020, which provides ample time for Plaintiffs to conduct any necessary discovery relating to the eleven individuals disclosed in GEO's Third Supplement to Initial Disclosures.

For these reasons, plaintiffs' Motion to Strike should be denied.

## II. Background

This is a nationwide class action involving complex issues across twelve immigration detention facilities located throughout the United States. Plaintiffs have amended their Complaint to allege new theories three times during the pendency of the case. Further, as discovery revealed new evidence, Plaintiffs have shifted the theme of their case, and in turn, GEO has responded by identifying evidence it will use at trial to support its defenses.  Accordingly, the Scheduling Order was modified on February 22, 2019, and again on August 30, 2019. (*See* ECF 119; *see also* ECF 180). Following class certification of a nationwide class on December 6, 2019 (ECF 223), the Court issued its January 8, 2020 Scheduling Order setting September 14, 2020 as the discovery cutoff. (ECF 274). On October 9, 2020, this Court entered an order extending the discovery cutoff to November 23, 2020. (ECF 352). As of the time of the filing of this response brief, discovery remains open.

Following the multiple amendments to Plaintiffs' complaint and the resulting discovery requests, GEO diligently worked to comply with its discovery obligations at every turn, disclosing tens of thousands of documents and identifying 28 persons with knowledge related to this case before the September 14, 2020 discovery cutoff. The documents that GEO disclosed identified many of the individuals who are now at issue in this motion. Consistent with its obligations under Rule 26, GEO served its Initial Disclosures on Plaintiffs on August 16, 2018 (*see* Exhibit A) and supplemented those responses through its First Supplement to Initial Disclosures on November 4, 2019 as it became aware of additional information. (*Id.* at p. 10). On August 7, 2020, GEO again supplemented its responses through its Second Supplement to Initial Disclosures (*Id.* at p. 15). Importantly, GEO was not alone in supplementing its Initial

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Disclosures. Plaintiffs also repeatedly supplemented their initial disclosures, including five supplements within three months of the close of discovery and three supplements within 32 days of the discovery cutoff – including Plaintiffs' Tenth Supplement served just two days prior to GEO's Third Supplement that is the subject of this Motion to Strike.[2]

Because of myriad factors, including Plaintiffs' delay in bringing their Motion to Approve Class Notice Plan, the COVID-19 Pandemic, and the amount of outstanding discovery remaining, GEO sought to continue the discovery and motion cutoffs in this case as early as August 24, 2020 with the filing of its *Ex Parte* Application to Continue the Discovery and Motion Cutoffs (ECF 300), which effort Plaintiffs opposed. (ECF 301).  After the Parties were ordered to meet and confer about modifying the Scheduling Order (ECF 309), from which no agreement could be reached, GEO filed a noticed Motion to Continue Trial and Pretrial Dates and Reopen Discovery (ECF 311), which Plaintiffs also opposed. (ECF 323). While that motion was pending, after a hearing before Magistrate Judge Kewalramani, the Court issued its October 9th Order extending the deadline for filing of discovery motions and permitted additional time for completion of expert depositions.  (ECF 352). Significantly, at no time during any of the five hearings before the Court and before Magistrate Judge Kewalramani between September 4, 2020 (the date GEO served its Third Supplement) and October 7, 2020 (the date plaintiffs filed their Motion to Strike), nor in any of the five written submissions made during this period, did Plaintiffs raise any issues about GEO's Third Supplement to Initial Disclosures, or request additional time to conduct discovery. (Robbins Decl. ¶ 3).

---

[2] For example, Plaintiffs' Sixth Supplemental Disclosures were served on GEO on June 26, 2020; Plaintiffs' Seventh Supplemental Disclosures were served on GEO on August 7, 2020; Plaintiffs' Eighth Supplemental Disclosures were served on GEO on August 12, 2020; Plaintiffs' Ninth Supplemental Disclosures were served on GEO on August 22, 2020; Plaintiffs' Tenth Supplemental Disclosures were served on GEO on September 2, 2020.

Further, on October 9, 2020, this Court amended its January 8, 2020 Scheduling Order, extending the discovery cutoff until November 23, 2020. (ECF 352). In light of the fact that the discovery cutoff was significantly extended, GEO asked that Plaintiffs withdraw their Motion to Strike as moot, but Plaintiffs summarily refused. (Robbins Decl. ¶ 4).

