Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Class Counsel
**Additional Counsel on Signature Page**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE GEO'S THIRD SUPPLEMENT TO INITIAL DISCLOSURES** |

In the normal course, an extension of discovery may alleviate the harm caused when a party ignores its basic disclosure obligations in favor of trial-by-surprise. But here, the Court's extension of discovery deadlines has had little impact on GEO's conduct. Instead of facilitating the remedy to the problem it created, GEO has continued to obstruct Plaintiffs' access to discovery.

On October 20, Plaintiffs asked GEO to provide available deposition dates for the eleven late-disclosed witnesses. Declaration of Lydia Wright ("Wright Decl.") at ¶¶ 2-4. GEO has not provided a single date for a single witness. Plaintiffs asked GEO to

provide responsive documents in the custody of each new witnesses. *Id.* GEO refused. GEO would not even agree to a stipulation to permit Plaintiffs to exceed the 15-deposition limit to which the parties had previously agreed. *Id.* And GEO has represented that it intends to disclose yet another new witness.

Instead of simply facilitating the depositions and related document discovery, GEO submits an opposition brief that misrepresents basic facts, misconstrues the law, and attempts to blame Plaintiffs for GEO's own choices. But GEO's untimely disclosures are just the latest example of the company's disregard for its Rule 26 disclosure obligations. Indeed, Plaintiffs have already had to remind GEO of its obligation to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information," as required by Rule 26(a)(1)(A)(i). Wright Decl. at Ex. A.

For the reasons below and as set forth in Plaintiffs' Motion to Strike, Dkt. 344, Plaintiffs respectfully request that the Court grant their Motion and exclude the testimony of any witness disclosed in GEO's Third Supplement to Initial Disclosures who cannot reasonably be deposed within the current discovery period or for whom GEO fails to timely produce written discovery.

**A.  GEO had an obligation to timely supplement its Rule 26(a)(1) disclosures.**

In its opposition brief, GEO erroneously contends that it had no obligation to disclose the new witnesses at all. GEO argues that "Rule 26 does not require disclosure of the identity of a prospective witness during the discovery period," and, relatedly, that the eleven—now, twelve—new witnesses "may also serve as rebuttal witnesses." Dkt. 357 at 12.

But GEO confuses Rule 26(a)(1) initial disclosures—at issue here—with Rule 26(a)(3) pretrial disclosures, which requires disclosure of names of witnesses expected to testify at trial 30 days in advance of the trial date. *See* Fed. R. Civ. P. 26(a)(3). Indeed, the only legal authority GEO cites for this erroneous argument are two non-binding

cases concerning the timing of pretrial witness lists under Rule 26(a)(3). *See Hernandez-Torres v. Intercontinental Trading, Inc.*, 158 F.3d 43, 49 (1st Cir. 1998) (holding that Rule 26(a)(3) does not require disclosure of a trial witness lists until 30 days before trial); *Diaz-Garcia v. Surillo-Ruiz*, 321 F.R.D. 472 (D.P.R. 2017) (same).[1]

As these cases and the Federal Rules of Civil Procedure make clear, Rule 26(a)(3) governs a "pretrial" disclosure, not a discovery disclosure. It is made in preparation for trial and expressly states that it is "[i]n addition to the requirements in Rule 26(a)(1)." Fed. R. Civ. P. 26(a)(3)(A) (emphasis added). Rule 26(a)(3) neither trumps nor satisfies GEO's Rule 26(a)(1)(A) disclosure obligation during discovery, or its Rule 26(e) duty to timely supplement. GEO's position has no legal merit.

**B.     GEO did not timely supplement its Rule 26(a)(1) disclosures.**

GEO fails to point to any relevant legal authority to support its position that its disclosure of eleven new witnesses was timely because it occurred (five business days) before the discovery cutoff. Dkt. 357 at 10. Every case GEO cites is inapposite. *See, e.g., Oskel v. Pardee*, 2013 WL 1315736 (D. Nev. Mar. 28, 2013) (unpublished) (supplemental disclosure of two witnesses harmless because one was "non-key" and the other had already been twice deposed in the matter); *Dayton Valley Inv'rs, LLC v. Union Pac. R. Co.*, 2010 WL 3829219, at *1 (D. Nev. Sept. 24, 2010) (unpublished) (striking defendant's untimely supplemental disclosures and explaining "[t]his is not a case of supplementing prior information. It is a brazen attempt by [defendant] to bypass its discovery obligations under Rule 26(a) and (e)"); *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243-44 (D. Nev. 2017) (denying motion to exclude because "the matter [was] insufficiently developed to enable a proper determination on the merits"); *See Intel Corp. v. VIA Techs., Inc.*, 204 F.R.D. 450, 451 (N.D. Cal. 2001) (denying a motion to strike a declaration submitted in support of summary judgment because the witness's identity had been properly disclosed a month earlier).

---

[1] GEO fails to provide full citations to either *Hernandez-Torres* or *Diaz-Garcia*; Plaintiffs do so here for ease of reference of the Court.

