**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 688-9500
Facsimile:   (213) 627-6342
Email:   alicia.hou@akerman.com
Email:   ellen.robbins@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone:   (305) 374-5600
Facsimile:   (305) 374-5095
Email:   lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:   (303) 260-7712
Facsimile:   (303) 260-7714
Email:   colin.barnacle@akerman.com
Email:   adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>                Plaintiff,<br>    vs.<br><br>THE GEO GROUP, INC.,<br><br>                Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO EXCEED DEPOSITION LIMIT** |

| | |
|---|---|
| THE GEO GROUP, INC., <br><br>    Counter-Claimant, <br><br>vs. <br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated, <br><br>    Counter-Defendant. | TAC Filed: September 16, 2019 <br> SAC Filed: December 24, 2018 <br> FAC Filed: July 6, 2018 <br> Complaint Filed: December 19, 2017 <br> Trial Date: February 2, 2021 |

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Defendant The GEO Group, Inc. ("GEO") hereby opposes Plaintiffs' *Ex Parte* Application to Exceed Deposition Limit ("Application") as set forth below.

## I. BACKGROUND

On July 17, 2020, the parties agreed to increase the deposition limit in this case to fifteen depositions per party. (ECF 280.) Plaintiffs have taken fourteen depositions, and now seek to further increase the limit to accommodate *twelve additional depositions*. (Declaration of Ellen S. Robbins (**Robbins Decl**.) ¶ 3.) On September 4, 2020, GEO served its Third Supplement to Initial Disclosures (Robbins Decl. ¶ 4), a mere two days after Plaintiffs served their Tenth Supplement to Initial Disclosures (Robbins Decl. ¶ 5), in which GEO identified eleven additional individuals who worked at the various GEO detention facilities, which witnesses were identified in response to Plaintiffs' disclosure on August 17, 2020 of an expert witness who was going to opine on GEO's compliance with the PBNDS. At no time prior to the September 14, 2020 discovery cutoff did Plaintiffs request to depose any of these individuals. (Robbins Decl., ¶ 6.)

On October 7, 2020, Plaintiffs filed a Motion to Strike GEO's Third Supplement to Initial Disclosures ("Motion to Strike"), arguing that these witnesses should be precluded from testifying at trial since Plaintiffs were purportedly prejudiced by not having the opportunity to take their depositions.[1] (ECF 344.) Since the filing of the Motion to Strike, the Court extended the discovery cutoff to November 23, 2020. (ECF 354.)

Plaintiffs requested that GEO provide deposition dates for these individuals for the first time on October 20, 2020, and GEO is working on obtaining deposition dates. (Robbins Decl., ¶ 7.) On that same date, Plaintiffs requested that GEO agree to permit Plaintiffs additional depositions beyond the 15 deposition limit to accommodate the

---

[1] In addition to the fact that at no time prior to the close of discovery did Plaintiffs request the depositions of these individuals, plaintiffs opposed GEO's efforts to extend the fact discovery cutoff, which has since been extended by the Court until November 23, 2020. GEO's position with respect to the Motion to Strike is set forth more fully in GEO's Opposition to Plaintiffs' Motion to Strike Third Supplement to Initial Disclosures. (ECF 357.)

1  depositions of these individuals. (Robbins Decl., ¶ 8.) GEO agreed to do so, but
2  requested that in exchange Plaintiffs agree to produce one of their identified
3  witnesses, Fernando Munoz Aguilera, for deposition.[2] (*Id.*) GEO also requested that
4  Plaintiffs withdraw their Motion to Strike since they were now going to have the
5  opportunity to depose the individuals identified in the Third Supplement. (*Id.*)
6  Initially, GEO suggested that the parties limit the length of each deposition to
7  accommodate the limited time remaining in discovery and acknowledging that each of
8  the witnesses' information is limited to a single claim at issue. Plaintiffs summarily
9  stated this was not acceptable. (*Id.*) Accepting Plaintiffs' position, GEO agreed to
10 provide the witnesses for the full time permitted under the Federal Rules. (*Id.*)
11 However, Plaintiffs refused to agree to produce Mr. Aguilera or to withdraw their
12 Motion to Strike. (Robbins Decl., ¶ 9.) As a result, the parties were not able to agree
13 on a Stipulation,[3] and Plaintiffs filed this Application.

## II. ARGUMENT

Plaintiffs mischaracterize GEO's position when they state, "GEO would not agree to a stipulation without imposing unrelated and unnecessary conditions, including that Plaintiffs withdraw their pending Motion to Strike GEO's Third Supplement to Initial Disclosures." (ECF 360 at 2:20-22.) As explained further below, GEO did not impose "unrelated and unnecessary conditions," in exchange to stipulate to further depositions, but instead requested that Plaintiffs agree to reasonable propositions in the furtherance of judicial economy.

