**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:  (213) 688-9500
Facsimile:  (213) 627-6342
Email:  alicia.hou@akerman.com
Email:  ellen.robbins@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone:  (305) 374-5600
Facsimile:  (305) 374-5095
Email:  lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:  (303) 260-7714
Email:  colin.barnacle@akerman.com
Email:  adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>Assigned to Hon. Jesus G. Bernal<br><br>**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF SERENA MORONES** |

| | |
|---|---|
| 1 | THE GEO GROUP, INC., |
| 2 | Counter-Claimant, |
| | vs. |
| 3 | RAUL NOVOA, JAIME CAMPOS |
| 4 | FUENTES, ABDIAZIZ KARIM, and |
| 5 | RAMON MANCIA, individually and on behalf of all others similarly situated, |
| 6 | Counter-Defendant. |

| TAC Filed: | September 16, 2019 |
|---|---|
| SAC Filed: | December 24, 2018 |
| FAC Filed: | July 6, 2018 |
| Complaint Filed: | December 19, 2017 |
| Trial Date: | March 30, 2021 |

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No. 5:17-cv-02514-JGB-SHKx

DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF SERENA MORONES

55125480;2

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant The GEO Group, Inc. ("GEO"), by and through the undersigned counsel, hereby respectfully submits this Opposition to Plaintiffs' Motion to Exclude Testimony of Serena Morones ("Opposition"). This Opposition is based upon this Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

Dated: October 26, 2020

AKERMAN LLP

By:  /s/ Ellen S. Robbins
Ellen S. Robbins
Alicia Y. Hou
Adrienne Scheffey
Attorneys for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs' effort to strike and/or exclude the opinion of GEO's rebuttal expert Serena Morones is an attempt to challenge the substantive conclusions of her report, not the methodology, scientific validity or reliability of the manner in which she reached those conclusions.  Plaintiffs **admit** that Ms. Morones identified legitimate calculation errors in at least one of their expert reports, leading their expert to issue an amended report. (Declaration of Ellen S. Robbins ¶ 4 (hereinafter "**Robbins Decl.**")). This alone warrants the Court's denial of Plaintiffs' Motion to Exclude Ms. Morones as GEO's rebuttal expert.  Even beyond this fatal admission, the Motion fails on the merits.

Plaintiffs preliminarily argue that Ms. Morones should be stricken because GEO failed to provide the Nickerson report, the amended Nickerson report, and the material underlying the Nickerson Report, as if Ms. Morones relied upon all such materials in reaching her opinion. While she did not, GEO disclosed **all** of the relevant Nickerson material anyway *prior to her deposition*; thus Plaintiffs' initial argument is moot.

Plaintiffs next argue that Ms. Morones must be excluded under *Daubert* principles because (**1**) her opinions are purportedly based on an "unblinking" reliance on information provided by GEO's counsel and are therefore not "reliable;" and (**2**) she merely weighs the efficacy of evidence relied upon by Plaintiffs' damages experts so her opinions are therefore not "relevant." These arguments also fail as Ms. Morones' opinions are well supported. Further, any criticisms do not meet the standards required to exclude experts under *Daubert*. As an expert in the field of damage analysis and forensic accounting within the context of complex litigation, Ms. Morones is qualified to provide expert testimony in this matter.  Plaintiffs' Motion should be denied.

## II.   RELEVANT BACKGROUND

### A.   Ms. Morones' Qualifications

Ms. Morones is the owner and founder of Morones Analytics, LLC, a Portland, Oregon based firm which specializes in damage analysis for litigation and business valuation. *See* ECF 355-3 at 5. Ms. Morones has more than *30 years of accounting experience*, which includes *24 years specializing in analyzing commercial damages*, conducting forensic accounting investigations and performing business valuations. *Id.*

Ms. Morones is a Certified Public Accountant licensed in Oregon and has received two professional designations in business valuation: the Accredited Senior Appraiser (ASA) designation from the American Society of Appraisers and the Accredited in Business Valuation (ABV) credential from the American Institute of Certified Public Accountants. *Id.* Ms. Morones is also a Certified Fraud Examiner and holds membership in the Association of Certified Fraud Examiners, the American Institute of CPAs, the Oregon Society of CPAs, and the American Society of Appraisers and the Licensing Executives Society. *Id.*

Ms. Morones graduated Cum Laude from the University of Oregon with a Bachelor of Arts in Accounting and earned a Master of Taxation degree from Portland State University. *Id.* at 26. Additionally, Ms. Morones has previously been qualified as an expert in damage assessment matters in federal and state courts, as well as arbitrations in several states. *Id.* at 5. Likewise, other federal courts have denied *Daubert* challenges to Ms. Morones' prior expert reports, finding her qualifications more than adequate to form the basis for expert testimony as to damages calculations. *See e.g., Wanke Cascade Distribution Ltd. v. Forbo Flooring, Inc.*, No. 3:13-CV-768-AC, 2017 WL 1837862, at *4 (D. Or. May 4, 2017).

