**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email:   ellen.robbins@akerman.com
         alicia.hou@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email:   adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>Assigned to Hon. Jesus G. Bernal<br><br>**DECLARATION OF ELLEN ROBBINS IN RESPONSE TO PLAINTIFFS' APPLICATION TO FILE TWO EXHIBITS TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNDER SEAL** |

| | |
|---|---|
| THE GEO GROUP, INC., <br><br>                Counter-Claimant, <br><br>vs. <br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated, <br><br>                Counter-Defendant. | TAC Filed: September 16, 2019 <br>SAC Filed: December 24, 2018 <br>FAC Filed: July 6, 2018 <br>Complaint Filed: December 19, 2017 <br>Trial Date: March 30, 2021 |

## DECLARATION OF ELLEN S. ROBBINS

I, Ellen S. Robbins, hereby declare:

1. I am over the age of eighteen (18). The statements contained herein are made based on my personal knowledge and/or made to the best of my knowledge upon review of the record in this case, and if called upon to do so, I could and would competently testify thereto.

2. I am an attorney licensed to practice law in the State of California with the law firm of Akerman LLP, attorneys of record for Defendant The GEO Group, Inc. ("GEO").

3. On October 26, 2020, Plaintiffs filed their Application to File Two Exhibits to Plaintiffs' Motion for Summary Judgment Under Seal ("Application") with the Court seeking to file the following documents under seal:

    a. <u>Exhibit A to Plaintiffs' Motion for Summary Judgment</u>: GEO-Novoa_00035044-GEONovoa_00035249 (ECF 365-1, hereinafter "Bridge Contract");

    b. <u>Exhibit B to Plaintiffs' Motion for Summary Judgment</u>: GEO-Novoa_00040872-GEO_Novoa_00040885; GEO-Novoa_00041323-GEONovoa_00041368 (ECF365-2, hereinafter "Direct Contract").

1. 4. On October 15, 2020, Plaintiffs' counsel contacted GEO's counsel to confer with GEO about the possibility of making redactions to the Bridge and Direct Contracts.

2. 5. On October 16, 2020, my office notified ICE counsel of Plaintiffs' request for redactions on the Bridge and Direct Contracts. We requested ICE advise whether they would be making any redactions to the Contracts as the documents were previously designated, "Highly Confidential" and "Attorneys' Eyes Only."

3. 6. We did not receive redactions back from ICE regarding these documents until October 29, 2020.

4. 7. The Bridge Contract and Direct Contract must be filed under seal.

5. 8. The Bridge Contract and Direct Contract both include numerous references to GEO's proprietary business information as well as personally identifiable information.

6. 9. GEO's competitive standing would likely be harmed if GEO's proprietary business information, such as sensitive financial information regarding wages, costs, staffing plans, and other information related to GEO's operations were made publicly available. *See Childs v. San Diego Family Housing, LLC* (S.D. Cal., May 14, 2020, No. 19CV2329 JM (MDD)) 2020 WL 2512188, at *3 (granting motion to seal excerpts from confidential and proprietary business records); *see also Federal Trade Commission v. Qualcomm Incorporated* (N.D. Cal., Jan. 3, 2019, No. 17-CV-00220-LHK) 2019 WL 95922, at *3 ("to the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information.")

10. Additionally, third party privacy interests would likely be harmed if the personally identifiable information within the both contracts was disclosed. *See McMillan v. Chaker* (S.D. Cal., Oct. 2, 2017, No. 16CV2186-WQH-MDD) 2017 WL 4417686, at *2 (granting motion to seal where records contained "personal and confidential information... such as addresses, financial information, driver's license information, and a possible social security number"); *see also Benedict v. Hewlett-Packard Company* (N.D. Cal., July 1, 2016, No. 13-CV-00119-BLF) 2016 WL 3568922, at *2 (granting request to file documents under seal where records to be filed included personal identifiable information such as personal contact information, salary information, customer contacts, and employee data.)

11. Accordingly, there exists good cause to file the Bridge Contract and the Direct Contract under seal, or in the alternative, to file portions of the documents under seal in accordance with the redacted contracts attached hereto.

12. A redacted copy of the Bridge Contract is attached to this declaration as **Exhibit 1**.

13. A redacted copy of the Direct Contract is attached to this declaration as **Exhibit 2**.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I executed this Declaration on the 30th day of October, 2020, in Hermosa Beach, California.

*/s/ Ellen S. Robbins*
Ellen S. Robbins, Declarant