UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-2514 JGB (SHKx)** | Date | November 12, 2020 |
| Title | *Raul Novoa, et al. v. The GEO Group, Inc.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING IN PART and DENYING IN PART Plaintiffs' Motion to Strike GEO's Third Supplement to Initial Disclosures (Dkt. No. 344); (2) GRANTING IN PART Plaintiffs' Ex Parte Application to Exceed Deposition Limits (Dkt. No. 360); and (3) VACATING the November 16, 2020 Hearing (IN CHAMBERS)

   Before the Court are Plaintiffs' motion to strike Defendant's third supplement to initial disclosures ("Motion," Dkt. No. 344) and ex parte application to exceed deposition limits ("Application," Dkt. No. 360). The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion and Application, the Court GRANTS IN PART and DENIES IN PART the Motion, and GRANTS IN PART the Application. The Court vacates the hearing set for November 16, 2020.

## I.   BACKGROUND

   On August 16, 2018, GEO served its Rule 26(a)(1) Initial Disclosures on Plaintiffs.[1] Defendant supplemented its Initial Disclosures on November 4, 2019 ("First Supplement"), followed by a second supplement on August 7, 2020 ("Second Supplement"). On September 4, 2020, Defendant amended its Initial Disclosures for a third time to identify eleven new witnesses ("Third Supplement"). On that same date, Defendant moved to continue trial and pre-trial

---

[1] The Court presumes that the parties are familiar with the full history of this litigation and recites only the portions necessary to consider the Motion and Application.

dates (Dkt. No. 311), asking the Court to modify the January 8, 2020 Scheduling Order (Dkt. No. 247) which set the discovery cut-off on September 14, 2020.

Plaintiffs filed this Motion on October 7, 2020. (Mot.) Shortly thereafter, on October 9, 2020, the Court granted in part Defendant's motion to continue, and extended the discovery cut-off to November 23, 2020. (Dkt. No. 352.) Defendant filed an Opposition to the Motion on October 19, 2020. ("Opposition," Dkt. No. 357.) Plaintiffs replied on October 26, 2020. ("Reply," Dkt. No. 366.)

Plaintiffs filed the Application on October 23, 2020. (Appl.) Defendant filed an Opposition on October 26, 2020. ("Application Opposition," Dkt. No. 367.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a) requires the parties to disclose contact information of each individual "likely to have discoverable information ... that the disclosing party may use to support its claims or defenses ...." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) imposes a continuing duty on the parties to supplement this disclosure "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). "Rule 37(c)(1) gives teeth to these requirements." Yeti by Molly, Ltd., v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## III. DISCUSSION

### A. Motion to Strike

Plaintiffs seek to strike GEO's Third Supplement to its Rule 26(a)(1) Initial Disclosures, and to prohibit GEO from using any testimony or evidence disclosed therein at trial, at a hearing, or on any motion. (Mot.) In their Motion, Plaintiffs argue that GEO's Third Supplement is untimely, as it disclosed eleven new witnesses five days before the close of discovery, depriving Plaintiffs the opportunity to pursue depositions or written discovery before the discovery cut-off. (Id. at 5-6.) Plaintiffs add that their experts were forced to prepare their reports without the full scope of the new witnesses' testimony. (Id.) Defendant counters that its supplemental disclosure was timely, and that even if it were not, the delay was substantially justified and harmless, given the Court's extension of the discovery cut-off. (Opp'n.) In their Reply, Plaintiffs account for this extension by asking the Court to exclude the testimony of witnesses who cannot reasonably be deposed or for whom GEO fails to produce written discovery by the extended discovery cut-off. (Reply at 7.)

