**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:  (213) 688-9500
Facsimile:   (213) 627-6342
Email:   ellen.robbins@akerman.com
Email:   alicia.hou@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone:  (305) 374-5600
Facsimile:   (305) 374-5095
Email:   lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714
Email:   colin.barnacle@akerman.com
Email:   adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>Assigned to Hon. Jesus G. Bernal<br><br>**DEFENDANT THE GEO GROUP, INC.'S MOTION TO EXCLUDE TESTIMONY OF CRAIG WILLIAM HANEY**<br><br>**Hearing Information:**<br><br>Date:  March 29, 2021<br>Time: 11:00 a.m.<br>Place: Courtroom 1<br>3470 Twelfth Street<br>Riverside, California 92501 |

| | |
|---|---|
| THE GEO GROUP, INC.,<br><br>　　　　　Counter-Claimant,<br><br>vs.<br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>　　　　　Counter-Defendant. | TAC Filed:　　September 16, 2019<br>SAC Filed:　　December 24, 2018<br>FAC Filed:　　July 6, 2018<br>Complaint Filed: December 19, 2017<br>Trial Date:　　April 13, 2021 |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No. 5:17-cv-02514-JGB-SHKx
**DEFENDANT THE GEO GROUP, INC.'S MOTION TO EXCLUDE TESTIMONY OF CRAIG WILLIAM HANEY**

56374019;2

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant The GEO Group, Inc. ("GEO"), by and through the undersigned counsel, hereby respectfully submits this Motion to Exclude Testimony of Craig William Haney. This Motion is based upon this Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

Dated: March 1, 2021

**AKERMAN LLP**

By: */s/ Ellen S. Robbins*
Ellen S. Robbins
Alicia Y. Hou
Adrienne Scheffey
Attorneys for Defendant
THE GEO GROUP, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The testimony from Plaintiffs' rebuttal expert Dr. Craig William Haney should be excluded because (**1**) Dr. Haney was retained only as a rebuttal to the already-excluded testimony of GEO's expert, Dr. Jeffrey Kropf; and (**2**) Dr. Haney lacks the relevant experience and qualifications this Court required of Dr. Kropf in its order excluding Dr. Kropf's testimony. (ECF 409.)

## II. PERTINENT FACTUAL BACKGROUND

### A. Plaintiffs designated Dr. Haney as a rebuttal expert only.

Plaintiffs retained Dr. Haney <u>solely</u> to rebut the opinion of GEO's expert, Dr Kropf. The Expert Declaration of Craig Haney confirms as much—in setting forth the scope of his declaration, Dr. Haney states in the very first paragraph that he has "been…asked by counsel for Plaintiffs…to analyze and respond to the opinions [Dr. Kropf's report] contains." (Expert Declaration of Craig Haney (**Haney Decl.** ¶ 1), attached to the Declaration of Ellen S. Robbins (**Robbins Decl**.) ¶ 4.)[1] Dr. Haney was not designated for any other purpose.

In fact, Plaintiffs' initial expert disclosures failed to identify Dr. Haney as an expert. (Robbins Decl. ¶ 5.) Plaintiffs did not disclose Dr. Haney until the rebuttal expert deadline on August 31, 2020, after the deadline for initial expert disclosures had come and gone.

### B. This Court granted Plaintiffs' Motion to Exclude GEO's expert, Dr. Kropf.

On December 18, 2020, this Court granted Plaintiffs' motion to exclude Dr. Kropf's testimony. (ECF 409.) Specifically, this Court stated, "Dr. Kropf's general

---

[1] Although in connection with the meet and conferral process Plaintiffs attempted to argue that Haney was designated to rebut an unidentified GEO argument and not solely Kropf's testimony, as Haney's report makes clear, he was expressly designated "to analyze and respond to the opinions in this matter expressed by Dr. Jeffrey Kropf." *See* Haney Decl. ¶¶ 1, 12 attached to Robbins Decl. ¶4.) Because the Court excluded Dr. Kropf, there is nothing for Dr. Haney to rebut, and accordingly, his testimony should also be precluded.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

psychology background and experience performing psychological evaluations in correctional settings do not qualify him to testify as an expert on the effects of segregation in civil immigration detention, with which he admittedly is not familiar." (ECF 409 at 4.)  To reach this conclusion, the Court considered that Dr. Kropf's opinions were based on his experience treating individuals in correctional institutions as opposed to civil detention centers, and that he did not have "an understanding of conditions of confinement at the civil immigration detention facilities at issue."  (*Id*.)

