**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:  (213) 688-9500
Facsimile:   (213) 627-6342
Email:   alicia.hou@akerman.com
Email:   ellen.robbins@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone:  (305) 374-5600
Facsimile:   (305) 374-5095
Email:   lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714
Email:   adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>**DEFENDANT THE GEO GROUP INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY OF PLAINTIFFS' EXPERT MARGO SCHLANGER**<br><br>**Hearing Information:**<br><br>Date:   March 29, 2021<br>Time:   11:00 a.m.<br>Place:  Courtroom 1<br>        3470 Twelfth Street<br>        Riverside, California 92501 |

| | |
|---|---|
| THE GEO GROUP, INC.,<br><br>                    Counter-Claimant,<br><br>           vs.<br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>                    Counter-Defendant. | TAC Filed:            September 16, 2019<br>SAC Filed:            December 24, 2018<br>FAC Filed:            July 6, 2018<br>Complaint Filed:   December 19, 2017<br>Trial Date:            April 13, 2021 |

*AKERMAN LLP*
*601 WEST FIFTH STREET, SUITE 300*
*LOS ANGELES, CALIFORNIA 90071*
*TEL.: (213) 688-9500 – FAX: (213) 627-6342*

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT that on March 29, 2021 at 11:00 A.M., or as soon thereafter as the matter can be heard, THE GEO GROUP, INC. ("GEO"), shall appear before the Honorable Jesus G. Bernal, in Courtroom 1 of the above-described Court, located at 3470 Twelfth Street, Riverside, California 92501-3801, and shall then and there present its Motion to Exclude Expert Testimony of Plaintiffs' Expert Margo Schlanger.

This Motion is made following a conference of counsel pursuant to L.R. 7-3 which took place February 12, 2021.

Dated: March 1, 2021            **AKERMAN LLP**

By: */s/ Ellen S. Robbins*
      Ellen S. Robbins
      Alicia Y. Hou
      Adrienne Scheffey
      Attorneys for Defendant
      THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

56472020;3      3      Case No. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY OF PLAINTIFFS' EXPERT MARGO SCHLANGER**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Ms. Schlanger, a law professor at the University of Michigan, was retained by Plaintiffs to provide a combination of impermissible opinions consisting of (i) legal conclusions that invade the province of the jury, (ii) legal opinions on contact interpretation, (iii) opinions for which she is not qualified as a witness, and (iv) lay opinions couched as expert testimony. These opinions include:

1. Immigrant detainees are held in ICE detention for civil purposes and civil immigration detention must be nonpunitive in nature.
2. GEO has contracted to comply with ICE's standards for treatment of civil immigrant detainees.
3. Immigration detainees are a vulnerable population, particularly because ICE is both their custodial authority and their prosecuting authority.
4. If proven, the GEO policies and practices documented in the record evidence I have reviewed violate the standards for treatment of civil immigrant detainees.
5. ICE's oversight of its immigration detention facilities does not reliably induce compliance with the standards for treatment of civil immigrant detainees.

Decl. of Robbins, Ex. A, Schlanger Report at ¶ 13.

As explained below, each of these opinions should be excluded. Ms. Schlanger's proffered testimony will serve only to confuse the jury by interjecting legal analysis under the guise of expert testimony. As for the opinions that do not purport to interpret GEO's contractual obligations or whether GEO satisfied those obligations, Ms. Schlanger lacks any relevant expertise. In reaching all of her non-legal conclusions, Ms. Schlanger did not rely upon specialized knowledge in her background. Likewise, her

**DEFENDANT THE GEO GROUP, INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF PLAINTIFFS' EXPERT MARGO SCHLANGER**

other opinions rely upon sweeping generalities about detained populations in general, not specialized knowledge. Accordingly, Ms. Schlanger's opinions should be excluded.

