**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342w
Email: ellen.robbins@akerman.com
Email: alicia.hou@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>**DEFENDANT THE GEO GROUP INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JODY BLAND**<br><br>**Hearing Information:**<br><br>Date: March 29, 2021<br>Time: 11:00 a.m.<br>Place: Courtroom 1<br>       3470 Twelfth Street<br>       Riverside, California 92501 |

| | | |
|---|---|---|
| 1 | THE GEO GROUP, INC., | TAC Filed: September 16, 2019 |
| 2 | Counter-Claimant, | SAC Filed: December 24, 2018 |
| 3 | vs. | FAC Filed: July 6, 2018 |
| | | Complaint Filed: December 19, 2017 |
| 4 | RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated, | Trial Date: March 30, 2021 |
| 5 | | |
| 6 | Counter-Defendant. | |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, March 29, 2021 at 11:00 a.m., in accordance with the Court's Amended Order Granting in Part the Motion to Continue Trial and Pretrial Dates (ECF 444), Defendant the GEO Group, Inc. ("GEO") hereby submits this motion to exclude the expert testimony of Jody Bland.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 22, 2021.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and any argument presented at the hearing on the motion.

Dated March 1, 2021

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Ellen S. Robbins*
Ellen S. Robbins
Alicia Y. Hou
Adrienne Scheffey
Attorneys for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

CASE NO. 5:17-cv-02514-JGB-SHKx

**DEFENDANT THE GEO GROUP, INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JODY BLAND**

56743556;1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs retained Jody Bland to provide expert testimony estimating the damages purportedly incurred by members of the Adelanto Wage Class and Adelanto Forced Labor Class. Mr. Bland's opinions are neither reliable nor helpful to the trier of fact in this case. Instead, Mr. Bland's opinions are based on broad, faulty assumptions completely unsupported by the record in this action. Any one of these reasons alone would support excluding introduction of Bland's testimony at trial. Taken together, the only conclusion that can be reached is the exclusion of Bland's testimony in the entirety.

## II. BACKGROUND

Mr. Bland was retained by Plaintiffs to "estimate damages to members of the Adelanto Wage Class and Adelanto Forced Labor Class using two benchmarks of but-for wages." Robbins Decl. at Ex. A. (hereinafter, "Amended Bland Report") at p. 4. In his report, Bland provides two measures of damages for each plaintiff class; the first measure of damages is based on California Minimum Wage rates, and the second is based on the wages and benefits provided in Service Contract Act ("SCA") Wage Determination schedules. Mr. Bland's opinions are summarized in the table below:

Amended Table 1: Summary of Damages[5]

| Wage Benchmark | Adelanto Wage Class (December 19, 2014 - November 30, 2019) | Adelanto Forced Labor Class (September 1, 2011 - November 30, 2019) |
|---|---|---|
| Summary of Lost Wages ($000) | | |
| California Minimum Wage Approach | $16,099 | $19,875 |
| SCA Wage Approach | $24,288 | $31,495 |

*See* Amended Bland Report at p. 4. As evidenced within his report and subsequent deposition, Bland's opinions are neither reliable nor helpful to the trier of fact in understanding the evidence or determining the facts in issue in this case. Importantly, the opinions rendered in Bland's report are based on numerous assumptions that are not adequately supported by the materials purportedly relied upon in creating his damage estimates. Accordingly, Bland's testimony should be excluded in the entirety.

### III. ARGUMENT

#### A. Legal Authority

Expert testimony is governed by Federal Rule of Evidence 702. Under this rule, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

Interpreting Rule 702, the United States Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.* held that in cases where the testimony of a party's expert is challenged, the district court must act as a "gatekeeper" and rule on the admissibility of the expert testimony and the qualification of expert witnesses. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993).

In *Kumho Tire*, the Supreme Court extended *Daubert* and held that Rule 702 applies to all expert testimony, not just "scientific expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Admissibility is established by satisfying the two-prong test introduced in *Daubert*: expert testimony must be both (1) reliable and (2) relevant to the case. *Id.*; *Daubert*, 509 U.S. at 592 n.10; *Estate of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457, 463–64 (9th Cir. 2014); *Simmons v. Safeway, Inc.*, No. 18-5522 RJB, 2019 WL 2921013, at *1 (W.D. Wash. July 8, 2019) (Bryan, J.). The

party seeking admission of expert testimony bears the burden of establishing its admissibility. *Daubert*, 509 U.S. at 592 n. 10.

