**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:    (213) 688-9500
Facsimile:    (213) 627-6342w
Email:         ellen.robbins@akerman.com
Email:         alicia.hou@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone:    (305) 374-5600
Facsimile:    (305) 374-5095
Email:         lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:    (303) 260-7712
Facsimile:    (303) 260-7714
Email:         adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 5:17-cv-02514-JGB-SHKx<br><br>**DEFENDANT THE GEO GROUP INC.'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING GEO'S SIZE, CORPORATE STATUS, AND PROFITS**<br><br>**Hearing Information:**<br><br>Date: March 29, 2021<br>Time: 11:00 a.m.<br>Place: Courtroom 1<br>     3470 Twelfth Street<br>     Riverside, California 92501 |

1

56634077;1

| | |
|---|---|
| THE GEO GROUP, INC.,<br><br>   Counter-Claimant,<br><br>vs.<br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>   Counter-Defendant. | TAC Filed: September 16, 2019<br>SAC Filed: December 24, 2018<br>FAC Filed: July 6, 2018<br>Complaint Filed: December 19, 2017<br>Trial Date: April 13, 2021 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, March 29, 2021 at 11:00 a.m., in accordance with the Court's Amended Order Granting in Part the Motion to Continue Trial and Pretrial Dates (ECF 444), Defendant the GEO Group, Inc. ("GEO") hereby submits this motion *in limine* for an order, pursuant to Federal Rules of Evidence 401, 402, and 403, precluding Plaintiffs from offering evidence or argument regarding GEO's size, corporate status, or profits, as detailed in the memorandum below. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 25, 2021.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

Dated March 1, 2021

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Ellen S. Robbins*
Ellen S. Robbins
Alicia Y. Hou
Adrienne Scheffey
Attorneys for Defendant
THE GEO GROUP, INC.

56634077;1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should preclude Plaintiffs from presenting evidence of or making references to any and all evidence regarding GEO's size, corporate status, or general profits or profitability. This evidence and argument is irrelevant to the parties' claims and defenses and, alternatively, its prejudicial impact substantially outweighs any limited probative value it may have.

Plaintiffs claim they are entitled to California's minimum wage for work they performed in connection with their participation in GEO's Voluntary Work Program ("VWP"), a program mandated by U.S. Immigration and Customs Enforcement ("ICE"). Alternatively, Plaintiffs claim GEO was unjustly enriched because Plaintiffs performed "undercompensated labor." ECF 184 at ¶¶ 204-06. Plaintiffs also claim GEO obtained their labor by force in violation of the federal Trafficking Victims Protection Act and its California counterpart.

GEO's size, corporate status, and general profits bear no relevance to Plaintiffs' claims, GEO's defenses, or GEO's counterclaim. Even if the Court were to find such evidence is relevant, introducing such evidence or allowing such argument will do nothing more than confuse the issues and mislead the jury into rendering an improper verdict based upon sympathy for Plaintiffs and/or antipathy or antagonism for GEO, a corporate defendant.

The Court must preclude Plaintiffs from offering such evidence, argument, or commentary on the basis that it is irrelevant or, alternatively, because its prejudicial effect substantially outweighs any probative value such evidence may have.

## II. BACKGROUND

GEO is contractually obligated by ICE to operate a VWP for detainees within its facilities. ECF 414-1 at 10. The VWP is not intended to create an employment relationship, but rather to serve as another activity in which detainees may choose to participate to reduce the "negative impact of confinement . . . through decreased

56634077;1

idleness, improved morale and fewer disciplinary incidents." *Id.* Detainees participating in GEO's VWP perform tasks related to laundry, janitorial, kitchen, and barber services. *Id.* at 16; ECF 184 ¶¶ 57-58. Such participation is completely voluntary, and participants are paid at a rate of $1 per day, as set by ICE. *Id.* at 12-13.

