**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: ellen.robbins@akerman.com
Email: alicia.hou@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice)*
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

**AKERMAN LLP**
601 WEST FIFTH STREET.SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

THE GEO GROUP, INC.,

Defendants.

AND RELATED COUNTERCLAIM

CASE NO. 5:17-cv-02514-JGB-SHK
Assigned to Hon. Jesus G. Bernal

**DEFENDANT THE GEO GROUP INC.'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING UNNAMED GEO EMPLOYEES**

Date: March 29, 2021
Time: 11:00 a.m.
Place: Courtroom 1
3470 Twelfth Street
Riverside, California 92501

TAC Filed: September 16, 2019
SAC Filed: December 24, 2018
FAC Filed: July 6, 2018
Complaint Filed: December 19, 2017
Trial Date: April 13, 2021

AKERMAN LLP
601 WEST FIFTH STREET.SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, March 29, 2021 at 11:00 a.m., in accordance with the Court's Amended Order Granting in Part the Motion to Continue Trial and Pretrial Dates (ECF 444), Defendant the GEO Group, Inc. ("GEO") hereby submits this motion *in limine* for an order, pursuant to Federal Rules of Evidence 401, 402, and 403, precluding Plaintiffs from offering evidence or argument regarding unnamed GEO employees.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 25, 2021.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

Dated: March 1, 2021

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Ellen S. Robbins*
Ellen S. Robbins
Alicia Y. Hou
Adrienne Scheffey
Attorneys for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET.SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs should be precluded from presenting evidence of or referencing evidence of the alleged statements or actions of unnamed GEO employees. Such evidence violates Plaintiff's disclosure obligations, constitutes hearsay, and would be unfairly prejudicial and confusing to the jury. In particular, Plaintiffs cannot satisfy the scienter requirement of their claims by making allegations concerning unidentified persons, and the jury will likely be confused if it hears such evidence.

Among other things, Plaintiffs allege a nationwide class of immigration detainees who claim that GEO obtained their labor by force in violation of the federal Trafficking Victims Protection Act ("TVPA") and its California counterpart ("CTVPA"). In connection with briefing on class certification and in other motions, Plaintiffs have pointed to anecdotal evidence of alleged conduct or statements by unnamed GEO employees to support their claims. *See* ECF 192-1 at 12 (citing declarations). Furthermore, named Plaintiff Novoa testified at his deposition that when another unidentified detainee would not get off his bunk to clean, an unnamed officer "with an attitude" kicked the detainees' bunk, had that detainee taken out of the unit and told Novoa that the detainee was taken to segregation. ECF 206-02 Novoa Dep. at 98:2-23. Mr. Novoa did not, however, remember who the officer was or any other details about the alleged incident. *Id.*

Such evidence is inadmissible hearsay. *See Davis v State of Cal. Dept. of Corrections*, Civ. No. S-93-1307DFL GGH (Feb. 23, 1996), 1996 WL 271001 *50 ("Statements of unidentified people cannot be admitted as vicarious admissions under Federal Rule of Evidence 801(d)(2)(D), because there is an insufficient evidentiary foundation to establish the existence of an agency relationship.") (citation omitted). Likewise, evidence of alleged acts by unidentified persons would violate both

Plaintiffs' Rule 26 obligations and be unfairly prejudicial to GEO because they cannot be rebutted. Evidence relating to unidentified GEO employees should therefore be excluded at trial.

## II. BACKGROUND

GEO is contractually obligated to operate its immigration detention facilities in accordance with the Performance Based National Detention Standards ("PBNDS"). Section 5.8 of the PBNDS describes the required Voluntary Work Program ("VWP") and also makes clear that not every task performed by detainees will be compensated. (ECF 415-2 Martin Dec: Ex. D). To that end, the PBNDS explain that detainees are responsible for "personal housekeeping," or, put differently, the tasks associated with keeping their living area clean. *Id.* Nevertheless, Plaintiffs have alleged that GEO forces detainees to perform illegal labor through discipline or threats of discipline that coerce detainees to work to avoid serious harm. *See e.g.* ECF 184 ¶ 8 (Third Amended Complaint). Plaintiffs allege that the inclusion of the PBNDS-required disciplinary scale in the handbooks given to each detainee "threatens" discipline for "failure to clean assigned living area" or follow staff directions. *See id.* at ¶ 79-80. Plaintiffs have also asserted anecdotal incidents, most involving unidentified GEO employees, to support this claim. *See e.g.* ECF 192-1 at 12 (Motion to Certify). Such evidence is improper, however, and the Court should prohibit its use at trial.

## III. ARGUMENT

### A. Legal Authority

"A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is offered at trial. . . . A motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Wilson v. City of L.A.*, No. CV 18-5775-KS 2020 WL 7296507, at *2

AKERMAN LLP
601 WEST FIFTH STREET.SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(C.D. Cal. Dec. 9, 2020) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)) (internal quotation omitted).

Most importantly, the motion *in limine* "reduces the likelihood that unduly prejudicial evidence will ever reach the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of any prejudicial evidence." *Jackson v. Cnty. of San Bernardino*, No. EDCV 13-1650 JGB (DTBx), 194 F. Supp. 3d 1004, 1008 (C.D. Cal. July 5, 2016) (Bernal, J.) (citing *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003)).

