**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: ellen.robbins@akerman.com
Email: alicia.hou@akerman.com

LAWRENCE D. SILVERMAN (admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: lawrence.silverman@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendants. | CASE NO. 5:17-cv-02514-JGB-SHK<br>Assigned to Hon. Jesus G. Bernal<br><br>**DEFENDANT THE GEO GROUP INC.'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING ALLEGED COLLATERAL CONDITIONS THAT ARE NOT CLASSWIDE OR INCLUDED IN THE COMPLAINT**<br><br>Date: March 29, 2021<br>Time: 11:00 a.m.<br>Place: Courtroom 1<br>        3470 Twelfth Street<br>        Riverside, California 92501 |

1                                               CASE NO. 5:17-cv-02514-JGB-SHK
**MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING ALLEGED COLLATERAL CONDITIONS THAT ARE NOT CLASSWIDE OR INCLUDED IN THE COMPLAINT**
56457498;3

|   |   |
|---|---|
| THE GEO GROUP, INC.,<br><br>    Counter-Claimant,<br><br>vs.<br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>    Counter-Defendant. | TAC Filed:  September 16, 2019<br>SAC Filed:  December 24, 2018<br>FAC Filed:  July 6, 2018<br>Complaint Filed:  December 19, 2017<br>Trial Date:  April 13, 2021 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, March 29, 2021 at 11:00 a.m., in accordance with the Court's Amended Order Granting in Part the Motion to Continue Trial and Pretrial Dates (ECF 444), Defendant the GEO Group, Inc. ("GEO") hereby submits this motion in limine for an order, pursuant to Federal Rules of Evidence 401, 402, and 403, precluding Plaintiffs from offering evidence or argument regarding alleged collateral conditions that are not classwide or included in the complaint.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 25, 2021.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

Dated: March 1, 2021

**AKERMAN LLP**

By: /s/ *Ellen S. Robbins*
    Ellen S. Robbins
    Alicia Y. Hou
    Adrienne Scheffey
    Attorneys for Defendant
    THE GEO GROUP, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs should be precluded from presenting evidence of or referencing evidence of purported conditions, wrongdoing, incidents, or detainee complaints outside of the class-wide allegations raised by the complaint. Such evidence is irrelevant, would cause needless delay, and would be unfairly prejudicial.

Plaintiffs are immigration detainees who participated in GEO's Voluntary Work Program ("VWP"), a program mandated by U.S. Immigration and Customs Enforcement ("ICE"). They claim they were GEO's "employees," and therefore are entitled to California's minimum wage for work they performed in connection with the VWP. Alternatively, Plaintiffs claim GEO was unjustly enriched because they performed "undercompensated labor." ECF 184 at ¶¶ 204-06. Plaintiffs also claim GEO obtained their labor by force or threat of force in violation of the federal Trafficking Victims Protection Act ("TVPA") and its California counterpart ("CTVPA"). Finally, Plaintiffs assert that at the Adelanto facility, GEO has a policy of "withholding sufficient food, water, and hygiene products" in order to force detainees to participate in the VWP to earn money to purchase these things from the commissary. *Id.* ¶ 43-47.

At trial, Plaintiffs should be limited to evidence relevant to these claims and precluded from offering testimony or other evidence regarding any other alleged conditions or conduct at GEO's facilities. For example, Plaintiffs may seek to introduce evidence regarding medical care[1], the cost or availability of telephone calls[2], incidents

---

[1] Plaintiffs included allegations about medical care which are irrelevant to any issues in their Complaint, ECF 184 ¶¶ 36-42, and Mr. Kidd and Mr. Novoa complained about medical care during their depositions. *See* Exhibit A, Kidd Dep. 57:7-60:17, 136:11-138:15; ECF 206-02 (Novoa Dep.) 120:17-121:19; ECF 206-03 (Mancia Dep.) 68:13-69:10.

[2] *See* ECF 206-04 Karim Dep. 87:19-88;4; ECF 206-01 Fuentes Dep. 100:14-101:6; Exhibit A, Kidd Dep. 93:2-10, 94:2-16 (alleging officers would turn phones off early for reasons unrelated to cleaning);103:1-15 (alleging a delay of about a day in receiving the pin so that he could make phone calls); 154:1-23 (describing a time when his phone

with other detainees[3], Mr. Karim's PREA report[4], and a pipe that broke in Mr. Kidd's housing unit.[5] Such evidence is not relevant to the elements of any of Plaintiffs' claims and would not pertain to any class claims. Instead, evidence of collateral conditions or events would serve only to put GEO in a bad light, confuse the jury about the Plaintiffs' claims, and cause undue delay and a waste of the Court and jury's time. It should therefore be precluded.

## II     BACKGROUND

Plaintiffs have consistently sought to paint GEO in a bad light through allegations that are irrelevant to its claims. For example, Plaintiffs' complaint alleges generally that ICE's detention system is inappropriate and criticizes Adelanto on issues having nothing to do with this case. ECF 184 ¶ 22-29, 36-42. GEO anticipates that Plaintiffs will seek to continue this pattern of using irrelevant allegations to cast GEO in a bad light at trial, beginning in their opening statement. Precluding such evidence in advance of trial is therefore necessary to prevent prejudice to GEO.

