Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
E. Lawrence Vincent (admitted *pro hac vice*)
lvincent@burnscharest.com
TX Bar # 20585590
Mallory Biblo (admitted *pro hac vice*)
mbiblo@burnscharest.com
TX Bar # 24087165
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
**Class Counsel**
*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA**, individually and on behalf of all others similarly situated, <br><br>*Plaintiffs*, <br><br>v. <br><br>**THE GEO GROUP, INC.**, <br>*Defendant.* | Civil Action No. 5:17-cv-02514-JGB-SHKx <br><br> **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO ECF 457:** <br><br> **DEFENDANT THE GEO GROUP, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING GEO'S SIZE, CORPORATE STATUS, AND PROFITS** <br><br> Hearing Date: March 29, 2021 <br> Time: 9 a.m. PT <br> Courtroom: 1 <br> Judge Hon. Jesus G. Bernal |

Plaintiffs Raul Novoa, Jaime Campos Fuentes, Abdiaziz Karim, and Ramon Mancia (collectively, "Plaintiffs") oppose the request by Defendant The GEO Group, Inc. ("GEO") to preclude Plaintiffs from presenting evidence of or making references to GEO's size, corporate status, or general profits or profitability (ECF 457).

The size, profitability, and financial status of GEO is highly relevant to Plaintiffs' claims. And the Court should reject GEO's effort to avoid the topics.

To begin, the profitability and financial status of GEO and the Adelanto Facility are relevant to Plaintiffs' unjust enrichment/restitution claim. Plaintiffs' unjust enrichment/restitution claim requires the jury to consider whether GEO received a benefit, whether the benefit was at Plaintiffs' expense, and whether the circumstances make it unjust for GEO to retain the benefit. *Novoa v. GEO Group, Inc.*, EDCV172514JGBSHKX, 2018 WL 3343494, at *14 (C.D. Cal. June 21, 2018) (citing *Baltazar v. Apple, Inc.*, 2011 WL 588209, at *5 (N.D. Cal. Feb. 10, 2011)). As such, proof of unjust enrichment/restitution requires evidence of the financial and operational benefits to GEO of its pay practices and the profits GEO makes at the Adelanto Facility from this practice. For instance, David Venturella, GEO's Senior Vice-President of Business-Development, testified that GEO management owed a fiduciary duty to shareholders of GEO to maximize profits.[1] He also stated that the contract between GEO and the federal government is a fixed-price agreement, meaning that GEO calculates all of the costs that it expects to incur in order to meet the requirements that the federal government has set forth so that if GEO's costs exceed the amount upon which GEO based its bid GEO does not get to as a matter of course pass those increased costs on to the federal government; and, if it costs are lower, GEO's profits are increased.[2] GEO's obligation to its shareholders (described by its corporate form) and

---

[1] Declaration of Daniel H. Charest in Support of Plaintiffs' Memorandum in Opposition to ECF 457: Defendant The GEO Group, Inc.'s Motion in Limine to Preclude Evidence or Argument Regarding GEO's Size, Corporate Status, and Profits (Charest Decl.) ¶ 3, Ex. A (Trans. of Depo. of D. Venturella, June 13, 2019, at 5:12-16, 33:06-13, 34:04-17).

[2] Charest Decl. ¶ 3, Ex. A (Trans. of Depo. of D. Venturella, June 13, 2019, at 79:24-81:12).

2

motivation to maximize profits (reflected in its size and profitability) support introduction of evidence to establish liability on its unjust enrichment/restitution claim.

GEO's financial status and profits are also relevant to inform the determination of the proper remedy for unjust enrichment/restitution. Indeed, "[t]he object of the disgorgement remedy—to eliminate the possibility of profit from conscious wrongdoing—is one of the cornerstones of the law of restitution and unjust enrichment."[3] *Meister v. Mensinger*, 230 Cal. App. 4th 381, 398 (2014). California law recognizes two remedies based on disgorgement: restitutionary disgorgement, which focuses on the plaintiff's loss, and nonrestitutionary disgorgement, which focuses on the defendant's unjust enrichment. *Feitelberg v. Credit Suisse First Boston, LLC* 134 Cal. App. 4th 997, 1013 (2005). "Typically, the defendant's benefit and the plaintiff's loss are the same, and restitution requires the defendant to restore the plaintiff to his or her original position." *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542 (2007), *as modified on denial of reh'g* (Jan. 25, 2008), *as modified* (Jan. 28, 2008). However, "many instances of liability based on unjust enrichment do not involve the restoration of anything the claimant previously possessed including cases involving the disgorgement of profits wrongfully obtained." *Id.* (cleaned up) (citing Rest. 3d Restitution and Unjust Enrichment (Discussion Draft 2000) § 1, com. c.). The public policy of the State of California does not permit one to "take advantage of his own wrong" regardless of whether the other party suffers actual damage. *County of San Bernardino* 158 Cal. App. 4th at 542. "The emphasis is on the wrongdoer's enrichment, not the victim's loss. In

