Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
E. Lawrence Vincent (admitted *pro hac vice*)
lvincent@burnscharest.com
TX Bar # 20585590
Mallory Biblo (admitted *pro hac vice*)
mbiblo@burnscharest.com
TX Bar # 24087165
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
**Class Counsel**
*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA**, **JAIME CAMPOS FUENTES**, **ABDIAZIZ KARIM**, and **RAMON MANCIA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br>*Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO ECF 458:**<br><br>**DEFENDANT THE GEO GROUP, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING UNNAMED GEO EMPLOYEES**<br><br>Hearing Date: March 29, 2021<br>Time: 9 a.m. PT<br>Courtroom: 1<br>Judge Hon. Jesus G. Bernal |

Plaintiffs Raul Novoa, Jaime Campos Fuentes, Abdiaziz Karim, and Ramon

Mancia (collectively, "Plaintiffs") oppose the requests by Defendant The GEO Group, Inc. ("GEO") to preclude the presentation of evidence, or referencing evidence, of statements or actions by unnamed GEO employees (ECF 458). GEO's motion lacks merit and should be denied.

As to GEO's first complaint, Plaintiffs do not dispute that parties are "required to disclose the name of each individual likely to have discoverable information that they might use to support their claims" or defenses pursuant to Federal Rule of Evidence Rule 26(a)(1). But the witnesses and testimony that GEO seeks to exclude have been properly disclosed. Plaintiffs have complied with the Rule and GEO does not allege otherwise. Rather, GEO's motion misconstrues the Rule in an effort to exclude <u>testimony</u> (not witnesses) that GEO does not like.

For example, GEO seeks to exclude testimony of Plaintiff Novoa that was provided at his deposition on October 20, 2019. Plaintiff Novoa (as a witness) was properly disclosed in this matter (on Plaintiffs' disclosures and exchanged witness list). GEO does not dispute this. Nor is there a dispute that the testimony of Plaintiff Novoa that GEO seeks to exclude was properly disclosed in this matter (at his deposition). ECF 206-02 (Dep. of R. Novoa, at 98:02-23.) GEO just does not like what Plaintiff Novoa said in that deposition. But the rules do not eliminate testimony on that basis.

Nor should Plaintiff Novoa's testimony (or other, similar testimony) be excluded as hearsay. First, the testimony is – by definition – <u>not</u> hearsay; it is a witness recounting a first person account of what they experienced and thus is <u>not</u> a statement of someone <u>other than the declarant</u>. Fed. R. Evid. 801. Nor is the testimony that GEO seeks to preclude all offered for the truth of the matter asserted. For example, testimony that a GEO officer told a witness that a detainee "was taken to segregation" need not be true to be relevant—the evidence is probative of what Plaintiffs believed or understood could happen if they did not clean a GEO facility or had the temerity to refuse an illegal order from a GEO officer.

Independently, the statements of unidentified GEO personnel are not hearsay

under Rule of Evidence 802(d)(2) since they are offered against an opposing party and were "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Outside evidence sufficient to satisfy the Rule's scope requirement comes from the "circumstances surrounding the statement, such as the identity of the speaker [or] the context in which the statement was made." *Rutledge v. Claypool Elec., Inc.*, 2:12-CV-159, 2012 WL 6593936, at *5 (S.D. Ohio Dec. 17, 2012), report and recommendation adopted, 2:12-CV-0159, 2013 WL 435058 (S.D. Ohio Feb. 5, 2013) (quoting Fed. R. Evid. 801 advisory committee's notes, 1997 Amendment). Those circumstances are that the GEO officer was acting within the scope of his relationship with GEO, while working at a GEO facility, and made the statement in the performance of his duties for GEO. In sum, statements of officers performing their duties for GEO do not constitute hearsay and should be admissible at trial.

Finally, GEO cites only dicta in the one case that it relies on to support exclusion of such statements under Rule 403. The *Stassen v. Vill. of Arlington Heights* court ruled that "in this case [the plaintiff] failed to show that an agency relationship actually existed" and then opined that Rule 403 would also apply. No. 00 C 1956, 2002 WL 485664, at *3 (N.D. Ill. Apr. 1, 2002) (noting that the plaintiff "failed to show at trial, and fails to show in his motion for new trial, that the other officer reported to [the sergeant] at any time, let alone on the night in question-a showing necessary to establish both the existence of the agency and the fact that the statement was made during the course of the agency"). That is simply not the case here.

For the foregoing reasons, GEO's Motion in Limine ECF 458 should be denied.

3

Dated: March 8, 2021

Respectfully submitted,

*/s/ Daniel H. Charest*

Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Will Thompson (CA Bar # 289012)
wthompson@burnscharest.com
E. Lawrence Vincent (admitted *pro hac vice*)
lvincent@burnscharest.com
TX Bar # 20585590
Mallory Biblo (admitted *pro hac vice*)
mbiblo@burnscharest.com
TX Bar # 24087165
Lauren Cross (admitted *pro hac vice*)
lcross@burnscharest.com
TX Bar # 24105759
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

R. Andrew Free (admitted *pro hac vice*)
andrew@immigrantcivilrights.com
TN Bar # 030513
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221

4

Facsimile: (615) 829-8959

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org
NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585

*Class Counsel*

## CERTIFICATE OF SERVICE

I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

Dated: March 8, 2021

*/s/ Daniel H. Charest*
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002