**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ALICIA Y. HOU (SBN 254157)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342
Email: ellen.robbins@akerman.com
Email: alicia.hou@akerman.com

ADRIENNE SCHEFFEY (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone:   (303) 260-7712
Facsimile:    (303) 260-7714
Email: adrienne.scheffey@akerman.com

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | CASE NO. 5:17-cv-02514-JGB-SHKx<br><br>**THE GEO GROUP, INC.'S OBJECTION TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| THE GEO GROUP, INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>Counter-Defendant. | TAC Filed:  September 16, 2019<br>SAC Filed:  December 24, 2018<br>FAC Filed:  July 6, 2018<br>Complaint Filed:   December 19, 2017<br>Trial Date: January 18, 2022 |

Defendant the GEO Group, Inc. ("GEO"), by and through the undersigned counsel, hereby submits this Objection to Plaintiffs' Notice of Supplemental Authority (ECF 518).

In their Notice of Supplemental Authority, Plaintiffs submitted an order issued in the consolidated cases of *State of Washington v. GEO Group*, No 17-cv-5806 and *Nwauzor v. GEO Group*, Case No. 17-cv-5769 (collectively, the "Washington cases") denying GEO's Motion for an Order Certifying Interlocutory Appeal and to Stay (the "Washington Order"), suggesting that the Washington Order somehow impacts the parties' pending cross motions for summary judgment. It does not. This Court should disregard Plaintiffs' manufactured "authority" as it has no bearing on the pending summary judgment motions.

The Washington Order serves only to demonstrate that the Washington Court did not grant GEO's motion for interlocutory appeal because it did not find a "substantial ground for difference of opinion" pertaining to certain legal issues that would "materially advance the ultimate termination of litigation," as required under 28 U.S.C. § 1292(b). In rendering its decision, the Washington Court cited to the fact trial in the Washington cases was set to begin "in less than a month" and that "GEO may well prevail at trial, which would moot the necessity for a GEO appeal." (ECF 518-1 at 4:9-14.) Accordingly, the Washington Order was clearly procedural in nature – the Washington Court did not make any substantive factual or legal findings that would in any way impact the cross summary judgment motions pending here.

Rule 12(f) permits the Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. "A matter is immaterial if it has no essential or important relationship to the claim for relief or defenses pleaded." *Fancy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). A matter is impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*.

The Washington Order is clearly immaterial and impertinent to the issues before this Court. Whatever procedural decision the Washington Court made to manage its docket has no bearing on the issues advanced in the cross motions for summary judgment.

For the foregoing reasons, the Court should disregard Plaintiffs' submission.

Dated: September 24, 2021            **AKERMAN LLP**

By: */s/ Ellen S. Robbins*
    Ellen S. Robbins
    Alicia Y. Hou
    Attorneys for Defendant
    The GEO Group, INC.