JS-6 (Admin)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-2514 JGB (SHKx)** | Date | March 31, 2022 |
| Title | ***Raul Novoa, et al. v. The GEO Group, Inc.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:     **Order (1) GRANTING Defendant's Motion to Stay Pending Related Appeals (Dkt. No. 553); and (2) VACATING the April 4, 2022 Hearing (IN CHAMBERS)**

Before the Court is Defendant GEO Group, Inc.'s ("GEO") motion to stay the entire case pending Ninth Circuit rulings on related appeals. ("Motion," Dkt. No. 553.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The Court VACATES the hearing set for April 4, 2022.

## I.     BACKGROUND

The parties are familiar with the extensive procedural and factual history of this case; the Court relates only the background necessary to understand the Motion. On December 19, 2017, Plaintiff Raul Novoa ("Novoa") initiated the instant putative class action against GEO. (Dkt. No. 1.) Following various amendments, Mr. Novoa, Jaime Campos Fuentes, Abdiaziz Karim, and Ramon Mancia (collectively, "Plaintiffs") filed the third amended complaint—the operative complaint—on September 16, 2019. ("TAC," Dkt. No. 184.)

The TAC alleges seven causes of action arising from Plaintiffs' detention at California's Adelanto Detention Center ("Adelanto"): (1) violation of California's Minimum Wage Law ("CMWL"), Cal. Labor Code §§ 1194, 1197, 1197.1; (2) unjust enrichment; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (4) violation of California's Trafficking Victims Protection Act ("CTVPA"), Cal. Civ. Code § 52.5; (5) forced labor under the Federal Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§

1589(a), 1594(a); (6) forced and attempted forced labor under the TVPA; and (7) retaliation. (See TAC.)

On November 26, 2019, the Court granted Plaintiffs' motion for class certification and certified the Adelanto Wage Class, Adelanto Forced Labor Class, and Nationwide HUSP Class. ("Class Cert. Order," Dkt. No. 223.)  On September 30, 2021, the Court denied GEO's motion to decertify the Adelanto Forced Labor Class, but granted the motion to decertify the Nationwide HUSP Class.  ("Decertification Order," Dkt. No. 524.)

On January 25, 2022, the Court granted in part and denied in part Plaintiffs' motion for partial summary judgment, and denied GEO's motion for summary judgment.  ("MSJ Order," Dkt. No. 542.)  The Court dismissed GEO's derivative sovereign immunity and preemption affirmative defenses.  (Id. at 28, 33.)

On February 22, 2022, GEO filed the instant Motion.[1]  (See Mot.)  In support, GEO filed the declaration of Wayne Calabrese.  ("Calabrese Declaration," Dkt. No. 553-1.)  Plaintiffs opposed on March 7, 2022.  ("Opposition," Dkt. No. 554.)  On March 14, 2022, GEO replied. ("Reply," Dkt. No. 555.)

## II.  LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court.  Landis v. North American Co., 299 U.S. 248, 254 (1936).  This power includes "enter[ing] a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  When addressing a motion to stay pending appeal in a different matter, a court weighs the competing interests that will be affected.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962); see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (affirming and applying the framework set forth in CMAX).  The competing interests include (1) the damage that may result from granting a stay; (2) the hardship or inequity a party may suffer if required to proceed in the litigation; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  CMAX, Inc., 300 F.2d at 268 (internal citation omitted).  The moving party bears the burden to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  Id. at 255.

//
//
//
//

---

[1] The Court reminds the parties that all documents presented to the Court must use a font size "14-point or larger," including in the footnotes. L.R. 11-3.1.1. Footnotes in the Motion and Opposition appear to be in a smaller size font.

## III.  DISCUSSION

GEO moves to stay this action pending resolution of appeals before the Ninth Circuit in two related matters, <u>Nwauzor v. GEO Group, Inc.</u>, No. 3:17-cv-05769-RJB (W.D. Wash.), <u>appeal docketed</u>, No. 21-36024 (9th Cir. Jan. 11, 2022), and <u>Washington v. GEO Group, Inc.</u>, No. 3:17-cv-05806-RJB (W.D. Wash.), <u>appeal docketed</u>, No. 21-36025 (9th Cir. Jan. 11, 2022) (collectively, "Washington Appeals").[2]  (<u>See</u> Mot.)  For the reasons below, the Court finds that a stay is justified.

### A.  Damage Resulting from a Stay

GEO first argues that Plaintiffs will suffer minimal damages, if any, if the Court issues a stay pending a decision in the Washington Appeals.  (<u>See</u> Mot.)  The Court agrees in part.

The Court initially rejects GEO's position that Plaintiffs will not suffer harm because they only seek monetary relief.  (<u>Id.</u> at 5.)  Though GEO is correct that monetary damages that accrue during the stay can be redressed through an award at final judgment, Plaintiffs' potential harms are not solely financial.  They claim forced labor, as well as uncompensated labor.  As Plaintiffs note, a stay may further subject Plaintiffs and other individuals at Adelanto to possibly illegal practices.  (Opp'n at 3–4.)  While GEO represents that it asked U.S. Immigration and Customs Enforcement ("ICE") to suspend the Voluntary Work Program ("VWP") at Adelanto, it has not submitted evidence that ICE has responded to the request or halted the VWP.  (Calabrese Decl. ¶ 8; Opp'n at 5 n.3.)  As such, GEO's request, without other assurances, fails to mitigate the harm of continued forced labor.[3]

