Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600      Fax:  213.236.2700

Wayne Calabrese
*(Admitted Pro Hac Vice)*
E-mail: wcalabrese@geogroup.com
Joseph Negron
*(Admitted Pro Hac Vice)*
E-mail:  jnegron@geogroup.com
THE GEO GROUP, INC.
4955 Technology Way
Boca Raton, Florida 33431
Tel: (561) 999-7344      Fax: (561) 999-7647

Attorneys for Defendant
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM, and RAMON MANCIA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>                    Defendant. | Case No.  5:17-cv-02514-JGB-SHKx<br><br>**EX PARTE APPLICATION FOR CLARIFICATION OF CONFLICTING COURT ORDERS [Dkt. 561, 562]**<br><br>(*Declaration of Susan E. Coleman and Proposed Order filed concurrently herewith*)<br><br>Judge:  Honorable Jesus G. Bernal |

Defendant The GEO GROUP, Inc. respectfully requests clarification of this Court's potentially conflicting Orders: (a) staying the case pending the resolution of related appeals in the Ninth Circuit (Dkt. 561), and (b) continuing the Pretrial Conference and Trial Date (Dkt. 562).

///

On March 31, 2022, this Court granted Defendants' Motion to Stay Pending Related Appeals (Dkt. 561). Specifically, this Court granted GEO's "motion to stay the entire case pending Ninth Circuit rulings on related appeals." *Id.*at 1.  This Court reasoned that "a decision on the merits in the Washington Appeals will hold precedential value." *Id.* at 5. While the Court imposed a requirement to provide quarterly updates on the status of the related appeals, its detailed Order on the Motion to Stay did not appear to contemplate any trial proceedings or pretrial filings while the Stay was pending.  In fact, the Order noted that "[a] report upon the resolution of any case must set forth the parties' position as to that case's impact on this instant litigation and whether the stay should be maintained or lifted."  (Dkt. 561.)  This notation indicates that the stay will not automatically be lifted when the Ninth Circuit issues rulings on *Nwauzor v. GEO Group, Inc*., (No. 21-36024) and *Washington v. GEO Group, Inc*. (No. 21-36025), absent a ruling by this Court.

On the same day the stay was issued, this Court granted the Parties' Stipulation to Continue the Pretrial Conference and Trial Date, moving the Trial Date to October 4, 2022, and the Pretrial Conference to September 19, 2022 (Dkt. 562). While GEO maintains these deadlines were stayed along with the Court's order to stay the "entire case" (Dkt. 561), Plaintiffs have noted that the dates do not appear to have been removed from this Court's calendar, implying they may still be in effect. The Washington Appeals are moving efficiently through the appellate process, with oral arguments scheduled for October 6, 2022, but no decision has yet been issued. (Dkt. 568). Thus, Defendant maintains that the Pretrial Conference and Trial Dates present an apparent conflict with the Court's stay of this case and should be vacated and re-set at a date after the Ninth Circuit resolves the Washington Appeals.

The parties have conferred and agree there is uncertainty regarding whether this Court's order to stay the case pending the outcome of the Washington Appeals served to eliminate or vacate the dates set for the Pretrial Conference and Trial.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4894-0077-3165 v2                     - 2 -                     5:17-CV-02514-JGB-SHKX
EPA FOR CLARIFICATION

In the conferrals, Plaintiffs' counsel proposed a Stipulation to Continue Trial to a date certain six to nine months from now, with a further stipulation to continue/reschedule the anticipated Trial date if the related appeals are not yet resolved within that time period.  However, Defense counsel believes that since the proceedings in this case have been stayed, the Trial and all other necessary dates that were previously set should be vacated and re-set by the Court after the Washington Appeals are resolved, taking into account the calendars of this Court and trial counsel at that time, rather than periodically re-setting dates in anticipation of a resolution date that is by definition uncertain. GEO believes that this procedure would be more efficient for both the Parties and the Court.

Accordingly, Defendant seeks clarification from the Court with respect to the Pretrial Conference and Trial Dates in order to avoid confusion going forward, especially in light of the upcoming pretrial filing deadlines.

Dated:  August 3, 2022                    BURKE, WILLIAMS & SORENSEN, LLP


                                          By: */s/ Susan E. Coleman*
                                                Susan E. Coleman

                                          Attorneys for Defendant
                                          THE GEO GROUP, INC.


Dated:  August 3, 2022                    THE GEO GROUP, INC.


                                          By: */s/ Wayne Calabrese*
                                                Wayne Calabrese
                                                Joseph Negron

                                          Attorneys for Defendant
                                          THE GEO GROUP, INC.