Daniel H. Charest (admitted pro hac vice)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

Class Counsel
*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| **RAUL NOVOA, JAIME CAMPOS FUENTES, ABDIAZIZ KARIM**, and **RAMON MANCIA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE GEO GROUP, INC.**,<br><br>*Defendant*. | Civil Action No. 5:17-cv-02514-JGB-SHKx<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |

Pursuant to Local Rule 16-4 and the Court's Standing Order for All Civil Cases, Plaintiffs respectfully submit this Memorandum of Contentions of Fact and Law.

**TABLE OF CONTENTS**

I.  PLAINTIFFS' CLAIMS..................................................................................1

    (a)    Plaintiff's claims against GEO........................................................1

    (b)    Elements of Plaintiffs' claims........................................................2

    (c)    Plaintiffs' key evidence, in brief....................................................4

II.  DEFENDANT'S AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS .................................................................................6

    (a)    GEO's ten affirmative defenses. ...................................................6

        1.    Affirmative Defense 1: Each purported cause of action of Plaintiffs' TAC fails to allege facts sufficient to state a cause of action against Defendant..............................6

        2.    Affirmative Defense 2: Defendant has immunity from this lawsuit....................................................................6

        3.    Affirmative Defense 3: Plaintiffs seek relief barred by the applicable statutes of limitations. .........................................7

        4.    Affirmative Defense 4: Plaintiffs' California Minimum Wage law claim, unjust enrichment claim, California Unfair Competition law claim, and California Trafficking Victims Protection Act claim are preempted by federal law............................................7

        5.    Affirmative Defense 5: Plaintiffs' alleged injuries and damages, if any, were caused by the acts of a third party who has not been named a party to this action and over whom Defendant had no control. ...............................7

        6.    Affirmative Defense 6: Plaintiffs' requested relief violates the law and is otherwise impossible to attain in conformance with the law.........................................................8

        7.    Affirmative Defense 7: Plaintiffs' lack standing to represent the individuals they seek to represent under the claims asserted in the TAC......................................9

| | | | |
|---|---|---|---|
| | 8. | Affirmative Defense 8: The California Minimum Wage Law, and IWC Wage Order are unconstitutionally vague and/or overbroad as applied to Defendant's administration of the Voluntary Work Program. | 9 |
| | 9. | Affirmative Defense 9: The California Trafficking Victims Protection Act is unconstitutionally vague and/or overbroad as applied to Defendant's administration of the Voluntary Work Program and any other program or allowance under Defendant's contract with ICE. | 10 |
| | 10. | Affirmative Defense 10: The federal Trafficking Victims Protection Act is unconstitutionally vague and/or overbroad as applied to Defendant's administration of the Voluntary Work Program and any other program or allowance under Defendant's contract with ICE. | 10 |
| (b) | | Counterclaim. On January 25, 2022, the Court entered summary judgment granting Plaintiffs' Motion for Partial Summary Judgment as to this claim (ECF 542), removing it from trial. | 11 |
| III. | IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES | | 11 |
| IV. | ISSUES OF LAW | | 11 |
| V. | BIFURCATION OF ISSUES | | 11 |
| VI. | JURY TRIAL | | 11 |
| VII. | ATTORNEYS' FEES | | 11 |
| VIII. | ABANDONMENT OF ISSUES | | 11 |

# I. PLAINTIFFS' CLAIMS

**(a) Plaintiff's claims against GEO.**

<u>Plaintiffs' Count 1:</u> GEO violated California Minimum Wage Law by paying the members of the Adelanto Wage Class less than the California minimum wage for the work they did for GEO. On January 25, 2022, the Court entered summary judgment granting Plaintiffs' Motion for Partial Summary Judgment as to the question of liability for this claim (ECF 542), leaving only the issue of the compensation owed for trial.

<u>Plaintiffs' Count 2:</u> GEO violated California's common law prohibition on unjust enrichment and must make restitution to the members of the Adelanto Wage Class by unjustly receiving a benefit at the expense of members of the Adelanto Wage Class under circumstances such that, as between the two, it is <u>unjust</u> for GEO to retain the benefit it received.

<u>Plaintiffs' Count 3:</u> GEO violated California's Unfair Competition Law by engaging in unlawful business acts or practices. On January 25, 2022, the Court entered summary judgment granting Plaintiffs' Motion for Partial Summary Judgment as to this claim (ECF 542), leaving only the issue of the disgorgement owed for trial.