## II.   LEGAL ARGUMENT

### A.   Plaintiffs have failed to properly meet and confer.

As a preliminary matter, Plaintiffs failed to properly meet and confer in compliance with the Local Rules before bringing their Motion to Strike. Local Rule 37-1 requires that "[b]efore filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible" which must be held "*within ten days after the moving party serves a letter requesting such conference.*" CA R USDCTCD Civ Rule 37-1 (emphasis added). Importantly, any motion to strike "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "Failure to satisfy the good faith conferral requirements of Rule 37 is grounds for denial of the motion." *Dague v. Hazen*, No. 2:05-CV-0533-JCM-RJJ, 2009 WL 10691082, at *1 (D. Nev. Mar. 30, 2009).

As stated by the Court in *Dague,* certification for purposes of a Rule 37 conferral "must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Dague v. Hazen*, No. 2:05-CV-0533-JCM-RJJ, 2009 WL 10691082, at *2 (D. Nev. Mar. 30, 2009). Although Rule 37 does not indicate precisely what must be included within the moving party's certification, relevant caselaw fills the gaps:

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GEO'S THIRD SUPPLEMENT TO INITIAL DISCLOSURES**

> [I]n order to effectuate the underlying policy of the federal rule, a moving party must include more than a cursory recitation that counsel have been 'unable to resolve the matter.' Counsel seeking court-facilitated discovery, instead, *must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties*. That is, a certificate must include, *inter alia,* the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.

*Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) (emphasis added).

Here, Plaintiffs have failed to provide proper certification under Rule 37(a)(1) because a proper conferral never took place. (Robbins Decl. ⁋ 5). Daniel Charest transmitted a *single email* to GEO regarding this issue, mentioning a potential Motion to Strike only in passing.  Importantly, at no point did Plaintiffs make a good faith attempt to communicate with all counsel of record and at no point did Plaintiffs make a good faith attempt to discuss the issue in their Motion and any potential resolution. (Robbins Decl. ⁋ 6), nor can Plaintiffs point to any such attempt.[3] Further, Plaintiffs have offered no further information about how their motion remains proper in light of the Court's extension of deadlines. (*Id*.) Plaintiffs' Motion to Strike is therefore inappropriate and should be denied. *See Dague,* 2009 WL 10691082, at *1 (D. Nev. Mar. 30, 2009); *see also Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 173 (D. Nev. 1996) (denial of discovery related motion under Rule 37 is appropriate "where the moving party filed a motion without first making a good faith effort to obtain the discovery through non-judicial channels").

---

[33] Indeed, had Plaintiffs conducted a proper meet and confer, the Parties could have requested leave for additional time for Plaintiffs to conduct any additional discovery they felt necessary as a result of the Third Supplement and wholly obviated the need for this Motion. And again, at no time did Plaintiffs even ask GEO to take the depositions of any of the newly-identified individuals. (Robbins Decl. ¶¶ 7-8). Instead, Plaintiffs *opposed* GEO's efforts to extend the discovery cutoff.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**B.     GEO has complied with its discovery obligations and disclosure requirements.**

Under Rule 26, a party is required to make initial disclosures identifying "each individual likely to have discoverable information – along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). A party's initial disclosures must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Importantly, "Rule 26(e) does not require that disclosure amendments must be served before the discovery deadline, only that they must be made 'in a timely manner.'" *Oskel v. Pardee*, No. 2:11-CV-154-GMN-NJK, 2013 WL 1315736, at *2 (D. Nev. Mar. 28, 2013).

If a party fails to disclose or supplement its disclosures as required under as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* ("Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless").