3

PLAINTIFFS' REPLY IN SUPPORT OF                                              5:17-cv-02514-JGB-SHK
MOTION TO STRIKE GEO'S THIRD SUPPLEMENT
TO INITIAL DISCLOSURES

GEO cites *LaPoint v. Petsmart Inc.*, 2008 WL 6088037 (D. Ariz. Nov. 19, 2008) (unpublished) for its assertion that disclosures made after the close of discovery "have been deemed timely." Dkt. 357 at 10. But there, the District of Arizona denied the plaintiff's motion to strike expert testimony because the plaintiff "has stipulated to the fact that the identity of Dr. Brown was timely disclosed." 2008 WL 6088037, at *3. In its brief, GEO omits this key fact from its discussion of *LaPoint. See* Dkt. 357 at 11 (replacing the quoted language with an ellipses).

GEO's reliance on *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (unpublished) is similarly misplaced. In that case, the plaintiff timely served a "preliminary" expert declaration containing detailed information about an expert's background and expertise, a copy of his curriculum vitae, a list of representative cases in which he had testified, a listing of the materials reviewed in support of his declaration, and a statement of his scope of work for this case. *Id.* at 713. The plaintiff later disclosed a "supplemental" expert declaration that fully satisfied Rule 26(a)(2)(B), more than three weeks before the cut-off date for expert discovery and more than seven months before the date set for trial. *Id.* The expert was permitted to testify at trial because his preliminary declaration was timely disclosed—a fact the parties did not dispute. *Id.*

Here, in contrast, there can be no principled argument that GEO's disclosure of eleven new witnesses only five business days before the close of discovery was "timely." Indeed, it is not possible to conduct eleven depositions, each lasting up to seven hours, over the course of only five business days. GEO's disclosures were clearly untimely.

**C.   GEO's failure to timely supplement its Rule 26(a)(1) disclosures was not substantially justified.**

GEO contends that its untimely disclosures were "substantially justified" because the witnesses were referenced in GEO's documents and that Plaintiffs are somehow to blame for GEO's apparent failure to recognize that the company's compliance with the PBNDS is at issue in this litigation. GEO's position lacks both factual and legal support.

Plaintiffs were not "already on notice" of GEO's eleven—now twelve—new witnesses. Dkt. 357 at 13. GEO cites no authority for its position that reference to an individual "within the document productions in this case" constitutes a sufficient Rule 26 disclosure. *Id.* Indeed, GEO does not even attempt to indicate which "document productions" it believes satisfy its Rule 26 obligations. Nor can it, because the law supports the opposite conclusion. *See Ollier v. Sweetwater Union High School District*, 768 F.3d 843, 863 (9th Cir. 2014) ("[A] passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure requirements."); *Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.*, 2014 WL 12586105, at *17-18 (C.D. Cal. Jan. 3, 2018) (failure to disclose witnesses was not harmless when the witnesses were disclosed in documents with many other names and the context was not always clear); *Tobias v. City of Los Angeles*, 2018 WL 9669923, at *5-6 (C.D. Cal. Dec. 7, 2018) (excluding witnesses because "Defendants do not cite to any other documents, declarations, or depositions in which they were identified in a way that would make it clear that they were likely to be called at trial"); *Shimozono v. May Dep't Stores Co.*, 2002 WL 34373490, at *18 (C.D. Cal. Nov. 20, 2002) ("The court is inclined to reject Defendant's argument that because a document or two among many alerted [plaintiff] to the existence of a person, this complied with the rules of disclosure of potential witness.").

GEO next represents that it was unaware that Plaintiffs intend to rely on the testimony of Dr. Margo Schlanger, and that this somehow excuses GEO's untimely disclosures. Dkt. 357 at 13-14 ("[O]n August 17, 2020, GEO for the first time learned that Plaintiffs intend to rely upon the testimony of Margo Schlanger at trial."). Even if this argument had any logical basis, GEO's basic factual premise is demonstrably false: **Plaintiffs disclosed Dr. Schlanger as a witness on February 18, 2020**. Wright Decl. at Ex. B. By the same token, GEO's representation that it could not know that compliance with the PBNDS is an issue in this litigation is belied by even a cursory

review of the docket. *See Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) ("A party is not excused from making its disclosures because it has not fully investigated the case.").

### D. GEO's untimely disclosures were not harmless.

GEO argues, again, that it believes it had no duty to supplement its disclosures because, GEO claims, the new witnesses were "previously known to Plaintiffs." Dkt. 357 at 16; *see also id.* (noting that "one of the emails produced" contained Pamela Spagnuolo's name and email address); *id.* at 18-19 (stating that Plaintiffs should have been on notice of the new witnesses because "GEO has produced numerous documents" or "emails" identifying some of them).