GEO requests the Court deny Plaintiffs' *Ex Parte* application, which places **no limit** on the number of depositions Plaintiffs may take, by limiting the number of depositions the Plaintiffs may take to the eleven witnesses identified in GEO's Third

---

[2] GEO has requested Plaintiffs produce Mr. Aguilera previously in this litigation, but Plaintiffs previously stated it was GEO's obligation to get permission from ICE to make him available for his deposition. (Robbins Dec., ¶ 10.) This is not so. Plaintiffs must produce Mr. Aguilera for a deposition as he is their witness.

[3] The first time that the parties had a substantive discussion and conferral regarding this issue was at 10:30 a.m. Pacific time on October 23, 2020. (Robbins Decl., ¶ 11.) At the conclusion of that call, Plaintiffs advised that they would proceed with the Application unless GEO agreed to their version of the Stipulation by noon Pacific time -*i.e.,* approximately one hour after the call concluded. (*Id.*).

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO EXCEED DEPOSITION LIMITS**

Supplemental Disclosures, conditioned upon the Court's denial of Plaintiffs' Motion to Strike. In addition, GEO requests that the Court place reasonable time limits on the depositions given the limited time remaining in discovery, limiting any depositions to no more than five hours each.

### 1. GEO Agreed to Produce the Additional Witnesses for Deposition

GEO has already **agreed** to produce for deposition the 11[4] additional witnesses identified in GEO's Third Supplemental Initial Disclosures. GEO has also advised Plaintiffs several times it is working to obtain dates from the witnesses to be deposed prior to the November 23, 2020, discovery cutoff. Plaintiffs' suggestions to the contrary are false.

### 2. GEO's Agreement Renders Plaintiffs' Motion to Strike Moot

Plaintiffs' pending Motion to Strike GEO's Third Supplemental Disclosures complains that Plaintiffs were prejudiced by GEO's "late" disclosure because they were not given an opportunity to depose the subject witnesses. In light of GEO's agreement to produce the additional witnesses, Plaintiffs' Motion is moot. GEO requested Plaintiffs withdraw their pending Motion in consideration of GEO stipulating that Plaintiffs can take more than double the amount of depositions that are permitted under the Fed. R. Civ. P., but Plaintiffs refused without any reasonable basis.[5]

### 3. GEO's Request for Deposition of Plaintiffs' Witness

During the stipulation conferral process, given that GEO was agreeing to produce the 11 witnesses identified in the Third Supplement, GEO reasonably

---

[4] Ronald Warren, who was listed in GEO's Third Supplement to Initial Disclosures, is now in a different position at GEO. (Robbins Decl., ¶ 12). Accordingly, GEO offered to substitute the deposition of his replacement, Daniel Greenawalt, but Plaintiffs rejected this proposal and demanded to take the depositions of both individuals. (*Id.*).

[5] Plaintiffs argue they will not withdraw the Motion because "GEO has not provided deposition dates or documents for the Witnesses Plaintiffs seek to depose." (ECF 360 2:22-24.) Again, GEO has advised Plaintiffs it is diligently obtaining dates for each of the 12 witnesses. Further, GEO has produced **all** responsive documents to Plaintiffs' RFPs and there is no basis for GEO to conduct further searches in response to Plaintiffs' arbitrary demand. Indeed, Plaintiffs' Motion to Strike does not even address any alleged deficiencies in GEO's document production, nor, significantly, were any deficiencies relating to these individuals identified in plaintiffs' discovery motion filed September 30, 2020.

requested Plaintiffs include in the stipulation a provision agreeing to produce for deposition *one* of their identified witnesses, Fernando Munoz Aguilera, who had not been produced for deposition before the prior discovery cutoff despite GEO's timely request. Plaintiffs refused. Plaintiffs' argument that GEO's request for Plaintiffs to produce Mr. Aguilera is an "unrelated and unnecessary condition" is misplaced.

### III. CONCLUSION

In light of the foregoing, GEO respectfully requests that this Court deny Plaintiffs' *Ex Parte* Application, which does not place *any* limits on the additional depositions that Plaintiffs may take, and instead permit Plaintiffs to take only the depositions of the 11 additional witnesses identified in GEO's Third Supplement to Initial Disclosures, conditioned upon the Court's denial of Plaintiffs' Motion to Strike. In addition, GEO requests that the Court place reasonable time limits on the depositions given the limited time remaining in discovery, limiting any depositions to no more than five hours each.

Dated: October 26, 2020

**AKERMAN LLP**

By: */s/ Ellen S. Robbins*
    Ellen S. Robbins
    Alicia Y. Hou
    Adrienne Scheffey
    Attorneys for Defendant
    THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342