### B.   Ms. Morones' Opinions

Ms. Morones was retained by GEO to rebut the opinions of Plaintiffs' damages experts, Michael Childers and Jody Bland. (Robbins Decl. at ¶ 3). While Plaintiffs

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF SERENA MORONES**

55125480;2

misrepresent that Ms. Morones only reaches four opinions[1] in her report, Ms. Morones actually reaches several opinions as set forth below:

**Rebuttal of Jody Bland**

    1.      Lack of sufficient calculation details.

    2.      Inadequate support for shift length assumptions.

    3.      Inadequate support for job mixture assumptions.

    4.      Incorrect recreation and kitchen services assumptions.

**Rebuttal of Michael Childers**

    1.      Inadequate support for hours.

    2.      Inaccurate 2011 hours.

    3.      Inaccurate subcontractor scenario calculations.

    4.      Inaccurate employee scenario wage & benefits rates.

*See* ECF 355-3.

## II.    LEGAL STANDARD

Under the Federal Rules of Evidence, a witness may qualify as an expert through "knowledge, skill, experience, training, or education." Fed. R. Evid. 702; *see also Cooper-Harris v. United States*, No. 212CV00887CBMAJWX, 2013 WL 12125527, at *1 (C.D. Cal. Feb. 8, 2013). "The fields of knowledge which may be drawn upon are not limited merely to the 'scientific' and 'technical' but extend to all 'specialized' knowledge." *Butler v. Home Depot, Inc.*, 984 F. Supp. 1257, 1261 (N.D.

---

[1] Plaintiffs reductively summarize Ms. Morones' opinions as follows: "a) 'Mr. Bland may have failed to reduce his damages for the actual amounts paid to detainees.' Id. at ¶ 23; b) Bland relies on 'limited sources' regarding detainee jobs and shift lengths, and in particular fails to consider assumptions disclosed by an expert in a different case against GEO. Id. at ¶¶ 25-31; c) 'Mr. Childers may have extrapolated the four months of data over the full year of 2011, despite the damage period beginning in May 2011 for the Forced Labor Class.' Id. at ¶ 50; and d) Childers' disgorgement analysis improperly relies on data from the Bureau of Labor and Statistics, instead of wage rates reflected in wage determination schedules issued by the Department of Labor. *Id.* at ¶ 56." (ECF 355 at 2-3).

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No. 5:17-cv-02514-JGB-SHKx
**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF SERENA MORONES**

55125480;2

Cal. 1997) (quoting advisory committee notes in Rule 702). "[I]n considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000).

Once a court determines an expert is qualified to testify, the court must conduct "a preliminary assessment of whether the reasoning or methodology underlying the testimony is ... valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *United States v. Freeman*, 498 F.3d 893, 901 (9th Cir. 2007) (*quoting Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)). The proponent of expert testimony bears the burden of establishing by a preponderance of the evidence that the testimony is admissible, but "[a] review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 (advisory committee notes, 2000 amendments); *see also Jacques v. Clean-Up Grp., Inc.*, 96 F.3d 506, 516 (1st Cir. 1996) (exclusionary rules are "liberal" and "relevant evidence generally is admitted").

"To be admissible, expert testimony must (1) address an issue beyond the common knowledge of the average layman, (2) be presented by a witness having sufficient expertise, and (3) assert a reasonable opinion given the state of the pertinent art or scientific knowledge." *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir.), *opinion amended on denial of reh'g*, 246 F.3d 1150 (9th Cir. 2001). The fact that an expert's opinion may represent a minority view is best resolved through the adversary procedures of trial, not pretrial exclusion. *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1318 n.11 (9th Cir. 1995) ("Of course, the fact that one party's experts use a methodology accepted by only a minority of scientists would be a proper basis for impeachment at trial").

In connection with rebuttal experts, "[t]he critical question is whether the report and its opinions solely rebut or contradict the opinions of Plaintiffs' experts." *Estate of Goldberg v. Goss-Jewett Co., Inc.,* No. 514CV01872DSFAFMX, 2019 WL

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

8227387, at *2 (C.D. Cal. Oct. 29, 2019). "Rebuttal testimony 'is intended solely to contradict or rebut evidence on the same subject matter identified by another party.'" *Rodriguez v. Walt Disney Parks & Resorts U.S., Inc.*, No. 817CV01314JLSJDEX, 2018 WL 3532906, at *1 (C.D. Cal. July 2, 2018). "Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report." *Nunez v. Harper*, No. 2:13-CV-00392-GMN, 2014 WL 979933, at *1 (D. Nev. Mar. 12, 2014), *order clarified,* No. 2:13-CV-0392-GMN-NJK, 2014 WL 2808982 (D. Nev. June 20, 2014); *see also Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 635–36 (D. Haw. 2008) ("Rule 26(a)(2)(C) defines rebuttal experts as presenting evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness…").