### 1. Timeliness

First, Defendant argues that its disclosure amendment was timely because it was served before the discovery cut-off. (Opp'n at 7.) The Court is not convinced that the Third Supplement was timely by virtue of being served before the discovery cut-off, and as Plaintiffs point out, Defendant's authorities do not support such a sweeping rule. Instead, while Rule 26(e) requires parties to supplement their disclosures "in a timely manner," that phrase "is not defined by the Rule, and depends on the facts and circumstances of the case." Crescenta Valley Water Dist. v. Exxon Mobil Corp., 2013 WL 12095206, at *1 (C.D. Cal. June 24, 2013). And while parties need not supplement "as each new item of information is learned[,]" they should supplement disclosures "at appropriate intervals during the discovery period." Id. (citing Fed. R. Civ. P. 26, 1993 Amendment Advisory Committee Note). Here, Defendant was aware that most of the witnesses at issue had discoverable information long before its Third Supplement was produced. Defendant itself acknowledges that it produced documents identifying these witnesses much earlier. (Opp'n at 11.) Defendant cannot both argue that it only recently determined that these witnesses had discoverable information, and that its earlier document productions put Plaintiffs on notice about these same witnesses. The Court finds that Defendant's disclosure of witnesses whose identities and discoverable information should have been readily apparent to Defendant long before its Third Supplement (or the close of discovery) was not timely.

Defendant asserts that even if the disclosure is untimely, Rule 26 does not require disclosure of prospective witnesses during the discovery period, but rather, these disclosures must be made at least 30 days before trial. (Id. at 10.) The Court disagrees. As Plaintiffs point out, Rule 26(e) requires Defendant to supplement "in a timely manner" its disclosures under Rule 26(a), including its required disclosures of individuals "likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A). (Reply at 2-3.) Defendant's obligation to disclose trial witnesses 30 days before trial has no bearing on its other disclosure obligations under Rule 26(a) and (e).

### 2. Substantially Justified Delay

Where a party fails to meet the disclosure requirements under Rule 26 (a) or (e), they may only use the witness on a motion, hearing, or trial if that failure was substantially justified or harmless. Yeti by Molly, Ltd., 259 F.3d at 1106.

Defendant argues that any delay was substantially justified because Plaintiffs were already on notice about the majority of the witnesses listed in the Third Supplement, which were previously identified in the document productions in the case.[2] (Opp'n at 11.) Under Rule 26(e), a party is not required to supplement information "that has been otherwise made known to the parties in writing or during the discovery process." See Fed. R. Civ. P. 26, 1993 Amendment

---

[2] Defendant acknowledges that Ronald Warren and Bruce Plumley were outside Plaintiffs' prior knowledge. (Opp'n at 17.)

Advisory Committee Note.  Plaintiffs reply that referencing an individual within the document productions does not constitute sufficient Rule 26 disclosure.  (Reply at 5.)  A "passing reference" in document productions to persons who could conceivably be a witness does not satisfy Defendant's disclosure requirements.  Ollier v. Sweetwater Union High Sch. Dist., 768 F.3d 843, 863 (9th Cir. 2014).  Indeed, Defendant does not identify when or where most of these witnesses were referenced, or explain how it would be clear to Plaintiffs that they had discoverable information.  Tobias v. City of Los Angeles, 2018 WL 9669923, at *6 (C.D. Cal. Dec. 7, 2018) (finding that defendants had not properly disclosed witnesses where they did not "cite to any other documents, declarations, or depositions in which they were identified in a way that would make it clear that they were likely to be called at trial").  Rather, Defendant merely indicates that witnesses Pamela Spagnuolo, Randy Tate, Ray Castro, Indalecio Ramos, and Nathan Allen were identified in e-mails or documents.  Thus, the Court finds that these witnesses were not previously appropriately disclosed, and Defendant's delay was not substantially justified.

However, the Court finds that Defendant's delay was substantially justified as to four witnesses that were sufficiently made known to Plaintiffs.  Eric Staiger submitted a declaration in this case in April 2020, and Lisa Bowen stepped into the shoes of a Facility Administrator who submitted a declaration in that role in April 2020.  (Opp'n at 16.)  Bruce Scott and Dawn Ceja were also known to Plaintiffs, as their own discovery productions in this case identified Scott and Ceja's depositions from related actions.  (Opp'n at 14-15.)  The Court therefore DENIES Plaintiffs' Motion as to these four witnesses.