## III. LEGAL ARGUMENT

### A. Dr. Haney's testimony must be excluded because he was only retained to rebut Dr. Kropf's testimony, which testimony has been excluded.

Courts frequently exclude "rebuttal" experts where the opposing party does not offer an expert on the same topic. *See, e.g.*, *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, No. CV 15-02370 JVS, 2016 WL 7042085, at *7 (C.D. Cal. Aug. 17, 2016) (excluding portions of an expert's testimony because a party "should have submitted expert testimony on [the topic] at the deadline for initial, not rebuttal, disclosures"); *Dixon v. Legacy Transp. Sys., LLC*, No. 2:15-cv-01359-JAD-PAL, 2017 WL 3927105, at *3 (D. Nev. Sept. 6, 2017) (holding that a rebuttal expert could testify "if and only if" an opposing expert testified on the same topic); *Roger v. S. Route Mar.*, No. C12-1854-RSL, 2014 WL 12029283, at *2 (W.D. Wash. Sept. 16, 2014) (holding that the defendants' experts could not properly be considered rebuttal experts because "there was nothing to rebut"); *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 643 (D. Hawaii 2008) (holding that rebuttal experts "cannot testify unless and until the opposing parties' experts testify on the specific areas set forth in Plaintiff's rebuttal reports").

Here, there is no question Plaintiffs intended to designate Dr. Haney solely as a rebuttal expert to Dr. Kropf—they did not disclose Dr. Haney in their initial expert disclosures, they did not disclose Dr. Haney until the rebuttal expert deadline, and Dr. Haney's own expert declaration states that he was retained *solely* to "analyze and

respond" to the opinions of Dr. Kropf. (Haney Decl. ¶¶ 1, 12, attached to Robbins Decl. ¶ 4.) At deposition, when Dr. Haney was asked to summarize the opinions he was rendering in this case he answered:

> A: I was asked to read, analyze and comment on the opinions that were expressed by Dr. Kropf done both succinctly and then also at much greater length. On Page -- Paragraphs 12 and thereafter I summarized my analysis of his opinions and then -- briefly, and then later at greater length the ways and the basis upon which I disagreed with him.

(Haney Depo. at 38:19-25, attached to Robbins Decl. ¶ 6.) There thus can be no question that Dr. Haney was intended to be only a rebuttal expert to Dr. Kropf. Accordingly, because GEO is barred from introducing Dr. Kropf's testimony, there is nothing for Dr. Haney to rebut. Consequently, Dr. Haney's testimony must be excluded.

### B. Dr. Haney's testimony should also be excluded for the same reasons this Court excluded Dr. Kropf's testimony.

In granting Plaintiffs' Motion to Exclude Dr. Kropf on the basis that he lacked relevant qualifications to "offer expert opinion on the effects of segregation in civil immigration facilities," this Court considered the following factors: (**1**) Dr. Kropf's apparent lack of any expertise in the field of civil immigration detention; (**2**) Dr. Kropf's acknowledgment that he had not visited the Adelanto facility and instead based his opinions on his professional experience treating individuals at state correctional institutions; (**3**) Dr. Kropf's lack of academic or clinical experience in civil immigration detention or with the applicable regulations; and (**4**) Dr. Kropf's apparent lack of an understanding of conditions of confinement at the civil immigration detention facilities at issue. (ECF 409.)

Dr. Haney similarly lacks the relevant experience and qualifications to offer expert opinions on the effects of segregation in the subject civil immigration

facilities.[2]  Dr. Haney is a college and graduate school psychology professor who admittedly has never treated or diagnosed patients -- detainees or otherwise.  (Haney Depo. at 16:14-19, attached to Robbins Decl. ¶ 6.)  While Dr. Haney participated in one study more than 16 years ago where he set out to examine generally the "conditions of confinement in immigration facilities nationwide" (Haney Decl. ¶ 10, attached to Robbins Decl. ¶ 4), significantly, he has never visited the subject GEO facilities.  (Haney Depo. at 19:15-18; 24:22-24; 26:3-6; 62:2-5 attached to Robbins Decl. ¶ 6.)