## II. LAW

Expert testimony is governed by Federal Rule of Evidence 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Interpreting Rule 702, in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993), the Supreme Court held that in cases where the testimony of a party's expert is challenged, the district court must act as a "gatekeeper" and rule on the admissibility of the expert testimony and the qualification of expert witnesses. In *Kumho Tire*, the Supreme Court extended *Daubert* and held that Rule 702 applies to all expert testimony, not just "scientific expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Admissibility is established by satisfying the two-prong test introduced in *Daubert*: expert testimony must be both (1) reliable and (2) relevant to the case. *Id.*; *Daubert*, 509 U.S. at 592 n.10. The party seeking admission of expert testimony bears the burden of establishing its admissibility. *Daubert*, 509 U.S. at 592 n. 10.

## III. ARGUMENT

### A. Ms. Schlanger's Testimony is Not Reliable.

#### 1. Ms. Schlanger Provides Impermissible Opinions on Issues of Law.

Ninth Circuit authority is clear that an expert may not offer testimony on issues of law, such as contract interpretation. *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (stating that expert testimony is not proper for issues of law

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

such as contract interpretation); *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) (expert testimony cannot be used to provide legal meaning or interpret insurance policy documents as written); *PMI Mortg. Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 291 F. App'x 40, 41 (9th Cir. Aug. 18, 2008) (unpublished) (affirming exclusion of expert testimony regarding interpretation of contract). Nor may "an expert witness . . . give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). "There is a significant difference between an attorney who states his belief of what law should govern the case and any other expert witness. While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury. When an attorney is allowed to usurp that function, harm is manifest in at least two ways." *Specht v. Jensen*, 853 F.2d 805, 808–09 (10th Cir. 1988).

Ms. Schlanger purports to offer an opinion as what was contractually required by GEO's contract with ICE *and* an opinion that GEO breached its contractual obligations by failing to fulfill its duties. Decl. of Robbins, Ex. A, ¶¶ 24; 40-44;48 (Schlanger Report).[1] These opinions are exactly the type of opinions the Ninth Circuit forbids. To be sure, in considering a nearly identical contract and a similar issue, Judge Bryan in the Western District of Washington explained that:

> The contract does not require interpretation by expert witnesses. The contract uses common terms and the jury can interpret those terms without the assistance of an expert. Terms within the contract,

---

[1] Throughout her opinion Ms. Schlanger makes references to whether GEO's policies were compliant with contractual requirements, such as the PBNDS. For example, Ms. Schlanger offers an opinion about whether the Voluntary Work Program complies with the PBNDS, *see generally* Decl. of Robbins, Ex. A, Schlanger Report. These opinions improperly provide legal interpretations as to whether GEO complied with its contractual obligations.

similarly, do not require definition or explanation by an expert witness.

*Washington v. GEO Grp., Inc.*, No. C17-5806RJB, 2019 WL 6828723, at *1 (W.D. Wash. Dec. 13, 2019). Following that analysis, the Court concluded that the issue of whether the contract was "adequately, or properly, administered" was not the proper subject of expert testimony. The same is true here.

It is well established that in the Ninth Circuit that "that an expert may not address whether certain facts mean a party has satisfied an element of the party's claim." *IceMOS Tech. Corp. v. Omron Corp.*, No. CV-17-02575-PHX-JAT, 2019 WL 4750129, at *11 (D. Ariz. Sept. 30, 2019). Here, whether GEO complied with its contractual obligations is a key element of its derivative sovereign immunity defense. Ms. Schlanger purports to give testimony as this key element. Specifically, she provides an opinion on the contractual requirements and whether GEO complied with those contractual requirements—a key element of its claim. Experts are not properly admitted to testify about this type of legal conclusion. Thus, her opinion should be excluded.