**B. The testimony proffered by Plaintiffs' expert Jody Bland is not reliable.**

**i. Bland's assumptions are not reliable.**

Expert testimony may be introduced only where it has been established that the opinion is reliable. As the United States Supreme Court has emphasized, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also Casey v. Home Depot*, No. EDCV142069JGBSPX, 2016 WL 7479347, at *21 (C.D. Cal. Sept. 15, 2016) (exclusion of expert opinion proper where "conclusions regarding the time spent by Sales Consultants on sales activities were based on insufficient facts and data").

Here, Bland provides estimates of compensation purportedly owed to members of the Adelanto Wage Class and Adelanto Forced Labor Class despite having no data regarding such basic information as detainee shift lengths. Bland essentially guesses as to what a particular shift length for a given period may have been by looking at such evidence as "daily activity schedules" and "emails and other documents" discussing detainee job duties. Amended Bland Report at p. 13-14. While some of these items list beginning and end times for certain detainee activities (such as when workers are transferred between locations), Bland improperly assumes that this data can be used as a representation of actual hours worked by a detainee. For example, to support the shift length of kitchen workers, Mr. Bland references a schedule from a security post order which notes that the listed times are a guide, subject to change, and that end of shift times may vary. *See* Amended Bland Report, Appendix B at p. 6.

Bland himself even concedes that he has never before attempted to compute the working hours of someone who did not present time sheets when rendering an expert opinion on estimated damages. Robbins Decl. at Ex. B. (hereinafter, "Bland Dep.") at 18:23-25. Specifically, when asked whether he ever previously provided a damage estimate without the benefit of reviewing daily time sheets, Bland states "I don't believe that I have worked on a matter in which I've attempted to compute working hours of someone who did not present time sheets, so no." *Id*. Similarly, Bland made no attempt to account for such factors as whether the total number of detainees working a particular work detail could affect the length a shift on any given day; for example, when pressed as to whether he had accounted for whether shifts would be shorter if there are more workers within a particular position, Bland admitted he had not. *See* Bland Dep. 37:5-7. Moreover, Defendants' own expert, Serena Morones, identified numerous flaws within Bland's original report (attached as Exhibit C to the Robbins Declaration), which precipitated Bland issuing his Amended Report on September 2, 2020. *See* Robbins Decl. at Ex. D. (hereinafter, "Morones Report") at p. 7; *see also* Amended Bland Report at p. 4; *see also* Amended Bland Report at p. 18.

Expert opinions which are unreliable are routinely excluded by the Court under Rule 702 and *Daubert*. For example, in *W. Air Charter, Inc. v. Schembari,* the Court excluded expert testimony as unreliable where the opinion was based on a "broad estimate of the average length of an owner/management company relation." *W. Air Charter, Inc. v. Schembari*, No. LACV17420JGBKSX, 2019 WL 6998769, at *3 (C.D. Cal. Jan. 11, 2019) (rough estimations were insufficient to establish reliability "despite [the expert's] extensive background in the aircraft management industry"); *see also CFM Commc'ns, LLC v. Mitts Telecasting Co*., 424 F. Supp. 2d 1229, 1236 (E.D. Cal. 2005) ("A district court may exclude as speculative expert opinion testimony that lacks a reliable basis.")  Because Bland's report is based on wholly speculative assumptions without any evidentiary support, his testimony should be excluded.

### ii. Bland improperly extrapolates limited data.

Moreover, Bland's report improperly extrapolates three months of detainee shift data over a period of five years, summarily asserting that there is a "general consistency in the mix of shifts by job responsibility (as a percent of the total shifts worked) on a monthly basis." Amended Bland Report at ¶¶ 34-35. As Ms. Morones notes within her rebuttal report, there is significant variance between the periods summarized in Bland's Report, the impact of which is made readily apparent when the job type mixture from the "January-18" column of the Amended Bland Report is used for the full damage period for each class: "[t]his change yields damage calculations approximately $506,000 and $1,107,000 lower than the corresponding damage conclusions reached by Mr. Bland[.]" Morones Report at ¶ 35. Moreover, even if it is assumed there was a "general consistency in the mix of shifts by job responsibility" as Bland claims (and indeed, there was not), the notion that three months of data can be extrapolated to five years strains credulity.

While an expert opinion may extrapolate from existing data, "[a]n expert's opinion testimony becomes inadmissible, however, where it is connected to existing data only by the *ipse dixit* of the expert." *Colony Ins. Co. v. Coca-Cola Co.*, 239 F.R.D. 666, 674 (N.D. Ga. 2007); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 137 (1997) ("Nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert.") Where the record fails to bridge the analytical gap between the evidence presented and the inferences to be drawn, the expert's opinion must be rejected. *Turpin v. Merrell Dow Pharm., Inc.*, 959 F.2d 1349, 1360 (6th Cir. 1992).