At all stages of this litigation, Plaintiffs have attempted to draw significance from GEO's status as a for-profit entity and a "multibillion-dollar corporation." *See, e.g.*, ECF 184 at ¶¶ 2-3; ECF 411-01 at 11, 30-31; ECF 432 at 27, 34-35; ECF 433 at 10. Similarly, Plaintiffs continue to pursue their baseless claim that GEO's counterclaim for declaratory relief is a "retaliatory *in terrorem* tactic against Plaintiffs . . . for bringing their claims to court." ECF 184 at 52-55. Further, in support of their unjust enrichment claim, Plaintiffs contend GEO avoided additional labor costs by using detainee labor under the VWP instead of employing additional staff at the minimum wage or paying existing staff overtime to complete any tasks not completed by detainees in the VWP. *See, e.g.*, ECF 411-2 at ¶¶ 24-26; ECF 411-1 at 12.[1] GEO suspects Plaintiffs intend to offer evidence or otherwise comment upon GEO's general profits, ostensibly to establish their unjust enrichment claim. Under California law, however, disgorgement of profits is not the proper measure of unjust enrichment damages in this case.

In light of Plaintiffs' continued attempts to attack GEO's status as a for-profit corporation and their misplaced quest to obtain disgorgement of GEO's profits, GEO suspects Plaintiffs intend to offer evidence and argue at trial that GEO is a large, abusive, "multibillion-dollar corporation" with deep pockets, all in an attempt to garner sympathy from the jury and elicit a verdict for the Plaintiffs' on that basis. It is well-settled that such evidence and argument is improper, and the Court should prohibit its use at trial.

---

[1] GEO has already refuted these allegations as resting upon a clear misunderstanding of the evidence. *See* ECF 434-1 at ¶¶ 24-26 (explaining, *inter alia*, GEO stands to profit *more* under its contract with ICE if it were to use employees rather than detainees to accomplish the tasks detainees voluntarily performed through the VWP).

2

56634077;1

### III. ARGUMENT

#### A. Legal Authority

"A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is offered at trial. … A motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Wilson v. City of L.A.*, No. CV 18-5775-KS, 2020 WL 7296507, at *2 (C.D. Cal. Dec. 9, 2020) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)) (internal quotation omitted).

Most importantly, the motion *in limine* "reduces the likelihood that unduly prejudicial evidence will ever reach the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of any prejudicial evidence." *Jackson v. Cnty. of San Bernardino*, No. EDCV 13-1650 JGB (DTBx), 194 F. Supp. 3d 1004, 1008 (C.D. Cal. July 5, 2016) (Bernal, J.) (citing *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003)).

#### B. Evidence, Argument, or Commentary Regarding GEO's Size and Corporate Status, and General Profits is Irrelevant.

Evidence is not admissible unless it is relevant. Fed. R. Evid. 402. Evidence is relevant only if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Although [the] definition of 'relevant evidence' is broad, it has limits; evidence must be probative of a fact of consequence in the matter and must have tendency to make existence of that fact more or less probable than it would have been without evidence." *Smith v. Pac. Bell Tel. Co.*, 662 F. Supp. 2d 1199, 1216 (citing *U.S. v. Curlin,* 489 F.3d 935, 943-44 (9th Cir. 2007)).

GEO's size, corporate status, general profits, and the like have no tendency to make the existence of any fact of consequence to the determination of Plaintiffs' minimum wage, quasi-contract, or forced labor claims any more or less likely to be

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

56634077;1

true. First, Plaintiffs' minimum wage claim hinges on whether Plaintiffs were "employees" of GEO within the meaning of California's Minimum Wage Law. ECF 184 at ¶¶ 194-95 (citing Cal. Labor Code §§ 1194, 1197, 1197.1). GEO's size, corporate status, and whatever general profits it earns from the operations of its business do not answer that question. Second, to prove their forced labor claim, Plaintiffs must show GEO intentionally obtained their labor by force or threat of force. *Headley v. Church of Scientology Int'l*, 687 F.3d 1173, 1180 (9th Cir. 2012); *Muchira v. Al-Rawaf*, 850 F.3d 605, 618 (4th Cir. 2017); 18 U.S.C. § 1589; Cal. Civ. Code § 52.5. Again, GEO's size, corporate status, and general profits do not make it any more or less likely GEO threatened Plaintiffs with the intent to obtain their labor, as alleged. Courts within this District have excluded such evidence for precisely the same reasons. In *In re Homestore.com, Inc.*, the Central District of California excluded evidence of the plaintiff's financial condition, reasoning, "Evidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case. . . . Accordingly, the Court finds that references to any evidence of Plaintiff's financial condition should be excluded." No. CV 01-11115 RSWL (CWx), 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011).