**B. Evidence, Argument, or Commentary Regarding the Alleged Statement or Conduct of Unidentified GEO Employees Would Violate Plaintiffs' Rule 26 Disclosure Obligations.**

As an initial matter, Plaintiffs were required to disclose the name of each individual likely to have discoverable information that they might use to support their claims at the start of the case pursuant to Rule 26(a)(1) Fed. R. Civ. P. Even if Plaintiffs were initially unable to identify the unnamed GEO employees whose statements or conduct they wish to introduce, they had the burden to identify such employees through discovery and amend their disclosures.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to support evidence … at a trial, unless the failure was substantially justified or is harmless." Rule 37 Fed. R. Civ. Pro. Here Plaintiffs' failure to provide the names of GEO employees is not harmless because GEO could not investigate or develop evidence to refute allegations about the alleged actions or statement of unidentified persons.

**C. Evidence, Argument, or Commentary Regarding the Alleged Statement or Conduct of Unidentified GEO Employees is Inadmissible Hearsay.**

AKERMAN LLP
601 WEST FIFTH STREET.SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET.SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

"[T]he proponent of the evidence, [bears] the burden of establishing a foundation from which to conclude that the statement was within a hearsay exception." *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). In order to qualify as non-hearsay under Rule 801(d)(2)(D), it is not sufficient that the statement be made by an employee; it must also have been made "on a matter within the scope of that relationship." Thus, the statement of an unidentified lawyer within the defendant corporation was properly excluded because the plaintiff did not meet his burden to establish the scope of the lawyer's authority. *Los Angeles News Service*, 305 F.3d at 934.

"[D]eclarations of unidentified persons are rarely admitted. This is undoubtedly due in part to the heavy burden which rests on the proponent of the evidence to satisfy evidentiary and trustworthiness requirements." *Carden v. Westinghouse Elec. Corp*., 850 F. 2d 996, 1003 (3d Cir. 1988); *see also Flickinger v. Toys R Us – Del,. Inc.,* 492 Fed. App'x 217 *4 (3d Cir. 2012) (excluding statement of employee because where declarant was unidentifiable, the Court did not have a sufficient evidentiary foundation to establish the existence of an agency relationship as required under Rule 801(d)(2)(D); *see also Arellano v. County of San Diego*, 3:14-cv-2404-GPC-KSC (S.D. Cal. Aug. 21, 2020) 2020 WL 4921983 *14 (Aug. 21, 2020) (affirming summary judgment dismissing municipality where the plaintiff's assertion that one or more unidentified uniformed officers told him he or she was employed by the municipal defendant was hearsay). This rule applies to statements by unidentified corrections officers. *Mathis v. Monza*, 2013 WL 1058867 *2, Civ. No. 11-450 (W.D. Pa. March 14, 2014) (excluding statements by three unidentified corrections officers in prisoner's suit).

Here too, Plaintiffs cannot establish the necessary foundation to establish that any statements by unknown GEO employees were within a hearsay exception. As such, they should be precluded.

**D. Evidence, Argument, or Commentary Regarding the Alleged Statement or Conduct of Unidentified GEO Employees Should Be Precluded under Rule 403 as Unfairly Prejudicial and Confusing.**

One of the required elements of Plaintiffs' proof for the TVPA and CTVPA claims is that GEO "knowingly obtained" their labor through unlawful means. 18 U.S.C. 1589(a); Cal. Penal Code §236.1. This express scienter requirement requires evidence from which the fact finder could conclude that the defendant *intended* the victim to believe harm would befall the victim if he or she did not work. *Muchira v. Al-Rawaf*, 850 F.3d 605, 618 (4th Cir. 2017). It would be unfairly prejudicial and confusing to the jury to hear allegations regarding unidentified persons as evidence of GEO's alleged intent.

As one court observed in finding the hearsay statement of an unnamed police officer inadmissible:

> Indeed [the] inability to attribute the statement to any particular officer would have led the Court to exclude the statement under Rule 403 even if we had not excluded it as hearsay, as the testimony was virtually, if not completely, impossible for defendants to attempt to meet without calling virtually the entire police force to testify and thus was unfairly prejudicial far out of proportion to its probative value.

*Strassen v. Village of Arlington Heights*, 2002 WL 485664 *4, 00-C-1956 (N.D. Ill. April 1, 2002). Here too, particularly in instances where there is no documentation or corroboration of any alleged incident involving or purported statement made by an unidentified GEO employee, the prejudice to GEO in being required to defend against the allegation would far outweigh any probative value of the testimony.

AKERMAN LLP
601 WEST FIFTH STREET.SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

This prejudice is even greater here because – as with hearsay – Plaintiffs cannot establish that statements or actions of unidentified persons can be attributed to GEO as its own scienter. A juror hearing allegations or testimony about unidentified GEO officers, however, will likely treat the statements or actions as GEO's own. Where GEO can neither rebut the substance of the allegation nor the attribution of agency because the individual has not been identified, the prejudice far outweighs the benefit of such evidence, and thus the evidence should be excluded under FRE 403.

## CONCLUSION

For each of these reasons, any evidence or argument based on the alleged actions to statements of unidentified persons should be excluded.

Respectfully submitted,

Dated: March 1, 2021

**AKERMAN LLP**

By: */s/ Ellen S. Robbins*
Ellen S. Robbins
Alicia Y. Hou
Adrienne Scheffey
Attorneys for Defendant
THE GEO GROUP, INC.

AKERMAN LLP
601 WEST FIFTH STREET.SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342