## III.    ARGUMENT

### A.    Legal Authority

"A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is offered at trial. … A motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Wilson v. City of L.A.*, No. CV 18-5775-KS, 2020 U.S. Dist. LEXIS 232422, at *4, 2020 WL 7296507 (C.D. Cal. Dec. 9, 2020) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)) (internal quotation omitted).

---

card did not work), 155:17-156:1 (describing an inability to make calls to a particular phone number).

[3] *See* ECF 206-03 Mancia Dep. 69:13-71:4; ECF 206-02 Novoa Dep. 114:15-116:11.
[4] *See* ECF 206-04 Karim Dep. 57:21-63:12.
[5] *See* Exhibit A, Kidd Dep. 44:21-49:2; 170:18-174:9.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Most importantly, the motion *in limine* "reduces the likelihood that unduly prejudicial evidence will ever reach the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of any prejudicial evidence." *Jackson v. Cnty. of San Bernardino*, No. EDCV 13-1650 JGB (DTBx), 2016 U.S. Dist. LEXIS 184177, at *4, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. July 5, 2016) (Bernal, J.) (citing *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003)).

### B. Evidence, Argument, or Commentary Regarding Collateral Conditions is Irrelevant and Unfairly Prejudicial.

Federal Rule of Evidence 401 provides that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evd. 401 (emphasis added). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *U.S. v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (excluding evidence that did not go to any element of the charged offense), citing *U.S. v. Hitti,* 981 F.2d 422, 424 (9th Cir. 1992); *see also Tam Lam v. City of Los Banos*, 976 F.3d 986, 1014 (9th Cir. 2020) ("But even if the PTSD evidence were slightly relevant to Officer Acosta's credibility, it would be improper to admit the evidence if there were even a modest likelihood of unfair prejudice or a small risk of misleading the jury.") (*citation omitted*).

Likewise Federal Rule of Evidence 403 which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The phrase "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 (advisory committee's note); *see also Old Chief v. United States*, 519 U.S.

172, 180-81 (1997) (stating that the term "unfair prejudice" concerns the capacity of some relevant evidence "to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged"). When evidence does "nothing except generally show defendant in a bad light" the district court may properly exclude it because "prejudice and confusion would be generated by innuendos of collateral misconduct." *Coursen v. AH Robins Co. Inc.*, 764 F.2d 1329, 1335 (9th Cir. 1985), *opinion corrected by* 773 F.2d 1049.

Here, evidence about conduct or conditions which are not at issue in the case would unfairly prejudice GEO. For example, Mr. Kidd testified in his deposition about a pipe that broke in his housing unit, the angry reaction of a GEO officer and his argument with that officer, and the approximately fifteen minutes he spent in administrative segregation as a result. Exhibit A, Kidd Dep. 44:21-49:2 and 170:18-174:9. This incident has no relationship to alleged forced labor.[6] Yet a jury hearing testimony about other, unrelated discipline would likely fail to remember that distinction. Likewise, Mr. Karim was held in administrative segregation while his PREA complaint was investigated. *See* ECF 206-04 Karim Dep. 57:21-63:12. Once again, this incident has no relevance to Plaintiffs' allegations regarding segregation related to a refusal to clean. Hearing Mr. Karim's testimony about his confusion and distress, however, will likely confuse and prejudice the jury.

These types of irrelevant side-issues are precisely the type of evidence Rule 403 is designed to exclude.

## C. Evidence, Argument or Commentary Regarding Collateral Conditions is Improper Character Evidence.

---

[6] Likewise, Mr. Kidd should be precluded from testifying regarding the circumstances of his arrest by ICE, which is the subject of a separate lawsuit and which has nothing whatsoever to do with GEO.

Evidence of or reference to collateral conditions at Adelanto or other facilities party also constitutes improper character evidence and should be excluded on that basis as well. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FRE 404(a)(1). Further, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FRE 404(b)(1).

Moreover, there is no permitted use of collateral condition evidence under FRE 404(b)(2) because collateral condition evidence necessarily involves different situations which were not comparable to alleged forced labor or deprivation of toiletries or food. For example, evidence that Mr. Kidd was denied a prescription he requested (Exhibit A, Kidd Dep. 57:7-60:17) or that Mr. Novoa filed a grievance because a nurse did not give him medication for the flu (ECF 206-02 Novoa Dep. 120:13-121:11) might suggest to the jury that GEO does not provide proper medical care for detainees, but this is neither an issue in this lawsuit, nor relevant to any of the issues to be decided. Such evidence is not admissible. *See Vukadinovich v. Zentz*, 995 F.2d 750, 756 (7th Cir. 1993) (affirming exclusion of evidence of other complaints and newspaper articles criticizing the police department under Rule 403 because they did not pertain to events similar to those in the lawsuit); *E.E.O.C. v. Serramonte*, 237 F.R.D. 220 (N.D. Cal. 2006) (excluding evidence of plaintiff's work performance either before or after employment with defendant under Rule 404 because her jobs as a waitress and bookkeeper were not comparable to her job with defendant as a salesperson).

## CONCLUSION

GEO requests any evidence or argument regarding collateral conditions at GEO's facilities be excluded.

Respectfully submitted,

1  Dated: March 1, 2021  **AKERMAN LLP**

4  By: */s/ Ellen S. Robbins*
   Ellen S. Robbins
   Alicia Y. Hou
   Adrienne Scheffey
   Attorneys for Defendant
   THE GEO GROUP, INC.