---

[3] To the extent that GEO claims that disgorgement is available only in cases involving a breach of fiduciary duty, that is simply not what the court stated in *County of San Bernardino v. Walsh*— "[d]isgorgement of profits is <u>particularly</u> applicable in cases dealing with breach of a fiduciary duty." 158 Cal. App. 4th at 542 (emphasis added). And, other cases have held otherwise. *See, e.g.*, *Alkayali v. Hoed*, 3:18-CV-777-H-JMA, 2018 WL 3425980, at *6 (S.D. Cal. July 16, 2018) (California law permits plaintiffs to seek disgorgement of a defendant's unjust enrichment as a restitutionary remedy for breach of contract."); *see also Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 291-92 (1960) (wages withheld in violation of Fair Labor Standards Act disgorged from employer and reimbursed to employee); *Porter v. Warner Holding Co.*, 328 U.S. 395, 397-99 (1946) (rent increases in violation of Emergency Price Control Act of 1942 disgorged from landlord and refunded to tenants).

particular, a person acting in conscious disregard of the rights of another should be required to disgorge all profit because disgorgement both benefits the injured parties and deters the perpetrator from committing the same unlawful actions again." *Id.* Disgorgement may include a restitutionary element, and it "may compel a defendant to surrender all money obtained through an unfair business practice . . . regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice." *Id.* (quoting *Korea Supply Co. v. Lockheed Martin Corp.* 29 Cal. 4th 1134, 1144-1145 (2003)). Absent this result, there would be an insufficient deterrent to improper conduct that is more profitable than lawful conduct. *Meister*, 230 Cal. App. 4th 381 at 398-99 (citing *County of San Bernardino* 158 Cal. App. 4th at 542). Accordingly, Plaintiffs should be permitted to present all relevant financial evidence to support the Court in determining unjust enrichment liability and in fashioning a just remedy.

Further, the profitability and financial status of GEO are relevant to the forced labor claims under the California Trafficking Victims Protection Act and Federal Trafficking Victims Protection Act. Plaintiffs have alleged that GEO materially and significantly reduced its labor costs and expenses, and increased its profits, by unlawfully forcing and coercing Plaintiffs and the California Forced Labor Class Members to perform uncompensated labor. In order to drive profits, GEO acted with the intent to obtain forced labor or services from its detainees. These allegations relate to the second element that Plaintiffs must prove to the jury – whether "GEO intended to obtain forced labor or services from that person." Mr. Venturella admitted that GEO's motive is to maximize profits and, further, that one way to do that is to obtain cheap labor.[4]

Finally, while the Court may exclude relevant evidence if its probative value is outweighed by its tendency to confuse the issues, mislead the jury, and waste time, Federal Rule of Evidence 403, the contrary is true here. Limiting admissible financial status, benefit, and profit evidence would allow GEO to paint a one-sided picture of its

---

[4] Charest Decl. ¶ 3, Ex. A (Trans. of Depo. of D. Venturella, June 13, 2019, at 74:19-75:05).

contract with ICE without full evidence of the financial benefits to GEO from its use of detainee labor to fulfill contract obligations. This would be misleading to the jury and prejudicial to Plaintiffs.

    For the foregoing reasons, GEO's Motions in Limine ECF 457 should be denied.

Dated: March 8, 2021       Respectfully submitted,

*/s/ Daniel H. Charest*
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
E. Lawrence Vincent (admitted *pro hac vice*)
lvincent@burnscharest.com
TX Bar # 20585590
Mallory Biblo (admitted *pro hac vice*)
mbiblo@burnscharest.com
TX Bar # 24087165
Lauren Cross (admitted *pro hac vice*)
lcross@burnscharest.com
TX Bar # 24105759
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone:  (310) 474-9111
Fax:  (310) 474-8585

*Class Counsel*

# CERTIFICATE OF SERVICE

I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

Dated: March 8, 2021

*/s/ Daniel H. Charest*
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002