The Court also agrees with Plaintiffs that a stay would delay the instant litigation, which is in its late stages and set for trial on October 4, 2022.  However, contrary to Plaintiffs' assertion, any delay is unlikely to be indefinite.  The Ninth Circuit has held that "lengthy and indefinite stays" weigh against granting a stay because they "place a plaintiff effectively out of court." <u>Blue Cross & Blue Shield of Ala. V. Unity Outpatient Surgery Ctr., Inc.</u>, 490 F.3d 718, 724 (9th Cir. 2007).  Here, opening briefs have already been filed in the Washington Appeals, answering briefs are due on April 20, 2022, and optional reply briefs are due twenty-one days after service of the answering brief—a few months from now.  (Calabrese Decl., Ex. A. at 2; Washington Appeals Docket, Dkt. No. 21.)  These deadlines provide sufficiently definite markers, even if the Ninth

---

[2] The Court, on its own motion, takes judicial notice of the Ninth Circuit's docket in the consolidated appeal, <u>State of Washington v. The GEO Group</u>, No. 21-36025 (9th Cir.) ("Washington Appeals Docket").  <u>See</u> Fed. R. Evid. 201(c)(1); <u>Reyn's Pasta Bella, LLC v. Vista USA, Inc.</u>, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

[3] Plaintiffs assert that the VWP's suspension may cause damages, as suspension without the implementation of alternative solutions for cleaning and sanitizing Adelanto may lead to deteriorated conditions.  (Opp'n at 5–6.)  The Court agrees with GEO that this potential harm is outside the scope of this litigation.  (Reply at 3.)  Moreover, such conditions rely on ICE's suspension of the VWP at Adelanto—an event that has not occurred.

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk <u>MG</u>

Circuit has not yet set a date for oral argument. Plaintiffs aver that the Ninth Circuit's median time period to reach a merits decision is 15.3 months after the filing of the notice of appeal. (Opp'n at 4.) While this is not, as GEO contends, a "brief period" (Reply at 3), it is not the kind of lengthy delay that counsels against entry of a stay. See Blue Cross & Blue Shield of Ala., 490 F.3d at 724 (finding a potential delay of five or six years, or longer, as "indefinite" and "lengthy").

Accordingly, even if Plaintiffs may suffer some prejudice from a stay, the harm is not so great as to deny a stay. Therefore, this factor weighs in favor of GEO's request.

## B. Hardship or Inequity to Defendant

GEO next argues that it will suffer hardship without a stay because it will be forced to litigate issues that the Ninth Circuit may resolve in its favor in the Washington Appeals and will have to bear the costs of calling out-of-state witnesses to trial. (Mot. at 7–8.)

In general, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Lockyer, 398 F.3d at 1112 (quoting Landis, 299 U.S. at 255). However, courts routinely grant stays in complex cases when a forthcoming appellate decision could reverse the proceedings below and require the lower court to "consider [the] issue twice." Robledo v. Randstad US, L.P., 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017) (granting stay in "large class action," which "could be rendered moot" by a pending appellate ruling).

The instant case is a complex, class action that involves two separate classes. (MSJ Order at 2.) A Ninth Circuit ruling in GEO's favor on intergovernmental immunity, derivative sovereign immunity, or preemption may render moot any jury verdict reached at trial, as well as portions of this Court's MSJ Order. A stay would avoid the risk of litigating these issues twice. By contrast, to proceed without a stay risks forcing the parties and the Court to expend needless resources. Accordingly, this second factor also weighs in favor of entry of a stay.

## C. Orderly Course of Justice

Finally, GEO argues that a stay is appropriate because the Washington Appeals are substantially similar to the instant case and would narrow the issues that must be determined. (Mot. at 8.)

Whether disposition of a related case would "narrow the issues in the pending cases and assist in the determination of the questions of law involved" is relevant under this factor. Landis, 299 U.S. at 253. Here, it is possible that a decision in the Washington Appeals may not narrow the issues in the instant case. As both parties recognize, whether GEO is an "employer" or participants in the VWP are "employees" is determined by state law. (Opp'n at 7; Reply at 6–7.) The Washington Appeals address Washington's minimum wage laws ("WMWL"), whereas Plaintiffs' claims arise under the CMWL. The Ninth Circuit may also rule against GEO on its

affirmative defenses or narrowly limit its holding to the WMWL.  Moreover, as Plaintiffs note, GEO's affirmative defenses do not affect Plaintiffs' federal TVPA claims.  (Opp'n at 7.)

However, a decision on the merits in the Washington Appeals will hold precedential value.  Further, as discussed above, a Ninth Circuit decision in favor of GEO on the issues of intergovernmental immunity, derivative sovereign immunity, and preemption may moot the instant action.  However likely such an outcome may be, a stay avoids the risk of relitigating the entire case a second time and is the most efficient course of action.

In sum, all three factors weigh in favor of entry of a stay.  Accordingly, the Court GRANTS the Motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion.  The Court STAYS the case pending the appellate proceedings in Nwauzor v. GEO Group, Inc., No. 3:17-cv-05769-RJB (W.D. Wash.), appeal docketed, No. 21-36024 (9th Cir. Jan. 11, 2022), and Washington v. GEO Group, Inc., No. 3:17-cv-05806-RJB (W.D. Wash.), appeal docketed, No. 21-36025 (9th Cir. Jan. 11, 2022).  The parties are ORDERED to file a joint report on the status of these cases every 90 days, and within 10 days of any case being resolved.  A report upon the resolution of any case must set forth the parties' position as to that case's impact on this instant litigation and whether the stay should be maintained or lifted.  The April 4, 2022 hearing is VACATED.

**IT IS SO ORDERED.**