<u>Plaintiffs' Count 4:</u> GEO violated the California Trafficking Victims Protection Act (the "CTVPA") by knowingly providing or obtaining labor—or attempting to do so—by means of threats of physical restraint, serious harm, abuse of law or legal process. On January 25, 2022, the Court denied Plaintiffs' Motion for Partial Summary Judgment as to this claim but noted that GEO's actions in enforcing its policies meet the standard of threats of serious harm (ECF 542). In the same order, the Court rejected GEO's motion for summary judgment on the CTVPA claims (ECF 542).

<u>Plaintiffs' Count 5:</u> GEO violated the Trafficking Victims Protection Act ("TVPA") by knowingly providing or obtaining labor by means of threats of physical restraint, serious harm, abuse of law or legal process. On January 25, 2022, the Court denied Plaintiffs' Motion for Partial Summary Judgment as to this claim but noted that

GEO's actions in enforcing its policies meet the standard of threats of serious harm (ECF 542). In the same order, the Court rejected GEO's motion for summary judgment on the TVPA claims (ECF 542).

Plaintiffs' Count 6: GEO attempted to violate the TVPA by knowingly attempting to provide or obtain labor by means of threats of physical restraint, serious harm, abuse of law or legal process. On January 25, 2022, the Court denied Plaintiffs' Motion for Partial Summary Judgment as to this claim but finding that GEO's actions in enforcing its policies meet the standard of threats of serious harm (ECF 542). In the same order, the Court rejected GEO's motion for summary judgment on the TVPA claims (ECF 542).

**(b) Elements of Plaintiffs' claims.**

Plaintiffs' Count 1: The elements required to establish a claim for violation of California's Minimum Wage Law are:

1. That Plaintiffs performed work for GEO;
2. That Plaintiffs were paid less than the minimum wage by GEO for some or all hours worked; and
3. The amount of wages owed.

As noted above, the Court's ruling on summary judgment addresses the first two elements but leaves the third, amount of underpayment, for trial (ECF 542).

Plaintiffs' Count 2: To establish a claim for unjust enrichment; Plaintiffs must show

1. GEO received a benefit;
2. GEO obtained and appreciated that benefit at Plaintiffs' expense; and
3. The circumstances make it inequitable for GEOs to retain the benefit.

Plaintiffs' Count 3: To establish a claim for violation of California's Unfair Competition Law, a plaintiff must prove that GEO engaged in one or more unlawful business acts or practices; or that GEO engaged in one or more unfair business acts or

practices; or that GEO engaged in one or more fraudulent business acts or practices, and that the violation caused plaintiff harm.

As noted above, the Court's ruling on summary judgment addresses the merits of this claim but leaves the amount of disgorgement for trial (ECF 542).

<u>Plaintiffs' Count 4:</u> To establish a claim for violation of the CTPVA, Plaintiffs must show:

1. GEO either deprived a person of personal liberty or violated that person's personal liberty; and
2. When GEO acted, it intended to obtain forced labor or services.

<u>Plaintiffs' Count 5:</u> To establish a claim for violations of the TVPA Plaintiffs must show:

1. That GEO knowingly obtained the labor or services of another person; and
2. That GEO did so through at least one of the following prohibited means:
   a. by threats of serious harm to, or physical restraint against, that person or another person; or
   b. through harm or threats of serious harm to the person or someone else; or
   c. through the abuse or threatened abuse of the law or legal process; or through a scheme, plan or pattern intended to cause the person to believe that if the person did not perform such labor or services, that person or someone else would suffer serious harm or physical restraint.

<u>Plaintiffs' Count 6:</u> Elements required to establish Plaintiffs' claim for attempted violation of the TVPA are:

1. That GEO intended to commit the illegal act of forced labor; and
2. That GEO engaged in a substantial step toward completing the act of forced labor.

As noted above, the Court's ruling on summary judgment addresses the serious harm aspect of Counts 4, 5, and 6 (ECF 542).

**(c) Plaintiffs' key evidence, in brief.**

<u>Plaintiffs' Count 1:</u> On January 25, 2022, the Court entered summary judgment granting Plaintiffs' Motion for Partial Summary Judgment as to this claim (ECF 542), leaving only the question of the amount of compensation owed for trial on this claim. The key evidence supporting the amount of compensation due will be provided by Plaintiffs' expert witnesses and is based on (alternatively) the California Minimum Wage directives and the federal Service Contracts Act.