GEO has timely complied with the discovery deadlines in this case by disclosing witnesses prior to the discovery cutoff. *Oskel v. Pardee*, No. 2:11-CV-154-GMN-NJK, 2013 WL 1315736, at *2 (D. Nev. Mar. 28, 2013) (disclosures made two weeks before the close of discovery were timely); *see also Dayton Valley Inv'rs, LLC v. Union Pac. R. Co.*, No. 2:08-CV-00127-ECR, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010) ("The rule does not limit the time for supplementation of prior disclosures to the discovery period"); *see also Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals, Inc.*, No. 213CV05704CASEX, 2015 WL 10733384, at *10 (C.D. Cal.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Aug. 24, 2015) (witnesses disclosed before discovery cutoff were timely under Rule 26(e)); *see also Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 244 (D. Nev. 2017) (denying motion to exclude and rejecting argument that matters disclosed at or near the disclosure deadline were untimely).

### i.   GEO's Third Supplement to Initial Disclosures were timely.

Here, the discovery cutoff was previously set as September 14, 2020; GEO served its Third Supplement to Initial Disclosures in advance of this deadline on September 4, 2020 – a mere *two days* after Plaintiffs similarly supplemented their Initial Disclosures. Courts have repeatedly held disclosures made before the close of discovery are timely. *See Intel Corp. v. VIA Techs., Inc.*, 204 F.R.D. 450, 452 (N.D. Cal. 2001) (denying motion to strike where witness uncovered late in the process but disclosed before discovery deadline); *see also Diaz-Garcia v. Surillo-Ruiz* (D.P.R. 2017); *Hernandez-Torres v. Intercontinental Trading, Inc.* (1st Cir. 1998). For example, in *Oskel v. Pardee*, the Court held that disclosure of witnesses less than two weeks before the discovery deadline was timely for purposes of Rule 26. As emphasized by the Court, "Smith was disclosed almost two weeks before the discovery deadline, which was then extended, and yet the Plaintiff has never issued a subpoena for his deposition, even after the discovery deadline was extended. Thus, it appears that Smith is not as crucial to this case as the Plaintiff asserts. Accordingly, the Court finds that disclosing Smith on January 4, 2013, was timely." *Oskel v. Pardee*, No. 2:11-CV-154-GMN-NJK, 2013 WL 1315736, at *2 (D. Nev. Mar. 28, 2013). Importantly here, at the time GEO made its disclosures it also offered to extend discovery beyond the deadline to ensure Plaintiffs did not suffer prejudice.

Moreover, even disclosures made *after* the close of discovery have been deemed timely for purposes of Rule 26. For example, in *LaPoint v. Petsmart Inc.,* the Court has held that disclosure of a witness three days after the disclosure deadline did not warrant excluding testimony at trial. *See LaPoint v. Petsmart Inc.*, No. CIV. 07-

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GEO'S
THIRD SUPPLEMENT TO INITIAL DISCLOSURES**

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

00729 PHXMEA, 2008 WL 6088037, at \*3–4 (D. Ariz. Nov. 19, 2008). As emphasized by the *LaPoint* Court,

> Defendant disclosed the identity of Dr. Buehler, their expert economist, on October 1, 2007, three days after the first deadline for doing so and well within the extended deadlines for completing discovery and 'designation' of experts. Although Defendant did not disclose the identity of their medical expert, Dr. Brown, until January 14, 2008, *more than three months after the first deadline established for Defendant to disclose their expert witnesses*, the parties later stipulated to extending the deadline for completing discovery and Plaintiff later stipulated to an extension of the time allowed to designate expert witnesses… *Plaintiff had ample time to depose these experts or to request an extension of the discovery deadline with regard to necessary rebuttal of these experts*.

*Id.* (emphasis added); *see also Oskel v. Pardee*, No. 2:11-CV-154-GMN-NJK, 2013 WL 1315736, at \*2 (D. Nev. Mar. 28, 2013) ("Rule 26(e) does not require that disclosure amendments must be served before the discovery deadline, only that they must be made 'in a timely manner.'")

A similar result was reached by the Ninth Circuit in *Lanard Toys Ltd. v. Novelty, Inc.* where the Ninth Circuit held that the District Court did not abuse its discretion by allowing a plaintiff's expert to testify despite the fact that a full expert report was not disclosed by the discovery deadline set by the Court. 375 F. App'x 705, 713 (9th Cir. 2010). Moreover, the Court emphasized that "Appellants, for their part, made no effort whatsoever to depose Marylander, even though they continued to use the ongoing discovery process to compel production of other evidence with which they would attempt to impeach him at trial. Not only was Marylander's anticipated testimony not a 'surprise' to appellants, they were obviously able to take steps they thought necessary to contend with his testimony at trial. In these circumstances, we conclude the district court did not abuse its discretion or otherwise err by allowing Marylander to testify at trial." *Id*.