But a faulty premise is not strengthened through repetition. GEO's own legal research demonstrates that its argument "is predicated on an incomplete reading of Rule 26(a)(1)(A)(i) and would effectively undermine the very purpose for initial disclosures." *Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659 (D. Colo. 2015) (granting motion to strike a witness who was identified during the discovery process but who was not properly and timely disclosed pursuant to Fed. R. Civ. P. 26(a)(1) and (e)). *See also In re Questcor Sec. Litig.*, 2015 WL 12720319, at *2 (C.D. Cal. Feb. 24, 2015) (Rosenbluth, M.J.) (report and recommendation observing that sanctions were warranted against the party which "[has] repeatedly tried to delay doing what they didn't want to, despite court orders that they must. Along the way, they have apparently engaged in delaying tactics and have not always complied with the Court's deadlines or rules. They also have said things they apparently didn't mean."); *Leon v. ExxonMobil Ref. & Supply Co.*, 2009 WL 10672343, at *3 (C.D. Cal. Feb. 4, 2009) (declining to issue terminating sanctions against a *pro se* plaintiff without first providing a clear order warning of the possible results of his failure to comply with his discovery obligations); *Prejean v. Lynwood Unified Sch. Dist.*, 2008 WL 5115246, at *2 (C.D. Cal. Dec. 3, 2008) (declining to issue terminating

sanctions against a plaintiff where the defendants failed to timely seek court intervention, but ordering the plaintiff ).

### E. Plaintiffs have complied with the conferral requirements of the local rules.

Plaintiffs have fully complied with all conferral requirements set forth in the local rules. The instant motion, for instance, was preceded by a telephone conversation on September 6, 2020—two days after GEO disclosed its new witnesses—with GEO's then-lead counsel, Michael Gallion and David Van Pelt of Akerman LLP. Wright Decl. at Ex. C (email summarizing telephonic conference). GEO's allegations to the contrary are demonstrably false. And GEO points to no legal authority to support its position that a new conferral is required every time GEO rotates through new lead counsel, as has occurred at least eight times already.

## CONCLUSION

For the reasons stated above, and in their Motion to Strike, Dkt. 344, Plaintiffs respectfully request that the Court grant their Motion and exclude the testimony of any witness disclosed in GEO's Third Supplement to Initial Disclosures who cannot reasonably be deposed within the current discovery period or for whom GEO fails to timely produce written discovery.

Dated: October 26, 2020                    Respectfully submitted,

*/s/ Lydia A. Wright*
Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

| | |
|---|---|
| 1 | Warren Burns (admitted *pro hac vice*) |
| 2 | wburns@burnscharest.com |
| | TX Bar # 24053119 |
| 3 | Daniel H. Charest (admitted *pro hac vice*) |
| 4 | dcharest@burnscharest.com |
| | TX Bar # 24057803 |
| 5 | Will Thompson (CA Bar # 289012) |
| 6 | wthompson@burnscharest.com |
| | E. Lawrence Vincent (admitted *pro hac vice*) |
| 7 | lvincent@burnscharest.com |
| | TX Bar # 20585590 |
| 8 | Mallory Biblo (admitted *pro hac vice*) |
| 9 | mbiblo@burnscharest.com |
| | TX Bar # 24087165 |
| 10 | **BURNS CHAREST LLP** |
| 11 | 900 Jackson St., Suite 500 |
| | Dallas, Texas 75202 |
| 12 | Telephone: (469) 904-4550 |
| 13 | Facsimile: (469) 444-5002 |
| 14 | |
| | R. Andrew Free (admitted *pro hac vice*) |
| 15 | andrew@immigrantcivilrights.com |
| | TN Bar # 030513 |
| 16 | **LAW OFFICE OF R. ANDREW FREE** |
| 17 | P.O. Box 90568 |
| | Nashville, TN 37209 |
| 18 | Telephone: (844) 321-3221 |
| 19 | Facsimile: (615) 829-8959 |
| 20 | |
| | Nicole Ramos (admitted *pro hac vice*) |
| 21 | nicole@alotrolado.org |
| | NY Bar # 4660445 |
| 22 | **AL OTRO LADO** |
| 23 | 511 E. San Ysidro Blvd., # 333 |
| | San Ysidro, CA 92173 |
| 24 | Telephone: (619) 786-4866 |
| 25 | |
| | Robert Ahdoot (CA Bar # 172098) |
| 26 | rahdoot@ahdootwolfson.com |
| 27 | Tina Wolfson (CA Bar # 174806) |
| | twolfson@ahdootwolfson.com |
| 28 | Theodore W Maya (CA Bar # 223242) |

8

PLAINTIFFS' REPLY IN SUPPORT OF                                            5:17-cv-02514-JGB-SHK
MOTION TO STRIKE GEO'S THIRD SUPPLEMENT
TO INITIAL DISCLOSURES

tmaya@ahdootwolfson.com
Alex R. Straus (CA Bar # 321366)
astraus@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585

*Class Counsel*

# CERTIFICATE OF SERVICE

I, Lydia A. Wright, electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

Dated: October 26, 2020

*/s/ Lydia Wright*
Lydia A. Wright (admitted *pro hac vice*)
lwright@burnscharest.com
LA Bar # 37926
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765