## III.   ARGUMENT

### A.   GEO has complied with Rule 26(a)(2)(B)

As a preliminary matter, Plaintiffs' assertion that GEO has failed to comply with its disclosure requirements under Rule 26(a)(2)(B) is incorrect. Under Rule 26, in addition to an expert report, an expert witness must disclose all "facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(ii); *see also Ford v. Saul*, 950 F.3d 1141, 1158 (9th Cir. 2020) ("an expert witness must produce all data she has considered in reaching her conclusions.")

Here, Plaintiffs' assertion that GEO's expert offers her conclusions "based on material which GEO has refused to produce to Plaintiffs" is a complete misrepresentation. ECF 355-1. GEO has produced every single document upon which Ms. Morones relied in preparing her opinion. (Robbins Decl. ¶ 5). While Plaintiffs decry the fact that Nickerson's Amended Report was not included with Ms. Morones' Report and supporting materials produced to Plaintiffs on August 31, 2020, following a hearing about this very issue, GEO produced the Nickerson report cited in Ms. Morones' Report on September 10, 2020. Thereafter, in an abundance of caution, GEO produced an additional Nickerson Report, not cited in Ms. Morones' Report, on

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

September 21, 2020. (Robbins Decl. ¶¶ 6-7). GEO fully complied with Rule 26 and Magistrate Judge Kewalramani's Order. *See* ECF 315. Plaintiffs never challenged the order within the fourteen days allotted in Fed. R. Civ. P. 72(a). Plaintiffs' motion is nothing more than an improper attempt to get a second bite at the apple here on an issue previously raised and resolved in this case. Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."). Accordingly, GEO has complied with all of its disclosure obligations and Rule 26 therefore serves as no basis to exclude Ms. Morones' testimony.[2]

Moreover, Plaintiffs wholly mischaracterize the effect of the Nickerson materials on Ms. Morones' report. Ms. Morones stated at her deposition that her knowledge that the expert for the State of Washington relied upon a dramatically lower shift length as an assumption in calculating possible lost wages in a case seeking to determine whether detainees are "employees" (the same issue in this case) was a "useful comparison" in the present case where the expert had assumed a much higher average shift length. *See* ECF 355-4 at 51 (Morones Dep. 196:10-21). In other words, Ms. Morones was not relying on the Nickerson report's substantive data to reach a substantive damages calculation; she was merely using one expert's conclusion in a similarly-situated lawsuit (which she participated in) to demonstrate the reasonableness of Mr. Childers' assumptions. Indeed, even absent a citation in her Report, Plaintiffs would have inevitably reached the issue of her prior expert experience which included providing a rebuttal report to the *Nickerson* opinion. Accordingly, Plaintiffs overstate the importance of the Nickerson materials to Ms. Morones' report. Indeed, Ms. Morones testified on cross-examination that her substantive opinions would not change even if she were to disregard the Nickerson

---

[2] Further, during the October 2, 2020 hearing on discovery motions, despite the fact that GEO raised issues regarding Plaintiffs' compliance with Rule 26(a)(2)(B), Plaintiffs failed to raise *any issues* regarding GEO's alleged failure to comply with respect to Ms. Morones. That Plaintiffs are raising the issue for the first time in their Motion to Exclude is improper.

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF SERENA MORONES**

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

55125480;2

1   Report. *See* ECF 355-4 at 79 (Morones Dep. 307:14-308:4). Indeed, because the issue

2   of shift length was not the only critique of Mr. Childers' assumptions, even if Ms.

3   Morones was precluded from discussing the Nickerson Report, she would still be a

4   qualified and reliable rebuttal expert.

5           In any event, to the extent that Plaintiffs argue that Ms. Morones' testimony

6   should be excluded in its entirety because the Nickerson Report was produced *after* a

7   discovery hearing and not with Ms. Morones' initial report, their argument is without

8   merit. "An expert may testify to matter beyond the scope of her initial report if there is

9   little or no prejudice or surprise to the opposing party, any such prejudice or surprise

10  can be cured, and the testimony was not willful or in bad faith." *Wanke Cascade*

11  *Distribution Ltd. v. Forbo Flooring, Inc.*, No. 3:13-CV-768-AC, 2017 WL 1837862,

12  at *4 (D. Or. May 4, 2017). Here, there is no prejudice or surprise. Plaintiffs knew of

13  the opinions Ms. Morones intended to offer at the time of her initial report. Further,

14  they received the Nickerson reports *prior* to Ms. Morones' deposition. (Robbins Decl.