   3. **Harmless Delay**

Finally, Defendant argues that any delay is harmless because given the Court's extension of the discovery cut-off, Plaintiffs have the opportunity to conduct discovery related to the witnesses at issue.  (Opp'n at 11-18.)  Defendant asserts that "[h]armlessness may be established if a disclosure is made sufficiently in advance of the discovery cut-off date to permit the opposing party to conduct discovery."  (Id. at 12 (quoting Frontline Med. Assocs., Inc. v. Coventry Health Care, 263 F.R.D. 567, 570 (C.D. Cal. 2009).)  That may be so, but the Court is not persuaded that Defendant's belated disclosure of eleven witnesses (seven of which were not previously known to Plaintiffs) was "sufficiently in advance" of that deadline to be harmless.  "Orderly procedure requires timely disclosure so that trial efforts are enhanced and efficient, and the trial process is improved."  Ollier, 768 F.3d at 862–63.  "The late disclosure of witnesses throws a wrench into the machinery of trial[,]" and while "[a] party might be able to scramble to make up for the delay, [] last-minute discovery may disrupt other plans."  Id. at 863.

Defendant notes, however, that Plaintiffs made no effort to pursue any additional discovery related to the newly disclosed witnesses before the September 14, 2020 discovery cut-off or even after the Court extended that deadline to November 23, 2020.  (Opp'n at 10.)  Indeed, Plaintiffs appear to acknowledge that they only asked Defendant for available deposition dates and responsive documents on October 20, 2020.  (Reply at 1.)  The Court agrees that Plaintiffs' delay in seeking depositions and document discovery for more than a month after

Defendant's Third Supplement was produced may undercut their argument, but this does not in itself render Defendant's untimely disclosure harmless.  As established above, while Plaintiffs may be able to "scramble to make up for [Defendant's] delay," this may be disruptive and challenging.  Ollier, 768 F.3d at 863.

Nonetheless, the Court finds that the extended discovery cut-off may remedy Defendant's untimely disclosure of at least some of the witnesses.  Recognizing this, rather than asking the Court to exclude all the witnesses, Plaintiffs' Reply modifies their request to instead "exclude the testimony of any witness … who cannot reasonably be deposed within the current discovery period or for whom GEO fails to timely produce written discovery."  (Reply at 7.)

The Court therefore GRANTS IN PART Plaintiffs' modified request as to the seven witnesses not previously made known to Plaintiffs.[3]  The parties shall make every effort to conduct the depositions and produce written discovery for these witnesses by November 23, 2020.  If discovery is not completed for any witness, the parties shall inform the Court and describe the parties' efforts to comply with this Order.

**B.  Ex Parte Application**

In light of the eleven new witnesses identified in Defendant's Third Supplement, Plaintiffs also seek an Order allowing Plaintiffs to exceed the presumptive 10 deposition limit in Fed. R. Civ. P. 30(a)(2)(A)(i) and the 15 deposition limit agreed to by the parties in their July 17, 2020 Stipulation (Dkt. No. 280).  (Appl.)  Defendant opposes the Application, to the extent it does not place any limits on the additional depositions that Plaintiffs may take.  (Appl. Opp'n.)  Defendant also requests that the Court limit the depositions to no more than five hours each.  (Id.)  The Court agrees with Defendant.  While additional depositions are appropriate, the Court will not open the floodgates to an unlimited amount of depositions.  The Court therefore GRANTS IN PART Plaintiffs' Application.  Plaintiffs may exceed the deposition limits in place by taking 11 additional depositions, limited to no more than five hours each.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion, and GRANTS IN PART Plaintiffs' Application.

**IT IS SO ORDERED.**

---

[3] These witnesses are Pamela Spagnuolo, Randy Tate, Ray Castro, Indalecio Ramos, Nathan Allen, Ronald Warren, and Bruce Plumley.