Instead, similar to Dr. Kropf, Dr. Haney based his opinions regarding the psychological effect of segregation on his experience studying individuals in correctional institutions, not immigrant detention centers.   (Haney Depo. at 16:24-18:11; 25:4-23 attached to Robbins Decl. ¶ 6.)  Also similar to Dr. Kropf, Dr. Haney has had no "academic" and certainly no "clinical" experience in civil immigration detention or the regulations at issue here (e.g., ICE's Performance Based National Detention Standards).  (*See* Haney CV attached as Exhibit 1 to Haney Decl. at Robbins ¶ 4; *see also* Haney Depo. at 16:14-19; 93:7-13 attached to Robbins Decl. ¶ 6.)

Finally, Dr. Haney admitted at deposition he had not spoken to any detainee at the Adelanto facility nor had he reviewed any of the medical records of any detainee at the subject facilities. (Haney Depo. at 58:16-18; 92:6-11 attached to Robbins Decl. ¶ 6.)  Indeed, the list of exhaustive materials Dr. Haney reviewed to form his opinion, attached as Exhibit 3 to his report, reflect that at no time had he ever even reviewed any of the segregation records in this matter. (Exhibit 3 to Haney Decl. attached to Robbins Decl. ¶ 4.)

Dr. Haney's psychology background teaching college courses on "psychology

---

[22] By this motion, GEO stands on its arguments as to the propriety of Dr. Kropf's testimony.  But Plaintiffs cannot in good faith have it both ways by successfully moving to exclude Dr. Kropf, while continuing to seek to call Dr. Haney as a rebuttal expert.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

and the law," and experience partaking in just one study more than 16 years ago on "conditions of confinement" at immigration detention centers[3] does not qualify him to testify as an expert on the effects of segregation in civil immigration detention, with which he is not personally familiar. *See, e.g., Burrows v. BMW of N. Am., LLC,* 2018 WL 6314187, at *2 (C.D. Cal. Sept. 24, 2018) ("Calef's broad automotive background and firsthand experience, although impressive, does not qualify him to testify as an expert on all matters related to the design and function of vehicles with which he is not personally familiar. Calef is not qualified to provide expert opinions that would be helpful to the trier of fact in this case."). Nor does his clinical judgment provide "an adequate basis for an opinion on an issue foreign to his clinical practice." *Nelson v. Matrixx Initiatives*, 2012 WL 3627399, at *12 (N.D. Cal. Aug. 21, 2012), *aff'd subnom. Nelson v. Matrixx Initiatives, Inc.*, 592 F. App'x 591 (9th Cir. 2015).

Dr. Haney attempts to rebut Dr. Kropf's testimony about "the psychological effects of seventy-two (72) hours or less of segregation in a detention facility," despite having no experience of how segregation operates in civil immigration detention facilities like the ones at issue. Dr. Haney's deposition testimony makes clear that his opinions related to segregation were limited to his experience studying individuals at correctional facilities, not immigration detention facilities. (Haney Depo. at 16:24-18:11; 25:4-23 attached to Robbins Decl. ¶ 6.) And, this Court already found that experience in correctional facilities does not provide an adequate foundation to render expert testimony regarding civil detainees in this case. Because issues relating to civil detention centers are "foreign to his clinical practice[,]" Dr. Haney's testimony would be based on "the type of subjective belief and unsupported speculation that Daubert guards against." *Nelson*, 2012 WL 3627399, at *12.

---

[3] This unpublished study was done at the behest of the "Commission on International Religious Freedom" regarding "a research project that examined the treatment of asylum seekers subject to expedited removal in the United States" (Haney Depo. at 27:10-23 attached to Robbins Decl. ¶ 6.) There is no evidence this study addressed segregation, disciplinary measures or cleaning procedures – all of which are central issues in this litigation.

## IV. CONCLUSION

For the reasons discussed herein, this Court should exclude Dr. Haney's declaration and testimony in its entirety.

Dated: March 1, 2021

**AKERMAN LLP**

By: */s/ Ellen S. Robbins*
    Ellen S. Robbins
    Alicia Y. Hou
    Adrienne Scheffey
    Attorneys for Defendant
    THE GEO GROUP, INC.