Furthermore, to the extent she does not rely upon her legal background, Ms. Schlanger does not bring any specialized knowledge as to ICE's contracts to the jury. To the contrary, she has never previously reviewed ICE contracts. 209:5-8 Nor is she well versed in the contracts at issue. In fact, at her deposition she conceded that she did not read the whole contract in detail. 127:21- 24. Thus, she cannot purport to be applying her prior experience. To the contrary, her opinion is almost exclusively one of contract interpretation. Indeed, Ms. Schlanger merely read the contract and then determined what performance she believed was legally required. "It is well established that expert testimony is not helpful if it simply addresses lay matters which the jury is capable of understanding and deciding without the expert's help." *AFMS LLC v. United Parcel Serv. Co.*, No. CV105830JGBAJWX, 2014 WL 12515335, at *4 (C.D. Cal. Feb. 5, 2014) (citations omitted).

Because Ms. Schlanger's opinion would "add little or nothing outside of common knowledge," her opinion is likely to "unduly prejudice [GEO] because it would come 'cloaked in authority' and imbued with an 'aura of expertise.'" *AFMS LLC v. United Parcel Serv. Co.*, No. CV105830JGBAJWX, 2014 WL 12515335, at *4 (C.D. Cal. Feb. 5, 2014). Accordingly, the Court should exclude Ms. Schlanger's opinions as offering an improper legal conclusion.

### 2. Ms. Schlanger's Opinions Improperly Provide Legal Conclusions.

"Courts have held that expert witnesses' use of 'judicially defined terms,' 'terms that derived their definitions from judicial interpretations,' and 'legally specialized terms' ... constitute[s] [an] expression of opinion as to the ultimate legal conclusion." *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 558 (C.D. Cal. 2014).

Here, Ms. Schlanger provides an opinion as to whether detainees work was "voluntary" an opinion as to a "legally specialized term" which derives its definition from judicial interpretations. *See e.g. . United States v. Roberts*, 430 F. Supp. 3d 693, 710 (D. Nev. 2019), appeal dismissed, No. 20-10026, 2020 WL 1952501 (9th Cir. Mar. 18, 2020) (explaining that voluntariness is typically a mixed question of law and fact). Ms. Schlanger offers an opinion as to whether GEO's Voluntary Work Program "complied" with the PBNDS and whether detainees acted voluntarily. Decl. of Robbins, Ex. A, ¶ 48 (Schlanger Report). Just as "false" and "deceptive" are judicially defined terms, so is the term "voluntary." In *re ConAgra Foods, Inc.*, 302 F.R.D. at 558. Accordingly, her use of these terms constitutes "the offering of an improper legal opinion that usurps the role of the court." *Id.*

Furthermore, a finding as to whether detainees acted voluntarily is exactly the type of conclusion that a jury can reach on its own, by interpreting the facts presented. There is no specialized knowledge required. In fact, Ms. Schlanger, in her deposition, conceded that the answer would depend upon the facts presented. Decl. of Robbins, Ex.

B, Schlanger Dep. pgs. 220-222. There is no evidence that her conclusion draws upon any specialized knowledge, her experience as a professor, or her prior research. Accordingly her opinion must be excluded.

### B. Ms. Schlanger's Opinions Are Outside of her Field of Study

Ms. Schlanger's opinion that detainees are generally a vulnerable population is not based upon her specialized knowledge or experience. To the contrary, she merely makes broad generalizations about the characteristics and behaviors of detained immigrants. Decl. of Robbins, Ex. A, Section C (Schlanger Report). Ms. Schlanger is a law professor by trade who has no background in assessing individuals' state of mind or emotional stressors. Decl. of Robbins, Ex. B, Schlanger Dep. pgs. 18-25. She also lacks any background in anthropology or another related study of immigrants. *Mesfun v. Hagos*, No. CV 03-02182 MMM(RNBX, 2005 WL 5956612, at *5 (C.D. Cal. Feb. 16, 2005) (excluding an expert witness who lacked sufficient background to provide generalizations about traits of Eritrean immigrants, but noting that an "anthropologist or sociologist may testify generally about the cultural traits and behavior pattern of certain groups of people based on general expertise and study of the culture."). Nor is she well versed in the topic of detainee vulnerabilities based upon her studies. She has not written any articles or published works related to the vulnerability of ICE detainees in detention. Decl. of Robbins, Ex. B, Schlanger Dep. 105:18-22. Nor does she teach courses on the topic as part of her employment. *Id.* 105:23-25, 106:1-6. She also does not address this topic in her other work. *Id.* 106:12-19. *Mesfun v. Hagos*, No. CV 03-02182 MMM (RNBX, 2005 WL 5956612, at *9 (C.D. Cal. Feb. 16, 2005) (expert was not qualified to provide testimony about general behaviors of Eritreans despite his own personal experience and involvement in the community because he had not "conducted any research or studies regarding the matters about which he intends to testify.").