As the Court concluded in *O'Hanlon v. Matrixx Initiatives,* an expert opinion is inadmissible where the expert "merely extrapolated from an accepted premise [to] an unfounded conclusion". *O'Hanlon v. Matrixx Initiatives*, No. CV 04-10391AHMJTLX, 2007 WL 2446496, at *2 (C.D. Cal. Jan. 3, 2007); *see also In re Bextra & Celebrex*

*Mktg. Sales Practices & Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1180 (N.D. Cal. 2007) (expert report relying on extrapolation evidence inadmissible where expert failed to identify any scientific support for reliance on extrapolation "other than his own judgment.") As the Court explained in *In re Bextra & Celebrex,* reliance on the extrapolations "are not supported by scientifically valid reasons or methodology. In the words of the Supreme Court, the 'analytical gap' between the data and these experts' conclusion is simply too great to make the opinion admissible." *Id.* at 1181.

Here, similar to the cases cited above, Plaintiffs' expert has made no attempt to demonstrate why detainee shift data for the three month period of November 2017 through January 2018 may properly be extrapolated across the entire five year Adelanto Wage Class and Adelanto Forced Labor Class period. In this case, the 'analytical gap' between the data and Mr. Bland's conclusions is simply too great to make the opinion admissible. Accordingly, Bland's opinion should be excluded for failure to meet the reliability requirement for expert testimony.

**C. The testimony proffered by Plaintiffs' expert Jody Bland is not relevant.**

"In terms of relevancy, the 'central concern' of Rule 702 is whether expert testimony is helpful to the jury." *Dickinson v. City of Kent*, No. C06-1215RSL, 2007 WL 4420931, at *1 (W.D. Wash. Dec. 14, 2007). Relevance focuses on whether the expert testimony "fits" the facts of the trial. *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-1860 BJR, 2016 WL 4498251, at *2 (W.D. Wash. Feb. 5, 2016); *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993). An expert's testimony must "logically advance a material aspect of [a] party's case." *Murray v. S. Route Mar. SA*, 870 F.3d 915, 926 (9th Cir. 2017); *see also Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). "Expert testimony which does not relate to any issue in the case is not relevant, and, ergo, non-helpful." *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 591 (1993). Here, for the reasons set forth below, Mr. Bland's testimony is both irrelevant and not helpful to the issues that will be before a jury.

Generally speaking, expert testimony will be deemed helpful where it (1) addresses an issue beyond the common knowledge of the average layman, (2) is presented by a witness having sufficient expertise, and (3) asserts a reasonable opinion given the state of the pertinent art or scientific knowledge. *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir.) Bland's opinions fail in all three regards. For example, Bland concedes that he did not rely on any treatise or methodology to identify detainee shift lengths, stating that "It's math. It's reviewing documents and pointing to numbers." Bland Dep. 20:22-23. An expert witness is not required to do simple mathematics. Moreover, as previously emphasized, Bland's report was replete with improper assumptions and erroneous calculations, causing further doubts as to the reliability of his opinions. *See* Morones Report at p. 7; *see also* Bland Dep. 26:5-10 ("I amended my initial report to correct for a formula error in Excel that caused an inconsistency between my methodology as described in the text of my report and the damages estimates as presented in the original Table 1, and I believe Table 6 as well."); *see also* Bland Dep. 36:24-37:7 (Q: "Did you ever attempt to compute whether there was a correlation or non-correlation between the number of people working in a given type and the length of the shifts; for example, if there are more custodial people working this month, whether the shifts would be longer or shorter?" A: "I did not perform a correlation analysis between shift length and number of employees on a given day or any given month"). In light of these considerations, it is overwhelmingly apparent that the opinions rendered in Bland's report are not helpful to the trier of fact, and are therefore irrelevant for the purposes of this case.

## **CONCLUSION**

The opinions of Jody Bland estimating damages to members of the Adelanto Wage Class and Adelanto Forced Labor Class are neither reliable nor helpful to the trier of fact in this case. Mr. Bland's opinions are based on broad, faulty assumptions

1  completely unsupported by the record in this action. Accordingly, Bland's testimony
2  should be excluded in the entirety.

6  Dated March 1, 2021

Respectfully submitted,

**AKERMAN LLP**

By:  */s/ Ellen S. Robbins*
Ellen S. Robbins
Alicia Y. Hou
Adrienne Scheffey
Attorneys for Defendant
THE GEO GROUP, INC.