Other federal courts have followed suit. In *HTC Corp. v. Tech. Props. Ltd.*, the Northern District of California similarly found that whether a party is a "large and profitable company <u>carries no probative value</u>." No. 5:08-CV-00882-PSG, 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013) (emphasis added). There, the corporate plaintiff in a patent case moved to exclude "evidence of [its] entire market value, size, wealth, or overall revenues," arguing such evidence was irrelevant and unfairly prejudicial. *Id.* The court agreed, reasoning Rule 403 "necessitate[s] its exclusion." *Id.* In *Util. Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg., Inc.,* the court granted the parties' respective requests to exclude as irrelevant and unfairly prejudicial "David and Goliath evidence" pertaining to their "size and general financial condition or net worth." No. 09-2023-JPO, 2010 WL 1946625, at **2, 4 (D. Kan. May 14, 2010). In

4

*White v. Ford Motor Co.*, a products liability case came before the district court for a second trial after appeal. No. CV-N-95-0279-DWH, 2003 WL 23353600, at *1 (D. Nev. Dec. 30, 2003). For the second trial, the corporate defendant moved to prohibit the plaintiffs "from evoking anti-corporate or regional prejudice," pointing to arguments plaintiffs' counsel made during the first trial characterizing the defendant as "faceless people from above" and a "board room in Detroit." *Id.* at *14. The district court granted the motion, precluding the plaintiffs from making similar "arguments that are not based on the evidence or relevant . . . but rather are calculated to inflame local and anti-corporate prejudice." *Id.*

Finally, as for Plaintiffs' quasi-contract claim, their hope of disgorging GEO's profits is premised upon a misreading of California case law. Plaintiffs rely on *Cty. of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542 (2007), for the proposition that "California law recognizes a right to disgorgement of profits resulting from unjust enrichment." ECF 411-1 at 22-23 (citing 158 Cal. App. 4th at 542). But that case is inapplicable. There, the plaintiff County sued former officials who had been indicted for bribery and accepting kickbacks from bidding contractors. *Id.* at 538. The County claimed the defendant officials had been unjustly enriched to the detriment of the County's ability to effectively govern. *Id.* at 541-43. While the court held disgorgement of profits was a proper remedy for unjust enrichment, its reasoning explicitly shows the court contemplated such a conclusion within the specific confines of that case: "Disgorgement of profits is particularly applicable in <u>cases dealing with breach of a fiduciary duty</u>, and is a logical extension of <u>the principle that public officials and other fiduciaries cannot profit by a breach of their duty. Where a person profits from transactions conducted by him as a fiduciary, the proper measure of damages is full disgorgement of any secret profit made by the fiduciary regardless of whether the principal suffers any damage</u>." *Id.* at 543 (emphasis added). Of course, such is not the case here, where Plaintiffs do <u>not</u> allege GEO acted as their fiduciary, and they explicitly allege they suffered damage—namely, the loss of wages they allege they

5

ordinarily would have received for the labor they performed. ECF 184 at ¶¶ 195-200 ("Plaintiffs and California Wage Class Members are entitled to recover unpaid minimum wages and other monetary damages . . ."), 204 ("GEO materially and significantly reduced its labor costs and expenses, and increased its profits, <u>because Plaintiffs and California Wage Class Members perform undercompensated labor</u>.") (emphasis added); ECF 411-1 at 22 ("GEO Unjustly Enriches Itself <u>by Shortchanging</u> its Detained Workforce.") (emphasis added).