<u>Plaintiffs' Count 2:</u> The key evidence supporting Plaintiffs' unjust enrichment claim will show that GEO obtained an economic benefit by paying detained workers $1 per day—or nothing at all—for their labor; that if GEO did not have the benefit of the free (or nearly free) labor provided by Adelanto Wage Class members, GEO would incur higher costs—and corresponding lower profits—on its existing fixed-price contracts with ICE; and evidence of the amount GEO should be required to disgorge provided by GEO records and testimony as well as Plaintiffs' expert witnesses.

<u>Plaintiffs' Count 3:</u> On January 25, 2022, the Court entered summary judgment granting Plaintiffs' Motion for Partial Summary Judgment as to this claim (ECF 542), leaving only the question of the amount of disgorgement for trial. The key evidence supporting Plaintiffs' quantification of the amount of appropriate disgorgement will be provided by Plaintiffs' expert witnesses.

<u>Plaintiffs' Count 4:</u> The key evidence supporting Plaintiffs' CTVPA claim will show that GEO maintains a housing unit sanitation policy ("HUSP") at the Adelanto Facility which requires Plaintiffs to provide uncompensated labor that exceeds the narrow scope of uncompensated labor permitted by the applicable rules and regulations, including Section 5.8.V.C of the Performance Based National Detention Standards ("PBNDS"). The evidence will show that detainees at the Adelanto Facility must

participate in the cleanup of their housing units, hallways, kitchens, laundry, and/or intake areas upon demand (under threat of serious harm) and without compensation. In its order on cross motions for summary judgment, the Court rejected GEO's interpretation of the PBNDS:

> [T]he Court disagrees with GEO's overexpansive definition of allowable tasks. Performing janitorial and maintenance work in common areas beyond detainees' bunk area certainly appears to exceed the scope of the "personal housekeeping tasks" of "immediate living areas" that may be required without compensation.

(ECF 542 (quoting 2011 PBNDS, Section 5.8.V.C).)

The evidence will also show that GEO obtains detainee labor to perform the services mandated by its HUSPs by (a) issuing every detainee a GEO-created handbook, (b) making certain every detainee knows they will be held responsible to comply with all rules and regulations it contains, (c) threatening and enforcing sanctions for violating the requirements of the detainee handbook for failure to obey orders of GEO staff and refusing to clean according to the HUSPs. The evidence will also show that GEO makes certain that detainees know they face various sanctions for refusing to clean including (a) the threat they may be moved to another housing unit (thereby disrupting the individual's community and threatening his sense of safety); (b) the suspension of programs and recreation; (c) disciplinary segregation for up to 72 hours; (d) loss of privileges (e.g. commissary, vending machines, movies, recreation, etc.); (e) loss of jobs; (f) impoundment and storage of detainee's personal property; (g) reprimand; or (h) warning. Evidence will confirm the threat of such repercussions on the vulnerable population is sufficient to overcome the will of a reasonable person in the position of detainees to refuse to obey GEO's demands. On January 25, 2022, the Court denied Plaintiffs' Motion for Partial Summary Judgment as to this claim but noted that GEO's actions in enforcing its policies meet the standard of threats of serious harm (ECF 542).

<u>Plaintiffs' Count 5:</u> The key evidence supporting this claim is the same evidence supporting Plaintiffs CTVPA claims set forth above. And the Court's rulings apply to this claim in the same fashion.

<u>Plaintiffs' Count 6:</u> The key evidence supporting this claim is the same evidence supporting Plaintiffs CTVPA and TVPA claims set forth above. And the Court's rulings apply to this claim in the same fashion.

## II. DEFENDANT'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**(a) GEO's ten affirmative defenses.**

**1. Affirmative Defense 1: Each purported cause of action of Plaintiffs' TAC fails to allege facts sufficient to state a cause of action against Defendant.**

On January 25, 2022, the Court dismissed GEO's first affirmative defense on summary judgment (ECF 542). The first affirmative defense is not part of the trial.

**2. Affirmative Defense 2: Defendant has immunity from this lawsuit.**

**Summary**. GEO argues it is immune from liability under doctrines of intergovernmental immunity and derivative sovereign immunity.

On January 25, 2022, the Court entered summary judgment granting Plaintiffs' Motion for Partial Summary Judgment as to GEO's claim of derivative sovereign immunity (ECF 542), removing it from trial. Similarly, the Court narrowed the inquiry as to intergovernmental sovereign immunity to a single fact issue: "whether [the California Minimum Wage law] discriminates against the Federal Government by treating state contractors better than federal contractors." (ECF 542.) All other issues were resolved in favor of plaintiffs (ECF 542).

**Elements**. To establish an affirmative defense of intergovernmental immunity GEO must prove that the California Minimum Wage Law is discriminatory against the

Federal Government and its contractors, like GEO, i.e., that the California Minimum Wage law "treat[s] state contractors better than federal contractors." (ECF 542.)