Here, even if this Court were to find that GEO's disclosures were late, Rule 26 does not require disclosure of the identity of a prospective witness during the discovery period. *Hernandez-Torres v. Intercontinental Trading, Inc.* (1st Cir. 1998). "Rather, Rule 26(a)(3)(C) declares that '[u]nless otherwise directed by the court, these disclosures shall be made at least 30 days before trial.'" *Id.*; *see also Diaz-Garcia v. Surillo-Ruiz* (D.P.R. 2017) (Rule 26 "does not require disclosure of a prospective witness' identity during the discovery period. Thus, *although the discovery deadline was set for November 21, 2014, the parties were not necessarily required to disclose their witnesses by that date*"). Further, there is no obligation to disclose rebuttal or impeachment witnesses before trial. *See* Fed. R. Civ. P. 26(a)(1)(A). Here, the witnesses listed in GEO's Third Supplement to Initial Disclosures may also serve as rebuttal witnesses depending upon the witness testimony at trial about the conditions at each of the nationwide facilities. Should Plaintiffs put witnesses on the stand to testify about the conditions at each facility, or should they be permitted to introduce governmental reports about other facilities, GEO will place witnesses with knowledge of the operation of each facility on the stand in rebuttal. Accordingly, GEO's Third Supplement to Initial Disclosures should not be stricken.

Additionally, here, as in *Lanard Toys Ltd.,* Plaintiffs made no effort to conduct any additional discovery relating to GEO's Third Supplement within the 10 days before the September 14, 2020 discovery cutoff, nor did they raise the need for this discovery or any alleged prejudice resulting from the timing of the Third Supplement with the Court – either in any of the five written filings or during the five court hearings between the date the Third Supplement was served (September 4, 2020) and the date they filed their Motion to Strike (October 7, 2020). Indeed, the Parties had a discovery hearing on Tuesday September 8, 2020 – several days after the disclosures were submitted – and Plaintiffs did not raise the issue at that time.  Moreover, on October 9, 2020, this Court issued its order extending the discovery cutoff to *November 23, 2020* (*see* ECF 352), providing adequate time for any additional

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No. 5:17-cv-02514-JGB-SHKx
**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GEO'S THIRD SUPPLEMENT TO INITIAL DISCLOSURES**

discovery to be conducted.  Indeed, in light of the October 9 Scheduling Order, GEO requested that Plaintiffs withdraw their Motion, and they summarily refused, demonstrating the issue here is not  prejudice, or the need for additional discovery, but instead an effort to limit GEO's ability to present a full defense at trial. Thus, Plaintiffs' motion should be denied.

**ii.     Any delay in serving GEO's Third Supplement to Initial Disclosures was substantially justified.**

Putting aside the fact that GEO's Third Supplemental Disclosures were filed well within the discovery cutoff period dictated within by this Court in its January 8, 2020 and October 9 2020 Scheduling Orders, any delay in in GEO's disclosures was substantially justified.

First, Plaintiffs were already on notice of the majority of the witnesses listed in GEO's Third Supplemental disclosures. For example, Dawn Ceja previously provided a declaration in this case, as did Eric Staiger. (ECF 256-2; ECF 262). As discussed in greater detail below, nearly all of the witnesses disclosed within GEO's Third Supplement to Initial Disclosures were previously identified within the document productions in this case. (*See* Robbins Decl. ¶¶ 9-13).  As for the two individuals who were not previously disclosed, the purpose was not to surprise Plaintiffs, but rather to ensure witnesses for trial. For example, GEO previously submitted a declaration of David Cole, the former Facility Administrator at LaSalle ICE Processing Center, but he has since left his position there. (ECF 256-3). As Mr. Cole is no longer at the facility, Ms. Bowen steps into his shoes. Likewise, GEO disclosed Bruce Scott (who has already been deposed in the Washington cases) to step into the shoes of Stephen Langford who previously submitted a declaration in this case. (ECF 256-4).    Thus, while the names of these witnesses may be "new," their titles and job responsibilities were well known to Plaintiffs.