15  ¶ 8). And, they had the opportunity to depose Ms. Morones on the report, and in fact

16  *did* depose her on the Nickerson report. *See Toomey v. Nextel Commc'ns, Inc.,* No. C-

17  03-2887 MMC, 2004 WL 5512967, at *9 (N.D. Cal. Sept. 23, 2004) ("Harte's failure

18  to include the reasoning behind this damages calculation was harmless, however,

19  because Nextel had the opportunity to obtain Harte's explanation at his deposition, but

20  chose not to do so.").  To be clear, during the course of her deposition, Ms. Morones

21  responded to no less than *fifty* questions regarding the Nickerson report. *See* ECF 355-

22  4; *see also*   (Robbins Decl. ¶ 9). Thus, there is no basis to exclude Ms. Morones'

23  opinions as Plaintiffs obtained the relevant Nickerson Reports *prior* to deposing Ms.

24  Morones and used the same in her deposition; therefore, plaintiffs cannot establish

25  prejudice.

26          **B.    Ms. Morones is qualified to provide expert testimony in this matter**

27          Ms. Morones is qualified to offer her opinions in this matter under any

28  reasonable view of her qualifications. Ms. Morones has considerable experience

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

within the field of accounting, including *24 years* specializing in analysis of commercial damages within complex litigation. *See* ECF 355-3 at 5; *see also id.* at 26; *see also* ECF 355-4 at 8 (Morones Dep. 23:4-21) ("Forensic accounting encompasses lost earnings calculations, damage calculations, broadly within the training that the AICPA provides. For example, there's quite a bit of training on lost earnings calculations. So forensic accounting does cover concepts of damage quantification in a wide variety of categories of damage… The forensic accounting profession includes training and the development of expertise in quantifying damages for lost earnings and lost profits.").

In this case, there is a sufficient basis to demonstrate that Ms. Morones has specialized knowledge that qualifies her as an expert in this matter. *See Tardif v. City of New York*, 344 F. Supp. 3d 579, 597 (S.D.N.Y. 2018) (holding that expert's "advanced education [and] work experience qualify as specialized knowledge gained through experience, training, or education' within the meaning of Rule 702. See Fed. R. Evid. 702. Moreover, the liberal thrust of the Federal Rules of Evidence and their general approach of relaxing the traditional barriers to opinion testimony counsels in favor of admissibility.") *see also United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) ("FRE 702 works well for this type of data gathered from years of experience and special knowledge"); *see also Smolow v. Hafer*, 513 F. Supp. 2d 418, 426 (E.D. Pa. 2007) (finding an accountant was qualified as an expert to testify on subject of costs incurred by state in processing claim for confiscated property, even though he had no experience or training in area of government accounting, where accountant was certified public accountant (CPA) and certified valuation analyst (CVA) with more than twenty years of public accounting experience, serving both for-profit and non-profit entities).

Indeed, damages experts with much less experience than Ms. Morones have been admitted for similar purposes. For example, in *Toomey v. Nextel Commc'ns, Inc.*, the proffered expert did not have a "degree in economics, econometrics, or

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF SERENA MORONES**

55125480;2

1   accounting" but had "taken a variety of college and graduate-level courses in
2   mathematics, accounting, economics, and statistics." No. C-03-2887 MMC, 2004 WL
3   5512967, at *8 (N.D. Cal. Sept. 23, 2004.) He instead relied upon his employment
4   experience in accounting and valuation. *Id.* The *Toomey* court concluded that given
5   the expert's "undisputed classwork and job-related experience in mathematics,
6   accounting, forecasting, and billing, the Court cannot say that Harte is unqualified to
7   testify as an expert with respect to the general issue of damages in this action,
8   particularly since all of his relevant calculations involve simple arithmetical
9   computations based on his unchallenged expert knowledge of practices and trends in
10  the communications industry." *Id.*

11      Ms. Morones' rebuttal opinions of Plaintiffs' experts' calculations are based on
12  purely objective mathematical principles, which opinions she is qualified to offer in
13  light of her significant accounting credentials.  Importantly, Plaintiffs do not challenge
14  the mathematical principles or equations upon which she relies, instead tacitly
15  conceding they are accurate through Mr. Bland's amendments to his report which
16  appear to be made to conform with Ms. Morones methodology. Thus, Ms. Morones
17  opinions should not be excluded.