Likewise, Ms. Schlanger's opinion that immigration is used for civil purposes is not the proper subject of expert testimony. To the contrary, any juror who can read

would be able to reach the same conclusion. Indeed, when Ms. Schlanger was asked in her deposition how she reached her conclusion that immigration is used for civil purposes, she stated that her specialized knowledge was irrelevant. To the contrary, her opinion was derived exclusively from the fact that she "know[s] how to read." Decl. of Robbins, Ex. B, Schlanger Dep. at 103:11; 104:12-13. Thus, she logically conceded that anyone who could read could reach the same conclusion she did. *Id.* 104:21-22. Therefore, Ms. Schlanger's testimony as to the vulnerability of ICE detainees and the purpose of civil immigration should be excluded.

### C. Ms. Schlanger's Proposed Testimony Would Confuse the Jury.

"In terms of relevancy, the 'central concern' of Rule 702 is whether expert testimony is helpful to the jury." *Dickinson v. City of Kent*, No. C06-1215RSL, 2007 WL 4420931, at *1 (W.D. Wash. Dec. 14, 2007). Here, Ms. Schlanger's testimony would serve only to confuse the jury. Ms. Schlanger intends to provide opinions about GEO and ICE's expectations regarding contract performance as it relates to Section 5.8 of the Performance Based National Detention Standards ("PBNDS"). Decl. of Robbins, Ex. A ¶¶ 58-61 (Schlanger Report). Specifically, she intends to provide an opinion as to the proper interpretation of PBNDS Section 5.8 - specifically that uncompensated cleaning tasks should be limited to the four enumerated items. *Id.* Ms. Schlanger's testimony is contrary to the facts in the record that will be presented through ICE witnesses, that Section 5.8 of the PBNDS "is not intended by ICE to be an exhaustive list of facility scenarios in which a detainee may be expected to participate in housekeeping . . . [it] provides examples of personal housekeeping, but there was no intent by the working group to establish a conclusive list of personal housekeeping activities or preclude detainees from participating in maintaining the cleanliness of common or shared living areas." ECF 422-1 at 6, Brooks Decl. ¶ 14. This is likely to confuse the jury because Ms. Schlanger is likely to mention her brief experience with the Department of Homeland Security as part of her expertise and in an attempt to argue

that her position represents that of ICE. Ms. Schlanger is likely to confuse the jury because she will elevate her expert opinions above those provided by fact witnesses in the case. This is not the proper role of an expert. Indeed, the proper way to determine the expectations of ICE and GEO is for the jury to hear the testimony from each party and reach its own conclusions. Ms. Schlanger's testimony which is simply contradictory factual testimony, with the aura of expert testimony, will serve only to further confuse the issues.

In sum, Ms. Schlanger's opinions should be excluded in their entirety because they constitute improper legal opinions and are not reliable.

## IV.   CONCLUSION

For the foregoing reasons, this Court should exclude the testimony of Plaintiffs' expert Margo Schlanger.

Dated: March 1, 2021

**AKERMAN LLP**

By: */s/ Ellen S. Robbins*
　　Ellen S. Robbins
　　Alicia Y. Hou
　　Adrienne Scheffey
　　Attorneys for Defendant
　　THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

56472020;3

8

Case No. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF PLAINTIFFS' EXPERT MARGO SCHLANGER**