California law is clear that in situations such as this, where the plaintiff sustains a cognizable loss, "A defendant's profits often represent profits the plaintiff would otherwise have earned." Judicial Council of California Civil Jury Instructions (2020), CACI No. 4410, *Unjust Enrichment* (citing *Ajaxo Inc. v. E*Trade Financial Corp.*, 187 Cal. App. 4th 1295, 1305 (2010)) (footnote and internal citations omitted)). Here, Plaintiffs <u>themselves</u> allege GEO's "profits" are coextensive with the profits Plaintiffs should have earned, in the form of unpaid wages. Thus, the proper remedy for Plaintiffs' unjust enrichment claim is their recovery of wages they allege they should have been paid—<u>not</u> disgorgement of some other measure of GEO's generalized "profits" separate and distinct from the amount of unpaid wages Plaintiffs claim they are entitled to. *See Cty. of San Bernardino*, 158 Cal. App. 4th 533 at 542 ("<u>Typically, the defendant's benefit and the plaintiff's loss are the same</u>, and restitution requires the defendant to restore the plaintiff to his or her original position.") (emphasis added). Moreover, the Ninth Circuit "has construed the common law to allow an unjust enrichment cause of action through quasi-contract." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) ("When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a <u>quasi-contract claim</u> seeking restitution.'") (quoting *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)) (emphasis added). The plaintiff in a quasi-contract action "may recover <u>the reasonable value of [the plaintiff's] services</u> when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Ent. Grp., Inc.*, 963 F.2d 1269, 1272

56634077;1

(9th Cir. 1992) (citing B. Witkin, *Summary of Cal. Law: Contracts* § 91 (1987), and 55 Cal. Jur. 3d Restitution 360-61 (1980)) (emphasis added). Thus, GEO's generalized profits from its overall operations have no bearing on the amounts to which Plaintiffs would be entitled to recover if their unjust enrichment claim were to succeed.

Plaintiffs' repeated references to GEO's size, corporate status, and general profits signal their intent to rely on precisely the same "arguments that are not based on the evidence or relevant" that "carr[y] no probative value." *Id.*; *HTC Corp.*, 2013 WL 4782598, at *6. The Court must preclude Plaintiffs from doing so pursuant to FRE 402.

### C. Evidence, Argument, or Commentary Regarding GEO's Size, Corporate Status, and General Profits is Unfairly Prejudicial.

Even where evidence is relevant, the court may still exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

Thus, even if the Court were to find evidence or commentary regarding GEO's size, corporate status, or general profits relevant to the claims and defenses at issue in this lawsuit, the danger that such evidence or argument will be used for improper purposes is too great and substantially outweighs any tangential probative value such evidence may have, thus warranting exclusion under FRE 403. There is a significant risk allowing Plaintiff to present such evidence or argument would only serve to promote a "David and Goliath" narrative in the minds of the jury, thereby improperly eliciting sympathy for the individual Plaintiffs, who are immigrants, and antipathy for GEO, based merely on its size and its status as a corporate entity. *Util. Trailer Sales*, 2010 WL 1946625 at **2, 4. Plaintiffs' anticipated use of GEO's corporate condition and profitability "seems more like [an] appeal[ ]to regional and anti-corporate prejudice than arguments based on evidence presented in the case." *White*, 2003 WL 23353600, at *14. Such evidence may be easily misused by the jury to create unfair prejudice to GEO simply due to the suggestion that GEO is a big company in comparison to the damages

7

sought, and that the power dynamic between the parties is great simply because of GEO's corporate size. *HTC Corp.*, 2013 WL 4782598, at *6.

In short, evidence or argument regarding GEO's size, corporate form, or profitability not only "carries no probative value," but will also confuse the issues and mislead the jury into delivering a verdict based not on the evidence and the law, but on sympathy for the individual Plaintiffs and "regional and anti-corporate prejudice." *Id.*; *White*, 2003 WL 23353600, at *14. In order to "reduce the likelihood that [such] unduly prejudicial evidence will ever reach the jury" and to neutralize the taint of any prejudicial evidence, the Court must prohibit Plaintiffs from introducing such evidence or presenting such arguments at trial. *Jackson*, 194 F. Supp. 3d at 1008 (citing *Brodit*, 350 F.3d at 1004-05); FRE 401-03. Plaintiffs cannot articulate any compelling reason favoring the introduction of such evidence over its exclusion.

## CONCLUSION

For the foregoing reasons, any evidence or argument related to GEO's size, corporate status, or general profitability should be excluded.[2]

Respectfully submitted,

Dated March 1, 2021          **AKERMAN LLP**

By:  /s/ Ellen S. Robbins
Ellen S. Robbins
Alicia Y. Hou
Adrienne Scheffey
Attorneys for Defendant
THE GEO GROUP, INC.

---

[2] At a minimum, if the Court permits this evidence – GEO maintains it should not – any testimony should be limited to the facts and documentary evidence that were properly disclosed in discovery.

8

56634077;1