**Evidence**. No evidence supports GEO's assertions that federal contractors are treated differently than state contractors. And this Court has already held that the legal basis for the assertions support Plaintiffs' claims. *See* ECF 44; 61; 223; 229, 542. The evidence in opposition to this affirmative defense will show that GEO's the California state laws at issue apply to all actors, private and governmental, the same.

3. **Affirmative Defense 3: Plaintiffs seek relief barred by the applicable statutes of limitations.**

**Summary**. GEO asserts that the applicable statutes of limitations limit the periods for which Plaintiffs can seek recovery.

**Elements**. To succeed on this defense, GEO must prove that Plaintiffs' harm occurred before the statute of limitations period.

**Evidence**. The evidence provided above will demonstrate GEO's liability within the relevant limitations periods. ECF 223, 229.

4. **Affirmative Defense 4: Plaintiffs' California Minimum Wage law claim, unjust enrichment claim, California Unfair Competition law claim, and California Trafficking Victims Protection Act claim are preempted by federal law.**

On January 25, 2022, the Court dismissed GEO's fourth affirmative defense on summary judgment (ECF 542). The fourth affirmative defense is not part of the trial.

5. **Affirmative Defense 5: Plaintiffs' alleged injuries and damages, if any, were caused by the acts of a third party who has not been named a party to this action and over whom Defendant had no control.**

**Summary**. GEO has alleged Plaintiffs were required to join ICE as a defendant in this action.

**Elements**. Under Federal Rule of Civil Procedure 19, a party whose joinder will not deprive the court of subject-matter jurisdiction must be joined if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

**Evidence**. No evidence supports GEO's contention, as this Court has already ruled. ECF 61. And GEO has offered no new evidence on this point.

**6. Affirmative Defense 6: Plaintiffs' requested relief violates the law and is otherwise impossible to attain in conformance with the law.**

**Summary**. GEO has asserted that neither the Plaintiffs nor putative class members have a legal right to work at minimum wage rates because none has sought approval from the U.S. Attorney General for employment with Defendant; none are qualified to work for Defendant under ICE's contract terms and federal law; and Plaintiffs' participating in the Voluntary Work Program was voluntary.

**Elements**. GEO's assertions are not actually affirmative defenses and, therefore, do not have elements.

**Evidence**. The evidence in opposition to GEO's purported affirmative defense is the same as that outlined above regarding each claim showing participating in GEO's work details was not voluntary, that neither the applicable regulations nor the Immigration and Customs Enforcement agency preclude GEO from paying detainee workers a minimum wage or to withhold payment from detained workers; the decision of how much to pay detained workers is squarely within GEO's discretion and GEO

has admitted it, in fact, pays higher wages to workers at detention facilities other than Adelanto.

**Status**. On January 25, 2022, the Court confirmed that GEO's argument cannot absolve past actions but left open the issue of whether, as a matter of law, the Immigration Reform and Control Act of 1986 (the "IRCA") limits GEO's prospective liability (ECF 542). Given that the issue is a matter of law, this issue should not be presented to the jury. And no evidence in support of the affirmative defense (such as it is) should be offered by GEO. The Court ruled that the IRCA does not conflict with relevant state laws against underpayment (or nonpayment) for work performed (ECF 542).

### 7. Affirmative Defense 7: Plaintiffs' lack standing to represent the individuals they seek to represent under the claims asserted in the TAC.

On January 25, 2022, the Court dismissed GEO's seventh affirmative defense on summary judgment (ECF 542). The seventh affirmative defense is not part of the trial.

### 8. Affirmative Defense 8: The California Minimum Wage Law, and IWC Wage Order are unconstitutionally vague and/or overbroad as applied to Defendant's administration of the Voluntary Work Program.

**Summary**. GEO asserts that it cannot be liable for Count 1 or (derivatively) Count 3 because the California statutes underlying those claims are unconstitutionally vague or overbroad.

**Elements**. To sustain a vagueness challenge GEO must prove that the challenged law fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly or, alternatively, that there exist no set of circumstances exists under which the acts would be constitutionally applied.

**Evidence**. The evidence in opposition to GEO's defense shows the acts can (and have) been constitutionally applied, and that GEO is not simply carrying out ICE directives since the scope of conduct specifically authorized and directed by GEO's

contract with ICE does not include the actions challenged here. ECF 61. The evidence will show that GEO was aware of and understood the legal limitations on its actions and appreciated the consequences of a failure to comply with them.