Second, on August 17, 2020, GEO for the first time learned that Plaintiffs intend to rely upon the testimony of Margo Schlanger at trial. Ms. Schlanger intends

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

to offer a myriad of opinions, including a broad opinion that GEO lacks adequate oversight and monitoring from ICE. GEO had not previously been on notice that Plaintiffs intended to rely upon an expert in this way. Up to that time, Plaintiffs had indicated that any testimony as to the various audits of the facility would have been introduced through documentary evidence in GEO's possession. Indeed, in 2018, the Parties submitted a Joint Rule 26(f) Statement, (ECF 56), whereby Plaintiffs described their case. At that time, Plaintiffs indicated that they intended to rely heavily upon testimony from GEO witnesses and corresponding GEO business records. Plaintiffs made *no mention* of reliance upon a former DHS official opining on GEO's compliance with the PBNDS. With this new change, GEO found it prudent to have not only its 30(b)(6) witness available, but also witnesses from each facility who could be prepared to testify about the operations of each facility in order to rebut Ms. Schlanger's testimony. Accordingly, GEO's ongoing identification of persons with relevant knowledge for trial, which directly corresponded with the timing of Plaintiffs new witnesses, was warranted.

### iii.   Any delay in serving GEO's Third Supplement to Initial Disclosures was harmless.

Even where a party has failed to timely submit supplemental disclosures in an action (which did not happen here), the information may still be introduced if the party's failure to disclose the required information is harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also LaPoint v. Petsmart* Inc., No. CIV. 07-00729 PHXMEA, 2008 WL 6088037, at *2 (D. Ariz. Nov. 19, 2008). "Harmlessness may be established if a disclosure is made sufficiently in advance of the discovery cut-off date to permit the opposing party to conduct discovery." *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) (denying Defendants' motion for sanctions and motion to exclude evidence). Indeed, even the cases cited by Plaintiffs make clear that even an untimely disclosure may be remedied by the opportunity to take discovery. *See*, *e.g.,*

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GEO'S THIRD SUPPLEMENT TO INITIAL DISCLOSURES**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Hoffman v. Constr. Protective Serv., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (where damages calculations *were not disclosed at all*, Court noted that untimely disclosure would have allowed change to schedule to permit discovery); *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (failure to timely disclose expert witness excusable "if the failure to disclose is substantially justified or harmless"); *see also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (factors governing decision to strike include "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice"). A similar conclusion was reached by the Court in *Estate of McDermed v. Ford Motor Co.*, where the Court emphasized that a determination as to whether to strike a late disclosure should consider the ability to cure the prejudice. *See Estate of McDermed v. Ford Motor Co.*, No. 14-CV-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. Apr. 1, 2016) ("the court should be guided by the following factors: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness").

In this case, not only has GEO complied with its disclosure obligations by timely supplementing its initial disclosures before the close of discovery, to the extent that GEO's service of its Third Supplemental Disclosures on Plaintiffs on September 4, 2020 did not afford Plaintiffs enough time to conduct additional discovery related to the items disclosed, the effect of this allegedly "late" disclosure has been rendered harmless given GEO's willingness to extend discovery at the time of disclosure (ECF 311-1), and that the Court has now granted GEO's motion to continue the deadlines in this matter and has now extended the discovery cutoff by two months. Accordingly, Plaintiffs have been provided with an additional *70 days* to conduct discovery related to GEO's Third Supplement to Initial Disclosures.

Case No. 5:17-cv-02514-JGB-SHKx
**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GEO'S THIRD SUPPLEMENT TO INITIAL DISCLOSURES**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Moreover, a party must supplement or correct its initial disclosure only if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process." *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 568 (C.D. Cal. 2009); *see also Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 664 (D. Colo. 2015) ("There is, however, no affirmative duty to supplement initial disclosures 'if the additional or corrective information' has 'otherwise been made known to the other parties during the discovery process or in writing'"). GEO emphasizes that nearly all of the witnesses disclosed within GEO's Third Supplement to Initial Disclosures were previously known to Plaintiffs prior to disclosure:

| Name | Subject of Information |
|---|---|
| Pamela Spagnuolo | GEO produced numerous emails to and from Ms. Spagnuolo clearly identifying her as Food Service Production Manager at the Adelanto Facility.<br><br>GEO Produced numerous emails with Ms. Spagnuolo's name and email on them in May 2019. For example, one of the emails produced contained a memorandum about detainee kitchen VWP participants and discipline, one of the key focuses of the instant litigation. (Robbins Decl. ¶ 9). |
| Dawn Ceja | Ms. Ceja is the Assistant Facility Administrator at the Aurora ICE Processing Center. She has previously submitted a declaration in this case documenting her role at the Adelanto Facility. (ECF 256-2). While GEO formally disclosed Ms. Ceja on their initial disclosures in September 2020, Plaintiffs have been well aware of Ms. Ceja and what knowledge she may have for years. |

| | |
|---|---|
| | On November 27, 2019, Plaintiffs disclosed all documents filed in *Menocal v. The GEO Group., Inc.,* No. 1:14-cv-02887 (D. Colo.) as documents they intended to use in this case. (*See* Exhibit B). Ms. Ceja has been deposed multiple times in the *Menocal* case and submitted multiple sworn declarations in that case. Ms. Ceja's first 30(b)(6) deposition was filed by the *Menocal* plaintiffs on May 5, 2016. Since then, additional testimony from Ms. Ceja has been provided to the *Menocal* Court. Accordingly, because Plaintiffs themselves disclosed Ms. Ceja's testimony through the *Menocal* documents her formal disclosure by GEO was not a surprise nor did it provide new information not previously available to Plaintiffs. |
| Bruce Scott | Mr. Scott is the Assistant Facility Administrator at the Northwest ICE Processing Center. While GEO formally disclosed Mr. Scott on their initial disclosures in September 2020, Plaintiffs have been well aware of Mr. Scott and what knowledge he may have for a significant period of time. On November 27, 2019, Plaintiffs disclosed all documents filed in *Nwauzor v. The GEO Group, Inc.*, No. 3:17-cv-05769 (W.D. Wash.) as documents they intended to use in this case. (*See* Exhibit B). Mr. Scott has previously been deposed in the *Nwauzor* case and submitted multiple sworn declarations in that case. Mr. Scott's first 30(b)(6) deposition was filed by the *Nwauzor* plaintiffs on April 24, 2020. Since. Accordingly, because Plaintiffs themselves disclosed Mr. Scott's testimony through the *Nwauzor* |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GEO'S THIRD SUPPLEMENT TO INITIAL DISCLOSURES

| | |
|---|---|
| | documents his formal disclosure by GEO was not a surprise nor did it provide new information not previously available to Plaintiffs. |
| Lisa Bowen | Ms. Bowen is the Assistant Facility Administrator at the LaSalle ICE Processing Center and has information about how cleaning is performed at that facility.<br><br>GEO previously submitted a declaration of David Cole, the former Facility Administrator at LaSalle ICE Processing Center, but he has since left his position there. (ECF 256-3). As Mr. Cole is no longer at the facility, Ms. Bowen steps into his shoes. |
| Randy Tate | Mr. Tate is the Facility Administrator at the Montgomery Processing Center and has information about how cleaning is performed at that facility.<br><br>GEO has produced numerous documents identifying Mr. Tate in this action. (Robbins Decl. ¶ 10). |
| Ray Castro | Mr. Castro is the Facility Administrator at the South Texas ICE Processing Center and has information about how cleaning is performed at that facility.<br><br>GEO has produced numerous documents identifying Mr. Castro in this action. For example, GEO previously produced email correspondence to Mr. Castro dated June 6, 2013 discussing implementation of the 2011 PBNDS. (Robbins Decl. ¶ 11). |
| Eric Staiger | Mr. Staiger is the Facility Administrator at the Pine Prairie ICE Processing Center. Plaintiffs have been aware of Mr. Staiger's role since at least April 2020, when Mr. Staiger submitted a declaration |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

| | in this case. (ECF 262-1). |
|---|---|
| Indalecio Ramos | Mr. Ramos information about how cleaning is performed at the South Louisiana ICE Processing Center.<br><br>GEO has previously produced numerous emails identifying Mr. Ramos within this action. (Robbins Decl. ¶ 12). |
| Nathan Allen | Mr. Allen is the Facility Administrator at the Mesa Verde ICE Processing Center and has information about how cleaning is performed at that facility.<br><br>GEO produced numerous emails to and from Mr. Allen as Facility Administrator. (Robbins Decl. ¶ 13). |