18  **C.    Ms. Morones opinions regarding the deficiencies in Plaintiffs'**
19  **damage calculations are reliable**

20      Plaintiffs' assertion that Ms. Morones relied on information provided by GEO's
21  counsel is irrelevant to the issue of reliability. As the Court stressed in *Daubert*
22  "[u]nlike an ordinary witness, see Rule 701, *an expert is permitted wide latitude to*
23  *offer opinions, including those that are not based on firsthand knowledge or*
24  *observation.*" *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993)
25  (emphasis added).  "Experts of all kinds tie observations to conclusions through the
26  use of what Judge Learned Hand called 'general truths derived from . . . specialized
27  experience.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). Moreover, as
28  emphasized within the *Daubert* opinion itself, "[t]he inquiry envisioned by Rule 702

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

9

is, we emphasize, a flexible one." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 594–95 (1993). Accordingly, Ms. Morones' opinions – based mostly in part on sheer mathematical calculations and general truths derived from specialized experience – are reliable.

In fact, as stated by the Ninth Circuit in *United States v. Sandoval-Mendoza,* an expert opinion is reliable where the underlying knowledge upon which it is based "has a reliable basis in the knowledge and experience of [the relevant] discipline." *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006); *see also Coppi v. City of Dana Point*, No. SACV111813JGBRNBX, 2014 WL 12589639, at *6 (C.D. Cal. Feb. 24, 2014) ("Expert opinion testimony is ... *reliable* if the knowledge underlying it 'has a reliable basis in the knowledge and experience of [the relevant] discipline.") Meanwhile, "[r]ebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report." *Nunez v. Harper*, No. 2:13-CV-00392-GMN, 2014 WL 979933, at *1 (D. Nev. Mar. 12, 2014), *order clarified,* No. 2:13-CV-0392-GMN-NJK, 2014 WL 2808982 (D. Nev. June 20, 2014); *see also Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 635–36 (D. Haw. 2008) ("Rule 26(a)(2)(C) defines rebuttal experts as presenting evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness…")

Here, Plaintiffs concede that Ms. Morones properly rebutted Mr. Bland's expert report by identifying significant calculation errors in the report of Plaintiffs' expert Jody Bland, even causing Mr. Bland to issue an amended report. Accordingly, Ms. Morones has demonstrated that she maintains a reliable basis in the knowledge and experience of the relevant discipline (damage calculations) by virtue of her extensive training and experience.

Plaintiffs nonetheless contend that Ms. Morones should be excluded, claiming that she relied on certain information provided by GEO's counsel without purportedly conducting an independent investigation. Plaintiffs mischaracterize Ms. Morones' testimony, her Report, as well as the applicable law. Indeed, as is clear in Ms.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

10

1    Morones' Report, she criticizes the hourly rates used by Mr. Childers (from the

2    Bureau of Labor and Statistics ("BLS")), instead finding that the Service Contract Act

3    ("SCA") schedules were more reliable, *consistent with the approach in the Bland*

4    *report.* ECF 355-3 at 21 fn. 58. Ms. Morones did not exclusively rely upon a

5    representation of counsel in selecting these rates, but instead, the rates used by Ms.

6    Morones were derived from her review of the ICE Contract Amendment. ECF 355-3

7    at 21 fn. 58; *see also* Exhibit 1. In contrast, Mr. Childers' use of the BLS rates lacked

8    any supporting evidence that those rates would be applicable to a federal contractor.

9    *Id.*

10       Rather than acknowledge that Mr. Bland's report and the ICE Contract

11   Amendment support the use of the SCA rates, Plaintiffs criticize the depth of Ms.

12   Morones' investigation into the facts, arguing that Ms. Morones should have

13   confirmed with an employee of GEO that the SCA data, as opposed to the BLS data,

14   constituted the correct wage rate. But there is no requirement that Ms. Morones seek

15   additional evidence to support her opinions when the documents are clear, as they

16   were here in the Contract Amendment. *See* Exhibit 1. Ms. Morones testified that while

17   she did not ask anyone at GEO specifically, she relied on the wage schedules based on

18   her "own review of [GEO's] contract and seeing the schedules." *See* ECF 355-4 at 24

19   (Morones Dep. 86:11-13). Plaintiffs do not explain why Ms. Morones' personal

20   review of the underlying evidence is insufficient. Nor do Plaintiffs attempt to

21   distinguish Mr. Bland's reliance upon the SCA rates from Ms. Morones reliance upon

22   the same.[3] Nor was Ms. Morones obligated to perform an exhaustive search for

23   support for Mr. Childers' conclusions. Indeed, Plaintiffs fail to identify legal authority

24   that would support their position that it is permissible for Plaintiffs' experts to rely on

25   ─────────────────

26   [3] Mr. Bland's report provides two measures of damages for each plaintiff class "[t]he
     first measure of damages is based on California Minimum Wage rates, and *the second*

27   *is based on the wages and benefits provided in Service Contract Act ('SCA') Wage*
     *Determination schedules*." *See* ECF 355-3 at 8 (citing Expert Report of Jody Bland

28   dated August 17, 2020, page 6).