**9. Affirmative Defense 9: The California Trafficking Victims Protection Act is unconstitutionally vague and/or overbroad as applied to Defendant's administration of the Voluntary Work Program and any other program or allowance under Defendant's contract with ICE.**

**Summary**. GEO asserts that it cannot be liable for Count 4 because the CTPVA is unconstitutionally vague or overbroad.

**Elements**. To sustain a vagueness challenge GEO must prove that the challenged law fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly or, alternatively, that there exist no set of circumstances exists under which the acts would be constitutionally applied.

**Evidence**. The evidence in opposition to GEO's ninth affirmative defense is the same as that for the eighth affirmative defense.

**10. Affirmative Defense 10: The federal Trafficking Victims Protection Act is unconstitutionally vague and/or overbroad as applied to Defendant's administration of the Voluntary Work Program and any other program or allowance under Defendant's contract with ICE.**

**Summary**. GEO asserts that it cannot be liable for Count 5 because the TVPA statute is unconstitutionally vague or overbroad.

**Elements**. To sustain a vagueness challenge GEO must prove that the challenged law fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly or, alternatively, that there exist no set of circumstances exists under which the acts would be constitutionally applied.

**Evidence**. The evidence in opposition to GEO's tenth affirmative defense is the same as that for the eighth affirmative defense.

(b) **Counterclaim.** On January 25, 2022, the Court entered summary judgment granting Plaintiffs' Motion for Partial Summary Judgment as to this claim (ECF 542), removing it from trial.

## III. IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES

In the prior pretrial cycle, the parties met and conferred and are working to resolve certain evidentiary issues. And the parties have filed motions *in limine* relating to the issues they were unable to resolve. After the Court issued its order on cross motions for summary judgment (ECF 542), some of the initial issues were removed from the trial. But GEO declined to confer on pretrial matters before this filing. As such, plaintiffs filed some new motions in limine that reflected the Court's order on cross motions for summary judgment (ECF 542).

## IV. ISSUES OF LAW

Plaintiffs do not presently anticipate that any issues of law may arise at trial. The only caveat to that relates to the concept of protection from GEO's future liability under the IRCA. But plaintiffs do not understand the basis for GEO's sixth affirmative defense and leave it to GEO to better articulate the theory.

## V. BIFURCATION OF ISSUES

Plaintiffs do not request bifurcation of any issues at trial.

## VI. JURY TRIAL

Plaintiffs contend that all of their claims are triable to a jury as a matter of right, and that a timely demand for a jury trial has been made.

## VII. ATTORNEYS' FEES

Plaintiffs seek to recover their attorney's fees pursuant to 18 U.S.C. § 1595 and , and Cal. Labor Code § 1194 based on the evidence of the reasonable and necessary fees and expenses incurred in the prosecution of their claims.

## VIII. ABANDONMENT OF ISSUES

Plaintiffs have abandoned Count 7 of their Third Amended Complaint.

Dated: August 29, 2022                Respectfully submitted,

/s/ *Daniel H. Charest*
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
Warren Burns (admitted *pro hac vice*)
wburns@burnscharest.com
TX Bar # 24053119
Spencer Cox (admitted *pro hac vice*)
Texas Bar # 24097540)
scox@burnscharest.com
E. Lawrence Vincent (admitted *pro hac vice*)
lvincent@burnscharest.com
TX Bar # 20585590
Kyle Oxford (admitted *pro hac vice*)
TX Bar # 24095806
koxford@burnscharest.com
Lauren Cross (admitted *pro hac vice*)
lcross@burnscharest.com
TX Bar # 24105759
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
LA Bar # 30002
Amanda Klevorn (admitted *pro hac vice*)
LA Bar # 35193)
aklevorn@burnscharest.com
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

Nicole Ramos (admitted *pro hac vice*)
nicole@alotrolado.org

12

NY Bar # 4660445
**AL OTRO LADO**
511 E. San Ysidro Blvd., # 333
San Ysidro, CA 92173
Telephone: (619) 786-4866

Robert Ahdoot (CA Bar # 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (CA Bar # 174806)
twolfson@ahdootwolfson.com
Theodore W Maya (CA Bar # 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024-3102
Telephone: (310) 474-9111
Fax: (310) 474-8585

*Class Counsel*

# CERTIFICATE OF SERVICE

I, Daniel H. Charest, electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

Dated: August 29, 2022

*/s/ Daniel H. Charest*
Daniel H. Charest (admitted *pro hac vice*)
dcharest@burnscharest.com
TX Bar # 24057803
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

13