In the instant case, Plaintiffs should have been well-aware of the witnesses identified above. Indeed, in addition to the documents disclosed by GEO, the witnesses that Plaintiffs now seek to exclude were part of Plaintiffs own disclosures. On November 27, 2019, Plaintiffs disclosed all documents filed in two cases: *Nwauzor v. The GEO Group, Inc.*, No. 3:17-cv-05769 and *Menocal v. The GEO Group., Inc.,* No. 1:14-cv-02887 (D. Colo.). (*See* Robbins Decl., Exhibit B). Both Mr. Scott and Ms. Ceja provided 30(b)(6) deposition testimony in each of those cases prior to Plaintiffs' disclosure of the *Nwauzor* and *Menocal* documents in the instant case. Thus, GEO's more formal disclosure in September of individuals who Plaintiffs were already aware of was harmless.

The only witnesses who could even arguably be considered to be outside of Plaintiffs prior knowledge are Ronald Warren and Bruce Plumley. Yet even if this Court were to find Mr. Plumley and Mr. Warren were not timely disclosed (which it should not), the remedy would be permitting additional discovery, not excluding the witnesses from trial. *See, e.g.*, *In re Questcor Secs. Litig.*, No. No. SACV 12-1623-

AKERMAN LLP<br>601 WEST FIFTH STREET, SUITE 300<br>LOS ANGELES, CALIFORNIA 90071<br>TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  DMG (JPRx), 2015 U.S. Dist. LEXIS 186863, at *14,  (C.D. Cal. Feb. 24, 2015) ("…

2  reopen[ing] discovery solely to allow [movant] to address any issues raised by

3  Plaintiffs' belated answer to interrogatory 7 … would presumably cure any lingering

4  prejudice") (citing *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169-70 (9th Cir.

5  2012)); *see* also *Leon v. ExxonMobil Ref. & Supply Co.*, No. CV 07-04810 DDP

6  (MANx), 2009 U.S. Dist. LEXIS 135803, at *10 (C.D. Cal. Feb. 4, 2009) (granting in

7  part movant's motion for Rule 37 sanctions, but also extending the discovery and

8  motions deadlines for the limited purpose of conducting the discovery (a deposition)

9  that was the subject of the motion); *Prejean v. Lynwood Unified Sch. Dist.*, No. CV

10 07-05053 DDP (CTx), 2008 U.S. Dist. LEXIS 101582, at *6 (C.D. Cal. Dec. 3, 2008)

11 (rejecting movant's argument that extending the discovery deadline "would

12 'unfairly extend the trial date' and 'reward Prejean's conscious misconduct,'"

13 reasoning, **"*Holding a deposition promptly from the date of this Order will not delay

14 the trial and would aid the parties greatly in presenting facts and argument*"**)

15 (emphasis added).  Here, given the recent extension of discovery and trial deadlines,

16 additional discovery as to the individuals disclosed in GEO's Third Supplemental

17 Initial Disclosures will not delay the trial and will serve only to aid the parties'

18 presentation of facts and argument. Accordingly, this Court should deny Plaintiffs

19 Motion to Strike.

20 **III.   CONCLUSION**

21      For the reasons discussed herein, GEO respectfully requests that this Court

22 deny Plaintiffs' Motion to Strike GEO's Third Supplement to Initial Disclosures.

23 Dated: October 19, 2020             **AKERMAN LLP**

24                                     By:   */s/ Ellen S. Robbins*

25                                           Ellen S. Robbins
                                            Alicia Y. Hou
26                                          Lawrence D. Silverman
                                            Adrienne Scheffey
27                                          Attorneys for Defendant
                                            THE GEO GROUP, INC.
28

Case No. 5:17-cv-02514-JGB-SHKx
DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GEO'S
THIRD SUPPLEMENT TO INITIAL DISCLOSURES