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

11

BLS wage determinations (with no evidence that those rates are paid at Adelanto,) but it is apparently impermissible for Ms. Morones to rely on SCA wage determinations. In fact, as a rebuttal witness, Ms. Morones was obligated to use comparative data. *See Amos v. Makita U.S.A., Inc.*, No. 2:09-CV-01304-GMN, 2011 WL 43092, at \*2 (D. Nev. Jan. 6, 2011) ("Rebuttal expert testimony is limited to presenting evidence that 'is intended solely to contradict or rebut evidence of the same subject matter identified by an initial expert witness.'") Ms. Morones' use of these numbers to demonstrate variability between *one of* Plaintiffs' experts' data and the wage rates explicitly noted in the ICE contract (upon which Mr. Bland also relied) cannot constitute "unblinking reliance" on counsel-provided information. *See* ECF 355-4 at 80 (Morones Dep. 311:18-313:14); *see also* ECF 355-4 at 81 (Morones Dep. 315:17-20) ("I reviewed the reports and analyzed the support, checked the math, pointed out areas that I thought the support was weak or the math was incorrect").

The same analysis applies for the shift lengths and meal break data, which data Plaintiffs assert Ms. Morones should have independently verified with a GEO employee. *See* ECF 355-1 at 10. Specifically, Plaintiffs argue Ms. Morones did not "independently" corroborate certain facts related to shift lengths and meal breaks. However, clear from Ms. Morones deposition testimony is that she in fact did independently confirm the basis for her opinions. Ms. Morones relied on the scheduling materials and other evidence in this case to conclude that any five-hour shift would include a meal break. *See* ECF 355-4 at 34 (Morones Dep. 128:2-8); *see also* ECF 355-4 at 67 (Morones Dep. 258:1-260:25); *see also* ECF 355-3 at 16, fn. 48. Plaintiffs did not offer any evidence to the contrary through either their experts or at Ms. Morones' deposition. Any critique of whether that evidence was *sufficient* is an issue that can be addressed on cross-examination, but is certainly not a basis to exclude her testimony. This is exactly the type of critique that goes to the weight, not the admissibility, of expert testimony.

Plaintiffs also argue that Ms. Morones should be excluded because opinions

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF SERENA MORONES**

55125480;2

that "merely parrot the opinions of others" should be rejected as held by this Court in *Linares v. Crown Equip. Corp.*, No. EDCV161637JGBKKX, 2017 WL 10403454, at *12 (C.D. Cal. Sept. 13, 2017).  Ms. Morones does not merely parrot the opinions of others. Any argument to the contrary ignores the substance of Ms. Morones' expert report (and Plaintiffs' underlying basis for the instant motion). Ms. Morones presents evidence which directly contradicts and rebuts the opinions put forth in Mr. Bland and Mr. Childers' reports. Beyond the calculation errors that Ms. Morones identified, Ms. Morones demonstrates that Mr. Bland's calculations with respect to the California Minimum Wage Approach for the Forced Labor Class and the SCA Wage Approach for the Minimum Wage Class (as shown in Table 1 of Mr. Bland's report) were unable to be replicated using the calculation details that Bland provided. *See* ECF 355-3 at 6-7.

Similar criticisms are levied against the expert report produced by Michael Childers; for example, Ms. Morones notes that Childers provides two measures of unjust enrichment, one based on the cost of using employees in place of detainee labor, and the other based on the cost of subcontracted employees in place of detainee labor. *See* ECF 355-3 at 18. Under both measures, Ms. Morones notes that Childers' opinions were based on mathematical errors and incorrect assumptions. *See id.* at 16-19 (citing inaccuracies in the assumption underlying purported hours works by detainees, improper calculation of minimum wage rates, and inaccurate employee benefit calculations). Here, Ms. Morones' opinions (that the calculations underlying Bland's and Childers' opinions are flawed) are reliable in that the underlying knowledge upon which Ms. Morones' opinions are based has a reliable basis in the knowledge and experience of the relevant discipline – *accounting and damage computation*. *See* ECF 355-4 at 8 (Morones Dep. 22:6-24.) Accordingly, Ms. Morones' testimony is reliable and should not be excluded. *See United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006); *see also Coppi v. City of Dana Point*, No. SACV111813JGBRNBX, 2014 WL 12589639, at *6-8 (C.D. Cal. Feb. 24,

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

2014) (denying motion to exclude expert testimony where "knowledge underlying [testimony] has a reliable basis in the knowledge and experience of the relevant discipline").

A review of all of the criticisms levied against Ms. Morones make clear that it is not her methodology that Plaintiffs challenge (nor her qualifications), but rather Plaintiffs disagree with Ms. Morones' substantive opinions. Such criticisms are not a basis for a motion to exclude, but instead are best addressed through cross-examination. *See United States v. Prime*, 431 F.3d 1147, 1153 (9th Cir. 2005) ("As long as the process is generally reliable, any potential error can be brought to the attention of the jury through cross-examination and the testimony of other experts"); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010) (inquiry into whether an expert is qualified "is a flexible one. Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion"); *see also W. Air Charter, Inc. v. Schembari*, No. LACV17420JGBKSX, 2019 WL 6998769, at *4 (C.D. Cal. Jan. 11, 2019) (denying Plaintiffs' motion to exclude expert's rebuttal report, noting that "Plaintiff is free to challenge the basis of his conclusions during cross-examination").

Lastly, the cases Plaintiffs cite to are inapposite. Plaintiffs cite to *Building Indus. Ass'n of Wash. v. Wash. State Bldg. Code Council*, 683 F.3d 1144 to support their contention that Ms. Morones should be excluded because she did not conduct an independent analysis of any evidence or facts at issue. Putting aside the fact that Plaintiffs are wrong and misrepresent Ms. Morones' deposition testimony, *Building Indus.* is inapplicable here. In *Building Indus.*, the Court excluded an expert who failed to provide *any* qualifications allowing him to provide expert testimony about the accuracy of a scientific model. *Id*. at 1154. Moreover, the Court in *Building Indus.* held that the plaintiff "did not seriously" contend on appeal that its expert declaration should have even been admitted. *Id*. Unlike the disqualified expert declaration in *Building Indus.*, Ms. Morones has presented evidence demonstrating she is eminently

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

14

qualified to provide damages assessment testimony. *See* ECF 355-3 at 5; *see also id*. at 26.   Also unlike the *Building Indus*. expert, Ms. Morones has provided all of the data underlying her opinion.  *See id*. 38-59.

Plaintiffs also cite to the case *Roman v. MSL Capital, LLC*, 2019 WL 1449499, at *4 (C.D. Cal. Mar. 29, 2019) (Bernal, J.) in furtherance of their contention that Ms. Morones should be excluded because she did not state steps she took to analyze the facts of this case. In *Roman*, this Court properly excluded the testimony of an expert who failed to articulate the precise methodology he relied on to render his opinion.  *Id*. Here, Ms. Morones identifies the precise steps and accounting methodology she used to rebut the Plaintiffs' experts' reports. For example, in paragraph 35 of her expert report, Ms. Morones states:

> "in order to calculate the significance of the variance between the periods summarized in Table 4 of the Bland Report, and to demonstrate the sensitivity of Mr. Bland's analysis, I use the job type mixture from the "January-18" column of the Bland Report for the full damage period for each class. This change yields damage calculations approximately $506,000 and $1,107,000 lower than the corresponding damage conclusions reached by Mr. Bland, as shown at Schedule 3 and summarized in the tables below."

ECF 355-3 at 14. Ms. Morones then provides evidence of her calculations in table format. See *id*. at 15. Ms. Morones offers similar articulations of her methodology for each opinion she renders. See *id*. at 17; *see also id*. at 21; *see also id.* at 22.  Indeed, based upon Ms. Morones calculations, Mr. Bland was able to replicate her calculations and address errors in his report. Thus, any suggestion that Ms. Morones is similar to the property manager expert proffered in *Roman* is unreasonable given Ms. Morones' clear articulation of the methodology she employed in rendering her rebuttal opinions.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**D.    Ms. Morones opinions regarding the deficiencies in Plaintiffs'**
**damage calculations are relevant to the issues in this action.**

The Ninth Circuit has made abundantly clear that expert testimony on monetary damages is relevant for the purposes of litigation. *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) ("Given that the judge is 'a gatekeeper, not a fact finder,' the gate could not be closed to this relevant opinion offered with sufficient foundation by one qualified to give it."); *see also Longlois v. Stratasys, Inc.*, 88 F. Supp. 3d 1058, 1064 (D. Minn. 2015) (employer's proposed expert testimony of accountant regarding hours worked admissible in employee's wage and hour action under Fair Labor Standards Act).

Here, Ms. Morones' opinion as to whether Plaintiffs' experts' opinions are adequately supported bears on whether detainees should have been compensated at a particular rate of pay under Plaintiffs' theory of the case, the average shift length, and what amount of backpay would be warranted—a  fact of consequence in this action. *See United States v. Kallin*, 50 F.3d 689, 696 (9th Cir. 1995), *as amended* (Mar. 17, 1995) (fact is of consequence in determining an action if it tends to prove a fact in issue); *see also F*ed. R. Evid. 401; *see also Huddleston v. United States*, 485 U.S. 681, 690, 108 (1988). Moreover, as the Court emphasized in *United States v. Hobson*, "[t]he test of relevancy . . .  is any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *United States v. Hobson*, 519 F.2d 765, 776 (9th Cir. 1975). Where, as here, Ms. Morones' opinions bear directly on the reliability of Plaintiffs' measure of damages, the evidence is relevant and should therefore be admitted. *See id*; *see also Jacques v. Clean-Up Grp., Inc.*, 96 F.3d 506, 516 (1st Cir. 1996) (exclusionary rules are "liberal" and "relevant evidence generally is admitted"); *see also* Fed. R. Evid. 402.

Plaintiffs' assertion that Ms. Morones "undertook no independent evaluation of any facts or evidence at all" is simply false. As previously stated, Ms. Morones

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE**
**TESTIMONY OF SERENA MORONES**

55125480;2

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

independently assessed the calculations put forth by Plaintiffs' experts, reviewed relevant evidence in this action, and determined that the final damage figures reached thereunder were flawed. *See* ECF 355-3 at 6-7; *see also* ECF 355-3 at 11 (conclusions reached by Ms. Morones based upon review of detainee shift length documents "referenced in Exhibit 1 of the Bland Report"); *see also* ECF 355-03 at 16-19 (analysis of Childers' report and supporting exhibits revealed "assumptions are inadequately supported as described in my response to the opinions of Jody"); *see also* ECF 355-4 at 42 (Morones Dep. 108:9-12) ("Based on my calculation, extrapolating from a later period, that's my calculation of what the wage determination schedule rate would be for that period"). Further, Ms. Morones reviewed dozens of documents produced in this case in order to reach her conclusions. *See* ECF 355-3 at 28-30. From there, Ms. Morones noted certain criticisms of Plaintiffs' experts based upon assumptions that were not supported by the documents. Thus, there can be no question that Ms. Morones independently assessed the facts and data.

An expert can use assumptions, inferences, and comparisons in rendering an expert or rebuttal opinion. *See Mighty Enterprises, Inc. v. She Hong Indus*. Co., 745 F. App'x 706, 709 (9th Cir. 2018) ("An expert can use assumptions, inferences, and comparisons. Such assumptions are admissible; their reliability is impeachable"); *see also United States v. Tsosie*, 791 F. Supp. 2d 1099, 1112 (D.N.M. 2011) (experts may rely on reasonable assumptions to reach the conclusions within the opinion).

Here, Ms. Morones was entitled to make assumptions *based upon the underlying documents* as to whether or not the data relied upon by Plaintiffs' experts was correct. As stated within her report, "due to the lack of sufficient detail to support Mr. Bland's calculation, I cannot conclusively determine whether he appropriately reduces his damage conclusion by the amounts paid to detainees as described in his report." *See* ECF 355-3 at 10; *see also* ECF 355-3 at 11 ("Mr. Bland assumes certain events correspond to the start and end time of a job. For example, to support the shift length of laundry workers, Mr. Bland references the activity 'Laundry Pickup' and the

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

55125480;2

activity 'Shoe & Clothing passed out to housing units' as support for the shift start and shift end times. Mr. Bland thus assumes that all laundry workers begin their work when laundry is picked up and continue working until laundry is returned. Mr. Bland does not consider that the delivery of clean laundry could take place long after the cleaning work is complete"); *see also* ECF 355-4 at 27 (Morones Dep. 99:12-23) (Bureau of Labor Statistics relied upon by Mr. Childers were less relevant than evaluation of "cost in the market" as evidenced by GEO contract showing the actual rates used). Given Ms. Morones' determination that Plaintiffs' experts' opinions were based on several assumptions that were not adequately supported by the evidence in this case, it was perfectly reasonable for her to conclude that these assumptions could be incorrect. Accordingly, Ms. Morones' opinions regarding the deficiencies in Plaintiffs' damage calculations are relevant to this action and should not be excluded.

## IV.   CONCLUSION

For the reasons discussed herein, this Court should deny Plaintiffs' Motion to Exclude the Testimony of Serena Morones as Plaintiffs have failed to put forth any legitimate bases for excluding her testimony in this action, particularly where they have conceded Ms. Morones properly identified calculation errors contained within Plaintiffs' expert reports.


Dated: October 26, 2020                              **AKERMAN LLP**

                                                     By:   /s/ *Ellen S. Robbins*
                                                           Ellen S. Robbins
                                                           Alicia Y. Hou
                                                           Adrienne Scheffey
                                                           Attorneys for Defendant
                                                           THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF SERENA MORONES**
55125480;2